IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| ESHA RESEARCH, LLC, now known as TRUSTWELL, | ) ) ) | |
| Plaintiff, | ) ) | |
| v. | ) ) | C.A. No. 25-206-RGA |
| RLH ASSETS, LLC d/b/a FOODWIT; and DOES 1-20, | ) ) ) | |
| Defendants. | ) ) | |

**REPLY IN SUPPORT OF DEFENDANT'S
MOTION TO DISMISS UNDER 28 U.S.C. § 1406**

OF COUNSEL:
Matthew S. Warren
Erika H. Warren
WARREN KASH WARREN LLP
2261 Market Street, No. 606
San Francisco, CA 94114
(415) 895-2940

Dated: May 7, 2025

Karen E. Keller (No. 4489)
Nathan R. Hoeschen (No. 6232)
SHAW KELLER LLP
I.M. Pei Building
Wilmington, DE 19801
(302) 298-0700
kkeller@shawkeller.com
nhoeschen@shawkeller.com
*Attorneys for Defendant RLH Assets, LLC
d/b/a Foodwit*

**TABLE OF CONTENTS**

**Pages**

TABLE OF AUTHORITIES. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . .  ii

INTRODUCTION . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . .  1

ARGUMENT . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . .  1

I.    The Court Must Find Proper Venue Before Considering Inconvenient Venue . . . . . . . . . .1

II.   ESHA Waived Any Response to Foodwit's Arguments for Improper Venue . . . . . . . . . .  2

III.  The Court Should Dismiss This Action Rather Than Transfer It . . . . . . . . . . . . . . . . . . .  3

      A.    ESHA Has Not Shown That Transfer is in the Interest of Justice . . . . . . . . . . . . .  3

      B.    Transferring a Defective Complaint Would Waste Judicial Resources . . . . . . . . .  3

      C.    The Court Should Not Reward ESHA for Filing a Defective Complaint and
           Then Trying to Dodge Foodwit's Motion to Dismiss for Improper Venue . . . . . .  4

CONCLUSION . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . .  4

## TABLE OF AUTHORITIES

*Cases*                                                                **Pages**

*Best Med. Int'l, Inc. v. Elekta AB,*
  No. 18-1600, 2019 WL 3304686 (D. Del. July 23, 2019) . . . . . . . . . . . . . . . . . . . . . . . . . 3

*Bockman v. First Am. Mktg. Corp.,*
  459 F. App'x 157 (3d Cir. 2012) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 3

*Bondholder Comm. on Behalf of Owners of Quad Cities Reg'l Econ. Dev. Auth. First
Mortg. Revenue Bonds Series 2013A v. Sauk Valley Student Hous., LLC,*
  No. 17-7337, 2020 WL 5995617 (D.N.J. Oct. 9, 2020) . . . . . . . . . . . . . . . . . . . . . . . . . . 3

*Brown v. Waters,*
  No. 21-1493, 2024 WL 4024738 (D. Del. Sept. 3, 2024) . . . . . . . . . . . . . . . . . . . . . . . . 2

*Globefill Inc. v. TJX Cos., Inc.,*
  No. 22-1639, 2023 WL 3496375 (D. Del. May 17, 2023) . . . . . . . . . . . . . . . . . . . . . . . . 3

*Jumara v. State Farm Ins. Co.,*
  55 F.3d 873 (3d Cir. 1995) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 2

*Kiger v. Mollekopf,*
  No. 21-409, 2021 WL 5299581 (D. Del. Nov. 15, 2021) . . . . . . . . . . . . . . . . . . . . . . . . . 2

*Lafferty v. St. Riel,*
  495 F.3d 72 (3d Cir. 2007) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 2

*McCain v. Bank of Am.,*
  13 F. Supp. 3d 45 (D.D.C. 2014), *aff'd sub nom.*
  *McCain v. Bank of Am. N.A.*, 602 F. App'x 836 (D.C. Circ. 2015) . . . . . . . . . . . . . . . . . 4

*In re Niaspan Antitrust Litig.,*
  67 F.4th 118 (3d Cir. 2023) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 2

*Univ. Spine Ctr. v. 1199SEIU Nat'l Benefit Fund,*
  No. 17-8743, 2018 WL 1327109 (D.N.J. Mar. 15, 2018) . . . . . . . . . . . . . . . . . . . . . . . . 4

*Walsh v. Fusion Japanese Steakhouse, Inc.,*
  2021 WL 2917795 (W.D. Pa. July 12, 2021) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 2

*Yankees Ent. & Sports Network, LLC v. Hartford Fire Ins. Co.,*
  634 F. Supp. 3d 203 (D. Del. 2022), *aff'd,*
  No. 22-3121, 2023 WL 62917884 (3d Cir. Sept. 27, 2023) . . . . . . . . . . . . . . . . . . . . . . 2

## TABLE OF AUTHORITIES
*(continued)*

*Statutes & Rules*                                                      **Pages**

28 U.S.C. § 1404. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 1-2

28 U.S.C. § 1406. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . *passim*

*Other Authorities*

Wright & Miller, *Fed. Prac. & Proc.* § 3827 (4th ed. 2025) . . . . . . . . . . . . . . . . . . . . . . . . . . . 4

**INTRODUCTION**

This case is still in the wrong Court.  ESHA now admits as much.  But before the Court can consider the transfer for convenience that ESHA now requests, it must first find proper venue in this Court.  No such proper venue exists, and the Court should therefore dismiss the complaint.

The history of this action is brief but troubling.  ESHA's complaint relied on a "License Agreement" consenting to venue in this Court.  In its motion, Foodwit argued that this agreement did not exist, and that ESHA appeared to know it did not exist when it filed its complaint.  In response, one would expect ESHA to provide firm evidence showing that the "License Agreement" did exist.  But ESHA did everything it could to avoid defending the "License Agreement."  ESHA asked Foodwit to stipulate to transfer and to a "request that the Court vacate all deadlines in this action," which would obviate ESHA's need to respond to Foodwit's motion. When Foodwit declined, ESHA filed a Notice of Non-Opposition that addressed only § 1404 and studiously avoided any mention of Foodwit's motion under § 1406.  ESHA's refusal to defend the existence of the "License Agreement" not only waives any argument that the "License Agreement" existed, but also admits that the "License Agreement" does not exist and never did, and that ESHA knew the "License Agreement" did not exist when it filed its complaint.  Under these circumstances, the Court should dismiss this action, allowing ESHA to file a proper complaint citing a proper contract in the proper Court, should it find a Rule 11 basis to do so.

**ARGUMENT**

**I.      The Court Must Find Proper Venue Before Considering Inconvenient Venue**

Foodwit's motion asked this Court to dismiss or transfer for improper venue under 28 U.S.C. § 1406, or, in the alternative, to transfer for inconvenient venue under 28 U.S.C. § 1404. *See generally* D.I. 5, 6.  "Section 1404(a) transfers are discretionary determinations made for the

convenience of the parties and presuppose that the court has jurisdiction and that the case has

been brought in the correct forum." *Lafferty v. St. Riel*, 495 F.3d 72, 76 (3d Cir. 2007) (citing

*Jumara v. State Farm Ins. Co.*, 55 F.3d 873, 878 (3d Cir. 1995)).  Thus the Court may transfer for

inconvenient venue under § 1404(a) only after finding proper venue under § 1406.  *See Jumara*,

55 F.3d at 878-79; *Yankees Ent. & Sports Network, LLC v. Hartford Fire Ins. Co.*, 634 F. Supp.

3d 203, 211 (D. Del. 2022), *aff'd*, No. 22-3121, 2023 WL 6291784 (3d Cir. Sept. 27, 2023).

## II.    ESHA Waived Any Response to Foodwit's Arguments for Improper Venue

Foodwit argued that the "License Agreement" alleged in the complaint "was not a

contract between ESHA and Foodwit.  It was not a contract between ESHA and anyone; it was

not even a final document."  D.I. 6 at 3; *see id.* at 1-6.  Foodwit also argued that no other grounds

for venue existed, and that venue was therefore improper in this Court.  *See id.* at 6-14.  ESHA's

opposition to Foodwit's motion was due yesterday, May 6.  D.I. 6; L.R. 7.1.2(b).  ESHA filed a

"Notice of Non-Opposition" that addressed only Foodwit's alternative request under § 1404(a),

eschewing any defense of the "License Agreement" and any other response to Foodwit's primary

motion under § 1406.  D.I. 12.[1]  "[F]ailing to raise arguments at the appropriate time forfeits

them."  *Brown v. Waters*, No. 21-1493, 2024 WL 4024738, at *2 (D. Del. Sept. 3, 2024) (citing *In*

*re Niaspan Antitrust Litig.*, 67 F.4th 118, 135 (3d Cir. 2023)).  When a party raises an argument

in a motion, a "party that fails to address an argument in its brief in opposition . . . waives that

argument."  *Kiger v. Mollenkopf*, No. 21-409, 2021 WL 5299581, at *2 n.2 (D. Del. Nov. 15,

2021) (alteration in original) (quoting *Walsh v. Fusion Japanese Steakhouse, Inc.*, No. 19-496,

---

[1] ESHA states that "Foodwit did not meet and confer with Trustwell regarding the substance of Foodwit's motion to dismiss or transfer, as required by Local Rule 7.1.1."  D.I. 12 at 1.  But as ESHA admits, Foodwit's "motion to *dismiss* or transfer" was not a "nondispositive motion" subject to this rule.  D.I. 12 (emphasis added); L.R. 7.1.1.

2021 WL 2917795, at \*5 (W.D. Pa. July 12, 2021)).  ESHA thus waived any argument that the

"License Agreement" ever existed, and any argument that venue is proper here.  The Court

should therefore grant Foodwit's primary motion and find improper venue under § 1406.

**III.    The Court Should Dismiss This Action Rather Than Transfer It**

Having found improper venue under § 1406, the Court has discretion to dismiss or

transfer to a proper venue.  *See* D.I. 6 § II.D.  "Dismissal is considered to be a harsh remedy . . .

and transfer of venue to another district in which the action could originally have been brought,

is the preferred remedy."  *Globefill Inc. v. TJX Cos., Inc.*, No. 22-1639, 2023 WL 3496375, at \*2

(D. Del. May 17, 2023) (quoting *Best Med. Int'l, Inc. v. Elekta AB*, No. 18-1600, 2019 WL

3304686, at \*2 (D. Del. July 23, 2019)) (alteration in original).  Under the rare circumstances

here, however, the "harsh remedy" of dismissal is appropriate.

**A.    ESHA Has Not Shown That Transfer is in the Interest of Justice**

Where plaintiffs "fail to meet their burden of demonstrating that transfer is in the interest

of justice, Section 1406 requires district courts to dismiss the action."  *Bondholder Comm. on

Behalf of Owners of Quad Cities Reg'l Econ. Dev. Auth. First Mortg. Revenue Bonds Series

2013A v. Sauk Valley Student Hous., LLC*, No. 17-7337, 2020 WL 5995617, at \*10 (D.N.J. Oct.

9, 2020); *see, e.g.*, *Bockman v. First Am. Mktg. Corp.*, 459 F. App'x 157, 162 n.11 (3d Cir. 2012)

(affirming dismissal where "Plaintiffs have failed to draw our attention to any injustice that would

result from dismissal as opposed to transfer").  ESHA has not tried to meet this burden.  D.I. 12.

**B.    Transferring a Defective Complaint Would Waste Judicial Resources**

ESHA's complaint cannot survive.  It relies heavily on the "License Agreement," D.I. 1

¶¶ 5, 11-19, 22, 24, 27, 28, 30, 33-38, 53, 54, and its first cause of action alleges a breach of this

"License Agreement."  *See id.* ¶¶ 32-35.  But the "License Agreement" does not exist and ESHA

has now admitted as much.  *See supra* § II.  The Court should not waste judicial resources by transferring a defective complaint to another Court.  *See, e.g.*, *McCain v. Bank of Am.*, 13 F. Supp. 3d 45, 55 (D.D.C. 2014), *aff'd sub nom. McCain v. Bank of Am. N.A.*, 602 F. App'x 836 (D.C. Cir. 2015) (dismissing case suffering from "significant, substantive problems with the plaintiff's claims").  Instead, the Court should dismiss this action without prejudice.  *E.g.*, *Univ. Spine Ctr. v. 1199SEIU Nat'l Benefit Fund*, No. 17-8743, 2018 WL 1327109, at *3 (D.N.J. Mar. 15, 2018).  If ESHA has a Rule 11 basis for a complaint, it may file in the District of Oregon.

**C.      The Court Should Not Reward ESHA for Filing a Defective Complaint and Then Trying to Dodge Foodwit's Motion to Dismiss for Improper Venue**

"[D]istrict courts often dismiss rather than transfer under Section 1406(a) if the plaintiff's attorney reasonably could have foreseen that the forum in which the suit was filed was improper and that similar conduct should be discouraged."  Wright & Miller, *Fed. Prac. & Proc.* § 3827 (4th ed. & Supp. 2025) (collecting cases).  That is so here:  ESHA not only "could have foreseen that the forum in which the suit was filed was improper," but evidently did foresee exactly that, as shown by its decision to withhold the telltale draft agreement but file its complaint anyway, *see* D.I. 6 at 1-6, and by its attempts to avoid defending the "License Agreement" by stipulation and then by Notice of Non-Opposition.  *See supra.*  ESHA's conduct is precisely what "should be discouraged" by the Court through an order of dismissal.  Wright & Miller § 3827, *supra*.

#### CONCLUSION

For all the foregoing reasons and those set forth in Foodwit's motion, the Court should find improper venue and dismiss this action under 28 U.S.C. § 1406.

– 5 –

OF COUNSEL:
Matthew S. Warren
Erika H. Warren
WARREN KASH WARREN LLP
2261 Market Street, No. 606
San Francisco, California, 94114
(415) 895-2940

Dated: May 7, 2025

/s/ Karen E. Keller
Karen E. Keller (No. 4489)
Nathan R. Hoeschen (No. 6232)
SHAW KELLER LLP
I.M. Pei Building
1105 North Market Street, 12th Floor
Wilmington, DE 19801
(302) 298-0700
kkeller@shawkeller.com
nhoeschen@shawkeller.com
*Attorneys for Defendant RLH Assets, LLC*
*d/b/a Foodwit*