# EXHIBIT 3

2261 MARKET STREET, NO. 606
SAN FRANCISCO, CALIFORNIA, 94114

# Warren Kash Warren

WARRENKASHWARREN.COM
+1 (415) 895 2940

July 23, 2025

**By Electronic Mail**

| | |
|---|---|
| Cary D. Sullivan | Brian R. Talcott |
| Jones Day | Dunn Carney LLP |
| 3161 Michelson Drive, Suite 800 | 851 SW Sixth Avenue, Suite 1500 |
| Irvine, California, 92612 | Portland, Oregon, 97204 |
| carysullivan@jonesday.com | btalcott@dunncarney.com |

**Re:    RLH Assets, LLC v. ESHA Research, LLC, No. 25-656 (D. Oregon)**

Counsel:

I write in preparation for our meet-and-confer call this afternoon regarding ESHA and Foodwit's discovery responses and, if necessary, to meet and confer regarding Foodwit's motion for summary judgment on Count III of its complaint in this matter.

As you know, on April 22, Foodwit filed its complaint in this action. Docket No. 1. Count III of our complaint seeks a "Declaration of No Misappropriation of Trade Secrets," and includes our assertion that "Foodwit has not misappropriated any ESHA trade secrets and does not possess any ESHA trade secrets such that it could use or disclose them." *Id.* ¶ 203; *see id.* ¶¶ 197-204. On June 4, ESHA answered our complaint. Docket No. 17. ESHA denied Foodwit's allegations regarding our lack of trade secret misappropriation, *see, e.g.*, *id.* ¶ 203, but did not contest the Court's jurisdiction and did not move to dismiss any portion of Foodwit's complaint. *See generally id.*

On June 17, we served Interrogatory No. 1, asking you to:

> Describe with particularity each and every "trade secret" you allege Foodwit misappropriated, including any "trade secret" referenced in your Answer and Affirmative Defenses, in your amended complaint against Foodwit in case no. 25-880-JR, or in your correspondence to Foodwit as set forth in the Complaint, *e.g.*, Docket No. 1 ¶¶ 108, 125. To the extent ESHA alleges any compilation of data comprises a "trade secret," describe with particularity each and every step concerning the method and processes that make your compilation "trade secret" unique.

On July 17, you responded as follows:

> Because Trustwell is not asserting a claim for trade secret misappropriation in this case, and because this interrogatory improperly seeks discovery relating to a separate and unrelated action in which Trustwell is asserting trade secret misappropriation claims against Foodwit (which action Foodwit declined to stipulate to consolidate with this case), Trustwell declines to respond to this interrogatory. Foodwit is not entitled to seek in this action discovery relating to an entirely different action, particularly when Foodwit declined to stipulate to consolidate that action with this case, and because Foodwit is a direct competitor and there is nothing in this action that would protect against Foodwit's misuse and misappropriation of such confidential and competitively sensitive information.

Cary D. Sullivan, Brian R. Talcott
July 23, 2025
Page 2

> Trustwell will identify its trade secrets as appropriate in cases in which it is asserting a
> claim for trade secret misappropriation.

I confess I do not understand the distinction you draw here. This Court, in this action, will decide
whether or not we are correct when we claim that "Foodwit has not misappropriated any ESHA trade
secrets and does not possess any ESHA trade secrets such that it could use or disclose them." Docket
No. 1 ¶ 203. ESHA has not challenged this claim. *See supra.* Foodwit's discovery is thus highly relevant
to the Court's consideration of live issues in dispute. ESHA cannot simply "decline[] to respond" to an
interrogatory requesting relevant and discoverable information; your objection on the grounds that this
discovery is relevant only to a "separate and unrelated action" is frivolous.

When we meet and confer this afternoon, I will ask you to reconsider your position in light of these
points. I believe there are two possible responses to this question. First, ESHA can agree that it will
provide its alleged trade secrets in this action. In that case, we will look forward to receiving them.
Second, ESHA can confirm that it will never assert trade secrets in this action. In that case, we will move
for summary judgment on Count III of our complaint in this matter, which we would expect that ESHA
will not oppose. I do not believe that there are any other possible responses to this question; if you have
one, I will look forward to your legal justification for it.

I look forward to our call this afternoon. Thank you for your continued time and courtesy in this matter.

Very Truly Yours,

Matthew S. Warren