# EXHIBIT 4



## RE: RLH Assets, LLC v. ESHA Research, LLC, No. 25-656 (D. Oregon)
1 message

**Sullivan, Cary D.** <carysullivan@jonesday.com>   Wed, Jul 23, 2025 at 2:43 PM
To: Denora Guevara <denora@warrenkashwarren.com>, Brian Talcott <btalcott@dunncarney.com>
Cc: Andy McStay <andymcstay@dwt.com>, "RLH Assets, LLC v. ESHA Research, LLC" <25-656@cases.warrenlex.com>

Counsel,

We write in response to your letter below.

To begin, we suggested more than two months ago that the parties stipulate to consolidate both Trustwell/Foodwit matters. That seemingly presents the simplest solution to much of the dispute here. Unfortunately, by email dated May 23, 2025, you refused. For the reasons below, we intend to ask the court to consolidate both cases.

As you know, in the 656 matter – the matter in which Foodwit is the putative plaintiff – the parties are already into discovery. However, in the 880 matter – the matter in which Trustwell is the plaintiff – the case is still at the pleading stage and may remain there for some time. After the pleadings are settled in the 880 matter and the case proceeds into discovery, we expect Foodwit will request a particularized definition of the trade secrets at issue in that case. And Trustwell will respond accordingly at that time. But Foodwit is not entitled to seek a particularized definition – or any discovery whatsoever – until the case proceeds past the pleading stage and into discovery.

Foodwit is now attempting to leverage discovery in the 656 matter to obtain what it is not entitled to obtain in the 880 matter – a particularized definition of the trade secrets at issue in the 880 matter – and to which it is not entitled in the 656 matter. If you have any legal support for the proposition that a plaintiff is entitled to seek a particularized definition of trade secrets at issue in an entirely separate and unrelated case, please provide it so we may evaluate it. We don't believe any such authority exists. Relatedly, if you have any legal support for the proposition that a party is required to provide a particularized definition of trade secrets in a case in which that party is not asserting a misappropriation claim, please provide it so we may evaluate it. We also don't believe any such authority exists.

In addition, Foodwit is attempting to leverage the trade secret identification process in the 880 matter as a means to delay responding to Trustwell's valid and timely discovery requests in the 656 matter. Foodwit even states in each of its interrogatory and RFP responses in the 656 matter that "Foodwit's time to respond will commence upon [Trustwell's] provision of the required identification of its trade secrets with sufficient particularity." Of course, Trustwell is only asserting trade secret misappropriation claims in the 880 matter and, as discussed above, Foodwit is not entitled to seek a particularized definition in that matter at this time. Foodwit is essentially demanding that the parties accelerate the trade secret identification process in the 880 matter while simultaneously delaying discovery in the 656 matter. That is exactly backwards.

We again invite Foodwit to reconsider its refusal to stipulate to consolidate the cases. Otherwise, we will ask the court to consolidate the cases, and we will ask that Foodwit be compelled to provide substantive responses to Trustwell's discovery requests in the 656 matter in the meantime.

We look forward to discussing this further on our call this afternoon.

Thanks,

Cary


Cary D. Sullivan
Partner
**JONES DAY® - One Firm Worldwide**℠
3161 Michelson Drive, Suite 800
Irvine, CA 92612
Office +1.949.553.7513

---

**From:** Denora Guevara <denora@warrenkashwarren.com>
**Sent:** Wednesday, July 23, 2025 12:06 PM
**To:** Sullivan, Cary D. <carysullivan@jonesday.com>; Brian Talcott <btalcott@dunncarney.com>
**Cc:** Andy McStay <andymcstay@dwt.com>; RLH Assets, LLC v. ESHA Research, LLC <25-656@cases.warrenlex.com>
**Subject:** RLH Assets, LLC v. ESHA Research, LLC, No. 25-656 (D. Oregon)

Counsel:

Attached please find a letter from Matthew S. Warren. Please let me know if you do not receive this attachment in good order.

Sincerely,
Denora Guevara


--
Denora Guevara    denora@warrenkashwarren.com    +1 (415) 895-2930
***This e-mail (including any attachments) may contain information that is private, confidential, or protected by attorney-client or other privilege. If you received this e-mail in error, please delete it from your system without copying it and notify sender by reply e-mail, so that our records can be corrected.***