Brian R. Talcott, OSB No. 965371
DUNN CARNEY LLP
851 SW Sixth Avenue, Suite 1500
Portland, OR 97204
Telephone: (503) 224-6440
Facsimile: (503) 224-7324
E-mail:  btalcott@dunncarney.com

Cary D. Sullivan (*admitted Pro Hac Vice*)
JONES DAY
3161 Michelson Drive, Suite 800
Irvine, CA  92612
Telephone: (949) 851-3939
Facsimile:  (949) 553-7539
E-mail:  carysullivan@jonesday.com

*Attorneys for Plaintiff Trustwell*

P. Andrew McStay, Jr.
DAVIS WRIGHT TREMAINE LLP
560 S.W. Tenth Avenue, Suite 700
Portland, Oregon, 97205
Telephone: +1 (503) 241-2300
Facsimile: +1 (503) 778-5299
Email: andymcstay@dwt.com

Matthew S. Warren (*pro hac vice*)
Erika H. Warren (*pro hac vice*)
WARREN KASH WARREN LLP
2261 Market Street, No. 606
San Francisco, California 94114
(415) 895-2940 tel
(415) 895-2964 fax
25-880@cases.warrenlex.com

*Attorneys for Defendant Foodwit*

UNITED STATES DISTRICT COURT

DISTRICT OF OREGON – PORTLAND DIVISION

| | |
|---|---|
| **ESHA RESEARCH, LLC, now known as TRUSTWELL,**<br><br>Plaintiff,<br><br>v.<br><br>**RLH ASSETS, LLC, doing business as FOODWIT, an Oregon limited liability company,**<br><br>Defendant. | Civil No. 3:25-cv-00880-AB<br><br>**JOINT RULE 26(f) REPORT** |

**JOINT STATUS REPORT**

Plaintiff ESHA Research, LLC, now known as Trustwell ("Trustwell"), and Defendant RLH Assets, LLC, doing business as Foodwit ("Foodwit"), hereby jointly submit this Rule 26(f) status report. Counsel for the parties met and conferred on July 31, 2025.

I.      **Brief Description of Claims and Defenses**

      A.      **Trustwell's Statement**

From 2017 until 2024, Foodwit licensed Trustwell's Genesis Foods software platform, including the embedded food and nutrition database, pursuant to the terms, conditions, and protections of a limited-use license agreement, which, among other things, expressly limited access and use of the platform solely for Foodwit's own internal business use. Foodwit described itself as a "super user" of Genesis Foods during that period, and even listed "[p]roficiency in [Trustwell] Genesis nutrient analysis software" as a required qualification for certain positions at Foodwit.

It came to Trustwell's attention last year that Foodwit appears to have secretly copied the Genesis Foods platform in creating and launching a competing product called Workbench. Before filing suit, Trustwell worked for six months to try to find a way to resolve this dispute informally. Unfortunately, despite denying any misconduct, Foodwit repeatedly refused to provide any substantiation of its denials. Left with no other option to protect its valuable trade secret and other proprietary business information and materials, Trustwell filed suit, asserting claims for breach of contract, trade secret misappropriation under both federal and state law, Lanham Act violations, and unlawful trade practices.

There was a dispute between the parties regarding the appropriate venue for this action, based on two different versions of the terms and conditions of Foodwit's license agreement that

contained different jurisdiction and venue provisions. Trustwell originally filed suit in the District of Delaware, and Foodwit moved to transfer the action to this District. As discussed in Trustwell's opposition to Foodwit's pending Rule 12(b)(6) motion—and because the substantive terms and conditions in both versions are virtually identical—Trustwell did not oppose the requested transfer to this District. Trustwell simply wants to protect and vindicate its rights in the face of what appears to be obvious misappropriation.

While Foodwit's motion to transfer was pending in the District of Delaware, Foodwit filed a complaint in this Court against Trustwell (Case No. 25-cv-00656-AB), asserting an antitrust claim based on a "sham litigation" theory, declaratory relief claims seeking a judgment of no lability as to Trustwell's claims against Foodwit, and a claim for tortious interference. Pursuant to the Court's order dated August 5, 2025, Trustwell is moving to consolidate both cases.

### B.  Foodwit's Statement

Foodwit believes that ESHA has failed to state a claim on which relief can be granted for the reasons set forth in its motion to dismiss and accompanying papers.

## II.  Principal Legal Issues to be Decided

### A.  Trustwell's Statement

The principal legal issues to be decided include the following:

- Whether Foodwit breached its limited-use license agreement with Trustwell;
- Whether Foodwit misappropriated Trustwell's trade secrets;
- Whether Foodwit engaged in false advertising and false designation of origin under the Lanham Act; and
- Whether Foodwit engaged in unlawful trade practices.

      **B.**    **Foodwit's Statement**

The only legal issue currently before the Court is whether ESHA stated a claim on which relief can be granted. The Court's resolution of that pending motion will determine, among other things, what if any legal issues remain for this Court to decide in this action.

**III.**    **Alternate Dispute Resolution**

The parties are both amenable to alternative dispute resolution of this action and will confer regarding an agreed ADR procedure within the time set forth in Local Rule 16-4(c).

**RULE 26(f) DISCOVERY PLAN**

The parties submit the following proposals on the topics listed in Federal Rule of Civil Procedure 26(f).

      **I.**    **Initial Disclosures**

The parties agree to exchange initial disclosures pursuant to Rule 26(a)(1) by August 14, 2025. The parties agree that no limitations or modifications to the form of the disclosures are necessary.

      **II.**    **Scope of Discovery**

      **A.**    **Trustwell's Statement**

Foodwit served an interrogatory on Trustwell seeking particular identification of the trade secrets at issue.[1] Once the trade secrets have been sufficiently identified, discovery may proceed generally, pursuant to the Federal Rules of Civil Procedure, without limitation or phasing of any kind.

---

[1] Because the parties did not have an electronic service agreement at the time Foodwit served its interrogatory by email, Trustwell's response is due September 5, 2025.

### B. Foodwit's Statement

Discovery in this matter opened on July 31, 2025, at the close of the parties' conference under Rule 26(f). During that conference, the parties agreed that they will proceed as ordered by this Court in ESHA's case against Cronometer. *ESHA Research, Inc. v. Cronometer Software, Inc.*, No. 24-1586, Docket No. 13 (D. Or. Feb. 13, 2025). On July 31, 2025, Foodwit served ESHA its Interrogatory No. 1, seeking identification of ESHA's trade secrets. ESHA's response is due on September 2, 2025. Following ESHA's service of its response, the parties will confer in good faith to resolve the issue of trade secret identification amicably, if possible, and will file a joint status report on their progress by September 12, 2025.

### III. Electronically Stored Information

The parties agree to meet and confer for the purpose of entering a stipulated e-discovery order. The parties each acknowledge their duty to preserve, and are not presently aware of any issues concerning disclosure, discovery, or preservation of electronically stored information.

### IV. Claims of Privilege and Protection of Confidentiality

The parties agree to meet and confer for the purpose of entering a stipulated protective order, working from the Court's modified version of the Tier 2 stipulated protective order template.

### V. Proposed Case Management Schedule

The parties agree that it would be more efficient for the Court to schedule this matter only through the joint ADR report, as it did in the *Cronometer* matter, in which the Court explained as follows:

> Indeed, while I usually do set case deadlines all the way through trial, in a case like this, I think a baby-step approach makes more sense. That way I can be on top of what's happening with you all and the case needs and respond accordingly, and that way we can avoid resetting deadlines if necessary.

So we'll just take this case a little bit slower and—in the sense of scheduling it out, and I will look forward to getting that status report on March the 3rd or sooner if parties figure it out, and then we will enter the next steps of the case as appropriate.

*ESHA Research, Inc. v. Cronometer Software, Inc.*, Case No. 24-1586, Dkt. No. 15 at 16:13-23 (D. Or. Feb. 11, 2025).  The parties believe the same logic applies here.

Accordingly, the parties agree on the following proposed dates:

| Event | Proposed Deadlines |
|---|---|
| Joinder of Other Parties and Amendment of Pleadings. | Friday, December 19, 2025 |
| Document Production Complete | Friday, May 8, 2026 |
| Close of Fact Discovery | Friday, June 26, 2026 |
| Opening Expert Reports | Friday, July 24, 2026 |
| Rebuttal Expert Reports | Friday, August 21, 2026 |
| Reply Expert Reports | Friday, September 4, 2026 |
| Close of Expert Discovery | Friday, October 2, 2026 |
| Joint ADR Report | Friday, October 30, 2026 |

## VI.     Length of Trial

### A.     Trustwell's Statement

Trustwell believes that trial in this matter will take approximately five to seven days, including jury selection.

### B.     Foodwit's Statement

Foodwit believes that trial in this matter will take approximately three to five days, including jury selection.

VII. **Electronic Service Agreement**

Effective as of the date of filing of this joint report, pursuant to Rule 5(b)(2)(F), the parties agree to electronic service of papers in this action according to the following procedure: Service is effective when made to the following designated service addresses, one per law firm appearing in the case:

For Trustwell:  carysullivan@jonesday.com, btalcott@dunncarney.com

For Foodwit:  25-880@cases.warrenlex.com, andymcstay@dwt.com

If a new law firm appears for a party in this matter, it will promptly designate in writing one email address to receive electronic service in this matter.

Service is complete upon transmission of an email to the addresses above containing or attaching the documents served, or, if necessary for size, security, or other reasons, notifying the recipient of the documents' availability for electronic download.  For the avoidance of doubt, service under this agreement will not cause an extension of time under Rule 6(d).

JONES DAY

By: */s/ Cary D. Sullivan*
    Cary D. Sullivan

DUNN CARNEY LLP
Brian R. Talcott

*Attorneys for Plaintiff Trustwell*

DAVIS WRIGHT TREMAINE LLP

By: */s/ P. Andrew McStay, Jr.*
    P. Andrew McStay, Jr.

WARREN KASH WARREN LLP
Matthew S. Warren (*pro hac vice*)
Erika H. Warren (*pro hac vice*)

*Attorneys for Defendant Foodwit*