Brian R. Talcott, OSB No. 965371
DUNN CARNEY LLP
851 SW Sixth Avenue, Suite 1500
Portland, OR 97204
Telephone: (503) 224-6440
Facsimile: (503) 224-7324
E-mail: btalcott@dunncarney.com

Cary D. Sullivan (*admitted Pro Hac Vice*)
JONES DAY
3161 Michelson Drive, Suite 800
Irvine, CA 92612
Telephone: (949) 851-3939
Facsimile: (949) 553-7539
E-mail: carysullivan@jonesday.com

*Attorneys for Plaintiff Trustwell*

UNITED STATES DISTRICT COURT

DISTRICT OF OREGON – PORTLAND DIVISION

| | |
|---|---|
| **ESHA RESEARCH, LLC, now known as TRUSTWELL,**<br><br>    Plaintiff,<br><br>v.<br><br>**RLH ASSETS, LLC, doing business as FOODWIT, an Oregon limited liability company,**<br><br>    Defendant. | Civil No. 3:25-cv-00880-AB<br><br>**PLAINTIFF TRUSTWELL'S BRIEF RE CONSTITUTIONAL STANDING** |

**TRUSTWELL'S BRIEF RE CONSTITUTIONAL STANDING**

Pursuant to the Court's order dated August 14, 2025, plaintiff ESHA Research, LLC, now known as Trustwell ("Trustwell"), submits this brief to address the Court's question as to whether Trustwell "has alleged constitutional standing." (*See* Dkt. 37.) As discussed below, Trustwell believes its allegations are more than sufficient to establish Article III standing.

## I.     INTRODUCTION

Trustwell filed suit against defendant RLH Assets, LLC, doing business as Foodwit ("Foodwit"), after learning that Foodwit misappropriated trade secrets and other confidential information relating to Trustwell's flagship Genesis Foods software platform to create a virtually identical product called Workbench, to compete with Genesis Foods. (*See generally* Trustwell's amended complaint, Dkt. 18 ("Compl.").) In 2017, Foodwit approached Trustwell to request a license to access and use the Genesis Foods platform. The parties entered into a limited-use license agreement (the "License Agreement") that restricted Foodwit's use of Genesis Foods solely for internal business purposes and, among other things, prohibited data harvesting, reverse engineering, and use in connection with competing products. (*Id.*, ¶¶ 14, 28, 33-34.) Foodwit quickly became a "super user" of Genesis Foods, accessing and using it daily. (*Id.*, ¶ 14.) Foodwit renewed its license annually from 2017 until it expired in 2024. (*Id.*, ¶¶ 13-14, 23.) While a licensee, Foodwit misappropriated Trustwell's trade secret and other confidential information relating to Genesis Foods to build the copycat Workbench platform. (*Id.*, ¶¶ 24-25, 38.) In creating Workbench, Foodwit duplicated at least substantial portions of Genesis Foods, and may have copied the entire platform.[1] (*Id.*, ¶¶ 25, 27.) Foodwit markets and sells Workbench to clients and customers around the world—the same clients and customers that use

---

[1] In its opposition to Foodwit's motion to dismiss, Trustwell explained that it "has not been able to determine conclusively the extent to which Foodwit copied Genesis Foods, whether in whole or in part." (Dkt. 31, at 1.) In other words, Trustwell has been able to determine that Foodwit copied at least substantial portions of Genesis Foods, but Trustwell has not been able to determine whether Foodwit copied the entire platform.

Page 1          **TRUSTWELL'S BRIEF RE CONSTITUTIONAL STANDING**

Genesis Foods—thereby competing directly with Trustwell. (*Id.*, ¶ 39.) And Trustwell has been harmed as a result. (*Id.*, ¶¶ 35, 46, 51, 62, 67.) Trustwell is asserting claims for breach of the License Agreement, trade secret misappropriation, false advertising and false designation of origin under the Lanham Act, and unlawful trade practices. (*Id.*, ¶¶ 32-67.)

## II.  ARGUMENT

At the pleading stage, the "'irreducible constitutional minimum' of standing" requires a plaintiff to allege an "injury in fact" that is both redressable and fairly traceable to the defendant's conduct. *Spokeo, Inc. v. Robins*, 578 U.S. 330, 338 (2016) (quoting *Lujan v. Defenders of Wildlife*, 504 U.S. 555, 560 (1992)). In trade secret misappropriation cases, this is "a low threshold" to clear. *Knocking, Inc. v. Carter, et al.*, No. 24-cv-09020, 2025 WL 2257434, at *5 (S.D.N.Y. Aug. 7, 2025). Indeed, it is well established that "**misappropriation of trade secrets is itself a concrete injury; no further harm is needed**."[2] *JPMorgan Chase Bank, NA v. Argus Info. & Advisory Servs., Inc.*, 765 F. Supp. 3d 367, 374 (D. Del. Feb. 5, 2025) (emphasis added) (citing *TransUnion LLC v Ramirez*, 594 U.S. 413, 424 (2021) and *Barclift v. Keystone Credit Servs.*, 93 F.4th 136, 144-45 (3d Cir. 2024)); *see also Droeger v. Welsh Sporting Goods Corp.*, 541 F.2d 790, 793 (9th Cir. 1976) ("In a trade-secret case, however, it is the wrongful use of the secret that gives rise to the damage.").

Moreover, courts throughout this and other circuits routinely infer misappropriation where the defendant had access to the plaintiff's trade secrets and developed a similar product. *See, e.g., Droeger*, 541 F.2d at 793 ("[D]isclosure of the secret to the defendant, followed by

---

[2] Through its complaint, Trustwell seeks both damages and injunctive relief. (Compl., ¶ 1.) "In order to satisfy constitutional standing requirements to sue for injunctive relief, the threatened injury must be certainly impending." *Hamilton v. Gen. Mills, Inc.*, No. 16-cv-382-MC, 2016 WL 4060310, at *5 (D. Or. July 27, 2016) (citing *Clapper v. Amnesty, Int'l USA*, 568 U.S. 398, 410 (2013)). Because Foodwit continues to market and sell the copycat Workbench platform to clients and customers around the world, the injury to Trustwell is "certainly impending."

manufacture of a closely similar device by the defendant, shifts to the defendant the burden of going forward with evidence to prove, if it can, that it arrived at the process by independent invention."); *Stratienko v. Cordis Corp.*, 429 F.3d 592, 600 (6th Cir. 2005) ("[C]ourts may properly consider circumstantial evidence concerning similarity of design plus access to the design to imply use by a defendant of a trade secret. Other circuit courts have permitted such an inference in trade-secret and nondisclosure cases.") (collecting cases);[3] *Sokol Crystal Prods., Inc. v. DSC Comms. Corp.*, 15 F.3d 1427, 1432 (7th Cir. 1994) (same); *TRIGO ADR Americas, LLC v. OEM Logistics, LLC*, No. 23-cv-2219-AGS-MMP, 2025 WL 276149, at *2 (S.D. Cal. Jan. 23, 2025) ("Among other things, TRIGO alleges that (1) [defendants] 'had access to the secret' vetting process and intranet tool ... and that (2) TRIGO's vetting process and intranet tool 'share similar features' with [defendants'] versions, which is sufficient to plead misappropriation."); *CelLink Corp. v. Manaflex LLC*, No. 23-cv-04231-HSG, 2025 WL 1993517, at *8 (N.D. Cal. July 17, 2025) (same); *Valmarc Corp. v. Nike, Inc.*, No. 21-cv-01556-IM, 2022 WL 2315071, at *4 (D. Or. June 28, 2022) (same).

Trustwell alleges that Foodwit accessed Trustwell's trade secrets relating to the Genesis Foods platform pursuant to the License Agreement, and that Foodwit misappropriated those trade secrets to create the virtually identical Workbench product. (Compl., ¶¶ 14, 24-25, 27.) That alone is "sufficient to plead misappropriation." *See TRIGO*, 2025 WL 276149, at *2. Trustwell further alleges that "Foodwit and Ms. Holmes essentially duplicated at least substantial

---

[3] "Permitting an inference of use from evidence of access and similarity is sound because '[m]isappropriation and misuse can rarely be proven by convincing direct evidence.'" *Stratienko*, 429 F.3d at 600-601 (quoting *Eden Hannon & Co. v. Sumitomo Trust & Banking Co.*, 914 F.2d 556, 561 (4th Cir. 1990)). This District and Circuit likewise have made clear that "pleading facts alleged upon information and belief [is appropriate] where the facts are peculiarly within the possession and control of the defendant or where the belief is based on factual information that makes the inference of culpability plausible." *DAT Solutions, LLC v. Convoy, Inc.*, No. 22-cv-00088-IM, 2023 WL 3058057, at *12 (D. Or. Apr. 24, 2023) (quoting *Soo Park v. Thompson*, 851 F.3d 910, 928 (9th Cir. 2017)).

portions of Genesis Foods" in creating Workbench, to divert business. (*Id.*, ¶¶ 25, 39, 55.) By alleging Foodwit's misappropriation (and resulting harm), Trustwell establishes a concrete injury and, thus, constitutional standing. *See JPMorgan Chase Bank*, 765 F. Supp. 3d at 374.

For the same reason, because Trustwell has alleged a violation of a contractual right—Foodwit's breach of its obligations under the License Agreement not to copy or use the Genesis Foods platform to create a competing product, (Compl., ¶ 34)—Trustwell has sufficiently alleged constitutional standing with respect to its breach of contract claim. *See Lujan*, 504 U.S. at 560-61; *Spokeo*, 578 U.S. at 347 (Thomas, J., concurring) ("Our contemporary decisions have not required a plaintiff to assert an actual injury beyond the violation of his personal legal rights to satisfy the 'injury-in-fact' requirement.") Of course, Trustwell also alleged harm here, through Foodwit's use of the misappropriated Workbench platform to divert business away from Trustwell. (Compl., ¶¶ 14, 24-25, 27, 35, 39, 55.) Constitutional standing is plainly satisfied.

With respect to its §1125(a) Lanham Act claims, Trustwell "must allege an injury to a commercial interest in reputation or sales." *Lexmark Int'l, Inc. v. Static Control Components, Inc.*, 572 U.S. 118 (2014). Typically, "that occurs when deception of consumers causes them to withhold trade from the plaintiff." *Id*. However, where "plaintiff competes directly with defendant, a misrepresentation will give rise to a presumed commercial injury that is sufficient to establish standing." *TrafficSchool.com, Inc. v. Edriver Inc.*, 653 F.3d 820, 827 (9th Cir. 2011).

Here, Trustwell alleges several false and misleading marketing and advertising statements by Foodwit regarding Workbench. (Compl., ¶¶ 24, 26-27, 48-49.) As a result, because Trustwell and Foodwit compete directly with each other, (*id.*, ¶¶ 2, 39; *see also RLH Assets, LLC v. ESHA Research, LLC*, Case No. 25-cv-00656, Dkt. 1 (Foodwit's complaint), ¶ 1 (describing Foodwit as one of Trustwell's "competitors")), commercial injury to Trustwell, and

therefore constitutional standing, is presumed. *See TrafficSchool.com*, 653 F.3d at 827.

Finally, with respect to Trustwell's unlawful trade practices claim, there are very few cases addressing constitutional standing at the pleading stage. Those cases that do address it generally follow a similar analysis. *See Granados v. OnPoint Cmty. Credit Union*, No. 21-cv-847-SI, 2023 WL 3570039, at *3-4 (D. Or. May 18, 2023) ("Intangible harms, like injuries to one's privacy or reputation, can be concrete" and thus sufficient to establish constitutional standing.). Again, Trustwell has alleged several false and misleading marketing and advertising statements by a direct competitor regarding a misappropriated (and competing) product. (Compl., ¶¶ 24, 26-27, 48-49, 64.) Commercial injury therefore should be presumed. *See TrafficSchool.com*, 653 F.3d at 827. Trustwell further alleges that "Foodwit's false and misleading representations and omissions had the tendency to confuse and deceive, and did confuse and deceive, consumers across the country (i.e., the intended audience), who would not seek to purchase or license Workbench if they knew the truth, and instead likely would do business (or continue to do business) with Trustwell." (Compl., ¶ 65.) In other words, Trustwell also expressly alleges injury. This is more than sufficient at the pleading stage. In addition, Trustwell is able to identify specific Trustwell customers that are using Foodwit's services, if the Court believes additional facts are necessary,[4] and discovery undoubtedly will reveal many more.

### III.     CONCLUSION

For all of the reasons above, Trustwell respectfully submits that it has sufficiently pled constitutional standing with respect to each of its claims. If the Court finds any of the allegations

---

[4] On a Rule 12(b)(6) motion, the "court should grant leave to amend even if no request to amend the pleading was made, unless it determines that the pleading could not possibly be cured by the allegation of other facts." *Lopez v. Smith*, 203 F.3d 1122, 1127 (9th Cir. 2000) (en banc) (citations and quotations omitted).

insufficient in any way, Trustwell respectfully requests leave to amend.

Dated:  August 21, 2025

**JONES DAY**

 /s/ *Cary D. Sullivan*
Cary D. Sullivan (*admitted Pro Hac Vice*)
Email: carysullivan@jonesday.com

**DUNN CARNEY LLP**
Brian R. Talcott, OSB 965371
Email: btalcott@dunncarney.com

*Attorneys for Plaintiff Trustwell*