P. Andrew McStay, Jr., OSB No. 033997
DAVIS WRIGHT TREMAINE LLP
560 S.W. Tenth Avenue, Suite 700
Portland, Oregon, 97205
+1 (503) 241-2300
+1 (503) 778-5299 facsimile
andymcstay@dwt.com

Matthew S. Warren (*pro hac vice*)
Erika H. Warren (*pro hac vice*)
WARREN KASH WARREN LLP
2261 Market Street, No. 606
San Francisco, California, 94114
+1 (415) 895-2940
+1 (415) 895-2964 facsimile
25-880@cases.warrenlex.com

*Attorneys for Defendant RLH Assets, LLC d/b/a Foodwit*

UNITED STATES DISTRICT COURT

DISTRICT OF OREGON

PORTLAND DIVISION

| | |
|---|---|
| ESHA RESEARCH, LLC, an Oregon limited liability company,<br><br>       Plaintiff,<br><br>    v.<br><br>RLH ASSETS, LLC d/b/a FOODWIT, an Oregon limited liability company,<br><br>       Defendant. | Case No. 3:25-cv-00880-AB<br><br>**FOODWIT'S BRIEF ON CONSTITUTIONAL STANDING** |

## **TABLE OF CONTENTS**

*Page*

TABLE OF AUTHORITIES . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . i

INTRODUCTION . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 1

ARGUMENT . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 1

I.  ESHA Has Failed to Allege a Concrete, Particularized, and Actual Injury . . . . . . . . . . . 1

II.  ESHA's Opposition Admits That It Can Never Allege a Concrete and Actual Injury . . . . 3

III.  The Court Should Dismiss This Action With Prejudice . . . . . . . . . . . . . . . . . . . . . . . . . 4

CONCLUSION . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 5

# **TABLE OF AUTHORITIES**

*Cases*                                                                                                        *Page*

*Bassett v. ABM Parking Servs., Inc.*,
  No. 16-947, Docket 21 (W.D. Wash. Oct. 13, 2016),
  *aff'd*, 883 F.3d 776 (9th Cir. 2018) .................................................... 4

*Bisson v. Bank of Am., N.A.*,
  919 F. Supp. 2d 1130 (W.D. Wash. 2013),
  *aff'd*, No. 22-35456, 2023 WL 7318690 (9th Cir. Nov. 7, 2023) .................... 5

*Casillas v. Madison Ave. Assocs., Inc.*,
  926 F.3d 329 (7th Cir. 2019) .......................................................... 1

*Chandler & Newville v. Quality Loan Servs. Corp. of Washington*,
  No. 13-2014, 2014 WL 2526564 (D. Or. June 3, 2014) .......................... 3

*Dewberry v. Kulongoski*,
  406 F. Supp. 2d 1136 (D. Or. 2005) .................................................. 3

*Granados v. OnPoint Cmty. Credit Union*,
  No. 21-847, 2023 WL 3570039 (D. Or. May 18, 2023) ....................... 2, 3

*Greenstein v. Noblr Reciprocal Exch.*,
  No. 22-17023, 2024 WL 3886977 (9th Cir. Aug. 21, 2024) .................. 3, 4

*Hilao v. Est. of Marcos*,
  393 F.3d 987 (9th Cir. 2004) .......................................................... 4

*Interpipe Contracting, Inc. v. Becerra*,
  898 F.3d 879 (9th Cir. 2018) .......................................................... 5

*Lujan v. Defs. of Wildlife*,
  504 U.S. 555 (1992) ..................................................................... 1

*MAO-MSO Recovery II, LLC v. Mercury Gen.*,
  No. 21-56395, 2023 WL 1793469 (9th Cir. Feb. 7, 2023) ....................... 1

*McKee v. Gen. Motors Co.*,
  601 F. Supp. 3d 901 (W.D. Wash. 2022) ........................................... 5

*Miller v. Watson*,
  No. 18-562, 2019 WL 1871011 (D. Or. Feb. 12, 2019) ......................... 4

*Reveal Chat HoldCo LLC v. Meta Platforms, Inc.*,
  No. 21-15863, 2022 WL 595696 (9th Cir. Feb. 28, 2022) ....................... 5

# **TABLE OF AUTHORITIES**
*(continued)*

|                  Cases                  | Page |

*Smith v. Sabre Corp.*,
    No. 17-5149, 2018 WL 11420538 (C.D. Cal. Jan. 23, 2018) . . . . . . . . . . . . . . . . . . . . . . .3

*Sonoma Tires, Inc. v. Big O Tires, LLC*,
    No. 11-818, 2013 WL 12173748 (N.D. Cal. Jan. 22, 2013) . . . . . . . . . . . . . . . . . . . . . . .4

*Spokeo, Inc. v. Robins*,
    578 U.S. 330 (2016) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 1

*TransUnion LLC v. Ramirez*,
    594 U.S. 413 (2021) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 1, 2, 4

                         *Other Authorities*                         Page

*Black's Law Dictionary* 479 (9th ed. 2009) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 1

*RLH Assets, LLC v. ESHA Research, LLC*,
    No. 25-656, Docket No. 1 (D. Or. Apr. 22, 2025) . . . . . . . . . . . . . . . . . . . . . . . . . . . . 5

**INTRODUCTION**

ESHA's complaint fails to allege any concrete and particularized injury, as required for jurisdiction in this Court. ESHA's claims depend on an assumption of theft by Foodwit, and ESHA has admitted that it does not know whether this assumption is correct, and thus cannot allege more than an assumption. ESHA thus has not brought a claim this Court can hear, and cannot amend to do so. The Court must dismiss this case, and should do so with prejudice.

**ARGUMENT**

**I.     ESHA Has Failed to Allege a Concrete, Particularized, and Actual Injury**

"Article III confines the federal judicial power to the resolution of 'Cases' and 'Controversies.'" *TransUnion LLC v. Ramirez*, 594 U.S. 413, 423 (2021). "'The party invoking federal jurisdiction bears the burden of establishing' standing," which is "'an essential and unchanging part of the case-or-controversy requirement of Article III.'" *MAO-MSO Recovery II, LLC v. Mercury Gen.*, No. 21-56395, 2023 WL 1793469, at *1 (9th Cir. Feb. 7, 2023) (quoting *Lujan v. Defs. of Wildlife*, 504 U.S. 555, 561 (1992)). To meet this burden, "a plaintiff must show (i) that he suffered an injury in fact that is concrete, particularized, and actual or imminent; (ii) that the injury was likely caused by the defendant; and (iii) that the injury would likely be redressed by judicial relief." *TransUnion*, 594 U.S. at 423. "If 'the plaintiff does not claim to have suffered an injury that the defendant caused and the court can remedy, there is no case or controversy for the federal court to resolve.'" *Id.* (quoting *Casillas v. Madison Ave. Assocs., Inc.*, 926 F.3d 329, 333 (7th Cir. 2019)). Because ESHA did not allege it "suffered an injury in fact," *TransUnion*, 594 U.S. at 413, the Court must dismiss this action.

"A 'concrete' injury must be '*de facto*'; that is, it must actually exist." *Spokeo, Inc. v. Robins*, 578 U.S. 330, 340 (2016) (quoting *Black's Law Dictionary* 479 (9th ed. 2009)). ESHA's

First Amended Complaint ("FAC") pleads no such injury. Rhetoric aside, the FAC makes only four factual assertions plus a hand-waving assumption of theft, as follows:

1. ESHA built various versions of its Genesis product (*see* FAC ¶¶ 3, 4, 20-22, 24);

2. Foodwit used at least one version of ESHA's Genesis product (*see* FAC ¶¶ 5, 14, 23-25, 33, 37);

3. Foodwit built and marketed a competitive product (*see* FAC ¶¶ 2, 24-27, 50, 66);

4. Always on information and belief and without any specifics, ESHA assumes that an unspecified portion of Foodwit's competitive product is stolen from ESHA's product (*see* FAC ¶¶ 2, 5, 25, 27, 28, 38-39, 42-44, 48, 54, 55, 59, 60, 64); and

5. ESHA threatened Foodwit with litigation unless Foodwit withdrew its competitive product or provided voluntary pre-litigation discovery, but Foodwit declined both requests (*see id.* ¶¶ 6, 7, 29-31, 34).

Items (1), (2), (3) and (5) are not cognizable injuries in this Court, and ESHA does not claim otherwise. That leaves item (4), ESHA's assumption of theft. ESHA repeats this assumption throughout its complaint, always on information and belief or referring back to a paragraph that is on information and belief, and always without any specifics. *See supra.* And ESHA's claims depend on its assumption of theft. *E.g.*, FAC ¶ 2 ("This case is about the calculated theft of Trustwell's crown jewels"); Docket No. 31 at 1 ("This case arises from Foodwit's theft"); *see id.* at 7-8 (breach of contract); 11 (trade secret misappropriation); 13-14 (Lanham Act); 19-20 (UTPA). If ESHA's assumption of theft fails in this Court, these claims must fall.

Fall they must. Although economists can famously 'assume a can opener,' litigants cannot. But the FAC tries exactly that: it assumes theft based on items (2) and (3) above, that Foodwit used ESHA's product and later built a competitive product. This assumption cannot suffice to show the required "injury in fact that is concrete, particularized, and actual or imminent," *TransUnion*, 594 U.S. at 423, let alone "purported harm *actually caused* by the specific violation" alleged in the complaint. *Granados v. OnPoint Cmty. Credit Union*, No.

Page 2 – FOODWIT'S BRIEF ON CONSTITUTIONAL STANDING

21-847, 2023 WL 3570039, at *5 (D. Or. May 18, 2023) (emphasis in original). Applying this rule, federal courts reject claims that rest on similar assumptions, even where, unlike here, the defendant admits to at least some wrongdoing. For example, *Chandler & Newville v. Quality Loan Services Corp. of Washington* arose from a foreclosure sale in which the trustee failed to notify the property's legal owners as required by statute. No. 13-2014, 2014 WL 2526564, at *1-3 (D. Or. June 3, 2014). Despite this admitted failure, the Court dismissed claims from the property's purchaser for "fail[ure] to show an injury-in-fact necessary for Article III standing," because the complaint did "not allege any facts showing that Chandler's title to or ownership of the property is threatened in any way" and thus, "on its face, the Complaint fails to assert an actual injury." *Id.* at *3. Similarly, in *Smith v. Sabre Corp.*, plaintiff Benson sought damages for an information breach by defendant hotel booking service, but lacked standing because he "fail[ed] to allege what information he contends was impacted in the security incident, what hotels he stayed at, any facts plausibly alleging that those hotels used SynXis CR for his booking, or that any of those hotels were among those impacted by the incident." No. 17-5149, 2018 WL 11420538, at *3 (C.D. Cal. Jan. 23, 2018); *see also, e.g.*, *Greenstein v. Noblr Reciprocal Exch.*, No. 22-17023, 2024 WL 3886977, at *1 (9th Cir. Aug. 21, 2024) (no standing where plaintiffs assumed their personal information was leaked in cyberattack); *Granados*, 2023 WL 3570039, at *5 (no standing where plaintiff assumed harm from "purported unlawful waiver of rights" in contract); *Dewberry v. Kulongoski*, 406 F. Supp. 2d 1136, 1144-45 (D. Or. 2005) (no standing where plaintiff assumed harm from development of nearby casino). ESHA's assumption of theft cannot suffice any more than these assumptions; it has no standing to bring its claims.

## II.     ESHA's Opposition Admits That It Can Never Allege a Concrete and Actual Injury

In its opposition to Foodwit's motion to dismiss, ESHA confirmed that it can never plead

Page 3 – FOODWIT'S BRIEF ON CONSTITUTIONAL STANDING

a concrete injury, by admitting that it has no idea what Foodwit stole or even whether Foodwit stole anything in the first place. *See* Docket No. 32 § I.B. ESHA's opposition concedes that it "can only assume that Workbench" resulted from theft, but "is unable to specifically allege as much." Docket No. 31 at 17; *see* Docket No. 32 § I.B. ESHA "is bound by concessions made in its brief or at oral argument." *Hilao v. Est. of Marcos*, 393 F.3d 987, 993 (9th Cir. 2004); *see, e.g.*, *Miller v. Watson*, No. 18-562, 2019 WL 1871011, at *11 n.13 (D. Or. Feb. 12, 2019) (quoting *Hilao*, 393 F.3d at 993). ESHA's concession confirms that it cannot allege theft, and thus cannot amend to bring a "claim to have suffered an injury that the defendant caused and the court can remedy." *TransUnion*, 594 U.S. at 423.

### III.   The Court Should Dismiss This Action With Prejudice

ESHA has failed to meet its burden to show the required "injury in fact that is concrete, particularized, and actual or imminent." *TransUnion*, 594 U.S. at 413; *see supra* § I. And it has admitted that it cannot amend to allege theft (*supra* § II, Docket No. 32 at 28-29), and thus can never allege it "suffered an injury in fact that is concrete, particularized, and actual or imminent." *TransUnion*, 594 U.S. at 413. The Court should therefore dismiss this action with prejudice. *See, e.g.*, *Sonoma Tires, Inc. v. Big O Tires, LLC*, No. 11-818, 2013 WL 12173748, at *4 (N.D. Cal. Jan. 22, 2013) ("As there is no set of facts that could cure the deficiencies with this claim, the dismissal is with prejudice."); *see also Greenstein*, 2024 WL 3886977, at *1 (affirming dismissal with prejudice for lack of standing); *Bassett v. ABM Parking Servs., Inc.*, No. 16-947, Docket Nos. 16, 17, 21 at 22:21-23 (W.D. Wash. Oct. 13, 2016) (dismissing with prejudice where "Plaintiff has failed to articulate" more than a "possible risk of theft"), *aff'd*, 883 F.3d 776, 778 (9th Cir. 2018). ESHA has pressed its improper claims across two complaints in two courts, consuming judicial resources and forcing Foodwit to defend itself. Enough is enough. The

Court should dismiss this action with prejudice, ending ESHA's sham litigation campaign.[1]

## CONCLUSION

For the foregoing reasons as well as those set forth in Foodwit's previous briefing in this action, the Court should find that ESHA has not alleged injury sufficient for Constitutional standing in this Court, and should dismiss this action in its entirety, with prejudice.

Date:  August 21, 2025

Matthew S. Warren (*pro hac vice*)
Erika H. Warren (*pro hac vice*)
WARREN KASH WARREN LLP
2261 Market Street, No. 606
San Francisco, California, 94114
+1 (415) 895-2940
+1 (415) 895-2964 facsimile
25-880@cases.warrenlex.com

Respectfully submitted,

*s/ P. Andrew McStay, Jr.*
P. Andrew McStay, Jr., OSB No. 033997
DAVIS WRIGHT TREMAINE LLP
1300 SW Fifth Avenue, Suite 2400
Portland, Oregon, 97201
+1 (503) 778-5302
+1 (503) 778-5299 facsimile
andymcstay@dwt.com

*Attorneys for Defendant RLH Assets, LLC d/b/a Foodwit*

---

[1] After ESHA filed this case in Delaware, Foodwit filed its own action in this Court. *RLH Assets, LLC v. ESHA Research, LLC*, No. 25-656 (D. Or.) ("*Foodwit v. ESHA*").  Count III of *Foodwit v. ESHA* explains that ESHA has alleged trade-secret misappropriation in this action, and seeks a declaration that "Foodwit has not misappropriated any ESHA trade secrets and does not possess any ESHA trade secrets such that it could use or disclose them." *Foodwit v. ESHA*, Docket No. 1 ¶ 203; *see id.* ¶¶ 197-204.  Count IV of *Foodwit v. ESHA* explains that ESHA has alleged breach of contract in this action, and seeks a declaration that Foodwit "has not breached any contract with ESHA."  *Id.* ¶ 209; *see id.* ¶¶ 205-210.  Counts III and IV of *Foodwit v. ESHA* thus allege a case or controversy based on ESHA's allegations here.

Federal courts are "required to raise the absence of constitutional standing *sua sponte*." *Reveal Chat HoldCo LLC v. Meta Platforms, Inc.*, No. 21-15863, 2022 WL 595696, at *1 (9th Cir. Feb. 28, 2022) (citing *Interpipe Contracting, Inc. v. Becerra*, 898 F.3d 879, 891 n.9 (9th Cir. 2018)).  "[B]ecause the 'Declaratory Judgment Act creates only a remedy, not a cause of action,'" without "an underlying cause of action, 'there is no claim for declaratory relief.'" *McKee v. Gen. Motors Co.*, 601 F. Supp. 3d 901, 910 (W.D. Wash. 2022) (quoting *Bisson v. Bank of Am., N.A.*, 919 F. Supp. 2d 1130, 1139-40 (W.D. Wash. 2013)), *aff'd*, No. 22-35456, 2023 WL 7318690 (9th Cir. Nov. 7, 2023).  Should the Court dismiss this action for lack of standing, it must dismiss Counts III and IV of *Foodwit v. ESHA* as well.  *See, e.g.*, *McKee*, 601 F. Supp. 3d at 910 (dismissing declaratory claim for failure of underlying cause of action).

Page 5 – FOODWIT'S BRIEF ON CONSTITUTIONAL STANDING