# EXHIBIT 1

*[MODEL TWO-TIER PROTECTIVE ORDER]*

**[Attorney Information]**

P. Andrew McStay, Jr., OSB No. 033997
DAVIS WRIGHT TREMAINE LLP
560 S.W. Tenth Avenue, Suite 700
Portland, Oregon, 97205
+1 (503) 241-2300
+1 (503) 778-5299 facsimile
andymcstay@dwt.com

Matthew S. Warren (*pro hac vice*)
Erika H. Warren (*pro hac vice*)
WARREN KASH WARREN LLP
2261 Market Street, No. 606
San Francisco, California, 94114
+1 (415) 895-2940
+1 (415) 895-2964 facsimile
25-880@cases.warrenlex.com

*Attorneys for Defendant RLH Assets, LLC d/b/a Foodwit*

UNITED STATES DISTRICT COURT

DISTRICT OF OREGON

|  |  |
|---|---|
| _____, | Case No. _____ |
| Plaintiff, | STIPULATED PROTECTIVE ORDER |
| v. | |
| _____, | |
| Defendant. PORTLAND DIVISION | |

|  |  |
|---|---|
| ESHA RESEARCH, LLC, an Oregon limited liability company, | Case No. 3:25-cv-00880-AB |
| Plaintiff, | **STIPULATED PROTECTIVE ORDER** |
| v. |  |
| RLH ASSETS, LLC d/b/a FOODWIT, an Oregon limited liability company, |  |
| Defendant. |  |

One or more of the parties has requested the production of documents or information that at least one party considers to be or to contain confidential information, and that are subject to protection under Federal Rule of Civil Procedure 26(c).

The parties agree that good cause exists to protect the confidential nature of the information contained in documents, interrogatory responses, responses to requests for admission, or deposition testimony.  This Stipulated Protective Order ("SPO") does not govern the use of protected material at trial.  The parties may request further orders from the Court to protect this material at trial.  This action concerns ~~[insert detailed statement explaining why the parties,~~, among other things, Plaintiff's claims ~~or facts at issue create a need for a protective order].~~that Defendant has misappropriated its trade secrets.  The parties expect to exchange documents and information relating to ~~[insert detailed statement describing the confidential or proprietary nature of the documents/information].~~those asserted trade secrets, over which Plaintiff claims secrecy.  The parties agree that the entry of this SPO is warranted to protect against disclosure of such documents and information.

Based upon the above stipulation of the parties, and the Court being duly advised, IT IS

HEREBY ORDERED as follows:

IT IS HEREBY ORDERED as follows:

1.        1.        All documents, testimony, and other materials produced by the parties in

this case and labeled "Confidential" or "Attorneys' Eyes Only" shall be used only in this

proceeding.

2.        2.        Use of any information or documents labeled "Confidential" or

"Attorneys' Eyes Only" and subject to this SPO, including all information derived therefrom,

shall be restricted solely to the litigation of this case and shall not be used by any party for any

business, commercial, or competitive purpose.  This SPO, however, does not restrict the

disclosure or use of any information or documents lawfully obtained by the receiving party

through means or sources outside of this litigation.  Should a dispute arise as to any specific

information or document, the burden shall be on the party claiming that such information or

document was lawfully obtained through means and sources outside of this litigation.

3.        3.        The parties, and third parties subpoenaed by one of the parties, may

designate as "Confidential" or "Attorneys' Eyes Only" documents, testimony, written responses,

or other materials produced in this case if they contain information that the producing party has a

good faith basis for asserting is confidential under the applicable legal standards.[1]  The party

---

[1] Sealing judicial documents is generally disfavored because there is a "strong presumption in favor of public access." *Foltz v. State Farm Mut. Auto. Ins. Co.*, 331 F.3d 1122, 1137 (9th Cir. 2003).  The Court will apply the "good cause" standard to determine whether to seal documents attached to discovery motions that are not more than tangentially related to the merits of a case. *Ctr. for Auto Safety v. Chrysler Grp., LLC*, 809 F.3d 1092, 1102 (9th Cir. 2016).  If a motion more than tangentially relates to the merits of a case, the more stringent "compelling reasons" standard applies. *Id.* "Under this stringent standard, a court may seal records only when it finds "a compelling reason and articulates the factual basis for its ruling, without relying on hypothesis or conjecture." *Id.* at 1096-97.

2   STIPULATED PROTECTIVE

shall designate each page of the document with a stamp identifying it as "Confidential" or "Attorneys' Eyes Only," if practical to do so.

      4.      4.     If portions of documents or other materials deemed "Confidential" or "Attorneys' Eyes Only" or any papers containing or making reference to such materials are filed with the Court, they shall be filed under seal and marked as follows or in substantially similar form:

CONFIDENTIAL

      IN ACCORDANCE WITH A PROTECTIVE ORDER, THE ENCLOSURE(S) SHALL BE TREATED AS CONFIDENTIAL AND SHALL NOT BE SHOWN TO ANY PERSON OTHER THAN THOSE PERSONS DESIGNATED IN PARAGRAPH 7 OF THE PROTECTIVE ORDER.

*or*

ATTORNEYS' EYES ONLY

      IN ACCORDANCE WITH A PROTECTIVE ORDER, THE ENCLOSURE(S) SHALL BE TREATED AS FOR ATTORNEYS' EYES ONLY AND SHALL NOT BE SHOWN TO ANY PERSON OTHER THAN THOSE PERSONS DESIGNATED IN PARAGRAPH 8 OF THE PROTECTIVE ORDER.

If a party is filing a document that it has itself designated as "Confidential" or "Attorneys' Eyes Only," that party shall reference this SPO in submitting the documents it proposes to maintain under seal. If a non-designating party is filing a document that another party has designated as "Confidential" or "Attorneys' Eyes Only," then the non-designating party shall file the document under seal. If the non-designating party makes a request in writing to have the document unsealed and the designating party does not file, within ten calendar days from the date that the request for unsealing is filed, a motion that shows either good cause or compelling reasons, *see* Footnote 1, *supra*, to maintain the document under seal, then the Court shall unseal the

document. Before seeking to maintain the protection of documents filed with the Court, a party

must assess whether redaction is a viable alternative to complete nondisclosure.

5. 5. Within thirty (30) days after receipt of the final transcript of the deposition

of any party or witness in this case, a party or the witness may designate as "Confidential" or

"Attorneys' Eyes Only" any portion of the transcript that the party or witness contends discloses

confidential information. If a transcript containing any such material is filed with the Court, it

shall be filed under seal and marked in the manner described in paragraph 4. Unless otherwise

agreed, all deposition transcripts shall be treated as "Confidential" until the expiration of the

thirty-day period.

6. 6. "Confidential" or "Attorneys' Eyes Only" information and documents

subject to this SPO shall not be filed with the Court or included in whole or in part in pleadings,

motions, briefs, etc., filed in this case, except when any portion(s) of such pleadings, motions,

briefs, etc. have been filed under seal by counsel and marked in the same manner as described in

paragraph 4 above. Such sealed portion(s) of pleadings, motions, briefs, documents, etc., shall

be opened only by the Court or by personnel authorized to do so by the Court.

7. 7. Use of any information, documents, or portions of documents marked

"Confidential," including all information derived therefrom, shall be restricted solely to the

following persons, who agree to be bound by the terms of this SPO, unless additional persons are

stipulated by counsel or authorized by the Court:

a. a. Outside counsel of record for the parties, and the administrative staff of
outside counsel'scounsel's firms.

b. b. In-house counsel for the parties, and the administrative staff for each in-
house counsel.

c. c. Any party to this action who is an individual, and every employee,
director, officer, or manager of any party to this action who is not an individual,

but only to the extent necessary to further the interest of the parties in this litigation.

d.  ~~d.~~  d.  Independent consultants or expert witnesses (including partners, associates and employees of the firm which employs such consultant or expert) retained by a party or its attorneys for purposes of this litigation, but only to the extent necessary to further the interest of the parties in this litigation.

e.  ~~e.~~  e.  The Court and its personnel, including, but not limited to, stenographic reporters regularly employed by the Court and stenographic reporters not regularly employed by the Court who are engaged by the Court or the parties during the litigation of this action~~,~~.

f.  ~~f.~~  f.  The authors and the original recipients of the documents.

g.  ~~g.~~  g.  Any court reporter or videographer reporting a deposition.

h.  ~~h.~~  h.  Employees of copy services, microfilming or database services, trial support firms and/or translators who are engaged by the parties during the litigation of this action.

8.  ~~8.~~  8.  Use of any information, documents, or portions of documents marked "Attorneys' Eyes Only," including all information derived therefrom, shall be restricted solely to the persons listed in paragraphs 7(a), 7(b), 7(d), 7(e), 7(g) and 7(h), unless additional persons are stipulated by counsel or authorized by the Court.

9.  ~~9.~~  9.  Prior to being shown any documents produced by another party marked "Confidential" or "Attorneys' Eyes Only," any person listed under paragraph 7(c) or 7(d) shall agree to be bound by the terms of this Order by signing the agreement attached as Exhibit A.

~~shall agree to be bound by the terms of this Order by signing the agreement attached as Exhibit A.~~

10.  ~~10.~~  10.  Whenever information designated as "Confidential" or "Attorneys' Eyes Only" pursuant to this SPO is to be discussed by a party or disclosed in a deposition, hearing, or pre-trial proceeding, the designating party may move to exclude from the room any person, other than persons designated in paragraphs 7 and 8, as appropriate, for that portion of the deposition, hearing or pre-trial proceeding.

11.     11.     Each party reserves the right to dispute the confidential status claimed by any other party or subpoenaed party in accordance with this SPO. If a party believes that any documents or materials have been inappropriately designated by another party or subpoenaed party, that party shall confer with counsel for the designating party. As part of that conferral, the designating party must assess whether redaction is a viable alternative to complete non-disclosure. If the parties are unable to resolve the matter informally, as discussed at the Rule 16 Conference, the parties will send an email to the Court'sCourt's Courtroom Deputy with one-page letter per party attached that details each party's position. The Court will then determine if a motion is needed. Regardless of which party disputes the confidential nature of certain information, the party seeking to protect a document from disclosure bears the burden of establishing good cause or compelling reasons, see Footnote 1, *supra*, for why the document should not be disclosed. A party who disagrees with another party'sparty's designation must nevertheless abide by that designation until the matter is resolved by agreement of the parties or by the Court, either informally or with an order.

12.     12.     The inadvertent failure to designate a document, testimony, or other material as "Confidential" or "Attorneys' Eyes Only" prior to disclosure shall not operate as a waiver of the party's right to later designate the document, testimony, or other material as "Confidential" or "Attorneys' Eyes Only." The receiving party or its counsel shall not disclose such documents or materials if that party or counsel knows or reasonably should know that a claim of confidentiality would be made by the producing party. Promptly after receiving notice from the producing party of a claim of confidentiality, the receiving party or its counsel shall inform the producing party of all pertinent facts relating to the prior disclosure of the newly-

designated documents or materials, and shall make reasonable efforts to retrieve such documents

and materials and to prevent further disclosure.

13. 13.    Designation by either party of information or documents as "Confidential"

or "Attorneys' Eyes Only," or failure to so designate, will not constitute an admission that

information or documents are or are not confidential or trade secrets. Neither party may

introduce into evidence in any proceeding between the parties, other than a motion to determine

whether the SPO covers the information or documents in dispute, the fact that the other party

designated or failed to designate information or documents as "Confidential" or "Attorneys'

Eyes Only."

14. 14.    Upon the request of the producing party or third party, within 30 days after

the entry of a final judgment no longer subject to appeal on the merits of this case, or the

execution of any agreement between the parties to resolve amicably and settle this case, the

parties and any person authorized by this SPO to receive confidential information shall return to

the producing party or third party, or destroy, all information and documents subject to this SPO.

Returned materials shall be delivered in sealed envelopes marked "Confidential" to respective

counsel. The party requesting the return of materials shall pay the reasonable costs of

responding to its request. Notwithstanding the foregoing, counsel for a party may retain archival

copies of confidential documents.

15. 15.    This SPO shall not constitute a waiver of any party's or non-party'sparty's

right to oppose any discovery request or object to the admissibility of any document, testimony

or other information.

16.    16.    Nothing in this SPO shall prejudice any party from seeking amendments to expand or restrict the rights of access to and use of confidential information, or other modifications, subject to order by the Court.

17.    17.    The restrictions on disclosure and use of confidential information shall survive the conclusion of this action and this Court shall retain jurisdiction of this action after its conclusion for the purpose of enforcing the terms of this SPO.

So stipulated:

_____         _____

[Counsel
/s/ *Cary D. Sullivan*                          /s/ *Matthew S. Warren*
Cary D. Sullivan                                P. Andrew McStay, Jr., OSB No. 033997
JONES DAY                                       DAVIS WRIGHT TREMAINE LLP
3161 Michelson Drive, Suite 800                 1300 SW Fifth Avenue, Suite 2400
Irvine, California, 92612                        Portland, Oregon, 97201
                                                +1 (503) 778-5302
Brian R. Talcott                                +1 (503) 778-5299 facsimile
Dunn Carney LLP                                 andymcstay@dwt.com
851 SW Sixth Avenue, Suite 1500
Portland, Oregon, 97204                         Matthew S. Warren (*pro hac vice*)
                                                Erika H. Warren (*pro hac vice*)
*Attorneys for Plaintiff*]                      [Counsel *ESHA Research LLC*    WARREN
KASH WARREN LLP
                                                2261 Market Street, No. 606
                                                San Francisco, California, 94114
                                                +1 (415) 895-2940
                                                +1 (415) 895-2964 facsimile
                                                25-880@cases.warrenlex.com

                                                *Attorneys for Defendant*] *RLH Assets, LLC
                                                d/b/a Foodwit*

The Court has reviewed the reasons offered in support of entry of this Stipulated Protective Order and accepts the parties' stipulation of good cause for purposes of entering this

Stipulated Protective Order.  Any disputes about the confidentiality of certain information will be

resolved by the Court in the manner ~~proscribed~~prescribed in this document.[2]  ~~IT IS SO~~

~~ORDERED.~~

**IT IS SO ORDERED.**


~~DATED: _____~~



_____



Dated: _____    _____
                                   Amy M. Baggio
                                   U.S. District Court Judge

---

[2] "While courts generally make a finding of good cause before issuing a protective order, a court need not do so where (as here) the parties stipulate to such an order." *In re Roman Cath. Archbishop of Portland in Oregon*, 661 F.3d 417, 424 (9th Cir. 2011).  When a party seeks to disclose documents protected by a stipulated protective order, the party opposing disclosure retains the burden of proof to show why "there is good cause to continue the protection of the discovery material." *Id.*

**EXHIBIT A**

I, _____,_____,   have   been   advised   by
counsel of record for

_____ in _____
*ESHA Research, LLC v. RLH Assets, LLC*, No. 25-880-AB (D. Or.) of the protective order

governing the delivery, publication, and disclosure of confidential documents and information

produced in this litigation.  I have read a copy of the protective order and agree to abide by its

terms.


_____            _____
_____
_____
_____ Signed

                                                    _____

_____
_____ Printed

                                                    _____

_____
_____ Name Date