P. Andrew McStay, Jr., OSB No. 033997
DAVIS WRIGHT TREMAINE LLP
560 S.W. Tenth Avenue, Suite 700
Portland, Oregon, 97205
+1 (503) 241-2300
+1 (503) 778-5299 facsimile
andymcstay@dwt.com

Matthew S. Warren (*pro hac vice*)
Erika H. Warren (*pro hac vice*)
WARREN KASH WARREN LLP
2261 Market Street, No. 606
San Francisco, California, 94114
+1 (415) 895-2940
+1 (415) 895-2964 facsimile
25-880@cases.warrenlex.com

*Attorneys for Defendant RLH Assets, LLC d/b/a Foodwit*

UNITED STATES DISTRICT COURT

DISTRICT OF OREGON

PORTLAND DIVISION

| | |
|---|---|
| ESHA RESEARCH, LLC, an Oregon limited liability company, | Case No. 3:25-cv-00880-AB |
| Plaintiff, | **STIPULATED PROTECTIVE ORDER** |
| v. | |
| RLH ASSETS, LLC d/b/a FOODWIT, an Oregon limited liability company, | |
| Defendant. | |

One or more of the parties has requested the production of documents or information that at least one party considers to be or to contain confidential information, and that are subject to protection under Federal Rule of Civil Procedure 26(c).

The parties agree that good cause exists to protect the confidential nature of the information contained in documents, interrogatory responses, responses to requests for admission, or deposition testimony.  This Stipulated Protective Order ("SPO") does not govern the use of protected material at trial.  The parties may request further orders from the Court to protect this material at trial.  This action concerns, among other things, Plaintiff's claims that Defendant has misappropriated its trade secrets.  The parties expect to exchange documents and information relating to those asserted trade secrets, over which Plaintiff claims secrecy.  The parties agree that the entry of this SPO is warranted to protect against disclosure of such documents and information.

Based upon the above stipulation of the parties, and the Court being duly advised, IT IS HEREBY ORDERED as follows:

1.    All documents, testimony, and other materials produced by the parties in this case and labeled "Confidential" or "Attorneys' Eyes Only" shall be used only in this proceeding.

2.    Use of any information or documents labeled "Confidential" or "Attorneys' Eyes Only" and subject to this SPO, including all information derived therefrom, shall be restricted solely to the litigation of this case and shall not be used by any party for any business, commercial, or competitive purpose.  This SPO, however, does not restrict the disclosure or use of any information or documents lawfully obtained by the receiving party through means or sources outside of this litigation.  Should a dispute arise as to any specific information or

document, the burden shall be on the party claiming that such information or document was

lawfully obtained through means and sources outside of this litigation.

       3.      The parties, and third parties subpoenaed by one of the parties, may designate as

"Confidential" or "Attorneys' Eyes Only" documents, testimony, written responses, or other

materials produced in this case if they contain information that the producing party has a good

faith basis for asserting is confidential under the applicable legal standards.[1]  The party shall

designate each page of the document with a stamp identifying it as "Confidential" or "Attorneys'

Eyes Only," if practical to do so.

       4.      If portions of documents or other materials deemed "Confidential" or "Attorneys'

Eyes Only" or any papers containing or making reference to such materials are filed with the

Court, they shall be filed under seal and marked as follows or in substantially similar form:

CONFIDENTIAL

IN ACCORDANCE WITH A PROTECTIVE ORDER, THE ENCLOSURE(S) SHALL
BE TREATED AS CONFIDENTIAL AND SHALL NOT BE SHOWN TO ANY
PERSON OTHER THAN THOSE PERSONS DESIGNATED IN PARAGRAPH 7 OF
THE PROTECTIVE ORDER.

*or*

ATTORNEYS' EYES ONLY

IN ACCORDANCE WITH A PROTECTIVE ORDER, THE ENCLOSURE(S) SHALL
BE TREATED AS FOR ATTORNEYS' EYES ONLY AND SHALL NOT BE SHOWN

---

[1] Sealing judicial documents is generally disfavored because there is a "strong presumption in favor of public access." *Foltz v. State Farm Mut. Auto. Ins. Co.*, 331 F.3d 1122, 1137 (9th Cir. 2003).  The Court will apply the "good cause" standard to determine whether to seal documents attached to discovery motions that are not more than tangentially related to the merits of a case.  *Ctr. for Auto Safety v. Chrysler Grp., LLC*, 809 F.3d 1092, 1102 (9th Cir. 2016). If a motion more than tangentially relates to the merits of a case, the more stringent "compelling reasons" standard applies.  *Id.*  "Under this stringent standard, a court may seal records only when it finds "a compelling reason and articulates the factual basis for its ruling, without relying on hypothesis or conjecture."  *Id.* at 1096-97.

TO ANY PERSON OTHER THAN THOSE PERSONS DESIGNATED IN
PARAGRAPH 8 OF THE PROTECTIVE ORDER.

If a party is filing a document that it has itself designated as "Confidential" or "Attorneys' Eyes
Only," that party shall reference this SPO in submitting the documents it proposes to maintain
under seal. If a non-designating party is filing a document that another party has designated as
"Confidential" or "Attorneys' Eyes Only," then the non-designating party shall file the document
under seal.  If the non-designating party makes a request in writing to have the document
unsealed and the designating party does not file, within ten calendar days from the date that the
request for unsealing is filed, a motion that shows either good cause or compelling reasons, *see*
Footnote 1, *supra*, to maintain the document under seal, then the Court shall unseal the
document.  Before seeking to maintain the protection of documents filed with the Court, a party
must assess whether redaction is a viable alternative to complete nondisclosure.

5.      Within thirty (30) days after receipt of the final transcript of the deposition of any
party or witness in this case, a party or the witness may designate as "Confidential" or
"Attorneys' Eyes Only" any portion of the transcript that the party or witness contends discloses
confidential information.  If a transcript containing any such material is filed with the Court, it
shall be filed under seal and marked in the manner described in paragraph 4.  Unless otherwise
agreed, all deposition transcripts shall be treated as "Confidential" until the expiration of the
thirty-day period.

6.      "Confidential" or "Attorneys' Eyes Only" information and documents subject to
this SPO shall not be filed with the Court or included in whole or in part in pleadings, motions,
briefs, etc., filed in this case, except when any portion(s) of such pleadings, motions, briefs, etc.
have been filed under seal by counsel and marked in the same manner as described in paragraph

4 above.  Such sealed portion(s) of pleadings, motions, briefs, documents, etc., shall be opened

only by the Court or by personnel authorized to do so by the Court.

7.    Use of any information, documents, or portions of documents marked

"Confidential," including all information derived therefrom, shall be restricted solely to the

following persons, who agree to be bound by the terms of this SPO, unless additional persons are

stipulated by counsel or authorized by the Court:

a.    Outside counsel of record for the parties, and the administrative staff of outside counsel's firms.

b.    In-house counsel for the parties, and the administrative staff for each in-house counsel.

c.    Any party to this action who is an individual, and every employee, director, officer, or manager of any party to this action who is not an individual, but only to the extent necessary to further the interest of the parties in this litigation.

d.    Independent consultants or expert witnesses (including partners, associates and employees of the firm which employs such consultant or expert) retained by a party or its attorneys for purposes of this litigation, but only to the extent necessary to further the interest of the parties in this litigation.

e.    The Court and its personnel, including, but not limited to, stenographic reporters regularly employed by the Court and stenographic reporters not regularly employed by the Court who are engaged by the Court or the parties during the litigation of this action.

f.    The authors and the original recipients of the documents.

g.    Any court reporter or videographer reporting a deposition.

h.    Employees of copy services, microfilming or database services, trial support firms and/or translators who are engaged by the parties during the litigation of this action.

8.    Use of any information, documents, or portions of documents marked "Attorneys'

Eyes Only," including all information derived therefrom, shall be restricted solely to the persons

listed in paragraphs 7(a), 7(b), 7(d), 7(e), 7(g) and 7(h), unless additional persons are stipulated

by counsel or authorized by the Court.

9.       Prior to being shown any documents produced by another party marked

"Confidential" or "Attorneys' Eyes Only," any person listed under paragraph 7(c) or 7(d) shall

agree to be bound by the terms of this Order by signing the agreement attached as Exhibit A.

10.      Whenever information designated as "Confidential" or "Attorneys' Eyes Only"

pursuant to this SPO is to be discussed by a party or disclosed in a deposition, hearing, or

pre-trial proceeding, the designating party may move to exclude from the room any person, other

than persons designated in paragraphs 7 and 8, as appropriate, for that portion of the deposition,

hearing or pre-trial proceeding.

11.      Each party reserves the right to dispute the confidential status claimed by any

other party or subpoenaed party in accordance with this SPO.  If a party believes that any

documents or materials have been inappropriately designated by another party or subpoenaed

party, that party shall confer with counsel for the designating party.  As part of that conferral, the

designating party must assess whether redaction is a viable alternative to complete

non-disclosure.  If the parties are unable to resolve the matter informally, as discussed at the Rule

16 Conference, the parties will send an email to the Court's Courtroom Deputy with one-page

letter per party attached that details each party's position.  The Court will then determine if a

motion is needed.  Regardless of which party disputes the confidential nature of certain

information, the party seeking to protect a document from disclosure bears the burden of

establishing good cause or compelling reasons, see Footnote 1, *supra*, for why the document

should not be disclosed.  A party who disagrees with another party's designation must

nevertheless abide by that designation until the matter is resolved by agreement of the parties or by the Court, either informally or with an order.

12.    The inadvertent failure to designate a document, testimony, or other material as "Confidential" or "Attorneys' Eyes Only" prior to disclosure shall not operate as a waiver of the party's right to later designate the document, testimony, or other material as "Confidential" or "Attorneys' Eyes Only."  The receiving party or its counsel shall not disclose such documents or materials if that party or counsel knows or reasonably should know that a claim of confidentiality would be made by the producing party.  Promptly after receiving notice from the producing party of a claim of confidentiality, the receiving party or its counsel shall inform the producing party of all pertinent facts relating to the prior disclosure of the newly-designated documents or materials, and shall make reasonable efforts to retrieve such documents and materials and to prevent further disclosure.

13.    Designation by either party of information or documents as "Confidential" or "Attorneys' Eyes Only," or failure to so designate, will not constitute an admission that information or documents are or are not confidential or trade secrets.  Neither party may introduce into evidence in any proceeding between the parties, other than a motion to determine whether the SPO covers the information or documents in dispute, the fact that the other party designated or failed to designate information or documents as "Confidential" or "Attorneys' Eyes Only."

14.    Upon the request of the producing party or third party, within 30 days after the entry of a final judgment no longer subject to appeal on the merits of this case, or the execution of any agreement between the parties to resolve amicably and settle this case, the parties and any

Page 6 – STIPULATED PROTECTIVE ORDER

person authorized by this SPO to receive confidential information shall return to the producing

party or third party, or destroy, all information and documents subject to this SPO.  Returned

materials shall be delivered in sealed envelopes marked "Confidential" to respective counsel.

The party requesting the return of materials shall pay the reasonable costs of responding to its

request.  Notwithstanding the foregoing, counsel for a party may retain archival copies of

confidential documents.

       15.     This SPO shall not constitute a waiver of any party's or non-party's right to

oppose any discovery request or object to the admissibility of any document, testimony or other

information.

       16.     Nothing in this SPO shall prejudice any party from seeking amendments to

expand or restrict the rights of access to and use of confidential information, or other

modifications, subject to order by the Court.

       17.     The restrictions on disclosure and use of confidential information shall survive the

conclusion of this action and this Court shall retain jurisdiction of this action after its conclusion

for the purpose of enforcing the terms of this SPO.

So stipulated:


/s/ *Cary D. Sullivan*
Cary D. Sullivan
JONES DAY
3161 Michelson Drive, Suite 800
Irvine, California, 92612

Brian R. Talcott
Dunn Carney LLP
851 SW Sixth Avenue, Suite 1500
Portland, Oregon, 97204

*Attorneys for Plaintiff ESHA Research LLC*

/s/ *Matthew S. Warren*
P. Andrew McStay, Jr., OSB No. 033997
DAVIS WRIGHT TREMAINE LLP
1300 SW Fifth Avenue, Suite 2400
Portland, Oregon, 97201
+1 (503) 778-5302
+1 (503) 778-5299 facsimile
andymcstay@dwt.com

Matthew S. Warren (*pro hac vice*)
Erika H. Warren (*pro hac vice*)
WARREN KASH WARREN LLP

Page 7 – STIPULATED PROTECTIVE ORDER

2261 Market Street, No. 606
San Francisco, California, 94114
+1 (415) 895-2940
+1 (415) 895-2964 facsimile
25-880@cases.warrenlex.com

*Attorneys for Defendant RLH Assets, LLC
d/b/a Foodwit*

The Court has reviewed the reasons offered in support of entry of this Stipulated Protective Order and accepts the parties' stipulation of good cause for purposes of entering this Stipulated Protective Order.  Any disputes about the confidentiality of certain information will be resolved by the Court in the manner prescribed in this document.[2]

IT IS SO ORDERED.

Dated: 09/08/2025

*Amy M. Baggio*

Amy M. Baggio
U.S. District Court Judge

---

[2] "While courts generally make a finding of good cause before issuing a protective order, a court need not do so where (as here) the parties stipulate to such an order." *In re Roman Cath. Archbishop of Portland in Oregon*, 661 F.3d 417, 424 (9th Cir. 2011).  When a party seeks to disclose documents protected by a stipulated protective order, the party opposing disclosure retains the burden of proof to show why "there is good cause to continue the protection of the discovery material." *Id.*

## **EXHIBIT A**

I, _____, have been advised by counsel of record for

_____ in *ESHA Research, LLC v. RLH Assets, LLC*, No. 25-880-AB

(D. Or.) of the protective order governing the delivery, publication, and disclosure of confidential

documents and information produced in this litigation.  I have read a copy of the protective order

and agree to abide by its terms.

_____
Signed

_____
Printed

_____
Name Date