Brian R. Talcott, OSB No. 965371
DUNN CARNEY LLP
851 SW Sixth Avenue, Suite 1500
Portland, OR 97204
Telephone: (503) 224-6440
Facsimile: (503) 224-7324
E-mail: btalcott@dunncarney.com

Cary D. Sullivan (admitted *pro hac vice*)
JONES DAY
3161 Michelson Drive, Suite 800
Irvine, CA 92612
Telephone: (949) 851-3939
Facsimile: (949) 553-7539
E-mail: carysullivan@jonesday.com

*Attorneys for Plaintiff Trustwell*

## UNITED STATES DISTRICT COURT

## DISTRICT OF OREGON – PORTLAND DIVISION

| | |
|---|---|
| ESHA RESEARCH, LLC, now known as Trustwell,<br><br>          Plaintiff,<br><br>v.<br><br>RLH ASSETS, LLC, doing business as FOODWIT, an Oregon limited liability company,<br><br>          Defendant. | Case No. 3:25-cv-00880-AB<br><br>**SECOND AMENDED COMPLAINT FOR INJUNCTIVE RELIEF AND DAMAGES** |

**2ND AMD COMPLAINT FOR
INJUNCTIVE RELIEF AND DAMAGES**

DUNN CARNEY ALLEN HIGGINS & TONGUE
LLP
Attorneys at Law
851 SW Sixth Ave., Suite 1500
Portland, Oregon 97204-1357
503.224.6440 / Fax: 503.224.7324

1

1.       Plaintiff ESHA Research, LLC, now known as Trustwell ("Trustwell"), hereby submits its second amended complaint against Defendant RLH Assets, LLC, doing business as Foodwit ("Foodwit," and collectively with Trustwell, the "Parties"), for injunctive relief and monetary damages as well as such other relief as specified herein, as follows:

## <u>INTRODUCTION</u>

2.       This case is about the calculated theft of Trustwell's crown jewels—the gold-standard software system called Genesis Foods, which, among other things, automates processes for food and supplement formulation, labeling calculations, and regulatory compliance—that, on information and belief, Foodwit accessed, used, and disclosed, in violation of its limited-use license agreement, to build and launch a competing product called Workbench.  Foodwit recently announced the creation and launch of Workbench, which it touts as a "world-class compliance solution" that "features integrated compliance checks and workflows to validate compliance, formulation, claim and labeling data."

3.       Trustwell, a leading SaaS provider to the food and supplements industries, first introduced its Genesis Foods software system to customers in 1991, enabling companies to formulate foods virtually, create government-compliant nutrition panels and labels, and analyze the nutritional content of recipes, among a host of other functions.  Trustwell has continually updated and improved its Genesis Foods system over the years.  In 2024, Trustwell launched the next generation of the system, providing a state-of-the-art, all-in-one platform for nutrition analysis, food and supplement formulation, recipe development, labeling, and regulatory compliance, including U.S., Mexico, Canada, Australia, New Zealand, and European Union food labeling requirements and guidelines.  The new platform features a streamlined user interface offering fast and intuitive product formulation and data entry while assisting users with regulatory

**2ND AMD COMPLAINT FOR INJUNCTIVE RELIEF AND DAMAGES**

**DUNN CARNEY ALLEN HIGGINS & TONGUE LLP**
Attorneys at Law
851 SW Sixth Ave., Suite 1500
Portland, Oregon 97204-1357
503.224.6440 / Fax: 503.224.7324

2

compliance through built-in, automated data checks and alerts. It also automates the process of labeling calculations, making it easy for companies to create new product formulations within minutes and make real-time changes to existing recipes.

4.     Genesis Foods is backed by Trustwell's industry-leading food and ingredient database, which is embedded in the platform and includes, among other things, comprehensive nutritional breakdowns for up to 172 separate data fields, including proximates, vitamins, minerals, amino acids, and other nutrient components, for more than 90,000 brand name and generic foods and ingredients. The database includes a substantial volume of confidential and proprietary ingredient components and related data and other features that are not publicly available. This proprietary, confidential, and trade secret software system and embedded database, developed through decades of investment in research and development, is widely recognized as the gold-standard for food and nutrition research and development and regulatory compliance.

5.     In August 2017, Foodwit approached Trustwell to request a license to access and use the Genesis Foods system solely for its own internal business use. Trustwell entered into a limited-use license agreement with Foodwit (the "License Agreement"), which the Parties renewed annually. The License Agreement expressly prohibits Foodwit from, among other things, commercializing Trustwell's Trade Secrets (as defined below) or otherwise leveraging them to build and launch competing products. Nevertheless, on information and belief, Foodwit accessed, used, and disclosed Trustwell's Trade Secret to build and launch Workbench, in violation of the terms, conditions, and protections of the License Agreement.

6.     Trustwell learned of Foodwit's scheme in mid-2024. Trustwell promptly sent Foodwit a cease-and-desist letter, demanding, among other things, that Foodwit immediately

**2ND AMD COMPLAINT FOR INJUNCTIVE RELIEF AND DAMAGES**

**DUNN CARNEY ALLEN HIGGINS & TONGUE LLP**
Attorneys at Law
851 SW Sixth Ave., Suite 1500
Portland, Oregon 97204-1357
503.224.6440 / Fax: 503.224.7324

3

"[t]erminate all use by Foodwit of Trustwell's nutritional data and related information and software, including its database, to develop, launch, or support any products that compete, directly or indirectly, with Trustwell;" and to "[p]rovide a complete accounting of all marketing and sales conducted by Foodwit utilizing or relying on Trustwell's nutritional data and related information and software, including its database."

7.      Foodwit responded by dismissing the cease-and-desist letter as nothing more than a "bullying tactic" and baldly denying any misconduct.  However, despite multiple attempts by Trustwell over several months to resolve this dispute informally, Foodwit repeatedly refused to provide any substantiation of its denials.  To date, Foodwit has refused to comply with Trustwell's demands.  This action follows.

## PARTIES

8.      ESHA Research, LLC was founded in Oregon in 1981.  After merging with another business in 2022, the company rebranded as Trustwell.  Plaintiff Trustwell is a privately held limited liability company based in, and with its principal place of business located in, Beaverton, Oregon.

9.      On information and belief, Defendant Foodwit is a privately held limited liability company based in, and with its principal place of business located in, Salem, Oregon.

## JURISDICTION AND VENUE

10.      This Court has original jurisdiction over Trustwell's claims pursuant to 28 U.S.C. §§ 1331 and 1367(a).  Alternatively, this Court has supplemental jurisdiction over the related state-law claims pursuant to 28 U.S.C. § 1367(a) because those claims form part of the same case or controversy and derive from a common nucleus of operative facts as Trustwell's federal claims.

**2ND AMD COMPLAINT FOR INJUNCTIVE RELIEF AND DAMAGES**

DUNN CARNEY ALLEN HIGGINS & TONGUE LLP
Attorneys at Law
851 SW Sixth Ave., Suite 1500
Portland, Oregon 97204-1357
503.224.6440 / Fax: 503.224.7324

4

11.     Foodwit, through its founder and majority owner, Becki Holmes, applied for and agreed to the limited-use License Agreement for Genesis Foods in 2017. Ms. Holmes executed the License Agreement on Foodwit's behalf and confirmed to Trustwell that she had done so. Ms. Holmes also downloaded and saved a copy of the License Agreement. Foodwit's License Agreement provides for venue and jurisdiction in Oregon. Specifically, and as Ms. Holmes expressly confirmed, section 21 of Foodwit's License Agreement (Jurisdiction, Venue) provides as follows:

> The parties agree that any suit, action or arbitration proceeding arising out of or relating to this [License] Agreement shall be brought in Multnomah County, Oregon, and the parties expressly consent to the personal jurisdiction over them of any state or federal court in Multnomah County, Oregon.

12.     Venue is also proper in this judicial district pursuant to 28 U.S.C. § 1391(b) & (c).

## FACTS

13.     In 2017, Foodwit, a start-up company at the time, first approached Trustwell to request a license to access and use its Genesis Foods software system. Based on Foodwit's representation that it would use Genesis Foods solely for its own internal business use, Trustwell entered into the limited-use License Agreement with Foodwit. The Parties renewed the License Agreement annually for several years. The Parties most recently renewed the License Agreement as of August 30, 2023, and it expired on August 29, 2024. Foodwit paid annual licensing fees to Trustwell from 2017 through 2024. During that period, Foodwit described itself as a "super user" of Genesis Foods, accessing and using it on a daily basis. In other words, Foodwit's business was dependent on Genesis Foods. As a startup, Foodwit lacked sufficient resources to develop a similar system on its own, particularly given the substantial investment and decades of research and development required to develop legitimately such a complex system from scratch. As a

**2ND AMD COMPLAINT FOR INJUNCTIVE RELIEF AND DAMAGES**

DUNN CARNEY ALLEN HIGGINS & TONGUE LLP
Attorneys at Law
851 SW Sixth Ave., Suite 1500
Portland, Oregon 97204-1357
503.224.6440 / Fax: 503.224.7324

5

result, Foodwit licensed Genesis Foods from 2017 until 2024.  By the time Foodwit's license

expired in August 2024, it no longer needed Genesis Foods because it appears to have unlawfully

copied the system.

14.     Section 3 (Limitations on License) of the License Agreement provides, in

pertinent part, as follows:

> Licensee may use the Licensed Software solely for its internal
> business use .…  Licensee is *not* licensed to do any of the following:
> (a) copy, sublicense, rent, lease, lend or otherwise transfer, disclose
> or publish the Licensed Software (or any portions thereof), or in any
> manner transfer or assign Licensee's rights under this [License]
> Agreement, without the prior written consent of [Trustwell]; (b) use
> the Licensed Software for any purpose other than the purposes
> specifically licensed herein; (c) use the Licensed Software for the
> benefit of third parties or as part of its own commercially licensed
> products or services; (d) remove or obscure the [Trustwell]
> copyright or trademark notices appearing on or with the Licensed
> Software; (e) compile the Software from one form to another or
> attempt to modify, convert, reverse engineer, reverse compile,
> change or reverse assemble it; [and] (f) compile, extract, strip, mine,
> harvest or otherwise collect, directly or indirectly, the data from the
> nutritional database embedded within the Licensed Software.

15.     Section 6 (Ownership, Copyrights) of the License Agreement provides, in

pertinent part, as follows:

> [Trustwell] is the sole owner of the Licensed Software, including the
> embedded nutritional database and all customized and derivative
> works based upon them, and including all copies thereof and all
> copyrights and other intellectual property rights embodied therein.

16.     Section 8 (Licensee's Obligations to Protect the Licensed Software) of the License

Agreement provides as follows:

> As a continuing condition of the licenses granted herein, Licensee
> covenants to use the Licensed Software only for the purposes set
> forth in this [License] Agreement and for no other purpose, and shall
> use commercially reasonable efforts to protect the Licensed
> Software from unauthorized use, reproduction, publication, or
> distribution.

**2ND AMD COMPLAINT FOR
INJUNCTIVE RELIEF AND DAMAGES**

**DUNN CARNEY ALLEN HIGGINS & TONGUE
LLP**
Attorneys at Law
851 SW Sixth Ave., Suite 1500
Portland, Oregon 97204-1357
503.224.6440 / Fax: 503.224.7324

6

17.    Section 12 (Confidential Information) of the License Agreement provides, in

pertinent part, as follows:

> The Licensed Software (including the nutritional database embedded therein) and all other information [Trustwell] discloses to Licensee in connection with them, shall be considered [Trustwell's] Confidential Information, which [Trustwell] discloses only subject to a license agreement. Licensee agrees that it and its employees, agents and representatives shall: (i) keep [Trustwell's] Confidential Information strictly confidential, and shall not disclose such information to any other person or entity without the express written consent of [Trustwell]; (ii) limit internal disclosure of the Confidential Information solely to its employees, agents and representatives who must be apprised of the Confidential Information to advance the purposes of this [License] Agreement, and only to the extent that they must be apprised for those purposes; (iii) contractually bind all such persons to honor the confidentiality and use restrictions imposed upon the Licensee; (iv) use the Confidential Information solely for the purpose of using the Licensed Software as licensed by [Trustwell] in this [License] Agreement; and (v) upon demand, immediately surrender to [Trustwell] the Confidential Information and all notes, records, documentation, models, software, databases and other items or materials containing such Confidential Information.

18.    Section 17 (Remedies) of the License Agreement provides, in pertinent part, as

follows:

> The parties agree that in the event of a breach of any of the covenants pertaining to [Trustwell's] intellectual property rights or Confidential Information, such a breach will result in irreparable and continuing damage in an amount which is not readily ascertainable and for which there will be no adequate remedy at law. In the event of any breach of such covenants, [Trustwell] shall be entitled to injunctive relief and such other and further relief, including damages, as may be provided by law.

19.    As mentioned above, Trustwell first introduced its Genesis Foods software system

to customers in 1991, enabling companies to formulate foods virtually, create government-

compliant nutrition panels and labels, and analyze the nutritional content of recipes, among a host

of related functions. Through decades of investment in research and development, Trustwell has

continually updated and improved the system. In 2024, Trustwell launched the next generation of

Genesis Foods, providing a state-of-the-art, all-in-one platform for nutrition analysis, food and

**2ND AMD COMPLAINT FOR
INJUNCTIVE RELIEF AND DAMAGES**

DUNN CARNEY ALLEN HIGGINS & TONGUE
LLP
Attorneys at Law
851 SW Sixth Ave., Suite 1500
Portland, Oregon 97204-1357
503.224.6440 / Fax: 503.224.7324

7

supplement formulation, recipe development, labeling, and regulatory compliance, including U.S., Mexico, Canada, Australia, New Zealand, and European Union food labeling requirements and guidelines. While concept work for the new platform began several years before, coding work began in earnest in 2021. In 2023, Foodwit received a confidential presentation regarding planned upgrades to the platform, including the new user interface. The new platform features a streamlined user interface offering fast and intuitive product formulation and data entry while assisting users with regulatory compliance through built-in, automated data checks and alerts, and is supported by Trustwell's industry-leading and proprietary food and ingredient database. The platform also automates the process of labeling calculations, making it easy for companies to create new product formulations within minutes and make real-time updates to existing recipes.

20.    Trustwell is asserting two types of trade secrets in this action: 1) its Genesis Foods software system; and 2) the master food and nutrition database that is embedded in the Genesis Foods system. As mentioned above, the master food and nutrition database includes, among other things, comprehensive and continuously updated nutritional breakdowns for up to 172 separate data fields, including proximates, vitamins, minerals, amino acids, and other nutrient components, for more than 90,000 brand name and generic foods and ingredients. The database includes a substantial volume of confidential and proprietary ingredient components and related data and other features that are not publicly available, as well as a particular selection of data from vetted and reliable external sources like governmental agencies. The database constitutes a compilation trade secret. In fact, this Court previously held that Trustwell "carried its burden to identify [this database] compilation trade secret[]." *ESHA Research, Inc. v. Cronometer Software, Inc*., No. 24-cv-1586-AB, Dkt. No. 39 (D. Or. May 8, 2025).

**2ND AMD COMPLAINT FOR INJUNCTIVE RELIEF AND DAMAGES**

**DUNN CARNEY ALLEN HIGGINS & TONGUE LLP**
Attorneys at Law
851 SW Sixth Ave., Suite 1500
Portland, Oregon 97204-1357
503.224.6440 / Fax: 503.224.7324

8

21.    The Genesis Foods system is a cutting-edge software platform that includes numerous unique and proprietary features, functionalities, formulas, designs, and configurations, including the following types of trade secrets:

    a.    Proprietary configuration options, including the ability to define unique and proprietary nutrient, ingredient, and recipe categories and attributes.

    b.    Proprietary and prebuilt sets of nutrients.

    c.    The ability to generate additional ingredients using proprietary categories and attributes.

    d.    The ability to generate recipes using proprietary categories and attributes.

    e.    Automatic calculation of and alerts for nutrients and ingredients using proprietary formulas and configurations.

    f.    The ability to create nutritional labels using proprietary formulas and configurations, including to comply with various governmental regulations and requirements.

    g.    The ability to analyze and generate reports regarding nutrients, ingredients, and recipes using proprietary formulas, configurations, categories, and attributes.

    h.    The ability to import and export database files using a proprietary design and configuration.

22.    Because this complaint is a public document, the features, functionalities, formulas, designs, and configurations above are described in a way to provide reasonable notice of the nature and boundaries of the trade secrets at issue without disclosing actual trade secret information (and thereby waiving trade secret protection). As this District has repeatedly

**2ND AMD COMPLAINT FOR INJUNCTIVE RELIEF AND DAMAGES**

**DUNN CARNEY ALLEN HIGGINS & TONGUE LLP**
Attorneys at Law
851 SW Sixth Ave., Suite 1500
Portland, Oregon 97204-1357
503.224.6440 / Fax: 503.224.7324

9

recognized, at the pleading stage, a trade secret plaintiff need only provide "a description of the trade secrets at issue that is sufficient to (a) put a defendant on notice of the nature of the plaintiff's claims and (b) enable the defendant to determine the relevancy of any requested discovery concerning its trade secrets." *Sennco Sols., Inc. v. Mobile Techs., Inc*., No. 20-cv-1426-JR, 2020 WL 8836070, at *2 (D. Or. Dec. 21, 2020) (citations and quotations omitted); *see also Sennco Sols., Inc. v. Mobile Techs., Inc*., No. 20-cv-1426-JR, 2021 WL 463436, at *2 (D. Or. Feb. 9, 2021) ("A plaintiff need not spell out the details of the trade secret to survive a motion to dismiss….") (citations and quotations omitted). "It is enough for a plaintiff to limit[] the categories of the information allegedly misappropriated by [a defendant] to particular subjects. Further, if a plaintiff identified greater detail about when, how, and to whom a trade secret was shared, those types of allegations both remove the alleged trade secret from the realm of general knowledge in the trade and permit [defendant] to ascertain at least the boundaries within which the secret lies." *Valmarc Corp. v. Nike, Inc.*, No. 21-cv-1556-IM, 2022 WL 2315071, at *3 (D. Or. June 28, 2022) (citations and quotations omitted).

23.     Separately and in addition, Trustwell provided to Foodwit, under the protective order in this action, a highly confidential, 19-page, particularized identification of each trade secret at issue—information that cannot be disclosed (or pled) publicly.  The Genesis Foods and master food and nutrition database trade secrets described herein are referred to collectively as the "Trade Secrets."

24.     Trustwell derives independent economic value from the fact that its Trade Secrets are not generally known or readily ascertainable through proper means.  Indeed, Genesis Foods is widely recognized as the gold-standard system for nutrition analysis, food and supplement formulation, recipe development, labeling, and regulatory compliance.  By licensing access to

**2ND AMD COMPLAINT FOR INJUNCTIVE RELIEF AND DAMAGES**

DUNN CARNEY ALLEN HIGGINS & TONGUE LLP
Attorneys at Law
851 SW Sixth Ave., Suite 1500
Portland, Oregon 97204-1357
503.224.6440 / Fax: 503.224.7324

10

and use of its Trade Secrets, including Genesis Foods, subject to strict terms, conditions, and protections, Trustwell generates revenue and income through licensing fees. Foodwit, for example, paid Trustwell licensing fees each year from 2017 through 2024 for its Genesis Foods license. Such licensing represents a substantial portion of Trustwell's business.

25.     Trustwell takes reasonable steps to protect the secrecy of its Trade Secrets. For example, Trustwell provides its customers access to such information solely pursuant to agreements that contain confidentiality provisions and other protections substantially similar to those contained in Foodwit's License Agreement. Moreover, Trustwell uses electronic, physical, and other security measures to maintain the secrecy of such information maintained in its secure facilities, such as password protections, firewalls, and other technical mechanisms. Trustwell also executes confidentiality agreements with employees, and tracks and limits employee access to such information, providing it only to the extent necessary to perform their job functions. Trustwell also regularly instructs and repeatedly reminds its employees of the highly sensitive and confidential nature of its Trade Secrets, which must be protected at all times from disclosure to third parties.

26.     Over a period of several months in 2022 and 2023, Foodwit engaged in discussions with Trustwell's parent company regarding a potential investment in or acquisition of Foodwit by Trustwell's parent company. Over the course of those discussions, Foodwit's founder and majority owner, Becki Holmes, revealed that Foodwit was a "super user" of Genesis Foods, utilizing it on a daily basis. In fact, Foodwit relied so heavily on Genesis Foods that one of the required qualifications for certain positions at Foodwit was listed as "[p]roficiency in [Trustwell's] Genesis nutrient analysis software." Foodwit's business was dependent on Genesis Foods. Ms. Holmes mentioned that she did not believe there were viable competitors to Genesis

**2ND AMD COMPLAINT FOR
INJUNCTIVE RELIEF AND DAMAGES**

DUNN CARNEY ALLEN HIGGINS & TONGUE
LLP
Attorneys at Law
851 SW Sixth Ave., Suite 1500
Portland, Oregon 97204-1357
503.224.6440 / Fax: 503.224.7324

11

Foods in the market because of its unique and powerful regulatory compliance tools. She added that, because of her extensive experience with Genesis Foods, she had unique insight into what "is working / not working" with the platform. She claimed, however, that Foodwit had a greater industry reach than Trustwell, suggesting that if Foodwit replicated the Genesis Foods system, it would become a more commercially successful product because of Foodwit's purportedly greater industry reach. Trustwell's parent company did not invest in or acquire Foodwit. On information and belief, this rejection prompted Ms. Holmes and Foodwit to copy Genesis Foods and pass it off as its own creation.

27.    In 2024, Trustwell launched the next generation of Genesis Foods. Pursuant to the terms, conditions, and protections of the limited-use License Agreement, Foodwit accessed and used the new Genesis Foods system. However, in direct violation of those terms, conditions, and protections, Foodwit appears to have accessed, used, and disclosed the new Genesis Foods system to design and build Workbench, and exported a substantial volume of proprietary data from Genesis Foods for that purpose. In fact, Ms. Holmes made sure to confirm before renewing the License Agreement for the final time that "API / Import / Export functionality [would be] included." Pursuant to the License Agreement, Foodwit was permitted to export data from Genesis Foods solely for Foodwit's own internal business use; Foodwit was expressly prohibited from doing so for purposes of commercializing or otherwise leveraging the data in connection with competing products. Unfortunately, that appears to be exactly what Foodwit did. Foodwit subsequently announced the launch of Workbench, which Foodwit describes as a "world-class

**2ND AMD COMPLAINT FOR INJUNCTIVE RELIEF AND DAMAGES**

**DUNN CARNEY ALLEN HIGGINS & TONGUE LLP**
Attorneys at Law
851 SW Sixth Ave., Suite 1500
Portland, Oregon 97204-1357
503.224.6440 / Fax: 503.224.7324

12

compliance solution" that "features integrated compliance checks and workflows to validate

compliance, formulation, claim and labeling data."

28.     As noted above, Ms. Holmes told Trustwell's parent company in 2022 and 2023

that Foodwit was a "super user" of Genesis Foods and thus dependent on the system, and that

Foodwit did not believe there were viable competitors to Genesis Foods in the market at that

time.  Yet just one year later, Foodwit suddenly announced the launch of Workbench.  Trustwell

first introduced Genesis Foods in 1991 and has been continually updating and improving the

system ever since.  In other words, Genesis Foods represents more than three decades of

substantial and continuous investment in research and development.  Yet Foodwit contends it was

able to build a competing system from scratch in just one year.  The only way Foodwit, a startup

without substantial resources, reasonably could have built Workbench from scratch in one year

was by misappropriating Trustwell's Trade Secrets.  That explains not only the impossibly quick

development period (because Foodwit thereby avoided decades of research and development) but

also the prohibitive financial outlay required for such development (because Workbench appears

to be nothing more than Genesis Foods with a new name).

29.     Foodwit publicly markets and advertises Workbench on its website and elsewhere,

including through the following representations:

> a.  "What makes Foodwit Workbench different isn't just the tech, it's who
>
> built it.  We're not a generic SaaS company.  We're food scientists,
>
> regulatory consultants, and engineers who saw a broken system and chose
>
> to rebuild it from the ground up."
>
> b.  "[Workbench] isn't just a software launch.  It's a shift.  We built the food
>
> compliance platform we wish existed years ago."

**2ND AMD COMPLAINT FOR
INJUNCTIVE RELIEF AND DAMAGES**

DUNN CARNEY ALLEN HIGGINS & TONGUE
LLP
Attorneys at Law
851 SW Sixth Ave., Suite 1500
Portland, Oregon 97204-1357
503.224.6440 / Fax: 503.224.7324

13

c. "Meet Foodwit Workbench … We built the compliance software we wish we had."

30.    Each of these representations is false and misleading.  Each of these representations is also a statement of fact—*i.e., that Foodwit "built" Workbench*—and thus can objectively be proven wrong.  Again, Workbench appears to be nothing more than a copy of Genesis Foods.  In other words, through these statements, Foodwit is falsely and deceptively representing that it "built" Workbench through its own legitimate research and development and honest hard work, when in fact Foodwit appears to have done nothing more than copy Genesis Foods and rename it Workbench.

31.    Of course, Foodwit's access to and use of Genesis Foods and each of its proprietary and trade secret features, functionalities, formulas, designs, and configurations was authorized solely pursuant to the terms, conditions, and protections of Foodwit's limited-use License Agreement.  Because Foodwit appears to have simply copied those features, functionalities, formulas, designs, and configurations into Workbench, Foodwit thereby breached its License Agreement and engaged in trade secret misappropriation and other unlawful conduct as described herein.

32.    Foodwit omits from its marketing and advertising that Workbench is nothing more than the result of common theft, claiming instead that Foodwit honestly and legitimately "built" Workbench from scratch.  Foodwit further omits that, by misappropriating Trustwell's Trade Secrets to build Workbench, Foodwit avoided decades of investment in research and development and thereby gained access to valuable technology and trade secrets by cheating and without commensurate investment.  On information and belief, Foodwit knew it could not afford the substantial investment—in time or money—necessary to develop legitimately a software system

**2ND AMD COMPLAINT FOR INJUNCTIVE RELIEF AND DAMAGES**

DUNN CARNEY ALLEN HIGGINS & TONGUE LLP
Attorneys at Law
851 SW Sixth Ave., Suite 1500
Portland, Oregon 97204-1357
503.224.6440 / Fax: 503.224.7324

14

that could compete with Genesis Foods, so it resorted to copying Genesis Foods to quickly and cheaply create a competitive product. In so doing, Foodwit also relieved itself of its heavy dependence on Genesis Foods. It no longer had to license Genesis Foods because it duplicated the system.

33.    Foodwit has refused Trustwell's numerous requests to inspect the Workbench platform. As a result, Trustwell has not been able to review the entirety of the Workbench platform to date. However, the portions that Trustwell has been able to review appear to be copies of Genesis Foods. Therefore, it is Trustwell's informed belief that the entirety of the Workbench platform is a copy of Genesis Foods. In fact, Foodwit proudly advertises the fact that Workbench includes Genesis Foods' proprietary and trade secret features, functionalities, formulas, designs, and configurations, including the ability to define and generate ingredients and recipes using proprietary categories and attributes, automatic calculation of and alerts for nutrients and ingredients using proprietary formulas and configurations, the ability to create nutritional labels using proprietary formulas and configurations, including to comply with various governmental regulations and requirements, and the ability to analyze and generate reports regarding nutrients, ingredients, and recipes using proprietary formulas, configurations, categories, and attributes. It is no coincidence that these are some of the hallmark features and functionalities of Genesis Foods.

34.    At no point did Trustwell ever authorize Foodwit to access, use, or disclose its Trade Secrets in any way beyond the terms, conditions, and protections of the limited-use License Agreement. Trustwell has never and would never knowingly allow a company to use its Trade Secrets to build competitive and valuable product lines with virtually no investment. On information and belief, Foodwit failed even to provide proper attribution, as required by section 7

**2ND AMD COMPLAINT FOR INJUNCTIVE RELIEF AND DAMAGES**

DUNN CARNEY ALLEN HIGGINS & TONGUE LLP
Attorneys at Law
851 SW Sixth Ave., Suite 1500
Portland, Oregon 97204-1357
503.224.6440 / Fax: 503.224.7324

15

of the License Agreement.  In other words, through the above misrepresentations and omissions, as well as numerous others on its website and elsewhere, Foodwit falsely and deceptively marketed, and continues to falsely and deceptively market, Trustwell's crown-jewel Trade Secrets as Foodwit's own creation, the result of Foodwit's own honest, hard work.

35.     In response to Trustwell's cease-and-desist letter, which Foodwit promptly dismissed as nothing more than a "bullying tactic," Foodwit baldly denied any misconduct. Trustwell's CEO immediately reached out to Ms. Holmes directly, in an attempt to resolve this dispute informally.  Ms. Holmes rebuffed the attempt, responding that "it would be best for the attorneys to handle any additional communication."

36.     Trustwell subsequently demanded, pursuant to section 12 of the License Agreement, "that Foodwit immediately surrender to Trustwell all notes, records, documentation, models, software, databases, and other items or materials referencing, containing, or based on Trustwell's confidential, proprietary, and trade secret information…."  Foodwit ignored this demand and has never provided to Trustwell any of the materials that it was and remains contractually obligated to surrender.

37.     Trustwell nevertheless spent the next several months attempting to discuss with Foodwit ways in which it could substantiate its denials of wrongdoing, in a concerted effort to resolve this dispute short of litigation.  Trustwell proposed a trust-but-verify approach that required substantiation.  Unfortunately, Foodwit rejected each of Trustwell's proposals and ultimately refused to provide any substantiation whatsoever.  Foodwit insisted that Trustwell trust but *not* verify.  Given the demonstrable identity between the two systems, however, as well as Foodwit's export history and comments about duplicating Genesis Foods, and the practical impossibility of developing Workbench legitimately in the asserted timeframe, Trustwell was

**2ND AMD COMPLAINT FOR INJUNCTIVE RELIEF AND DAMAGES**

**DUNN CARNEY ALLEN HIGGINS & TONGUE LLP**
Attorneys at Law
851 SW Sixth Ave., Suite 1500
Portland, Oregon 97204-1357
503.224.6440 / Fax: 503.224.7324

16

unwilling to blindly trust Foodwit's unsupported denials. Even during the pendency of this action, and as recently as May 2025, Trustwell has continued to propose ways in which Foodwit could substantiate its denials, in an effort to resolve this dispute informally. To date, Foodwit has rejected each of Trustwell's proposals.

38.     Foodwit's limited-use License Agreement expired on August 29, 2024. Of course, Foodwit had no further need for Genesis Foods given that it appears to have copied the system. On information and belief, Foodwit's repeated but slow-rolled rejections of Trustwell's proposals to substantiate Foodwit's denials of misconduct were meant to delay and obstruct this lawsuit and minimize publicly available information about Workbench so as not to reveal even more of the Trade Secrets that Foodwit copied into Workbench, as well as the identity between the two systems, demonstrating the malicious and oppressive nature of Foodwit's continuing misconduct.

39.     When Foodwit repeatedly refused to comply with Trustwell's demands, Trustwell's only available recourse, and only available means to protect its Trade Secrets, was to file suit.

## CLAIMS FOR RELIEF

## FIRST CLAIM FOR RELIEF

## BREACH OF CONTRACT

40.     Trustwell hereby incorporates by reference paragraphs 1 through 39, inclusive, as if set forth fully herein.

41.     As set forth above, Foodwit entered into the limited-use License Agreement with Trustwell in August 2017, renewing it annually until it expired in August 2024. Trustwell provided Foodwit access to and use of Genesis Foods and the embedded database solely pursuant to the terms, conditions, and protections of the License Agreement.

**2ND AMD COMPLAINT FOR INJUNCTIVE RELIEF AND DAMAGES**

DUNN CARNEY ALLEN HIGGINS & TONGUE LLP
Attorneys at Law
851 SW Sixth Ave., Suite 1500
Portland, Oregon 97204-1357
503.224.6440 / Fax: 503.224.7324

17

42.     By using Genesis Foods and related information as described above, and by refusing to comply with Trustwell's demands, Foodwit has breached and continues to breach at least sections 3, 6, 7, 8, and 12 of the License Agreement.

43.     As a direct and proximate result of Foodwit's breaches, Trustwell has suffered and will continue to suffer irreparable injury and substantial damage.  In fact, certain of Trustwell's customers now utilize Workbench, thereby diverting business away from Trustwell and to Foodwit.  Trustwell is also entitled to an award of attorneys' fees pursuant to section 22 of the License Agreement, which provides, in pertinent part, that "[i]f either party to this Agreement breaches any term of this Agreement, then the other party shall be entitled to recover all expenses of whatever form or nature, costs, and attorneys' fees reasonably incurred to enforce the terms of the Agreement, whether or not suit is filed."

## SECOND CLAIM FOR RELIEF

### MISAPPROPRIATION OF TRADE SECRETS UNDER THE DEFEND TRADE SECRETS ACT (18 U.S.C. § 1836, *et seq.*)

44.     Trustwell hereby incorporates by reference paragraphs 1 through 43, inclusive, as if set forth fully herein.

45.     Trustwell owns and possesses its Trade Secrets.  As set forth above, Trustwell granted Foodwit access to and use of the Trade Secrets solely pursuant to the terms, conditions, and protections of the limited-use License Agreement.

46.     As set forth above, Foodwit accessed and used, and continues to use and disclose, the Trade Secrets in violation of the terms, conditions, and protections of the limited-use License Agreement, including to build and launch Workbench.

**2ND AMD COMPLAINT FOR INJUNCTIVE RELIEF AND DAMAGES**

**DUNN CARNEY ALLEN HIGGINS & TONGUE LLP**
Attorneys at Law
851 SW Sixth Ave., Suite 1500
Portland, Oregon 97204-1357
503.224.6440 / Fax: 503.224.7324

18

47.     As set forth above, and on information and belief, Foodwit accessed and used, and continues to use and disclose, the Trade Secrets to market and sell Workbench to the same types of customers who presently utilize Genesis Foods, in an effort to divert such customers and business away from Trustwell and to Foodwit.  In fact, certain of Trustwell's customers now utilize Workbench, thereby diverting business from Trustwell to Foodwit.

48.     As set forth above, Trustwell takes reasonable steps to protect the secrecy of its Trade Secrets.

49.     As set forth above, Trustwell's Trade Secrets, developed through decades of investment in research and development, provide it with a competitive advantage, and Trustwell derives independent economic value from the fact that its Trade Secrets are not generally known or readily ascertainable through proper means.  Foodwit, for example, paid annual licensing fees to Trustwell from 2017 through 2024 for its Genesis Foods license.  Trustwell's Trade Secrets are of great value to Trustwell and would give any competitor an unfair advantage, as they have to Foodwit.

50.     As set forth above, Foodwit willfully misappropriated Trustwell's Trade Secrets, accessing, using, and disclosing them for its own competitive use and for its own financial benefit.

51.     On information and belief, and as set forth above, Foodwit, including through its founder and majority owner, Ms. Holmes, intentionally, knowingly, and willfully misappropriated Trustwell's Trade Secrets, and such misappropriation has been malicious, fraudulent, and oppressive.

52.     As set forth above, Foodwit never returned to Trustwell any of the materials that it remains contractually obligated to surrender.  In other words, Foodwit remains in possession of,

**2ND AMD COMPLAINT FOR INJUNCTIVE RELIEF AND DAMAGES**

**DUNN CARNEY ALLEN HIGGINS & TONGUE LLP**
Attorneys at Law
851 SW Sixth Ave., Suite 1500
Portland, Oregon 97204-1357
503.224.6440 / Fax: 503.224.7324

19

and continues to use and disclose, Trustwell's Trade Secrets; thus, if Foodwit's misconduct is not remedied, it will continue to misappropriate Trustwell's Trade Secrets for its own benefit and to Trustwell's substantial detriment.

53.    Because Trustwell's remedy at law is inadequate, Trustwell seeks, in addition to damages, preliminary and permanent injunctive relief to recover and protect its Trade Secrets and other legitimate business interests.  Moreover, as set forth above, Foodwit's intentional, willful, and malicious conduct indicates that injunctive or other equitable relief will be inadequate to prevent such future misconduct.  Therefore, Trustwell also seeks an order under 18 U.S.C. § 1836(b)(2) for the seizure of any and all of Trustwell's Trade Secrets and confidential or proprietary information in the possession, custody, or control of Foodwit.

54.    As a direct and proximate result of Foodwit's misconduct, Trustwell has suffered and will continue to suffer irreparable injury and substantial damage.  Trustwell is also entitled to an award of lost profits, restitution, exemplary damages, reasonable royalties, and attorneys' fees.

### THIRD CLAIM FOR RELIEF

### FALSE ADVERTISING AND FALSE DESIGNATION OF ORIGIN UNDER THE LANHAM ACT (15 U.S.C. § 1125(a))

55.    Trustwell hereby incorporates by reference paragraphs 1 through 54, inclusive, as if set forth fully herein.

56.    As set forth above, Foodwit misappropriated Trustwell's Genesis Foods system to build and launch its competing product, Workbench, to customers across the country.  In the process, and as set forth above, Foodwit has made and continues to make false and misleading statements, and deceptively failed to disclose material information, about the origin,

**2ND AMD COMPLAINT FOR INJUNCTIVE RELIEF AND DAMAGES**

**DUNN CARNEY ALLEN HIGGINS & TONGUE LLP**
Attorneys at Law
851 SW Sixth Ave., Suite 1500
Portland, Oregon 97204-1357
503.224.6440 / Fax: 503.224.7324

20

development, and purportedly unique and legitimate nature of Workbench, including its features and functionalities, which appear to be nothing more than a copy of Genesis Foods.

57.     As set forth above, the portions of Workbench that Trustwell has been able to review appear to be identical to Genesis Foods. As a result, Foodwit appears to have copied the entirety of Genesis Foods, which it was authorized to access and use solely pursuant to the terms, conditions, and protections of the limited-use License Agreement, and simply renamed it Workbench. As the U.S. Supreme Court made clear, copying the entirety of one product without authorization and selling it under a different name constitutes a clear violation of the Lanham Act. *Dastar Corp. v. Twentieth Century Fox Film Corp*., 539 U.S. 23, 31 (2003) (Lanham Act claim "would undoubtedly be sustained if Dastar had bought some of New Line's Crusade videotapes and merely repackaged them as its own.").

58.     On information and belief, and as set forth above, Foodwit's false and misleading representations and omissions had the tendency to confuse and deceive, and did confuse and deceive, consumers across the country (i.e., the intended audience), who would not seek to purchase or license Workbench if they knew the truth, and instead likely would do business (or continue to do business) with Trustwell. In fact, certain of Trustwell's customers now utilize Workbench, thereby diverting business from Trustwell to Foodwit.

59.     As set forth above, Foodwit's falsely-represented product, Workbench, is marketed and sold across the country and travels in, and has a substantial effect on, interstate commerce.

60.     As a direct and proximate result of Foodwit's misconduct, Trustwell has suffered and will continue to suffer irreparable injury and substantial damage. Trustwell is also entitled to an award of treble damages and attorneys' fees.

**2ND AMD COMPLAINT FOR INJUNCTIVE RELIEF AND DAMAGES**

**DUNN CARNEY ALLEN HIGGINS & TONGUE LLP**
Attorneys at Law
851 SW Sixth Ave., Suite 1500
Portland, Oregon 97204-1357
503.224.6440 / Fax: 503.224.7324

21

**FOURTH CLAIM FOR RELIEF**

**MISAPPROPRIATION OF TRADE SECRETS UNDER THE OREGON UNIFORM TRADE SECRETS ACT (OR. REV. STAT. § 646.461, *et seq*.)**

61.    Trustwell hereby incorporates by reference paragraphs 1 through 60, inclusive, as if set forth fully herein.

62.    As set forth above, Trustwell owns and possesses its Trade Secrets. Trustwell granted Foodwit access to and use of the Trade Secrets solely pursuant to the terms, conditions, and protections of the limited-use License Agreement.

63.    As set forth above, Foodwit accessed and used, and continues to use and disclose, the Trade Secrets in violation of the terms, conditions, and protections of the License Agreement, including to build and launch Workbench.

64.    As set forth above, and on information and belief, Foodwit accessed and used, and continues to use and disclose, the Trade Secrets to market and sell Workbench to the same types of customers who presently utilize Genesis Foods, in an effort to divert such customers and business away from Trustwell and to Foodwit. In fact, certain of Trustwell's customers now utilize Workbench, thereby diverting business from Trustwell to Foodwit.

65.    As set forth above, Trustwell takes reasonable steps to protect the secrecy of its Trade Secrets.

66.    As set forth above, Trustwell's Trade Secrets, developed through decades of investment in research and development, provide it with a competitive advantage, and Trustwell derives independent economic value from the fact that its Trade Secrets are not generally known or readily ascertainable through proper means. Foodwit, for example, paid annual licensing fees to Trustwell from 2017 through 2024 for its Genesis Foods license. Trustwell's Trade Secrets are

**2ND AMD COMPLAINT FOR INJUNCTIVE RELIEF AND DAMAGES**

DUNN CARNEY ALLEN HIGGINS & TONGUE LLP
Attorneys at Law
851 SW Sixth Ave., Suite 1500
Portland, Oregon 97204-1357
503.224.6440 / Fax: 503.224.7324

22

of great value to Trustwell and would give any competitor an unfair advantage, and they have to Foodwit.

67.     As set forth above, Foodwit willfully misappropriated Trustwell's Trade Secrets, accessing, using, and disclosing them for its own competitive use and for its own financial benefit.

68.     On information and belief, and as set forth above, Foodwit, including through its founder and majority owner, Ms. Holmes, intentionally, knowingly, and willfully misappropriated Trustwell's Trade Secrets, and such misappropriation has been malicious, fraudulent, and oppressive.

69.     As set forth above, Foodwit never returned to Trustwell any of the materials that it remains contractually obligated to surrender.  In other words, Foodwit remains in possession of, and continues to use and disclose, Trustwell's Trade Secrets; thus, if Foodwit's misconduct is not remedied, it will continue to misappropriate Trustwell's Trade Secrets for its own benefit and to Trustwell's substantial detriment.

70.     Because Trustwell's remedy at law is inadequate, Trustwell seeks, in addition to damages, preliminary and permanent injunctive relief to recover and protect its trade secrets and other legitimate business interests.  Moreover, as set forth above, Foodwit's intentional, willful, and malicious conduct indicates that injunctive or other equitable relief will be inadequate to prevent such future misconduct.  Therefore, Trustwell also seeks an order under Or. Rev. Stat. § 646.463(3) for the seizure of any and all of Trustwell's Trade Secrets in the possession, custody, or control of Foodwit.

**2ND AMD COMPLAINT FOR INJUNCTIVE RELIEF AND DAMAGES**

DUNN CARNEY ALLEN HIGGINS & TONGUE LLP
Attorneys at Law
851 SW Sixth Ave., Suite 1500
Portland, Oregon 97204-1357
503.224.6440 / Fax: 503.224.7324

71.     As a direct and proximate result of Foodwit's misconduct, Trustwell has suffered and will continue to suffer irreparable injury and substantial damage.  Trustwell is also entitled to an award of lost profits, restitution, exemplary damages, reasonable royalties, and attorneys' fees.

### FIFTH CLAIM FOR RELIEF

### UNLAWFUL TRADE PRACTICES UNDER THE OREGON UNLAWFUL TRADE PRACTICES ACT (OR. REV. STAT. § 646.605, *et seq.*)

72.     Trustwell hereby incorporates by reference paragraphs 1 through 71, inclusive, as if set forth fully herein.

73.     As set forth above, Foodwit misappropriated Trustwell's Trade Secrets to build and launch Workbench, a competing product, to customers across the country.  In the process, as set forth above, Foodwit has made and continues to make false and misleading statements, and deceptively failed to disclose material information, about the origin, development, and purportedly unique nature of Workbench, including its features, functionalities, and embedded nutritional database, which was built using Trustwell's stolen materials, in violation of at least sections 646.608(1)(a) and (b) of the Oregon Revised Statutes.

74.     On information and belief, and as set forth above, Foodwit's false and misleading representations and omissions had the tendency to confuse and deceive, and did confuse and deceive, consumers across the country (i.e., the intended audience), who would not seek to purchase or license Workbench if they knew the truth, and instead likely would do business (or continue to do business) with Trustwell.  In fact, certain of Trustwell's customers now utilize Workbench, thereby diverting business from Trustwell to Foodwit.

75.     As set forth above, Foodwit's falsely-represented Workbench is marketed and sold across the country and travels in, and has a substantial effect on, interstate commerce.

**2ND AMD COMPLAINT FOR INJUNCTIVE RELIEF AND DAMAGES**

**DUNN CARNEY ALLEN HIGGINS & TONGUE LLP**
Attorneys at Law
851 SW Sixth Ave., Suite 1500
Portland, Oregon 97204-1357
503.224.6440 / Fax: 503.224.7324

24

76.     As a direct and proximate result of Foodwit's misconduct, Trustwell has suffered and will continue to suffer irreparable injury and substantial damage.  Trustwell is also entitled to an award of punitive damages and attorneys' fees.

## JURY TRIAL DEMAND

77.     Trustwell respectfully requests a jury trial in this action on all issue so triable.

## PRAYER FOR RELIEF

Based on the foregoing, Trustwell prays for the following relief against Foodwit:

1.     Judgment in Trustwell's favor and against Foodwit on all causes of action alleged herein;

2.     A preliminary and permanent injunction to enjoin Foodwit, its agents, representatives, employees, attorneys, successors, and assigns, and all persons and entities acting in concert with them, from further misappropriation or unauthorized use of Trustwell's confidential, proprietary, and trade secret information and materials;

3.     An order for Foodwit to pay Trustwell compensatory damages based on competent and admissible evidence at trial, which damages exceed the jurisdictional minimum of this Court, with interest at the highest rate allowable by law;

4.     An order for Foodwit to pay Trustwell consequential and actual damages or disgorgement of Foodwit's profits unjustly obtained, restitution, and/or reasonable royalties, based on competent and admissible evidence at trial, which damages exceed the jurisdictional minimum of this Court, with interest at the highest rate allowable by law;

**2ND AMD COMPLAINT FOR INJUNCTIVE RELIEF AND DAMAGES**

**DUNN CARNEY ALLEN HIGGINS & TONGUE LLP**
Attorneys at Law
851 SW Sixth Ave., Suite 1500
Portland, Oregon 97204-1357
503.224.6440 / Fax: 503.224.7324

25

5.      An order for Foodwit to pay Trustwell exemplary, treble, and/or punitive damages for Foodwit's intentional, knowing, willful, malicious, fraudulent, and oppressive conduct;

6.      An order for Foodwit to pay Trustwell its reasonable attorneys' fees and allowable costs and expenses; and

7.      All other such relief to Trustwell under law and equity as the Court deems just and proper.


Dated: October 22, 2025                          /s/ Cary D. Sullivan
                                                 Cary D. Sullivan (admitted *pro hac vice*)
                                                 JONES DAY
                                                 3161 Michelson Drive, Suite 800
                                                 Irvine, CA  92612
                                                 Telephone: (949) 851-3939
                                                 carysullivan@jonesday.com

                                                 Brian R. Talcott, OSB No. 965371
                                                 DUNN CARNEY LLP
                                                 851 SW Sixth Avenue, Suite 1500
                                                 Portland, OR 97204
                                                 Telephone: (503) 224-6440
                                                 Facsimile: (503) 224-7324
                                                 E-mail:  btalcott@dunncarney.com

                                                 *Attorneys for Plaintiff Trustwell*


**2ND AMD COMPLAINT FOR INJUNCTIVE RELIEF AND DAMAGES**

**DUNN CARNEY ALLEN HIGGINS & TONGUE LLP**
Attorneys at Law
851 SW Sixth Ave., Suite 1500
Portland, Oregon 97204-1357
503.224.6440 / Fax: 503.224.7324

26