Brian R. Talcott, OSB No. 965371
DUNN CARNEY LLP
851 SW Sixth Avenue, Suite 1500
Portland, OR 97204
Telephone: (503) 224-6440
Facsimile: (503) 224-7324
E-mail:  btalcott@dunncarney.com

Cary D. Sullivan (*admitted Pro Hac Vice*)
JONES DAY
3161 Michelson Drive, Suite 800
Irvine, CA  92612
Telephone: (949) 851-3939
Facsimile:  (949) 553-7539
E-mail:  carysullivan@jonesday.com

*Attorneys for Plaintiff*

UNITED STATES DISTRICT COURT

DISTRICT OF OREGON – PORTLAND DIVISION

| | |
|---|---|
| **ESHA RESEARCH, LLC., now known as TRUSTWELL,**<br><br>Plaintiff,<br><br>v.<br><br>**RLH ASSETS, LLC, doing business as FOODWIT, an Oregon limited liability company,**<br><br>Defendant. | Civil No. 3:25-cv-00880-JR<br><br>**PLAINTIFF TRUSTWELL'S MOTION TO ENLARGE TIME TO OPPOSE DEFENDANT FOODWIT'S MOTION TO DISMISS AND TO RESPOND TO FOODWIT'S REQUEST TO UNSEAL**<br><br>[*EXPEDITED HEARING REQUESTED*] |

## LOCAL RULE 7-1(A) CERTIFICATION

Plaintiff ESHA Research LLC, now known as Trustwell ("Trustwell"), hereby seeks a modest enlargement of time to file its opposition to Defendant RLH Assets, LLC, dba Foodwit's ("Foodwit"), motion to dismiss and to respond to Foodwit's contemporaneous request to unseal documents. Before filing this motion, counsel for Trustwell met and conferred with counsel for Foodwit in an attempt to resolve this motion informally. In response to Trustwell's request for an enlargement of time, counsel for Foodwit proposed a two-week extension but conditioned his agreement to the extension on Trustwell's agreement to allow Foodwit to review materials that Trustwell designated as "Attorneys' Eyes Only" ("AEO") under the protective order. Trustwell would not agree to any such condition. As a result, the issue was not resolved, and this motion is necessary.

## INTRODUCTION

Trustwell brings this motion pursuant to Fed. R. Civ. P. 6(b)(1) for a modest 21-day enlargement of time—until December 10, 2025—to oppose Foodwit's motion to dismiss, and an extension until that same date to respond to Foodwit's contemporaneous request to unseal AEO documents.[1]

Good cause exists for this extension. Foodwit's motion includes a factual challenge to subject matter jurisdiction on the basis that Trustwell's trade secret and Lanham Act claims fail on the merits. Foodwit supports its motion with an extraordinary volume of extrinsic material, including a 176-page, substantive declaration attaching more than 600 pages of exhibits, effectively converting the motion into a merits-style proceeding without providing Trustwell with appropriate notice or the time to respond required by the Local Rules. The enlargement of time is necessary to enable Trustwell to meaningfully address the extensive evidentiary submissions, ensure the Court receives a fulsome briefing of the issues, and permit a thorough response to Foodwit's attempt to publicly disclose materials that Trustwell designated AEO under the

---

[1] Trustwell will not oppose an extension of any length for Foodwit's reply in support of its motion to dismiss, so as not to burden Foodwit with a filing over the holidays.

protective order.  The enlargement of time is also necessary because of Trustwell's counsel's prescheduled travel in other matters and for the Thanksgiving holiday.

The enlargement of time will not prejudice Foodwit, particularly at this early pleading stage, and Trustwell will not oppose an extension of any length for Foodwit's reply brief.  For all of these reasons, as explained in greater detail below, Trustwell's requested enlargement of time should be granted.

## BACKGROUND

### A. Trustwell Sues Foodwit For Misappropriation Of Trade Secrets And Related Claims After Foodwit, A Longtime User of Trustwell's Gensis Foods Platform, Copied Trustwell's Product.

As will be explained more fully in Trustwell's substantive opposition, Trustwell is a leading SaaS provider to the food and supplements industries, enabling companies to formulate foods virtually, create government-compliant nutrition panels and labels, and analyze the nutritional content of recipes and ingredients, among a host of other things.  Dkt. No. 46, ¶ 2.  As set forth in its operative complaint, Trustwell's crown jewel is its proprietary Genesis Foods software platform, which it first introduced in 1991 and has continually improved and updated over the years.  *Id*.  It is backed by Trustwell's industry-leading food and nutrition database, which is embedded in the platform.  *Id*. at ¶ 4.  Together, Genesis Foods and its embedded database are widely recognized as the gold-standard for food and nutrition research and development and regulatory compliance.  *Id*.

In 2017, Foodwit approached Trustwell to request a license to access and use Genesis Foods.  Dkt. No. 46, ¶ 13.  The parties entered into a limited-use license agreement (the "License Agreement") that restricted Foodwit's use of Genesis Foods solely for internal business purposes and, among other things, prohibited data harvesting, reverse engineering, and use in connection with any competing products.  *Id*.  Foodwit quickly became a "super user" of Genesis Foods, accessing and using it daily.  *Id*.  Foodwit renewed its license annually from 2017 until it expired in 2024.  *Id*.  While a licensee, Foodwit secretly accessed, exported, and used trade secret and confidential data and materials from Genesis Foods to help design and build the copycat

Workbench platform. *Id*. ¶ 27. In creating Workbench, Foodwit duplicated at least substantial portions and functionalities of Genesis Foods, and may have simply copied the entire platform. *Id*. ¶ 28. It now markets and sells Workbench around the world, to the same clients and customers that use Genesis Foods. *Id*. ¶ 29. This action follows.

      **B.**    **Trustwell Files A Second Amended Complaint And Provides Foodwit With A Detailed Trade Secret Disclosure.**

Following this Court's order dismissing Trustwell's first amended complaint with leave to amend, on October 22, 2025, Trustwell filed the operative second amended complaint ("SAC"), which provides even more detail about the trade secrets at issue in this action. Separately and in addition, Trustwell provided to Foodwit, under the protective order in this action, a highly confidential, 19-page, particularized identification of the trade secrets at issue—information is designated AEO and that cannot be disclosed (or pled) publicly. Dkt. No. 46 ¶ 23.

      **C.**    **Foodwit Again Seeks Dismissal Of Trustwell's Claims Asserting Both A Factual Challenge To Jurisdiction And Repeating Its Rule 12(b)(6) Arguments.**

Foodwit filed its motion to dismiss the SAC on November 5, 2025 pursuant to Fed. R. Civ. P. 12(b)(1) and 12(b)(6). Dkt. No. 47. Relevant to Trustwell's current motion, Foodwit makes a factual challenge to this Court's subject matter jurisdiction over Trustwell's trade secret and Lanham Act claims. According to Foodwit, and based on nearly 800 pages of evidentiary submissions, Trustwell's trade-secret identification purportedly shows it has no cognizable trade secrets and thus it has not suffered a concrete injury necessary to support its trade secret claims. Independently, Foodwit argues Trustwell lacks standing to assert its claims for violations of the Lanham Act because it is supposedly "impossible" for Foodwit's Workbench to be a repackaged copy of Genesis Foods. Because it makes a factual challenge to subject matter jurisdiction, Foodwit asks the Court to consider a mountain of extrinsic material, including Trustwell's AEO trade-secret identification, a 176-page substantive declaration, and over 150 exhibits consisting of more than 600 pages of additional evidence.

### D. Foodwit Files A Contemporaneous Request To Unseal AEO Documents, Including Trustwell's Trade Secret Identification.

At the same time it filed its motion, Foodwit filed a request to unseal its motion to dismiss (Dkt. No. 47), the Declaration of Matthew S. Warren (Dkt. No. 48), and exhibits 1-15 to the Warren Declaration (Dkt. Nos. 48-1 through 48-15). *See* Dkt. 50. In its request, Foodwit acknowledges that these documents have either been designated by Trustwell as AEO pursuant to the protective order (Dkt. No. 44) or contain information classified as AEO. *See id*. It nevertheless seeks to place these items, including Trustwell's detailed trade secret identification, into the public record. Under the terms of the protective order, Trustwell has 10 days from the date Foodwit made its request to file a response. Dkt. No. 44 at ¶ 4.

### E. Trustwell's Efforts To Avoid Motion Practice.

Trustwell proposed that the parties agree to a 21-day extension for Trustwell to oppose Foodwit's motion to dismiss and respond to its request to unseal documents. Foodwit's counsel attempted to condition an agreement to an extension on Trustwell's agreement to allow Foodwit (a direct competitor) to review AEO materials, which includes Trustwell's trade secret identification. Trustwell would not agree to any such condition. This motion follows.

## LEGAL STANDARD

Upon a showing of "good cause," a court may extend the time for an act that "must be done within a specified time." Fed. R. Civ. P. 6(b)(1). "'Good cause' is a non-rigorous standard that has been construed broadly across procedural and statutory contexts*." Ahanchian v. Xenon Pictures, Inc.*, 624 F.3d 1253, 1259 (9th Cir. 2010). "Requests for extensions of time made before the applicable deadline has passed should normally... be granted in the absence of bad faith on the part of the party seeking relief or prejudice to the adverse party." *Id*. (cleaned up) (citing 4B Wright & Miller, Federal Practice and Procedure § 1165 (3d ed. 2004)). Federal Rule of Civil Procedure 6(b)(1) "is to be liberally construed to effectuate the general purpose of seeing that cases are tried on the merits." *Ahanchian*, 624 F.3d at 1258-1259.

# ARGUMENT

### A.     Good Cause Exists For Trustwell's Request For An Enlargement Of Time.

"Our adversarial system depends on the principle that all sides to a dispute must be given the opportunity to fully advocate their views of the issues presented in a case." *Ahanchian*, 624 F.3d at 1263 (citations omitted). Good cause exists for an enlargement of time because it will allow Trustwell the time required to adequately respond to Foodwit's motion and voluminous evidentiary submissions, and because of other scheduling issues. *See id*. at 1258-1259.

#### 1.     Foodwit Should Not Be Permitted To Fasttrack A Merits-Based Challenge Without Giving Trustwell Adequate Time To Respond.

Foodwit's motion to dismiss pursuant to 12(b)(1) is a transparent and improper attempt to seek early dismissal of Trustwell's federal claims without providing Trustwell with proper notice or sufficient time to respond. It is well established in the Ninth Circuit that "[j]urisdictional dismissals in cases premised on federal-question jurisdiction are exceptional" and warranted only "where the alleged claim under the constitution or federal statutes clearly appears to be immaterial and made solely for the purpose of obtaining federal jurisdiction or where such claim is wholly insubstantial and frivolous." *Safe Air for Everyone v. Meyer*, 373 F.3d 1035, 1039 (9th Cir. 2004) (quoting *Bell v. Hood*, 327 U.S. 678, 682-83 (1946)). Foodwit does not, because it cannot, argue that Trustwell's federal claims are wholly frivolous. Instead, Foodwit argues that this Court lacks subject matter jurisdiction over Trustwell's trade secret claims because the trade secrets do not qualify for trade secret protection. Foodwit similarly challenges this Court's jurisdiction to hear Trustwell's Lanham Act claims, arguing that it is "impossible" for Foodwit to have copied Trustwell's Genesis Foods system. Both of these arguments, however, go to the merits of Trustwell's claims. As the Ninth Circuit made clear, it would constitute error for this Court to dismiss Trustwell's "complaint under Rule 12(b)(1) because the jurisdictional issue and substantive issues in this case are so intertwined that the question of jurisdiction is dependent on the resolution of factual issues going to the merits." *Safe Air*, 373 F.3d at 1040.

Trustwell conveniently ignores this binding precedent. And it is clear why: Trustwell is seeking a merits-based determination but through a procedural mechanism that deprives Foodwit

of "both notice that the motion is pending and an adequate opportunity to respond." *Williams v. Cnty.*, 2016 WL 4745179, at *4 (D. Or. Sept. 12, 2016). Specifically, it seeks to force Trustwell to respond to its motion in just 14 days when this District's Local Rules provide for 21 days to respond to merits-based motions involving extrinsic evidence. *See* L.R. 7-1(f). Foodwit's attempt to force Trustwell into an expedited briefing schedule is not proper. This is particularly so given Trustwell's counsel's prescheduled travel in other matters and for the Thanksgiving holiday.

### 2. An Enlargement Of Time Is Needed For Trustwell To Adequately Respond To Footwit's Motion.

Trustwell believes that Foodwit's motion is procedurally improper and legally flawed. But given that Foodwit is essentially seeking a merits-based dismissal of Trustwell's claims, Trustwell must ensure that its opposition to Foodwit's motion is sufficiently detailed and comprehensive to demonstrate that this Court indeed has subject matter jurisdiction over all claims. This will require Trustwell to thoroughly respond to the mountain of extrinsic evidence Foodwit submitted in support of its motion. Foodwit argues that most (but not all) of the trade secrets Trustwell identified in its 19 page trade secret identification is already public. Foodwit supports that position with a 176-page substantive declaration attaching over 600 pages of exhibits. Trustwell therefore must prepare a comprehensive opposition addressing each point raised by Foodwit.

In analogous circumstances, the Ninth Circuit has instructed that "[w]here… there is no indication of bad faith, prejudice, or undue delay, attorneys should not oppose reasonable requests for extensions of time brought by their adversaries." *Ahanchian*, 624 F.3d at 1263. Thus, with respect to extension motions, the Ninth Circuit disapproves of "hardball tactics designed to avoid the resolution of the merits" of a case. *Id*. (citing *Marcangelo v. Boardwalk Regency*, 47 F.3d 88, 90 (3d Cir. 1995) ("We do not approve of the 'hardball' tactics unfortunately used by some law firms today. The extension of normal courtesies and exercise of civility expedite litigation and are of substantial benefit to the administration of justice.")). Absent a 21-day extension, Foodwit's tactics will preclude a fair resolution of the motion to dismiss.

### 3. An Extension Of Time Is Needed In Light Of Counsel's Preplanned Business Travel And The Thanksgiving Holiday.

For all of the reasons discussed, the requested enlargement of time is necessary, especially given the upcoming Thanksgiving holiday and planned personal and professional travel for Trustwell's counsel. This alone constitutes good cause to grant the instant motion. *See e.g. Tierney v. Carrington Mortg. Servs., LLC*, 2021 WL 4267821 (W.D. Wash. Sept. 7, 2021) (finding unavailability of trial counsel typically constitutes good cause for continuance and granting requested continuance).

### 4. Trustwell Needs Additional Time To Investigate Foodwit's Claims In Order To Respond To Foodwit's Request To Unseal.

Foodwit's request to unseal its motion to dismiss and supporting documents is premised on Foodwit's contention that most (but not all) of the trade secrets identified by Trustwell are already public. For all the same reasons that additional time is needed to respond to Foodwit's motion to dismiss, Trustwell needs more time to evaluate the evidence Foodwit claims establishes that the trade secrets have been disclosed publicly and prepare a thorough response. Additionally, an enlargement of Trustwell's time to respond to the request to unseal is warranted because the parties must meet and confer about Foodwit's failure to follow the procedure set forth in the protective order for challenging confidentiality designations. The parties agreed, and this Court ordered, that "[i]f a party believes that any documents or materials have been inappropriately designated by another party…, that party shall confer with counsel for the designating party." Dkt. No. 44 at ¶ 11. The parties are then to attempt to resolve the issue informally and, if unsuccessful, email one page letters to the Court and the Court will determine if a motion is needed. *Id*. Of course, Foodwit never challenged Trustwell's AEO designation. It does so now only to further obstruct and hamper Trustwell's ability to prepare a fulsome opposition to Foodwit's motion to dismiss at the same time. This gamesmanship should not be tolerated.

### B. Foodwit Will Not be Prejudiced by an Extension, But A Denial Will Harm Trustwell.

Foodwit will not be prejudiced by Trustwell's request for an enlargement of time. This case is still at the pleading stages and there are currently no trial or other deadlines set in this

action. And Trustwell will not oppose an extension of any length for Foodwit's reply in support of its motion to dismiss. But even if there were some prejudice to Foodwit, it is far outweighed by the need to have the motion to dismiss decided on the merits.

By contrast, Trustwell would be severely disadvantaged if its request were denied. Foodwit served its motion to dismiss and request to unseal documents after the close of business on November 5, 2025. Trustwell currently has only seven business days to respond to the request to unseal and ten to prepare and file its opposition to the motion to dismiss, including responding to the nearly 800 pages of evidentiary submissions. In addition, Trustwell's counsel has prescheduled travel in other matters as well as for the upcoming Thanksgiving holiday. Although counsel is working diligently to prepare its opposition, without a modest extension, Trustwell may be unable to fully develop and present a comprehensive response for the Court.

## II.    CONCLUSION

For all of the reasons above, Trustwell respectfully requests that the Court enlarge its time to respond to Foodwit's Motion to Dismiss by 21 days, until December 10, 2025. Trustwell further requests that the Court enlarge the time for it to respond to Foodwit's request to unseal to the same date (December 10, 2025).

Dated:  November 10, 2025 　　　　　　　　Respectfully submitted,

**DUNN CARNEY LLP**

__s/  Brian R. Talcott__
Brian R. Talcott, OSB 965371
Email:  btalcott@dunncarney.com

**JONES DAY**
Cary D. Sullivan (*admitted Pro Hac Vice*)
Email: carysullivan@jonesday.com

*Attorneys for Plaintiff*

## CERTIFICATE OF SERVICE

I hereby certify that on the 10th day of November, 2025, I caused to be served the foregoing **PLAINTIFF TRUSTWELL'S MOTION TO ENLARGE TIME TO OPPOSE DEFENDANT FOODWIT'S MOTION TO DISMISS AND TO RESPOND TO FOODWIT'S REQUEST TO UNSEAL** on the following party via the following method(s):

P. Andrew McStay, Jr.
Email: andymcstay@dwt.com
DAVIS WRIGHT TREMAINE LLP
560 S.W. Tenth Avenue, Suite 700
Portland, Oregon, 97205
Telephone: +1 (503) 241-2300
Facsimile: +1 (503) 778-5299

*Attorney for Defendant*
*RLH Assets, LLC d/b/a Foodwit*

by:
- ☐ U.S. Postal Service, ordinary first class mail
- ☒ electronic service
- ☐ other (specify)  Email

**DUNN CARNEY LLP**

  *s/ Brian R. Talcott*
Brian R. Talcott, OSB 965371
Email: btalcott@dunncarney.com

**JONES DAY**
Cary D. Sullivan (*admitted Pro Hac Vice*)
Email: carysullivan@jonesday.com