P. Andrew McStay, Jr., OSB No. 033997
DAVIS WRIGHT TREMAINE LLP
560 S.W. Tenth Avenue, Suite 700
Portland, Oregon, 97205
+1 (503) 241-2300
+1 (503) 778-5299 facsimile
andymcstay@dwt.com

Matthew S. Warren (*pro hac vice*)
Erika H. Warren (*pro hac vice*)
WARREN KASH WARREN LLP
2261 Market Street, No. 606
San Francisco, California, 94114
+1 (415) 895-2940
+1 (415) 895-2964 facsimile
25-880@cases.warrenlex.com

*Attorneys for Defendant RLH Assets, LLC d/b/a Foodwit*

UNITED STATES DISTRICT COURT

DISTRICT OF OREGON

PORTLAND DIVISION

| | |
|---|---|
| ESHA RESEARCH, LLC, an Oregon limited liability company,<br><br>　　　　　　　　Plaintiff,<br><br>　　v.<br><br>RLH ASSETS, LLC d/b/a FOODWIT, an Oregon limited liability company,<br><br>　　　　　　　　Defendant. | Case No. 3:25-cv-00880-AB<br><br>**FOODWIT'S OPPOSITION TO PLAINTIFF TRUSTWELL'S MOTION TO ENLARGE TIME TO OPPOSE DEFENDANT FOODWIT'S MOTION TO DISMISS AND TO RESPOND TO FOODWIT'S REQUEST TO UNSEAL** |

**INTRODUCTION**

This motion is both unnecessary and premature. ESHA evidently wished to submit additional pages of substantive argument in response to Foodwit's pending motion in the guise of a ten-page brief ostensibly concerning the schedule. Having prepared its lengthy brief, ESHA demanded Foodwit immediately agree to a three-week extension of its time to oppose Foodwit's motion to dismiss, and a slightly longer extension of its time to move to seal. A few hours later, Foodwit responded to suggest a two-week extension of ESHA's time to oppose, and to propose an interim solution regarding sealing, allowing Foodwit's counsel to share its papers with its client pending the Court's resolution of the broader issue of public access. ESHA quickly ended all discussions and filed its motion, without picking up the telephone as the local rules require.

So we shouldn't be here, but here we are. The Court should ignore everything extraneous and grant ESHA a reasonable two-week extension to respond to Foodwit's motion, which would avoid either pushing Foodwit's reply too far into the holidays or pushing the close of briefing into 2026. But the Court should not grant ESHA more time to move to seal Foodwit's motion, unless Foodwit can share its papers with its client. Under the Court's procedures, ESHA must identify which portions of Foodwit's brief it claims are confidential by Monday, November 17, after which Foodwit could share some, likely most, of its papers with its client. If the Court allows ESHA to delay its identification of what is confidential, ESHA will gain an unfair litigation advantage by preventing Foodwit from applying subject-matter expertise to its pending motion.

**BACKGROUND**

On October 22, ESHA filed its second amended complaint. Without seeking an extension of its time to move under Rule 15(a)(3), Foodwit moved to dismiss. Docket Nos. 47, 48. Because its motion implicated materials ESHA claimed were confidential, Foodwit filed its

Page 1 – FOODWIT'S OPPOSITION TO PLAINTIFF'S MOTION TO ENLARGE TIME TO RESPOND

papers under seal.  *See id.*  Because Foodwit did not agree with ESHA's claims of confidentiality, Foodwit used the Court's procedure to request unsealing.  Docket No. 50.  This procedure requires ESHA to specify the portions of Foodwit's brief it claims are confidential, thus allowing Foodwit to share some, likely most, of its papers with its client.  *See* Docket No. 44 ¶ 4.

On Monday, November 10 at 10:21 a.m., ESHA emailed Foodwit to seek "a three-week extension for our opposition to the motion to dismiss" and "that our response to the request to unseal be due the same day."  Declaration of Matthew S. Warren Ex. 1.  Foodwit consulted with its client and prepared its response.  At 3:05 p.m., ESHA emailed again to demand an immediate reply.  *Id.* Ex. 2.  At 3:27 p.m., Foodwit provided a counter-offer, suggesting that two weeks of extension should be sufficient, and proposing a solution to the problem of its inability to communicate with its client about the motion.  *Id.* Ex. 3.  At 3:51 p.m., ESHA sent a final email terminating discussions.  *Id.* Ex. 4.  At 4:32 p.m., ESHA filed its motion.  Docket No. 51.

## ARGUMENT

**I.     ESHA Failed to Meet and Confer As Required By Local Rule 7-1(a)**

"Local Rule 7-1(a)(1)(A) requires a party filing a motion to certify that 'the parties made a good faith effort through personal or telephone conferences to resolve the dispute, and have been unable to do so.'"  *Ward v. LVNV Funding, LLC*, No. 23-362, 2023 WL 4348732, at *2 (D. Or. July 5, 2023) (quoting LR 7-1(a)(1)(A)).  "The obvious purpose of Local Rule 7-1(a) is to encourage parties to resolve disputes amicably when possible, preserving judicial resources for those matters that require the court's intervention.'"  *Ward*, 2023 WL 4348732, at *2 (quoting *Wesley v. Gulick*, No. 15-440, 2017 WL 8950508, at *7 (D. Or. Aug. 25, 2017), *modified on other grounds*, 2017 WL 4881580 (D. Or. Oct. 30, 2017)).  ESHA's motion illustrates the purpose of this rule.  ESHA made a proposal and Foodwit countered, but ESHA pulled the plug.  If ESHA

had made a real effort to meet and confer, the parties could have reached an agreed briefing schedule. Instead ESHA certified that "counsel for Trustwell met and conferred with counsel for Foodwit in an attempt to resolve this motion informally" (Mot. at 2) even though "[a]n exchange of emails, standing alone, does not satisfy Rule 7-1(a)." *Grange v. Collateral Recovery LLC*, No. 21-237, 2021 WL 3141502, at *1 n.1 (D. Or. July 26, 2021) (quoting *Williamson v. Munsen Paving LLC*, No. 09-736, 2010 WL 1063575, at *3 (D. Or. Mar. 2, 2010), *R & R adopted*, 2010 WL 1224232 (D. Or. Mar. 19, 2010)). It is difficult to square ESHA's certification with the rule. But, again, here we are. The matter is before the Court, and the Court might as well resolve it.

## II.     The Court Should Extend ESHA's Response to Foodwit's Motion Until December 3

"The Rules of Civil Procedure provide that the court may extend deadlines set by the Rules or by the court for 'good cause.'" *Reitz v. Adams*, No. 13-2025, 2015 WL 1346127, at *5 (D. Or. Mar. 23, 2015) (quoting Fed. R. Civ. P. 6(b)). "A party seeking an extension must do so by motion which demonstrates good cause and effective prior use of time." *Id.* (citing LR 16-3). ESHA does neither. It claims Foodwit seeks to deny it "21 days to respond to merits-based motions" (Mot. at 7 (citing LR 7-1(f)), but Foodwit offered ESHA a total of 28 days to oppose. *See* Warren Decl. Ex. 3. And ESHA has not shown good cause for its requested 35 days. ESHA claims that the motion includes "extraordinary volume," but Foodwit filed that motion on time, two weeks after the 2AC; ESHA does not need five weeks to oppose. ESHA seeks more time because Thanksgiving falls *after* its deadline but then adds two more weeks, pushing Foodwit's reply to December 24.[1] ESHA "will not oppose an extension of any length for Foodwit's reply"

---

[1] ESHA cites *Tierney v. Carrington Mortg. Servs., LLC* as holding that "unavailability of trial counsel typically constitutes good cause for continuance." Mot. at 8 (citing 2021 WL 4267821 (W.D. Wash. Sept. 7, 2021)). But *Tierney* concerns unavailability of trial counsel for trial (*id.* at *1), and ESHA does not claim that anyone is unavailable, let alone for three weeks. Two extra weeks should resolve any concerns regarding inconvenience caused by ESHA's counsel's travel, without imposing an undue holiday burden on Foodwit.

Page 3 – FOODWIT'S OPPOSITION TO PLAINTIFF'S MOTION TO ENLARGE TIME TO RESPOND

(Mot. at 3), but that does not help, as ESHA asks Foodwit to choose between filing a brief on Christmas Eve, or delaying briefing on this motion and thus clearing of its name into 2026. The Court should extend ESHA's time to oppose the motion until December 3, for a total of 28 days.

**III.     The Court Should Not Extend ESHA's Time to Move to Seal Foodwit's Motion Papers Unless Foodwit's Outside Counsel Can Share Those Papers With the Client**

Foodwit would suffer prejudice from any delay in ESHA's deadline to file a motion to seal Foodwit's motion papers, so the Court should not change this deadline unless it mitigates the prejudice by allowing Foodwit to share those papers with its client representative. ESHA designated its asserted trade secrets "Attorneys' Eyes Only" under the protective order governing confidentiality in this action (Docket No. 48, Ex. 1; *see* Docket No. 44), requiring Foodwit's outside counsel to prepare the initial motion papers without any assistance from Foodwit itself. But the Court's protective-order procedure ensured that ESHA would specify the portions of Foodwit's brief over which it claimed confidentiality, allowing Foodwit to share everything else with its client. *See* Docket No. 44 ¶ 4.[2] But ESHA now seeks to delay its motion to seal, which would prejudice Foodwit. ESHA states that it will provide an opposition that is "sufficiently detailed and comprehensive to demonstrate that this Court indeed has subject matter jurisdiction over all claims," no doubt relying on the client's subject-matter expertise to do so. Mot. at 7. In preparing its reply, Foodwit should also be able to rely on its client's subject-matter expertise, but cannot currently do so because of ESHA's confidentiality designation. The protective order's requirement that ESHA justify its confidentiality will mitigate this discrepancy. But if the Court allows ESHA to delay its motion to seal, it will bless an uneven playing field: ESHA on one side with subject-matter expertise, against Foodwit relying solely on outside counsel. The Court can

---

[2] ESHA complains that Foodwit should have followed a different procedure elsewhere in the protective order. Mot. at 8. But the protective order provides both procedures, and Foodwit's choice ensured application of the correct confidentiality standard. *See* Docket No. 44 at 2 n.1.

Page 4 – FOODWIT'S OPPOSITION TO PLAINTIFF'S MOTION TO ENLARGE TIME TO RESPOND

avoid this prejudice by allowing client representative Becki Holmes to review Foodwit's papers. ESHA claims that Ms. Holmes already stole its trade secrets (*e.g.*, 2AC ¶¶ 26-28), so ESHA believes she knows everything in them, and thus everything confidential in Foodwit's papers. If Ms. Holmes can review Foodwit's motion papers, the Court can extend ESHA's deadline to move to seal until December 3 without prejudicing Foodwit. Without authorization to share its papers with Ms. Holmes, delay in ESHA's filing of its motion to seal would tilt the playing field against Foodwit. The Court should not allow ESHA to misuse the protective order in this fashion.[3]

## CONCLUSION

For all the foregoing reasons, the Court should allow ESHA until December 3 to respond to Foodwit's motion, and should deny ESHA's request for more time to seek confidentiality of Foodwit's motion papers, unless the Court allows Foodwit to share those papers with its client.

Date: November 12, 2025

Respectfully submitted,

  *s/P. Andrew McStay Jr.*
P. Andrew McStay, Jr., OSB No. 033997
DAVIS WRIGHT TREMAINE LLP
560 S.W. Tenth Avenue, Suite 700
Portland, Oregon, 97205
+1 (503) 778-5302
andymcstay@dwt.com

Matthew S. Warren (*pro hac vice*)
Erika H. Warren (*pro hac vice*)
WARREN KASH WARREN LLP
2261 Market Street, No. 606
San Francisco, California, 94114
+1 (415) 895-2940
25-880@cases.warrenlex.com

*Attorneys for Defendant RLH Assets, LLC d/b/a Foodwit*

---

[3] ESHA seeks to pre-argue the substance of its opposition to Foodwit's motion to dismiss. *E.g.*, Mot. at 3-4. The Court can and should ignore these irrelevancies; Foodwit will respond to any such arguments when and if ESHA raises them in opposition to Foodwit's pending motion.

Page 5 – FOODWIT'S OPPOSITION TO PLAINTIFF'S MOTION TO ENLARGE TIME TO RESPOND