# EXHIBIT 4



## RE: ESHA Research, LLC v. RLH Assets, LLC, No. 25-880 (D. Oregon)
1 message

**Sullivan, Cary D.** <carysullivan@jonesday.com>   Mon, Nov 10, 2025 at 3:51 PM
To: Matt Warren <matt@warrenkashwarren.com>, Brian Talcott <btalcott@dunncarney.com>
Cc: Andy McStay <andymcstay@dwt.com>, "ESHA Research, LLC v. RLH Assets, LLC" <25-880@cases.warrenlex.com>

Matt,

Thanks for your response.

Your attempt to condition any agreement to an extension on our agreement to allow Foodwit to review AEO materials is hereby rejected.

We will inform the court that you conditioned your agreement to a two-week extension on our agreement to allow Foodwit to review AEO materials, and that we would not agree to any such condition. We will request three weeks from the court, and we will make clear that we will not oppose an extension of any length for your reply so as not to burden you with a filing over the holidays.

Thanks,

Cary

Cary D. Sullivan
Partner
**JONES DAY® - One Firm Worldwide**℠
**3161 Michelson Drive, Suite 800**
Irvine, CA 92612
Office +1.949.553.7513

---

**From:** Matt Warren <matt@warrenkashwarren.com>
**Sent:** Monday, November 10, 2025 3:27 PM
**To:** Sullivan, Cary D. <carysullivan@jonesday.com>; Brian Talcott <btalcott@dunncarney.com>
**Cc:** Andy McStay <andymcstay@dwt.com>; ESHA Research, LLC v. RLH Assets, LLC <25-880@cases.warrenlex.com>
**Subject:** ESHA Research, LLC v. RLH Assets, LLC, No. 25-880 (D. Oregon)

Cary:

I write in response to your email of earlier today seeking an extension of time to respond to Foodwit's pending motion to dismiss, and an extension of time to file your motion to seal materials related to that motion. (Your email referred to a

"response to the request to unseal," but the protective order confirms that ESHA must file a motion.)  You requested that both those deadlines fall on Wednesday, December 10.  You then followed up with an email demanding an immediate response.  Rest assured that we proceeded as quickly as possible with contacting our client and providing you with this response to your request.

We disagree that the "volume of materials" supporting Foodwit's motion should impact ESHA's ability to respond to a simple point:  its asserted trade secrets merely duplicate, in lesser levels of detail, ESHA's public documentation.  And Foodwit would prefer to move toward resolution of its pending motion sooner rather than later.  Nevertheless, as a courtesy to ESHA, Foodwit is amenable to a reasonable extension of time but cannot agree to ESHA's proposal, which would impose a holiday burden on Foodwit.  Finally, our client has not seen anything that we filed on November 5 except for the request to unseal and the certificate of service, and would like to review the complete set of materials as soon as possible, so any agreement between us should honor that request.

We thus propose the parties agree to extend until Wednesday, December 3 ESHA's deadlines to file its opposition to the motion to dismiss and any motion to seal Foodwit's November 5 filings, and to extend until Wednesday, December 24 Foodwit's deadlines to file its reply in support of its motion to dismiss and any opposition to ESHA's motion to seal the November 5 papers.  I'm sure you can appreciate that December 24 is a terrible date for us, but we can make it work as a courtesy to you, and to minimize the burden on the Court by reaching an agreement on the schedule.  As part of this deal, ESHA would agree that our November 5 filings are Confidential under the protective order governing confidentiality in this action, thus allowing us to share them with our client.

We believe this proposal balances your request for more time against Foodwit's desire to move the case along, and does not force undue holiday work.  We hope that you agree, and that we can present this agreement as a stipulation to the Court.  Thank you for your continued time and courtesy in this matter.

Best Regards,
Matt Warren


--

Matt Warren     matt@warrenkashwarren.com     +1 (415) 895-2928
***This e-mail (including any attachments) may contain information that is private, confidential, or protected by attorney-client or other privilege. If you received this e-mail in error, please delete it from your system without copying it and notify sender by reply e-mail, so that our records can be corrected.***