Brian R. Talcott, OSB No. 965371
DUNN CARNEY LLP
851 SW Sixth Avenue, Suite 1500
Portland, OR 97204
Telephone: (503) 224-6440
Facsimile: (503) 224-7324
E-mail:  btalcott@dunncarney.com

Cary D. Sullivan (*admitted Pro Hac Vice*)
JONES DAY
3161 Michelson Drive, Suite 800
Irvine, CA  92612
Telephone: (949) 851-3939
Facsimile:  (949) 553-7539
E-mail:  carysullivan@jonesday.com

*Attorneys for Plaintiff*

UNITED STATES DISTRICT COURT

DISTRICT OF OREGON – PORTLAND DIVISION

| | |
|---|---|
| **ESHA RESEARCH, LLC., now known as TRUSTWELL,**<br><br>Plaintiff,<br><br>v.<br><br>**RLH ASSETS, LLC, doing business as FOODWIT, an Oregon limited liability company,**<br><br>Defendant. | Civil No. 3:25-cv-00880-JR<br><br>**PLAINTIFF TRUSTWELL'S REPLY BRIEF IN SUPPORT OF ITS MOTION TO ENLARGE TIME TO OPPOSE DEFENDANT FOODWIT'S MOTION TO DISMISS AND TO RESPOND TO FOODWIT'S REQUEST TO UNSEAL**<br><br>**[*EXPEDITED HEARING REQUESTED*]** |

In light of Defendant RLH Assets LLC, dba Foodwit's ("Foodwit"), quasi-opposition to Plaintiff ESHA Research, LLC, now known as Trustwell's ("Trustwell"), motion to enlarge time, Trustwell feels compelled briefly to address Foodwit's argument for unsealing documents, either designated "Attorneys' Eyes Only" or that discuss the substance of such documents, which disclose and discuss Trustwell's trade secrets. It is worth noting that this request to unseal comes from a direct competitor of Trustwell.

As pled in the Second Amended Complaint (Dkt. 46, "SAC"), Trustwell is asserting two types of trade secrets in this action: its Genesis Foods software system; and 2) its master food and nutrition database, which is embedded in the Genesis Foods system. (SAC ¶ 20.) In the context of its procedurally impermissible Rule 12(b)(1) motion, Foodwit argues that the trade secrets associated with the Genesis Foods system have been publicly disclosed and therefore cannot be considered trade secrets. As a result, Foodwit argues that this Court lacks subject matter jurisdiction over Trustwell's trade secret misappropriation claim under the Defend Trade Secrets Act ("DTSA") because there are no actionable trade secrets at issue. However, Foodwit makes no such public-disclosure argument relating to the database-related trade secrets. In other words, even if Foodwit is correct that every single one of the Genesis Foods-related trade secrets has been disclosed publicly—which is not even close to accurate—Foodwit makes no such challenge to any database-related trade secret. Therefore, regardless of the ultimate resolution of Foodwit's Rule 12(b)(1) motion, this Court has and will continue to have subject matter jurisdiction over Trustwell's DTSA claim *at least* as it relates to Trustwell's trade secrets regarding its compilation database.

Foodwit's failure to challenge Trustwell's database-related trade secrets in its Rule 12(b)(1) motion also means there can be no wholesale unsealing under any circumstance. And because Foodwit's public-disclosure argument regarding

Trustwell's Genesis Foods-related trade secrets necessarily depends on the merits, and ultimate resolution, of Foodwit's Rule 12(b)(1) motion, there is no legal or factual basis—or legitimate argument—to partially unseal anything at least until this Court resolves Foodwit's Rule 12(b)(1) motion. To unseal anything before that point would assume both the merits and ultimate success of Foodwit's Rule 12(b)(1) motion, which is both procedurally impermissible and legally deficient, as will be explained more fully in Trustwell's forthcoming opposition.

      Moreover, to require Trustwell to respond to a request to unseal nearly 800 pages of evidence—a 176-page, substantive declaration and more than 600 pages of exhibits—along with the motion to dismiss itself, which discusses the contents of that evidence, in 10 calendar days would effectively prevent Trustwell from responding in a meaningful way. And given that Foodwit's counsel was able to prepare its Rule 12(b)(1) motion and all of the evidentiary support without Foodwit reviewing the sealed material, Foodwit's counsel likewise will be more than capable of preparing a reply brief without Foodwit reviewing the sealed material.

      For all of these reasons as well as those set forth in Trustwell's moving papers, Trustwell requests that the Court enlarge time for its opposition to Foodwit's motion to dismiss until December 10, 2025, and to enlarge time for Trustwell to respond to Foodwit's request to unseal until that same date.

Dated:  November 12, 2025		Respectfully submitted,

**DUNN CARNEY LLP**

<u>  s/  Brian R. Talcott  </u>
Brian R. Talcott, OSB 965371
Email:  btalcott@dunncarney.com

**JONES DAY**
Cary D. Sullivan (*admitted Pro Hac Vice*)
Email:  carysullivan@jonesday.com

*Attorneys for Plaintiff*

## CERTIFICATE OF SERVICE

I hereby certify that on the 12th day of November, 2025, I caused to be served the foregoing **PLAINTIFF TRUSTWELL'S REPLY BRIEF IN SUPPORT OF ITS MOTION TO ENLARGE TIME TO OPPOSE DEFENDANT FOODWIT'S MOTION TO DISMISS AND TO RESPOND TO FOODWIT'S REQUEST TO UNSEAL** on the following party via the following method(s):

P. Andrew McStay, Jr.
Email: andymcstay@dwt.com
DAVIS WRIGHT TREMAINE LLP
560 S.W. Tenth Avenue, Suite 700
Portland, Oregon, 97205
Telephone: +1 (503) 241-2300
Facsimile: +1 (503) 778-5299

*Attorney for Defendant*
*RLH Assets, LLC d/b/a Foodwit*

by:
☐ U.S. Postal Service, ordinary first class mail
☒ electronic service
☐ other (specify) Email

**DUNN CARNEY LLP**

  *s/ Brian R. Talcott*
Brian R. Talcott, OSB 965371
Email: btalcott@dunncarney.com

**JONES DAY**
Cary D. Sullivan (*admitted Pro Hac Vice*)
Email: carysullivan@jonesday.com