Brian R. Talcott, OSB No. 965371
DUNN CARNEY LLP
851 SW Sixth Avenue, Suite 1500
Portland, OR 97204
Telephone: (503) 224-6440
Facsimile: (503) 224-7324
E-mail:  btalcott@dunncarney.com

Cary D. Sullivan (*admitted Pro Hac Vice*)
JONES DAY
3161 Michelson Drive, Suite 800
Irvine, CA  92612
Telephone: (949) 851-3939
Facsimile:  (949) 553-7539
E-mail:  carysullivan@jonesday.com

*Attorneys for Plaintiff*

UNITED STATES DISTRICT COURT

DISTRICT OF OREGON – PORTLAND DIVISION

| | |
|---|---|
| **ESHA RESEARCH, LLC., now known as TRUSTWELL,**<br><br>Plaintiff,<br><br>v.<br><br>**RLH ASSETS, LLC, doing business as FOODWIT, an Oregon limited liability company,**<br><br>Defendant. | Civil No. 3:25-cv-00880-AB<br><br>**PLAINTIFF TRUSTWELL'S RESPONSE TO DEFENDANT FOODWIT'S REQUEST TO UNSEAL DOCUMENTS** |

Plaintiff ESHA Research, LLC, now known as Trustwell ("Trustwell"), hereby responds to Defendant RLH Assets, LLC, doing business as Foodwit's ("Foodwit"), request to unseal documents (the "Request," Dkt. 50), pursuant to paragraphs 3 and 4 of the protective order in this action (Dkt. 44).

## INTRODUCTION

By way of its Request, Foodwit seeks to harm a direct competitor by forcing the public disclosure of its trade secrets. The requested unsealing is not necessary for Foodwit to prepare its reply in support of its motion to dismiss Trustwell's second amended complaint (Dkt. 47). Indeed, Foodwit was able to prepare its moving papers, including more than 800 pages of extrinsic evidence—the 176-page Declaration of Matthew S. Warren ("Warren Declaration," Dkt. 48) plus 600+ pages of attached exhibits—without the sealed information being disclosed publicly. Nor is it necessary for the adjudication of Foodwit's motion to dismiss because the Court already has access to the information. This is just another thinly veiled attempt by Foodwit to cause commercial injury to Trustwell.

Foodwit also, cynically, seeks to gain an unfair advantage in this litigation through its Request. After all, if the Court were to allow the public disclosure of some of Trustwell's trade secrets, Foodwit immediately would argue that such disclosure thereby destroyed the trade secret status and protection for the information. Foodwit must not be allowed to obtain through its Request that which it cannot obtain through its motion to dismiss: the effective dismissal of Trustwell's trade secret claims.

Trustwell's 19-page Trade Secret Identification, attached as exhibit 1 to the Warren Declaration and designated for "Attorneys' Eyes Only" pursuant to the protective order, lies at the heart of Foodwit's Request. As discussed in the supporting Declaration of Todd Dolinsky ("Dolinsky Declaration"), filed concurrently herewith, the Trade Secret Identification describes the trade secret features and functionalities of Trustwell's Genesis Foods software platform, and describes the specific steps in the process by which Trustwell creates its master food and nutrition database, which is a classic compilation trade secret. Dolinsky Declaration ¶¶ 8, 13. Foodwit's

motion to dismiss and the Warren Declaration both quote liberally from and discuss the contents of Trustwell's Trade Secret Identification. The Trade Secret Identification, as well as those portions of Foodwit's motion to dismiss and the Warren Declaration that quote or discuss the contents of the Trade Secret Identification, should therefore remain sealed.

Compelling reasons exist to keep this material sealed. Revealing the information publicly will provide Trustwell's competitors with a roadmap to some of Trustwell's most valuable products, and the most valuable features and functionalities of those products, potentially enabling them to reverse engineer or at least tailor their products more effectively to compete with Genesis Foods. *Id.* It also would enable Foodwit to argue that trade secret status and protection has thereby been destroyed. For all of these reasons, as discussed more fully below, the Court should order that Trustwell's Trade Secret Identification (Dkt. 48-1) remain sealed, and that those portions of Foodwit's motion to dismiss (Dkt. 47) and the Warren Declaration (Dkt. 48) that quote or discuss the contents of the Trade Secret Identification should also remain sealed or at least redacted.

## ARGUMENT

### I. LEGAL STANDARD

While "courts recognize a general right [of the public] to inspect and copy public records and documents, including judicial records and documents," *Nixon v. Warner Commcn's, Inc.*, 435 U.S. 589, 597 (1978), that right "is not absolute." *Folz v. State Farm Mut. Auto Ins. Co.*, 331 F.3d 1122, 1134 (9th Cir. 2003). A court may "seal a court record from public view" where the requesting party offers "'compelling reasons supported by specific factual findings' for keeping the document secret." *Charles v. Portfolio Recovery Associates, LLC*, 654 F. Supp. 3d 1153, 1155 (D. Or. 2023) (quoting *Kamakana v. City & Cnty. of Honolulu*, 447 F.3d 1172, 1178 (9th Cir. 2006)).

Such compelling reasons include ensuring that court "records are not used … as sources of business information that might harm a litigant's competitive standing." *Nixon*, 435 U.S. at 598; *see also Ctr. for Auto Safety v. Chrysler Group, LLC*, 809 F.3d 1092, 1097 (9th Cir. 2016) (same). Courts throughout this District and the Ninth Circuit regularly grant sealing requests where, as

here, "public disclosure of th[e designated] information would competitively harm' [the] business" of the designating party. *See, e.g., Charles*, 654 F. Supp. 3d at 1155 (quoting *J.R. Simplot Co. v. Washington Potato Co.*, No. 16-1851, 2016 WL 11066581, at *1 (W.D. Wash. Dec. 29, 2016)); *In re Electronic Arts, Inc.*, 298 Fed. Appx. 568, 569-70 (9th Cir. 2008) (granting writ of mandamus directing district court to seal commercially sensitive terms in licensing agreement); *Clean Crawl, Inc. v. Crawl Space Cleaning Prods., Inc.*, No. 17-1340, 2019 WL 6829886, at *1 (W.D. Wash. Dec. 13, 2019) (citations omitted).

As this Court expressly recognized, "[t]he 'release [of] trade secrets' can also be a compelling reason to seal court records." *Empower Clinic Servs., LLC v. Legitscript LLC*, No. 25-cv-00514-AB, 2025 WL 1099105, at * 1 (D. Or. Apr. 11, 2025) (quoting *Kamakana v. City and Cnty. Of Honolulu*, 447 F.3d 1172, 1179 (9th Cir. 2006)). "A trade secret for purposes of a motion to seal 'may consist of any formula, pattern, device or compilation of information which is used for one's business, and which gives him an opportunity to obtain an advantage over competitors who do not know or use it.'" *Id*. (quoting *Apple Inc. v. Samsung Elecs., Co.*, 727 F.3d 1214, 1222 (Fed. Cir. 2013)).

## II. TRUSTWELL'S TRADE SECRET INFORMATION SHOULD REMAIN SEALED.

Foodwit's Request aims to expose the most valuable features and functionalities of Trustwell's Genesis Foods software platform as well as the particular compilation of information within Trustwell's master food and nutrition database. Dolinsky Declaration ¶¶ 8, 13. Disclosure of this proprietary and competitively sensitive information threatens Trustwell's business and competitive standing in the industry. *Id*. And such harm is not merely hypothetical. Trustwell has already been damaged by Foodwit's misappropriation of the very same trade secrets it now seeks to make public. Indeed, some of its customers now utilize Foodwit's copycat Workbench product, thereby diverting business from Trustwell to Foodwit. *See* Trustwell's Second Amended Complaint (Dkt. 46) ¶ 43.

It is for this reason that confidential business information and trade secrets are regularly and justifiably shielded from public disclosure. In fact, trade secret and competitively sensitive

business information, like that at issue here, is precisely the type of information that courts in this District routinely seal. *See, e.g., Empower Clinic Servs., LLC*, 2025 WL 1099105, at * 2 (granting requested sealing of trade secret information); *Charles*, 654 F. Supp. 3d at 1157-58 (granting motion to maintain under seal proprietary business information); *Fed. Trade Comm'n v. Kroger Co.*, No. 3:24-CV-00347-AN, 2024 WL 1526504 *2 (D. Or. Apr. 8, 2024) (granting motion to seal competitively sensitive business operations and strategies); *Ainsworth Inc. v. Marshall*, No. 3:23-CV-01849-YY, 2024 WL 247208 *1 (D. Or. Jan. 22, 2024) (granting motion to seal sensitive business information).

Foodwit attempts to minimize the impact of unsealing these materials by arguing that they "may contain" information designated as "Attorneys' Eyes Only." Request at 2. In fact, Foodwit seeks to make public some of the very same trade secrets that it misappropriated, and which are directly at issue in this action. Trustwell's Trade Secret Identification provides the blueprint for Genesis Foods, including detailed descriptions of its most unique and valuable features and functionalities. Dolinsky Declaration ¶ 13. It also includes a particularized description of the steps that Trustwell takes to create the compilation master database that is embedded within Genesis Foods. *Id*. ¶ 8. Of course, this Court already ruled that Trustwell's particularized description of its compilation database is a sufficient trade secret identification. *ESHA Research, Inc. v. Cronometer Software, Inc.*, No. 24-cv-1586-AB, Dkt. No. 39 (D. Or. May 8, 2025).

Foodwit also argues that these materials should be unsealed because "they contain only public information." Request at 2. As discussed in the Dolinsky Declaration, while the *existence* of various Genesis Foods features and functionalities has been publicly disclosed in user manuals and related materials that have been posted online over the years, none of those public materials provides or contains a specifically distilled list—a roadmap—of the most unique and valuable features and functionalities of Genesis Foods. Dolinsky Declaration ¶ 13. Indeed, while Foodwit attaches more than 600 pages of exhibits to the Warren Declaration, purporting to reflect public disclosure of certain Genesis Foods features and functionalities, Trustwell's Trade Secret Identification provides a distilled list of the most unique and valuable features and functionalities

in less than 20 pages. *See id.* ¶ 9. Providing that roadmap to Trustwell's competitors would enable them to tailor their own products to more effectively target the features and functionalities that make Genesis Foods so unique and valuable. *Id.* That would substantially harm Trustwell's business and competitive standing in the industry. *Id.*

In addition, there is no contention that any portion of Trustwell's Trade Secret Identification relating to its master food and nutrition database has been publicly disclosed. *Id.* ¶ 7. Given this Court's prior ruling that Trustwell's particularized description of the process by which it created the compilation database is a sufficient trade secret identification, public disclosure of that information obviously would cause irreparable injury to Trustwell by allowing its competitors to reverse engineer that process and approximate the same compilation dataset. *Id.* ¶ 8.

For all of these reasons, Trustwell's Trade Secret Identification should remain sealed, and those portions of Foodwit's motion to dismiss and the Warren Declaration that quote or describe the contents of the Trade Secret Identification also should remain sealed or redacted.

## CONCLUSION

Accordingly, Trustwell respectfully requests that the Court deny Foodwit's Request and order that 1) Trustwell's Trade Secret Identification (Dkt. 48-1) remain sealed; and 2) those portions of Foodwit's motion to dismiss (Dkt. 47) and the Warren Declaration (Dkt. 48) that quote or discuss the contents of Trustwell's Trade Secret Identification also remain sealed or at least redacted. Trustwell can provide the Court with proposed redactions to Foodwit's motion to dismiss and to the Warren Declaration, if that would be helpful.

Dated:  December 10, 2025                    Respectfully submitted,

                                                 **JONES DAY**

                                                 *s/ Cary D. Sullivan*
Cary D. Sullivan (*admitted Pro Hac Vice*)
Email:  carysullivan@jonesday.com

**DUNN CARNEY LLP**
Brian R. Talcott, OSB 965371
Email:  btalcott@dunncarney.com

*Attorneys for Plaintiff*

## CERTIFICATE OF SERVICE

I hereby certify that on the 10th day of December, 2025, I caused to be served the foregoing **PLAINTIFF TRUSTWELL'S RESPONSE TO DEFENDANT FOODWIT'S REQUEST TO UNSEAL DOCUMENTS** on the following party via the following method(s):

P. Andrew McStay, Jr.
Email: andymcstay@dwt.com
DAVIS WRIGHT TREMAINE LLP
560 S.W. Tenth Avenue, Suite 700
Portland, Oregon, 97205
Telephone: +1 (503) 241-2300
Facsimile: +1 (503) 778-5299

*Attorneys for Defendant
RLH Assets, LLC d/b/a Foodwit*

by:
- ☐ U.S. Postal Service, ordinary first class mail
- ☒ electronic service
- ☐ other (specify)  Email

**JONES DAY**

  *s/ Cary D. Sullivan*
Cary D. Sullivan (*admitted Pro Hac Vice*)
Email:  carysullivan@jonesday.com

**DUNN CARNEY LLP**
Brian R. Talcott, OSB 965371
Email:  btalcott@dunncarney.com

*Attorneys for Plaintiff*