# Exhibit G

# ESHA Research, LLC v. RLH Assets, LLC, No. 25-880 (D. Oregon); RLH Assets, LLC v. ESHA Research, LLC, No. 25-656 (D. Oregon)

**Matt Warren** <matt@warrenllp.com> Thu, Oct 15, 2026 at 4:59 PM
To: Henry Kantor <judgekantor@gmail.com>
Cc: Cary Sullivan <carysullivan@jonesday.com>, Brian Talcott <btalcott@dunncarney.com>, Andy McStay <andymcstay@dwt.com>, "ESHA Research, LLC v. RLH Assets, LLC" <25-880@cases.warrenllp.com>, "RLH Assets, LLC v. ESHA Research, LLC" <25-656@cases.warrenllp.com>

Dear Judge Kantor:

Thank you for taking the time to meet with us on Tuesday. As Your Honor requested, Foodwit submits the following proposal regarding meet and confer procedures and submissions concerning discovery matters, as well as its proposed prioritization of the parties' existing disputes.

**1. Foodwit's Proposed Discovery Dispute Resolution Procedures**

Foodwit submits that the parties' efforts to meet and confer regarding discovery have not gone well. As the Court can see from Foodwit's response to Trustwell's disputes concerning its document requests and interrogatories, Foodwit believes that Trustwell failed to meet and confer in any meaningful sense, instead providing a bare list of request numbers and stating they were "deficient," without explaining to Foodwit what information they believe is being improperly withheld, or why Trustwell believes that information is relevant to any claim or defense in the case, or why the documents Foodwit has agreed to produce in response to ninety-nine of Trustwell's one hundred and nineteen requests would not be sufficient.

As a result, Your Honor has no substantive briefing on the parties' positions, but only a vague request to compel "all discovery." Yesterday, Foodwit received a new email from Trustwell, again listing discovery requests by number only, this time including some (but not all) of the requests already the subject of a dispute before Your Honor, and some requests that are not, without even specifying which issues were already before the Court. Trustwell again provided no information at all about the nature of the dispute about which they wish to confer on any category of information. This is not a recipe for an efficient resolution of the discovery disputes in this case.

For this and many other reasons, courts require that parties make their best efforts to resolve discovery issues by meaningfully communicating, at minimum, the nature of the dispute. To do so, the requesting party first sets out the category of information it has requested, followed by its explanation of why that information is discoverable and why the other side's objections fail, ideally providing some basis in the law for that belief. This occurs in advance of a call, so the responding party can research the issues raised and be prepared to discuss them in substance in an attempt to reach a resolution. If they fail to reach an agreement, they can bring a dispute. In other actions, we have seen success from an order requiring the parties to provide their last best offer of compromise on each issue.

This tried-and-true format allows for the producing party to understand the issues being raised, discuss them with their client, and come to a conference prepared to meaningfully discuss a resolution or determine the parties have reached an impasse. At minimum, though, the party seeking to compel discovery should meet and confer prepared to relay the basis for its threatened motion, rather than treating the conference as a box to check before approaching the Court. To date, this has not occured. Foodwit respectfully requests Your Honor order the following procedures to govern discovery disputes going forward in these actions:

- No party may bring a dispute without first providing a brief description of the substance of its position regarding the requested discovery to the responding party in writing.

- Counsel for the parties must make their best efforts to reach agreement via conference, including substantive discussion of the merits of each side's position regarding the disputed discovery, prior to submitting a dispute.

- If the parties are unable to reach agreement, the requesting party will submit a one-page dispute following the same procedures as their prior disputes submitted to Judge Baggio in this action, except that each party must additionally identify its last best offer of compromise on each category of requested discovery, or else state that no compromise is acceptable as to a particular category.

These procedures will ensure that Your Honor has the information necessary to rule on issues in an efficient manner.

**2. Foodwit's Suggestion Regarding Order of Resolution of Pending Disputes**

Foodwit submits that Your Honor can quickly and easily resolve the issue of Foodwit's source code, which is critical to its defense, and which it should be allowed to produce under standard procedures. Resolution of this issue will affect the resolution of other issues, as Foodwit's source code is part of other discovery responses as well.

Foodwit submits that Your Honor should next resolve Trustwell's dispute seeking to prevent Foodwit's discovery into Trustwell's trade secrets. Resolution of this issue should also come first because the scope of Trustwell's trade secret allegations will affect resolution of many other issues in this action.

The remaining two issues are not ripe for Your Honor's decision, as the parties have neither met and conferred nor provided Your Honor with briefing sufficient to make a decision. Foodwit submits that Your Honor should return those issues to the parties for meaningful discussion and briefing as set forth above.

Foodwit believes it will be necessary for it to submit additional disputes before the November 3 hearing, and Trustwell may also submit additional issues. Foodwit submits that it may be helpful for the parties to submit proposed orders of resolution once they have submitted those additional issues.

Foodwit thanks Your Honor for his time and consideration.

Respectfully Submitted,
Matt Warren

--
Matt Warren matt@warrenllp.com +1 (415) 895-2928