# Exhibit Q

# ESHA Research, LLC v. RLH Assets, LLC, No. 25-880 (D. Oregon); RLH Assets, LLC v. ESHA Research, LLC, No. 25-656 (D. Oregon)

**Madeline Woodall** <madeline@warrenllp.com> Fri, Oct 23, 2026 at 9:30 PM
To: Henry Kantor <judgekantor@gmail.com>
Cc: Cary Sullivan <carysullivan@jonesday.com>, Brian Talcott <btalcott@dunncarney.com>, Andy McStay <andymcstay@dwt.com>, "ESHA Research, LLC v. RLH Assets, LLC" <25-880@cases.warrenllp.com>, "RLH Assets, LLC v. ESHA Research, LLC" <25-656@cases.warrenllp.com>

Judge Kantor:

Foodwit respectfully submits the following documents to Your Honor:

Motion for Source Code Protective Order
- Exhibit A
- Exhibit B
- Exhibit C
- Exhibit D
- Exhibit E
- Exhibit F
- Exhibit G

As Your Honor requested, we have also sent hard copies of this filing and our cited case authorities to your home address. Those case authorities are:

*Applied Signal Tech., Inc. v. Emerging Markets Commc'ns, Inc.*, No. 09-2180, 2011 WL 197811 (N.D. Cal. 2011);
*Champion Power Equip. Inc. v. Firman Power Equip. Inc.*, No. 23-2371, 2026 WL 2221409 (D. Ariz. Aug. 3, 2026);
*Dallas Buyers Club, LLC v. Huszar*, No. 15-907, Docket No. 116 (D. Or. Aug. 7, 2017);
*Gonzalez v. Future Motion, Inc.*, No. 21-60, Docket No. 26 (D. Or. Nov. 8, 2021);
*Memory Integrity, LLC, v. Intel Corp.*, No. 15-262, Docket No. 92 (D. Or. June 3, 2015);
*Mentor Graphics Corp. v. Synopsys, Inc.*, No. 12-1500, Docket No. 196 (D. Or. Oct. 23, 2013).
*Mfg. Automation & Software Sys., Inc. v. Hughes*, No. 16-8962, 2018 WL 11739642 (C.D. Cal. Apr. 4, 2018);
*Opal Labs Inc. v. Sprinklr, Inc.*, No. 18-1192, Docket No. 50 (D. Or. May 1, 2019);
*Phillips ex rel. Estates of Byrd v. Gen. Motors Corp.*, 307 F.3d 1206 (9th Cir. 2002);
*In Re Portfolio Recovery Assocs., LLC Tel. Consumer Prot. Act Litig.*, No. 11-2295, 2021 WL 3130040 (S.D. Cal. July 22, 2021);
*The Intellicad Tech. Consortium v. Suzhou Gstarsoft Co.*, No. 19-1963, Docket No. 49 (D. Or. Aug. 28, 2020);
*Tranxition, Inc. v. Lenovo (United States) Inc.*, No. 12-1065, Docket No. 85 (D. Or. Aug. 12, 2013);
*Valmarc Corp. v. Nike, Inc.*, No. 21-1556, Docket No. 162 (D. Or. Dec. 21, 2023); and
*Vesta Corp. v. Amdocs Mgmt. Ltd.*, No. 14-1142, 2017 WL 714354 (D. Or. Feb. 21, 2017).

Foodwit is available should Your Honor have any questions regarding this filing.

Respectfully Submitted,
Madeline Woodall

--
Madeline Woodall madeline@warrenllp.com +1 (415) 895-2992

**8 attachments**

**Motion for Source Code Protective Order.pdf**
224K

**Exhibit A.pdf**
220K

**Exhibit B.pdf**
140K

**Exhibit C.pdf**
113K

**Exhibit D.pdf**
108K

**Exhibit E.pdf**
811K

**Exhibit F.pdf**
177K

**Exhibit G.pdf**
256K

P. Andrew McStay, Jr., OSB No. 033997
DAVIS WRIGHT TREMAINE LLP
560 S.W. Tenth Avenue, Suite 700
Portland, Oregon, 97205
+1 (503) 241-2300
+1 (503) 778-5299 facsimile
andymcstay@dwt.com

Matthew S. Warren (*pro hac vice*)
Erika H. Warren (*pro hac vice*)
WARREN LLP
2261 Market Street, No. 606
San Francisco, California, 94114
+1 (415) 895-2940
+1 (415) 895-2964 facsimile
25-880@cases.warrenllp.com
25-656@cases.warrenllp.com

*Attorneys for RLH Assets, LLC d/b/a Foodwit*

UNITED STATES DISTRICT COURT

DISTRICT OF OREGON

PORTLAND DIVISION

| | |
|---|---|
| ESHA RESEARCH, LLC, an Oregon limited liability company,<br><br>Plaintiff,<br><br>v.<br><br>RLH ASSETS, LLC d/b/a FOODWIT, an Oregon limited liability company,<br><br>Defendant. | Case No. 3:25-cv-00880-AB<br><br>**MOTION FOR SOURCE CODE PROTECTIVE ORDER** |
| RLH ASSETS, LLC d/b/a FOODWIT, an Oregon limited liability company,<br><br>Plaintiff,<br><br>v.<br><br>ESHA RESEARCH, LLC, an Oregon limited liability company,<br><br>Defendant. | Case No. 3:25-cv-00656-AB<br><br>**MOTION FOR SOURCE CODE PROTECTIVE ORDER** |

## INTRODUCTION

This dispute represents a reversal of the normal disagreement about source code: Foodwit wants to produce its own source code, but Trustwell does not want to review it and is seeking to delay Foodwit's production of source code by refusing to negotiate a supplemental protective order concerning source code production. Although Foodwit gave Trustwell ample time to consider Foodwit's proposal, Trustwell did not and does not dispute any particular provision, instead claiming source code is irrelevant. But Foodwit's source code is not just relevant to this action, it is necessary to it, as it is the only way to "show all functionality of each version of Workbench," which Trustwell has requested and Foodwit has agreed to provide. Foodwit therefore respectfully requests the Special Master supplement the protective order in this action to add source code production provisions.

## BACKGROUND

On September 8, 2025, this Court entered the parties' stipulated protective order to address the production of confidential material in this proceeding. No. 25-880, Docket No. 44. On August 12, 2026, Foodwit informed Trustwell that it planned to supplement its responses to Trustwell's propounded discovery and as "part of this supplementation, subject to its objections, Foodwit will produce for inspection source code relating to the Workbench features you accuse, upon entry of a supplemental protective order governing inspection of source code." Ex. A. Foodwit enclosed a proposed supplemental protective order, using industry-standard terms and conditions, to govern source code production. Ex. B. For more than two weeks, Trustwell provided no comments on Foodwit's draft. The parties met and conferred on Friday, August 28, and Foodwit asked again for comments on its draft. Trustwell refused to provide any comments on this proposal, and stated that Foodwit's source code was irrelevant to this action. Trustwell

confirmed that Foodwit had met its obligation to meet and confer on this issue. The parties submitted discovery dispute briefing on August 31 and September 1, 2026. Exs. C, D.

## ARGUMENT

### I. Foodwit Must Produce Its Source Code In This Action

Foodwit's source code is not merely relevant to this action; this action cannot proceed without it. On September 11, Foodwit supplemented its response to Trustwell's Request for Production No. 58, which seeks "All DOCUMENTS relating to Workbench and any related or subsequent version or iteration of that product," and confirmed that subject "to and without waiver of its objections, Foodwit will produce responsive, non-privileged documents in its possession, custody or control sufficient to show all functionality of each version of Workbench." Ex. E at 76. There is no way for Foodwit to "produce responsive, non-privileged documents in its possession, custody or control sufficient to show all functionality of each version of Workbench" without producing its source code. Similarly, Foodwit's source code is responsive to Trustwell's Request for Production Nos. 1, 2, 4-6, 8-12, 14-20, 34, 36-38, 41, 44, 58, and especially Trustwell's Request for Production No. 16, which requests "All DOCUMENTS RELATING TO any source code repository, version-control system, branch, merge request, release note, build log, deployment log, or change log for WORKBENCH," Ex. F, and Request for Production No. 58, which seeks "All DOCUMENTS relating to Workbench and any related or subsequent version or iteration of that product." Ex. G. Foodwit cannot respond to any of these requests without providing its source code.

Trustwell argues that Foodwit's source code will not reveal "the proprietary processes, methodologies, and data compilations that constitute Trustwell's trade secrets," because "[t]hose processes and methodologies can be programmed in multiple different ways." Ex. D. This is a

non sequitur: although "processes and methodologies can be programmed in multiple different ways," that does not affect that the only way to tell if "processes and methodologies" are "programmed" at all is *by reviewing the source code*. Which Foodwit stands ready to produce, but which Trustwell seeks to block by refusing to enter an industry standard protective order. Foodwit's source code is necessary to resolution of this action. *See supra*; *see, e.g.*, *Vesta Corp. v. Amdocs Mgmt. Ltd.*, No. 14-1142, 2017 WL 714354 (D. Or. Feb. 21, 2017).

## II. The Special Master Should Enter Foodwit's Requested Addendum

Federal Rule of Civil Procedure 26(c) permits the court to, "for good cause, issue an order to protect a party or person from annoyance, embarrassment, oppression, or undue burden or expense." Fed. R. Civ. P. 26(c)(1); *see also* L.R. 26-4. The party seeking protection must show "specific prejudice or harm will result unless the motion for protective order is granted," and district courts have "broad discretion" to "decide when a protective order is appropriate and what degree of protection is required." *Phillips ex rel. Estates of Byrd v. Gen. Motors Corp.*, 307 F.3d 1206, 1210-11 (9th Cir. 2002). Good cause exists here because the existing protective order does not restrict the viewing, handling, transport, or replication of source code, which Foodwit must produce. *See supra*. Although parties often object to production of source code, Foodwit is eager to produce it, because its source code will show that Foodwit developed its own product and did not steal anything from Trustwell. Foodwit asks only that the Special Master enter industry standard protections.

"Courts recognize that the uniquely sensitive nature of source code presents a 'heightened risk of inadvertent disclosure.'" *Mfg. Automation & Software Sys., Inc. v. Hughes*, No. 16-8962, 2018 WL 11739642, at *2 (C.D. Cal. Apr. 4, 2018) (quoting *Applied Signal Tech., Inc. v. Emerging Markets Commc'ns, Inc.*, No. 09-2180, 2011 WL 197811, at *2 (N.D. Cal. 2011)).

Courts in this Circuit recognize that in light of the "uniquely sensitive nature of source code" and to "ensure the security" of "commercial and competitive interests," the production of source code often "requires heightened protections," including supplemental "source code-specific protections to" the parties' "stipulated protective order prior to production of the source code." *In Re Portfolio Recovery Assocs., LLC Tel. Consumer Prot. Act Litig.*, No. 11-2295, 2021 WL 3130040, at *3 (S.D. Cal. July 22, 2021); *see, e.g.*, *Champion Power Equip. Inc. v. Firman Power Equip. Inc.*, No. 23-2371, 2026 WL 2221409, at *12 n.4 (D. Ariz. Aug. 3, 2026) ("source code 'requires additional protections to prevent improper disclosure because it is often a company's most sensitive and most valuable property.'").

Recognizing this issue, district courts issue model orders that address source code production. *See, e.g.*, Stipulated Protective Order for Litigation Involving Patents, Highly Sensitive Confidential Information and/or Trade Secrets (N.D. California), *available at* https://cand.uscourts.gov/sites/default/files/documents/ND_Cal_Patent_Highly_Sensitive_Model_Prot_Ord_Revised.pdf; Default Standard for Access to Source Code (D. Delaware), *available at* https://www.ded.uscourts.gov/sites/ded/files/pages/Default%20Standard%20for%20Access%20to%20Source%20Code_0.pdf.

Foodwit's proposed order seeks industry standard provisions, and this Court has granted similar protective orders governing source code disclosure in trade secret cases. *E.g.*, *Vesta*, 2017 WL 714354, at *3; *Valmarc Corp. v. Nike, Inc.*, No. 21-1556, Docket No. 162 (D. Or. Dec. 21, 2023); *Opal Labs Inc. v. Sprinklr, Inc.*, No. 18-1192, Docket No. 50 (D. Or. May 1, 2019); *Gonzalez v. Future Motion, Inc.*, No. 21-60, Docket No. 26 (D. Or. Nov. 8, 2021); *The Intellicad Tech. Consortium v. Suzhou Gstarsoft Co.*, No. 19-1963, Docket No. 49 (D. Or. Aug. 28, 2020); *Dallas Buyers Club, LLC v. Huszar*, No. 15-907, Docket No. 116 (D. Or. Aug. 7, 2017); *Memory*

*Integrity, LLC, v. Intel Corp.*, No. 15-262, Docket No. 92 (D. Or. June 3, 2015); *Tranxition, Inc. v. Lenovo (United States) Inc*., No. 12-1065, Docket No. 85 (D. Or. Aug. 12, 2013); *Mentor Graphics Corp. v. Synopsys, Inc.*, No. 12-1500, Docket No. 196 (D. Or. Oct. 23, 2013). Trustwell has tactically refused to engage with or comment on Foodwit's proposal, waiving any right to do so.

Foodwit's proposed amendment to the protective order includes provisions that would limit access to another party's source code information to outside counsel and expert reviewers, and require the receiving party to maintain an access log. Ex. B ¶¶ 22, 29. Access restrictions are industry standard in protective orders that address source code. *See, e.g.*, *Nike*, Docket No. 162 ¶ 26(B); *Gonzalez*, Docket No. 26 ¶¶ 7-8, Ex. B at (c); *Dallas Buyers Club*, Docket No. 116 ¶ 4. Foodwit's proposed amendment to the protective order further seeks to require that a producing party make source code available for review through a secure computer during business hours or at other mutually agreeable times, under reasonable security measures. *See* Ex. B ¶ 23. Reviewing source code on a secure computer is industry standard and included in most protective orders that address source code due to its "uniquely sensitive nature," and the risk of copying or inadvertent disclosure. *See, e.g.*, *Nike*, Docket No. 162 ¶ 26(D)(iii)-(v); *Tranxition*, Docket No. 85 ¶ 6; *Gonzalez*, Docket No. 26, Ex. B at (a). Finally, Foodwit's proposed amendment to the protective order establishes a limit on the number of printouts a receiving party may request, and seeks to restrict the receiving party from making copies, electronic or otherwise. *See* Ex. B ¶¶ 24-27. *See, e.g.*, *Nike*, Docket No. 162 ¶ 26(D)(xii); *Gonzalez*, Docket No. 26, Ex. B at (a); *see also Mfg. Automation*, 2018 WL 11739642, at *3 ("Other courts have set specific page limitations for the amount of source code that can be copied and provided in hard copy."). The Special Master should grant Foodwit's motion.

## CONCLUSION

For all the foregoing reasons, the Special Master should supplement the protective order in this action, Docket No. 44, using Foodwit's proposed supplement, Ex. B.

Date: October 23, 2026

Respectfully submitted,

*/s/ P. Andrew McStay, Jr.*

P. Andrew McStay, Jr., OSB No. 033997
DAVIS WRIGHT TREMAINE LLP
560 S.W. Tenth Avenue, Suite 700
Portland, Oregon, 97205
+1 (503) 241-2300
+1 (503) 778-5299 facsimile
andymcstay@dwt.com

Matthew S. Warren (*pro hac vice*)
Erika H. Warren (*pro hac vice*)
WARREN LLP
2261 Market Street, No. 606
San Francisco, California, 94114
+1 (415) 895-2940
+1 (415) 895-2964 facsimile
25-880@cases.warrenllp.com
25-656@cases.warrenllp.com

*Attorneys for RLH Assets, LLC d/b/a Foodwit*

**CERTIFICATE OF SERVICE**

I hereby certify that on October 23, 2026, I served the foregoing Motion for Source Code Protective Order on counsel for Trustwell:

Cary D. Sullivan
Jones Day
3161 Michelson Drive, Suite 800
Irvine, California, 92612

Brian R. Talcott
Dunn Carney LLP
851 SW Sixth Avenue, Suite 1500
Portland, Oregon, 97204

by electronic mail to the addresses carysullivan@jonesday.com and btalcott@dunncarney.com, under the parties' electronic service agreement.

Madeline A. Woodall
Madeline A. Woodall

# Exhibit A

Warren LLP

Warren LLP
2261 Market Street, No. 606
San Francisco, California 94114

TEL +1 (415) 895 2940
FAX +1 (415) 895 2964
warrenllp.com

August 12, 2026

**By Electronic Mail**

Cary D. Sullivan
Jones Day
3161 Michelson Drive, Suite 800
Irvine, California, 92612
carysullivan@jonesday.com

Brian R. Talcott
Dunn Carney LLP
851 SW Sixth Avenue, Suite 1500
Portland, Oregon, 97204
btalcott@dunncarney.com

**Re: ESHA Research, LLC v. RLH Assets, LLC, No. 25-880 (D. Oregon)**

Counsel:

I write in response to your email of August 5 regarding an "inspection of Workbench." Your letter did not identify which discovery request or requests you believe call for this inspection. In the future, we would appreciate it if you could include this information in similar emails; we will of course do the same. In any event, we have reviewed Foodwit's responses to ESHA's first set of requests for production, and will supplement its responses appropriately.

As part of this supplementation, subject to its objections, Foodwit will produce for inspection source code relating to the Workbench features you accuse, upon entry of a supplemental protective order governing inspection of source code. We have prepared a proposed supplemental protective order, attached here for your review. Thank you for your continued time and courtesy in this matter.

Very Truly Yours,

Erika H. Warren

Enclosure

# Exhibit B

P. Andrew McStay, Jr., OSB No. 033997
DAVIS WRIGHT TREMAINE LLP
560 SW 10th Avenue, Suite 700
Portland, Oregon, 97205
+1 (503) 241-2300
+1 (503) 778-5299 facsimile
andymcstay@dwt.com

Matthew S. Warren (*pro hac vice*)
Erika H. Warren (*pro hac vice*)
WARREN LLP
2261 Market Street, No. 606
San Francisco, California, 94114
+1 (415) 895-2940
+1 (415) 895-2964 facsimile
25-880@cases.warrenllp.com

*Attorneys for Defendant RLH Assets, LLC d/b/a Foodwit*

UNITED STATES DISTRICT COURT

DISTRICT OF OREGON

PORTLAND DIVISION

ESHA RESEARCH, LLC, an Oregon limited liability company,

Plaintiff,

v.

RLH ASSETS, LLC d/b/a FOODWIT, an Oregon limited liability company,

Defendant.

Case No. 3:25-cv-00880-AB

**PROPOSED STIPULATED AMENDMENT TO PROTECTIVE ORDER**

The Court entered a Protective Order in this action on September 8, 2025 ("Protective Order"). The parties agree that good cause exists to amend and supplement the Protective Order to protect the highly confidential nature of source code material and have agreed to provisions in addition to those contained in the Protective Order to protect against misuse or disclosure of highly confidential source code.

Based upon the above stipulation of the parties, and the Court being duly advised, IT IS HEREBY ORDERED that the Protective Order is supplemented as follows:

18. All documents, testimony, and other materials produced by the parties in this case and labeled "Highly Confidential—Source Code" shall be used only in this proceeding and subject to the Protective Order, except that additional protections set forth in this Amendment shall apply to "Highly Confidential—Source Code" information.

19. "Highly Confidential—Source Code" information means information that contains or substantively relates to a party's source code, including source code, object code, and computer instructions and data definitions expressed in a form suitable for input to an assembler, compiler, or other translator, including without limitation source files, make files, intermediate output files, executable files, header files, resource files, library files, module definition files, map files, object files, linker files, browse info files, and debug files, disclosure of which is likely to cause harm to the competitive position of the producing party.

20. A producing party may place Protected Information under this Amended Protective Order by designating it Highly Confidential—Source Code in any manner prescribed by the Protective Order, or by informing any receiving party in writing that information being

produced is Highly Confidential—Source Code. The producing party shall make this designation in good faith.

21. If portions of documents or other materials deemed "Highly Confidential—Source Code" or any papers containing or making reference to such materials are filed with the Court, they shall be filed under seal and marked as follows or in substantially similar form:

> IN ACCORDANCE WITH A PROTECTIVE ORDER, THE ENCLOSURE(S) SHALL BE TREATED AS HIGHLY CONFIDENTIAL—SOURCE CODE AND SHALL NOT BE SHOWN TO ANY PERSON OTHER THAN THOSE PERSONS DESIGNATED IN PARAGRAPHS 7(a), (d), (e), AND (f) OF THE PROTECTIVE ORDER.

## I. Distribution and Use of Highly Confidential—Source Code Information

22. A receiving party shall provide Highly Confidential—Source Code information from a producing party only to those set forth in paragraphs 7(a) and 7(d)-(f) of the Protective Order. For each producing party, a receiving party may designate up to three expert personnel under paragraph 7(d) who may review Highly Confidential—Source Code information.

## II. Production of Highly Confidential—Source Code Information

23. To produce Highly Confidential—Source Code information, the producing party shall provide a secure computer, during normal business hours or at other mutually agreeable times, at an office of the producing party's primary outside counsel of record or a mutually agreeable location in the United States. The secure computer shall reside in a secured, locked room without network access to other computers. To access the secure computer, the receiving party must provide written notice to the producing party, not less than three business days before any day of inspection, including the name of each representative participating in the review. During a review, representatives of the receiving party shall not copy, remove, or otherwise transfer any portion of the Highly Confidential—Source Code information onto any recordable

media or recordable device. While accessing the secure computer containing the Highly Confidential—Source Code information, representatives of the receiving party shall not possess or use any input or output device such as a USB memory stick, mobile phone or tablet, camera or any camera-enabled device, CD, floppy disk, portable hard drive, laptop, or any device that can access the Internet or any other network or external system. The producing party may enforce reasonable security measures to ensure that representatives of the receiving party are not carrying prohibited items into the room with the secure computer. The producing party may visually monitor the activities of the receiving party's representatives, but only to ensure that there is no unauthorized recording, copying, or transmission of the Highly Confidential—Source Code information. Representatives of the receiving party may take notes but may not copy any portion of the Highly Confidential—Source Code information into the notes.

24. During a review of the source code on the secure computer, representatives of the receiving party may request paper copies of portions of source code, but only to the extent reasonably necessary for the preparation of court filings, pleadings, expert reports, or other papers, or for deposition or trial. In no event may the receiving party request more than 15 consecutive pages, or an aggregate total of more than 250 pages, of source code produced by the producing party on the secure computer. The receiving party may print only excerpts of source code produced by the producing party, and may not print anything else including without limitation any work product generated by representatives of the receiving party.

25. Within five business days of receiving a request to print source code or within such additional time as necessary due to the volume of source code requested, the producing party may object to some or all of the request, and shall provide the receiving party with three

printed copies of any excerpts of source code to which it does not object. Other than these three copies, the receiving party may not maintain any other record of the Highly Confidential—Source Code information. The producing party may object to some or all of a request, even if within the page limits set forth above, if it believes the requested source code is not reasonably necessary to any case preparation activity. The producing and receiving parties shall resolve this objection under the procedures in the Court's Civil Case Management Order, Docket No. 75. The producing party shall retain any printouts subject to the dispute until resolution by the Court.

26. The receiving party shall treat all copies of source code using its highest level of document security, and shall transport source code only by hand carry. No representative of the receiving party shall copy, e-mail, transmit, upload, download, print, photograph or otherwise duplicate any portion of Highly Confidential—Source Code information. The receiving party shall maintain a record of any individual who has inspected any portion of the Highly Confidential—Source Code information. The receiving party shall maintain all printed portions of the source code in a secured, locked area under the direct control of counsel responsible for maintaining the security and confidentiality of the designated materials. Any Highly Confidential—Source Code information shall be stored or viewed only at the offices of outside counsel for the receiving party, the offices of outside experts or consultants who have been approved to access source code; where any deposition is taken, the Court, or any intermediate location necessary to transport the Highly Confidential—Source Code information to a hearing, trial or deposition.

27. The receiving party shall not create copies or any electronic or other images of Highly Confidential—Source Code information and shall not convert any Highly Confidential—Source Code information into any electronic format. Notwithstanding the foregoing, the receiving party may create an electronic copy or image of limited excerpts of Highly Confidential—Source Code information only to the extent necessary in a pleading, exhibit, expert report, discovery document, deposition transcript, other Court document, or any drafts of these documents. The receiving party shall only include such excerpts of Highly Confidential—Source Code information as reasonably necessary, and shall not include any excerpts in correspondence between the parties. Drafts of such documents shall only include those excerpts the receiving party believes will be included in the final version. The receiving party may create an electronic image of Highly Confidential—Source Code information only when the electronic file containing the image is encrypted using commercially reasonable encryption software including password protection. If Highly Confidential—Source Code information appears in a document, either the whole document or all pages containing Highly Confidential—Source Code information must be stamped Highly Confidential—Source Code.

28. If a receiving party wishes to use Highly Confidential—Source Code information at a deposition, one week in advance of the deposition, the receiving party shall inform the producing party of the production numbers of any documents containing Highly Confidential—Source Code information that the deposition will discuss. The producing party will bring three copies of those pages to the deposition and, upon request, will distribute them to the witness, questioning counsel, and defending counsel. The court reporter will not mark these pages as exhibits, and the producing party will collect them when no longer in use.

29. The receiving party's outside counsel shall maintain a log of all copies of Highly Confidential—Source Code information, including the names of all reviewers and locations where the copies are stored.

So stipulated:

Cary D. Sullivan
JONES DAY
3161 Michelson Drive, Suite 800
Irvine, California, 92612

Brian R. Talcott
Dunn Carney LLP
851 SW Sixth Avenue, Suite 1500
Portland, Oregon, 97204

*Attorneys for Plaintiff ESHA Research LLC*

P. Andrew McStay, Jr., OSB No. 033997
DAVIS WRIGHT TREMAINE LLP
560 SW 10th Avenue, Suite 700
Portland, Oregon, 97201
+1 (503) 778-5302
+1 (503) 778-5299 facsimile
andymcstay@dwt.com

Matthew S. Warren (*pro hac vice*)
Erika H. Warren (*pro hac vice*)
WARREN LLP
2261 Market Street, No. 606
San Francisco, California, 94114
+1 (415) 895-2940
+1 (415) 895-2964 facsimile
25-880@cases.warrenllp.com

*Attorneys for Defendant RLH Assets, LLC d/b/a Foodwit*

The Court has reviewed the reasons offered in support of entry of this Stipulated Amendment to the Protective Order and accepts the parties' stipulation of good cause for purposes of entering this Stipulated Protective Order. Any disputes about the confidentiality of certain information will be resolved by the Court in the manner prescribed in this document.[1]

IT IS SO ORDERED.

Dated: ____________________ ______________________________________

Amy M. Baggio
U.S. District Court Judge

---

[1] "While courts generally make a finding of good cause before issuing a protective order, a court need not do so where (as here) the parties stipulate to such an order." *In re Roman Cath. Archbishop of Portland in Oregon*, 661 F.3d 417, 424 (9th Cir. 2011). When a party seeks to disclose documents protected by a stipulated protective order, the party opposing disclosure retains the burden of proof to show why "there is good cause to continue the protection of the discovery material." *Id.*

# Exhibit C

***ESHA Research v. RLH Assets*, No. 25-cv-00880-AB (D. Oregon),**
***RLH Assets v. ESHA Research*, No. 25-cv-00656-AB (D. Oregon): Foodwit's Statement**

This dispute represents a reversal of the normal disagreement about source code: Foodwit wants to produce its own source code, but ESHA does not want to review it, and is seeking to delay Foodwit's production of source code by refusing to negotiate a supplemental protective order concerning source code production. Although Foodwit gave ESHA ample time to consider Foodwit's proposal, ESHA did not and does not dispute any particular provision, instead claiming source code is irrelevant because no party has requested it. But ESHA itself explicitly requested source code discovery, and that discovery is highly relevant to ESHA's claims concerning alleged theft of software functionality. Foodwit therefore respectfully requests the Court supplement the protective order in this action to add source code production provisions.

ESHA's document requests to Foodwit included demands for:

- "All DOCUMENTS RELATING TO YOUR assertion that WORKBENCH was created independently and without reference to GENESIS FOODS." -880, Request No. 10.
- "All DOCUMENTS RELATING TO any source code repository, version-control system, branch, merge request, release note, build log, deployment log, or change log for WORKBENCH." -880, Request No. 16.
- "All DOCUMENTS relating to Workbench and any related or subsequent version or iteration of that product." -656, Request No. 58.

All three of these requests (and many others) call for production of Foodwit's source-code information. Although parties often object to production of source code, Foodwit is eager to produce it, because its source code will show that Foodwit developed its own product and did not steal anything from ESHA. On August 12, 2026, Foodwit sent ESHA a proposed supplemental protective order, using industry-standard terms and conditions, to govern production of source code. For more than two weeks, ESHA provided no comments on Foodwit's draft. The parties met and conferred on Friday, August 28, and Foodwit asked again for comments on its draft. ESHA refused to provide any comments on Foodwit's proposal, and stated that Foodwit's proposal was irrelevant because neither side had sought document production relating to source code. ESHA confirmed that Foodwit had met its obligation to meet and confer on this issue.

ESHA's sole excuse for avoiding source-code production was wrong. *Supra*; *see, e.g.*, *Vesta Corp. v. Amdocs Mgmt. Ltd.*, No. 14-1142, 2017 WL 714354, at *1 (D. Or. Feb. 21, 2017). Long before ESHA claimed it sought no source code, ESHA not only propounded requests calling for source-code production, but also *specifically sought Foodwit's source code* in its Request No. 16. ESHA now appears not to want the discovery it sought, perhaps because it knows that this code will show that Foodwit developed its own product, and did not steal anything from ESHA.

This Court has granted similar protective orders governing source code disclosure in trade secret cases. *E.g.*, *Vesta*, 2017 WL 714354, at *3; *Valmarc Corp. v. Nike, Inc.*, No. 21-1556, Docket No. 162 (D. Or. Dec. 21, 2023); *Opal Labs Inc. v. Sprinklr, Inc.*, No. 18-1192, Docket No. 50 (D. Or. May 1, 2019). ESHA has tactically refused to engage with or comment on Foodwit's proposal, waiving any right to do so. The Court should supplement the protective order in this action, Docket No. 44, using Foodwit's proposed supplement addressing source code production, submitted to the Court with this one-page statement and ESHA's responsive statement.

# Exhibit D

*ESHA Research, LLC, nka Trustwell v. RLH Assets, LLC, dba Foodwit*
Case No. 25-cv-00880-AB

Trustwell's Position re Foodwit's Request to Supplement the Protective Order

This is not a source code case. This is a case about software platforms. ***Trustwell did not provide its source code to Foodwit and is not alleging that Foodwit copied its source code***. Foodwit's request is a diversionary tactic. Rather than provide available dates for Trustwell's inspection of Foodwit's Workbench *platform*—which Trustwell has been requesting for months now—Foodwit seeks to divert attention and burden the Court with a manufactured dispute over source code that no one requested and that is irrelevant to the issues in this case. The Court should deny Foodwit's request to supplement the Protective Order.

There is no need to modify the Protective Order because Foodwit need not produce its source code. Trustwell never provided its source code to Foodwit during their seven-year licensing relationship, so there is no reason to inspect Foodwit's source code in this case. In the event Foodwit establishes that it somehow accessed Trustwell's source code, Trustwell may reevaluate its position, but such unauthorized access would create additional liability for Foodwit. Because Trustwell never provided its source code to Foodwit, Foodwit's source code is entirely irrelevant to any claim or defense in this case.

The document requests cited by Foodwit confirm this. Request No. 16 seeks documents "relating to any source code *repository*, version-control system, branch, merge request, release note, build log, deployment log, or change log for Workbench" (emphasis added)—i.e., documents relating to Foodwit's development process and timeline, not the source code itself. Request Nos. 10 and No. 58 seek versions or iterations of the Workbench platform itself, not source code. Foodwit's assertion to the contrary intentionally misconstrues what Trustwell actually seeks. To be clear: Trustwell has not requested and does not expect Foodwit to produce its source code.

Nor is there any reason for Foodwit to produce its source code voluntarily. Whether Foodwit's source code is different than Trustwell's source code on a line-by-line basis—which is to be expected here—tells the Court (and ultimately a jury) nothing about whether Foodwit stole the proprietary processes, methodologies, and data compilations that constitute Trustwell's trade secrets. Those processes and methodologies can be programmed in multiple different ways.

Foodwit also has not established good cause to modify the Protective Order. A motion to modify a protective order "must establish good cause by demonstrating how refusing the requested modification to the protective order will prejudice the party's case." *Rust-Oleum Corp. v. NIC Indus., Inc.*, 2020 WL 9072855, at *2 (D. Or. May 4, 2020). Foodwit's apparent desire to voluntarily produce unrequested and irrelevant material hardly satisfies this standard. Further, Foodwit has not identified any inadequacy in the current Protective Order, and nothing prevents it from producing its own source code under the current Protective Order if it wishes to do so.

This dispute is nothing more than a transparent attempt to obstruct and delay legitimate discovery. Trustwell has spent months requesting Foodwit's availability for a platform inspection of Workbench—discovery that is directly relevant to the core issues in this case—which Foodwit continues to dodge. All the while, Foodwit is apparently "eager to produce" source code that no one requested. The Court should deny Foodwit's unsupported request.

# Exhibit E

P. Andrew McStay, Jr., OSB No. 033997
DAVIS WRIGHT TREMAINE LLP
560 SW 10th Avenue, Suite 700
Portland, Oregon, 97205
+1 (503) 241-2300
+1 (503) 778-5299 facsimile
andymcstay@dwt.com

Matthew S. Warren (*pro hac vice*)
Erika H. Warren (*pro hac vice*)
WARREN LLP
2261 Market Street, No. 606
San Francisco, California, 94114
+1 (415) 895-2940
+1 (415) 895-2964 facsimile
25-656@cases.warrenllp.com

*Attorneys for RLH Assets, LLC d/b/a Foodwit*

UNITED STATES DISTRICT COURT

DISTRICT OF OREGON

PORTLAND DIVISION

| | |
|---|---|
| RLH ASSETS, LLC d/b/a FOODWIT, an Oregon limited liability company,<br><br>Plaintiff,<br><br>v.<br><br>ESHA RESEARCH, LLC, an Oregon limited liability company,<br><br>Defendant. | Case No. 3:25-cv-00656-AB<br><br>**PLAINTIFF FOODWIT'S FIRST SUPPLEMENTAL OBJECTIONS AND RESPONSES TO DEFENDANT'S FIRST SET OF REQUESTS FOR PRODUCTION TO PLAINTIFF** |

Under Rules 26 and 34 of the Federal Rules of Civil Procedure and the Local Rules of this Court, Plaintiff RLH Assets, LLC d/b/a Foodwit ("Foodwit") respectfully submits the following objections and responses to Defendant's First Set of Requests for Production to Plaintiff, served by Defendant ESHA Research, LLC ("ESHA").

## GENERAL OBJECTIONS

Foodwit objects generally to these requests, including the definitions and instructions applicable thereto, to the extent set forth below. These objections are incorporated into Foodwit's response to each request, whether or not repeated or mentioned in Foodwit's response. Foodwit does not waive any of its general objections by also stating specific objections to any particular request.

1. Foodwit objects to the requests to the extent that they seek information that is neither relevant nor reasonably calculated to lead to the discovery of admissible evidence and proportional to the needs of the case, and to the extent these requests are unlimited in time or scope or reference information outside the scope of the litigation.

2. Foodwit objects to the requests to the extent they are overbroad, vague, ambiguous, unduly burdensome, or seek to impose obligations greater than those allowed by the Federal Rules of Civil Procedure and the Local Rules of this District.

3. Foodwit objects to these requests to the extent that they are vague, ambiguous, or worded in such a manner that Foodwit is unable to make an appropriate response.

4. In offering to produce various types of documents, information, or things, Foodwit makes no representation that any such documents, information, or things exist or are actually known, or not known, to exist.

5. Foodwit objects to these requests to the extent they seek information protected from disclosure by the attorney-client privilege, the work-product doctrine, common interest privilege, joint defense privilege or any other applicable privilege, immunity, or protection available under law. Foodwit uses the word "privilege" in these responses and objections to refer to each of the above grounds for protection from disclosure. Nothing contained in Foodwit's responses is intended to be, or in any way shall be deemed to be, a waiver of such applicable privilege. Foodwit has registered its privilege objections expressly as to each request that might reasonably be interpreted to encompass privileged information. To the extent that any other requests are construed to encompass privileged documents, Foodwit hereby incorporates this general objection.

6. Foodwit's responses to these requests are hereby made without waiving or intending to waive, but rather, to the contrary, by preserving and intending to preserve:

a. all questions as to the competence, relevance, materiality, and admissibility as evidence for any purpose of the information or documents, or the subject matter thereof, in any aspect of this action or any other court action or judicial or administrative proceeding or investigation;

b. the right to object on any ground to the use of any such information or documents, or the subject matter thereof, in any aspect of this action or any other court action or judicial or administrative proceeding or investigation;

c. the right to object at any time in connection with any further response to this or any other request for information or production of documents; and

d. the right at any time to supplement its responses.

7. Foodwit objects to ESHA's definition of "You" and "Your" and "Foodwit" to the extent that they seek to require Foodwit to produce or otherwise analyze any document or other information that is not within the possession, custody or control of Foodwit. Foodwit further objects to this definition as it refers to "Plaintiff RLH Assets, LLC, doing business as Foodwith" [sic]; Foodwit has not and does not operate under any name "Foodwith." Foodwit further objects to this definition to the extent that it purports to impute knowledge of unspecified or unknown parties or persons to Foodwit. Foodwit further objects to this definition to the extent that they include Foodwit's attorneys and, therefore, cause requests using "Foodwit," "You," or "Your" to improperly seek information protected by the attorney-client privilege, the work-product doctrine, the common-interest privilege and any other applicable privileges or immunities.

8. Foodwit objects to the definition of "Documents," and any definition or request directly or indirectly including the term "Documents," as overbroad, vague, ambiguous, unduly burdensome, not proportional to the needs of the case, and purporting to impose obligations beyond those permitted by the Federal Rules of Civil Procedure, to the extent that it includes anything other than the definition of "document" in Federal Rule of Civil Procedure 34(a)(1)(A). In answering any request directly or indirectly including the term "Documents," Foodwit will limit the scope of "Documents" to the definition of "document" in Federal Rule of Civil Procedure 34(a)(1)(A).

9. Foodwit objects to the definition of "Communications," and any definition or request directly or indirectly including the term "Communications," as overbroad, vague, ambiguous, unduly burdensome, and not proportional to the needs of the case to the extent that it includes anything other than the common-sense English meaning of the word "communications."

In answering any request directly or indirectly including the term "Communications," Foodwit will limit the scope of "Communications" to the common-sense English meaning of the word "communications."

10. Foodwit objects to the definition of "Identify.," [sic] and any definition or request directly or indirectly including the term "Identify," as overbroad, vague, ambiguous, unduly burdensome, not proportional to the needs of the case, and purporting to impose obligations beyond those permitted by the Federal Rules of Civil Procedure, to the extent that they include anything other than the common-sense English meaning of the word "identify." This definition is circular, overlapping, attempts to interpose interrogatory-like obligations in these requests for production, and attempts to require Foodwit to create documents in response to these requests. In answering any request directly or indirectly including the term "Identify," Foodwit will limit the scope of "Identify" to the common-sense English meaning of the word "identify."

11. Foodwit objects to the definitions of "and," "or," and "any," and any definition or request directly or indirectly including the term "and," "or," or "any," as overbroad, vague, ambiguous, unduly burdensome, not proportional to the needs of the case, and purporting to impose obligations beyond those permitted by the Federal Rules of Civil Procedure, to the extent that they include anything other than the common-sense English meaning of the words "and," "or," and "any." These definitions are circular and overlapping. ESHA's definition of the terms "and" and "or" states that if information would otherwise fall outside the scope of a Request, the definition of "and" and "or" shall make it fall within the scope of the Request. That is nonsensical, and would make everything under the Sun responsive to every request. In answering any request directly or indirectly including the terms "and," "or," and "any," Foodwit

will limit the scope of "and," "or" and "any," to the common-sense English meaning of the words "and," "or" and "any," respectively.

12. Foodwit objects to ESHA's definition of "relate" as overbroad, vague, ambiguous, unduly burdensome, and not proportional to the needs of the case to the extent that it includes anything other than the common-sense English meaning of the word "relate." ESHA's definition of this term states that it "and its variants encompass the terms 'refer,' 'reflect,' and 'concern,'" and shall include "any document or information that comprises, evidences, constitutes, describes, explicitly or implicitly refers to, was reviewed in conjunction with, or was generated as a result of the subject matter of the Request, including but not limited to all information that reflects, records, memorializes, discusses, evaluates, considers, reviews, reports, or otherwise evidences the existence of the subject matter of the Request." That is nonsensical, and would make everything under the Sun responsive to every request. In answering any request directly or indirectly including the term "relate," Foodwit will limit the scope of "relate" to the common-sense English meaning of the word "relate."

13. Foodwit objects to the instructions to the extent they are overbroad, vague, ambiguous, unduly burdensome, or seek to impose obligations greater than those allowed by the Federal Rules of Civil Procedure and the Local Rules of this District.

14. Foodwit anticipates that future discovery, independent investigation, or analysis will supply additional facts and add meaning to known facts, as well as establish new factual conclusions and legal contentions, all of which may lead to additions to, changes in, and variations from the responses set forth herein. Foodwit reserves the right to modify, supplement, withdraw, or otherwise alter its responses to these requests in accordance with the Federal Rules

of Civil Procedure and the Local Rules of the United States District Court for the District of Oregon, and the provisions of any applicable Protective Order.

## OBJECTIONS AND RESPONSES TO REQUESTS FOR PRODUCTIONS

**REQUEST FOR PRODUCTION NO. 1:**

All DOCUMENTS referenced in YOUR COMPLAINT.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 1:**

Foodwit incorporates its general objections as if fully set forth herein, including without limitation Foodwit's objections to ESHA's defined terms, and limits its response accordingly. Foodwit further objects to this request as unduly burdensome and overbroad, in particular insofar as it seeks "all documents" and is not limited in time. Foodwit further objects to this request as vague and ambiguous. Foodwit further objects to this request as it seeks information that is not within Foodwit's possession, custody or control. Foodwit further object to this request as it seeks information that is not reasonably accessible by Foodwit without undue burden and cost. Foodwit further objects to this request as it calls for information that Foodwit is not capable of producing (or not reasonably able to produce). Foodwit further objects to this request as it seeks business information of a confidential, proprietary, and sensitive nature. Foodwit further objects to this request as it seeks information already in the possession of ESHA or available to ESHA from other sources that are more convenient, less burdensome or less expensive. Foodwit further objects to this request as it seeks information not relevant to any claim or defense and not proportionate to the needs of the case. Foodwit further objects to this request as premature on the grounds that ESHA has not provided its required identification of its asserted trade secrets.

Foodwit's time to respond will commence upon ESHA's provision of the required identification of its trade secrets with sufficient particularity.

**FIRST SUPPLEMENTAL RESPONSE TO REQUEST FOR PRODUCTION NO. 1:**

Subject to and without waiver of its objections, Foodwit will produce responsive, non-privileged documents in its possession, custody or control located after a reasonable search.

**REQUEST FOR PRODUCTION NO. 2:**

All DOCUMENTS referencing YOUR COMMUNICATIONS with TRUSTWELL.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 2:**

Foodwit incorporates its general objections as if fully set forth herein, including without limitation Foodwit's objections to ESHA's defined terms, and limits its response accordingly. Foodwit further objects to this request as unduly burdensome and overbroad to the extent this request is unlimited in time and scope. Foodwit further objects to this request as it seeks information that is not within Foodwit's possession, custody or control. Foodwit further objects to this request as it seeks information that is not reasonably accessible by Foodwit without undue burden and cost. Foodwit further objects to this request as it calls for information that Foodwit is not capable of producing (or not reasonably able to produce). Foodwit further objects to this request as it seeks business information of a confidential, proprietary, and sensitive nature. Foodwit further objects to this request as it seeks information already in the possession of ESHA or available to ESHA from other sources that are more convenient, less burdensome or less expensive. Foodwit further objects to this request as it seeks information not relevant to any claim or defense and not proportionate to the needs of the case. Foodwit further objects to this request to the extent it seeks information protected by attorney-client privilege, the work-product

doctrine, the common-interest privilege, or other applicable privileges or immunities recognized by law, such as Federal Rule of Civil Procedure 26(b)(4)(B). Foodwit further objects to this request as premature on the grounds that ESHA has not provided its required identification of its asserted trade secrets. Foodwit's time to respond will commence upon ESHA's provision of the required identification of its trade secrets with sufficient particularity.

**REQUEST FOR PRODUCTION NO. 3:**

All DOCUMENTS reflecting or referencing any of YOUR agreements with TRUSTWELL, including but not limited to license agreements.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 3:**

Foodwit incorporates its general objections as if fully set forth herein, including without limitation Foodwit's objections to ESHA's defined terms, and limits its response accordingly. Foodwit further objects to this request as unduly burdensome and overbroad to the extent this request is unlimited in time and scope. Foodwit further objects to this request as it seeks information that is not within Foodwit's possession, custody or control. Foodwit further objects to this request as it seeks information that is not reasonably accessible by Foodwit without undue burden and cost. Foodwit further objects to this request as it calls for information that Foodwit is not capable of producing (or not reasonably able to produce). Foodwit further objects to this request as it seeks business information of a confidential, proprietary, and sensitive nature. Foodwit further objects to this request as it seeks information already in the possession of ESHA or available to ESHA from other sources that are more convenient, less burdensome or less expensive. Foodwit further objects to this request as it seeks information not relevant to any claim or defense and not proportionate to the needs of the case. Foodwit further objects to this

request to the extent it seeks information protected by attorney-client privilege, the work-product doctrine, the common-interest privilege, or other applicable privileges or immunities recognized by law, such as Federal Rule of Civil Procedure 26(b)(4)(B). Foodwit further objects to this request as premature on the grounds that ESHA has not provided its required identification of its asserted trade secrets. Foodwit's time to respond will commence upon ESHA's provision of the required identification of its trade secrets with sufficient particularity.

**FIRST SUPPLEMENTAL RESPONSE TO REQUEST FOR PRODUCTION NO. 3:**

Subject to and without waiver of its objections, Foodwit will produce responsive, non-privileged documents in its possession, custody or control located after a reasonable search.

**REQUEST FOR PRODUCTION NO. 4:**

All DOCUMENTS reflecting or referencing any amendments or changes that YOU believe were made to any terms or conditions of any of YOUR agreements with TRUSTWELL, including but not limited to license agreements.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 4:**

Foodwit incorporates its general objections as if fully set forth herein, including without limitation Foodwit's objections to ESHA's defined terms, and limits its response accordingly. Foodwit further objects to this request as unduly burdensome and overbroad to the extent this request is unlimited in time and scope. Foodwit further objects to this request as it seeks information that is not within Foodwit's possession, custody or control. Foodwit further objects to this request as it seeks information that is not reasonably accessible by Foodwit without undue burden and cost. Foodwit further objects to this request as it calls for information that Foodwit is not capable of producing (or not reasonably able to produce). Foodwit further objects to this

request as it seeks business information of a confidential, proprietary, and sensitive nature. Foodwit further objects to this request as it seeks information already in the possession of ESHA or available to ESHA from other sources that are more convenient, less burdensome or less expensive. Foodwit further objects to this request as it seeks information not relevant to any claim or defense and not proportionate to the needs of the case. Foodwit further objects to this request to the extent it seeks information protected by attorney-client privilege, the work-product doctrine, the common-interest privilege, or other applicable privileges or immunities recognized by law, such as Federal Rule of Civil Procedure 26(b)(4)(B). Foodwit further objects to this request as it improperly and prematurely seeks legal conclusions or analysis and/or expert opinions. Foodwit further objects to this request as premature on the grounds that ESHA has not provided its required identification of its asserted trade secrets. Foodwit's time to respond will commence upon ESHA's provision of the required identification of its trade secrets with sufficient particularity.

**FIRST SUPPLEMENTAL RESPONSE TO REQUEST FOR PRODUCTION NO. 4:**

Subject to and without waiver of its objections, Foodwit will produce responsive, non-privileged documents in its possession, custody or control located after a reasonable search.

**REQUEST FOR PRODUCTION NO. 5:**

All DOCUMENTS reflecting or referencing any efforts YOU made to comply with any terms or conditions of any of YOUR agreements with TRUSTWELL.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 5:**

Foodwit incorporates its general objections as if fully set forth herein, including without limitation Foodwit's objections to ESHA's defined terms, and limits its response accordingly.

Foodwit further objects to this request as unduly burdensome and overbroad to the extent this request is unlimited in time and scope. Foodwit further objects to this request as it is vague and ambiguous as to the phrase "any efforts YOU made to comply." Foodwit further objects to this request as it seeks information that is not reasonably accessible by Foodwit without undue burden and cost. Foodwit further objects to this request as it calls for information that Foodwit is not capable of producing (or not reasonably able to produce). Foodwit further objects to this request as it seeks business information of a confidential, proprietary, and sensitive nature. Foodwit further objects to this request as it seeks information already in the possession of ESHA or available to ESHA from other sources that are more convenient, less burdensome or less expensive. Foodwit further objects to this request as it seeks information not relevant to any claim or defense and not proportionate to the needs of the case. Foodwit further objects to this request to the extent it seeks information protected by attorney-client privilege, the work-product doctrine, the common-interest privilege, or other applicable privileges or immunities recognized by law, such as Federal Rule of Civil Procedure 26(b)(4)(B). Foodwit further objects to this request as it improperly and prematurely seeks legal conclusions or analysis and/or expert opinions. Foodwit further objects to this request as premature on the grounds that ESHA has not provided its required identification of its asserted trade secrets. Foodwit's time to respond will commence upon ESHA's provision of the required identification of its trade secrets with sufficient particularity.

**FIRST SUPPLEMENTAL RESPONSE TO REQUEST FOR PRODUCTION NO. 5:**

Subject to and without waiver of its objections, Foodwit will produce responsive, non-privileged documents in its possession, custody or control located after a reasonable search.

**REQUEST FOR PRODUCTION NO. 6:**

All COMMUNICATIONS with TRUSTWELL.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 6:**

Foodwit incorporates its general objections as if fully set forth herein, including without limitation Foodwit's objections to ESHA's defined terms, and limits its response accordingly. Foodwit further objects to this request as unduly burdensome and overbroad to the extent this request is unlimited in time and scope. Foodwit further objects to this request as it is unreasonably cumulative and duplicative. Foodwit further objects to this request as it seeks information that is not within Foodwit's possession, custody or control. Foodwit further objects to this request as it seeks information that is not reasonably accessible by Foodwit without undue burden and cost. Foodwit further objects to this request as it calls for information that Foodwit is not capable of producing (or not reasonably able to produce). Foodwit further objects to this request as it seeks information already in the possession of ESHA or available to ESHA from other sources that are more convenient, less burdensome or less expensive. Foodwit further objects to this request as it seeks information not relevant to any claim or defense and not proportionate to the needs of the case. Foodwit further objects to this request as premature on the grounds that ESHA has not provided its required identification of its asserted trade secrets. Foodwit's time to respond will commence upon ESHA's provision of the required identification of its trade secrets with sufficient particularity.

**FIRST SUPPLEMENTAL RESPONSE TO REQUEST FOR PRODUCTION NO. 6:**

Subject to and without waiver of its objections, Foodwit will produce responsive, non-privileged documents in its possession, custody or control located after a reasonable search.

**<u>REQUEST FOR PRODUCTION NO. 7:</u>**

All DOCUMENTS relating to TRUSTWELL.

**<u>RESPONSE TO REQUEST FOR PRODUCTION NO. 7:</u>**

Foodwit incorporates its general objections as if fully set forth herein, including without limitation Foodwit's objections to ESHA's defined terms, and limits its response accordingly. Foodwit further objects to this request as unduly burdensome and overbroad to the extent this request is unlimited in time and scope. Foodwit further objects to this request as it seeks information that is not within Foodwit's possession, custody or control. Foodwit further objects to this request as it seeks information that is not reasonably accessible by Foodwit without undue burden and cost. Foodwit further objects to this request as it calls for information that Foodwit is not capable of producing (or not reasonably able to produce). Foodwit further objects to this request as it seeks business information of a confidential, proprietary, and sensitive nature. Foodwit further objects to this request as it seeks information already in the possession of ESHA or available to ESHA from other sources that are more convenient, less burdensome or less expensive. Foodwit further objects to this request as it seeks information not relevant to any claim or defense and not proportionate to the needs of the case. Foodwit further objects to this request to the extent it seeks information protected by attorney-client privilege, the work-product doctrine, the common-interest privilege, or other applicable privileges or immunities recognized by law, such as Federal Rule of Civil Procedure 26(b)(4)(B). Foodwit further objects to this request as premature on the grounds that ESHA has not provided its required identification of its asserted trade secrets. Foodwit's time to respond will commence upon ESHA's provision of the required identification of its trade secrets with sufficient particularity.

**<u>REQUEST FOR PRODUCTION NO. 8:</u>**

All COMMUNICATIONS relating to TRUSTWELL, including but not limited to COMMUNICATIONS with employees, clients, or third parties, as well as online comments and discussions.

**<u>RESPONSE TO REQUEST FOR PRODUCTION NO. 8:</u>**

Foodwit incorporates its general objections as if fully set forth herein, including without limitation Foodwit's objections to ESHA's defined terms, and limits its response accordingly. Foodwit further objects to this request as unduly burdensome and overbroad to the extent this request is unlimited in time and scope. Foodwit further objects to this request as it is vague and ambiguous as to the phrases "online comments and discussions." Foodwit further objects to this request as it is unreasonably cumulative and duplicative. Foodwit further objects to this request as it seeks information that is not within Foodwit's possession, custody or control. Foodwit further objects to this request as it seeks information that is not reasonably accessible by Foodwit without undue burden and cost. Foodwit further objects to this request as it calls for information that Foodwit is not capable of producing (or not reasonably able to produce). Foodwit further objects to this request as it seeks information already in the possession of ESHA or available to ESHA from other sources that are more convenient, less burdensome or less expensive. Foodwit further objects to this request as it seeks information not relevant to any claim or defense and not proportionate to the needs of the case. Foodwit further objects to this request to the extent it seeks information protected by attorney-client privilege, the work-product doctrine, the common-interest privilege, or other applicable privileges or immunities recognized by law, such as Federal Rule of Civil Procedure 26(b)(4)(B). Foodwit further objects to this request as

premature on the grounds that ESHA has not provided its required identification of its asserted trade secrets. Foodwit's time to respond will commence upon ESHA's provision of the required identification of its trade secrets with sufficient particularity.

**REQUEST FOR PRODUCTION NO. 9:**

All DOCUMENTS reflecting or referencing any payments YOU made to TRUSTWELL.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 9:**

Foodwit incorporates its general objections as if fully set forth herein, including without limitation Foodwit's objections to ESHA's defined terms, and limits its response accordingly. Foodwit further objects to this request as unduly burdensome and overbroad to the extent this request is unlimited in time and scope. Foodwit further objects to this request as it seeks information that is not reasonably accessible by Foodwit without undue burden and cost. Foodwit further objects to this request as it calls for information that Foodwit is not capable of producing (or not reasonably able to produce). Foodwit further objects to this request as it seeks business information of a confidential, proprietary, and sensitive nature. Foodwit further objects to this request as it seeks information already in the possession of ESHA or available to ESHA from other sources that are more convenient, less burdensome or less expensive. Foodwit further objects to this request as it seeks information not relevant to any claim or defense and not proportionate to the needs of the case. Foodwit further objects to this request to the extent it seeks information protected by attorney-client privilege, the work-product doctrine, the common-interest privilege, or other applicable privileges or immunities recognized by law, such as Federal Rule of Civil Procedure 26(b)(4)(B). Foodwit further objects to this request as premature on the grounds that ESHA has not provided its required identification of its asserted

trade secrets. Foodwit's time to respond will commence upon ESHA's provision of the required identification of its trade secrets with sufficient particularity.

**FIRST SUPPLEMENTAL RESPONSE TO REQUEST FOR PRODUCTION NO. 9:**

Subject to and without waiver of its objections, Foodwit will produce responsive, non-privileged documents in its possession, custody or control located after a reasonable search.

**REQUEST FOR PRODUCTION NO. 10:**

All software and data that YOU received from TRUSTWELL.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 10:**

Foodwit incorporates its general objections as if fully set forth herein, including without limitation Foodwit's objections to ESHA's defined terms, and limits its response accordingly. Foodwit further objects to this request as unduly burdensome and overbroad to the extent this request is unlimited in time and scope. Foodwit further objects to this request as it seeks information that is not within Foodwit's possession, custody or control. Foodwit further objects to this request as it seeks information that is not reasonably accessible by Foodwit without undue burden and cost. Foodwit further objects to this request as it calls for information that Foodwit is not capable of producing (or not reasonably able to produce). Foodwit further objects to this request as it seeks business information of a confidential, proprietary, and sensitive nature. Foodwit further objects to this request as it seeks information already in the possession of ESHA or available to ESHA from other sources that are more convenient, less burdensome or less expensive. Foodwit further objects to this request as premature on the grounds that ESHA has not provided its required identification of its asserted trade secrets. Foodwit's time to respond

will commence upon ESHA's provision of the required identification of its trade secrets with sufficient particularity.

**FIRST SUPPLEMENTAL RESPONSE TO REQUEST FOR PRODUCTION NO. 10:**

Subject to and without waiver of its objections, Foodwit will produce responsive, non-privileged documents concerning software provided by ESHA in its possession, custody or control located after a reasonable search. To the extent this request calls for all data including all nutrition labels or customer data Foodwit ever generated using any ESHA software, Foodwit will not search for such data, as it is overly burdensome and harassing, not relevant to any claim or defense, and not proportional to the needs of the case.

**REQUEST FOR PRODUCTION NO. 11:**

All DOCUMENTS reflecting or referencing the ways in which YOU used any software or data that YOU received from TRUSTWELL.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 11:**

Foodwit incorporates its general objections as if fully set forth herein, including without limitation Foodwit's objections to ESHA's defined terms, and limits its response accordingly. Foodwit further objects to this request as unduly burdensome and overbroad to the extent this request is unlimited in time and scope. Foodwit further objects to this request as it is vague and ambiguous as to the phrase "the ways in which YOU used any software or data." Foodwit further objects to this request as it seeks information that is not within Foodwit's possession, custody or control. Foodwit further objects to this request as it seeks information that is not reasonably accessible by Foodwit without undue burden and cost. Foodwit further objects to this request as it calls for information that Foodwit is not capable of producing (or not reasonably

able to produce). Foodwit further objects to this request as it seeks business information of a confidential, proprietary, and sensitive nature. Foodwit further objects to this request as it seeks information already in the possession of ESHA or available to ESHA from other sources that are more convenient, less burdensome or less expensive. Foodwit further objects to this request as it seeks information not relevant to any claim or defense and not proportionate to the needs of the case. Foodwit further objects to this request to the extent it seeks information protected by attorney-client privilege, the work-product doctrine, the common-interest privilege, or other applicable privileges or immunities recognized by law, such as Federal Rule of Civil Procedure 26(b)(4)(B). Foodwit further objects to this request as it improperly and prematurely seeks legal conclusions or analysis and/or expert opinions. Foodwit further objects to this request as premature on the grounds that ESHA has not provided its required identification of its asserted trade secrets. Foodwit's time to respond will commence upon ESHA's provision of the required identification of its trade secrets with sufficient particularity.

**FIRST SUPPLEMENTAL RESPONSE TO REQUEST FOR PRODUCTION NO. 11:**

Subject to and without waiver of its objections, Foodwit will produce responsive, non-privileged documents concerning software provided by ESHA in its possession, custody or control located after a reasonable search. To the extent this request calls for all data including all nutrition labels or customer data Foodwit ever generated using any ESHA software, Foodwit will not search for such data, as it is overly burdensome and harassing, not relevant to any claim or defense, and not proportional to the needs of the case.

**REQUEST FOR PRODUCTION NO. 12:**

All DOCUMENTS relating to the use of any software or data received from TRUSTWELL in any of YOUR products or services.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 12:**

Foodwit incorporates its general objections as if fully set forth herein, including without limitation Foodwit's objections to ESHA's defined terms, and limits its response accordingly. Foodwit further objects to this request as unduly burdensome and overbroad to the extent this request is unlimited in time and scope. Foodwit further objects to this request as it seeks information that is not within Foodwit's possession, custody or control. Foodwit further objects to this request as it seeks information that is not reasonably accessible by Foodwit without undue burden and cost. Foodwit further objects to this request as it calls for information that Foodwit is not capable of producing (or not reasonably able to produce). Foodwit further objects to this request as it seeks business information of a confidential, proprietary, and sensitive nature. Foodwit further objects to this request as it seeks information already in the possession of ESHA or available to ESHA from other sources that are more convenient, less burdensome or less expensive. Foodwit further objects to this request as it seeks information not relevant to any claim or defense and not proportionate to the needs of the case. Foodwit further objects to this request to the extent it seeks information protected by attorney-client privilege, the work-product doctrine, the common-interest privilege, or other applicable privileges or immunities recognized by law, such as Federal Rule of Civil Procedure 26(b)(4)(B). Foodwit further objects to this request as it improperly and prematurely seeks legal conclusions or analysis and/or expert opinions. Foodwit further objects to this request as premature on the grounds that ESHA has not

provided its required identification of its asserted trade secrets. Foodwit's time to respond will commence upon ESHA's provision of the required identification of its trade secrets with sufficient particularity.

**FIRST SUPPLEMENTAL RESPONSE TO REQUEST FOR PRODUCTION NO. 12:**

Subject to and without waiver of its objections, Foodwit will produce responsive, non-privileged documents concerning software provided by ESHA in its possession, custody or control located after a reasonable search. To the extent this request calls for all data including all nutrition labels or customer data Foodwit ever generated using any ESHA software, Foodwit will not search for such data, as it is overly burdensome and harassing, not relevant to any claim or defense, and not proportional to the needs of the case.

**REQUEST FOR PRODUCTION NO. 13:**

All DOCUMENTS relating to any security policies, practices, or protocols that YOU implemented or followed with respect to any software or data YOU received from TRUSTWELL.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 13:**

Foodwit incorporates its general objections as if fully set forth herein, including without limitation Foodwit's objections to ESHA's defined terms, and limits its response accordingly. Foodwit further objects to this request as unduly burdensome and overbroad to the extent this request is unlimited in time and scope. Foodwit further objects to this request as it seeks information that is not within Foodwit's possession, custody or control. Foodwit further objects to this request as it seeks information that is not reasonably accessible by Foodwit without undue burden and cost. Foodwit further objects to this request as it calls for information that Foodwit is

not capable of producing (or not reasonably able to produce). Foodwit further objects to this request as it seeks business information of a confidential, proprietary, and sensitive nature. Foodwit further objects to this request as it seeks information already in the possession of ESHA or available to ESHA from other sources that are more convenient, less burdensome or less expensive. Foodwit further objects to this request as it seeks information not relevant to any claim or defense and not proportionate to the needs of the case. Foodwit further objects to this request to the extent it seeks information protected by attorney-client privilege, the work-product doctrine, the common-interest privilege, or other applicable privileges or immunities recognized by law, such as Federal Rule of Civil Procedure 26(b)(4)(B). Foodwit further objects to this request as premature on the grounds that ESHA has not provided its required identification of its asserted trade secrets. Foodwit's time to respond will commence upon ESHA's provision of the required identification of its trade secrets with sufficient particularity.

**FIRST SUPPLEMENTAL RESPONSE TO REQUEST FOR PRODUCTION NO. 13:**

Subject to and without waiver of its objections, Foodwit will produce responsive, non-privileged documents concerning software provided by ESHA in its possession, custody or control located after a reasonable search. To the extent this request calls for all data including all nutrition labels or customer data Foodwit ever generated using any ESHA software, Foodwit will not search for such data, as it is overly burdensome and harassing, not relevant to any claim or defense, and not proportional to the needs of the case.

**REQUEST FOR PRODUCTION NO. 14:**

All DOCUMENTS relating to any security policies, practices, or protocols that YOU implemented or followed with respect to YOUR intellectual property or other confidential information since 2017.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 14:**

Foodwit incorporates its general objections as if fully set forth herein, including without limitation Foodwit's objections to ESHA's defined terms, and limits its response accordingly. Foodwit further objects to this request as unduly burdensome and overbroad to the extent this request is unlimited in scope. Foodwit further objects to this request as it seeks information that is not within Foodwit's possession, custody or control. Foodwit further objects to this request as it seeks information that is not reasonably accessible by Foodwit without undue burden and cost. Foodwit further objects to this request as it calls for information that Foodwit is not capable of producing (or not reasonably able to produce). Foodwit further objects to this request as it seeks business information of a confidential, proprietary, and sensitive nature. Foodwit further objects to this request as it seeks information already in the possession of ESHA or available to ESHA from other sources that are more convenient, less burdensome or less expensive. Foodwit further objects to this request as it seeks information not relevant to any claim or defense and not proportionate to the needs of the case. Foodwit further objects to this request to the extent it seeks information protected by attorney-client privilege, the work-product doctrine, the common-interest privilege, or other applicable privileges or immunities recognized by law, such as Federal Rule of Civil Procedure 26(b)(4)(B). Foodwit further objects to this request as premature on the grounds that ESHA has not provided its required identification of its asserted

trade secrets. Foodwit's time to respond will commence upon ESHA's provision of the required identification of its trade secrets with sufficient particularity.

**FIRST SUPPLEMENTAL RESPONSE TO REQUEST FOR PRODUCTION NO. 14:**

Subject to and without waiver of its objections, Foodwit will produce responsive, non-privileged documents in its possession, custody or control located after a reasonable search.

**REQUEST FOR PRODUCTION NO. 15:**

All DOCUMENTS reflecting or referencing how YOU maintained any software or data that YOU received from TRUSTWELL.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 15:**

Foodwit incorporates its general objections as if fully set forth herein, including without limitation Foodwit's objections to ESHA's defined terms, and limits its response accordingly. Foodwit further objects to this request as unduly burdensome and overbroad to the extent this request is unlimited in time and scope. Foodwit further objects to this request as it seeks information that is not within Foodwit's possession, custody or control. Foodwit further objects to this request as it seeks information that is not reasonably accessible by Foodwit without undue burden and cost. Foodwit further objects to this request as it calls for information that Foodwit is not capable of producing (or not reasonably able to produce). Foodwit further objects to this request as it seeks business information of a confidential, proprietary, and sensitive nature. Foodwit further objects to this request as it seeks information already in the possession of ESHA or available to ESHA from other sources that are more convenient, less burdensome or less expensive. Foodwit further objects to this request as it seeks information not relevant to any claim or defense and not proportionate to the needs of the case. Foodwit further objects to this

request to the extent it seeks information protected by attorney-client privilege, the work-product doctrine, the common-interest privilege, or other applicable privileges or immunities recognized by law, such as Federal Rule of Civil Procedure 26(b)(4)(B). Foodwit further objects to this request as premature on the grounds that ESHA has not provided its required identification of its asserted trade secrets. Foodwit's time to respond will commence upon ESHA's provision of the required identification of its trade secrets with sufficient particularity.

**FIRST SUPPLEMENTAL RESPONSE TO REQUEST FOR PRODUCTION NO. 15:**

Subject to and without waiver of its objections, Foodwit will produce responsive, non-privileged documents concerning software provided by ESHA in its possession, custody or control located after a reasonable search. To the extent this request calls for all data including all nutrition labels or customer data Foodwit ever generated using any ESHA software, Foodwit will not search for such data, as it is overly burdensome and harassing, not relevant to any claim or defense, and not proportional to the needs of the case.

**REQUEST FOR PRODUCTION NO. 16:**

All DOCUMENTS reflecting or referencing any marketing or advertising of YOUR products or services that utilized or were based on any software or data that YOU received from TRUSTWELL.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 16:**

Foodwit incorporates its general objections as if fully set forth herein, including without limitation Foodwit's objections to ESHA's defined terms, and limits its response accordingly. Foodwit further objects to this request as unduly burdensome and overbroad to the extent this request is unlimited in time and scope. Foodwit further objects to this request as it seeks

information that is not within Foodwit's possession, custody or control. Foodwit further objects to this request as it seeks information that is not reasonably accessible by Foodwit without undue burden and cost. Foodwit further objects to this request as it calls for information that Foodwit is not capable of producing (or not reasonably able to produce). Foodwit further objects to this request as it seeks business information of a confidential, proprietary, and sensitive nature. Foodwit further objects to this request as it seeks information already in the possession of ESHA or available to ESHA from other sources that are more convenient, less burdensome or less expensive. Foodwit further objects to this request as it seeks information not relevant to any claim or defense and not proportionate to the needs of the case. Foodwit further objects to this request as it improperly and prematurely seeks legal conclusions or analysis and/or expert opinions. Foodwit further objects to this request as premature on the grounds that ESHA has not provided its required identification of its asserted trade secrets. Foodwit's time to respond will commence upon ESHA's provision of the required identification of its trade secrets with sufficient particularity.

**FIRST SUPPLEMENTAL RESPONSE TO REQUEST FOR PRODUCTION NO. 16:**

Subject to and without waiver of its objections, Foodwit will produce responsive, non-privileged documents in its possession, custody or control located after a reasonable search.

**REQUEST FOR PRODUCTION NO. 17:**

All DOCUMENTS reflecting or referencing any sales of YOUR products or services that utilized or were based on any software or data that YOU received from TRUSTWELL.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 17:**

Foodwit incorporates its general objections as if fully set forth herein, including without limitation Foodwit's objections to ESHA's defined terms, and limits its response accordingly. Foodwit further objects to this request as unduly burdensome and overbroad to the extent this request is unlimited in time and scope. Foodwit further objects to this request as it seeks information that is not within Foodwit's possession, custody or control. Foodwit further objects to this request as it seeks information that is not reasonably accessible by Foodwit without undue burden and cost. Foodwit further objects to this request as it calls for information that Foodwit is not capable of producing (or not reasonably able to produce). Foodwit further objects to this request as it seeks business information of a confidential, proprietary, and sensitive nature. Foodwit further objects to this request as it seeks information already in the possession of ESHA or available to ESHA from other sources that are more convenient, less burdensome or less expensive. Foodwit further objects to this request as it seeks information not relevant to any claim or defense and not proportionate to the needs of the case. Foodwit further objects to this request as it improperly and prematurely seeks legal conclusions or analysis and/or expert opinions. Foodwit further objects to this request as premature on the grounds that ESHA has not provided its required identification of its asserted trade secrets. Foodwit's time to respond will commence upon ESHA's provision of the required identification of its trade secrets with sufficient particularity.

**FIRST SUPPLEMENTAL RESPONSE TO REQUEST FOR PRODUCTION NO. 17:**

Subject to and without waiver of its objections, Foodwit will produce responsive, non-privileged documents in its possession, custody or control located after a reasonable search.

**REQUEST FOR PRODUCTION NO. 18:**

DOCUMENTS sufficient to IDENTIFY all clients to which any of YOUR products or services that utilized or were based on any software or data that YOU received from TRUSTWELL were advertised or marketed.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 18:**

Foodwit incorporates its general objections as if fully set forth herein, including without limitation Foodwit's objections to ESHA's defined terms, and limits its response accordingly. Foodwit further objects to this request as unduly burdensome and overbroad to the extent this request is unlimited in time and scope. Foodwit further objects to this request as it seeks information that is not within Foodwit's possession, custody or control. Foodwit further objects to this request as it seeks information that is not reasonably accessible by Foodwit without undue burden and cost. Foodwit further objects to this request as it calls for information that Foodwit is not capable of producing (or not reasonably able to produce). Foodwit further objects to this request as it seeks business information of a confidential, proprietary, and sensitive nature. Foodwit further objects to this request as it seeks information already in the possession of ESHA or available to ESHA from other sources that are more convenient, less burdensome or less expensive. Foodwit further objects to this request as it seeks information not relevant to any claim or defense and not proportionate to the needs of the case. Foodwit further objects to this request as it improperly and prematurely seeks legal conclusions or analysis and/or expert opinions. Foodwit further objects to this request as premature on the grounds that ESHA has not provided its required identification of its asserted trade secrets. Foodwit's time to respond will

commence upon ESHA's provision of the required identification of its trade secrets with sufficient particularity.

**FIRST SUPPLEMENTAL RESPONSE TO REQUEST FOR PRODUCTION NO. 18:**

Subject to and without waiver of its objections, Foodwit will produce responsive, non-privileged documents in its possession, custody or control located after a reasonable search.

**REQUEST FOR PRODUCTION NO. 19:**

DOCUMENTS sufficient to IDENTIFY all clients to which any of YOUR products or services that utilized or were based on any software or data that YOU received from TRUSTWELL were sold.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 19:**

Foodwit incorporates its general objections as if fully set forth herein, including without limitation Foodwit's objections to ESHA's defined terms, and limits its response accordingly. Foodwit further objects to this request as unduly burdensome and overbroad to the extent this request is unlimited in time and scope. Foodwit further objects to this request as it seeks information that is not within Foodwit's possession, custody or control. Foodwit further objects to this request as it seeks information that is not reasonably accessible by Foodwit without undue burden and cost. Foodwit further objects to this request as it calls for information that Foodwit is not capable of producing (or not reasonably able to produce). Foodwit further objects to this request as it seeks business information of a confidential, proprietary, and sensitive nature. Foodwit further objects to this request as it seeks information already in the possession of ESHA or available to ESHA from other sources that are more convenient, less burdensome or less expensive. Foodwit further objects to this request as it seeks information not relevant to any

claim or defense and not proportionate to the needs of the case. Foodwit further objects to this request as it improperly and prematurely seeks legal conclusions or analysis and/or expert opinions. Foodwit further objects to this request as premature on the grounds that ESHA has not provided its required identification of its asserted trade secrets. Foodwit's time to respond will commence upon ESHA's provision of the required identification of its trade secrets with sufficient particularity.

**FIRST SUPPLEMENTAL RESPONSE TO REQUEST FOR PRODUCTION NO. 19:**

Subject to and without waiver of its objections, Foodwit will produce responsive, non-privileged documents in its possession, custody or control located after a reasonable search.

**REQUEST FOR PRODUCTION NO. 20:**

DOCUMENTS sufficient to IDENTIFY all revenues from any sales of YOUR products or services that utilized or were based on any software or data that YOU received from TRUSTWELL.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 20:**

Foodwit incorporates its general objections as if fully set forth herein, including without limitation Foodwit's objections to ESHA's defined terms, and limits its response accordingly. Foodwit further objects to this request as unduly burdensome and overbroad to the extent this request is unlimited in time and scope. Foodwit further objects to this request as it seeks information that is not within Foodwit's possession, custody or control. Foodwit further objects to this request as it seeks information that is not reasonably accessible by Foodwit without undue burden and cost. Foodwit further objects to this request as it calls for information that Foodwit is not capable of producing (or not reasonably able to produce). Foodwit further objects to this

request as it seeks business information of a confidential, proprietary, and sensitive nature. Foodwit further objects to this request as it seeks information already in the possession of ESHA or available to ESHA from other sources that are more convenient, less burdensome or less expensive. Foodwit further objects to this request as it seeks information not relevant to any claim or defense and not proportionate to the needs of the case. Foodwit further objects to this request as it improperly and prematurely seeks legal conclusions or analysis and/or expert opinions. Foodwit further objects to this request as premature on the grounds that ESHA has not provided its required identification of its asserted trade secrets. Foodwit's time to respond will commence upon ESHA's provision of the required identification of its trade secrets with sufficient particularity.

**FIRST SUPPLEMENTAL RESPONSE TO REQUEST FOR PRODUCTION NO. 20:**

Subject to and without waiver of its objections, Foodwit will produce responsive, non-privileged documents in its possession, custody or control located after a reasonable search.

**REQUEST FOR PRODUCTION NO. 21:**

DOCUMENTS sufficient to IDENTIFY all profits realized from any sales of YOUR products or services that utilized or were based on any software or data that YOU received from TRUSTWELL.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 21:**

Foodwit incorporates its general objections as if fully set forth herein, including without limitation Foodwit's objections to ESHA's defined terms, and limits its response accordingly. Foodwit further objects to this request as unduly burdensome and overbroad to the extent this request is unlimited in time and scope. Foodwit further objects to this request as it seeks

information that is not within Foodwit's possession, custody or control. Foodwit further objects to this request as it seeks information that is not reasonably accessible by Foodwit without undue burden and cost. Foodwit further objects to this request as it calls for information that Foodwit is not capable of producing (or not reasonably able to produce). Foodwit further objects to this request as it seeks business information of a confidential, proprietary, and sensitive nature. Foodwit further objects to this request as it seeks information already in the possession of ESHA or available to ESHA from other sources that are more convenient, less burdensome or less expensive. Foodwit further objects to this request as it seeks information not relevant to any claim or defense and not proportionate to the needs of the case. Foodwit further objects to this request as it improperly and prematurely seeks legal conclusions or analysis and/or expert opinions. Foodwit further objects to this request as premature on the grounds that ESHA has not provided its required identification of its asserted trade secrets. Foodwit's time to respond will commence upon ESHA's provision of the required identification of its trade secrets with sufficient particularity.

**FIRST SUPPLEMENTAL RESPONSE TO REQUEST FOR PRODUCTION NO. 21:**

Subject to and without waiver of its objections, Foodwit will produce responsive, non-privileged documents in its possession, custody or control located after a reasonable search.

**REQUEST FOR PRODUCTION NO. 22:**

DOCUMENTS sufficient to IDENTIFY YOUR annual revenues since 2017.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 22:**

Foodwit incorporates its general objections as if fully set forth herein, including without limitation Foodwit's objections to ESHA's defined terms, and limits its response accordingly.

Foodwit further objects to this request as it seeks information that is not reasonably accessible by Foodwit without undue burden and cost. Foodwit further objects to this request as it calls for information that Foodwit is not capable of producing (or not reasonably able to produce). Foodwit further objects to this request as it seeks business information of a confidential, proprietary, and sensitive nature. Foodwit further objects to this request as it seeks information not relevant to any claim or defense and not proportionate to the needs of the case. Foodwit further objects to this request as premature on the grounds that ESHA has not provided its required identification of its asserted trade secrets. Foodwit's time to respond will commence upon ESHA's provision of the required identification of its trade secrets with sufficient particularity.

**REQUEST FOR PRODUCTION NO. 23:**

YOUR annual tax returns since 2017.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 23:**

Foodwit incorporates its general objections as if fully set forth herein, including without limitation Foodwit's objections to ESHA's defined terms, and limits its response accordingly. Foodwit further objects to this request as it seeks information that is not reasonably accessible by Foodwit without undue burden and cost. Foodwit further objects to this request as it calls for information that Foodwit is not capable of producing (or not reasonably able to produce). Foodwit further objects to this request as it seeks business information of a confidential, proprietary, and sensitive nature. Foodwit further objects to this request as it seeks information not relevant to any claim or defense and not proportionate to the needs of the case. Foodwit further objects to this request as premature on the grounds that ESHA has not provided its

required identification of its asserted trade secrets. Foodwit's time to respond will commence upon ESHA's provision of the required identification of its trade secrets with sufficient particularity.

**REQUEST FOR PRODUCTION NO. 24:**

DOCUMENTS sufficient to IDENTIFY all clients or customers that have paid for access to or use of any of YOUR products or services each year since 2017.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 24:**

Foodwit incorporates its general objections as if fully set forth herein, including without limitation Foodwit's objections to ESHA's defined terms, and limits its response accordingly. Foodwit further objects to this request as unduly burdensome and overbroad to the extent this request is unlimited in scope. Foodwit further objects to this request as it seeks information that is not reasonably accessible by Foodwit without undue burden and cost. Foodwit further objects to this request as it calls for information that Foodwit is not capable of producing (or not reasonably able to produce). Foodwit further objects to this request as it seeks business information of a confidential, proprietary, and sensitive nature. Foodwit further objects to this request as it seeks information not relevant to any claim or defense and not proportionate to the needs of the case. Foodwit further objects to this request as premature on the grounds that ESHA has not provided its required identification of its asserted trade secrets. Foodwit's time to respond will commence upon ESHA's provision of the required identification of its trade secrets with sufficient particularity.

**REQUEST FOR PRODUCTION NO. 25:**

DOCUMENTS sufficient to IDENTIFY all products and services YOU have sold to clients since 2017.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 25:**

Foodwit incorporates its general objections as if fully set forth herein, including without limitation Foodwit's objections to ESHA's defined terms, and limits its response accordingly. Foodwit further objects to this request as unduly burdensome and overbroad to the extent this request is unlimited in scope. Foodwit further objects to this request as it seeks information that is not reasonably accessible by Foodwit without undue burden and cost. Foodwit further objects to this request as it calls for information that Foodwit is not capable of producing (or not reasonably able to produce). Foodwit further objects to this request as it seeks business information of a confidential, proprietary, and sensitive nature. Foodwit further objects to this request as it seeks information not relevant to any claim or defense and not proportionate to the needs of the case. Foodwit further objects to this request as premature on the grounds that ESHA has not provided its required identification of its asserted trade secrets. Foodwit's time to respond will commence upon ESHA's provision of the required identification of its trade secrets with sufficient particularity.

**REQUEST FOR PRODUCTION NO. 26:**

All interviews conducted by Becki Holmes since 2017.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 26:**

Foodwit incorporates its general objections as if fully set forth herein, including without limitation Foodwit's objections to ESHA's defined terms, and limits its response accordingly.

Foodwit further objects to this request as unduly burdensome and overbroad to the extent this request is unlimited in scope. Foodwit further objects to this request as it is vague and ambiguous as to the phrase "interviews conducted by Becki Holmes." Foodwit further objects to this request as it seeks information that is not within Foodwit's possession, custody or control. Foodwit further objects to this request as it seeks information that is not reasonably accessible by Foodwit without undue burden and cost. Foodwit further objects to this request as it calls for information that Foodwit is not capable of producing (or not reasonably able to produce). Foodwit further objects to this request as it seeks business information of a confidential, proprietary, and sensitive nature. Foodwit further objects to this request as it seeks information already in the possession of ESHA or available to ESHA from other sources that are more convenient, less burdensome or less expensive. Foodwit further objects to this request as it seeks information not relevant to any claim or defense and not proportionate to the needs of the case. Foodwit further objects to this request as premature on the grounds that ESHA has not provided its required identification of its asserted trade secrets. Foodwit's time to respond will commence upon ESHA's provision of the required identification of its trade secrets with sufficient particularity.

**REQUEST FOR PRODUCTION NO. 27:**

All DOCUMENTS supporting any affirmative defenses YOU assert in this ACTION.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 27:**

Foodwit incorporates its general objections as if fully set forth herein, including without limitation Foodwit's objections to ESHA's defined terms, and limits its response accordingly. Foodwit further objects to this request as unduly burdensome and overbroad to the extent this

request is unlimited in time and scope. Foodwit further objects to this request as it seeks information that is not within Foodwit's possession, custody or control. Foodwit further objects to this request as it seeks information that is not reasonably accessible by Foodwit without undue burden and cost. Foodwit further objects to this request as it calls for information that Foodwit is not capable of producing (or not reasonably able to produce). Foodwit further objects to this request as it seeks business information of a confidential, proprietary, and sensitive nature. Foodwit further objects to this request as it seeks information already in the possession of ESHA or available to ESHA from other sources that are more convenient, less burdensome or less expensive. Foodwit further objects to this request as it seeks information not relevant to any claim or defense and not proportionate to the needs of the case. Foodwit further objects to this request to the extent it seeks information protected by attorney-client privilege, the work-product doctrine, the common-interest privilege, or other applicable privileges or immunities recognized by law, such as Federal Rule of Civil Procedure 26(b)(4)(B). Foodwit further objects to this request as it improperly and prematurely seeks legal conclusions or analysis and/or expert opinions. Foodwit further objects to this request as premature on the grounds that ESHA has not provided its required identification of its asserted trade secrets. Foodwit's time to respond will commence upon ESHA's provision of the required identification of its trade secrets with sufficient particularity.

**FIRST SUPPLEMENTAL RESPONSE TO REQUEST FOR PRODUCTION NO. 27:**

Subject to and without waiver of its objections, Foodwit will produce responsive, non-privileged documents in its possession, custody or control located after a reasonable search.

**REQUEST FOR PRODUCTION NO. 28:**

All DOCUMENTS reflecting or IDENTIFYING the "market for SaaS-based applications for packaged food-labeling compliance in the United States," as alleged in paragraph 151 of YOUR COMPLAINT.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 28:**

Foodwit incorporates its general objections as if fully set forth herein, including without limitation Foodwit's objections to ESHA's defined terms, and limits its response accordingly. Foodwit further objects to this request as unduly burdensome and overbroad to the extent this request is unlimited in time and scope. Foodwit further objects to this request as it seeks information that is not within Foodwit's possession, custody or control. Foodwit further objects to this request as it seeks information that is not reasonably accessible by Foodwit without undue burden and cost. Foodwit further objects to this request as it calls for information that Foodwit is not capable of producing (or not reasonably able to produce). Foodwit further objects to this request as it seeks information already in the possession of ESHA or available to ESHA from other sources that are more convenient, less burdensome or less expensive. Foodwit further objects to this request as it seeks information not relevant to any claim or defense and not proportionate to the needs of the case. Foodwit further objects to this request to the extent it seeks information protected by attorney-client privilege, the work-product doctrine, the common-interest privilege, or other applicable privileges or immunities recognized by law, such as Federal Rule of Civil Procedure 26(b)(4)(B). Foodwit further objects to this request as it improperly and prematurely seeks legal conclusions or analysis and/or expert opinions. Foodwit further objects to this request as premature on the grounds that ESHA has not provided its

required identification of its asserted trade secrets. Foodwit's time to respond will commence upon ESHA's provision of the required identification of its trade secrets with sufficient particularity.

**FIRST SUPPLEMENTAL RESPONSE TO REQUEST FOR PRODUCTION NO. 28:**

Subject to and without waiver of its objections, Foodwit will produce responsive, non-privileged documents in its possession, custody or control located after a reasonable search.

**REQUEST FOR PRODUCTION NO. 29:**

DOCUMENTS sufficient to IDENTIFY the "reasonably interchangeable" "[p]roducts in the U.S. market for SaaS-based applications for packaged food-labeling compliance," as alleged in paragraph 152 of YOUR COMPLAINT.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 29:**

Foodwit incorporates its general objections as if fully set forth herein, including without limitation Foodwit's objections to ESHA's defined terms, and limits its response accordingly. Foodwit further objects to this request as unduly burdensome and overbroad to the extent this request is unlimited in time and scope. Foodwit further objects to this request as it seeks information that is not within Foodwit's possession, custody or control. Foodwit further objects to this request as it seeks information that is not reasonably accessible by Foodwit without undue burden and cost. Foodwit further objects to this request as it calls for information that Foodwit is not capable of producing (or not reasonably able to produce). Foodwit further objects to this request as it seeks information already in the possession of ESHA or available to ESHA from other sources that are more convenient, less burdensome or less expensive. Foodwit further objects to this request as it seeks information not relevant to any claim or defense and not

proportionate to the needs of the case. Foodwit further objects to this request to the extent it seeks information protected by attorney-client privilege, the work-product doctrine, the common-interest privilege, or other applicable privileges or immunities recognized by law, such as Federal Rule of Civil Procedure 26(b)(4)(B). Foodwit further objects to this request as it improperly and prematurely seeks legal conclusions or analysis and/or expert opinions. Foodwit further objects to this request as premature on the grounds that ESHA has not provided its required identification of its asserted trade secrets. Foodwit's time to respond will commence upon ESHA's provision of the required identification of its trade secrets with sufficient particularity.

**FIRST SUPPLEMENTAL RESPONSE TO REQUEST FOR PRODUCTION NO. 29:**

Subject to and without waiver of its objections, Foodwit will produce responsive, non-privileged documents in its possession, custody or control located after a reasonable search.

**REQUEST FOR PRODUCTION NO. 30:**

DOCUMENTS sufficient to IDENTIFY the "small handful of players" in the "U.S. market for SaaS-based applications for packaged food-labeling compliance," as alleged in paragraph 154 of YOUR COMPLAINT.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 30:**

Foodwit incorporates its general objections as if fully set forth herein, including without limitation Foodwit's objections to ESHA's defined terms, and limits its response accordingly. Foodwit further objects to this request as unduly burdensome and overbroad to the extent this request is unlimited in time and scope. Foodwit further objects to this request as it seeks information that is not within Foodwit's possession, custody or control. Foodwit further objects

to this request as it seeks information that is not reasonably accessible by Foodwit without undue burden and cost. Foodwit further objects to this request as it calls for information that Foodwit is not capable of producing (or not reasonably able to produce). Foodwit further objects to this request as it seeks information already in the possession of ESHA or available to ESHA from other sources that are more convenient, less burdensome or less expensive. Foodwit further objects to this request as it seeks information not relevant to any claim or defense and not proportionate to the needs of the case. Foodwit further objects to this request to the extent it seeks information protected by attorney-client privilege, the work-product doctrine, the common-interest privilege, or other applicable privileges or immunities recognized by law, such as Federal Rule of Civil Procedure 26(b)(4)(B). Foodwit further objects to this request as it improperly and prematurely seeks legal conclusions or analysis and/or expert opinions. Foodwit further objects to this request as premature on the grounds that ESHA has not provided its required identification of its asserted trade secrets. Foodwit's time to respond will commence upon ESHA's provision of the required identification of its trade secrets with sufficient particularity.

**FIRST SUPPLEMENTAL RESPONSE TO REQUEST FOR PRODUCTION NO. 30:**

Subject to and without waiver of its objections, Foodwit will produce responsive, non-privileged documents in its possession, custody or control located after a reasonable search.

**REQUEST FOR PRODUCTION NO. 31:**

All DOCUMENTS reflecting or IDENTIFYING the "substantial and durable market power" that YOU allege TRUSTWELL has, as set forth in paragraph 155 of YOUR COMPLAINT.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 31:**

Foodwit incorporates its general objections as if fully set forth herein, including without limitation Foodwit's objections to ESHA's defined terms, and limits its response accordingly. Foodwit further objects to this request as unduly burdensome and overbroad to the extent this request is unlimited in time and scope. Foodwit further objects to this request as it seeks information that is not within Foodwit's possession, custody or control. Foodwit further objects to this request as it seeks information that is not reasonably accessible by Foodwit without undue burden and cost. Foodwit further objects to this request as it calls for information that Foodwit is not capable of producing (or not reasonably able to produce). Foodwit further objects to this request as it seeks information already in the possession of ESHA or available to ESHA from other sources that are more convenient, less burdensome or less expensive. Foodwit further objects to this request as it seeks information not relevant to any claim or defense and not proportionate to the needs of the case. Foodwit further objects to this request to the extent it seeks information protected by attorney-client privilege, the work-product doctrine, the common-interest privilege, or other applicable privileges or immunities recognized by law, such as Federal Rule of Civil Procedure 26(b)(4)(B). Foodwit further objects to this request as it improperly and prematurely seeks legal conclusions or analysis and/or expert opinions. Foodwit further objects to this request as premature on the grounds that ESHA has not provided its required identification of its asserted trade secrets. Foodwit's time to respond will commence upon ESHA's provision of the required identification of its trade secrets with sufficient particularity.

**FIRST SUPPLEMENTAL RESPONSE TO REQUEST FOR PRODUCTION NO. 31:**

Subject to and without waiver of its objections, Foodwit will produce responsive, non-privileged documents in its possession, custody or control located after a reasonable search.

**REQUEST FOR PRODUCTION NO. 32:**

All DOCUMENTS reflecting or IDENTIFYING the "dominant market position" that YOU allege TRUSTWELL has, as set forth in paragraph 156 of YOUR COMPLAINT.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 32:**

Foodwit incorporates its general objections as if fully set forth herein, including without limitation Foodwit's objections to ESHA's defined terms, and limits its response accordingly. Foodwit further objects to this request as unduly burdensome and overbroad to the extent this request is unlimited in time and scope. Foodwit further objects to this request as it seeks information that is not within Foodwit's possession, custody or control. Foodwit further objects to this request as it seeks information that is not reasonably accessible by Foodwit without undue burden and cost. Foodwit further objects to this request as it calls for information that Foodwit is not capable of producing (or not reasonably able to produce). Foodwit further objects to this request as it seeks information already in the possession of ESHA or available to ESHA from other sources that are more convenient, less burdensome or less expensive. Foodwit further objects to this request as it seeks information not relevant to any claim or defense and not proportionate to the needs of the case. Foodwit further objects to this request to the extent it seeks information protected by attorney-client privilege, the work-product doctrine, the common-interest privilege, or other applicable privileges or immunities recognized by law, such as Federal Rule of Civil Procedure 26(b)(4)(B). Foodwit further objects to this request as it

improperly and prematurely seeks legal conclusions or analysis and/or expert opinions. Foodwit further objects to this request as premature on the grounds that ESHA has not provided its required identification of its asserted trade secrets. Foodwit's time to respond will commence upon ESHA's provision of the required identification of its trade secrets with sufficient particularity.

**FIRST SUPPLEMENTAL RESPONSE TO REQUEST FOR PRODUCTION NO. 32:**

Subject to and without waiver of its objections, Foodwit will produce responsive, non-privileged documents in its possession, custody or control located after a reasonable search.

**REQUEST FOR PRODUCTION NO. 32B:**

All DOCUMENTS reflecting or IDENTIFYING the "significant barriers to entry" that YOU allege exist in the "U.S. market for SaaS-based applications for food-labeling compliance," as set forth in paragraph 158 of YOUR COMPLAINT.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 32B:**

Foodwit incorporates its general objections as if fully set forth herein, including without limitation Foodwit's objections to ESHA's defined terms, and limits its response accordingly. Foodwit further objects to this request as unduly burdensome and overbroad to the extent this request is unlimited in scope. Foodwit further objects to this request as it seeks information that is not within Foodwit's possession, custody or control. Foodwit further objects to this request as it seeks information that is not reasonably accessible by Foodwit without undue burden and cost. Foodwit further objects to this request as it calls for information that Foodwit is not capable of producing (or not reasonably able to produce). Foodwit further objects to this request as it seeks information already in the possession of ESHA or available to ESHA from other sources that are

more convenient, less burdensome or less expensive. Foodwit further objects to this request as it seeks information not relevant to any claim or defense and not proportionate to the needs of the case. Foodwit further objects to this request to the extent it seeks information protected by attorney-client privilege, the work-product doctrine, the common-interest privilege, or other applicable privileges or immunities recognized by law, such as Federal Rule of Civil Procedure 26(b)(4)(B). Foodwit further objects to this request as it improperly and prematurely seeks legal conclusions or analysis and/or expert opinions. Foodwit further objects to this request as premature on the grounds that ESHA has not provided its required identification of its asserted trade secrets. Foodwit's time to respond will commence upon ESHA's provision of the required identification of its trade secrets with sufficient particularity.

**FIRST SUPPLEMENTAL RESPONSE TO REQUEST FOR PRODUCTION NO. 32B:**

Subject to and without waiver of its objections, Foodwit will produce responsive, non-privileged documents in its possession, custody or control located after a reasonable search.

**REQUEST FOR PRODUCTION NO. 33:**

All DOCUMENTS reflecting or IDENTIFYING the "monopoly power in this market" that YOU allege TRUSTWELL "possesses," as set forth in paragraph 162 of YOUR COMPLAINT.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 33:**

Foodwit incorporates its general objections as if fully set forth herein, including without limitation Foodwit's objections to ESHA's defined terms, and limits its response accordingly. Foodwit further objects to this request as unduly burdensome and overbroad to the extent this request is unlimited in time and scope. Foodwit further objects to this request as it seeks

information that is not within Foodwit's possession, custody or control. Foodwit further objects to this request as it seeks information that is not reasonably accessible by Foodwit without undue burden and cost. Foodwit further objects to this request as it calls for information that Foodwit is not capable of producing (or not reasonably able to produce). Foodwit further objects to this request as it seeks information already in the possession of ESHA or available to ESHA from other sources that are more convenient, less burdensome or less expensive. Foodwit further objects to this request as it seeks information not relevant to any claim or defense and not proportionate to the needs of the case. Foodwit further objects to this request to the extent it seeks information protected by attorney-client privilege, the work-product doctrine, the common-interest privilege, or other applicable privileges or immunities recognized by law, such as Federal Rule of Civil Procedure 26(b)(4)(B). Foodwit further objects to this request as it improperly and prematurely seeks legal conclusions or analysis and/or expert opinions. Foodwit further objects to this request as premature on the grounds that ESHA has not provided its required identification of its asserted trade secrets. Foodwit's time to respond will commence upon ESHA's provision of the required identification of its trade secrets with sufficient particularity.

**FIRST SUPPLEMENTAL RESPONSE TO REQUEST FOR PRODUCTION NO. 33:**

Subject to and without waiver of its objections, Foodwit will produce responsive, non-privileged documents in its possession, custody or control located after a reasonable search.

**REQUEST FOR PRODUCTION NO. 34:**

DOCUMENTS sufficient to IDENTIFY all "competitors" in "this market," as alleged in paragraph 162 of YOUR COMPLAINT.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 34:**

Foodwit incorporates its general objections as if fully set forth herein, including without limitation Foodwit's objections to ESHA's defined terms, and limits its response accordingly. Foodwit further objects to this request as unduly burdensome and overbroad to the extent this request is unlimited in time and scope. Foodwit further objects to this request as it seeks information that is not within Foodwit's possession, custody or control. Foodwit further objects to this request as it seeks information that is not reasonably accessible by Foodwit without undue burden and cost. Foodwit further objects to this request as it calls for information that Foodwit is not capable of producing (or not reasonably able to produce). Foodwit further objects to this request as it seeks information already in the possession of ESHA or available to ESHA from other sources that are more convenient, less burdensome or less expensive. Foodwit further objects to this request as it seeks information not relevant to any claim or defense and not proportionate to the needs of the case. Foodwit further objects to this request to the extent it seeks information protected by attorney-client privilege, the work-product doctrine, the common-interest privilege, or other applicable privileges or immunities recognized by law, such as Federal Rule of Civil Procedure 26(b)(4)(B). Foodwit further objects to this request as it improperly and prematurely seeks legal conclusions or analysis and/or expert opinions. Foodwit further objects to this request as premature on the grounds that ESHA has not provided its required identification of its asserted trade secrets. Foodwit's time to respond will commence upon ESHA's provision of the required identification of its trade secrets with sufficient particularity.

**FIRST SUPPLEMENTAL RESPONSE TO REQUEST FOR PRODUCTION NO. 34:**

Subject to and without waiver of its objections, Foodwit will produce responsive, non-privileged documents in its possession, custody or control located after a reasonable search.

**REQUEST FOR PRODUCTION NO. 35:**

All DOCUMENTS reflecting or IDENTIFYING the "great lengths" to which YOU allege TRUSTWELL "has gone ... to willfully maintain or attempt to maintain its monopoly position," as set forth in paragraph 163 of YOUR COMPLAINT.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 35:**

Foodwit incorporates its general objections as if fully set forth herein, including without limitation Foodwit's objections to ESHA's defined terms, and limits its response accordingly. Foodwit further objects to this request as unduly burdensome and overbroad to the extent this request is unlimited in time and scope. Foodwit further objects to this request as it seeks information that is not within Foodwit's possession, custody or control. Foodwit further objects to this request as it seeks information that is not reasonably accessible by Foodwit without undue burden and cost. Foodwit further objects to this request as it calls for information that Foodwit is not capable of producing (or not reasonably able to produce). Foodwit further objects to this request as it seeks information already in the possession of ESHA or available to ESHA from other sources that are more convenient, less burdensome or less expensive. Foodwit further objects to this request as it seeks information not relevant to any claim or defense and not proportionate to the needs of the case. Foodwit further objects to this request to the extent it seeks information protected by attorney-client privilege, the work-product doctrine, the common-interest privilege, or other applicable privileges or immunities recognized by law, such

as Federal Rule of Civil Procedure 26(b)(4)(B). Foodwit further objects to this request as it improperly and prematurely seeks legal conclusions or analysis and/or expert opinions. Foodwit further objects to this request as premature on the grounds that ESHA has not provided its required identification of its asserted trade secrets. Foodwit's time to respond will commence upon ESHA's provision of the required identification of its trade secrets with sufficient particularity.

**FIRST SUPPLEMENTAL RESPONSE TO REQUEST FOR PRODUCTION NO. 35:**

Subject to and without waiver of its objections, Foodwit will produce responsive, non-privileged documents in its possession, custody or control located after a reasonable search.

**REQUEST FOR PRODUCTION NO. 36:**

All DOCUMENTS reflecting or IDENTIFYING each instance or circumstance in which TRUSTWELL "acknowledges its own monopoly power," as alleged in paragraph 181 of YOUR COMPLAINT.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 36:**

Foodwit incorporates its general objections as if fully set forth herein, including without limitation Foodwit's objections to ESHA's defined terms, and limits its response accordingly. Foodwit further objects to this request as unduly burdensome and overbroad to the extent this request is unlimited in time and scope. Foodwit further objects to this request as it seeks information that is not within Foodwit's possession, custody or control. Foodwit further objects to this request as it seeks information that is not reasonably accessible by Foodwit without undue burden and cost. Foodwit further objects to this request as it calls for information that Foodwit is not capable of producing (or not reasonably able to produce). Foodwit further objects to this

request as it seeks information already in the possession of ESHA or available to ESHA from other sources that are more convenient, less burdensome or less expensive. Foodwit further objects to this request as it seeks information not relevant to any claim or defense and not proportionate to the needs of the case. Foodwit further objects to this request to the extent it seeks information protected by attorney-client privilege, the work-product doctrine, the common-interest privilege, or other applicable privileges or immunities recognized by law, such as Federal Rule of Civil Procedure 26(b)(4)(B). Foodwit further objects to this request as it improperly and prematurely seeks legal conclusions or analysis and/or expert opinions. Foodwit further objects to this request as premature on the grounds that ESHA has not provided its required identification of its asserted trade secrets. Foodwit's time to respond will commence upon ESHA's provision of the required identification of its trade secrets with sufficient particularity.

**FIRST SUPPLEMENTAL RESPONSE TO REQUEST FOR PRODUCTION NO. 36:**

Subject to and without waiver of its objections, Foodwit will produce responsive, non-privileged documents in its possession, custody or control located after a reasonable search.

**REQUEST FOR PRODUCTION NO. 37:**

All DOCUMENTS reflecting or IDENTIFYING each instance or circumstance in which TRUSTWELL "continues to engage in anticompetitive conduct," as alleged in paragraph 183 of YOUR COMPLAINT.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 37:**

Foodwit incorporates its general objections as if fully set forth herein, including without limitation Foodwit's objections to ESHA's defined terms, and limits its response accordingly.

Foodwit further objects to this request as unduly burdensome and overbroad to the extent this request is unlimited in time and scope. Foodwit further objects to this request as it seeks information that is not within Foodwit's possession, custody or control. Foodwit further objects to this request as it seeks information that is not reasonably accessible by Foodwit without undue burden and cost. Foodwit further objects to this request as it calls for information that Foodwit is not capable of producing (or not reasonably able to produce). Foodwit further objects to this request as it seeks information already in the possession of ESHA or available to ESHA from other sources that are more convenient, less burdensome or less expensive. Foodwit further objects to this request as it seeks information not relevant to any claim or defense and not proportionate to the needs of the case. Foodwit further objects to this request to the extent it seeks information protected by attorney-client privilege, the work-product doctrine, the common-interest privilege, or other applicable privileges or immunities recognized by law, such as Federal Rule of Civil Procedure 26(b)(4)(B). Foodwit further objects to this request as it improperly and prematurely seeks legal conclusions or analysis and/or expert opinions. Foodwit further objects to this request as premature on the grounds that ESHA has not provided its required identification of its asserted trade secrets. Foodwit's time to respond will commence upon ESHA's provision of the required identification of its trade secrets with sufficient particularity.

**FIRST SUPPLEMENTAL RESPONSE TO REQUEST FOR PRODUCTION NO. 37:**

Subject to and without waiver of its objections, Foodwit will produce responsive, non-privileged documents in its possession, custody or control located after a reasonable search.

**REQUEST FOR PRODUCTION NO. 38:**

DOCUMENTS sufficient to IDENTIFY all "prospective customers who have approached Foodwit to employ its SaaS-based application for packaged food-labeling compliance," as alleged in paragraph 212 of YOUR COMPLAINT.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 38:**

Foodwit incorporates its general objections as if fully set forth herein, including without limitation Foodwit's objections to ESHA's defined terms, and limits its response accordingly. Foodwit further objects to this request as unduly burdensome and overbroad to the extent this request is unlimited in time and scope. Foodwit further objects to this request as it seeks information that is not within Foodwit's possession, custody or control. Foodwit further objects to this request as it seeks information that is not reasonably accessible by Foodwit without undue burden and cost. Foodwit further objects to this request as it calls for information that Foodwit is not capable of producing (or not reasonably able to produce). Foodwit further objects to this request as it seeks information already in the possession of ESHA or available to ESHA from other sources that are more convenient, less burdensome or less expensive. Foodwit further objects to this request as it seeks information not relevant to any claim or defense and not proportionate to the needs of the case. Foodwit further objects to this request to the extent it seeks information protected by attorney-client privilege, the work-product doctrine, the common-interest privilege, or other applicable privileges or immunities recognized by law, such as Federal Rule of Civil Procedure 26(b)(4)(B). Foodwit further objects to this request as it improperly and prematurely seeks legal conclusions or analysis and/or expert opinions. Foodwit further objects to this request as premature on the grounds that ESHA has not provided its

required identification of its asserted trade secrets. Foodwit's time to respond will commence upon ESHA's provision of the required identification of its trade secrets with sufficient particularity.

**FIRST SUPPLEMENTAL RESPONSE TO REQUEST FOR PRODUCTION NO. 38:**

Subject to and without waiver of its objections, Foodwit will produce responsive, non-privileged documents in its possession, custody or control located after a reasonable search.

**REQUEST FOR PRODUCTION NO. 39:**

All DOCUMENTS reflecting or IDENTIFYING the ways in which TRUSTWELL "intentionally and tortiously interfered and continues to interfere with Foodwit's prospective customers," as alleged in paragraph 214 of YOUR COMPLAINT.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 39:**

Foodwit incorporates its general objections as if fully set forth herein, including without limitation Foodwit's objections to ESHA's defined terms, and limits its response accordingly. Foodwit further objects to this request as unduly burdensome and overbroad to the extent this request is unlimited in time and scope. Foodwit further objects to this request as it seeks information that is not within Foodwit's possession, custody or control. Foodwit further objects to this request as it seeks information that is not reasonably accessible by Foodwit without undue burden and cost. Foodwit further objects to this request as it calls for information that Foodwit is not capable of producing (or not reasonably able to produce). Foodwit further objects to this request as it seeks information already in the possession of ESHA or available to ESHA from other sources that are more convenient, less burdensome or less expensive. Foodwit further objects to this request as it seeks information not relevant to any claim or defense and not

proportionate to the needs of the case. Foodwit further objects to this request to the extent it seeks information protected by attorney-client privilege, the work-product doctrine, the common-interest privilege, or other applicable privileges or immunities recognized by law, such as Federal Rule of Civil Procedure 26(b)(4)(B). Foodwit further objects to this request as it improperly and prematurely seeks legal conclusions or analysis and/or expert opinions. Foodwit further objects to this request as premature on the grounds that ESHA has not provided its required identification of its asserted trade secrets. Foodwit's time to respond will commence upon ESHA's provision of the required identification of its trade secrets with sufficient particularity.

**FIRST SUPPLEMENTAL RESPONSE TO REQUEST FOR PRODUCTION NO. 39:**

Subject to and without waiver of its objections, Foodwit will produce responsive, non-privileged documents in its possession, custody or control located after a reasonable search.

**REQUEST FOR PRODUCTION NO. 40:**

All DOCUMENTS reflecting or supporting the assertion that "Foodwit would with reasonable probability have realized its expected business relations or economic advantage," as alleged in paragraph 215 of YOUR COMPLAINT.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 40:**

Foodwit incorporates its general objections as if fully set forth herein, including without limitation Foodwit's objections to ESHA's defined terms, and limits its response accordingly. Foodwit further objects to this request as unduly burdensome and overbroad to the extent this request is unlimited in time and scope. Foodwit further objects to this request as it seeks information that is not within Foodwit's possession, custody or control. Foodwit further objects

to this request as it seeks information that is not reasonably accessible by Foodwit without undue burden and cost. Foodwit further objects to this request as it calls for information that Foodwit is not capable of producing (or not reasonably able to produce). Foodwit further objects to this request as it seeks information already in the possession of ESHA or available to ESHA from other sources that are more convenient, less burdensome or less expensive. Foodwit further objects to this request as it seeks information not relevant to any claim or defense and not proportionate to the needs of the case. Foodwit further objects to this request to the extent it seeks information protected by attorney-client privilege, the work-product doctrine, the common-interest privilege, or other applicable privileges or immunities recognized by law, such as Federal Rule of Civil Procedure 26(b)(4)(B). Foodwit further objects to this request as it improperly and prematurely seeks legal conclusions or analysis and/or expert opinions. Foodwit further objects to this request as premature on the grounds that ESHA has not provided its required identification of its asserted trade secrets. Foodwit's time to respond will commence upon ESHA's provision of the required identification of its trade secrets with sufficient particularity.

**FIRST SUPPLEMENTAL RESPONSE TO REQUEST FOR PRODUCTION NO. 40:**

Subject to and without waiver of its objections, Foodwit will produce responsive, non-privileged documents in its possession, custody or control located after a reasonable search.

**REQUEST FOR PRODUCTION NO. 41:**

DOCUMENTS sufficient to IDENTIFY relative market shares of the "competitors" in "this market," as alleged in paragraph 162 of YOUR COMPLAINT.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 41:**

Foodwit incorporates its general objections as if fully set forth herein, including without limitation Foodwit's objections to ESHA's defined terms, and limits its response accordingly. Foodwit further objects to this request as unduly burdensome and overbroad to the extent this request is unlimited in time and scope. Foodwit further objects to this request as it is vague and ambiguous as to the phrase "relative market shares." Foodwit further objects to this request as it seeks information that is not within Foodwit's possession, custody or control. Foodwit further objects to this request as it seeks information that is not reasonably accessible by Foodwit without undue burden and cost. Foodwit further objects to this request as it calls for information that Foodwit is not capable of producing (or not reasonably able to produce). Foodwit further objects to this request as it seeks information already in the possession of ESHA or available to ESHA from other sources that are more convenient, less burdensome or less expensive. Foodwit further objects to this request as it seeks information not relevant to any claim or defense and not proportionate to the needs of the case. Foodwit further objects to this request to the extent it seeks information protected by attorney-client privilege, the work-product doctrine, the common-interest privilege, or other applicable privileges or immunities recognized by law, such as Federal Rule of Civil Procedure 26(b)(4)(B). Foodwit further objects to this request as it improperly and prematurely seeks legal conclusions or analysis and/or expert opinions. Foodwit further objects to this request as premature on the grounds that ESHA has not provided its required identification of its asserted trade secrets. Foodwit's time to respond will commence upon ESHA's provision of the required identification of its trade secrets with sufficient particularity.

**FIRST SUPPLEMENTAL RESPONSE TO REQUEST FOR PRODUCTION NO. 41:**

Subject to and without waiver of its objections, Foodwit will produce responsive, non-privileged documents in its possession, custody or control located after a reasonable search.

**REQUEST FOR PRODUCTION NO. 42:**

All DOCUMENTS reflecting or supporting the assertion that TRUSTWELL "filed its Delaware action with knowledge that its claims were and are baseless for the improper purpose of eliminating Foodwit as a competitor in the relevant market" as alleged in paragraph 194 of YOUR COMPLAINT.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 42:**

Foodwit incorporates its general objections as if fully set forth herein, including without limitation Foodwit's objections to ESHA's defined terms, and limits its response accordingly. Foodwit further objects to this request as unduly burdensome and overbroad to the extent this request is unlimited in time and scope. Foodwit further objects to this request as it seeks information that is not within Foodwit's possession, custody or control. Foodwit further objects to this request as it seeks information that is not reasonably accessible by Foodwit without undue burden and cost. Foodwit further objects to this request as it calls for information that Foodwit is not capable of producing (or not reasonably able to produce). Foodwit further objects to this request as it seeks information already in the possession of ESHA or available to ESHA from other sources that are more convenient, less burdensome or less expensive. Foodwit further objects to this request as it seeks information not relevant to any claim or defense and not proportionate to the needs of the case. Foodwit further objects to this request to the extent it seeks information protected by attorney-client privilege, the work-product doctrine, the

common-interest privilege, or other applicable privileges or immunities recognized by law, such as Federal Rule of Civil Procedure 26(b)(4)(B). Foodwit further objects to this request as it improperly and prematurely seeks legal conclusions or analysis and/or expert opinions. Foodwit further objects to this request as premature on the grounds that ESHA has not provided its required identification of its asserted trade secrets. Foodwit's time to respond will commence upon ESHA's provision of the required identification of its trade secrets with sufficient particularity.

**FIRST SUPPLEMENTAL RESPONSE TO REQUEST FOR PRODUCTION NO. 42:**

Subject to and without waiver of its objections, Foodwit will produce responsive, non-privileged documents in its possession, custody or control located after a reasonable search.

**REQUEST FOR PRODUCTION NO. 43:**

All DOCUMENTS reflecting or supporting the assertion that "[n]o reasonable litigant could conclude that any claim within the as-filed ESHA complaint has merit," as alleged in paragraph 168 of YOUR COMPLAINT.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 43:**

Foodwit incorporates its general objections as if fully set forth herein, including without limitation Foodwit's objections to ESHA's defined terms, and limits its response accordingly. Foodwit further objects to this request as unduly burdensome and overbroad to the extent this request is unlimited in time and scope. Foodwit further objects to this request as it seeks information that is not within Foodwit's possession, custody or control. Foodwit further objects to this request as it seeks information that is not reasonably accessible by Foodwit without undue burden and cost. Foodwit further objects to this request as it calls for information that Foodwit is

not capable of producing (or not reasonably able to produce). Foodwit further objects to this request as it seeks information already in the possession of ESHA or available to ESHA from other sources that are more convenient, less burdensome or less expensive. Foodwit further objects to this request as it seeks information not relevant to any claim or defense and not proportionate to the needs of the case. Foodwit further objects to this request to the extent it seeks information protected by attorney-client privilege, the work-product doctrine, the common-interest privilege, or other applicable privileges or immunities recognized by law, such as Federal Rule of Civil Procedure 26(b)(4)(B). Foodwit further objects to this request as it improperly and prematurely seeks legal conclusions or analysis and/or expert opinions. Foodwit further objects to this request as premature on the grounds that ESHA has not provided its required identification of its asserted trade secrets. Foodwit's time to respond will commence upon ESHA's provision of the required identification of its trade secrets with sufficient particularity.

**FIRST SUPPLEMENTAL RESPONSE TO REQUEST FOR PRODUCTION NO. 43:**

Subject to and without waiver of its objections, Foodwit will produce responsive, non-privileged documents in its possession, custody or control located after a reasonable search.

**REQUEST FOR PRODUCTION NO. 44:**

All DOCUMENTS reflecting or supporting the assertion that TRUSTWELL "further subjectively believes its filed complaint lacks merit," as alleged in paragraph 169 of YOUR COMPLAINT.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 44:**

Foodwit incorporates its general objections as if fully set forth herein, including without limitation Foodwit's objections to ESHA's defined terms, and limits its response accordingly. Foodwit further objects to this request as unduly burdensome and overbroad to the extent this request is unlimited in time and scope. Foodwit further objects to this request as it seeks information that is not within Foodwit's possession, custody or control. Foodwit further objects to this request as it seeks information that is not reasonably accessible by Foodwit without undue burden and cost. Foodwit further objects to this request as it calls for information that Foodwit is not capable of producing (or not reasonably able to produce). Foodwit further objects to this request as it seeks information already in the possession of ESHA or available to ESHA from other sources that are more convenient, less burdensome or less expensive. Foodwit further objects to this request as it seeks information not relevant to any claim or defense and not proportionate to the needs of the case. Foodwit further objects to this request to the extent it seeks information protected by attorney-client privilege, the work-product doctrine, the common-interest privilege, or other applicable privileges or immunities recognized by law, such as Federal Rule of Civil Procedure 26(b)(4)(B). Foodwit further objects to this request as it improperly and prematurely seeks legal conclusions or analysis and/or expert opinions. Foodwit further objects to this request as premature on the grounds that ESHA has not provided its required identification of its asserted trade secrets. Foodwit's time to respond will commence upon ESHA's provision of the required identification of its trade secrets with sufficient particularity.

**FIRST SUPPLEMENTAL RESPONSE TO REQUEST FOR PRODUCTION NO. 44:**

Subject to and without waiver of its objections, Foodwit will produce responsive, non-privileged documents in its possession, custody or control located after a reasonable search.

**REQUEST FOR PRODUCTION NO. 45:**

All DOCUMENTS supporting YOUR assertion that YOU suffered any harm or damage as a result of any conduct of TRUSTWELL.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 45:**

Foodwit incorporates its general objections as if fully set forth herein, including without limitation Foodwit's objections to ESHA's defined terms, and limits its response accordingly. Foodwit further objects to this request as unduly burdensome and overbroad to the extent this request is unlimited in time and scope. Foodwit further objects to this request as it seeks information that is not within Foodwit's possession, custody or control. Foodwit further objects to this request as it seeks information that is not reasonably accessible by Foodwit without undue burden and cost. Foodwit further objects to this request as it calls for information that Foodwit is not capable of producing (or not reasonably able to produce). Foodwit further objects to this request as it seeks information already in the possession of ESHA or available to ESHA from other sources that are more convenient, less burdensome or less expensive. Foodwit further objects to this request as it seeks information not relevant to any claim or defense and not proportionate to the needs of the case. Foodwit further objects to this request to the extent it seeks information protected by attorney-client privilege, the work-product doctrine, the common-interest privilege, or other applicable privileges or immunities recognized by law, such as Federal Rule of Civil Procedure 26(b)(4)(B). Foodwit further objects to this request as it

improperly and prematurely seeks legal conclusions or analysis and/or expert opinions. Foodwit further objects to this request as premature on the grounds that ESHA has not provided its required identification of its asserted trade secrets. Foodwit's time to respond will commence upon ESHA's provision of the required identification of its trade secrets with sufficient particularity.

**FIRST SUPPLEMENTAL RESPONSE TO REQUEST FOR PRODUCTION NO. 45:**

Subject to and without waiver of its objections, Foodwit will produce responsive, non-privileged documents in its possession, custody or control located after a reasonable search.

**REQUEST FOR PRODUCTION NO. 46:**

All DOCUMENTS supporting YOUR claim for damages against TRUSTWELL, as pled in the "Prayer For Relief" in YOUR COMPLAINT.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 46:**

Foodwit incorporates its general objections as if fully set forth herein, including without limitation Foodwit's objections to ESHA's defined terms, and limits its response accordingly. Foodwit further objects to this request as unduly burdensome and overbroad to the extent this request is unlimited in time and scope. Foodwit further objects to this request as it seeks information that is not within Foodwit's possession, custody or control. Foodwit further objects to this request as it seeks information that is not reasonably accessible by Foodwit without undue burden and cost. Foodwit further objects to this request as it calls for information that Foodwit is not capable of producing (or not reasonably able to produce). Foodwit further objects to this request as it seeks information already in the possession of ESHA or available to ESHA from other sources that are more convenient, less burdensome or less expensive. Foodwit further

objects to this request as it seeks information not relevant to any claim or defense and not proportionate to the needs of the case. Foodwit further objects to this request to the extent it seeks information protected by attorney-client privilege, the work-product doctrine, the common-interest privilege, or other applicable privileges or immunities recognized by law, such as Federal Rule of Civil Procedure 26(b)(4)(B). Foodwit further objects to this request as it improperly and prematurely seeks legal conclusions or analysis and/or expert opinions. Foodwit further objects to this request as premature on the grounds that ESHA has not provided its required identification of its asserted trade secrets. Foodwit's time to respond will commence upon ESHA's provision of the required identification of its trade secrets with sufficient particularity.

**FIRST SUPPLEMENTAL RESPONSE TO REQUEST FOR PRODUCTION NO. 46:**

Subject to and without waiver of its objections, Foodwit will produce responsive, non-privileged documents in its possession, custody or control located after a reasonable search.

**REQUEST FOR PRODUCTION NO. 47:**

All DOCUMENTS reflecting or representing any action YOU took in response to any harm or damage that YOU claim to have suffered as a result of any conduct of TRUSTWELL.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 47:**

Foodwit incorporates its general objections as if fully set forth herein, including without limitation Foodwit's objections to ESHA's defined terms, and limits its response accordingly. Foodwit further objects to this request as unduly burdensome and overbroad to the extent this request is unlimited in time and scope. Foodwit further objects to this request as it seeks information that is not within Foodwit's possession, custody or control. Foodwit further objects

to this request as it seeks information that is not reasonably accessible by Foodwit without undue burden and cost. Foodwit further objects to this request as it calls for information that Foodwit is not capable of producing (or not reasonably able to produce). Foodwit further objects to this request as it seeks information already in the possession of ESHA or available to ESHA from other sources that are more convenient, less burdensome or less expensive. Foodwit further objects to this request as it seeks information not relevant to any claim or defense and not proportionate to the needs of the case. Foodwit further objects to this request to the extent it seeks information protected by attorney-client privilege, the work-product doctrine, the common-interest privilege, or other applicable privileges or immunities recognized by law, such as Federal Rule of Civil Procedure 26(b)(4)(B). Foodwit further objects to this request as it improperly and prematurely seeks legal conclusions or analysis and/or expert opinions. Foodwit further objects to this request as premature on the grounds that ESHA has not provided its required identification of its asserted trade secrets. Foodwit's time to respond will commence upon ESHA's provision of the required identification of its trade secrets with sufficient particularity.

**FIRST SUPPLEMENTAL RESPONSE TO REQUEST FOR PRODUCTION NO. 47:**

Subject to and without waiver of its objections, Foodwit will produce responsive, non-privileged documents in its possession, custody or control located after a reasonable search.

**REQUEST FOR PRODUCTION NO. 48:**

DOCUMENTS sufficient to IDENTIFY every individual or entity that had access to any software or data that YOU received from TRUSTWELL.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 48:**

Foodwit incorporates its general objections as if fully set forth herein, including without limitation Foodwit's objections to ESHA's defined terms, and limits its response accordingly. Foodwit further objects to this request as unduly burdensome and overbroad to the extent this request is unlimited in time and scope. Foodwit further objects to this request as it seeks information that is not within Foodwit's possession, custody or control. Foodwit further objects to this request as it seeks information that is not reasonably accessible by Foodwit without undue burden and cost. Foodwit further objects to this request as it calls for information that Foodwit is not capable of producing (or not reasonably able to produce). Foodwit further objects to this request as it seeks information already in the possession of ESHA or available to ESHA from other sources that are more convenient, less burdensome or less expensive. Foodwit further objects to this request as it seeks information not relevant to any claim or defense and not proportionate to the needs of the case. Foodwit further objects to this request to the extent it seeks information protected by attorney-client privilege, the work-product doctrine, the common-interest privilege, or other applicable privileges or immunities recognized by law, such as Federal Rule of Civil Procedure 26(b)(4)(B). Foodwit further objects to this request as it improperly and prematurely seeks legal conclusions or analysis and/or expert opinions. Foodwit further objects to this request as premature on the grounds that ESHA has not provided its required identification of its asserted trade secrets. Foodwit's time to respond will commence upon ESHA's provision of the required identification of its trade secrets with sufficient particularity.

**<u>FIRST SUPPLEMENTAL RESPONSE TO REQUEST FOR PRODUCTION NO. 48:</u>**

Subject to and without waiver of its objections, Foodwit will produce responsive, non-privileged documents in its possession, custody or control located after a reasonable search.

**<u>REQUEST FOR PRODUCTION NO. 49:</u>**

All DOCUMENTS reflecting or referencing any contracts or agreements that YOU entered into with any individual or entity that had access to any software or data YOU that received from TRUSTWELL.

**<u>RESPONSE TO REQUEST FOR PRODUCTION NO. 49:</u>**

Foodwit incorporates its general objections as if fully set forth herein, including without limitation Foodwit's objections to ESHA's defined terms, and limits its response accordingly. Foodwit further objects to this request as unduly burdensome and overbroad to the extent this request is unlimited in time and scope. Foodwit further objects to this request as it seeks information that is not within Foodwit's possession, custody or control. Foodwit further objects to this request as it seeks information that is not reasonably accessible by Foodwit without undue burden and cost. Foodwit further objects to this request as it calls for information that Foodwit is not capable of producing (or not reasonably able to produce). Foodwit further objects to this request as it seeks information already in the possession of ESHA or available to ESHA from other sources that are more convenient, less burdensome or less expensive. Foodwit further objects to this request as it seeks information not relevant to any claim or defense and not proportionate to the needs of the case. Foodwit further objects to this request to the extent it seeks information protected by attorney-client privilege, the work-product doctrine, the common-interest privilege, or other applicable privileges or immunities recognized by law, such

as Federal Rule of Civil Procedure 26(b)(4)(B). Foodwit further objects to this request as it improperly and prematurely seeks legal conclusions or analysis and/or expert opinions. Foodwit further objects to this request as premature on the grounds that ESHA has not provided its required identification of its asserted trade secrets. Foodwit's time to respond will commence upon ESHA's provision of the required identification of its trade secrets with sufficient particularity.

**REQUEST FOR PRODUCTION NO. 50:**

All DOCUMENTS reflecting or referencing any efforts YOU made to remove any software or data that YOU received from TRUSTWELL from any of YOUR products and services.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 50:**

Foodwit incorporates its general objections as if fully set forth herein, including without limitation Foodwit's objections to ESHA's defined terms, and limits its response accordingly. Foodwit further objects to this request as unduly burdensome and overbroad to the extent this request is unlimited in time and scope. Foodwit further objects to this request as it seeks information that is not within Foodwit's possession, custody or control. Foodwit further objects to this request as it seeks information that is not reasonably accessible by Foodwit without undue burden and cost. Foodwit further objects to this request as it calls for information that Foodwit is not capable of producing (or not reasonably able to produce). Foodwit further objects to this request as it seeks information already in the possession of ESHA or available to ESHA from other sources that are more convenient, less burdensome or less expensive. Foodwit further objects to this request as it seeks information not relevant to any claim or defense and not

proportionate to the needs of the case. Foodwit further objects to this request to the extent it seeks information protected by attorney-client privilege, the work-product doctrine, the common-interest privilege, or other applicable privileges or immunities recognized by law, such as Federal Rule of Civil Procedure 26(b)(4)(B). Foodwit further objects to this request as it improperly and prematurely seeks legal conclusions or analysis and/or expert opinions. Foodwit further objects to this request as premature on the grounds that ESHA has not provided its required identification of its asserted trade secrets. Foodwit's time to respond will commence upon ESHA's provision of the required identification of its trade secrets with sufficient particularity.

**FIRST SUPPLEMENTAL RESPONSE TO REQUEST FOR PRODUCTION NO. 50:**

Subject to and without waiver of its objections, Foodwit will produce responsive, non-privileged documents in its possession, custody or control located after a reasonable search.

**REQUEST FOR PRODUCTION NO. 51:**

All COMMUNICATIONS relating to the removal of any software or data that YOU received from TRUSTWELL from any of YOUR products and services, including but not limited to COMMUNICATIONS with employees, clients, or third parties, as well as online comments and discussions.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 51:**

Foodwit incorporates its general objections as if fully set forth herein, including without limitation Foodwit's objections to ESHA's defined terms, and limits its response accordingly. Foodwit further objects to this request as unduly burdensome and overbroad to the extent this request is unlimited in time and scope. Foodwit further objects to this request as it seeks

information that is not within Foodwit's possession, custody or control. Foodwit further objects to this request as it seeks information that is not reasonably accessible by Foodwit without undue burden and cost. Foodwit further objects to this request as it calls for information that Foodwit is not capable of producing (or not reasonably able to produce). Foodwit further objects to this request as it seeks information already in the possession of ESHA or available to ESHA from other sources that are more convenient, less burdensome or less expensive. Foodwit further objects to this request as it seeks information not relevant to any claim or defense and not proportionate to the needs of the case. Foodwit further objects to this request to the extent it seeks information protected by attorney-client privilege, the work-product doctrine, the common-interest privilege, or other applicable privileges or immunities recognized by law, such as Federal Rule of Civil Procedure 26(b)(4)(B). Foodwit further objects to this request as it improperly and prematurely seeks legal conclusions or analysis and/or expert opinions. Foodwit further objects to this request as premature on the grounds that ESHA has not provided its required identification of its asserted trade secrets. Foodwit's time to respond will commence upon ESHA's provision of the required identification of its trade secrets with sufficient particularity.

**FIRST SUPPLEMENTAL RESPONSE TO REQUEST FOR PRODUCTION NO. 51:**

Subject to and without waiver of its objections, Foodwit will produce responsive, non-privileged documents in its possession, custody or control located after a reasonable search.

**REQUEST FOR PRODUCTION NO. 52:**

DOCUMENTS sufficient to IDENTIFY all of YOUR officers, directors, and employees since 2017.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 52:**

Foodwit incorporates its general objections as if fully set forth herein, including without limitation Foodwit's objections to ESHA's defined terms, and limits its response accordingly. Foodwit further objects to this request as unduly burdensome and overbroad to the extent this request is unlimited in scope. Foodwit further objects to this request as it seeks information that is not reasonably accessible by Foodwit without undue burden and cost. Foodwit further objects to this request as it calls for information that Foodwit is not capable of producing (or not reasonably able to produce). Foodwit further objects to this request as it seeks information already in the possession of ESHA or available to ESHA from other sources that are more convenient, less burdensome or less expensive. Foodwit further objects to this request as it seeks information not relevant to any claim or defense and not proportionate to the needs of the case. Foodwit further objects to this request to the extent it seeks information protected by attorney-client privilege, the work-product doctrine, the common-interest privilege, or other applicable privileges or immunities recognized by law, such as Federal Rule of Civil Procedure 26(b)(4)(B). Foodwit further objects to this request as premature on the grounds that ESHA has not provided its required identification of its asserted trade secrets. Foodwit's time to respond will commence upon ESHA's provision of the required identification of its trade secrets with sufficient particularity.

**REQUEST FOR PRODUCTION NO. 53:**

All DOCUMENTS reflecting or referencing any efforts YOU made to license any software or data from third parties.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 53:**

Foodwit incorporates its general objections as if fully set forth herein, including without limitation Foodwit's objections to ESHA's defined terms, and limits its response accordingly. Foodwit further objects to this request as unduly burdensome and overbroad to the extent this request is unlimited in time and scope. Foodwit further objects to this request as it seeks information that is not within Foodwit's possession, custody or control. Foodwit further objects to this request as it seeks information that is not reasonably accessible by Foodwit without undue burden and cost. Foodwit further objects to this request as it calls for information that Foodwit is not capable of producing (or not reasonably able to produce). Foodwit further objects to this request as it seeks information already in the possession of ESHA or available to ESHA from other sources that are more convenient, less burdensome or less expensive. Foodwit further objects to this request as it seeks information not relevant to any claim or defense and not proportionate to the needs of the case. Foodwit further objects to this request to the extent it seeks information protected by attorney-client privilege, the work-product doctrine, the common-interest privilege, or other applicable privileges or immunities recognized by law, such as Federal Rule of Civil Procedure 26(b)(4)(B). Foodwit further objects to this request as premature on the grounds that ESHA has not provided its required identification of its asserted trade secrets. Foodwit's time to respond will commence upon ESHA's provision of the required identification of its trade secrets with sufficient particularity.

**REQUEST FOR PRODUCTION NO. 54:**

DOCUMENTS sufficient to IDENTIFY all terms and conditions pursuant to which YOU licensed any software or data from third parties.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 54:**

Foodwit incorporates its general objections as if fully set forth herein, including without limitation Foodwit's objections to ESHA's defined terms, and limits its response accordingly. Foodwit further objects to this request as unduly burdensome and overbroad to the extent this request is unlimited in time and scope. Foodwit further objects to this request as it seeks information that is not within Foodwit's possession, custody or control. Foodwit further objects to this request as it seeks information that is not reasonably accessible by Foodwit without undue burden and cost. Foodwit further objects to this request as it calls for information that Foodwit is not capable of producing (or not reasonably able to produce). Foodwit further objects to this request as it seeks information already in the possession of ESHA or available to ESHA from other sources that are more convenient, less burdensome or less expensive. Foodwit further objects to this request as it seeks information not relevant to any claim or defense and not proportionate to the needs of the case. Foodwit further objects to this request as premature on the grounds that ESHA has not provided its required identification of its asserted trade secrets. Foodwit's time to respond will commence upon ESHA's provision of the required identification of its trade secrets with sufficient particularity.

**REQUEST FOR PRODUCTION NO. 55:**

All DOCUMENTS relating to any market analyses, industry analyses, market projections, consumer studies, surveys, focus group reports, and other business analyses regarding any markets in which YOU operate or plan to operate.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 55:**

Foodwit incorporates its general objections as if fully set forth herein, including without limitation Foodwit's objections to ESHA's defined terms, and limits its response accordingly. Foodwit further objects to this request as unduly burdensome and overbroad to the extent this request is unlimited in time and scope. Foodwit further objects to this request as it is vague and ambiguous as to the phrase "any markets in which YOU operate or plan to operate." Foodwit further objects to this request as it seeks information that is not within Foodwit's possession, custody or control. Foodwit further objects to this request as it seeks information that is not reasonably accessible by Foodwit without undue burden and cost. Foodwit further objects to this request as it calls for information that Foodwit is not capable of producing (or not reasonably able to produce). Foodwit further objects to this request as it seeks information already in the possession of ESHA or available to ESHA from other sources that are more convenient, less burdensome or less expensive. Foodwit further objects to this request as it seeks information not relevant to any claim or defense and not proportionate to the needs of the case. Foodwit further objects to this request to the extent it seeks information protected by attorney-client privilege, the work-product doctrine, the common-interest privilege, or other applicable privileges or immunities recognized by law, such as Federal Rule of Civil Procedure 26(b)(4)(B). Foodwit further objects to this request as it improperly and prematurely seeks legal conclusions or analysis and/or expert opinions. Foodwit further objects to this request as premature on the grounds that ESHA has not provided its required identification of its asserted trade secrets. Foodwit's time to respond will commence upon ESHA's provision of the required identification of its trade secrets with sufficient particularity.

**FIRST SUPPLEMENTAL RESPONSE TO REQUEST FOR PRODUCTION NO. 55:**

Subject to and without waiver of its objections, Foodwit will produce responsive, non-privileged documents in its possession, custody or control located after a reasonable search.

**REQUEST FOR PRODUCTION NO. 56:**

All COMMUNICATIONS relating to any market analyses, industry analyses, market projections, consumer studies, surveys, focus group reports, and other business analyses regarding any markets in which YOU operate or plan to operate.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 56:**

Foodwit incorporates its general objections as if fully set forth herein, including without limitation Foodwit's objections to ESHA's defined terms, and limits its response accordingly. Foodwit further objects to this request as unduly burdensome and overbroad to the extent this request is unlimited in time and scope. Foodwit further objects to this request as it is vague and ambiguous as to the phrase "any markets in which YOU operate or plan to operate." Foodwit further objects to this request as it seeks information that is not within Foodwit's possession, custody or control. Foodwit further objects to this request as it seeks information that is not reasonably accessible by Foodwit without undue burden and cost. Foodwit further objects to this request as it calls for information that Foodwit is not capable of producing (or not reasonably able to produce). Foodwit further objects to this request as it seeks information already in the possession of ESHA or available to ESHA from other sources that are more convenient, less burdensome or less expensive. Foodwit further objects to this request as it seeks information not relevant to any claim or defense and not proportionate to the needs of the case. Foodwit further objects to this request to the extent it seeks information protected by attorney-client privilege, the

work-product doctrine, the common-interest privilege, or other applicable privileges or immunities recognized by law, such as Federal Rule of Civil Procedure 26(b)(4)(B). Foodwit further objects to this request as it improperly and prematurely seeks legal conclusions or analysis and/or expert opinions. Foodwit further objects to this request as premature on the grounds that ESHA has not provided its required identification of its asserted trade secrets. Foodwit's time to respond will commence upon ESHA's provision of the required identification of its trade secrets with sufficient particularity.

**FIRST SUPPLEMENTAL RESPONSE TO REQUEST FOR PRODUCTION NO. 56:**

Subject to and without waiver of its objections, Foodwit will produce responsive, non-privileged documents in its possession, custody or control located after a reasonable search.

**REQUEST FOR PRODUCTION NO. 57:**

DOCUMENTS sufficient to IDENTIFY all competitors in any markets in which YOU operate or plan to operate.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 57:**

Foodwit incorporates its general objections as if fully set forth herein, including without limitation Foodwit's objections to ESHA's defined terms, and limits its response accordingly. Foodwit further objects to this request as unduly burdensome and overbroad to the extent this request is unlimited in time and scope. Foodwit further objects to this request as it is vague and ambiguous as to the phrase "any markets in which YOU operate or plan to operate." Foodwit further objects to this request as it seeks information that is not within Foodwit's possession, custody or control. Foodwit further objects to this request as it seeks information that is not reasonably accessible by Foodwit without undue burden and cost. Foodwit further objects to this

request as it calls for information that Foodwit is not capable of producing (or not reasonably able to produce). Foodwit further objects to this request as it seeks information already in the possession of ESHA or available to ESHA from other sources that are more convenient, less burdensome or less expensive. Foodwit further objects to this request as it seeks information not relevant to any claim or defense and not proportionate to the needs of the case. Foodwit further objects to this request to the extent it seeks information protected by attorney-client privilege, the work-product doctrine, the common-interest privilege, or other applicable privileges or immunities recognized by law, such as Federal Rule of Civil Procedure 26(b)(4)(B). Foodwit further objects to this request as it improperly and prematurely seeks legal conclusions or analysis and/or expert opinions. Foodwit further objects to this request as premature on the grounds that ESHA has not provided its required identification of its asserted trade secrets. Foodwit's time to respond will commence upon ESHA's provision of the required identification of its trade secrets with sufficient particularity.

**FIRST SUPPLEMENTAL RESPONSE TO REQUEST FOR PRODUCTION NO. 57:**

Subject to and without waiver of its objections, Foodwit will produce responsive, non-privileged documents in its possession, custody or control located after a reasonable search.

**REQUEST FOR PRODUCTION NO. 58:**

All DOCUMENTS relating to Workbench and any related or subsequent version or iteration of that product.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 58:**

Foodwit incorporates its general objections as if fully set forth herein, including without limitation Foodwit's objections to ESHA's defined terms, and limits its response accordingly.

Foodwit further objects to this request as unduly burdensome and overbroad to the extent this request is unlimited in time and scope. Foodwit further objects to this request as it seeks information that is not within Foodwit's possession, custody or control. Foodwit further objects to this request as it seeks information that is not reasonably accessible by Foodwit without undue burden and cost. Foodwit further objects to this request as it calls for information that Foodwit is not capable of producing (or not reasonably able to produce). Foodwit further objects to this request as it seeks information already in the possession of ESHA or available to ESHA from other sources that are more convenient, less burdensome or less expensive. Foodwit further objects to this request as it seeks information not relevant to any claim or defense and not proportionate to the needs of the case. Foodwit further objects to this request to the extent it seeks information protected by attorney-client privilege, the work-product doctrine, the common-interest privilege, or other applicable privileges or immunities recognized by law, such as Federal Rule of Civil Procedure 26(b)(4)(B). Foodwit further objects to this request as it improperly and prematurely seeks legal conclusions or analysis and/or expert opinions. Foodwit further objects to this request as premature on the grounds that ESHA has not provided its required identification of its asserted trade secrets. Foodwit's time to respond will commence upon ESHA's provision of the required identification of its trade secrets with sufficient particularity.

**FIRST SUPPLEMENTAL RESPONSE TO REQUEST FOR PRODUCTION NO. 58:**

Subject to and without waiver of its objections, Foodwit will produce responsive, non-privileged documents in its possession, custody or control sufficient to show all functionality of each version of Workbench.

**REQUEST FOR PRODUCTION NO. 59:**

All non-privileged COMMUNICATIONS, including but not limited to internal COMMUNICATIONS and COMMUNICATIONS with third parties, relating to this ACTION.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 59:**

Foodwit incorporates its general objections as if fully set forth herein, including without limitation Foodwit's objections to ESHA's defined terms, and limits its response accordingly. Foodwit further objects to this request as unduly burdensome and overbroad to the extent this request is unlimited in time and scope. Foodwit further objects to this request as it seeks information that is not within Foodwit's possession, custody or control. Foodwit further objects to this request as it seeks information that is not reasonably accessible by Foodwit without undue burden and cost. Foodwit further objects to this request as it calls for information that Foodwit is not capable of producing (or not reasonably able to produce). Foodwit further objects to this request as it seeks information already in the possession of ESHA or available to ESHA from other sources that are more convenient, less burdensome or less expensive. Foodwit further objects to this request as it seeks information not relevant to any claim or defense and not proportionate to the needs of the case. Foodwit further objects to this request to the extent it seeks information protected by attorney-client privilege, the work-product doctrine, the common-interest privilege, or other applicable privileges or immunities recognized by law, such as Federal Rule of Civil Procedure 26(b)(4)(B). Foodwit further objects to this request as it improperly and prematurely seeks legal conclusions or analysis and/or expert opinions. Foodwit further objects to this request as premature on the grounds that ESHA has not provided its required identification of its asserted trade secrets. Foodwit's time to respond will commence

upon ESHA's provision of the required identification of its trade secrets with sufficient particularity.

**REQUEST FOR PRODUCTION NO. 60:**

All DOCUMENTS and COMMUNICATIONS IDENTIFIED in YOUR Initial Disclosures pursuant to Federal Rule of Civil Procure 26(a)(1).

**RESPONSE TO REQUEST FOR PRODUCTION NO. 60:**

Foodwit incorporates its general objections as if fully set forth herein, including without limitation Foodwit's objections to ESHA's defined terms, and limits its response accordingly. Foodwit further objects to this request as unduly burdensome and overbroad to the extent this request is unlimited in time and scope. Foodwit further objects to this request as it seeks information that is not within Foodwit's possession, custody or control. Foodwit further objects to this request as it seeks information that is not reasonably accessible by Foodwit without undue burden and cost. Foodwit further objects to this request as it calls for information that Foodwit is not capable of producing (or not reasonably able to produce). Foodwit further objects to this request as it seeks information already in the possession of ESHA or available to ESHA from other sources that are more convenient, less burdensome or less expensive. Foodwit further objects to this request as it seeks information not relevant to any claim or defense and not proportionate to the needs of the case. Foodwit further objects to this request to the extent it seeks information protected by attorney-client privilege, the work-product doctrine, the common-interest privilege, or other applicable privileges or immunities recognized by law, such as Federal Rule of Civil Procedure 26(b)(4)(B). Foodwit further objects to this request as it improperly and prematurely seeks legal conclusions or analysis and/or expert opinions. Foodwit

further objects to this request as premature on the grounds that ESHA has not provided its required identification of its asserted trade secrets. Foodwit's time to respond will commence upon ESHA's provision of the required identification of its trade secrets with sufficient particularity.

**FIRST SUPPLEMENTAL RESPONSE TO REQUEST FOR PRODUCTION NO. 60:**

Subject to and without waiver of its objections, Foodwit will produce responsive, non-privileged documents in its possession, custody or control located after a reasonable search.

**REQUEST FOR PRODUCTION NO. 61:**

All DOCUMENTS YOU received or received in response to any subpoena YOU served in this ACTION.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 61:**

Foodwit incorporates its general objections as if fully set forth herein, including without limitation Foodwit's objections to ESHA's defined terms, and limits its response accordingly. Foodwit further objects to this request as unduly burdensome and overbroad to the extent this request is unlimited in time and scope. Foodwit further objects to this request as it is vague and ambiguous as to the phrase "received or received in response to any subpoena." Foodwit further objects to this request as it seeks information that is not within Foodwit's possession, custody or control. Foodwit further objects to this request as it seeks information that is not reasonably accessible by Foodwit without undue burden and cost. Foodwit further objects to this request as it calls for information that Foodwit is not capable of producing (or not reasonably able to produce). Foodwit further objects to this request as it seeks information already in the possession of ESHA or available to ESHA from other sources that are more convenient, less

burdensome or less expensive. Foodwit further objects to this request as it seeks information not relevant to any claim or defense and not proportionate to the needs of the case. Foodwit further objects to this request to the extent it seeks information protected by attorney-client privilege, the work-product doctrine, the common-interest privilege, or other applicable privileges or immunities recognized by law, such as Federal Rule of Civil Procedure 26(b)(4)(B). Foodwit further objects to this request as it improperly and prematurely seeks legal conclusions or analysis and/or expert opinions. Foodwit further objects to this request as premature on the grounds that ESHA has not provided its required identification of its asserted trade secrets. Foodwit's time to respond will commence upon ESHA's provision of the required identification of its trade secrets with sufficient particularity.

**FIRST SUPPLEMENTAL RESPONSE TO REQUEST FOR PRODUCTION NO. 61:**

Subject to and without waiver of its objections, Foodwit will produce responsive, non-privileged documents in its possession, custody or control received in response to any subpoena it served in this action located after a reasonable search.

**REQUEST FOR PRODUCTION NO. 62:**

All DOCUMENTS YOU intend to use as evidence or otherwise reference during any deposition, hearing, or trial in this ACTION.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 62:**

Foodwit incorporates its general objections as if fully set forth herein, including without limitation Foodwit's objections to ESHA's defined terms, and limits its response accordingly. Foodwit further objects to this request as premature on the grounds that ESHA has not provided its required identification of its asserted trade secrets. Foodwit's time to respond will commence

upon ESHA's provision of the required identification of its trade secrets with sufficient particularity.

**FIRST SUPPLEMENTAL RESPONSE TO REQUEST FOR PRODUCTION NO. 62:**

Subject to and without waiver of its objections, Foodwit will produce responsive, non-privileged documents in its possession, custody or control located after a reasonable search.

Date: September 11, 2026

Respectfully submitted,

P. Andrew McStay, Jr., OSB No. 033997
DAVIS WRIGHT TREMAINE LLP
560 SW 10th Avenue, Suite 700
Portland, Oregon, 97205
+1 (503) 241-2300
+1 (503) 778-5299 facsimile
andymcstay@dwt.com

Matthew S. Warren (*pro hac vice*)
Erika H. Warren (*pro hac vice*)
WARREN LLP
2261 Market Street, No. 606
San Francisco, California, 94114
+1 (415) 895-2940
+1 (415) 895-2964 facsimile
25-656@cases.warrenllp.com

*Attorneys for RLH Assets, LLC d/b/a Foodwit*

**CERTIFICATE OF SERVICE**

I hereby certify that on September 11, 2026, I served true and correct copies of Plaintiff Foodwit's Supplemental Objections and Responses to Defendant's First Set of Requests for Production to Plaintiff on counsel for defendant in this action:

Cary D. Sullivan
Jones Day
3161 Michelson Drive, Suite 800
Irvine, California, 92612

Brian R. Talcott
Dunn Carney LLP
851 SW Sixth Avenue, Suite 1500
Portland, Oregon, 97204

by electronic mail to the addresses carysullivan@jonesday.com and btalcott@dunncarney.com, under the parties' electronic service agreement set forth in the joint Rule 26(f) report, Docket No. 20.

Date: September 11, 2026

Kailey Fung

# Exhibit F

DUNN CARNEY LLP
Brian R. Talcott, OSB 965371
btalcott@dunncarney.com
851 SW Sixth Avenue, Suite 1500
Portland, Oregon 97204
Telephone: +1.949.851.3939
Facsimile: +1.502.224.7324

JONES DAY
Cary D. Sullivan, (*admitted Pro Hac Vice*)
carysullivan@jonesday.com
3161 Michelson Drive, Suite 800
Irvine, California 92612.4408
Telephone: +1.949.851.3939
Facsimile: +1.949.553.7539

*Attorneys for Plaintiff*
TRUSTWELL

UNITED STATES DISTRICT COURT

DISTRICT OF OREGON – PORTLAND DIVISION

ESHA RESEARCH, LLC, now known as TRUSTWELL,

Plaintiff,

v.

RLH ASSETS, LLC, doing business as FOODWIT, an Oregon limited liability company,

Defendant.

Case No. 3:25-cv-00880-AB

**PLAINTIFF TRUSTWELL'S FIRST SET OF REQUESTS FOR PRODUCTION TO DEFENDANT FOODWIT**

Complaint Filed: 02/20/2025
SAC Filed: 10/22/2025

PROPOUNDING PARTY: PLAINTIFF TRUSTWELL

RESPONDING PARTY: DEFENDANT FOODWIT

SET NO.: ONE

Pursuant to Rule 34 of the Federal Rules of Civil Procedure, Plaintiff ESHA Research, LLC, now known as Trustwell hereby requests that Defendant RLH Assets, LLC dba Foodwit produce the documents and things described below for inspection and copying within 30 days at the offices of Jones Day, 3161 Michelson Drive, Suite 800, Irvine, California 92612.

**DEFINITIONS**

Unless a contrary meaning appears in context, the following definitions apply:

(a) "YOU," "YOUR," and "DEFENDANT" means named Defendant RLH Assets, LLC dba Foodwit and any of its current or former directors, members, officers, agents, or employees.

(b) "TRUSTWELL" means Plaintiff ESHA Research, LLC now known as Trustwell and any of their current or former directors, members, officers, agents, or employees.

(c) "ACTION" means the above-referenced action, *ESHA Research, LLC, now known as Trustwell v. RLH Assets, LLC, doing business as Foodwit*, Case No. 3:25-cv-00880-AB, United States District Court, District of Oregon.

(d) "FOODWIT ACTION" means *RLH Assets, LLC, doing business as Foodwit* v. *ESHA Research, LLC*, Case No. 3:25-CV-00656-AB, United States District Court, District of Oregon, recently consolidated with this ACTION.

(e) "FOODWIT COMPLAINT" means the Complaint (ECF No. 1) that YOU filed in the FOODWIT ACTION.

(f) "ANSWER" means YOUR Answer To TRUSTWELL's Second Amended Complaint For Injunctive Relief And Damages (ECF No. 78) in this ACTION.

(g) "LICENSE AGREEMENT" means the limited-use license agreement entered into between TRUSTWELL and YOU in 2017, and any subsequent renewal, amendment, exhibit, addendum, incorporated terms, or related ordering document.

(h) "GENESIS FOODS" means the software system for which YOU obtained a limited-use license agreement from TRUSTWELL from 2017 through 2024.

(i) "WORKBENCH" means the product YOU created and launched, as alleged in YOUR ANSWER, including any predecessor, successor, prototype, beta, test, internal, production, or commercial version thereof, including any related database, source code, object code, API, user interface, product requirements, design specifications, project plans, data sets, compliance checks, workflows, reporting functions, labeling functions, and documentation.

(j) "DOCUMENT" includes all materials within the scope of Federal Rule of Civil Procedure 34(a) including, but not limited to, any kind of tangible material, whether written, recorded, microfilmed, microfiched, photographed, computerized, reduced to an electronic or magnetic impulse or otherwise preserved or rendered, and also including, but not limited to, papers, agreements, contracts, notes, memoranda, correspondence, letters, telegrams, telexes, text messages, statements, invoices, record books, reports, studies, analyses, minutes, records, accounting and financial books, transcriptions, negotiable instruments, deeds, deeds of trust, photographs, books, pamphlets, catalogues, brochures, extracts, working papers, charts, diaries, calendars, indices, tapes, wires, films, data sheets and cards, recordings and any and all other written, printed, recorded, transcribed, punched, taped, typed, filmed, duplicated, reproduced or other tangible matter in YOUR possession, custody or control, including, but not limited to, originals, all file copies, all other copies, no matter how or by whom prepared, and all drafts prepared in connection with such writings.

(k) "COMMUNICATION" and "COMMUNICATIONS" mean written or verbal exchanges between any individuals or entities, including, but not limited to, e-mails, electronic documents, electronic data in any form, conversations, telephone calls, text messages, letters, memoranda, reports, notes, exhibits, drawings, and any DOCUMENT which constitutes, confirms, or relates to such a COMMUNICATION. COMMUNICATIONS "between" any individual or entity and any other individual or entity includes COMMUNICATIONS going in either direction or both directions between such individuals or entities.

(l) The terms "RELATING TO" and "RELATE TO" mean directly or indirectly mentioning, describing, pertaining to, being connected with, or reflecting upon the subject matter of the specific request.

(m) "PERSON" or "PERSONS" means any natural person and any other cognizable entity, including but not limited to, corporations, proprietorships, partnerships, joint ventures, consortiums, clubs, associations, foundations, governmental agencies or instrumentalities, societies, and orders.

(n) The terms "and" and "or" have both conjunctive and disjunctive meanings, and the terms "each," "any," and "all" mean "each and every."

(o) When appropriate, the singular shall encompass the plural, and vice versa.

## GENERAL INSTRUCTIONS

1. Each request for production of documents contained herein extends to all DOCUMENTS in YOUR possession, custody, or control or in the possession, custody, or control of anyone acting on YOUR behalf. A DOCUMENT is to be deemed in YOUR possession, custody, or control (a) if it is in YOUR physical custody or (b) if it is in the physical custody of any other person and YOU (i) own such DOCUMENT in whole or in part, (ii) have a right, by contract, statute or otherwise, to use, inspect, examine or copy such DOCUMENT on any terms, (iii) have an understanding, express or implied, that YOU may use, inspect, examine or copy such DOCUMENT on any terms or (iv) have, as a practical matter, been able to use, inspect, examine or copy such DOCUMENT when YOU sought to do so.

2. Produce all copies of DOCUMENTS as they are maintained in original form. DOCUMENTS are to be stapled, clipped, and otherwise organized as they are in original form, and produced in the sequence they are maintained.

3. If YOU claim any form of privilege, whether based on statute or otherwise, with respect to the DOCUMENTS requested, YOU are requested to state in writing with respect to each document for which privilege is claimed its date, author, addressee(s) if any, type of document or

communication (letter, memorandum, telephone call, etc.), subject matter (without revealing the information as to which privilege is claimed), and, with sufficient specificity to permit the Court to make a full determination whether the claim of privilege is valid, each and every fact or basis upon which YOU claim such privilege.

4. If YOU cannot provide some or any of the requested DOCUMENTS (after exercising due diligence to secure them), so state and provide the DOCUMENTS requested to the extent possible, specifying the reasons for YOUR inability to produce the remainder of the DOCUMENTS and stating whatever information or knowledge YOU have concerning the DOCUMENTS not produced.

5. After responding to these document production requests, YOU must supplement or correct any responses or production of documents later learned to be incomplete or incorrect immediately upon learning that a prior response or production of documents was incomplete or incorrect, in accordance with Federal Rule of Civil Procedure 26.

## REQUEST FOR PRODUCTION

**REQUEST FOR PRODUCTION NO. 1:**

All DOCUMENTS RELATING TO the design, development, testing, beta release, launch, sale, licensing, or commercialization of WORKBENCH.

**REQUEST FOR PRODUCTION NO. 2:**

All DOCUMENTS RELATING TO the design, development, testing, or beta release of any database that supports or is embedded within WORKBENCH.

**REQUEST FOR PRODUCTION NO. 3:**

All DOCUMENTS, including COMMUNICATIONS RELATING TO the marketing or advertising of WORKBENCH.

**REQUEST FOR PRODUCTION NO. 4:**

All DOCUMENTS sufficient to show the timeline for the development of WORKBENCH, including but not limited to the date(s) on which YOU: first conceived of WORKBENCH, began

designing WORKBENCH, first tested WORKBENCH, first demonstrated WORKBENCH to any PERSON, first offered WORKBENCH to any customer or prospective customer, and first generated revenue from WORKBENCH.

**REQUEST FOR PRODUCTION NO. 5:**

All DOCUMENTS sufficient to show the timeline for the development of any database that supports or is embedded within WORKBENCH, including but not limited to the date(s) on which YOU: first conceived of the database(s), began designing the database(s), began entering data in the database(s), first tested the database(s), and first demonstrated the database(s) to any PERSON.

**REQUEST FOR PRODUCTION NO. 6:**

All DOCUMENTS RELATING TO YOUR assertion in the FOODWIT COMPLAINT that "Foodwit's Workbench product did not use [TRUSTWELL's] 'highly confidential and proprietary nutritional data and related information.'"

**REQUEST FOR PRODUCTION NO. 7:**

All DOCUMENTS RELATING TO YOUR assertion in the FOODWIT COMPLAINT that "Foodwit developed its computational algorithms for over six months using its decades of industry experience."

**REQUEST FOR PRODUCTION NO. 8:**

All DOCUMENTS RELATING TO YOUR assertion in the FOODWIT COMPLAINT that YOU "did not need to use any 'highly confidential and proprietary nutritional data and related information' because it has access to readily-available data from public domain sources such as the Food Data Central website to perform calculations on that data as required by applicable laws and regulations."

**REQUEST FOR PRODUCTION NO. 9:**

All DOCUMENTS RELATING TO YOUR assertion in the FOODWIT COMPLAINT that YOU have not "'secretly' been using any of [TRUSTWELL's] assets to create a competitive product, it has not been reverse engineering any of [TRUSTWELL's] software."

**<u>REQUEST FOR PRODUCTION NO. 10</u>:**

All DOCUMENTS RELATING TO YOUR assertion that WORKBENCH was created independently and without reference to GENESIS FOODS.

**<u>REQUEST FOR PRODUCTION NO. 11</u>:**

All DOCUMENTS sufficient to identify each PERSON who participated in the conception, design, development, testing, launch, marketing, sale, licensing, or commercialization of WORKBENCH, including each such PERSON'S role and dates of involvement.

**<u>REQUEST FOR PRODUCTION NO. 12</u>:**

All DOCUMENTS sufficient to identify each PERSON who participated in the conception, design, development, testing, launch, marketing, sale, licensing, or commercialization of any database that supports or is embedded within WORKBENCH, including each such PERSON'S role and dates of involvement.

**<u>REQUEST FOR PRODUCTION NO. 13</u>:**

All DOCUMENTS sufficient to identify each PERSON who, on YOUR behalf, ever received or had access to data, files, reports, labels, recipes, ingredients, formulas, configurations, calculations, workflows, or other information downloaded, exported, extracted, copied, or transferred from GENESIS FOODS.

**<u>REQUEST FOR PRODUCTION NO. 14</u>:**

All DOCUMENTS, including COMMUNICATIONS, RELATING TO product development for WORKBENCH, including product roadmaps, development plans, project plans, milestones, timelines, budgets, staffing plans, meeting minutes, status reports, marketing and advertising plans, and launch plans.

**<u>REQUEST FOR PRODUCTION NO. 15</u>:**

All DOCUMENTS, including COMMUNICATIONS, RELATING TO product development for any database that supports or is embedded within WORKBENCH, including product roadmaps, development plans, project plans, milestones, timelines, budgets, staffing plans, meeting minutes, status reports, marketing and advertising plans, and launch plans.

**REQUEST FOR PRODUCTION NO. 16:**

All DOCUMENTS RELATING TO any source code repository, version-control system, branch, merge request, release note, build log, deployment log, or change log for WORKBENCH.

**REQUEST FOR PRODUCTION NO. 17:**

All DOCUMENTS RELATING TO any source code repository, version-control system, branch, merge request, release note, build log, deployment log, or change log for any database that supports or is embedded within WORKBENCH.

**REQUEST FOR PRODUCTION NO. 18:**

All DOCUMENTS RELATING TO the source, origin, derivation, or development history of each feature, function, formula, design, configuration, calculation, compliance check, workflow, label format, report, API, import/export function, data field, database, or user-interface element in WORKBENCH.

**REQUEST FOR PRODUCTION NO. 19:**

All DOCUMENTS RELATING TO the source, origin, derivation, or development history of each feature, function, formula, design, configuration, calculation, compliance check, workflow, label format, report, API, import/export function, data field, database, or user-interface element in any database that supports or is embedded within WORKBENCH.

**REQUEST FOR PRODUCTION NO. 20:**

All DOCUMENTS, including COMMUNICATIONS, RELATING TO any comparison, benchmarking, analysis, feature mapping, product review, or technical review comparing or contrasting WORKBENCH to GENESIS FOODS or any other food formulation, nutrition analysis, labeling, or regulatory compliance software.

**REQUEST FOR PRODUCTION NO. 21:**

All DOCUMENTS RELATING TO any COMMUNICATION by or with Becki Holmes concerning TRUSTWELL, including but not limited to the development of food formulation or labeling software, replication or duplication of GENESIS FOODS, or any feature, function,

formula, design, configuration, calculation, compliance check, workflow, label format, report, API, import/export function, data field, database, or user-interface element in GENESIS FOODS.

**REQUEST FOR PRODUCTION NO. 22:**

All COMMUNICATIONS between YOU and any developer, engineer, consultant, contractor, vendor, investor, customer, or prospective customer RELATING TO the development, timeline, origin, design, architecture, testing, marketing, advertising, launch, or capabilities of WORKBENCH.

**REQUEST FOR PRODUCTION NO. 23:**

All COMMUNICATIONS between YOU and any developer, engineer, consultant, contractor, vendor, investor, customer, or prospective customer RELATING TO the development, timeline, origin, design, architecture, coding, testing, marketing, advertising, launch, or capabilities of any database that supports or is embedded within WORKBENCH.

**REQUEST FOR PRODUCTION NO. 24:**

All DOCUMENTS RELATING TO YOUR request for, confirmation of, use of, or reliance on API, import, export, backup, restore, reporting, download, or data-extraction functionality in GENESIS FOODS.

**REQUEST FOR PRODUCTION NO. 25:**

All DOCUMENTS, including COMMUNICATIONS, RELATING TO YOUR possession, custody, or control of any TRUSTWELL materials, including but not limited to confidential information, GENESIS FOODS data, notes, records, documentation, models, software, databases, files, exports, backups, copies, derivative works, or other materials containing, referencing, derived from, or based on TRUSTWELL confidential information or GENESIS FOODS.

**REQUEST FOR PRODUCTION NO. 26:**

All DOCUMENTS sufficient to show any materials that YOU returned, surrendered, destroyed, deleted, quarantined, archived, retained, or failed to return to TRUSTWELL following termination of your limited-use license agreement with TRUSTWELL, including but not limited

to notes, records, documentation, models, software, databases, and other items or materials referencing, containing, or based on TRUSTWELL's confidential, proprietary, and trade secret information.

**<u>REQUEST FOR PRODUCTION NO. 27</u>:**

All DOCUMENTS, including COMMUNICATIONS, RELATING TO TRUSTWELL'S demand to return or surrender all notes, records, documentation, models, software, databases, and other items or materials referencing, containing, or based on TRUSTWELL'S confidential, proprietary, or trade secret information.

**<u>REQUEST FOR PRODUCTION NO. 28</u>:**

All DOCUMENTS sufficient to identify each device, server, cloud storage location, database, repository, account, backup, archive, email account, messaging account, or file system where any TRUSTWELL confidential information, GENESIS FOODS data, or materials derived from any of them, have been stored.

**<u>REQUEST FOR PRODUCTION NO. 29</u>:**

All DOCUMENTS RELATING TO YOUR assertion that there is no "support that [YOU] 'exported a substantial volume of proprietary data from Genesis Foods' for an improper purpose," as stated in YOUR Motion to Dismiss TRUSTWELL'S Second Amended Complaint (ECF No. 47) in this ACTION.

**<u>REQUEST FOR PRODUCTION NO. 30</u>:**

All DOCUMENTS, including COMMUNICATIONS, RELATING TO Becki Holmes' interactions with Riverside Partners, LLC d/b/a The Riverside Company in 2022 and 2023 RELATING TO TRUSTWELL and/or GENESIS FOODS.

**<u>REQUEST FOR PRODUCTION NO. 31</u>:**

All DOCUMENTS sufficient to show revenues, profits, costs, pricing, subscriptions, licenses, customers, sales pipeline, churn, customer migration, customer acquisition, and financial projections for WORKBENCH.

**<u>REQUEST FOR PRODUCTION NO. 32</u>:**

All DOCUMENTS RELATING TO audit logs, activity logs, export logs, API logs, database logs, access logs, user logs, error logs, security logs, or administrative logs reflecting YOUR access to or use of GENESIS FOODS.

**<u>REQUEST FOR PRODUCTION NO. 33</u>:**

All DOCUMENTS sufficient to identify each GENESIS FOODS user account, API key, credential, token, administrator account, or other access mechanism used by any of YOUR personnel or on YOUR behalf.

**<u>REQUEST FOR PRODUCTION NO. 34</u>:**

All DOCUMENTS RELATING TO any transfer, migration, import, ingestion, upload, conversion, parsing, normalization, mapping, transformation, or loading of data from GENESIS FOODS to WORKBENCH or any other FOODWIT system.

**<u>REQUEST FOR PRODUCTION NO. 35</u>:**

All DOCUMENTS RELATING TO any spreadsheet, CSV, database file, export file, backup file, report, label, recipe, ingredient record, nutritional data record, or other file exported, downloaded, copied, or otherwise obtained from GENESIS FOODS.

**<u>REQUEST FOR PRODUCTION NO. 36</u>:**

All DOCUMENTS RELATING TO any technical investigation, forensic analysis, code review, architecture review, database review, or product review concerning whether WORKBENCH contains, reflects, incorporates, or was derived from GENESIS FOODS or any other product.

**<u>REQUEST FOR PRODUCTION NO. 37</u>:**

All DOCUMENTS RELATING TO product requirements, business requirements, technical requirements, functional specifications, user stories, acceptance criteria, design specifications, mockups, wireframes, prototypes, feature requests, or product briefs for WORKBENCH.

**REQUEST FOR PRODUCTION NO. 38:**

All DOCUMENTS RELATING TO any source of information, inspiration, reference material, example, model, template, competitor product, public documentation, customer request, consultant input, developer input, or third-party material used to design, develop, or implement WORKBENCH.

**REQUEST FOR PRODUCTION NO. 39:**

All DOCUMENTS that refer or RELATE TO the assertion in paragraph 6 of the Declaration of Rebecca Holmes (ECF No. 63) that YOU "had no access to these 'specific, underlying processes and methodologies'" for GENESIS FOODS.

**REQUEST FOR PRODUCTION NO. 40:**

All DOCUMENTS that refer or RELATE TO the assertion in paragraph 9 of the Declaration of Rebecca Holmes (ECF No. 63) that "if a company such as [TRUSTWELL] were to develop a particular set of "underlying formulas or calculation processes," they would not have any value from being secret and there would be no reason for anyone else to copy them, as it would be easier to use the publicly available regulatory requirements to generate the formulas or calculation processes a product requires."

**REQUEST FOR PRODUCTION NO. 41:**

All DOCUMENTS that RELATE TO YOUR use of the "publicly available regulatory requirements to generate the formulas or calculation processes a product requires," or any other publicly available material identified in the Declaration of Rebecca Holmes (ECF No. 63) or the Declaration of Matthew S. Warren (ECF No. 53), in the development of WORKBENCH.

**REQUEST FOR PRODUCTION NO. 42:**

All DOCUMENTS, including COMMUNICATIONS, between YOU and any third party RELATING TO this ACTION, including but not limited to the recently consolidated FOODWIT ACTION.

**<u>REQUEST FOR PRODUCTION NO. 43</u>:**

All DOCUMENTS, including COMMUNICATIONS, RELATING TO any claim, complaint, demand, notice, cease-and-desist letter, inquiry, lawsuit, arbitration, administrative proceeding, or other assertion by any PERSON that YOU copied, misappropriated, infringed, or otherwise wrongfully used any confidential information, proprietary information, or trade secret of any PERSON other than TRUSTWELL.

**<u>REQUEST FOR PRODUCTION NO. 44</u>:**

All DOCUMENTS RELATING TO or supporting any affirmative defense that YOU assert in YOUR ANSWER in this ACTION.

**<u>REQUEST FOR PRODUCTION NO. 45</u>:**

All DOCUMENTS RELATING TO YOUR assertion in the FOODWIT COMPLAINT that “[u]pon its acquisition, [TRUSTWELL] immediately flexed its market power to control prices by increasing its prices 5x–10x, which it could only do because of a lack of available substitutes.”

**<u>REQUEST FOR PRODUCTION NO. 46</u>:**

All DOCUMENTS RELATING TO YOUR assertion in the FOODWIT COMPLAINT that “[TRUSTWELL’s] customers anonymously complained that [TRUSTWELL] was ‘forcing it down our throats because they know there is no viable alternative’ and that [TRUSTWELL’s] position to its customers was ‘we know we are the platform everyone uses...so suck it up and pay.’”

**<u>REQUEST FOR PRODUCTION NO. 47:</u>**

All DOCUMENTS RELATING TO YOUR assertion in the FOODWIT COMPLAINT that “[TRUSTWELL] denied its customers access to their exported data—even those customers who had paid for that capability, specifically—to increase the risk of disruptions, complications, and potential regulatory risks to those customers in migrating to competitors.”

**REQUEST FOR PRODUCTION NO. 48:**

All DOCUMENTS RELATING TO YOUR assertion in the FOODWIT COMPLAINT that "[TRUSTWELL] would entrap its customers by the false promise of an extension of their renewal dates, only to renege on that promise at the eleventh hour, forcing its customers to choose between paying a 10x markup for [TRUSTWELL's] SaaS-based application for food-labeling compliance or immediately lose access to their data before they had an opportunity to seek an alternative solution."

**REQUEST FOR PRODUCTION NO. 49:**

All DOCUMENTS RELATING TO YOUR assertion in the FOODWIT COMPLAINT that TRUSTWELL "engaged in a campaign to intimidate its emerging competitors, including at least Foodwit, through baseless accusations and litigation against them for unspecified 'theft' of [TRUSTWELL's] unspecified 'crown jewels.'"

**REQUEST FOR PRODUCTION NO. 50:**

All DOCUMENTS RELATING TO YOUR assertion in the FOODWIT COMPLAINT that TRUSTWELL "has directly threatened new market participants through a series of escalating demands for the purpose of excluding them from the U.S. SaaS-based application for food-labeling compliance market."

**REQUEST FOR PRODUCTION NO. 51:**

All DOCUMENTS RELATING TO YOUR assertion in the FOODWIT COMPLAINT that "[b]y knowingly filing litigation without a single supporting fact setting forth what or when or how Foodwit allegedly stole [TRUSTWELL's] 'crown jewels,' and by knowingly suing in an improper venue, [TRUSTWELL] is engaged in sham litigation."

**REQUEST FOR PRODUCTION NO. 52:**

All DOCUMENTS RELATING TO YOUR assertion in the FOODWIT COMPLAINT that "[t]he U.S. market for SaaS-based applications for packaged food-labeling compliance is highly concentrated, and there are significant barriers to entry."

**REQUEST FOR PRODUCTION NO. 53:**

To the extent not identified or produced in response to the above requests, all DOCUMENTS that RELATE TO or support YOUR first cause of action for Violations of Section 2 of the Sherman Antitrust Act, 15 U.S.C. § 2 in the FOODWIT ACTION.

**REQUEST FOR PRODUCTION NO. 54:**

To the extent not identified or produced in response to the above requests, all DOCUMENTS that RELATE TO or support YOUR second cause of action for Violations of Section 2 of the Sherman Antitrust Act, 15 U.S.C. § 2 in the FOODWIT ACTION.

**REQUEST FOR PRODUCTION NO. 55:**

To the extent not identified or produced in response to the above requests, all DOCUMENTS that RELATE TO or support YOUR fifth cause of action for Tortious Interference with Prospective Business Relations or Economic Advantage in the FOODWIT ACTION.

**REQUEST FOR PRODUCTION NO. 56:**

To the extent any of YOUR responses to TRUSTWELL's Requests for Admission (Set One), served concurrently herewith, do not constitute a complete and unlimited admission, produce all DOCUMENTS that RELATE TO or support YOUR response to such Request for Admission.

Dated: August 21, 2026

**JONES DAY**

*/s/ Cary D. Sullivan*
Cary D. Sullivan (*admitted Pro Hac Vice*)
Email: carysullivan@jonesday.com

**DUNN CARNEY LLP**
Brian R. Talcott, OSB 965371
Email: btalcott@dunncarney.com

*Attorneys for Plaintiff*
TRUSTWELL

# Exhibit G

Brian R. Talcott, OSB No. 965371
DUNN CARNEY LLP
851 SW Sixth Avenue, Suite 1500
Portland, OR 97204
Telephone: (503) 224-6440
Facsimile: (503) 224-7324
E-mail: btalcott@dunncarney.com

Cary D. Sullivan (*pro hac vice to be filed*)
JONES DAY
3161 Michelson Drive, Suite 800
Irvine, CA 92612
Telephone: (949) 851-3939
Facsimile: (949) 553-7539
E-mail: carysullivan@jonesday.com

*Attorneys for Defendant*

UNITED STATES DISTRICT COURT

DISTRICT OF OREGON – PORTLAND DIVISION

| | |
|---|---|
| RLH ASSETS, LLC, doing business as FOODWIT, an Oregon limited liability company,<br><br>Plaintiff,<br><br>v.<br><br>ESHA RESEARCH, LLC, also known as TRUSTWELL, an Oregon limited liability company,<br><br>Defendant. | Civil No. 3:25−cv−00656−AB<br><br>**DEFENDANT TRUSTWELL'S FIRST SET OF REQUESTS FOR PRODUCTION OF DOCUMENTS TO PLAINTIFF FOODWIT** |

Pursuant to Rules 26 and 34 of the Federal Rules of Civil Procedure and the applicable Local Rules of the District of Oregon, Defendant ESHA Research, LLC, now known as Trustwell ("Trustwell"), hereby requests that Plaintiff RLH Assets, LLC, doing business as Foodwit ("Foodwit"), produce each of the documents and tangible things requested below within thirty (30) days of service hereof, in accordance with the definitions and instructions set forth herein.

**DEFINITIONS**

1. "ACTION" means this action: RLH Assets, LLC, dba Foodwit v. ESHA Research, LLC, Case No. 3:25-CV-00656, U.S. District Court for the District of Oregon.

2. "TRUSTWELL" means Defendant ESHA Research, LLC, now known as Trustwell.

3. "YOU" and "YOUR" mean Plaintiff RLH Assets, LLC, doing business as Foodwith ("Foodwit"), and any present and former executives, officers, general partners, limited partners, employees, agents, members, representatives, attorneys, accountants, consultants, advisors, and all other persons acting or purporting to act on behalf of, at the insistence of, or for the benefit of, Foodwit.

4. "DOCUMENTS" shall have the broadest meaning permitted under the Federal Rules of Civil Procedure and includes all writings or other tangible or electronic or computer records or electronically stored information, including, but not limited to, all reports and records, correspondence, notes, electronic mail or e-mail, memoranda, minutes, invoices, day-timers, text messages, instant messages, ledgers, tape or other recordings, contracts, files, and all other writings or data compilations of any nature or sort from which information can be obtained, whether inscribed by hand or mechanical, electronic, microfilm, photographic or other means, as well as phonic or visual reproduction of any oral statement, conversation, or event. The word "documents" also includes all drafts and non-identical copies. Documents that include any notations or marks thereon shall be considered non-identical copies.



DUNN CARNEY ALLEN HIGGINS & TONGUE LLP
Attorneys at Law
851 SW Sixth Ave., Suite 1500
Portland, Oregon 97204-1357
503.224.6440 / Fax: 503.224.7324

5. "COMMUNICATIONS" shall mean and include any and all transmissions of information by any means, including, without limitation, any and all inquiries, discussions, conferences, conversations, negotiations, notes, meetings, interviews, or other communications, whether through face-to-face meetings, telephone calls or messages, letters, faxes, email, memoranda, SMS, MMS, or other text messages, other instant electronic messages, notes, telegrams, cables, telex messages, or other written, oral, or visual communications.

6. "COMPLAINT" means YOUR Complaint (ECF No. 1), filed in this ACTION on April 22, 2025.

7. "IDENTIFY." when used with respect to a natural person, means to state the person's entire name, business affiliation or employer, job classification or title, and last known residential and business addresses and phone numbers, as well as any other means by which YOU know to contact that person; when used to refer to an act or occurrence, means to describe the act or occurrence, including its date and time, place, and subject matter, and to identify all persons who engaged in the act or occurrence; and when used to refer to a COMMUNICATION, means to describe the COMMUNICATION, including its date and time, location, the means of COMMUNICATION (e.g., telephone, personal meeting, email, etc.), and subject matter, and to identify all persons who engaged in or heard the COMMUNICATION.

8. The words "and" and "or" shall be construed either disjunctively or conjunctively as necessary to bring within the scope of the Requests information that might otherwise be construed to be outside of their scope; the singular shall include the plural and the plural shall include the singular except as the context may otherwise dictate; the term "any" means "any and all" and the term "all" means "any and all"; the past tense shall include the present tense, and vice versa; the use of the masculine includes the feminine, and the use of the feminine includes the masculine; and the word "including" means "including without limitation."

9. The verb "relate" and its variants encompass the terms "refer," "reflect," and "concern," and shall be construed broadly to bring within the scope of the Request any document



**DUNN CARNEY ALLEN HIGGINS & TONGUE LLP**
Attorneys at Law
851 SW Sixth Ave., Suite 1500
Portland, Oregon 97204-1357
503.224.6440 / Fax: 503.224.7324

or information that comprises, evidences, constitutes, describes, explicitly or implicitly refers to, was reviewed in conjunction with, or was generated as a result of the subject matter of the Request, including but not limited to all information that reflects, records, memorializes, discusses, evaluates, considers, reviews, reports, or otherwise evidences the existence of the subject matter of the Request.

## INSTRUCTIONS

1. These requests for production ("Requests") seek documents and tangible things in YOUR possession, custody, or control as of the date YOUR responses are served and to the full extent required by the Federal Rules of Civil Procedure and the Local Rules of the District of Oregon. As these Requests are continuing, YOU are obligated to promptly supplement or correct any response and/or production that is or becomes incomplete or inaccurate, in accordance with Rule 26(e), such as if responsive documents or things are subsequently created, received, or come within YOUR control as defined herein. Pursuant to Rule 26(e), YOU must update or correct any such information and/or production promptly after learning of the need to supplement.

2. In responding to these Requests, YOU shall produce all responsive documents and things in YOUR possession, custody, or control or in the possession, custody, or control of any of YOUR respective managing agents, employees, agents, attorneys, accountants, or other representatives.

3. A document or thing is deemed to be in YOUR control if you have the right or the practical ability to secure the document or thing, or a copy of the document from another person having possession or custody of the document.

4. YOU shall respond to each Request on the basis of YOUR entire knowledge from all sources after conducting an appropriate good faith inquiry and search.

5. If any responsive document was, but is no longer, in YOUR possession or subject to YOUR control, state whether it is (a) missing or lost; (b) destroyed; (c) transferred voluntarily



DUNN CARNEY ALLEN HIGGINS & TONGUE LLP
Attorneys at Law
851 SW Sixth Ave., Suite 1500
Portland, Oregon 97204-1357
503.224.6440 / Fax: 503.224.7324

or involuntarily to others; or (d) otherwise disposed of, and in each instance provide the name and address of its current or last known custodian, the circumstances surrounding such disposition, and any and all records pertaining to its loss, transfer, or destruction.

6. If YOU know of the existence of any document or thing called for in a Request but such document or thing is not presently in YOUR possession, custody, or control, YOU shall so state in response to the Request, identify such document or thing in response to the Request, and identify the individual in whose possession, custody, or control the document or thing was last known to reside.

7. In the event YOU withhold any document or thing on a claim of attorney/client privilege or work product immunity, contemporaneously provide a privilege log that describes the nature and basis for YOUR claim and the subject matter, date, recipients, and author of the document withheld, or in the case of a thing, a description sufficient to identify the thing and its location. Such privilege log shall disclose the facts upon which YOU rely in asserting YOUR claim sufficient to permit identification of the grounds and reasons for withholding the document or thing. If YOU withhold a portion of any document responsive to these Requests under a claim of privilege pursuant to this instruction, produce any non-privileged portion of such document with the portion claimed to be privileged redacted with a clear designation that the redaction has been made.

8. Produce documents as they are maintained in the normal course of business, and:

(i) all associated file labels, file headings thereon, and file folders shall be produced together with the responsive documents from each file;

(ii) all documents that cannot be legibly copied shall be produced in their original form; otherwise YOU may produce photocopies;

(iii) each page shall be given a discrete production number unless the item is an electronic file (e.g., Excel spreadsheet) produced in native format, which may be marked with a single production number; and



DUNN CARNEY ALLEN HIGGINS & TONGUE LLP
Attorneys at Law
851 SW Sixth Ave., Suite 1500
Portland, Oregon 97204-1357
503.224.6440 / Fax: 503.224.7324

(iv) except as qualified in instruction 7, produce each document requested herein in its entirety, without deletion or redaction regardless of whether YOU consider the entire document to be relevant or responsive to the Requests.

If YOU contend that it would be unreasonably burdensome to obtain and provide all the documents, things, or information called for in response to any of these Requests, then for each such Request:

(i) produce all documents, things and information that are available to YOU without undertaking what is contended to be an unreasonable burden;

(ii) describe with particularity the efforts made by YOU or on YOUR behalf to secure such documents, things, and information; and

(iii) state with particularity the grounds on which YOU contend that additional efforts to obtain such documents, things or information would be unreasonably burdensome.

9. Electronic records or computerized information shall be produced in an intelligible format, together with a description of the system from which the information was obtained and the name of the program that may be used to access or read the records or information sufficient to permit rendering the materials intelligible, and shall include all applicable metadata.

**REQUESTS FOR PRODUCTION OF DOCUMENTS**

**REQUEST FOR PRODUCTION NO. 1:** All DOCUMENTS referenced in YOUR COMPLAINT.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 1:**

**REQUEST FOR PRODUCTION NO. 2:** All DOCUMENTS referencing YOUR COMMUNICATIONS with TRUSTWELL.



**DUNN CARNEY ALLEN HIGGINS & TONGUE LLP**
Attorneys at Law
851 SW Sixth Ave., Suite 1500
Portland, Oregon 97204-1357
503.224.6440 / Fax: 503.224.7324

**RESPONSE TO REQUEST FOR PRODUCTION NO. 2:**

**REQUEST FOR PRODUCTION NO. 3:** All DOCUMENTS reflecting or referencing any of YOUR agreements with TRUSTWELL, including but not limited to license agreements.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 3**:

**REQUEST FOR PRODUCTION NO. 4:** All DOCUMENTS reflecting or referencing any amendments or changes that YOU believe were made to any terms or conditions of any of YOUR agreements with TRUSTWELL, including but not limited to license agreements.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 4:**

**REQUEST FOR PRODUCTION NO. 5:** All DOCUMENTS reflecting or referencing any efforts YOU made to comply with any terms or conditions of any of YOUR agreements with TRUSTWELL.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 5:**

**REQUEST FOR PRODUCTION NO. 6:** All COMMUNICATIONS with TRUSTWELL.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 6:**

**REQUEST FOR PRODUCTION NO. 7:** All DOCUMENTS relating to TRUSTWELL.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 7:**

**REQUEST FOR PRODUCTION NO. 8:** All COMMUNICATIONS relating to TRUSTWELL, including but not limited to COMMUNICATIONS with employees, clients, or third parties, as well as online comments and discussions.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 8:**



**DUNN CARNEY ALLEN HIGGINS & TONGUE LLP**
Attorneys at Law
851 SW Sixth Ave., Suite 1500
Portland, Oregon 97204-1357
503.224.6440 / Fax: 503.224.7324

**REQUEST FOR PRODUCTION NO. 9:** All DOCUMENTS reflecting or referencing any payments YOU made to TRUSTWELL.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 9:**

**REQUEST FOR PRODUCTION NO. 10:** All software and data that YOU received from TRUSTWELL.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 10:**

**REQUEST FOR PRODUCTION NO. 11:** All DOCUMENTS reflecting or referencing the ways in which YOU used any software or data that YOU received from TRUSTWELL.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 11:**

**REQUEST FOR PRODUCTION NO. 12:** All DOCUMENTS relating to the use of any software or data received from TRUSTWELL in any of YOUR products or services.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 12:**

**REQUEST FOR PRODUCTION NO. 13:** All DOCUMENTS relating to any security policies, practices, or protocols that YOU implemented or followed with respect to any software or data YOU received from TRUSTWELL.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 13:**

**REQUEST FOR PRODUCTION NO. 14:** All DOCUMENTS relating to any security policies, practices, or protocols that YOU implemented or followed with respect to YOUR intellectual property or other confidential information since 2017.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 14:**



**DUNN CARNEY ALLEN HIGGINS & TONGUE LLP**
Attorneys at Law
851 SW Sixth Ave., Suite 1500
Portland, Oregon 97204-1357
503.224.6440 / Fax: 503.224.7324

**REQUEST FOR PRODUCTION NO. 15:** All DOCUMENTS reflecting or referencing how YOU maintained any software or data that YOU received from TRUSTWELL.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 15:**

**REQUEST FOR PRODUCTION NO. 16:** All DOCUMENTS reflecting or referencing any marketing or advertising of YOUR products or services that utilized or were based on any software or data that YOU received from TRUSTWELL.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 16:**

**REQUEST FOR PRODUCTION NO. 17:** All DOCUMENTS reflecting or referencing any sales of YOUR products or services that utilized or were based on any software or data that YOU received from TRUSTWELL.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 17:**

**REQUEST FOR PRODUCTION NO. 18:** DOCUMENTS sufficient to IDENTIFY all clients to which any of YOUR products or services that utilized or were based on any software or data that YOU received from TRUSTWELL were advertised or marketed.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 18:**

**REQUEST FOR PRODUCTION NO. 19:** DOCUMENTS sufficient to IDENTIFY all clients to which any of YOUR products or services that utilized or were based on any software or data that YOU received from TRUSTWELL were sold.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 19:**



**DUNN CARNEY ALLEN HIGGINS & TONGUE LLP**
Attorneys at Law
851 SW Sixth Ave., Suite 1500
Portland, Oregon 97204-1357
503.224.6440 / Fax: 503.224.7324

**REQUEST FOR PRODUCTION NO. 20:** DOCUMENTS sufficient to IDENTIFY all revenues from any sales of YOUR products or services that utilized or were based on any software or data that YOU received from TRUSTWELL.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 20:**

**REQUEST FOR PRODUCTION NO. 21:** DOCUMENTS sufficient to IDENTIFY all profits realized from any sales of YOUR products or services that utilized or were based on any software or data that YOU received from TRUSTWELL.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 21:**

**REQUEST FOR PRODUCTION NO. 22:** DOCUMENTS sufficient to IDENTIFY YOUR annual revenues since 2017.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 22:**

**REQUEST FOR PRODUCTION NO. 23:** YOUR annual tax returns since 2017.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 23:**

**REQUEST FOR PRODUCTION NO. 24:** DOCUMENTS sufficient to IDENTIFY all clients or customers that have paid for access to or use of any of YOUR products or services each year since 2017.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 24:**

**REQUEST FOR PRODUCTION NO. 25:** DOCUMENTS sufficient to IDENTIFY all products and services YOU have sold to clients since 2017.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 25:**



**DUNN CARNEY ALLEN HIGGINS & TONGUE LLP**
Attorneys at Law
851 SW Sixth Ave., Suite 1500
Portland, Oregon 97204-1357
503.224.6440 / Fax: 503.224.7324

**REQUEST FOR PRODUCTION NO. 26:** All interviews conducted by Becki Holmes since 2017.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 26:**

**REQUEST FOR PRODUCTION NO. 27:** All DOCUMENTS supporting any affirmative defenses YOU assert in this ACTION.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 27:**

**REQUEST FOR PRODUCTION NO. 28:** All DOCUMENTS reflecting or IDENTIFYING the "market for SaaS-based applications for packaged food-labeling compliance in the United States," as alleged in paragraph 151 of YOUR COMPLAINT.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 28:**

**REQUEST FOR PRODUCTION NO. 29:** DOCUMENTS sufficient to IDENTIFY the "reasonably interchangeable" "[p]roducts in the U.S. market for SaaS-based applications for packaged food-labeling compliance," as alleged in paragraph 152 of YOUR COMPLAINT.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 29:**

**REQUEST FOR PRODUCTION NO. 30:** DOCUMENTS sufficient to IDENTIFY the "small handful of players" in the "U.S. market for SaaS-based applications for packaged food-labeling compliance," as alleged in paragraph 154 of YOUR COMPLAINT.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 30:**



**DUNN CARNEY ALLEN HIGGINS & TONGUE LLP**
Attorneys at Law
851 SW Sixth Ave., Suite 1500
Portland, Oregon 97204-1357
503.224.6440 / Fax: 503.224.7324

**REQUEST FOR PRODUCTION NO. 31:** All DOCUMENTS reflecting or IDENTIFYING the "substantial and durable market power" that YOU allege TRUSTWELL has, as set forth in paragraph 155 of YOUR COMPLAINT.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 31:**

**REQUEST FOR PRODUCTION NO. 32:** All DOCUMENTS reflecting or IDENTIFYING the "dominant market position" that YOU allege TRUSTWELL has, as set forth in paragraph 156 of YOUR COMPLAINT.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 32:** All DOCUMENTS reflecting or IDENTIFYING the "significant barriers to entry" that YOU allege exist in the "U.S. market for SaaS-based applications for food-labeling compliance," as set forth in paragraph 158 of YOUR COMPLAINT.

**REQUEST FOR PRODUCTION NO. 33:** All DOCUMENTS reflecting or IDENTIFYING the "monopoly power in this market" that YOU allege TRUSTWELL "possesses," as set forth in paragraph 162 of YOUR COMPLAINT.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 33:**

**REQUEST FOR PRODUCTION NO. 34:** DOCUMENTS sufficient to IDENTIFY all "competitors" in "this market," as alleged in paragraph 162 of YOUR COMPLAINT.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 34:**



**DUNN CARNEY ALLEN HIGGINS & TONGUE LLP**
Attorneys at Law
851 SW Sixth Ave., Suite 1500
Portland, Oregon 97204-1357
503.224.6440 / Fax: 503.224.7324

**REQUEST FOR PRODUCTION NO. 35:** All DOCUMENTS reflecting or IDENTIFYING the "great lengths" to which YOU allege TRUSTWELL "has gone … to willfully maintain or attempt to maintain its monopoly position," as set forth in paragraph 163 of YOUR COMPLAINT.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 35:**

**REQUEST FOR PRODUCTION NO. 36:** All DOCUMENTS reflecting or IDENTIFYING each instance or circumstance in which TRUSTWELL "acknowledges its own monopoly power," as alleged in paragraph 181 of YOUR COMPLAINT.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 36:**

**REQUEST FOR PRODUCTION NO. 37:** All DOCUMENTS reflecting or IDENTIFYING each instance or circumstance in which TRUSTWELL "continues to engage in anticompetitive conduct," as alleged in paragraph 183 of YOUR COMPLAINT.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 37:**

**REQUEST FOR PRODUCTION NO. 38:** DOCUMENTS sufficient to IDENTIFY all "prospective customers who have approached Foodwit to employ its SaaS-based application for packaged food-labeling compliance," as alleged in paragraph 212 of YOUR COMPLAINT.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 38:**

**REQUEST FOR PRODUCTION NO. 39:** All DOCUMENTS reflecting or IDENTIFYING the ways in which TRUSTWELL "intentionally and tortiously interfered and continues to interfere with Foodwit's prospective customers," as alleged in paragraph 214 of YOUR COMPLAINT.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 39:**



**DUNN CARNEY ALLEN HIGGINS & TONGUE LLP**
Attorneys at Law
851 SW Sixth Ave., Suite 1500
Portland, Oregon 97204-1357
503.224.6440 / Fax: 503.224.7324

**REQUEST FOR PRODUCTION NO. 40:** All DOCUMENTS reflecting or supporting the assertion that "Foodwit would with reasonable probability have realized its expected business relations or economic advantage," as alleged in paragraph 215 of YOUR COMPLAINT.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 40:**

**REQUEST FOR PRODUCTION NO. 41:** DOCUMENTS sufficient to IDENTIFY relative market shares of the "competitors" in "this market," as alleged in paragraph 162 of YOUR COMPLAINT.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 41:**

**REQUEST FOR PRODUCTION NO. 42:** All DOCUMENTS reflecting or supporting the assertion that TRUSTWELL "filed its Delaware action with knowledge that its claims were and are baseless for the improper purpose of eliminating Foodwit as a competitor in the relevant market" as alleged in paragraph 194 of YOUR COMPLAINT.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 42:**

**REQUEST FOR PRODUCTION NO. 43:** All DOCUMENTS reflecting or supporting the assertion that "[n]o reasonable litigant could conclude that any claim within the as-filed ESHA complaint has merit," as alleged in paragraph 168 of YOUR COMPLAINT.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 43:**

**REQUEST FOR PRODUCTION NO. 44:** All DOCUMENTS reflecting or supporting the assertion that TRUSTWELL "further subjectively believes its filed complaint lacks merit," as alleged in paragraph 169 of YOUR COMPLAINT.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 44:**



**DUNN CARNEY ALLEN HIGGINS & TONGUE LLP**
Attorneys at Law
851 SW Sixth Ave., Suite 1500
Portland, Oregon 97204-1357
503.224.6440 / Fax: 503.224.7324

**REQUEST FOR PRODUCTION NO. 45:** All DOCUMENTS supporting YOUR assertion that YOU suffered any harm or damage as a result of any conduct of TRUSTWELL.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 45:**

**REQUEST FOR PRODUCTION NO. 46:** All DOCUMENTS supporting YOUR claim for damages against TRUSTWELL, as pled in the "Prayer For Relief" in YOUR COMPLAINT.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 46:**

**REQUEST FOR PRODUCTION NO. 47:** All DOCUMENTS reflecting or representing any action YOU took in response to any harm or damage that YOU claim to have suffered as a result of any conduct of TRUSTWELL.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 47:**

**REQUEST FOR PRODUCTION NO. 48:** DOCUMENTS sufficient to IDENTIFY every individual or entity that had access to any software or data that YOU received from TRUSTWELL.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 48:**

**REQUEST FOR PRODUCTION NO. 49:** All DOCUMENTS reflecting or referencing any contracts or agreements that YOU entered into with any individual or entity that had access to any software or data YOU that received from TRUSTWELL.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 49:**

**REQUEST FOR PRODUCTION NO. 50:** All DOCUMENTS reflecting or referencing any efforts YOU made to remove any software or data that YOU received from TRUSTWELL from any of YOUR products and services**.**



**DUNN CARNEY ALLEN HIGGINS & TONGUE LLP**
Attorneys at Law
851 SW Sixth Ave., Suite 1500
Portland, Oregon 97204-1357
503.224.6440 / Fax: 503.224.7324

**RESPONSE TO REQUEST FOR PRODUCTION NO. 50:**

**REQUEST FOR PRODUCTION NO. 51:** All COMMUNICATIONS relating to the removal of any software or data that YOU received from TRUSTWELL from any of YOUR products and services, including but not limited to COMMUNICATIONS with employees, clients, or third parties, as well as online comments and discussions.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 51:**

**REQUEST FOR PRODUCTION NO. 52:** DOCUMENTS sufficient to IDENTIFY all of YOUR officers, directors, and employees since 2017.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 52:**

**REQUEST FOR PRODUCTION NO. 53:** All DOCUMENTS reflecting or referencing any efforts YOU made to license any software or data from third parties.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 53:**

**REQUEST FOR PRODUCTION NO. 54:** DOCUMENTS sufficient to IDENTIFY all terms and conditions pursuant to which YOU licensed any software or data from third parties.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 54:**

**REQUEST FOR PRODUCTION NO. 55:** All DOCUMENTS relating to any market analyses, industry analyses, market projections, consumer studies, surveys, focus group reports, and other business analyses regarding any markets in which YOU operate or plan to operate.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 55:**



**DUNN CARNEY ALLEN HIGGINS & TONGUE LLP**
Attorneys at Law
851 SW Sixth Ave., Suite 1500
Portland, Oregon 97204-1357
503.224.6440 / Fax: 503.224.7324

**REQUEST FOR PRODUCTION NO. 56:** All COMMUNICATIONS relating to any market analyses, industry analyses, market projections, consumer studies, surveys, focus group reports, and other business analyses regarding any markets in which YOU operate or plan to operate.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 56:**

**REQUEST FOR PRODUCTION NO. 57:** DOCUMENTS sufficient to IDENTIFY all competitors in any markets in which YOU operate or plan to operate.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 57:**

**REQUEST FOR PRODUCTION NO. 58:** All DOCUMENTS relating to Workbench and any related or subsequent version or iteration of that product.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 58:**

**REQUEST FOR PRODUCTION NO. 59:** All non-privileged COMMUNICATIONS, including but not limited to internal COMMUNICATIONS and COMMUNICATIONS with third parties, relating to this ACTION.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 59:**

**REQUEST FOR PRODUCTION NO. 60:** All DOCUMENTS and COMMUNICATIONS IDENTIFIED in YOUR Initial Disclosures pursuant to Federal Rule of Civil Procure 26(a)(1).

**RESPONSE TO REQUEST FOR PRODUCTION NO. 60:**

**REQUEST FOR PRODUCTION NO. 61:** All DOCUMENTS YOU received or received in response to any subpoena YOU served in this ACTION.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 61:**



**DUNN CARNEY ALLEN HIGGINS & TONGUE LLP**
Attorneys at Law
851 SW Sixth Ave., Suite 1500
Portland, Oregon 97204-1357
503.224.6440 / Fax: 503.224.7324

**REQUEST FOR PRODUCTION NO. 62:** All DOCUMENTS YOU intend to use as evidence or otherwise reference during any deposition, hearing, or trial in this ACTION.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 62:**

Dated: June 17, 2025

Respectfully submitted,

**DUNN CARNEY LLP**

*s/ Brian R. Talcott*
Brian R. Talcott, OSB 965371
Email: btalcott@dunncarney.com

**JONES DAY**
Cary D. Sullivan (*pro hac vice to be filed*)
Email: carysullivan@jonesday.com

*Attorneys for Defendant*

## CERTIFICATE OF SERVICE

I hereby certify that on the 17th day of June, 2025, I caused to be served the foregoing **DEFENDANT TRUSTWELL'S FIRST SET OF REQUESTS FOR PRODUCTION OF DOCUMENTS TO PLAINTIFF FOODWIT** on the following party via the following method(s):

P. Andrew McStay, Jr.,
andymcstay@dwt.com
DAVIS WRIGHT TREMAINE LLP
560 SW 10th Avenue, Suite 700
Portland, Oregon 97205
Telephone: (503) 241-2300
Facsimile: (503) 778-5299

Matthew S. Warren (*pro hac vice to be filed*)
Erika H. Warren (*pro hac vice to be filed*)
Shaida Shahinfar (*pro hac vice to be filed*)
WARREN KASH WARREN LLP
2261 Market Street, No. 606
San Francisco, California 94114
Telephone: (415) 895-2940
Facsimile: (415) 895-2964
2025-04-22@cases.warrenlex.com

*Attorney for Plaintiff RLH Assets, LLC*

by:
☐ U.S. Postal Service, ordinary first class mail
☐ electronic service
☒ other (specify) Email

**DUNN CARNEY LLP**

*s/ Brian R. Talcott*
Brian R. Talcott, OSB 965371
Email: btalcott@dunncarney.com

**JONES DAY**
Cary D. Sullivan (*pro hac vice to be filed)*
Email: carysullivan@jonesday.com

NAI-5001413106v1