# Exhibit S

## ESHA Research, LLC v. RLH Assets, LLC, No. 25-880 (D. Oregon); RLH Assets, LLC v. ESHA Research, LLC, No. 25-656 (D. Oregon)

**Henry Kantor** <judgekantor@gmail.com> Sun, Oct 25, 2026 at 5:02 PM
To: Matt Warren <matt@warrenllp.com>
Cc: Cary Sullivan <carysullivan@jonesday.com>, Brian Talcott <btalcott@dunncarney.com>, Andy McStay <andymcstay@dwt.com>, "ESHA Research, LLC v. RLH Assets, LLC" <25-880@cases.warrenllp.com>, "RLH Assets, LLC v. ESHA Research, LLC" <25-656@cases.warrenllp.com>

Dear Counsel:

First, I want to confirm that I received your emails with motions and exhibits. I understand that hard copies of some of these may be on their way to me -- nothing received to date, soon would be helpful. I remain willing to pick them up at the courthouse if that is your preference, but would need to know that's where they were sent.

Second, in response to the below email, I appreciate the lack of clarity. What I meant to require, and believe I must require, is that all motion papers be filed with the court just like you would file motions to be heard by Judge Baggio, taking all appropriate precautions under the pending protective order. While I understand the potential benefits of Mr. Warren's proposal, it simply is not available. Therefore, Mr. Warren, please direct your office to file all of the motion papers you sent me; they will be deemed by me to be filed as of Oct. 23.

Third, something new to avoid court confusion: please add to the caption of all future motion papers to be heard or decided by me the words, below the title of the document: BEFORE THE SPECIAL MASTER.

Last, would someone please confirm that you have an agreed plan to file all communications between me and counsel (presumably our emails) by the end of each month?

Sincerely, Judge Kantor

*Henry Kantor*
*Senior Judge/Special Master/Mediator/Arbitrator*
*judgekantor@gmail.com*
*503-475-3851*

On Fri, Oct 23, 2026 at 9:48 PM Matt Warren <matt@warrenllp.com> wrote:

> Judge Kantor:
>
> I write to resolve an apparent procedural misunderstanding. This evening, the parties filed their motions in response to Your Honor's order of this past Monday, but apparently interpreted Your Honor's orders differently.
>
> Based on Your Honor's comments during the parties' initial teleconference of October 13 as well as your email of this past Monday, Foodwit understood Your Honor to order the parties to file directly with Your Honor, and then to put all communications with Your Honor on the public docket at the end of each month, through a declaration. We followed that procedure tonight. Trustwell evidently understood differently, as they put their motion on the Court's public docket.
>
> No harm, no foul; all the parties received all the materials, and no one suffered any prejudice. In the future, though, it would be best if we all follow the same procedure. Although the most important point is for the parties to do what is easiest for Your Honor, I will put in a brief plug for the procedure as Foodwit understood Your Honor to order it, because that procedure allows for easier filing of confidential materials, followed by post-filing coordination of redactions between the parties before anything becomes public, thus avoiding putting the filing party in the difficult position of having to predict what the non-filing party would find confidential.
>
> We would appreciate Your Honor's guidance toward the best way to file motions before Your Honor in the future. Thank you for your time and consideration.
>
> Respectfully Submitted,

Matt Warren

--
Matt Warren matt@warrenllp.com +1 (415) 895-2928