# Exhibit CC

## RLH Assets, LLC v. ESHA Research, LLC, Case No. 3:25-cv-00656-AB; ESHA Research, LLC v. RLH Assets, LLC, Case No. 3:25-cv-00880-AB

**Henry Kantor** <judgekantor@gmail.com> Mon, Oct 26, 2026 at 11:01 PM
To: "Sullivan, Cary D." <carysullivan@jonesday.com>, "Dutkiewicz, Lauren E." <ldutkiewicz@jonesday.com>, "Brian R. Talcott" <btalcott@dunncarney.com>, Matt Warren <matt@warrenllp.com>, erika@warrenllp.com, Andy McStay <andymcstay@dwt.com>

Dear Counsel:

In the below email I asked you to confer regarding the need and your availability for a November 12 hearing and to let me know. I did not put a deadline on that. Now I need to do so.

Please let me know by 5 pm on October 27 whether you need me to schedule time on November 12. Otherwise it likely will be given away to another matter.

I appreciate that the motions filed beyond the four outlined below are subject to my deciding whether oral argument will be allowed, which is difficult to do until the response is received. Still, preserving time cannot be ignored.

Sincerely, Judge Kantor

*Henry Kantor*
*Senior Judge/Special Master/Mediator/Arbitrator*
*judgekantor@gmail.com*
*503-475-3851*

On Mon, Oct 19, 2026 at 6:05 PM Henry Kantor <judgekantor@gmail.com> wrote:

> Dear Counsel:
>
> You have presented counter proposals for the order in which currently known discovery disputes should be presented and decided. You also have presented counter proposals for how the meet-and-confer requirements are to be met on the expedited basis we all agree must happen during my special master term. Here are my decisions along with additional directives so be sure to read through this email carefully and completely.
>
> As to the order of disputes, we shall proceed as follows:
>
> 1. Workbench platform. We are past conferral on this. Trustwell should file its motion to compel by Oct. 23 and then follow paragraph 8 below. Be very specific about exactly what is needed, how long it will take, whether your experts are available and when things must happen. I am likely to approve what I deem to be most reasonable.
>
> 2. Foodwit's requests for admissions. Foodwit should file its motion to compel by Oct. 23 and then follow paragraph 8 below. Pay close attention to Ninth Circuit authority regarding fair use of requests for admission.
>
> 3. Source code. Foodwit should file its motion to compel by Oct. 23 and then follow paragraph 8 below.
>
> 4. Foodwit's responses to Trustwell's requests. Trustwell should initiate the meet-and-confer protocols by Oct. 21 and then follow paragraph 5 below.
>
> We will deal with items 1-3 at the November 3 hearing. We will try to deal with item 4 as well, with or without a filed motion. To the extent new issues are arising now, start the protocols set out below and we will see what happens.
>
> The next available date I could give you for a hearing is November 12. If both sides are available, I will reach out to the court to see if that can happen. Please confer and let me know.
>
> As to future meet-and-confer requirements and subsequent motions, we shall proceed as follows:

5. After a dispute is identified, the party seeking discovery must send an email identifying the matters in dispute, explaining why the discovery is sought and why any non-boilerplate objections are not correct.

6. The opposing party must respond by email within two business days with at least two reasonable time slots to meet and confer within five business days from the first email. The party seeking discovery must select one of those. Counsel shall accommodate real life conflicts.

7. Counsel who will be arguing any motion must meaningfully meet and confer with actual conversation. Emails alone will not be sufficient; emails without meaningful conversation will be disregarded altogether.

8. If disputes remain, a discovery motion may be filed promptly. The opposing party shall file a response within five business days. Ten page limits for both, not including exhibits such as the request for production, the response and the conferral emails. No more than one of those pages may describe the conference procedure and results. No reply. Proposed orders are permissible but not required. (Remember that filing requires an email to me with attachments.)

9. Either side may request a hearing but I will decide whether one will be scheduled, especially if something must happen timely. How each side presents its positions at the upcoming hearing will influence my decisions in this regard.

At this time I am not requiring the one page summary required by Judge Baggio, primarily to take one step out of the process, but may do so in the future.

I sense that some of the motions and responses with attachments to be filed will be lengthy and likely rely on numerous case authorities. It may be that it will be more efficient for the parties to provide me with hard copies of both, which could be delivered to my home. I will send you a separate email with my address which I direct you NOT file with the court. I will retain these documents so you won't have to send them again. You do not need to file the cases you send me; just identify them in the email.

I expect that some of the documents to be filed will be filed under seal per the protective order. Please be very sure to tell me what specific portions of the documents you send me are protected.

Last, at the upcoming hearing, I urge both sides to be practical with appropriate attention to the protection of sensitive information and the burdens of *both* producing discovery *and* reviewing the discovery produced.

Sincerely, Judge Kantor

*Henry Kantor*
*Senior Judge/Special Master/Mediator/Arbitrator*
*judgekantor@gmail.com*
*503-475-3851*