# Exhibit JJ

# ESHA Research, LLC v. RLH Assets, LLC, No. 25-880 (D. Oregon); RLH Assets, LLC v. ESHA Research, LLC, No. 25-656 (D. Oregon)

**Madeline Woodall** <madeline@warrenllp.com> Fri, Oct 30, 2026 at 7:55 PM
To: Henry Kantor <judgekantor@gmail.com>
Cc: Cary Sullivan <carysullivan@jonesday.com>, Brian Talcott <btalcott@dunncarney.com>, Lauren Dutkiewicz <ldutkiewicz@jonesday.com>, Andy McStay <andymcstay@dwt.com>, "ESHA Research, LLC v. RLH Assets, LLC" <25-880@cases.warrenllp.com>, "RLH Assets, LLC v. ESHA Research, LLC" <25-656@cases.warrenllp.com>

Judge Kantor:

Foodwit respectfully submits the following documents to Your Honor, which it filed today.

Foodwit's Motion to Compel Responses to Discovery Requests
- Exhibit A
- Exhibit B
- Exhibit C
- Exhibit D
- Exhibit E
- Exhibit F

As Your Honor requested, we have also sent hard copies of this filing and our cited case authorities to your home address. Those case authorities are:

*Alt. Legal Sols., Inc. v. Ferman Mgmt. Servs., Corp.*, No. 07-880, 2009 WL 10733692 (D. Or. May 5, 2009);
*BladeRoom Grp. Ltd. v. Facebook, Inc.*, No. 15-1370, 2017 WL 11637729 (N.D. Cal. Mar. 9, 2017);
*Com. Fire Prot., LLC v. Pigg*, No. 24-922, 2025 WL 593574 (D. Or. Feb. 21, 2025)
*IMA N. Am., Inc. v. Marlyn Nutraceuticals, Inc.*, No. 06-344, 2007 WL 2391099 (D. Ariz. Aug. 20, 2007);
*Lonquist Field Service, LLC v. Sorby*, No. 21-1035, 2021 WL 4967041 (D. Kan. Oct. 26, 2021)
*Mattson Tech., Inc. v. Applied Materials, Inc.*, No. 23-6071, 2026 WL 1303361 (N.D. Cal. May 12, 2026);
*Nat'l Acad. of Recording Arts & Scis., Inc. v. On Point Events, LP*, 256 F.R.D. 678 (C.D. Cal. 2009);
*Olen Props. Corp. v. ACE Am. Ins. Co.*, No. 15-2116, 2017 WL 11635014 (C.D. Cal. Jan. 30, 2017);
*Safeco Ins. Co. of Am. v. Rawstron*, 181 F.R.D. 441 (C.D. Cal. 1998);
*Slep-Tone Entm't Corp. v. Harrison Bar & Grill*, No. 13-281, 2013 U.S. Dist. LEXIS 205965 (D. Or. June 28, 2013);
*Stemcell Techs. Canada Inc. v. StemExpress, LLC*, No. 21-1594, 2022 WL 4021905 (N.D. Cal. Sept. 3, 2022);
*Synopsys, Inc. v. ATopTech, Inc.*, 319 F.R.D. 293 (N.D. Cal. 2016);
*TIW Holdings LLC v. Hotbox Farms LLC*, No. 24-126, 2025 WL 1112840 (D. Or. Apr. 15, 2025);
*Vesta Corp. v. Amdocs Mgmt. Ltd.*, No. 14-1142, 2016 WL 1337318 (D. Or. Apr. 4, 2016); and
*Yufa v. Hagh Ultra Analytics*, No. 09-3022, 2014 U.S. Dist. LEXIS 186172 (D. Or. Mar. 4, 2014).

Foodwit is available should Your Honor have any questions regarding this filing.

Respectfully Submitted,
Madeline Woodall

--
Madeline Woodall madeline@warrenllp.com +1 (415) 895-2992

**7 attachments**

**Foodwit's Motion to Compel Responses to Discovery Requests.pdf**
215K

**Exhibit A.pdf**
194K

**Exhibit B.pdf**
220K

**Exhibit C.pdf**
253K

**Exhibit D.pdf**
241K

**Exhibit E.pdf**
236K

**Exhibit F.pdf**
245K

P. Andrew McStay, Jr., OSB No. 033997
DAVIS WRIGHT TREMAINE LLP
560 S.W. Tenth Avenue, Suite 700
Portland, Oregon, 97205
+1 (503) 241-2300
+1 (503) 778-5299 facsimile
andymcstay@dwt.com

Matthew S. Warren (*pro hac vice*)
Erika H. Warren (*pro hac vice*)
WARREN LLP
2261 Market Street, No. 606
San Francisco, California, 94114
+1 (415) 895-2940
+1 (415) 895-2964 facsimile
25-880@cases.warrenllp.com
25-656@cases.warrenllp.com

*Attorneys for RLH Assets, LLC d/b/a Foodwit*

UNITED STATES DISTRICT COURT

DISTRICT OF OREGON

PORTLAND DIVISION

| | |
|---|---|
| ESHA RESEARCH, LLC, an Oregon limited liability company,<br><br>Plaintiff,<br><br>v.<br><br>RLH ASSETS, LLC d/b/a FOODWIT, an Oregon limited liability company,<br><br>Defendant. | Case No. 3:25-cv-00880-AB<br><br>**FOODWIT'S MOTION TO COMPEL RESPONSES TO DISCOVERY REQUESTS**<br><br>**BEFORE THE SPECIAL MASTER** |
| RLH ASSETS, LLC d/b/a FOODWIT, an Oregon limited liability company,<br><br>Plaintiff,<br><br>v.<br><br>ESHA RESEARCH, LLC, an Oregon limited liability company,<br><br>Defendant. | Case No. 3:25-cv-00656-AB<br><br>**FOODWIT'S MOTION TO COMPEL RESPONSES TO DISCOVERY REQUESTS**<br><br>**BEFORE THE SPECIAL MASTER** |

## INTRODUCTION

Despite asserting over one hundred individual trade secrets in this litigation, Trustwell has refused to answer basic discovery regarding the development, disclosure, and measures taken to maintain the secrecy of its alleged trade secrets. Trustwell cannot use the sheer breadth of its own claims as a shield against fulfilling its discovery obligations, nor can it evade production by pointing to inapplicable objections or irrelevant usage records. Accordingly, Foodwit requests that the Special Master compel Trustwell to produce full and complete discovery responses within fourteen days of its order.

## BACKGROUND

On September 9, 2025, Trustwell served its trade secret disclosure, providing Foodwit with a nineteen-page list of the "trade secrets in this action" that Trustwell "asserts that Foodwit misappropriated." No. 25-880, Docket No. 48-1, Ex. 2 at 3; *see generally id.* On August 21, 2026, Foodwit propounded its second set of interrogatories and first set of requests for production. Exs. A; B. On September 21, 2026, Trustwell served its responses to both sets of discovery. Exs. C; D. Trustwell objected to every request, but responded to Request Nos. 9-11, which seek information about disclosure of the alleged trade secrets, that it would "produce its form license agreements and confidentiality agreements for the period 2017 through present." Ex. D at 9-11. Trustwell responded to Request No. 15 and 16, which seek similar information, that it "refers Foodwit to its responses to Request Nos. 9-11." *Id.* at 13-14. Trustwell responded to Request Nos. 17, 18 and 26, which seek information about measures taken to ensure the secrecy of the asserted trade secrets, that it "refers Foodwit to its responses to Request Nos. 6, 9-11." But although Trustwell responded to Request No. 6, which seeks "All software logs, access logs, audit trails, or usage records concerning Foodwit or any of its employees' alleged

access to or use of the Genesis Foods product," that it would "produce reasonably available, relevant and responsive, non-privileged documents within its possession, custody, and control," *id.* at 14-15, this is not responsive to Request Nos. 17, 18 or 26, and Trustwell has yet to produce a single document in this consolidated action.

Trustwell also objected to every interrogatory that "Foodwit's interrogatories contain numerous discrete subparts that should each be counted as a separate interrogatory, and when so counted," Foodwit's interrogatories "exceed the permissible number in the aggregate." Ex. C at 3-12. Trustwell refused to provide any substantive responses to Interrogatory Nos. 3-6 under this objection. *Id.* at 4-8.

On October 13, Foodwit informed Trustwell that its objections and responses to Request Nos. 9-11, 15-18, and 26 are improper, and requested that it "confirm that ESHA will produce documents responsive to the above requests or provide your soonest availability to confer on Foodwit's motion to compel." Ex. E. On October 16, Foodwit informed Trustwell that its responses to Interrogatory Nos. 3-6 are also deficient because Trustwell improperly objects to the subparts of each interrogatory, which depends entirely on the number of trade secrets asserted. *See* Ex. F. Foodwit and Trustwell met and conferred on October 20, where Trustwell refused to produce documents to the requests as written or provide a date certain to supplement its responses to Foodwit's interrogatories.

## ARGUMENT

### I. Trustwell Must Provide Substantive Responses to Foodwit's Interrogatories

#### A. Foodwit's Interrogatories Seek Relevant Information Concerning Disclosure of Trustwell's Alleged Trade Secrets

A propounding party may "move for an order compelling an answer, designation, production, or inspection," Fed. R. Civ. P. 37(a)(3)(B), and "'an evasive or incomplete disclosure,

answer, or response must be treated as a failure to disclose, answer, or respond.'" *Vesta Corp. v. Amdocs Mgmt. Ltd.*, No. 14-1142, 2016 WL 1337318, at *1 (D. Or. Apr. 4, 2016) (quoting Fed. R. Civ. P. 37(a)(4)). The disclosure of Trustwell's trade secrets is an essential element of Trustwell's claims and Foodwit's defenses, which Foodwit seeks through Interrogatory Nos. 3-6:

- "For each trade secret you allege Foodwit misappropriated, describe with specificity all bases for your claim that it is a trade secret." Interrogatory No. 3, Ex. A at 4.
- "For each trade secret you allege Foodwit misappropriated, describe with specificity all bases for your claim that Foodwit misappropriated the trade secret." Interrogatory No. 4, Ex. A at 4.
- "For each trade secret you allege Foodwit misappropriated, describe with specificity how, when, where, and by whom it was designed and developed, including an identification of every individual who participated in the design or development of the trade secret." Interrogatory No. 5, Ex. A at 4.
- "For each trade secret you allege Foodwit misappropriated, identify every individual who has or had access to or knowledge of the trade secret." Interrogatory No. 6, Ex. A at 4.

Foodwit's interrogatories are relevant as each interrogatory goes to the secrecy of the underlying trade secrets. Courts routinely compel information concerning the disclosure of a trade secret, because whether a trade secret is actually secret is an essential element of a misappropriation claim. *E.g.*, *Stemcell Techs. Canada Inc. v. StemExpress, LLC*, No. 21-1594, 2022 WL 4021905, at *2 (N.D. Cal. Sept. 3, 2022) (compelling discovery concerning "any customers to whom it disclosed its trade secrets" and "how each of its ten trade secrets derive economic value from not being known to others."); *Mattson Tech., Inc. v. Applied Materials, Inc.*, No. 23-6071, 2026 WL 1303361, at *6 (N.D. Cal. May 12, 2026) (compelling discovery concerning actions "taken to safeguard, defend, and/or maintain the secrecy" of each trade secret and identification of persons "who at any time had access" to the trade secrets at issue). Trustwell must provide substantive responses to these critical issues.

### B. Foodwit's Interrogatories Do Not Exceed the Rule 33(1) Limit

Trustwell's objection that Foodwit's interrogatories are multipart has no bearing in this action where it has asserted over one hundred individual trade secrets. "While Rule 33 does not define the term 'discrete subparts,' courts have construed it to mean that 'interrogatory subparts are to be counted as one interrogatory'" where "they are logically or factually subsumed within and necessarily related to the primary question." *Olen Props. Corp. v. ACE Am. Ins. Co.*, No. 15-2116, 2017 WL 11635014, at *3 (C.D. Cal. Jan. 30, 2017) (quoting *Safeco Ins. Co. of Am. v. Rawstron*, 181 F.R.D. 441, 445 (C.D. Cal. 1998)). Foodwit's interrogatories request information on a trade-secret-by-trade-secret basis, and are "not improper" given "the logical relation between the various requested information in each main question." *Slep-Tone Entm't Corp. v. Harrison Bar & Grill*, No. 13-281, 2013 U.S. Dist. LEXIS 205965, at *9 (D. Or. June 28, 2013).

In the trade secret context, courts frequently compel responses to interrogatories that request information about each trade secret. For example, in *Mattson*, the Northern District of California overruled Mattson's objections that interrogatories seeking information about "each trade secret" are compound because Mattson "may fairly be held to answer Applied's interrogatories seeking information on a trade-secret by trade-secret basis." 2026 WL 1303361, at *6; *see, e.g.*, *BladeRoom Grp. Ltd. v. Facebook, Inc.*, No. 15-1370, 2017 WL 11637729, at *1 (N.D. Cal. Mar. 9, 2017) ("Plaintiffs themselves have put the individual 25 secrets into play, and Facebook is entitled to get interrogatory responses that track all 25 individually."); *Stemcell*, 2022 WL 4021905, at *2 (compelling StemExpress to amend its interrogatory response because it "did not provide responses specific to each trade secret."). The same is true in patent cases involving multiple protected properties. *See, e.g.*, *Yufa v. Hagh Ultra Analytics*, No. 09-3022, 2014 U.S. Dist. LEXIS 186172, at *2-3 (D. Or. Mar. 4, 2014) (finding that interrogatories

requesting information about multiple products and multiple patents are "not compound."); *Synopsys, Inc. v. ATopTech, Inc.*, 319 F.R.D. 293, 296 (N.D. Cal. 2016) (same). Trustwell must promptly supplement its responses to Interrogatory Nos. 3-6.

### C. Trustwell Has Waived its Numerosity Objections to Foodwit's Interrogatories

Trustwell has likewise waived its objection to the number of interrogatories in Foodwit's second set by partially answering some requests in that set and refusing others. Trustwell provided further responses to Interrogatory Nos. 2 and 7-10. *See id.* at 4-12. But under Trustwell's faulty arithmetic, Foodwit would have exhausted the limit well before Interrogatory No. 7, yet Trustwell responded in part to Interrogatories Nos. 7 through 10. "When a party exceeds the rog limit set by the district court or Rule 33, the responding party is not free to choose the interrogatories to which it will respond," nor "should the responding party refuse to answer any rogs until the numeric dispute is resolved." *Olen*, 2017 WL 11635014, at *3; *see also IMA N. Am., Inc. v. Marlyn Nutraceuticals, Inc.*, No. 06-344, 2007 WL 2391099, at *4 (D. Ariz. Aug. 20, 2007) (numerosity objection waived where responding party provided responses); *TIW Holdings LLC v. Hotbox Farms LLC*, No. 24-126, 2025 WL 1112840, at *3 (D. Or. Apr. 15, 2025) (finding that "defendant did not waive numerosity objections" because it responded "to what it considered the first twenty-five interrogatories before objecting to the rest."). Trustwell cherry-picked the interrogatories it would respond to but should have answered what it considered "the first 25 interrogatories" to preserve this objection.

## II. Trustwell Must Produce Documents About Disclosure of its Alleged Trade Secrets

Foodwit's Request for Production Nos. 9-11 and 18 seek information concerning Trustwell's disclosure of its alleged trade secrets:

- "All documents and communications concerning your disclosure of any element of any trade secret or other trade secret information you allege Foodwit misappropriated to any third party." Request No. 9, Ex. B at 4.

- "All documents and communications concerning any agreements between you and any third party concerning any element of any trade secret or other trade secret information you allege Foodwit misappropriated to any third party." Request No. 10, Ex. B at 5.

- "All documents and communications concerning license agreements between you and any third party concerning any product you allege contains, uses, incorporates, or otherwise reflects any trade secret you allege Foodwit misappropriated, including the Genesis Foods product." Request No. 11, Ex. B at 5.

- "Documents sufficient to identify all persons and entities with access to each trade secret you allege Foodwit misappropriated." Request No. 18, Ex. B at 6.

These requests seek documents that are relevant for the same reasons as Foodwit's Interrogatory Nos. 3-6. *See supra* § I.A. Trustwell's refusal to provide anything other than documents concerning Foodwit's access or use and its "form license agreements and confidentiality agreements for the period 2017 through present" is improper. Trustwell's "form license agreements," which it has yet to produce, will only show the terms of its "form" contracts, not the who, what, when, where, and why of any disclosure. Those agreements would further not include any information about Trustwell's disclosure of its alleged secrets to non-contracting parties, such as employees or contractors, attendees at software demos or trainings, or anyone else under any circumstances other than under a form agreement. *See supra* § I.A. For example, in *ESHA Research, Inc. v. Cronometer Software, Inc.*, Trustwell accused Cronometer of stealing the same database trade secrets asserted in this action, but Cronometer provided evidence showing that in 2015, Trustwell knew and had allowed "the data to be placed on the Internet for millions of Cronometer users"; as the data was publicly available through the app, this disclosure renders the trade secrets no longer secret. No. 24-1586, Docket No. 20 at 3-4 (D. Or. Mar. 18, 2025). Trustwell's narrow production would exclude this highly relevant information because

Trustwell improperly applies a 2017 date cutoff in response to each of the above requests. Just because Foodwit became a customer in 2017 does not make Trustwell's conduct and disclosure regarding its alleged trade secrets irrelevant to its claims. If Trustwell disclosed any alleged secret at any time before 2017, it was not a secret when Foodwit allegedly became aware of it. Whether any information Trustwell claims it disclosed to Foodwit was in fact a trade secret depends on what Trustwell did to protect it before and after Foodwit learned of it. The Special Master should compel responses to Request Nos. 9-11 and 18.

### III. Trustwell Must Produce Information regarding the Steps it Has Taken to Maintain the Secrecy of its Alleged Trade Secrets

The information sought in Request Nos. 15, 16, 17, and 26 concerns the steps that Trustwell has taken to ensure the secrecy of its alleged trade secrets and the documents behind Trustwell's allegations: records of which employees accessed the alleged trade secrets and when, the instructions and reminders Trustwell gives its employees, and the executed agreements that Trustwell contends are substantially similar to Foodwit's:

- "All documents and communications concerning any measures you have taken to maintain the secrecy of each trade secret you allege Foodwit misappropriated." Request No. 15, Ex. B at 5.

- "All agreements and communications concerning confidentiality, non-disclosure, or protection of each trade secret you allege Foodwit misappropriated, including all employee agreements." Request No. 16, Ex. B at 6.

- "All documents and communications concerning your allegation that you 'track[] and limit[] employee access to such information, providing it only to the extent necessary to perform their job functions' and 'regularly instructs and repeatedly reminds its employees of the highly sensitive and confidential nature of its Trade Secrets' as alleged in paragraph 25 of your second amended complaint in this action." Request No. 17, Ex. B at 6.

- "All documents and communications concerning the 'agreements that contain confidentiality provisions and other protections substantially similar to those contained in Foodwit's License Agreement' as alleged in paragraph 25 of your second amended complaint in this action." Request No. 26, Ex. B at 7.

The steps that Trustwell takes to maintain the secrecy of its trade secrets are relevant to Trustwell's claims and Foodwit's defenses for the same reasons explained above. *See supra* § I.A. Likewise, Trustwell's temporal limit is improper for the same reasons explained above. *See supra* § II.

Trustwell cannot withhold documents containing direct evidence supporting or negating its own claims and allegations. *See Nat'l Acad. of Recording Arts & Scis., Inc. v. On Point Events, LP*, 256 F.R.D. 678, 682 (C.D. Cal. 2009) (parties must "have some factual basis for their claims and allegations"). Trustwell's complaint alleges that it "tracks and limits employee access to such information, providing it only to the extent necessary to perform their job functions," that it "regularly instructs and repeatedly reminds its employees of the highly sensitive and ok confidential nature of its Trade Secrets," and that it uses "agreements that contain confidentiality provisions and other protections substantially similar to those contained in Foodwit's License Agreement." Docket No. 46 ¶ 25. But Trustwell refuses to provide even basic information such as the manner in which it allegedly "tracks and limits" employees' access to its alleged trade secrets, as documents concerning Foodwit's usage of the platform and Trustwell's "form license agreements and confidentiality agreements" have nothing to do with its internal tracking and policies. A plaintiff "cannot baldly claim it suffered damages as a result of the alleged copying of documents and then claim to be baffled by a request that it disclose facts suggesting that any documents have independent economic value." *Lonquist Field Service, LLC v. Sorby*, No. 21-1035, 2021 WL 4967041, at *5 (D. Kan. Oct. 26, 2021); *see also Com. Fire Prot., LLC v. Pigg*, No. 24-922, 2025 WL 593574, at *5 (D. Or. Feb. 21, 2025) ("The secrecy 'inquiry is a highly fact-specific one'") (quoting *Alt. Legal Sols., Inc. v. Ferman Mgmt. Servs., Corp.*, No.

07-880, 2009 WL 10733692, at *11 (D. Or. May 5, 2009)). The Special Master should compel Trustwell to produce documents responsive to Foodwit's Request Nos. 15, 16, 17, and 26.

## CONCLUSION

For all the foregoing reasons, the Special Master should compel Trustwell to respond to Foodwit's Interrogatory Nos. 3-6 and Requests for Production Nos. 9-11, 15-18 and 26.

Date: October 30, 2026

Respectfully submitted,

*/s/ P. Andrew McStay, Jr.*

P. Andrew McStay, Jr., OSB No. 033997
DAVIS WRIGHT TREMAINE LLP
560 S.W. Tenth Avenue, Suite 700
Portland, Oregon, 97205
+1 (503) 241-2300
+1 (503) 778-5299 facsimile
andymcstay@dwt.com

Matthew S. Warren (*pro hac vice*)
Erika H. Warren (*pro hac vice*)
WARREN LLP
2261 Market Street, No. 606
San Francisco, California, 94114
+1 (415) 895-2940
+1 (415) 895-2964 facsimile
25-880@cases.warrenllp.com
25-656@cases.warrenllp.com

*Attorneys for RLH Assets, LLC d/b/a Foodwit*

# Exhibit A

P. Andrew McStay, Jr., OSB No. 033997
DAVIS WRIGHT TREMAINE LLP
560 SW 10th Avenue, Suite 700
Portland, Oregon, 97205
+1 (503) 241-2300
+1 (503) 778-5299 facsimile
andymcstay@dwt.com

Matthew S. Warren (*pro hac vice*)
Erika H. Warren (*pro hac vice*)
WARREN LLP
2261 Market Street, No. 606
San Francisco, California, 94114
+1 (415) 895-2940
+1 (415) 895-2964 facsimile
25-880@cases.warrenllp.com

*Attorneys for RLH Assets, LLC d/b/a Foodwit*

UNITED STATES DISTRICT COURT

DISTRICT OF OREGON

PORTLAND DIVISION

| | |
|---|---|
| ESHA RESEARCH, LLC, an Oregon limited liability company,<br><br>Plaintiff,<br><br>v.<br><br>RLH ASSETS, LLC d/b/a FOODWIT, an Oregon limited liability company,<br><br>Defendant. | Case No. 3:25-cv-00880-AB<br><br>**SECOND SET OF INTERROGATORIES BY DEFENDANT FOODWIT TO PLAINTIFF ESHA** |
| RLH ASSETS, LLC d/b/a FOODWIT, an Oregon limited liability company,<br><br>Plaintiff,<br><br>v.<br><br>ESHA RESEARCH, LLC, an Oregon limited liability company,<br><br>Defendant. | Case No. 3:25-cv-00656-AB<br><br>**SECOND SET OF INTERROGATORIES BY PLAINTIFF FOODWIT TO DEFENDANT ESHA** |

Under Rules 26 and 33 of the Federal Rules of Civil Procedure and the Local Rules of this Court, RLH Assets, LLC d/b/a Foodwit ("Foodwit") requests that ESHA Research, LLC ("ESHA") serve written responses to these interrogatories, under oath and signed by the officer making each answer within thirty days of service, and then supplement responses as required by Federal Rule of Civil Procedure 26(e).

## DEFINITIONS

1. The term "including" means including without limitation.

2. The term "entity" means any entity other than a natural person, including any business or legal entity including any company, corporation, proprietorship, association, joint venture or partnership.

3. The term "control" of an entity means direct or indirect ownership of that entity, or the direct or indirect right to exercise at least 50% of the voting power or ownership interest of that entity, or the direct or indirect right to make binding decisions for that entity.

4. The term "affiliates" of an entity means any entity that the entity controls, or is controlled by, or is under common control with the entity.

5. The terms "you" and "your" mean plaintiff ESHA Research, LLC, an Oregon limited liability company, its officers, directors, principals, current and former employees, counsel, agents, consultants, representatives, and any other persons acting on behalf of any of the foregoing; as well as any subsidiaries, parents, affiliates, divisions, joint ventures, licensees, franchisees, assigns, predecessors and successors in interest, and all predecessors and successors in interest to such entities.

6. The term "Foodwit" means defendant RLH Assets, LLC d/b/a Foodwit.

7. The term "concerning" means concerning, constituting, contradicting, comprising, commenting on, containing, describing, discussing, embodying, evidencing, identifying, involving, mentioning, pertaining to, referring to, reflecting, regarding, relating to, referring to, responding to, stating, supporting, tending to support or refute, all directly or indirectly and in whole or in part.

8. The term "document" includes all documents and electronically stored information as defined in Rule 34 of the Federal Rules of Civil Procedure.

9. The term "person" refers to a natural person or an entity, and includes any other person acting on the person's behalf.

10. The term "trade secret" means any information identified by you in this litigation as a trade secret, including without limitation your response to Foodwit's Interrogatory No. 1, served on June 17, 2025, and July 31, 2025.

11. The term "Genesis Foods product" means your product, the Genesis Foods software system, as defined in your response to Foodwit's Interrogatory No. 1, and any reasonably similar products, services, or applications made, offered for sale, or sold by you that contains or makes use of any alleged trade secret.

12. The singular includes the plural and vice versa.

13. The terms "or" and "and" mean both the conjunctive and disjunctive.

14. The words "any" and "each" shall include the word "all."

15. A verb in any tense means the verb in all tenses.

## **INSTRUCTIONS**

1. Under Rule 33 of the Federal Rules of Civil Procedure, responses and objections, as well as responsive document production, are due thirty days after service of these requests.

2. If you object to any portion of any request, respond to the unobjectionable portion and state specifically how you have narrowed your response.

3. If you object to any request on the ground that it is vague or ambiguous, identify the particular words, terms or phrases that you believe make the request vague or ambiguous.

4. If you object to any request because of a claim of privilege, set forth the privilege you claim, the facts on which you rely to support the claim of privilege, and furnish a list identifying each item of information for which privilege is claimed, containing at least the following information:

(a) all relevant dates including creation and transmission;

(b) all authors and senders;

(c) all recipients;

(d) the general subject matter; and

(e) any portions of the document over which you claim a privilege.

Identify all persons using name, any title, and any associated entity.

5. In the unlikely event that you find the meaning of any term to be unclear, assume a reasonable meaning, state what your assumed meaning is, and respond using that meaning.

6. If any interrogatories call for information that was previously within your possession, custody, or control, but which is not anymore, identify that information in a manner sufficient to describe it in a subpoena, and give the name, telephone number, address, and e-mail address of each person last known by you to have the information in their possession, custody, or control.

## INTERROGATORIES

**INTERROGATORY NO. 2:**

For each trade secret you allege Foodwit misappropriated, identify by production number all documents constituting, reflecting, embodying, or containing each alleged trade secret.

**INTERROGATORY NO. 3:**

For each trade secret you allege Foodwit misappropriated, describe with specificity all bases for your claim that it is a trade secret.

**INTERROGATORY NO. 4:**

For each trade secret you allege Foodwit misappropriated, describe with specificity all bases for your claim that Foodwit misappropriated the trade secret.

**INTERROGATORY NO. 5:**

For each trade secret you allege Foodwit misappropriated, describe with specificity how, when, where, and by whom it was designed and developed, including an identification of every individual who participated in the design or development of the trade secret.

**INTERROGATORY NO. 6:**

For each trade secret you allege Foodwit misappropriated, identify every individual who has or had access to or knowledge of the trade secret.

**INTERROGATORY NO. 7:**

For each trade secret you allege Foodwit misappropriated, describe with specificity the circumstances by which you contend that Foodwit learned the trade secret, including identification of every individual involved in Foodwit's learning the trade secret, and including identification by production number of any documents through which you contend that Foodwit learned the trade secret.

**INTERROGATORY NO. 8:**

For each trade secret you allege Foodwit misappropriated, describe with specificity all efforts taken by ESHA to maintain its confidentiality, including identification by production number of any documents through which you contend that ESHA took such efforts.

**INTERROGATORY NO. 9:**

Identify all products or services that you contend are interchangeable or reasonable substitutes for the Genesis Foods product, including the basis for your claim.

**INTERROGATORY NO. 10:**

Describe with specificity all bases for your claim that Foodwit breached any contract, including identification by production number of any contract that you allege Foodwit breached, and identification by production number of any documents concerning any alleged breach.

Date: August 21, 2026

Respectfully submitted,

_______________________________

P. Andrew McStay, Jr., OSB No. 033997
DAVIS WRIGHT TREMAINE LLP
560 SW 10th Avenue, Suite 700
Portland, Oregon, 97205
+1 (503) 241-2300
+1 (503) 778-5299 facsimile
andymcstay@dwt.com

Matthew S. Warren (*pro hac vice*)
Erika H. Warren (*pro hac vice*)
WARREN LLP
2261 Market Street, No. 606
San Francisco, California, 94114
+1 (415) 895-2940
+1 (415) 895-2964 facsimile
25-880@cases.warrenllp.com

*Attorneys for RLH Assets, LLC d/b/a Foodwit*

**CERTIFICATE OF SERVICE**

I hereby certify that on August 21, 2026, I served the foregoing Second Set of Interrogatories by Defendant Foodwit to Plaintiff ESHA and Second Set of Interrogatories by Plaintiff Foodwit to Defendant ESHA upon counsel for ESHA:

Cary D. Sullivan
Jones Day
3161 Michelson Drive, Suite 800
Irvine, California, 92612

Brian R. Talcott
Dunn Carney LLP
851 SW Sixth Avenue, Suite 1500
Portland, Oregon, 97204

by electronic mail to the addresses carysullivan@jonesday.com and btalcott@dunncarney.com, under the parties' electronic service agreement set forth in the joint Rule 26(f) reports, *ESHA v. Foodwit*, No. 25-880, Docket No. 36, and *Foodwit v. ESHA*, No. 25-656, Docket No. 20.

Kailey Fung

# Exhibit B

P. Andrew McStay, Jr., OSB No. 033997
DAVIS WRIGHT TREMAINE LLP
560 SW 10th Avenue, Suite 700
Portland, Oregon, 97205
+1 (503) 241-2300
+1 (503) 778-5299 facsimile
andymcstay@dwt.com

Matthew S. Warren (*pro hac vice*)
Erika H. Warren (*pro hac vice*)
WARREN LLP
2261 Market Street, No. 606
San Francisco, California, 94114
+1 (415) 895-2940
+1 (415) 895-2964 facsimile
25-880@cases.warrenllp.com

*Attorneys for RLH Assets, LLC d/b/a Foodwit*

UNITED STATES DISTRICT COURT

DISTRICT OF OREGON

PORTLAND DIVISION

| | |
|---|---|
| ESHA RESEARCH, LLC, an Oregon limited liability company,<br>Plaintiff,<br>v.<br>RLH ASSETS, LLC d/b/a FOODWIT, an Oregon limited liability company,<br>Defendant. | Case No. 3:25-cv-00880-AB<br>**FIRST SET OF REQUESTS FOR PRODUCTION BY DEFENDANT FOODWIT TO PLAINTIFF ESHA** |
| RLH ASSETS, LLC d/b/a FOODWIT, an Oregon limited liability company,<br>Plaintiff,<br>v.<br>ESHA RESEARCH, LLC, an Oregon limited liability company,<br>Defendant. | Case No. 3:25-cv-00656-AB<br>**FIRST SET OF REQUESTS FOR PRODUCTION BY PLAINTIFF FOODWIT TO DEFENDANT ESHA** |

Under Rules 26 and 34 of the Federal Rules of Civil Procedure, RLH Assets, LLC d/b/a Foodwit ("Foodwit") hereby requests that ESHA Research, LLC ("ESHA") produce the following documents and things for discovery and inspection at the offices of Davis Wright Tremaine LLP, 560 SW 10th Avenue, Suite 700, Portland, Oregon, 97205 within 30 days of service, in accordance with the following definitions and instructions.

**DEFINITIONS**

1. The term "including" means including without limitation.

2. The term "entity" means any entity other than a natural person, including any business or legal entity including any company, corporation, proprietorship, association, joint venture or partnership.

3. The term "control" of an entity means direct or indirect ownership of that entity, or the direct or indirect right to exercise at least 50% of the voting power or ownership interest of that entity, or the direct or indirect right to make binding decisions for that entity.

4. The term "affiliates" of an entity means any entity that the entity controls, or is controlled by, or is under common control with the entity.

5. The terms "you" and "your" mean plaintiff ESHA Research, LLC, an Oregon limited liability company, its officers, directors, principals, current and former employees, counsel, agents, consultants, representatives, and any other persons acting on behalf of any of the foregoing; as well as any subsidiaries, parents, affiliates, divisions, joint ventures, licensees, franchisees, assigns, predecessors and successors in interest, and all predecessors and successors in interest to such entities.

6. The term "Foodwit" means defendant RLH Assets, LLC d/b/a Foodwit.

7. The term "concerning" means concerning, constituting, contradicting, comprising, commenting on, containing, describing, discussing, embodying, evidencing, identifying,

involving, mentioning, pertaining to, referring to, reflecting, regarding, relating to, referring to, responding to, stating, supporting, tending to support or refute, all directly or indirectly and in whole or in part.

8. The term "document" includes all documents and electronically stored information as defined in Rule 34 of the Federal Rules of Civil Procedure.

9. The term "person" refers to a natural person or an entity, and includes any other person acting on the person's behalf.

10. The term "trade secret" means any information identified by you in this litigation as a trade secret, including without limitation your response to Foodwit's Interrogatory No. 1, served on June 17, 2025, and July 31, 2025.

11. The term "Genesis Foods product" means your product, the Genesis Foods software system, as defined in your response to Foodwit's Interrogatory No. 1, and any reasonably similar products, services, or applications made, offered for sale, or sold by you that contains or makes use of any alleged trade secret.

12. The singular includes the plural and vice versa.

13. The terms "or" and "and" mean both the conjunctive and disjunctive.

14. The words "any" and "each" shall include the word "all."

15. A verb in any tense means the verb in all tenses.

## INSTRUCTIONS

1. Under Rule 34 of the Federal Rules of Civil Procedure, responses and objections, as well as responsive document production, are due thirty days after service of these requests.

2. If you object to any portion of any request, respond to the unobjectionable portion and state specifically how you have narrowed your response.

3. If you object to any request on the ground that it is vague or ambiguous, identify the particular words, terms or phrases that you believe make the request vague or ambiguous.

4. If you object to any request because of a claim of privilege, set forth the privilege you claim, the facts on which you rely to support the claim of privilege, and furnish a list identifying each item of information for which privilege is claimed, containing at least the following information:

(a) all relevant dates including creation and transmission;

(b) all authors and senders;

(c) all recipients;

(d) the general subject matter; and

(e) any portions of the document over which you claim a privilege.

Identify all persons using name, any title, and any associated entity.

5. In the unlikely event that you find the meaning of any term to be unclear, assume a reasonable meaning, state what your assumed meaning is, and respond using that meaning.

6. If any requests call for information that was previously within your possession, custody, or control, but which is not anymore, identify that information in a manner sufficient to describe it in a subpoena, and give the name, telephone number, address, and e-mail address of each person last known by you to have the information in their possession, custody, or control.

**REQUESTS FOR PRODUCTION**

**REQUEST FOR PRODUCTION NO. 1:**

All documents and internal communications concerning Foodwit or any of its employees.

**REQUEST FOR PRODUCTION NO. 2:**

All documents and communications between you and any third party concerning Foodwit or any of its employees.

**REQUEST FOR PRODUCTION NO. 3:**

All documents and communications sent to or by Katy Jones concerning Foodwit or any of its employees.

**REQUEST FOR PRODUCTION NO. 4:**

All documents and communications concerning your allegations that Foodwit misappropriated any of your trade secrets.

**REQUEST FOR PRODUCTION NO. 5:**

All documents and communications concerning the letter you sent to Foodwit on August 6, 2024, including drafts, internal communications, and any documents you prepared, reviewed, or considered concerning the allegations made in the letter.

**REQUEST FOR PRODUCTION NO. 6:**

All software logs, access logs, audit trails, or usage records concerning Foodwit or any of its employees' alleged access to or use of the Genesis Foods product.

**REQUEST FOR PRODUCTION NO. 7:**

All communications concerning Foodwit or any of its employees' alleged access to or use of the Genesis Foods product.

**REQUEST FOR PRODUCTION NO. 8:**

All documents and communications concerning your allegations that Foodwit breached any contract with you.

**REQUEST FOR PRODUCTION NO. 9:**

All documents and communications concerning your disclosure of any element of any trade secret or other trade secret information you allege Foodwit misappropriated to any third party.

**REQUEST FOR PRODUCTION NO. 10:**

All documents and communications concerning any agreements between you and any third party concerning any element of any trade secret or other trade secret information you allege Foodwit misappropriated to any third party.

**REQUEST FOR PRODUCTION NO. 11:**

All documents and communications concerning license agreements between you and any third party concerning any product you allege contains, uses, incorporates, or otherwise reflects any trade secret you allege Foodwit misappropriated, including the Genesis Foods product.

**REQUEST FOR PRODUCTION NO. 12:**

All documents and communications concerning the licensing fees you received for use of any product you allege contains, uses, incorporates, or otherwise reflects any trade secret you allege Foodwit misappropriated.

**REQUEST FOR PRODUCTION NO. 13:**

Documents sufficient to show all past and projected future payments, including licensing fees, you received for use of the Genesis Foods product.

**REQUEST FOR PRODUCTION NO. 14:**

Documents sufficient to identify all distributors, retailers, or resellers of the Genesis Foods product.

**REQUEST FOR PRODUCTION NO. 15:**

All documents and communications concerning any measures you have taken to maintain the secrecy of each trade secret you allege Foodwit misappropriated.

**REQUEST FOR PRODUCTION NO. 16:**

All agreements and communications concerning confidentiality, non-disclosure, or protection of each trade secret you allege Foodwit misappropriated, including all employee agreements.

**REQUEST FOR PRODUCTION NO. 17:**

All documents and communications concerning your allegation that you "track[] and limit[] employee access to such information, providing it only to the extent necessary to perform their job functions" and "regularly instructs and repeatedly reminds its employees of the highly sensitive and confidential nature of its Trade Secrets" as alleged in paragraph 25 of your second amended complaint in this action.

**REQUEST FOR PRODUCTION NO. 18:**

Documents sufficient to identify all persons and entities with access to each trade secret you allege Foodwit misappropriated.

**REQUEST FOR PRODUCTION NO. 19:**

All documents and communications concerning any presentations or demonstrations, including but not limited to videos, demonstratives, slide decks, Wikis, and FAQs concerning the Genesis Foods product.

**REQUEST FOR PRODUCTION NO. 20:**

Documents sufficient to show your ownership of each trade secret you allege Foodwit misappropriated.

**REQUEST FOR PRODUCTION NO. 21:**

All documents and communications concerning the development or creation of each trade secret you allege Foodwit misappropriated.

**REQUEST FOR PRODUCTION NO. 22:**

All documents and communications concerning the master food and nutrition database you allege constitutes a trade secret.

**REQUEST FOR PRODUCTION NO. 23:**

Documents sufficient to identify all sources of data contained in the master food and nutrition database you allege constitutes a trade secret.

**REQUEST FOR PRODUCTION NO. 24:**

All documents and communications concerning the value of each trade secret you allege Foodwit misappropriated.

**REQUEST FOR PRODUCTION NO. 25:**

All documents and communications concerning any "independent economic value from the fact that its Trade Secrets are not generally known or readily ascertainable through proper means," as alleged in paragraph 24 of your second amended complaint in this action.

**REQUEST FOR PRODUCTION NO. 26:**

All documents and communications concerning the "agreements that contain confidentiality provisions and other protections substantially similar to those contained in Foodwit's License Agreement" as alleged in paragraph 25 of your second amended complaint in this action.

**REQUEST FOR PRODUCTION NO. 27:**

All documents and communications concerning the existence of any damages you sustained as a result of the acts alleged in your second amended complaint in this action.

**<u>REQUEST FOR PRODUCTION NO. 28:</u>**

All documents and communications concerning any expert opinions or memoranda, market or licensing research, third party analysis or technical evaluations you obtained concerning each trade secret you allege Foodwit misappropriated.

**<u>REQUEST FOR PRODUCTION NO. 29:</u>**

All documents and communications concerning your decision to assert any alleged trade secret against Foodwit.

**<u>REQUEST FOR PRODUCTION NO. 30:</u>**

All documents and communications concerning your decision to assert any alleged trade secret against Cronometer in the litigation captioned *ESHA Research, Inc. v. Cronometer Software, Inc.*, No. 24-1586 (D. Oregon).

**<u>REQUEST FOR PRODUCTION NO. 31:</u>**

All documents and communications concerning your decision to assert any alleged trade secret against any third party.

**<u>REQUEST FOR PRODUCTION NO. 32:</u>**

All documents and communications concerning your understanding, interpretation, or construction of any of the terms of any agreement you allege in this litigation.

**<u>REQUEST FOR PRODUCTION NO. 33:</u>**

All documents and communications concerning your market share in any markets in which you have operated from January 2021 to the present.

**<u>REQUEST FOR PRODUCTION NO. 34:</u>**

Documents sufficient to identify your competitors in any markets in which you have operated since 2021 or plan to operate.

**<u>REQUEST FOR PRODUCTION NO. 35:</u>**

All documents and communications concerning the acquisition of ESHA Research, LLC by The Riverside Company in March 2022, including purchase agreements, due diligence materials, valuation analyses, and integration plans.

**<u>REQUEST FOR PRODUCTION NO. 36:</u>**

All documents and communications concerning transition, migration, or export of customer data from the Genesis Foods product from January 1, 2021 to the present.

**<u>REQUEST FOR PRODUCTION NO. 37:</u>**

All documents and communications concerning the price of the Genesis Foods product.

**<u>REQUEST FOR PRODUCTION NO. 38:</u>**

All documents and communications concerning your decision to change the price of the Genesis Foods product from January 2021 to the present.

**<u>REQUEST FOR PRODUCTION NO. 39:</u>**

All documents and communications concerning your decision to change the price of the Genesis Foods product from January 2021 to the present.

**<u>REQUEST FOR PRODUCTION NO. 40:</u>**

All documents concerning the financial impact of your decision to change the price of the Genesis Foods product from January 2021 to the present.

**<u>REQUEST FOR PRODUCTION NO. 41:</u>**

All documents and communications concerning customer complaints, feedback, or concerns regarding pricing increases for the Genesis Foods product from January 2021 to the present.

**REQUEST FOR PRODUCTION NO. 42:**

All documents and communications concerning your competitors or market allocation, including memoranda, market or licensing research, or technical evaluations concerning each trade secret you allege Foodwit misappropriated.

**REQUEST FOR PRODUCTION NO. 43:**

All communications and documents concerning communications between you and any actual or prospective investors or underwriters concerning Foodwit or this litigation.

**REQUEST FOR PRODUCTION NO. 44:**

All communications and documents concerning communications between you and any actual or prospective investors or underwriters concerning your actual or projected market share in any markets in which you have operated since 2021 or plan to operate.

**REQUEST FOR PRODUCTION NO. 45:**

All communications and documents concerning communications between you and any actual or prospective investors or underwriters concerning Cronometer or the litigation captioned *ESHA Research, Inc. v. Cronometer Software, Inc.*, No. 24-1586 (D. Oregon).

**REQUEST FOR PRODUCTION NO. 46:**

All documents and communications concerning any potential investment in or acquisition of Foodwit.

**REQUEST FOR PRODUCTION NO. 47:**

Documents sufficient to show your document retention and destruction policies.

**REQUEST FOR PRODUCTION NO. 48:**

All non-privileged documents and communications concerning Foodwit or this litigation.

**REQUEST FOR PRODUCTION NO. 49:**

All documents and things that you allege support any other legal defenses or theories that you contend preclude the relief Foodwit seeks through its affirmative defenses.

**REQUEST FOR PRODUCTION NO. 50:**

All documents and things that you allege support any other legal defenses or theories that you contend support the relief you seek through your affirmative defenses.

**REQUEST FOR PRODUCTION NO. 51:**

All documents and things identified in your initial disclosures.

**REQUEST FOR PRODUCTION NO. 52:**

All documents and things produced to you by a third party in response to a formal or informal discovery request or subpoena by you in this litigation.

**REQUEST FOR PRODUCTION NO. 53:**

All documents, things, and communications relied upon, referenced, or otherwise consulted in responding to Foodwit's Interrogatories or Requests for Admission served in this litigation.

Date: August 21, 2026

Respectfully submitted,

P. Andrew McStay, Jr., OSB No. 033997
DAVIS WRIGHT TREMAINE LLP
560 SW 10th Avenue, Suite 700
Portland, Oregon, 97205
+1 (503) 241-2300
+1 (503) 778-5299 facsimile
andymcstay@dwt.com

Matthew S. Warren (*pro hac vice*)
Erika H. Warren (*pro hac vice*)
WARREN LLP
2261 Market Street, No. 606
San Francisco, California, 94114
+1 (415) 895-2940

+1 (415) 895-2964 facsimile
25-880@cases.warrenllp.com

*Attorneys for RLH Assets, LLC d/b/a Foodwit*

**CERTIFICATE OF SERVICE**

I hereby certify that on August 21, 2026, I served the foregoing First Set of Requests for Production by Defendant Foodwit to Plaintiff ESHA and First Set of Requests for Production by Plaintiff Foodwit to Defendant ESHA upon counsel for ESHA:

Cary D. Sullivan
Jones Day
3161 Michelson Drive, Suite 800
Irvine, California, 92612

Brian R. Talcott
Dunn Carney LLP
851 SW Sixth Avenue, Suite 1500
Portland, Oregon, 97204

by electronic mail to the addresses carysullivan@jonesday.com and btalcott@dunncarney.com, under the parties' electronic service agreement set forth in the joint Rule 26(f) reports, *ESHA v. Foodwit*, No. 25-880, Docket No. 36, and *Foodwit v. ESHA*, No. 25-656, Docket No. 20.

Kailey Fung

# Exhibit C

DUNN CARNEY LLP
Brian R. Talcott, OSB 965371
btalcott@dunncarney.com
851 SW Sixth Avenue, Suite 1500
Portland, Oregon 97204
Telephone: +1.949.851.3939
Facsimile: +1.502.224.7324

JONES DAY
Cary D. Sullivan, (*admitted Pro Hac Vice*)
carysullivan@jonesday.com
3161 Michelson Drive, Suite 800
Irvine, California 92612.4408
Telephone: +1.949.851.3939
Facsimile: +1.949.553.7539

*Attorneys for Plaintiff*
TRUSTWELL

UNITED STATES DISTRICT COURT

DISTRICT OF OREGON – PORTLAND DIVISION

| | |
|---|---|
| ESHA RESEARCH, LLC, now known as TRUSTWELL,<br><br>Plaintiff,<br><br>v.<br><br>RLH ASSETS, LLC, doing business as FOODWIT, an Oregon limited liability company,<br><br>Defendant. | Case No. 3:25-cv-00880-AB<br><br>**PLAINTIFF TRUSTWELL'S RESPONSES TO DEFENDANT FOODWIT'S INTERROGATORIES, SET TWO**<br><br>Complaint Filed: 02/20/2025<br>SAC Filed: 10/22/2025 |

PROPOUNDING PARTY: DEFENDANT FOODWIT

RESPONDING PARTY: PLAINTIFF TRUSTWELL

SET NO.: TWO

Pursuant to Federal Rules of Civil Procedure 26 and 33, Plaintiff ESHA Research, LLC, now known as Trustwell ("Trustwell"), hereby responds to Defendant RLH Assets, LLC d/b/a Foodwit's ("Foodwit") interrogatories, set two, as follows:

## GENERAL OBJECTIONS

Trustwell responds to Foodwit's interrogatories, including the definitions and instructions referenced therein, subject to the general objections set forth below. These objections are incorporated into and form part of Trustwell's responses to the interrogatories.

Trustwell objects to each interrogatory, including the definitions and instructions contained therein, to the extent it seeks information protected by the attorney-client privilege, the work product doctrine, or any other applicable privilege, protection, exemption, or immunity. Trustwell hereby claims, and does not waive, all such privileges, protections, and immunities. Inadvertent disclosure of any privileged or otherwise protected information shall not constitute or be deemed to constitute a waiver of any claim of privilege, immunity, or other protection, and Trustwell reserves the right to request the return of any inadvertently produced information. Any failure to assert a privilege, immunity, or other protection as to certain information shall also not constitute or be deemed to constitute a waiver of the privilege, immunity, or other protection as to any other information so protected.

Trustwell objects to each interrogatory to the extent it purports to require it to respond on behalf of any other entity or person. Trustwell further objects to the definition of "you" and "your" as vague and overbroad in that it purports to require Trustwell to respond on behalf of itself as well as "its officers, directors, principals, current and former employees, counsel, agents, consultants, representatives, and any other persons acting on behalf of any of the foregoing; as well as any subsidiaries, parents, affiliates, divisions, joint ventures, licensees, franchisees, assigns, predecessors and successors in interest, and all predecessors and successors in interest to such entities." Trustwell's responses are made by and on behalf of Trustwell only, and shall be limited to information currently and reasonably available to Trustwell.

The responses below reflect Trustwell's present knowledge, information, and belief, and may be subject to change or modification based on further discovery or on facts or circumstances that may come to Trustwell's attention. Trustwell's search for information is ongoing, and Trustwell reserves the right to rely on any facts, documents, evidence, or other contentions that may develop or come to its attention at a later time and to supplement or amend these responses as appropriate at any time before trial. Trustwell further reserves the right to raise any additional objections deemed necessary or appropriate in light of any further review or developments.

Trustwell's responses are made without in any way waiving or intending to waive: (a) any objection as to the competency, relevancy, materiality, or admissibility as evidence, for any purpose, of information provided in response; (b) the right to object on any ground to information provided in response at any hearing or trial; and (c) the right to object on any ground to a demand for a further response.

**RESPONSES TO INTERROGATORIES**

**INTERROGATORY NO. 2:**

For each trade secret you allege Foodwit misappropriated, identify by production number all documents constituting, reflecting, embodying, or containing each alleged trade secret.

**RESPONSE TO INTERROGATORY NO. 2:**

Trustwell objects to this Interrogatory to the extent it purports to impose obligations beyond, or otherwise inconsistent with, the Federal Rules of Civil Procedure, the Local Rules of this Court, or any other applicable laws or rules. Trustwell further objects to this Interrogatory as compound, overly broad, and unduly burdensome. Trustwell further objects to this Interrogatory to the extent it calls for a legal conclusion by requiring Trustwell to characterize which documents "constitute," "reflect," "embody," or "contain" a trade secret. Trustwell further objects to this Interrogatory to the extent it assumes facts not in evidence, including the assumption that each alleged trade secret is reducible to or contained within discrete documents. Trustwell further objects to this Interrogatory to the extent it seeks information protected by the attorney-client privilege, the work product doctrine, or any other applicable privilege, protection,

or immunity. Trustwell further objects to this Interrogatory as premature, as discovery in this matter remains ongoing. Trustwell further objects to this Interrogatory on the ground that it is compound because it purports to require Trustwell to provide information about each of its trade secrets. Trustwell further objects on the ground that this Interrogatory, individually and when combined with the other interrogatories served, exceeds the 25-interrogatory limit permitted by Federal Rule of Civil Procedure 33(a)(1). Foodwit's interrogatories contain numerous discrete subparts that should each be counted as a separate interrogatory, and when so counted, both this Interrogatory individually and the set as a whole exceed the permissible number in the aggregate.

Subject to each and without waiving any of the foregoing General and Specific objections, Trustwell responds as follows: If Foodwit intends to limit its interrogatories to comply with Rule 33(a)(1), Trustwell remains available to meet and confer regarding which interrogatories Foodwit will pursue. In addition, a response to this Interrogatory necessitates making a summary of information contained in documents. The burden or expense of preparing or making such a summary would be substantially the same for Trustwell as it would be for Foodwit. Therefore, Trustwell exercises its right under the Federal Rules of Civil Procedure, Rule 33(d) to produce non-privileged documents in its possession, custody, or control from which the answer may be derived or ascertained. Based on the foregoing, an answer to this Interrogatory can be derived from documents produced in this action, including in response to RFP Nos. 20-21.

**INTERROGATORY NO. 3:**

For each trade secret you allege Foodwit misappropriated, describe with specificity all bases for your claim that it is a trade secret.

**RESPONSE TO INTERROGATORY NO. 3:**

Trustwell objects to this Interrogatory to the extent it purports to impose obligations beyond, or otherwise inconsistent with, the Federal Rules of Civil Procedure, the Local Rules of this Court, or any other applicable laws or rules. Trustwell further objects to this Interrogatory as compound, overly broad, and unduly burdensome. Trustwell further objects to this Interrogatory

as vague and ambiguous as to the term "all bases." Trustwell further objects to this Interrogatory to the extent it calls for a legal conclusion. Trustwell further objects to this Interrogatory to the extent it seeks information protected by the attorney-client privilege, the work product doctrine, or any other applicable privilege, protection, or immunity. Trustwell further objects to this Interrogatory on the ground that it is compound because it purports to require Trustwell to provide information about each of its trade secrets. Trustwell further objects on the ground that this Interrogatory, individually and when combined with the other interrogatories served, exceeds the 25-interrogatory limit permitted by Federal Rule of Civil Procedure 33(a)(1). Foodwit's interrogatories contain numerous discrete subparts that should each be counted as a separate interrogatory, and when so counted, both this Interrogatory individually and the set as a whole exceed the permissible number in the aggregate.

Subject to each and without waiving any of the foregoing General and Specific objections, Trustwell responds as follows: If Foodwit intends to limit its interrogatories to comply with Rule 33(a)(1), Trustwell remains available to meet and confer regarding which interrogatories Foodwit will pursue.

**INTERROGATORY NO. 4:**

For each trade secret you allege Foodwit misappropriated, describe with specificity all bases for your claim that Foodwit misappropriated the trade secret.

**RESPONSE TO INTERROGATORY NO. 4:**

Trustwell objects to this Interrogatory to the extent it purports to impose obligations beyond, or otherwise inconsistent with, the Federal Rules of Civil Procedure, the Local Rules of this Court, or any other applicable laws or rules. Trustwell further objects to this Interrogatory as compound, overly broad, and unduly burdensome. Trustwell further objects to this Interrogatory as vague and ambiguous as to the term "all bases." Trustwell further objects to this Interrogatory to the extent it calls for a legal conclusion. Trustwell further objects to this Interrogatory to the extent it seeks information protected by the attorney-client privilege, the work product doctrine, or any other applicable privilege, protection, or immunity. Trustwell further objects to this

Interrogatory on the ground that it is compound because it purports to require Trustwell to provide information about each of its trade secrets. Trustwell further objects on the ground that this Interrogatory, individually and when combined with the other interrogatories served, exceeds the 25-interrogatory limit permitted by Federal Rule of Civil Procedure 33(a)(1). Foodwit's interrogatories contain numerous discrete subparts that should each be counted as a separate interrogatory, and when so counted, both this Interrogatory individually and the set as a whole exceed the permissible number in the aggregate.

Subject to each and without waiving any of the foregoing General and Specific objections, Trustwell responds as follows: If Foodwit intends to limit its interrogatories to comply with Rule 33(a)(1), Trustwell remains available to meet and confer regarding which interrogatories Foodwit will pursue.

**INTERROGATORY NO. 5:**

For each trade secret you allege Foodwit misappropriated, describe with specificity how, when, where, and by whom it was designed and developed, including an identification of every individual who participated in the design or development of the trade secret.

**RESPONSE TO INTERROGATORY NO. 5:**

Trustwell objects to this Interrogatory to the extent it purports to impose obligations beyond, or otherwise inconsistent with, the Federal Rules of Civil Procedure, the Local Rules of this Court, or any other applicable laws or rules. Trustwell further objects to this Interrogatory as compound. Trustwell further objects to this Interrogatory as overly broad and unduly burdensome because it is unlimited in time and scope. Trustwell further objects to this Interrogatory as vague and ambiguous as to the terms "designed" and "developed." Trustwell further objects to this Interrogatory to the extent it seeks information protected by the attorney-client privilege, the work product doctrine, or any other applicable privilege, protection, or immunity. Trustwell further objects to this Interrogatory on the ground that it is compound because it purports to require Trustwell to provide information about each of its trade secrets. Trustwell further objects on the ground that this Interrogatory, individually and when combined

with the other interrogatories served, exceeds the 25-interrogatory limit permitted by Federal Rule of Civil Procedure 33(a)(1). Foodwit's interrogatories contain numerous discrete subparts that should each be counted as a separate interrogatory, and when so counted, both this Interrogatory individually and the set as a whole exceed the permissible number in the aggregate.

Subject to each and without waiving any of the foregoing General and Specific objections, Trustwell responds as follows: If Foodwit intends to limit its interrogatories to comply with Rule 33(a)(1), Trustwell remains available to meet and confer regarding which interrogatories Foodwit will pursue.

**INTERROGATORY NO. 6:**

For each trade secret you allege Foodwit misappropriated, identify every individual who has or had access to or knowledge of the trade secret.

**RESPONSE TO INTERROGATORY NO. 6:**

Trustwell objects to this Interrogatory to the extent it purports to impose obligations beyond, or otherwise inconsistent with, the Federal Rules of Civil Procedure, the Local Rules of this Court, or any other applicable laws or rules. Trustwell further objects to this Interrogatory as compound. Trustwell further objects to this Interrogatory as overly broad and unduly burdensome because it seeks the identities of every customer and every person ever employed by Trustwell. Trustwell further objects to this Interrogatory as vague and ambiguous as to the terms "access" and "knowledge." Trustwell further objects to this Interrogatory to the extent it seeks information protected by the attorney-client privilege, the work product doctrine, or any other applicable privilege, protection, or immunity. Trustwell objects to this Interrogatory on the grounds that it seeks information that is neither relevant to any claim or defense, nor proportional to the needs and nature of the case. Trustwell further objects to this Interrogatory on the ground that it is compound because it purports to require Trustwell to provide information about each of its trade secrets. Trustwell further objects on the ground that this Interrogatory, individually and when combined with the other interrogatories served, exceeds the 25-interrogatory limit permitted by Federal Rule of Civil Procedure 33(a)(1). Foodwit's interrogatories contain

numerous discrete subparts that should each be counted as a separate interrogatory, and when so counted, both this Interrogatory individually and the set as a whole exceed the permissible number in the aggregate.

Subject to each and without waiving any of the foregoing General and Specific objections, Trustwell responds as follows: If Foodwit intends to limit its interrogatories to comply with Rule 33(a)(1), Trustwell remains available to meet and confer regarding which interrogatories Foodwit will pursue.

**INTERROGATORY NO. 7:**

For each trade secret you allege Foodwit misappropriated, describe with specificity the circumstances by which you contend that Foodwit learned the trade secret, including identification of every individual involved in Foodwit's learning the trade secret, and including identification by production number of any documents through which you contend that Foodwit learned the trade secret.

**RESPONSE TO INTERROGATORY NO. 7:**

Trustwell objects to this Interrogatory to the extent it purports to impose obligations beyond, or otherwise inconsistent with, the Federal Rules of Civil Procedure, the Local Rules of this Court, or any other applicable laws or rules. Trustwell further objects to this Interrogatory as compound, overly broad, and unduly burdensome. Trustwell further objects to this Interrogatory as vague and ambiguous as to the terms "circumstances" and "learned." Trustwell further objects to this Interrogatory to the extent it is duplicative of Interrogatory No. 4. Trustwell further objects to this Interrogatory to the extent it seeks information protected by the attorney-client privilege, the work product doctrine, or any other applicable privilege, protection, or immunity. Trustwell objects to this Interrogatory on the grounds that it seeks information that is neither relevant to any claim or defense, nor proportional to the needs and nature of the case. Trustwell further objects to this Interrogatory on the ground that it is compound because it purports to require Trustwell to provide information about each of its trade secrets. Trustwell further objects on the ground that this Interrogatory, individually and when combined with the

other interrogatories served, exceeds the 25-interrogatory limit permitted by Federal Rule of Civil Procedure 33(a)(1). Foodwit's interrogatories contain numerous discrete subparts that should each be counted as a separate interrogatory, and when so counted, both this Interrogatory individually and the set as a whole exceed the permissible number in the aggregate.

Subject to each and without waiving any of the foregoing General and Specific objections, Trustwell responds as follows: If Foodwit intends to limit its interrogatories to comply with Rule 33(a)(1), Trustwell remains available to meet and confer regarding which interrogatories Foodwit will pursue. In addition, information responsive to this Interrogatory is uniquely within Foodwit's knowledge. Foodwit licensed the trade secrets at issue subject to the terms, conditions, and protections of Trustwell's limited-use license agreement. The particularized details of Foodwit's misappropriation, including the Foodwit personnel involved in such misappropriation, will be revealed through discovery.

**INTERROGATORY NO. 8:**

For each trade secret you allege Foodwit misappropriated, describe with specificity all efforts taken by ESHA to maintain its confidentiality, including identification by production number of any documents through which you contend that ESHA took such efforts.

**RESPONSE TO INTERROGATORY NO. 8:**

Trustwell objects to this Interrogatory to the extent it purports to impose obligations beyond, or otherwise inconsistent with, the Federal Rules of Civil Procedure, the Local Rules of this Court, or any other applicable laws or rules. Trustwell further objects to this Interrogatory as compound, overly broad, and unduly burdensome. Trustwell further objects to this Interrogatory as vague and ambiguous as to the terms "efforts" and "confidentiality." Trustwell further objects to this Interrogatory to the extent it calls for a legal conclusion. Trustwell further objects to this Interrogatory to the extent it seeks information protected by the attorney-client privilege, the work product doctrine, or any other applicable privilege, protection, or immunity. Trustwell further objects to this Interrogatory on the ground that it is compound because it purports to require Trustwell to provide information about each of its trade secrets. Trustwell further objects

on the ground that this Interrogatory, individually and when combined with the other interrogatories served, exceeds the 25-interrogatory limit permitted by Federal Rule of Civil Procedure 33(a)(1). Foodwit's interrogatories contain numerous discrete subparts that should each be counted as a separate interrogatory, and when so counted, both this Interrogatory individually and the set as a whole exceed the permissible number in the aggregate.

Subject to each and without waiving any of the foregoing General and Specific objections, Trustwell responds as follows: If Foodwit intends to limit its interrogatories to comply with Rule 33(a)(1), Trustwell remains available to meet and confer regarding which interrogatories Foodwit will pursue. In addition, a response to this Interrogatory necessitates making a summary of information contained in documents. The burden or expense of preparing or making such a summary would be substantially the same for Trustwell as it would be for Foodwit. Therefore, Trustwell exercises its right under the Federal Rules of Civil Procedure, Rule 33(d) to produce non-privileged documents in its possession, custody, or control from which the answer may be derived or ascertained. Based on the foregoing, an answer to this Interrogatory can be derived from documents produced in this action, including in response to RFP Nos. 9-11.

**INTERROGATORY NO. 9:**

Identify all products or services that you contend are interchangeable or reasonable substitutes for the Genesis Foods product, including the basis for your claim.

**RESPONSE TO INTERROGATORY NO. 9:**

Trustwell objects to this Interrogatory to the extent it purports to impose obligations beyond, or otherwise inconsistent with, the Federal Rules of Civil Procedure, the Local Rules of this Court, or any other applicable laws or rules. Trustwell further objects to this Interrogatory as compound, overly broad, and unduly burdensome because it is unlimited in time and scope. Trustwell objects to this Interrogatory on the grounds that it seeks information that is neither relevant to any claim or defense, nor proportional to the needs and nature of the case. Trustwell further objects to this Interrogatory as vague and ambiguous as to the terms "products,"

"services," "interchangeable," "reasonable substitutes," and "basis." Trustwell further objects to this Interrogatory to the extent it seeks information protected by the attorney-client privilege, the work product doctrine, or any other applicable privilege, protection, or immunity. Trustwell further objects on the ground that this Interrogatory, when combined with the other interrogatories served, exceeds the 25-interrogatory limit permitted by Federal Rule of Civil Procedure 33(a)(1). Foodwit's interrogatories contain numerous discrete subparts that should each be counted as a separate interrogatory, and when so counted, these Interrogatories exceed the permissible number in the aggregate.

Subject to each and without waiving any of the foregoing General and Specific objections, Trustwell responds as follows: If Foodwit intends to limit its interrogatories to comply with Rule 33(a)(1), Trustwell remains available to meet and confer regarding which interrogatories Foodwit will pursue. In addition, this Interrogatory relies on vague and ambiguous, undefined terms. As Trustwell understands the request, there are a number of companies that offer products that are competitive with Genesis Foods, including but not limited to the following: Foodwit, Flavorstudio, Axxya, TraceGains (including NutriCalc), MenuSano, Owl Software, ReciPal, LabelCalc, SKUSafe, SpecRight, and ENTR Technologies. *See also* https://www.capterra.com/nutrition-analysis-software/.

**INTERROGATORY NO. 10:**

Describe with specificity all bases for your claim that Foodwit breached any contract, including identification by production number of any contract that you allege Foodwit breached, and identification by production number of any documents concerning any alleged breach.

**RESPONSE TO INTERROGATORY NO. 10:**

Trustwell objects to this Interrogatory to the extent it purports to impose obligations beyond, or otherwise inconsistent with, the Federal Rules of Civil Procedure, the Local Rules of this Court, or any other applicable laws or rules. Trustwell further objects to this Interrogatory as compound, overly broad, and unduly burdensome. Trustwell further objects to this Interrogatory as vague and ambiguous as to the term "all bases." Trustwell further objects to this Interrogatory

to the extent it seeks information protected by the attorney-client privilege, the work product doctrine, or any other applicable privilege, protection, or immunity. Trustwell further objects on the ground that this Interrogatory, when combined with the other interrogatories served, exceeds the 25-interrogatory limit permitted by Federal Rule of Civil Procedure 33(a)(1). Foodwit's interrogatories contain numerous discrete subparts that should each be counted as a separate interrogatory, and when so counted, these Interrogatories exceed the permissible number in the aggregate.

Subject to each and without waiving any of the foregoing General and Specific objections, Trustwell responds as follows: If Foodwit intends to limit its interrogatories to comply with Rule 33(a)(1), Trustwell remains available to meet and confer regarding which interrogatories Foodwit will pursue. In addition, Foodwit breached Trustwell's limited-use license agreement, as referenced in Trustwell's Second Amended Complaint in this action. Trustwell refers Foodwit to paragraphs 13–17 and 40–42 of the Second Amended Complaint, which set forth the requested bases.

Dated: September 21, 2026

**JONES DAY**

*/s/ Cary D. Sullivan*
Cary D. Sullivan (*admitted Pro Hac Vice*)
Email: carysullivan@jonesday.com

**DUNN CARNEY LLP**
Brian R. Talcott, OSB 965371
Email: btalcott@dunncarney.com

*Attorneys for Plaintiff*
TRUSTWELL

# VERIFICATION

I, Katy Jones, have read the foregoing **PLAINTIFF TRUSTWELL'S RESPONSES TO DEFENDANT FOODWIT'S INTERROGATORIES, SET TWO** and know its contents.

I am the Chief Executive Officer of ESHA Research, LLC, now known as Trustwell, which is the plaintiff in this action, and am authorized to make this verification for and on its behalf, and I make this verification for that reason. To the extent the factual assertions in the foregoing responses are within my personal knowledge, I know those assertions to be true and correct. To the extent I do not have direct personal knowledge regarding the factual assertions in the foregoing responses, I am informed and believe those assertions are true and correct.

I declare under penalty of perjury under the laws of the United States that the foregoing is true and correct.

Executed on September 21, 2026, at Alamance County, NC.

Katy Jones

Katy Jones

## CERTIFICATE OF SERVICE

I hereby certify that on the 21st day of September, 2026, I caused to be served the foregoing **PLAINTIFF TRUSTWELL'S RESPONSES TO DEFENDANT FOODWIT'S INTERROGATORIES, SET TWO** on the following party via the following method(s):

P. Andrew McStay, Jr.,
Email: andymcstay@dwt.com
DAVIS WRIGHT TREMAINE LLP
560 SW 10th Avenue, Suite 700
Portland, Oregon 97205
Telephone: (503) 241-2300
Facsimile: (503) 778-5299

Matthew S. Warren (pro hac vice)
Erika H. Warren (pro hac vice)
Shaida Shahinfar (pro hac vice)
Email: 25-880@cases.warrenlex.com
WARREN KASH WARREN LLP
2261 Market Street, No. 606
San Francisco, California 94114
Telephone: (415) 895-2940
Facsimile: (415) 895-2964

*Attorneys for Defendant Foodwit*

by:
☐ U.S. Postal Service, ordinary first class mail
☐ electronic service
☒ other (specify): Email

**JONES DAY**

*/s Lauren E. Dutkiewicz*
Lauren E. Dutkiewicz (*admitted Pro Hac Vice*)
Email: ldutkiewicz@jonesday.com

# Exhibit D

DUNN CARNEY LLP
Brian R. Talcott, OSB 965371
btalcott@dunncarney.com
851 SW Sixth Avenue, Suite 1500
Portland, Oregon 97204
Telephone: +1.949.851.3939
Facsimile: +1.502.224.7324

JONES DAY
Cary D. Sullivan, (*admitted Pro Hac Vice*)
carysullivan@jonesday.com
3161 Michelson Drive, Suite 800
Irvine, California 92612.4408
Telephone: +1.949.851.3939
Facsimile: +1.949.553.7539

*Attorneys for Plaintiff*
TRUSTWELL

UNITED STATES DISTRICT COURT

DISTRICT OF OREGON – PORTLAND DIVISION

| | |
|---|---|
| ESHA RESEARCH, LLC, now known as TRUSTWELL,<br><br>Plaintiff,<br><br>v.<br><br>RLH ASSETS, LLC, doing business as FOODWIT, an Oregon limited liability company,<br><br>Defendant. | Case No. 3:25-cv-00880-AB<br><br>**PLAINTIFF TRUSTWELL'S RESPONSES TO DEFENDANT FOODWIT'S REQUESTS FOR PRODUCTION, SET ONE**<br><br>Complaint Filed: 02/20/2025<br>SAC Filed: 10/22/2025 |

PROPOUNDING PARTY: DEFENDANT FOODWIT

RESPONDING PARTY: PLAINTIFF TRUSTWELL

SET NO.: ONE

Pursuant to Federal Rules of Civil Procedure 26 and 34, Plaintiff ESHA Research, LLC, now known as Trustwell ("Trustwell"), hereby responds to Defendant RLH Assets, LLC d/b/a Foodwit's ("Foodwit") requests to produce documents and things for discovery and inspection, set one, as follows:

**GENERAL OBJECTIONS**

1. Trustwell objects generally to Foodwit's Requests to the extent that Foodwit seeks documents that contain or relate to confidential and privileged communications between attorney and client on the ground of attorney-client privilege. Trustwell will produce no such documents. Moreover, Trustwell generally objects to Foodwit's Requests to the extent that they seek confidential and privileged communications between attorney and client during the anticipation of and pendency of this action, including but not limited to communications between attorney and client regarding the Requests. Trustwell deems such privileged communications not intended to be within the scope of Foodwit's Requests, and will not, and does not intend these responses to waive the privilege afforded such privileged communications.

2. Trustwell objects generally to Foodwit's Requests to the extent that they seek documents that contain or relate to confidential information protected from disclosure by the attorney work product doctrine. Trustwell will produce no such documents. Moreover, Trustwell objects to Foodwit's Requests to the extent that they seek documents that contain or relate to confidential information protected from disclosure by the attorney work product doctrine and that have been created in anticipation of or during the pendency of this action, including but not limited to research and investigation and analysis concerning the Requests. Trustwell deems such protected documents not intended to be within the scope of Foodwit's Requests and will not, and does not intend by these responses to waive the work product protection afforded such documents.

3. Trustwell objects generally to Foodwit's Requests to the extent that they seek documents that are not in Trustwell's possession, custody, or control. Trustwell only will produce documents in its possession, custody, or control in response to the Requests.

4. Trustwell objects to Foodwit's Instructions and Definitions on the ground that they are overly broad, unduly burdensome and purport to impose obligations on Trustwell greater than those imposed by the Federal Rules of Civil Procedure. Trustwell will respond pursuant to its obligations under the Federal Rules of Civil Procedure.

5. Trustwell objects to each and every one of Foodwit's Requests to the extent that the Request is vague or unclear in identifying the information requested, is unduly burdensome or overly broad, or is otherwise outside the scope of permissible discovery pursuant to Rules 26 and 34 of the Federal Rules of Civil Procedure, especially to the extent the Requests seek "any," "each" and/or "all" information, which is overly broad and unduly burdensome.

6. Trustwell objects to Definition No. 5, incorporated by reference, defining the terms "you" and "your," as vague, overbroad, and as seeking information not relevant to claims or defenses of the parties to the extent that they encompass Trustwell's "subsidiaries, parents, affiliates, divisions, joint ventures, licensees, franchisees, assigns, predecessors and successors in interest, and all predecessors and successors in interest to such entities." Unless otherwise stated, Trustwell will interpret "you" and "your" to include only ESHA Research, LLC, now known as Trustwell, and its officers, directors, principals, and current and former employees.

7. Trustwell objects to Definition No. 11, defining the term "Genesis Foods product," as vague, overbroad, and as seeking information not relevant to claims or defenses of the parties to the extent that it encompasses "any reasonably similar products, services, or applications" beyond the Genesis Foods software system that is at issue in this proceeding.

8. Trustwell objects to each and every one of Foodwit's Requests to the extent that the Request seeks information prior to the events believed to be relevant to this action. Trustwell will produce documents for the relevant time period in accordance with the agreed sources and custodians.

9. Trustwell objects to each and every one of Foodwit's Requests to the extent that the Request is unnecessarily duplicative and purports to require the production of more than one copy of any document that may be responsive to more than one Request.

10. Trustwell is willing to meet and confer with Foodwit to the extent that Foodwit's Requests seek documents equally available to Foodwit.

11. All responses to the requests for production are made without in any way waiving or intending to waive, but to the contrary, preserving:

a. All objections to competency, materiality, expert nature, and admissibility as evidence for any purpose in this litigation or any subsequent proceeding or trial.

b. All objections based on privilege or work product, for any purpose in this litigation or any subsequent proceeding or trial. Specifically, should any information protected by the attorney client privilege, work product doctrine, or any other applicable privilege be inadvertently disclosed, that will not be a waiver of the applicable privilege or the subject matter thereof.

c. The right to object on any ground to the use of any document or any testimony obtained as a result of these Requests, or the subject matter thereof, in this litigation or any subsequent proceeding or trial.

d. The right to supplement and/or amend these responses based upon being provided adequate detail, explanation, or limitation of this Notice.

e. The right to supplement and/or amend these responses based upon the discovery of additional information and/or documents after further investigation.

f. The right to supplement and/or amend these responses based on further rulings of the Court or Magistrate Judge on the scope of discovery.

12. Trustwell incorporates the foregoing General Objections and limitations into each of the following Specific Objections and Responses, which are made subject to and without waiver of those General Objections and limitations.

## RESPONSES TO REQUESTS FOR PRODUCTION

**REQUEST FOR PRODUCTION NO. 1:**

All documents and internal communications concerning Foodwit or any of its employees.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 1:**

In addition to its General Objections, Trustwell objects to this request as overly broad and unduly burdensome to the extent it seeks "all" documents and communications with no temporal limitation. Trustwell further objects to this request on the ground that it seeks documents that are neither relevant to the claims asserted in this case, nor likely to lead to the discovery of relevant or admissible evidence. Trustwell further objects to this request to the extent it seeks documents protected by the attorney-client privilege, work product doctrine, or common interest doctrine. Trustwell also objects to this request to the extent the documents are already in the possession of Foodwit.

Subject to and without waiving the foregoing objections, Trustwell responds as follows: Trustwell will produce non-privileged documents and communications that relate to the claims and defenses asserted in this action that are reasonably available, relevant and responsive, and within its possession, custody, and control.

**REQUEST FOR PRODUCTION NO. 2:**

All documents and communications between you and any third party concerning Foodwit or any of its employees.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 2:**

In addition to its General Objections, Trustwell objects to this request as overly broad and unduly burdensome to the extent it seeks "all" documents and communications with no temporal limitation. Trustwell further objects to this request on the ground that it seeks documents that are neither relevant to the claims asserted in this case, nor likely to lead to the discovery of relevant or admissible evidence. Trustwell further objects to this request to the extent it seeks documents protected by the attorney-client privilege, work product doctrine, or common interest doctrine. Trustwell also objects to this request to the extent the documents are already in the possession of Foodwit.

Subject to and without waiving the foregoing objections, Trustwell responds as follows: Trustwell will produce non-privileged documents and communications that relate to the claims

and defenses asserted in this action that are reasonably available, relevant and responsive, and within its possession, custody, and control.

**REQUEST FOR PRODUCTION NO. 3:**

All documents and communications sent to or by Katy Jones concerning Foodwit or any of its employees.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 3:**

In addition to its General Objections, Trustwell objects to this request as overly broad and unduly burdensome to the extent it seeks "all" documents and communications with no temporal limitation. Trustwell further objects to this request on the ground that it seeks documents that are neither relevant to the claims asserted in this case, nor likely to lead to the discovery of relevant or admissible evidence. Trustwell further objects to this request to the extent it seeks documents protected by the attorney-client privilege, work product doctrine, or common interest doctrine. Trustwell also objects to this request to the extent the documents are already in the possession of Foodwit.

Subject to and without waiving the foregoing objections, Trustwell responds as follows: Trustwell will produce non-privileged documents and communications that relate to the claims and defenses asserted in this action that are reasonably available, relevant and responsive, and within its possession, custody, and control.

**REQUEST FOR PRODUCTION NO. 4:**

All documents and communications concerning your allegations that Foodwit misappropriated any of your trade secrets.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 4:**

In addition to its General Objections, Trustwell objects to this request as overly broad and unduly burdensome to the extent it seeks "all" documents and communications with no temporal limitation. Trustwell further objects to this request on the ground that it seeks documents that are neither relevant to the claims asserted in this case, nor likely to lead to the discovery of relevant or admissible evidence. Trustwell further objects to this request as vague and ambiguous as to

the term "trade secrets." Trustwell further objects to this request to the extent it seeks documents protected by the attorney-client privilege, work product doctrine, or common interest doctrine.

Subject to and without waiving the foregoing objections, Trustwell responds as follows: Trustwell will produce non-privileged documents and communications that relate to the claims and defenses asserted in this action that are reasonably available, relevant and responsive, and within its possession, custody, and control.

**REQUEST FOR PRODUCTION NO. 5:**

All documents and communications concerning the letter you sent to Foodwit on August 6, 2024, including drafts, internal communications, and any documents you prepared, reviewed, or considered concerning the allegations made in the letter.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 5:**

In addition to its General Objections, Trustwell objects to this request as overly broad and unduly burdensome to the extent it seeks "all" documents and communications with no temporal limitation. Trustwell further objects to this request on the ground that it seeks documents that are neither relevant to the claims asserted in this case, nor likely to lead to the discovery of relevant or admissible evidence. Trustwell further objects to this request as vague and ambiguous as to the terms "prepared," "reviewed," or "considered." Trustwell further objects to this request to the extent it seeks documents protected by the attorney-client privilege, work product doctrine, or common interest doctrine. Trustwell also objects to this request to the extent the documents are already in the possession of Foodwit.

Subject to and without waiving the foregoing objections, Trustwell responds as follows: after a reasonable search and diligent inquiry, Trustwell is unable to locate any non-privileged responsive documents in its possession, custody, or control.

**REQUEST FOR PRODUCTION NO. 6:**

All software logs, access logs, audit trails, or usage records concerning Foodwit or any of its employees' alleged access to or use of the Genesis Foods product.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 6:**

In addition to its General Objections, Trustwell objects to this request as overly broad and unduly burdensome to the extent it seeks documents with no temporal limitation. Trustwell further objects to this request on the ground that it seeks documents that are neither relevant to the claims asserted in this case, nor likely to lead to the discovery of relevant or admissible evidence. Trustwell further objects to this request as vague and ambiguous as to the terms "software logs," "access logs," "audit trails," and "usage records." Trustwell further objects to this request to the extent it seeks documents protected by the attorney-client privilege, work product doctrine, or common interest doctrine.

Subject to and without waiving the foregoing objections, Trustwell responds as follows: Trustwell will produce reasonably available, relevant and responsive, non-privileged documents within its possession, custody, and control.

**REQUEST FOR PRODUCTION NO. 7:**

All communications concerning Foodwit or any of its employees' alleged access to or use of the Genesis Foods product.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 7:**

In addition to its General Objections, Trustwell objects to this request as overly broad and unduly burdensome to the extent it seeks "all" communications, with no temporal limitation. Trustwell further objects to this request on the ground that it seeks documents that are neither relevant to the claims asserted in this case, nor likely to lead to the discovery of relevant or admissible evidence. Trustwell further objects to this request as vague and ambiguous as to the terms "access" or "use." Trustwell further objects to this request to the extent it seeks documents protected by the attorney-client privilege, work product doctrine, or common interest doctrine. Trustwell also objects to this request to the extent the documents are already in the possession of Foodwit.

Subject to and without waiving the foregoing objections, Trustwell responds as follows: Trustwell will produce reasonably available, relevant and responsive, non-privileged documents within its possession, custody, and control.

**REQUEST FOR PRODUCTION NO. 8:**

All documents and communications concerning your allegations that Foodwit breached any contract with you.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 8:**

In addition to its General Objections, Trustwell objects to this request as overly broad and unduly burdensome to the extent it seeks "all" documents and communications, with no temporal limitation. Trustwell further objects to this request on the ground that it seeks documents that are neither relevant to the claims asserted in this case, nor likely to lead to the discovery of relevant or admissible evidence. Trustwell further objects to this request as vague and ambiguous as to the term "contract." Trustwell further objects to this request to the extent it seeks documents protected by the attorney-client privilege, work product doctrine, or common interest doctrine. Trustwell also objects to this request to the extent the documents are already in the possession of Foodwit.

Subject to and without waiving the foregoing objections, Trustwell responds as follows: Trustwell will produce reasonably available, relevant and responsive, non-privileged documents within its possession, custody, and control.

**REQUEST FOR PRODUCTION NO. 9:**

All documents and communications concerning your disclosure of any element of any trade secret or other trade secret information you allege Foodwit misappropriated to any third party.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 9:**

In addition to its General Objections, Trustwell objects to this request as overly broad and unduly burdensome to the extent it seeks "all" documents and communications, with no temporal limitation. Trustwell further objects to this request on the ground that it seeks documents that are

neither relevant to the claims asserted in this case, nor likely to lead to the discovery of relevant or admissible evidence. Trustwell further objects to this request as vague and ambiguous as to the terms "disclosure," "element," "trade secret," and "trade secret information." Trustwell further objects to this request to the extent it seeks documents protected by the attorney-client privilege, work product doctrine, or common interest doctrine. Trustwell also objects to this request to the extent the documents are already in the possession of Foodwit.

Subject to and without waiving the foregoing objections, Trustwell responds as follows: Trustwell will produce its form license agreements and confidentiality agreements for the period 2017 through present.

**REQUEST FOR PRODUCTION NO. 10:**

All documents and communications concerning any agreements between you and any third party concerning any element of any trade secret or other trade secret information you allege Foodwit misappropriated to any third party.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 10:**

In addition to its General Objections, Trustwell objects to this request as overly broad and unduly burdensome to the extent it seeks "all" documents and communications, with no temporal limitation. Trustwell further objects to this request on the ground that it seeks documents that are neither relevant to the claims asserted in this case, nor likely to lead to the discovery of relevant or admissible evidence. Trustwell further objects to this request as vague and ambiguous as to the terms "agreement," "third party," "element," "trade secret," and "trade secret information." Trustwell further objects to this request to the extent it seeks documents protected by the attorney-client privilege, work product doctrine, or common interest doctrine.

Subject to and without waiving the foregoing objections, Trustwell responds as follows: Trustwell will produce its form license agreements and confidentiality agreements for the period 2017 through present.

**REQUEST FOR PRODUCTION NO. 11:**

All documents and communications concerning license agreements between you and any third party concerning any product you allege contains, uses, incorporates, or otherwise reflects any trade secret you allege Foodwit misappropriated, including the Genesis Foods product.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 11:**

In addition to its General Objections, Trustwell objects to this request as overly broad and unduly burdensome to the extent it seeks "all" documents and communications, with no temporal limitation. Trustwell further objects to this request on the ground that it seeks documents that are neither relevant to the claims asserted in this case, nor likely to lead to the discovery of relevant or admissible evidence. Trustwell further objects to this request as vague and ambiguous as to the terms "license agreements," "third party," and "trade secret." Trustwell further objects to this request to the extent it seeks documents protected by the attorney-client privilege, work product doctrine, or common interest doctrine.

Subject to and without waiving the foregoing objections, Trustwell responds as follows: Trustwell will produce its form license agreements and confidentiality agreements for the period 2017 through present.

**REQUEST FOR PRODUCTION NO. 12:**

All documents and communications concerning the licensing fees you received for use of any product you allege contains, uses, incorporates, or otherwise reflects any trade secret you allege Foodwit misappropriated.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 12:**

In addition to its General Objections, Trustwell objects to this request as overly broad and unduly burdensome to the extent it seeks "all" documents and communications, with no temporal limitation. Trustwell further objects to this request on the ground that it seeks documents that are neither relevant to the claims asserted in this case, nor likely to lead to the discovery of relevant or admissible evidence. Trustwell further objects to this request as vague and ambiguous as to the terms "licensing fees," "use," and "trade secret." Trustwell further objects to this Request to

the extent it requires the disclosure of confidential, business, financial, or other proprietary, private, or trade secret information protected by law. Trustwell further objects to this request to the extent it seeks documents protected by the attorney-client privilege, work product doctrine, or common interest doctrine.

Subject to and without waiving the foregoing objections, Trustwell responds as follows: Trustwell will produce documents reflecting licensing fees paid by Foodwit.

**REQUEST FOR PRODUCTION NO. 13:**

Documents sufficient to show all past and projected future payments, including licensing fees, you received for use of the Genesis Foods product.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 13:**

In addition to its General Objections, Trustwell objects to this request as overly broad and unduly burdensome to the extent it seeks "all" documents and communications, with no temporal limitation. Trustwell further objects to this request on the ground that it seeks documents that are neither relevant to the claims asserted in this case, nor likely to lead to the discovery of relevant or admissible evidence. Trustwell further objects to this request as vague and ambiguous as to the terms "projected future," "payments" and "licensing fees." Trustwell further objects to this Request to the extent it requires the disclosure of confidential, business, financial, or other proprietary, private, or trade secret information protected by law. Trustwell further objects to this request to the extent it seeks documents protected by the attorney-client privilege, work product doctrine, or common interest doctrine.

Subject to and without waiving the foregoing objections, Trustwell responds as follows: Trustwell will produce documents reflecting licensing fees paid by Foodwit.

**REQUEST FOR PRODUCTION NO. 14:**

Documents sufficient to identify all distributors, retailers, or resellers of the Genesis Foods product.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 14:**

In addition to its General Objections, Trustwell objects to this request as overly broad and unduly burdensome to the extent it seeks "all" documents, with no temporal limitation. Trustwell further objects to this request on the ground that it seeks documents that are neither relevant to the claims asserted in this case, nor likely to lead to the discovery of relevant or admissible evidence. Trustwell further objects to this request as vague and ambiguous as to the terms "distributors," "retailers," and "resellers." Trustwell further objects to this request to the extent it seeks documents protected by the attorney-client privilege, work product doctrine, or common interest doctrine.

Subject to and without waiving the foregoing objections, Trustwell responds as follows: after a reasonable search and diligent inquiry, Trustwell is unable to locate any non-privileged responsive documents in its possession, custody, or control.

**REQUEST FOR PRODUCTION NO. 15:**

All documents and communications concerning any measures you have taken to maintain the secrecy of each trade secret you allege Foodwit misappropriated.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 15:**

In addition to its General Objections, Trustwell objects to this request as overly broad and unduly burdensome to the extent it seeks "all" documents and communications, with no temporal limitation. Trustwell further objects to this request on the ground that it seeks documents that are neither relevant to the claims asserted in this case, nor likely to lead to the discovery of relevant or admissible evidence. Trustwell further objects to this request as vague and ambiguous as to the terms "measures" and "trade secret." Trustwell further objects to this request to the extent it seeks documents protected by the attorney-client privilege, work product doctrine, or common interest doctrine. Trustwell further objects to this Request on the ground that it is duplicative of other requests, including, but not limited to, Request Nos. 9-11.

Subject to and without waiving the foregoing objections, Trustwell responds as follows: Trustwell refers Foodwit to its responses to Request Nos. 9-11.

**REQUEST FOR PRODUCTION NO. 16:**

All agreements and communications concerning confidentiality, non-disclosure, or protection of each trade secret you allege Foodwit misappropriated, including all employee agreements.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 16:**

In addition to its General Objections, Trustwell objects to this request as overly broad and unduly burdensome to the extent it seeks "all" agreements and communications, with no temporal limitation. Trustwell further objects to this request on the ground that it seeks documents that are neither relevant to the claims asserted in this case, nor likely to lead to the discovery of relevant or admissible evidence. Trustwell further objects to this request as vague and ambiguous as to the terms "non-disclosure" and "protection." Trustwell further objects to this request to the extent it seeks documents protected by the attorney-client privilege, work product doctrine, or common interest doctrine. Trustwell further objects to this Request on the ground that it is duplicative of other requests, including, but not limited to, Request Nos. 9-11.

Subject to and without waiving the foregoing objections, Trustwell responds as follows: Trustwell refers Foodwit to its responses to Request Nos. 9-11.

**REQUEST FOR PRODUCTION NO. 17:**

All documents and communications concerning your allegation that you "track[] and limit[] employee access to such information, providing it only to the extent necessary to perform their job functions" and "regularly instructs and repeatedly reminds its employees of the highly sensitive and confidential nature of its Trade Secrets" as alleged in paragraph 25 of your second amended complaint in this action.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 17:**

In addition to its General Objections, Trustwell objects to this request as overly broad and unduly burdensome to the extent it seeks "all" documents and communications, with no temporal limitation. Trustwell further objects to this request on the ground that it seeks documents that are neither relevant to the claims asserted in this case, nor likely to lead to the discovery of relevant

or admissible evidence. Trustwell further objects to this request to the extent it seeks documents protected by the attorney-client privilege, work product doctrine, or common interest doctrine. Trustwell further objects to this Request on the ground that it is duplicative of other requests, including, but not limited to, Request Nos. 6, 9-11.

Subject to and without waiving the foregoing objections, Trustwell responds as follows: Trustwell refers Foodwit to its responses to Request Nos. 6, 9-11.

**REQUEST FOR PRODUCTION NO. 18:**

Documents sufficient to identify all persons and entities with access to each trade secret you allege Foodwit misappropriated.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 18:**

In addition to its General Objections, Trustwell objects to this request as overly broad and unduly burdensome because it has no temporal limitation. Trustwell further objects to this request as vague and ambiguous as to the terms "entities," "access," and "trade secret." Trustwell further objects to this request on the ground that it seeks documents that are neither relevant to the claims asserted in this case, nor likely to lead to the discovery of relevant or admissible evidence. Trustwell further objects to this request to the extent it seeks documents protected by the attorney-client privilege, work product doctrine, or common interest doctrine. Trustwell further objects to this Request on the ground that it is duplicative of other requests, including, but not limited to, Request Nos. 6, 9-11.

Subject to and without waiving the foregoing objections, Trustwell responds as follows: Trustwell refers Foodwit to its responses to Request Nos. 6, 9-11.

**REQUEST FOR PRODUCTION NO. 19:**

All documents and communications concerning any presentations or demonstrations, including but not limited to videos, demonstratives, slide decks, Wikis, and FAQs concerning the Genesis Foods product.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 19:**

In addition to its General Objections, Trustwell objects to this request as overly broad and unduly burdensome to the extent it seeks "all" documents and communications, with no temporal limitation. Trustwell further objects to this request as vague and ambiguous as to the terms "presentations" and "demonstrations." Trustwell further objects to this request on the ground that it seeks documents that are neither relevant to the claims asserted in this case, nor likely to lead to the discovery of relevant or admissible evidence. Trustwell further objects to this request to the extent it seeks documents protected by the attorney-client privilege, work product doctrine, or common interest doctrine.

Subject to and without waiving the foregoing objections, Trustwell responds as follows: Trustwell will produce reasonably available, relevant and responsive, non-privileged documents within its possession, custody, and control.

**REQUEST FOR PRODUCTION NO. 20:**

Documents sufficient to show your ownership of each trade secret you allege Foodwit misappropriated.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 20:**

In addition to its General Objections, Trustwell objects to this request as overly broad and unduly burdensome to the extent it seeks documents with no temporal limitation. Trustwell further objects to this request as vague and ambiguous as to the terms "show," "ownership" and "trade secret." Trustwell further objects to this request on the ground that it seeks documents that are neither relevant to the claims asserted in this case, nor likely to lead to the discovery of relevant or admissible evidence. Trustwell further objects to this request to the extent it seeks documents protected by the attorney-client privilege, work product doctrine, or common interest doctrine.

Subject to and without waiving the foregoing objections, Trustwell responds as follows: Trustwell will produce reasonably available, relevant and responsive, non-privileged documents within its possession, custody, and control.

**REQUEST FOR PRODUCTION NO. 21:**

All documents and communications concerning the development or creation of each trade secret you allege Foodwit misappropriated.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 21:**

In addition to its General Objections, Trustwell objects to this request as overly broad and unduly burdensome to the extent it seeks "all" documents and communications, with no temporal limitation. Trustwell further objects to this request as vague and ambiguous as to the terms "development," "creation" and "trade secret." Trustwell further objects to this request on the ground that it seeks documents that are neither relevant to the claims asserted in this case, nor likely to lead to the discovery of relevant or admissible evidence. Trustwell further objects to this request to the extent it seeks documents protected by the attorney-client privilege, work product doctrine, or common interest doctrine.

Subject to and without waiving the foregoing objections, Trustwell responds as follows: Trustwell will produce reasonably available, relevant and responsive, non-privileged documents within its possession, custody, and control for the period 2017 through present.

**REQUEST FOR PRODUCTION NO. 22:**

All documents and communications concerning the master food and nutrition database you allege constitutes a trade secret.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 22:**

In addition to its General Objections, Trustwell objects to this request as overly broad and unduly burdensome to the extent it seeks "all" documents and communications, with no temporal or scope limitation. Trustwell further objects to this request as vague and ambiguous as to the term "trade secret." Trustwell further objects to this request on the ground that it seeks documents that are neither relevant to the claims asserted in this case, nor likely to lead to the discovery of relevant or admissible evidence. Trustwell further objects to this request to the extent it seeks documents protected by the attorney-client privilege, work product doctrine, or common interest doctrine.

Subject to and without waiving the foregoing objections, Trustwell responds as follows: Trustwell is willing to meet and confer with Foodwit regarding reasonable limitations to the scope of this request.

**REQUEST FOR PRODUCTION NO. 23:**

Documents sufficient to identify all sources of data contained in the master food and nutrition database you allege constitutes a trade secret.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 23:**

In addition to its General Objections, Trustwell objects to this request as overly broad and unduly burdensome because it has no temporal limitation. Trustwell further objects to this request as vague and ambiguous as to the terms "sources" and "trade secret." Trustwell further objects to this request on the ground that it seeks documents that are neither relevant to the claims asserted in this case, nor likely to lead to the discovery of relevant or admissible evidence. Trustwell further objects to this request to the extent it seeks documents protected by the attorney-client privilege, work product doctrine, or common interest doctrine.

Subject to and without waiving the foregoing objections, Trustwell responds as follows: Trustwell refers Foodwit to its response to Special Interrogatory No. 1.

**REQUEST FOR PRODUCTION NO. 24:**

All documents and communications concerning the value of each trade secret you allege Foodwit misappropriated.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 24:**

In addition to its General Objections, Trustwell objects to this request as overly broad and unduly burdensome to the extent it seeks "all" documents and communications, with no temporal limitation. Trustwell further objects to this request as vague and ambiguous as to the terms "value" and "trade secret." Trustwell further objects to this request on the ground that it seeks documents that are neither relevant to the claims asserted in this case, nor likely to lead to the discovery of relevant or admissible evidence. Trustwell further objects that this Request seeks premature expert discovery. Trustwell has not yet retained experts in this matter and expert

discovery is not yet due under the Court's scheduling order. Trustwell further objects to this Request to the extent it requires the disclosure of confidential, business, financial, or other proprietary, private, or trade secret information protected by law. Trustwell further objects to this request to the extent it seeks documents protected by the attorney-client privilege, work product doctrine, or common interest doctrine.

Subject to and without waiving the foregoing objections, Trustwell responds as follows: This request is premature and seeks expert discovery. Trustwell will supplement this response in accordance with the Court's scheduling order and produce reasonably available, relevant and responsive, non-privileged documents within its possession, custody, and control at the appropriate time.

**REQUEST FOR PRODUCTION NO. 25:**

All documents and communications concerning any "independent economic value from the fact that its Trade Secrets are not generally known or readily ascertainable through proper means," as alleged in paragraph 24 of your second amended complaint in this action.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 25:**

In addition to its General Objections, Trustwell objects to this request as overly broad and unduly burdensome to the extent it seeks "all" documents and communications, with no temporal limitation.  Trustwell further objects to this request on the ground that it seeks documents that are neither relevant to the claims asserted in this case, nor likely to lead to the discovery of relevant or admissible evidence. Trustwell further objects that this Request seeks premature expert discovery. Trustwell has not yet retained experts in this matter and expert discovery is not yet due under the Court's scheduling order. Trustwell further objects to this Request to the extent it requires the disclosure of confidential, business, financial, or other proprietary, private, or trade secret information protected by law. Trustwell further objects to this request to the extent it seeks documents protected by the attorney-client privilege, work product doctrine, or common interest doctrine.

Subject to and without waiving the foregoing objections, Trustwell responds as follows: This request is premature and seeks expert discovery. Trustwell will supplement this response in accordance with the Court's scheduling order and produce reasonably available, relevant and responsive, non-privileged documents within its possession, custody, and control, at the appropriate time. In addition, Trustwell refers Foodwit to its responses to Request Nos. 12 and 13.

**REQUEST FOR PRODUCTION NO. 26:**

All documents and communications concerning the "agreements that contain confidentiality provisions and other protections substantially similar to those contained in Foodwit's License Agreement" as alleged in paragraph 25 of your second amended complaint in this action.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 26:**

In addition to its General Objections, Trustwell objects to this request as overly broad and unduly burdensome to the extent it seeks "all" documents and communications, with no temporal limitation.  Trustwell further objects to this request on the ground that it seeks documents that are neither relevant to the claims asserted in this case, nor likely to lead to the discovery of relevant or admissible evidence. Trustwell further objects to this request to the extent it seeks documents protected by the attorney-client privilege, work product doctrine, or common interest doctrine. Trustwell further objects to this Request on the ground that it is duplicative of other requests, including, but not limited to, Request Nos. 6, 9-11.

Subject to and without waiving the foregoing objections, Trustwell responds as follows: Trustwell refers Foodwit to its responses to Request Nos. 6, 9-11.

**REQUEST FOR PRODUCTION NO. 27:**

All documents and communications concerning the existence of any damages you sustained as a result of the acts alleged in your second amended complaint in this action.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 27:**

In addition to its General Objections, Trustwell objects to this request as overly broad and unduly burdensome to the extent it seeks "all" documents and communications, with no temporal limitation. Trustwell further objects to this request on the ground that it seeks documents that are neither relevant to the claims asserted in this case, nor likely to lead to the discovery of relevant or admissible evidence. Trustwell further objects that this Request seeks premature expert discovery. Trustwell has not yet retained experts in this matter and expert discovery is not yet due under the Court's scheduling order. Trustwell further objects to this request to the extent it seeks documents protected by the attorney-client privilege, work product doctrine, or common interest doctrine.

Subject to and without waiving the foregoing objections, Trustwell responds as follows: Trustwell will produce reasonably available, relevant and responsive, non-privileged documents within its possession, custody, and control.

**REQUEST FOR PRODUCTION NO. 28:**

All documents and communications concerning any expert opinions or memoranda, market or licensing research, third party analysis or technical evaluations you obtained concerning each trade secret you allege Foodwit misappropriated.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 28:**

In addition to its General Objections, Trustwell objects to this request as overly broad and unduly burdensome to the extent it seeks "all" documents and communications, with no temporal limitation. Trustwell further objects to this request as vague and ambiguous as to the terms "memoranda," "market or licensing research," "analysis," and "technical evaluations." Trustwell further objects to this request on the ground that it seeks documents that are neither relevant to the claims asserted in this case, nor likely to lead to the discovery of relevant or admissible evidence. Trustwell further objects that this Request seeks premature expert discovery. Trustwell has not yet retained experts in this matter and expert discovery is not yet due under the Court's scheduling order. Trustwell further objects to this Request to the extent it requires the disclosure

of confidential, business, financial, or other proprietary, private, or trade secret information protected by law. Trustwell further objects to this request to the extent it seeks documents protected by the attorney-client privilege, work product doctrine, or common interest doctrine.

Subject to and without waiving the foregoing objections, Trustwell responds as follows: This request is premature and seeks expert discovery. Trustwell will supplement this response in accordance with the Court's scheduling order and produce reasonably available, relevant and responsive, non-privileged documents within its possession, custody, and control, at the appropriate time.

**REQUEST FOR PRODUCTION NO. 29:**

All documents and communications concerning your decision to assert any alleged trade secret against Foodwit.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 29:**

In addition to its General Objections, Trustwell objects to this request as overly broad and unduly burdensome to the extent it seeks "all" documents and communications, with no temporal limitation.  Trustwell further objects to this request on the ground that it seeks documents that are neither relevant to the claims asserted in this case, nor likely to lead to the discovery of relevant or admissible evidence. Trustwell further objects to this request to the extent it seeks documents protected by the attorney-client privilege, work product doctrine, or common interest doctrine.

Subject to and without waiving the foregoing objections, Trustwell responds as follows: after a reasonable search and diligent inquiry, Trustwell is unable to locate any non-privileged responsive documents in its possession, custody, or control.

**REQUEST FOR PRODUCTION NO. 30:**

All documents and communications concerning your decision to assert any alleged trade secret against Cronometer in the litigation captioned *ESHA Research, Inc. v. Cronometer Software, Inc.*, No. 24-1586 (D. Oregon).

**RESPONSE TO REQUEST FOR PRODUCTION NO. 30:**

In addition to its General Objections, Trustwell objects to this request as overly broad and unduly burdensome to the extent it seeks "all" documents and communications, with no temporal limitation. Trustwell further objects to this request on the ground that the *Cronometer* litigation involves a different customer, a different case, and a different set of trade secrets than those at issue in this action. Accordingly, documents and communications relating to Trustwell's decision to assert trade secrets in that separate litigation are neither relevant to the claims or defenses in this case nor reasonably calculated to lead to the discovery of admissible evidence. Trustwell further objects to this request to the extent it seeks documents protected by the attorney-client privilege, work product doctrine, or common interest doctrine.

Subject to and without waiving the foregoing objections, Trustwell declines to produce responsive documents, to the extent any non-privileged responsive documents exist.

**REQUEST FOR PRODUCTION NO. 31:**

All documents and communications concerning your decision to assert any alleged trade secret against any third party.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 31:**

In addition to its General Objections, Trustwell objects to this request as overly broad and unduly burdensome to the extent it seeks "all" documents and communications, with no temporal limitation. Trustwell further objects to this request on the ground that it seeks documents and communications about litigation involving different customers, different cases, and different sets of trade secrets than those at issue in this action. Accordingly, documents and communications relating to Trustwell's decision to assert trade secrets in that separate litigation are neither relevant to the claims or defenses in this case nor reasonably calculated to lead to the discovery of admissible evidence. Trustwell further objects to this request to the extent it seeks documents protected by the attorney-client privilege, work product doctrine, or common interest doctrine.

Subject to and without waiving the foregoing objections, Trustwell declines to produce responsive documents, to the extent any non-privileged responsive documents exist.

**REQUEST FOR PRODUCTION NO. 32:**

All documents and communications concerning your understanding, interpretation, or construction of any of the terms of any agreement you allege in this litigation.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 32:**

In addition to its General Objections, Trustwell objects to this request as overly broad and unduly burdensome to the extent it seeks "all" documents and communications, with no temporal limitation. Trustwell further objects to this request as vague and ambiguous as to the terms "understanding," "interpretation," "construction," "terms" and "any agreement." Trustwell further objects to this request on the ground that it seeks documents that are neither relevant to the claims asserted in this case, nor likely to lead to the discovery of relevant or admissible evidence. Trustwell further objects to this Request to the extent it requires the disclosure of confidential, business, financial, or other proprietary, private, or trade secret information protected by law. Trustwell further objects to this request to the extent it seeks documents protected by the attorney-client privilege, work product doctrine, or common interest doctrine.

Subject to and without waiving the foregoing objections, Trustwell responds as follows: Trustwell will produce reasonably available, relevant and responsive, non-privileged documents within its possession, custody, and control.

**REQUEST FOR PRODUCTION NO. 33:**

All documents and communications concerning your market share in any markets in which you have operated from January 2021 to the present.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 33:**

In addition to its General Objections, Trustwell objects to this request as overly broad and unduly burdensome to the extent it seeks "all" documents and communications for a five year period. Trustwell further objects to this request as vague and ambiguous as to the terms "market share," "markets" and "operated." Trustwell further objects to this request on the ground that it seeks documents that are neither relevant to the claims asserted in this case, nor likely to lead to the discovery of relevant or admissible evidence. Trustwell further objects to this Request to the

extent it requires the disclosure of confidential, business, financial, or other proprietary, private, or trade secret information protected by law. Trustwell further objects to this request to the extent it seeks documents protected by the attorney-client privilege, work product doctrine, or common interest doctrine.

Subject to and without waiving the foregoing objections, Trustwell responds as follows: Trustwell will produce reasonably available, relevant and responsive, non-privileged documents within its possession, custody, and control.

**REQUEST FOR PRODUCTION NO. 34:**

Documents sufficient to identify your competitors in any markets in which you have operated since 2021 or plan to operate.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 34:**

In addition to its General Objections, Trustwell objects to this request as overly broad and unduly burdensome to the extent it seeks "all" documents and communications for a five year period. Trustwell further objects to this request as vague and ambiguous as to the terms "competitors," "markets" and "operated." Trustwell further objects to this request on the ground that it seeks documents that are neither relevant to the claims asserted in this case, nor likely to lead to the discovery of relevant or admissible evidence. Trustwell further objects to this Request to the extent it requires the disclosure of confidential, business, financial, or other proprietary, private, or trade secret information protected by law. Trustwell further objects to this request to the extent it seeks documents protected by the attorney-client privilege, work product doctrine, or common interest doctrine.

Subject to and without waiving the foregoing objections, Trustwell responds as follows: Trustwell will produce reasonably available, relevant and responsive, non-privileged documents within its possession, custody, and control.

**<u>REQUEST FOR PRODUCTION NO. 35</u>:**

All documents and communications concerning the acquisition of ESHA Research, LLC by The Riverside Company in March 2022, including purchase agreements, due diligence materials, valuation analyses, and integration plans.

**<u>RESPONSE TO REQUEST FOR PRODUCTION NO. 35:</u>**

In addition to its General Objections, Trustwell objects to this request as overly broad and unduly burdensome to the extent it seeks "all" documents and communications, with no temporal limitation. Trustwell further objects to this request as vague and ambiguous as to the terms "due diligence materials," "valuation analyses," and "integration plans." Trustwell further objects to this request on the ground that it seeks documents that are neither relevant to the claims asserted in this case, nor likely to lead to the discovery of relevant or admissible evidence. Trustwell further objects to this Request to the extent it requires the disclosure of confidential, business, financial, or other proprietary, private, or trade secret information protected by law. Trustwell further objects to this request to the extent it seeks documents protected by the attorney-client privilege, work product doctrine, or common interest doctrine.

Subject to and without waiving the foregoing objections, Trustwell declines to produce responsive documents.

**<u>REQUEST FOR PRODUCTION NO. 36</u>:**

All documents and communications concerning transition, migration, or export of customer data from the Genesis Foods product from January 1, 2021 to the present.

**<u>RESPONSE TO REQUEST FOR PRODUCTION NO. 36:</u>**

In addition to its General Objections, Trustwell objects to this request as overly broad and unduly burdensome to the extent it seeks "all" documents and communications for a five year period. Trustwell further objects to this request as vague and ambiguous as to the terms "transition," "migration," and "export of customer data." Trustwell further objects to this request on the ground that it seeks documents that are neither relevant to the claims asserted in this case, nor likely to lead to the discovery of relevant or admissible evidence. Trustwell further objects

to this Request to the extent it requires the disclosure of confidential, business, financial, or other proprietary, private, or trade secret information protected by law. Trustwell further objects to this request to the extent it seeks documents protected by the attorney-client privilege, work product doctrine, or common interest doctrine.

Subject to and without waiving the foregoing objections, Trustwell responds as follows: Trustwell will produce reasonably available, relevant and responsive, non-privileged documents within its possession, custody, and control relating to Foodwit.

**REQUEST FOR PRODUCTION NO. 37:**

All documents and communications concerning the price of the Genesis Foods product.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 37:**

In addition to its General Objections, Trustwell objects to this request as overly broad and unduly burdensome to the extent it seeks "all" documents and communications, with no temporal limitation. Trustwell further objects to this request on the ground that it seeks documents that are neither relevant to the claims asserted in this case, nor likely to lead to the discovery of relevant or admissible evidence. Trustwell further objects to this Request to the extent it requires the disclosure of confidential, business, financial, or other proprietary, private, or trade secret information protected by law. Trustwell further objects to this request to the extent it seeks documents protected by the attorney-client privilege, work product doctrine, or common interest doctrine.

Subject to and without waiving the foregoing objections, Trustwell responds as follows: Trustwell will produce documents reflecting licensing fees paid by Foodwit.

**REQUEST FOR PRODUCTION NO. 38:**

All documents and communications concerning your decision to change the price of the Genesis Foods product from January 2021 to the present.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 38:**

In addition to its General Objections, Trustwell objects to this request as overly broad and unduly burdensome to the extent it seeks "all" documents and communications for a five year

period. Trustwell further objects to this request on the ground that it seeks documents that are neither relevant to the claims asserted in this case, nor likely to lead to the discovery of relevant or admissible evidence. Trustwell further objects to this Request to the extent it requires the disclosure of confidential, business, financial, or other proprietary, private, or trade secret information protected by law. Trustwell further objects to this request to the extent it seeks documents protected by the attorney-client privilege, work product doctrine, or common interest doctrine.

Subject to and without waiving the foregoing objections, Trustwell declines to produce responsive documents.

**REQUEST FOR PRODUCTION NO. 39:**

All documents and communications concerning your decision to change the price of the Genesis Foods product from January 2021 to the present.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 39:**

In addition to its General Objections, Trustwell objects to this request as duplicative of the preceding request. Trustwell further objects to this request as overly broad and unduly burdensome to the extent it seeks “all” documents and communications for a five year period. Trustwell further objects to this request on the ground that it seeks documents that are neither relevant to the claims asserted in this case, nor likely to lead to the discovery of relevant or admissible evidence. Trustwell further objects to this Request to the extent it requires the disclosure of confidential, business, financial, or other proprietary, private, or trade secret information protected by law. Trustwell further objects to this request to the extent it seeks documents protected by the attorney-client privilege, work product doctrine, or common interest doctrine.

Subject to and without waiving the foregoing objections, Trustwell declines to produce responsive documents.

**REQUEST FOR PRODUCTION NO. 40:**

All documents concerning the financial impact of your decision to change the price of the Genesis Foods product from January 2021 to the present.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 40:**

In addition to its General Objections, Trustwell objects to this request as overly broad and unduly burdensome to the extent it seeks "all" documents and communications for a five year period. Trustwell further objects to this request as vague and ambiguous as to the term "financial impact." Trustwell further objects to this request on the ground that it seeks documents that are neither relevant to the claims asserted in this case, nor likely to lead to the discovery of relevant or admissible evidence. Trustwell further objects to this Request to the extent it requires the disclosure of confidential, business, financial, or other proprietary, private, or trade secret information protected by law. Trustwell further objects to this request to the extent it seeks documents protected by the attorney-client privilege, work product doctrine, or common interest doctrine.

Subject to and without waiving the foregoing objections, Trustwell declines to produce responsive documents.

**REQUEST FOR PRODUCTION NO. 41:**

All documents and communications concerning customer complaints, feedback, or concerns regarding pricing increases for the Genesis Foods product from January 2021 to the present.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 41:**

In addition to its General Objections, Trustwell objects to this request as overly broad and unduly burdensome to the extent it seeks "all" documents and communications for a five year period. Trustwell further objects to this request as vague and ambiguous as to the terms "complaints," "feedback," and "concerns." Trustwell further objects to this request on the ground that it seeks documents that are neither relevant to the claims asserted in this case, nor likely to lead to the discovery of relevant or admissible evidence. Trustwell further objects to this

Request to the extent it requires the disclosure of confidential, business, financial, or other proprietary, private, or trade secret information protected by law. Trustwell further objects to this request to the extent it seeks documents protected by the attorney-client privilege, work product doctrine, or common interest doctrine.

Subject to and without waiving the foregoing objections, Trustwell declines to produce responsive documents.

**REQUEST FOR PRODUCTION NO. 42:**

All documents and communications concerning your competitors or market allocation, including memoranda, market or licensing research, or technical evaluations concerning each trade secret you allege Foodwit misappropriated.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 42:**

In addition to its General Objections, Trustwell objects to this request as overly broad and unduly burdensome to the extent it seeks "all" documents and communications, with no temporal limitation. Trustwell further objects to this request as vague and ambiguous as to the terms "competitors," "market allocation," "market or licensing research," "technical evaluations," and "trade secret." Trustwell further objects to this request on the ground that it seeks documents that are neither relevant to the claims asserted in this case, nor likely to lead to the discovery of relevant or admissible evidence. Trustwell further objects to this request to the extent it seeks documents protected by the attorney-client privilege, work product doctrine, or common interest doctrine.

Subject to and without waiving the foregoing objections, Trustwell responds as follows: after a reasonable search and diligent inquiry, Trustwell is unable to locate any non-privileged responsive documents in its possession, custody, or control.

**REQUEST FOR PRODUCTION NO. 43:**

All communications and documents concerning communications between you and any actual or prospective investors or underwriters concerning Foodwit or this litigation.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 43:**

In addition to its General Objections, Trustwell objects to this request as overly broad and unduly burdensome to the extent it seeks "all" documents and communications, with no temporal limitation. Trustwell further objects to this request as vague and ambiguous as to the terms "investors" and "underwriters." Trustwell further objects to this request on the ground that it seeks documents that are neither relevant to the claims asserted in this case, nor likely to lead to the discovery of relevant or admissible evidence. Trustwell further objects to this request to the extent it seeks documents protected by the attorney-client privilege, work product doctrine, or common interest doctrine.

Subject to and without waiving the foregoing objections, Trustwell responds as follows: after a reasonable search and diligent inquiry, Trustwell is unable to locate any non-privileged responsive documents in its possession, custody, or control.

**REQUEST FOR PRODUCTION NO. 44:**

All communications and documents concerning communications between you and any actual or prospective investors or underwriters concerning your actual or projected market share in any markets in which you have operated since 2021 or plan to operate.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 44:**

In addition to its General Objections, Trustwell objects to this request as overly broad and unduly burdensome to the extent it seeks "all" documents and communications for a five year period. Trustwell further objects to this request as vague and ambiguous as to the terms "investors," "underwriters," "market share," "markets," and "operated." Trustwell further objects to this request on the ground that it seeks documents that are neither relevant to the claims asserted in this case, nor likely to lead to the discovery of relevant or admissible evidence. Trustwell further objects to this request to the extent it seeks documents protected by the attorney-client privilege, work product doctrine, or common interest doctrine.

Subject to and without waiving the foregoing objections, Trustwell responds as follows: after a reasonable search and diligent inquiry, Trustwell is unable to locate any nonprivileged responsive documents in its possession, custody, or control.

**REQUEST FOR PRODUCTION NO. 45:**

All communications and documents concerning communications between you and any actual or prospective investors or underwriters concerning Cronometer or the litigation captioned *ESHA Research, Inc. v. Cronometer Software, Inc.*, No. 24-1586 (D. Oregon).

**RESPONSE TO REQUEST FOR PRODUCTION NO. 45:**

In addition to its General Objections, Trustwell objects to this request as overly broad and unduly burdensome to the extent it seeks "all" documents and communications, with no temporal limitation. Trustwell further objects to this request as vague and ambiguous as to the terms "investors" and "underwriters." Trustwell further objects to this request on the ground that the *Cronometer* litigation involves a different customer, a different case, and a different set of trade secrets than those at issue in this action. Accordingly, documents and communications relating to Trustwell's decision to assert trade secrets in that separate litigation are neither relevant to the claims or defenses in this case nor reasonably calculated to lead to the discovery of admissible evidence. Trustwell further objects to this request to the extent it seeks documents protected by the attorney-client privilege, work product doctrine, or common interest doctrine.

Subject to and without waiving the foregoing objections, Trustwell responds as follows: after a reasonable search and diligent inquiry, Trustwell is unable to locate any nonprivileged responsive documents in its possession, custody, or control.

**REQUEST FOR PRODUCTION NO. 46:**

All documents and communications concerning any potential investment in or acquisition of Foodwit.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 46:**

In addition to its General Objections, Trustwell objects to this request as overly broad and unduly burdensome to the extent it seeks "all" documents and communications, with no temporal

limitation. Trustwell further objects to this request as vague and ambiguous as to the terms "potential," "investment," and "acquisition." Trustwell further objects to this request on the ground that it seeks documents that are neither relevant to the claims asserted in this case, nor likely to lead to the discovery of relevant or admissible evidence. Trustwell further objects to this request to the extent it seeks documents protected by the attorney-client privilege, work product doctrine, or common interest doctrine.

Subject to and without waiving the foregoing objections, Trustwell responds as follows: after a reasonable search and diligent inquiry, Trustwell is unable to locate any nonprivileged responsive documents in its possession, custody, or control.

**REQUEST FOR PRODUCTION NO. 47:**

Documents sufficient to show your document retention and destruction policies.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 47:**

In addition to its General Objections, Trustwell objects to this request as overly broad and unduly burdensome to the extent it seeks documents with no temporal limitation. Trustwell further objects to this request on the ground that it seeks documents that are neither relevant to the claims asserted in this case, nor likely to lead to the discovery of relevant or admissible evidence. Trustwell further objects to this request to the extent it seeks documents protected by the attorney-client privilege, work product doctrine, or common interest doctrine.

Subject to and without waiving the foregoing objections, Trustwell responds as follows: Trustwell will produce reasonably available, relevant and responsive, non-privileged documents within its possession, custody, and control.

**REQUEST FOR PRODUCTION NO. 48:**

All non-privileged documents and communications concerning Foodwit or this litigation.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 48:**

In addition to its General Objections, Trustwell objects to this request as overly broad and unduly burdensome to the extent it seeks "all" documents and communications with no temporal limitation. Trustwell further objects to this request on the ground that it seeks documents that are

neither relevant to the claims asserted in this case, nor likely to lead to the discovery of relevant or admissible evidence. Trustwell also objects to this request to the extent the documents are already in the possession of Foodwit. Trustwell further objects to this Request on the ground that it is duplicative of other requests, including, but not limited to, Request No. 2. Trustwell further objects to this request to the extent it seeks documents protected by the attorney-client privilege, work product doctrine, or common interest doctrine.

Subject to and without waiving the foregoing objections, Trustwell responds as follows: Trustwell will produce non-privileged documents and communications that relate to the claims and defenses asserted in this action that are reasonably available, relevant and responsive, and within its possession, custody, and control.

**REQUEST FOR PRODUCTION NO. 49:**

All documents and things that you allege support any other legal defenses or theories that you contend preclude the relief Foodwit seeks through its affirmative defenses.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 49:**

In addition to its General Objections, Trustwell objects to this request as overly broad and unduly burdensome to the extent it seeks "all" documents and things with no temporal limitation. Trustwell further objects to this request on the ground that it seeks documents that are neither relevant to the claims asserted in this case, nor likely to lead to the discovery of relevant or admissible evidence. Trustwell further objects to this request to the extent it seeks documents protected by the attorney-client privilege, work product doctrine, or common interest doctrine.

Subject to and without waiving the foregoing objections, Trustwell responds as follows: Trustwell will produce non-privileged documents and communications that relate to the claims and defenses asserted in this action that are reasonably available, relevant and responsive, and within its possession, custody, and control.

**REQUEST FOR PRODUCTION NO. 50:**

All documents and things that you allege support any other legal defenses or theories that you contend support the relief you seek through your affirmative defenses.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 50:**

In addition to its General Objections, Trustwell objects to this request as overly broad and unduly burdensome to the extent it seeks "all" documents and things with no temporal limitation. Trustwell further objects to this request on the ground that it seeks documents that are neither relevant to the claims asserted in this case, nor likely to lead to the discovery of relevant or admissible evidence. Trustwell further objects to this request to the extent it seeks documents protected by the attorney-client privilege, work product doctrine, or common interest doctrine.

Subject to and without waiving the foregoing objections, Trustwell responds as follows: Trustwell will produce non-privileged documents and communications that relate to the claims and defenses asserted in this action that are reasonably available, relevant and responsive, and within its possession, custody, and control.

**REQUEST FOR PRODUCTION NO. 51:**

All documents and things identified in your initial disclosures.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 51:**

In addition to its General Objections, Trustwell objects to this request as overly broad and unduly burdensome to the extent it seeks "all" documents and things with no temporal limitation. Trustwell further objects to this request on the ground that it seeks documents that are neither relevant to the claims asserted in this case, nor likely to lead to the discovery of relevant or admissible evidence. Trustwell further objects to this request to the extent it seeks documents protected by the attorney-client privilege, work product doctrine, or common interest doctrine.

Subject to and without waiving the foregoing objections, Trustwell responds as follows: Trustwell will produce non-privileged documents and communications that relate to the claims and defenses asserted in this action that are reasonably available, relevant and responsive, and within its possession, custody, and control.

**REQUEST FOR PRODUCTION NO. 52:**

All documents and things produced to you by a third party in response to a formal or informal discovery request or subpoena by you in this litigation.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 52:**

In addition to its General Objections, Trustwell objects to this request as overly broad and unduly burdensome to the extent it seeks "all" documents and things with no temporal limitation. Trustwell further objects to this request on the ground that it seeks documents that are neither relevant to the claims asserted in this case, nor likely to lead to the discovery of relevant or admissible evidence. Trustwell further objects to this request to the extent it seeks documents protected by the attorney-client privilege, work product doctrine, or common interest doctrine.

Subject to and without waiving the foregoing objections, Trustwell responds as follows: after a reasonable search and diligent inquiry, Trustwell is unable to locate any non-privileged responsive documents in its possession, custody, or control.

**REQUEST FOR PRODUCTION NO. 53:**

All documents, things, and communications relied upon, referenced, or otherwise consulted in responding to Foodwit's Interrogatories or Requests for Admission served in this litigation.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 53:**

In addition to its General Objections, Trustwell objects to this request as overly broad and unduly burdensome to the extent it seeks "all" documents, things, and communications with no temporal limitation. Trustwell further objects to this request on the ground that it seeks documents that are neither relevant to the claims asserted in this case, nor likely to lead to the discovery of relevant or admissible evidence. Trustwell further objects to this request to the extent it seeks documents protected by the attorney-client privilege, work product doctrine, or common interest doctrine.

///

///

Subject to and without waiving the foregoing objections, Trustwell responds as follows: Trustwell will produce any non-privileged document that is identified in its responses to Foodwit's Second Set of Interrogatories.

Dated: September 21, 2026

**JONES DAY**

*/s/ Cary D. Sullivan*
Cary D. Sullivan (*admitted Pro Hac Vice*)
Email: carysullivan@jonesday.com

**DUNN CARNEY LLP**
Brian R. Talcott, OSB 965371
Email: btalcott@dunncarney.com

*Attorneys for Plaintiff*
TRUSTWELL

# CERTIFICATE OF SERVICE

I hereby certify that on the 21st day of September, 2026, I caused to be served the foregoing **PLAINTIFF TRUSTWELL'S RESPONSES TO DEFENDANT FOODWIT'S REQUESTS FOR PRODUCTION, SET ONE** on the following party via the following method(s):

P. Andrew McStay, Jr.,
Email: andymcstay@dwt.com
DAVIS WRIGHT TREMAINE LLP
560 SW 10th Avenue, Suite 700
Portland, Oregon 97205
Telephone: (503) 241-2300
Facsimile: (503) 778-5299

by:
☐ U.S. Postal Service, ordinary first class mail
☐ electronic service
☒ other (specify): Email

Matthew S. Warren (pro hac vice)
Erika H. Warren (pro hac vice)
Shaida Shahinfar (pro hac vice)
Email: 25-880@cases.warrenlex.com
WARREN KASH WARREN LLP
2261 Market Street, No. 606
San Francisco, California 94114
Telephone: (415) 895-2940
Facsimile: (415) 895-2964

*Attorneys for Defendant Foodwit*

**JONES DAY**

*/s Lauren E. Dutkiewicz*
Lauren E. Dutkiewicz (*admitted Pro Hac Vice*)
Email: ldutkiewicz@jonesday.com

# Exhibit E

Warren LLP

Warren LLP
2261 Market Street, No. 606
San Francisco, California 94114

TEL +1 (415) 895 2940
FAX +1 (415) 895 2964
warrenllp.com

October 13, 2026

**By Electronic Mail**

| | |
|---|---|
| Cary D. Sullivan | Brian R. Talcott |
| Jones Day | Dunn Carney LLP |
| 3161 Michelson Drive, Suite 800 | 851 SW Sixth Avenue, Suite 1500 |
| Irvine, California, 92612 | Portland, Oregon, 97204 |
| carysullivan@jonesday.com | btalcott@dunncarney.com |

**Re: ESHA Research, LLC v. RLH Assets, LLC, No. 25-880 (D. Oregon)**
**RLH Assets, LLC v. ESHA Research, LLC, No. 25-656 (D. Oregon)**

Dear Cary:

I write to confer regarding ESHA's refusal to produce documents concerning the secrecy of its alleged trade secrets in this action, or ESHA's attempts, if any, to protect them. This discovery concerns core elements of ESHA's claims and Foodwit's defenses, as well as Foodwit's claims concerning ESHA's conduct. Yet ESHA's September 21, 2026, responses to Foodwit's First Set of Requests for Production refuse nearly all discovery into these elements. This is improper.

Foodwit's request nos. 9-11 and 18 seek documents concerning ESHA's disclosure of its alleged trade secrets. In response to all of these requests, ESHA refused to provide anything other than documents concerning Foodwit's access or use and ESHA's "form license agreements and confidentiality agreements for the period 2017 through present." But ESHA's "form license agreements" only show the terms of its "form" contracts, not the who, what, when, where, and why of any disclosure. Those agreements would further not include any information about ESHA's disclosure of its alleged secrets to non-contracting parties, such as employees or contractors, attendees at software demos or trainings, or anyone else under any circumstances other than under a form agreement. ESHA's responses take the view that, had ESHA printed its alleged trade secrets in a newspaper, that printing would not fall within the scope of discovery in this action.

Likewise, Foodwit's request nos. 15, 16, 17, and 26 seek information regarding the specific steps ESHA has taken to keep any trade secrets it alleges in this action secret. This information is directly relevant to ESHA's claims, and Foodwit's defenses; indeed ESHA's complaint alleges that it "tracks and limits employee access to such information, providing it only to the extent necessary to perform their job functions," that it "regularly instructs and repeatedly reminds its employees of the highly sensitive and confidential nature of its Trade Secrets," and that it uses "agreements that contain confidentiality provisions and other protections substantially similar to those contained in Foodwit's License Agreement." Second Amended Complaint ¶ 25. These requests seek the documents behind ESHA's allegations: records of which employees accessed the alleged trade secrets and when, the instructions and reminders ESHA gives its employees, and the executed agreements, including employee agreements, that ESHA contends are substantially similar to Foodwit's. In response to these requests, ESHA agrees only to produce documents concerning Foodwit's access or use and "form license agreements and confidentiality agreements." But Foodwit's usage records have nothing to do with ESHA's attempts, if

any, to maintain secrecy of its alleged trade secrets. ESHA refuses to provide even basic information such as the manner in which it allegedly "tracks and limits" employees' access to its alleged trade secrets. ESHA cannot withhold documents containing direct evidence supporting or negating its own claims and allegations. *See Nat'l Acad. of Recording Arts & Scis., Inc. v. On Point Events, LP,* 256 F.R.D. 678, 682 (C.D. Cal. 2009) (parties must "have some factual basis for their claims and allegations").

ESHA further improperly applies a 2017 date cutoff in response to each of the above requests. Just because Foodwit became a customer in 2017 does not make ESHA's conduct and disclosure regarding its alleged trade secrets irrelevant to its claims. If ESHA disclosed any alleged secret at any time before 2017, it was not a secret when Foodwit allegedly became aware of it. Whether any information ESHA claims it disclosed to Foodwit was in fact a trade secret depends on what ESHA did to protect it both before and after Foodwit learned of it.

"[A] trade secret must be actually secret" and "the owner of the trade secret must have taken reasonable measures to maintain the secrecy of the information." *GlobalTranz Enters. Inc. v. Murphy*, No. 18-04819, 2021 WL 1163086, at *11 (D. Ariz. Mar. 26, 2021). Information about the steps, if any, that ESHA has taken to "keep such information secret" are essential elements of the ESHA's prima facie case and Foodwit's defenses. 18 U.S.C. § 1839(3)(A). Because it is highly relevant, courts routinely compel the precise discovery Foodwit seeks. E.g. *Stemcell Technologies Canada Inc. v. StemExpress, LLC*, No. 21-CV-01594, 2022 WL 4021905, at *1, 2 (N.D. Cal. Sept. 3, 2022) (compelling discovery concerning "any customers to whom it disclosed its trade secrets" and "how each of its ten trade secrets derive economic value from not being known to others."). A plaintiff "cannot baldly claim it suffered damages as a result of the alleged copying of documents and then claim to be baffled by a request that it disclose facts suggesting that any documents have independent economic value." *Lonquist Field Service, LLC v. Sorby*, No. 21-1035, 2021 WL 4967041, at *5 (D. Kan. Oct. 26, 2021); *see also WWMAP, LLC v. Birth Your Way Midwifery*, 711 F. Supp. 3d 1313, 1322 (N.D. Fla. 2024) ("assessing the reasonableness of measures taken to ensure secrecy is a factually intensive endeavor"); *Com. Fire Prot., LLC v. Pigg*, No. 3:24-CV-00922, 2025 WL 593574, at *5 (D. Or. Feb. 21, 2025) ("The secrecy 'inquiry is a highly fact-specific one'") (citing, *Alt. Legal Sols., Inc. v. Ferman Mgmt. Servs., Corp.*, No. 07-880, 2009 WL 10733692, at *11 (D. Or. May 5, 2009).

Please confirm that ESHA will produce documents responsive to the above requests or provide your soonest availability to confer on Foodwit's motion to compel.

Thank you for your continued time and courtesy in this matter.

Very Truly Yours,

Erika H. Warren

# Exhibit F

Warren LLP

Warren LLP
2261 Market Street, No. 606
San Francisco, California 94114
TEL +1 (415) 895 2940
FAX +1 (415) 895 2964
warrenllp.com

October 16, 2026

**By Electronic Mail**

Cary D. Sullivan
Lauren E. Dutkiewicz
Jones Day
3161 Michelson Drive, Suite 800
Irvine, California, 92612
carysullivan@jonesday.com
ldutkiewicz@jonesday.com

Brian R. Talcott
Dunn Carney LLP
851 SW Sixth Avenue, Suite 1500
Portland, Oregon, 97204
btalcott@dunncaney.com

**Re: ESHA Research, LLC v. RLH Assets, LLC, No. 25-880 (D. Oregon)**
**RLH Assets, LLC v. ESHA Research, LLC, No. 25-656 (D. Oregon)**

Counsel:

I write regarding ESHA's continued refusal to respond to discovery concerning its alleged trade secrets.

First, on April 30, 2026, ESHA wrote that "Trustwell has not yet supplemented its trade secret disclosure" and that "It will do so shortly." Nearly six months have passed, and ESHA has provided nothing. Please provide a date certain by which ESHA will supplement its response to Interrogatory No. 1, which Foodwit has been requesting for nearly 16 months.

Second, ESHA refuses to answer Foodwit's Interrogatories Nos. 3, 4, 5, and 6, which seek information concerning ESHA's alleged development and disclosure of each of the trade secrets it asserts in these actions. Although these interrogatories are among the most standard discovery in cases involving trade secrets, ESHA has refused to provide any response on the ground that, because ESHA asserts multiple trade secrets—without saying how many—Foodwit's requests exceed Rule 33(a)(1)'s limit of 25 interrogatories. ESHA's theory thus appears to be that each interrogatory can only address a single trade secret. ESHA's position is flatly incorrect, and is in any event waived.

ESHA counts four interrogatories as exceeding the limit only by improperly treating each of its asserted trade secrets as a separate subpart. That is not how subparts work under Rule 33. As the Advisory Committee explained concerning subparts, a "question asking about communications of a particular type should be treated as a single interrogatory even though it requests that the time, place, persons present, and contents be stated separately for each such communication." Fed. R. Civ. P. 33 advisory committee's note to 1993 amendment; *see also Synopsys, Inc. v. ATopTech, Inc.*, 319 F.R.D. 293, 296 (N.D. Cal. 2016) (agreeing with Synopsys that an interrogatory directed to four patents-in-suit is a single interrogatory, and rejecting the argument that "the court should count as many interrogatories as there are patents-in-suit"); *Zunum Aero, Inc. v. Boeing Co.*, No. 21-0896, 2022 WL 17904317, at *1, *6 (W.D. Wash. Dec. 8, 2022) (ordering the plaintiff to answer an interrogatory asking it to "[d]escribe each alleged Trade Secret" as to all of the roughly 170 trade secrets it had identified; and agreeing with Boeing that the plaintiff "cannot use its own expansive claims as a shield against meeting its discovery obligations"). ESHA's alleged trade

secrets, whatever they turn out to be, are by its own admission found within a single product. The fact that ESHA claims more than one trade secret does not convert a single interrogatory about its trade secrets into multiple interrogatories.

ESHA has likewise waived its objection to the number of interrogatories in Foodwit's second set by partially answering some requests in that set and refusing others. Under ESHA's faulty arithmetic, Foodwit would have exhausted the limit well before Interrogatory No. 7, yet ESHA responded in part to Interrogatories Nos. 7 through 10. A party that believes it has received too many interrogatories "should not answer some interrogatories and object to the ones to which it does not want to respond. By answering some and not answering others, the Defendants waived this objection." *Allahverdi v. Regents of Univ. of N.M.*, 228 F.R.D. 696, 698 (D.N.M. 2005) (compelling answers to the unanswered interrogatories); *see also Avila v. Mohave County*, No. 14-8124, 2015 WL 6660187, at *8-9 (D. Ariz. Oct. 30, 2015) (explaining that *Allahverdi* permits an answering party to stop providing answers after answering consecutive 25, not to pick and choose among interrogatories).

Please confirm that ESHA will supplement its response to Interrogatory No. 1, and that ESHA will serve complete, verified answers to Interrogatories Nos. 3, 4, 5, and 6, or provide your availability to confer on Foodwit's motion to compel this discovery.

Thank you for your continued time and courtesy in this matter.

Very Truly Yours,

Erika Warren