Brian R. Talcott, OSB No. 965371
DUNN CARNEY LLP
851 SW Sixth Avenue, Suite 1500
Portland, OR 97204
Telephone: (503) 224-6440
Facsimile: (503) 224-7324
E-mail: btalcott@dunncarney.com

Cary D. Sullivan (*admitted Pro Hac Vice*)
JONES DAY
3161 Michelson Drive, Suite 800
Irvine, CA 92612
Telephone: (949) 851-3939
Facsimile: (949) 553-7539
E-mail: carysullivan@jonesday.com

*Attorneys for Plaintiff*

UNITED STATES DISTRICT COURT

DISTRICT OF OREGON – PORTLAND DIVISION

| | |
|---|---|
| **ESHA RESEARCH, LLC., now known as TRUSTWELL,**<br><br>Plaintiff,<br><br>v.<br><br>**RLH ASSETS, LLC, doing business as FOODWIT, an Oregon limited liability company,**<br><br>Defendant. | Civil No. 3:25-cv-00880-AB<br><br>**PLAINTIFF TRUSTWELL'S MOTION TO STRIKE THE DECLARATION OF REBECCA HOLMES (DKT. 63) OR, IN THE ALTERNATIVE, FOR LEAVE TO FILE A SUR-REPLY** |

Plaintiff ESHA Research, LLC, now known as Trustwell ("Trustwell"), hereby moves to strike the Declaration of Rebecca Holmes (Dkt. 63) filed by Defendant RLH Assets, LLC, doing business as Foodwit ("Foodwit"), in connection with its Reply in Support of Foodwit's Motion to Dismiss Second Amended Complaint ("Reply," Dkt. 60).  In the alternative, Trustwell respectfully seeks leave to file a targeted sur-reply to address the Holmes Declaration.

## LOCAL RULE 7-1(a) CERTIFICATION

Before filing this Motion, counsel for Trustwell conferred by telephone with counsel for Foodwit in an attempt to resolve this Motion.  The Parties were unable to reach agreement.[1]

## INTRODUCTION

Foodwit's Reply briefing includes a ***1,234-page*** declaration from Rebecca Holmes with new facts, exhibits, and unsupported lay opinions, all of which was readily available to Foodwit when it filed its moving papers but none of which Foodwit included in its moving papers—all to try to retroactively fill in gaps in its moving papers with eleventh-hour sandbagging. Nothing prevented Foodwit from submitting this material with its moving papers. Indeed, Foodwit's Motion to Dismiss already addresses the EXL filetype, ESHA codes, and ESHAPort.  It simply chose not to and is now attempting to backfill the record on reply. This is the classic gamesmanship the Ninth Circuit forbids. New issues and evidence cannot be raised for the first time on reply and should be stricken. *See, e.g.*, *Bazuaye v. I.N.S.*, 79 F.3d 118, 120 (9th Cir. 1996); *Docusign, Inc. v. Sertifi, Inc.*, 468 F. Supp. 2d 1305, 1307 (W.D. Wash. 2006); *Tovar v. USPS*, 3 F.3d 1271, 1273 n.3 (9th Cir. 1993); *Aguilar v. Peters*,  Case No. CV-23-00268-TUC-SHR, 2024 WL 4870496, at *13 (D. Ariz. Nov. 22, 2024).

The Holmes Declaration offers brand new yet unsupported assertions about supposed access limits to Genesis, new exhibits regarding exports and ESHA codes, a new description of

---

[1] During the meet-and-confer session, counsel for Foodwit asserted that Trustwell is filing this Motion for the sole purpose of delay.  Counsel for Trustwell offered to stipulate for leave for Trustwell to file a brief sur-reply, as a way to avoid briefing this Motion and thereby expedite the proceedings.  Foodwit's counsel refused, necessitating this Motion.

ESHAPort, and Ms. Holmes' unsupported and inadmissible lay opinion that Trustwell's underlying formulas and processes have no value—none of which is included in Foodwit's moving papers even though those papers addressed the very same issues and subject matter. This is improper and prejudicial, and the Court should strike and disregard it. *See Reply* at 7, 32-33; Holmes Decl. ¶¶ 5-6, 9, 11, 13, 16-17; Exs. 1-3.

Foodwit's tactic is not about clarifying new issues raised for the first time in opposition, but rather simple ambush. None of the late-breaking material in the Holmes Declaration was apparently necessary to support the moving papers. Yet nothing prevented Foodwit from including it in the moving papers. Allowing new evidence and argument on reply only prejudices Trustwell and distorts the record.

The remedy is straightforward and compelled by ample Ninth Circuit authority: strike the new facts and arguments in the Holmes Declaration and those portions of Foodwit's Reply that rely on it. At minimum, if the Court is inclined to consider any portion of these new materials, it should grant Trustwell leave to file a targeted sur-reply so these issues may be examined on a fair record. *See Provenz v. Miller*, 102 F.3d 1478, 1483 (9th Cir. 1996); *Oregon Natural Desert Ass'n v. Cain*, 17 F. Supp. 3d 1037, 1048 (D. Or. 2014).

## ARGUMENT

### I. LEGAL STANDARD

It has long been the law in the Ninth Circuit that "new issues and evidence may not be raised in reply briefs." *Bazuaye*, 79 F.3d at 120 (citing *Eberle v. City of Anaheim*, 901 F.2d 814, 818) ("Issues raised for the first time in the reply brief are waived."); *accord United States v. Patterson*, 230 F.3d 1168, 1172 n.3 (9th Cir. 2000). And where, as here, new material has been introduced for the first time on reply, that material should be stricken because it "should have been addressed in [Foodwit's] opening brief, and the new evidence is inappropriate for Reply." *Docusign*, 468 F. Supp. 2d at 1307; *see also, e.g.*, *Tovar*, 3 F.3d at 1273 n.3 (striking portions of a reply brief that presented new information); *Nautilus Grp., Inc. v. Icon Health & Fitness, Inc.*, 308 F. Supp. 2d 1208, 1214 (W.D. Wash. 2003) (striking a declaration with new evidence submitted

in reply); *Aguilar*, 2024 WL 4870496, at *13 ("The Court need not consider evidence submitted for the first time in a reply.").

## II. FOODWIT'S NEW ARGUMENTS AND EVIDENCE SHOULD BE STRICKEN.

The Holmes Declaration adds new exhibits, factual assertions, and unsupported lay opinions that were all available to Foodwit when it filed its moving papers, and which go well beyond the arguments in Trustwell's opposition brief. *Cf.* Aguilar, 2024 WL 4870496, at *13. Foodwit is trying to retroactively patch holes in its opening brief about access, export options, and the "value" of ESHA codes and "underlying formulas." The Court should reject this ambush strategy. *See Provenz*, 102 F.3d at 1483.

To start, Ms. Holmes offers her own unsupported and inadmissible opinion of supposed access limits for Genesis. *E.g.*, Holmes Decl., ¶¶ 5-6. Foodwit's opening brief baldly argued the same thing: that copying Genesis was simply "impossible," *see* Motion to Dismiss (Dkt. 47) at 17-18, and Ms. Holmes now attempts to buttress that argument with additional assertions bereft of any technical support. Her additional material is brand new, appears nowhere in Foodwit's opening brief despite its undoubted availability, and far exceeds what Trustwell addressed in its opposition. *See* Opposition to Motion to Dismiss ("Opposition") (Dkt. 56), at 3, 12, 27, 29. Trustwell has not had a chance to address or contextualize, let alone rebut, Ms. Holmes' one-sided account. And because it is not responsive "to arguments or evidence [Trustwell] raised for the first time in [its] opposition to Defendant's Motion," the Court should strike and disregard it. *See Aguilar*, 2024 WL 4870496, at *13.

Ms. Holmes also adds new evidence about purported public instructions for exporting Genesis output, including a new exhibit, and argues that users can export to text or Excel-readable formats without using Trustwell's proprietary and trade secret EXL filetype. *E.g.*, Homes Decl., ¶¶ 11, 16; *id.* Exs. 1-2. That misses the point entirely. Nothing in Ms. Holmes' declaration reveals the technical structure, fields, schema, or other implementation details of the EXL filetype—the actual trade secret information. *See* Dolinsky Decl. (Dkt. 56-1), at ¶ 15. Instead, Ms. Holmes invokes public-facing materials that were plainly available when Foodwit filed its opening brief to

try to distract from the continuing confidentiality of the underlying processes. *E.g.*, Homes Decl., ¶¶ 11, 16; *id.* Exs. 1-2. The Reply thus prejudices Trustwell with new argument and evidence that "should have been addressed in [Foodwit's] opening brief." *Docusign, Inc. v. Sertifi, Inc.*, 468 F. Supp. 2d 1305, 1307 (W.D. Wash. 2006).

Likewise, Ms. Holmes now claims that "ESHA Codes" are publicly available on Trustwell's website and therefore not a secret, citing a new exhibit. *See* Homes Decl., ¶ 13; *id.* at Ex. 3. This new argument again misses the point. As explained in Trustwell's opposition, the underlying methodology by which ESHA codes are created represents trade secret information and remains confidential. *See* Dolinksy Decl., ¶ 16. Nor did Foodwit's opening brief identify any exhibit or allege that Trustwell voluntarily disclosed those particular trade secrets in any way. *See generally* Motion to Dismiss. Accordingly, Trustwell's opposition did not and could not address the relevance of stand-alone codes or the extent to which they relate to the underlying trade secret information. *See* Opposition at 11. This again deprives Trustwell of the opportunity to address Ms. Holmes' irrelevant assertions.

The Reply also offers a new, unsupported argument regarding ESHAPort: "'the underlying processes that enable the functionality' [of ESHAPort] are neither available to the user, nor relevant to the user, and thus have no particular value." *See* Holmes Decl., ¶¶ 16-17. While conceding the continuing confidentiality of those underlying processes, Ms. Holmes offers merely an inadmissible lay opinion that they have "no particular value." Holmes Decl., ¶ 17. Ms. Holmes similarly asserts without support that "ESHA codes themselves have no particular value." *Id.*, ¶ 14. Respectfully, Ms. Holmes' unsupported and inadmissible opinions are irrelevant. If anything, they highlight the factual nature of the trade secrets at issue here.[2]

---

[2] That Foodwit found it necessary to devote nearly **2,500 pages** to its Motion to Dismiss briefing—the moving papers consist of nearly 1,000 pages, and the reply papers consist of more than 1,300 pages—further emphasizes the highly factual nature of the issues in dispute here.

Finally, Ms. Holmes presents a new and unsupported lay opinion that Trustwell's underlying nutrient-calculation formulas are dictated by unspecified regulatory requirements and therefore derive no value from secrecy. *See* Holmes Decl., ¶ 9. Of course, Foodwit's moving papers offer no such argument or evidence—in fact, Foodwit omitted any discussion of how those regulations could apply at all. *See generally* Motion to Dismiss. Ultimately, Ms. Holmes' new declaration simply does not offer any admissible evidence contradicting the trade secret status of the information set forth in Trustwell's opposition. Ms. Holmes' unsupported assertions are an obvious attempt to distract from the real issues here.

The prejudice to Trustwell is plain. The Holmes Declaration belatedly offers new arguments and evidence that distort the record, distract from the actual issues in dispute, and deprive Trustwell of an opportunity to respond. The Court should strike the Holmes Declaration and those portions of the Reply that rely on it. *See Reply* at 7, 32-33.

### III. IN THE ALTERNATIVE, TRUSTWELL SEEKS LEAVE TO FILE A SUR-REPLY.

At the very least, if the Court is inclined to consider any portion of Foodwit's new arguments or evidence, Trustwell respectfully requests leave to file a targeted sur-reply to ensure a complete and fair record. *Cain*, 17 F. Supp. 3d at 1048 (granting leave to file sur-reply in response to new arguments and evidence on reply). That modest relief is especially warranted here because Foodwit's tactics are just the latest in a broader pattern of gamesmanship by a direct competitor that can only prejudice Trustwell and distort the presentation of issues to the Court.

Allowing a focused sur-reply would mitigate this prejudice by giving Trustwell an opportunity to address, contextualize, and rebut Foodwit's new and unsupported assertions and inadmissible opinions. *See* Order (Dkt. 45) at 12; Reply at 7, 32-33; Holmes Decl. ¶¶ 5-6, 9, 11, 13, 16-17 & Exs. 1-3. If the Court is not inclined to strike the Holmes Declaration, it should grant Trustwell leave to file a sur-reply to prevent undue prejudice and to ensure the Court receives a fair and accurate record. *Provenz*, 102 F.3d at 1483; *Cain*, 17 F. Supp. 3d at 1048.

## CONCLUSION

For all of these reasons, Trustwell respectfully requests that the Court strike the Holmes Declaration and those portions of Foodwit's Reply that rely on it. In the alternative, Trustwell respectfully requests that the Court grant Trustwell leave to file a targeted sur-reply to address the new arguments and evidence presented in the Holmes Declaration.

Dated: January 26, 2026                     Respectfully submitted,

**JONES DAY**

_s/ Cary D. Sullivan_
Cary D. Sullivan (*admitted Pro Hac Vice*)
Email: carysullivan@jonesday.com

**DUNN CARNEY LLP**
Brian R. Talcott, OSB 965371
Email: btalcott@dunncarney.com

*Attorneys for Plaintiff*

## CERTIFICATE OF SERVICE

I hereby certify that on the 26th day of January, 2026, I caused to be served the foregoing **PLAINTIFF TRUSTWELL'S MOTION TO STRIKE THE DECLARATION OF REBECCA HOLMES (DKT. 63) OR, IN THE ALTERNATIVE, FOR LEAVE TO FILE A SUR-REPLY** on the following party via the following method(s):

P. Andrew McStay, Jr.
Email: andymcstay@dwt.com
DAVIS WRIGHT TREMAINE LLP
560 S.W. Tenth Avenue, Suite 700
Portland, Oregon, 97205
Telephone: +1 (503) 241-2300
Facsimile: +1 (503) 778-5299

*Attorneys for Defendant
RLH Assets, LLC d/b/a Foodwit*

by:
☐ U.S. Postal Service, ordinary first class mail
☒ electronic service
☐ other (specify)  Email

**JONES DAY**

  *s/ Cary D. Sullivan*
Cary D. Sullivan (*admitted Pro Hac Vice*)
Email:  carysullivan@jonesday.com

**DUNN CARNEY LLP**
Brian R. Talcott, OSB 965371
Email:  btalcott@dunncarney.com

*Attorneys for Plaintiff*