Brian R. Talcott, OSB No. 965371
DUNN CARNEY LLP
851 SW Sixth Avenue, Suite 1500
Portland, OR 97204
Telephone: (503) 224-6440
Facsimile: (503) 224-7324
E-mail: btalcott@dunncarney.com

Cary D. Sullivan (*admitted Pro Hac Vice*)
JONES DAY
3161 Michelson Drive, Suite 800
Irvine, CA 92612
Telephone: (949) 851-3939
Facsimile: (949) 553-7539
E-mail: carysullivan@jonesday.com

*Attorneys for Plaintiff*

UNITED STATES DISTRICT COURT

DISTRICT OF OREGON – PORTLAND DIVISION

| | |
|---|---|
| **ESHA RESEARCH, LLC., now known as TRUSTWELL,**<br><br>Plaintiff,<br><br>v.<br><br>**RLH ASSETS, LLC, doing business as FOODWIT, an Oregon limited liability company,**<br><br>Defendant. | Civil No. 3:25-cv-00880-AB<br><br>**PLAINTIFF TRUSTWELL'S RESPONSE TO DEFENDANT FOODWIT'S (SECOND) REQUEST TO UNSEAL DOCUMENTS (DKT. 65)** |

Plaintiff ESHA Research, LLC, now known as Trustwell ("Trustwell"), hereby responds to Defendant RLH Assets, LLC, doing business as Foodwit's ("Foodwit"), second request to unseal documents (the "Request," Dkt. 65), pursuant to the Protective Order in this action (Dkt. 44). This second Request seeks to unseal Foodwit's Reply in Support of Motion to Dismiss (Dkt. 60) ("Reply") and Foodwit's Opposition to Trustwell's "Response to Defendant Foodwit's Request to Unseal Documents" (Dkt. 61) ("Opposition").

## INTRODUCTION

Foodwit's latest gambit is yet another public-relations ploy to weaponize access to Trustwell's closely guarded trade secrets, and does not arise from any legitimate need. Foodwit asks the Court to unseal its Reply and Opposition (Dkts. 60-61), even though it openly admits that both filings quote and discuss Trustwell's sealed Trade Secret Identification and related details regarding Genesis Foods and Trustwell's master compilation database that the Court can—and should—consider under seal. Disclosure is unnecessary to litigate, unfair to Trustwell, and contrary to both the Protective Order and controlling law. The Court should deny Foodwit's request and maintain these materials under seal to the extent they quote or discuss Trustwell's Trade Secret Identification or other trade secret information.

As Trustwell previously explained (*see* Dkt. 56), the materials Foodwit seeks to unseal quote and discuss Trustwell's 19-page Trade Secret Identification (Dkt. 48-1), which distills the most unique and valuable features and functionalities of Trustwell's Genesis Foods platform and describes the specific, non-public steps used to build Trustwell's master food and nutrition compilation database. Compelling reasons exist to keep that material sealed. Public disclosure would hand competitors a curated roadmap and allow reverse engineering, resulting in additional competitive harm beyond what Trustwell has already suffered in this action. *See* Declaration of Todd Dolinsky ("Dolinsky Declaration"), Dkt. 56-1, ¶¶ 8, 13. That is a textbook basis to maintain sealing. And there is no prejudice from maintaining sealing to protect Trustwell's core trade secrets. The Court should reject Foodwit's Request.

ARGUMENT

I. LEGAL STANDARD

While "courts recognize a general right [of the public] to inspect and copy public records and documents, including judicial records and documents," *Nixon v. Warner Commcn's, Inc.*, 435 U.S. 589, 597 (1978), that right "is not absolute." *Folz v. State Farm Mut. Auto Ins. Co.*, 331 F.3d 1122, 1134 (9th Cir. 2003). A court may "seal a court record from public view" where the requesting party offers "'compelling reasons supported by specific factual findings' for keeping the document secret." *Charles v. Portfolio Recovery Associates, LLC*, 654 F. Supp. 3d 1153, 1155 (D. Or. 2023) (quoting *Kamakana v. City & Cnty. of Honolulu*, 447 F.3d 1172, 1178 (9th Cir. 2006)).

Compelling reasons include ensuring that court "records are not used … as sources of business information that might harm a litigant's competitive standing." *Nixon*, 435 U.S. at 598; *see also Ctr. for Auto Safety v. Chrysler Group, LLC*, 809 F.3d 1092, 1097 (9th Cir. 2016) (same). Courts throughout this District and the Ninth Circuit regularly grant sealing requests where, as here, "public disclosure of th[e designated] information would competitively harm' [the] business" of the designating party. *See, e.g., Charles*, 654 F. Supp. 3d at 1155 (quoting *J.R. Simplot Co. v. Washington Potato Co.*, No. 16-1851, 2016 WL 11066581, at *1 (W.D. Wash. Dec. 29, 2016)); *In re Electronic Arts, Inc.*, 298 Fed. Appx. 568, 569-70 (9th Cir. 2008) (granting writ of mandamus directing district court to seal commercially sensitive terms in licensing agreement); *Clean Crawl, Inc. v. Crawl Space Cleaning Prods., Inc.*, No. 17-1340, 2019 WL 6829886, at *1 (W.D. Wash. Dec. 13, 2019) (citations omitted).

As this Court expressly recognized, "[t]he 'release [of] trade secrets' can also be a compelling reason to seal court records." *Empower Clinic Servs., LLC v. Legitscript LLC*, No. 25-cv-00514-AB, 2025 WL 1099105, at * 1 (D. Or. Apr. 11, 2025) (quoting *Kamakana v. City and Cnty. Of Honolulu*, 447 F.3d 1172, 1179 (9th Cir. 2006)). "A trade secret for purposes of a motion to seal 'may consist of any formula, pattern, device or compilation of information which is used for one's business, and which gives him an opportunity to obtain an advantage over competitors

who do not know or use it.'" *Id*. (quoting *Apple Inc. v. Samsung Elecs., Co.*, 727 F.3d 1214, 1222 (Fed. Cir. 2013)).

## II.  TRUSTWELL'S TRADE SECRET INFORMATION SHOULD REMAIN SEALED.

Foodwit's Reply and Opposition expose the most valuable features and functionalities of Trustwell's Genesis Foods software platform as well as the particular compilation of information within Trustwell's master food and nutrition database. Dkt. 56-1, ¶¶ 8, 13. Public disclosure would hand competitors a curated roadmap and invite reverse engineering—threatening Trustwell's hard-won edge. *Id*. That is exactly the kind of harm the sealing standard is designed to prevent. The risk is not theoretical. Foodwit has already misappropriated these trade secrets and diverted customers through its copycat "Workbench" product. *See* Trustwell's Second Amended Complaint (Dkt. 46) ¶ 43. Keeping this material sealed guards against compounding the very injury already at issue here.

It is for this reason that confidential business information and trade secrets are regularly and justifiably shielded from public disclosure. Courts in this District routinely seal comparable business strategies, proprietary operational details, and trade secret disclosures because publication would cause competitive harm. *See, e.g., Empower Clinic Servs., LLC*, 2025 WL 1099105, at * 2 (granting requested sealing of trade secret information); *Charles*, 654 F. Supp. 3d at 1157-58 (granting motion to maintain under seal proprietary business information); *Fed. Trade Comm'n v. Kroger Co.*, No. 3:24-CV-00347-AN, 2024 WL 1526504 *2 (D. Or. Apr. 8, 2024) (granting motion to seal competitively sensitive business operations and strategies); *Ainsworth Inc. v. Marshall*, No. 3:23-CV-01849-YY, 2024 WL 247208 *1 (D. Or. Jan. 22, 2024) (granting motion to seal sensitive business information). Trustwell's trade secrets fall squarely within that category.

Foodwit downplays the harm by asserting that its Reply and Opposition "may contain" information designated as "Attorneys' Eyes Only." Dkt. 65, at 2. That misses the point. These filings repeatedly quote and discuss Trustwell's distilled Trade Secret Identification (Dkt. 48-1)—the blueprint for Genesis Foods—which also includes a particularized description of the steps that Trustwell takes to create the master compilation database that is embedded within Genesis Foods.

*See* Dkt. 56-1 ¶¶ 8, 13; *see also* Dkt. 60 at 3-8, 10.  That is quintessential trade secret information.  Indeed, this Court already held that Trustwell's description of its compilation database is a sufficient trade secret identification.  *ESHA Research, Inc. v. Cronometer Software, Inc.*, No. 24-cv-1586-AB, Dkt. No. 39 (D. Or. May 8, 2025).

Foodwit next insists that its Reply and Opposition should be unsealed because "they contain only public information."  Request at 2.  But as discussed in the Dolinsky Declaration, while the *existence* of various Genesis Foods features and functionalities has been publicly disclosed in online user manuals and related materials over the years, no public document provides the curated and distilled listing of the most unique and valuable features and functionalities that Trustwell's Trade Secret Identification contains.  Dkt. 56-1, ¶ 13.  Disclosing that material via Foodwit's Request would allow competitors to target precisely what makes Genesis Foods unique and valuable.  *Id.* ¶ 9.  Notably, Foodwit does not contend that the database-creation process in the Trade Secret Identification has ever been publicly disclosed.  *Id.* ¶ 7. Revealing it likewise would cause additional irreparable and competitive harm to Trustwell.  *Id.* at 8.

The remedy is straightforward.  Foodwit's Reply and Opposition (Dkts. 60-61) should remain under seal—or, at a minimum, be redacted—because they quote and discuss Trustwell's Trade Secret Identification and related trade secret information.

## CONCLUSION

Accordingly, Trustwell respectfully requests that the Court deny Foodwit's Request and order that Foodwit's Reply (Dkt. 60) and Opposition (Dkt. 61) remain sealed or at least redacted.  Trustwell can provide the Court with proposed redactions if that would be helpful.

Dated: January 26, 2026

Respectfully submitted,

**JONES DAY**

*s/ Cary D. Sullivan*
Cary D. Sullivan (*admitted Pro Hac Vice*)
Email: carysullivan@jonesday.com

**DUNN CARNEY LLP**
Brian R. Talcott, OSB 965371
Email: btalcott@dunncarney.com

*Attorneys for Plaintiff*

# CERTIFICATE OF SERVICE

I hereby certify that on the 26th day of January, 2026, I caused to be served the foregoing **PLAINTIFF TRUSTWELL'S RESPONSE TO DEFENDANT FOODWIT'S (SECOND) REQUEST TO UNSEAL DOCUMENTS (Dkt. 65)** on the following party via the following method(s):

| | |
|---|---|
| P. Andrew McStay, Jr.<br>Email: andymcstay@dwt.com<br>DAVIS WRIGHT TREMAINE LLP<br>560 S.W. Tenth Avenue, Suite 700<br>Portland, Oregon, 97205<br>Telephone: +1 (503) 241-2300<br>Facsimile: +1 (503) 778-5299<br><br>*Attorneys for Defendant*<br>*RLH Assets, LLC d/b/a Foodwit* | by:<br>☐ U.S. Postal Service, ordinary first class mail<br>☒ electronic service<br>☐ other (specify)  Email |

**JONES DAY**

  *s/ Cary D. Sullivan*
Cary D. Sullivan (*admitted Pro Hac Vice*)
Email:  carysullivan@jonesday.com

**DUNN CARNEY LLP**
Brian R. Talcott, OSB 965371
Email:  btalcott@dunncarney.com

*Attorneys for Plaintiff*