P. Andrew McStay, Jr., OSB No. 033997
DAVIS WRIGHT TREMAINE LLP
560 S.W. Tenth Avenue, Suite 700
Portland, Oregon, 97205
+1 (503) 241-2300
+1 (503) 778-5299 facsimile
andymcstay@dwt.com

Matthew S. Warren (*pro hac vice*)
Erika H. Warren (*pro hac vice*)
WARREN LLP
2261 Market Street, No. 606
San Francisco, California, 94114
+1 (415) 895-2940
+1 (415) 895-2964 facsimile
25-880@cases.warrenllp.com

*Attorneys for Defendant RLH Assets, LLC d/b/a Foodwit*

UNITED STATES DISTRICT COURT

DISTRICT OF OREGON

PORTLAND DIVISION

| | |
|---|---|
| ESHA RESEARCH, LLC, an Oregon limited liability company,<br><br>　　　　　　　Plaintiff,<br><br>　v.<br><br>RLH ASSETS, LLC d/b/a FOODWIT, an Oregon limited liability company,<br><br>　　　　　　　Defendant. | Case No. 3:25-cv-00880-AB<br><br>**FOODWIT'S OPPOSITION TO ESHA'S "RESPONSE TO DEFENDANT FOODWIT'S (SECOND) REQUEST TO UNSEAL DOCUMENTS"** |

## **TABLE OF CONTENTS**

*Page*

TABLE OF AUTHORITIES . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . .ii

INTRODUCTION . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 1

BACKGROUND . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . .2

A.    The Court's Protective Order Governing Confidentiality in This Action . . . . . . . . . . . . .2

B.    Foodwit's Reply in Support of Its Motion to Dismiss . . . . . . . . . . . . . . . . . . . . . . . . . . . 2

C.    Foodwit's Opposition to ESHA's First Motion to Seal . . . . . . . . . . . . . . . . . . . . . . . . . .4

D.    ESHA's Second Motion to Seal . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 6

ARGUMENT . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 7

I.    ESHA Violated the Court's Protective Order by Failing to Specify Redactions . . . . . . . . 7

II.    ESHA's Failure to Address the Documents It Seeks to Seal Prevents Sealing . . . . . . . . .8

III.    ESHA's Failure to Justify Its Request With Compelling Reasons Prevents Sealing . . . . 11

CONCLUSION . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . .13

**TABLE OF AUTHORITIES**

*Cases*      *Pages*

*3M Co. v. Rollit, LLC*,
  No. 06-1225, 2007 WL 9728889 (N.D. Cal. Dec. 14, 2007) . . . . . . . . . . . . . . . . . . . . . . . . . 13

*Ainsworth Inc. v. Marshall*,
  No. 23-1849, 2024 WL 247208 (D. Or. Jan. 22, 2024) . . . . . . . . . . . . . . . . . . . . . . . . . . . . 12

*Apple Inc. v. Samsung Elecs. Co., Ltd.*,
  No. 12-1600, 2013 WL 4487610 (Fed. Cir. Aug. 23, 2013) . . . . . . . . . . . . . . . . . . . . . . . . .11

*Blain v. Titanium Metals Corp.*,
  No. 18-462, 2019 WL 1207929 (D. Nev. Mar. 14, 2019) . . . . . . . . . . . . . . . . . . . . . . . . . . .11

*Charles v. Portfolio Recovery Assocs., LLC*,
  654 F. Supp. 3d 1153 (D. Or. Feb. 3, 2023) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 12

*City of Colton v. Am. Promotional Events, Inc.*,
  No. 09-1864, 2012 WL 13013035 (C.D. Cal. June 7, 2012) . . . . . . . . . . . . . . . . . . . . . . 7, 8

*Clean Crawl, Inc. v. Crawl Space Cleaning Pros, Inc.*,
  No. 17-1340, 2019 WL 6829886 (W.D. Wash. Dec. 13, 2019) . . . . . . . . . . . . . . . . . . . . . 12

*Cox v. First Student Inc.*,
  No. 25-5497, 2025 WL 3443100 (W.D. Wash. Dec. 1, 2025) . . . . . . . . . . . . . . . . . . . . 9-12

*Ctr. for Auto Safety v. Chrysler Grp., LLC*,
  809 F.3d 1092 (9th Cir. 2016) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . .8

*In re Dual–Deck Video Cassette Recorder Antitrust Litig.*,
  10 F.3d 693 (9th Cir. 1993) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . .8

*In re Elec. Arts, Inc.*,
  298 F. App'x 568 (9th Cir. 2008) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 11

*Empower Clinic Servs., L.L.C. v. Legitscript L.L.C.*,
  No. 25-514, 2025 WL 1099105 (D. Or. Apr. 11, 2025) . . . . . . . . . . . . . . . . . . . . . . . . 8, 12

*Epic Games, Inc. v. Apple Inc.*,
  161 F.4th 1162 (9th Cir. 2025) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 7, 8

*Fairbairn v. Fidelity Invs. Charitable Gift Fund*,
  No. 18-4881, 2020 WL 6788864 (N.D. Cal. Mar. 2, 2020) . . . . . . . . . . . . . . . . . . . . . . . . 12

*Florence v. Cenlar Fed. Sav. & Loan*,
  No. 16-587, 2017 WL 1078637 (D. Nev. March 20, 2017) . . . . . . . . . . . . . . . . . . . . . . . . 11

# **TABLE OF AUTHORITIES**
*(continued)*

*Cases*          *Pages*

*Foltz v. State Farm Mutual Auto. Ins. Co.*,
   331 F.3d 1122 (9th Cir. 2003) ................................................... 2, 9, 10

*F.T.C. v. Kroger Co.*,
   No. 24-347, 2024 WL 1526504 (D. Or. Apr. 8, 2024) ................................ 12

*Hodges v. Apple, Inc.*,
   No. 13-1128, 2013 WL 6070408 (N.D. Cal. Nov. 18, 2013) ...................... 12, 13

*J.R. Simplot Co. v. Wash. Potato Co.*,
   No. 16-1851 2016 WL 11066581 (W.D. Wash. Feb. 3, 2023) ..................... 11, 12

*Kamakana v. City & Cnty. of Honolulu*,
   447 F.3d 1172 (9th Cir. 2006) ............................................. 8, 9, 11, 12

*Lains v. Am. Fam. Mut. Ins. Co.*,
   No. 14-1982, 2016 WL 5115415 (W.D. Wash. Mar. 3, 2016) ..................... 9, 10, 12

*MD Helicopters Inc. v. Boeing Co.*,
   No. 17-2598, 2019 WL 1877356 (D. Ariz. Apr. 26, 2019) ......................... 9, 10, 12

*On Command Video Corp. v. LodgeNet Ent. Corp.*,
   976 F. Supp. 917 (N.D. Cal. 1997) ............................................... 8

*PCT Int'l Inc. v. Holland Elecs. LLC*,
   No. 12-1797, 2014 WL 4722326 (D. Ariz. Sept. 23, 2014) ...................... 9, 10

*Vesta Corp. v. Amdocs Mgmt. Ltd.*,
   312 F. Supp. 3d 966 (D. Or. 2018) ............................................. 11

*X Corp. v. Bright Data Ltd.*,
   No. 23-3698, 2025 WL 81577 (N.D. Cal. Jan. 12, 2025) ........................ 11, 12

*Other Authorities*

*MD Helicopters Inc. v. Boeing Co.*,
   No. 17-2598, Docket No. 139 (D. Ariz. Apr. 1, 2019) ............................. 10

**INTRODUCTION**

ESHA's second motion to seal seeks to seal two specific documents, the Reply in Support of Foodwit's Motion to Dismiss the Second Amended Complaint (Docket No. 60) and Foodwit's Opposition to ESHA's "Response to Defendant Foodwit's Request to Unseal Documents" (Docket No. 61). But ESHA's motion does not address the specifics of these two documents at all. It makes no attempt to analyze them or to justify the sealing of the information in them. Instead, ESHA's motion to seal depends on its assertion that "Foodwit's Reply and Opposition expose the most valuable features and functionalities of Trustwell's Genesis Foods software platform as well as the particular compilation of information within Trustwell's master food and nutrition database." Mot. at 4. This assertion is broad, unsupported, and untrue.

As the Court will see when it reviews the two documents at issue, publication of them will not "expose the most valuable features and functionalities of Trustwell's Genesis Foods" or its "master food and nutrition database." One document discusses only failures in ESHA's disclosure and not anything ESHA claimed at all, while the other discusses only five specific paragraphs in ESHA's asserted trade secret disclosure, each of which sets forth a concept known to humanity for hundreds if not thousands of years, and none of which can be a trade secret at all, let alone "the most valuable features and functionalities" of anything. ESHA cannot meet its burden to justify sealing of either, and doesn't try. Instead of confronting the specifics of the two documents at issue, ESHA merely repeats its claim to have trade secrets *somewhere*. Wherever those trade secrets might be, they are not in the two documents subject to this motion. ESHA's motion requests that the Court seal from the public the entirety of two documents that contain nothing confidential. The Court should not join ESHA in this abuse of its sealing procedures, and should deny ESHA's second motion to seal.

Page 1 – OPPOSITION TO ESHA'S "RESPONSE" TO SECOND REQUEST TO UNSEAL DOCUMENTS

**BACKGROUND**

A.  **The Court's Protective Order Governing Confidentiality in This Action**

On September 8, 2025, the Court entered a protective order governing confidentiality in this action. Docket No. 44. Among other things, it provided that:

> If a non-designating party is filing a document that another party has designated as "Confidential" or "Attorneys' Eyes Only," then the non-designating party shall file the document under seal. If the non-designating party makes a request in writing to have the document unsealed and the designating party does not file, within ten calendar days from the date that the request for unsealing is filed, a motion that shows either good cause or compelling reasons, *see* Footnote 1, *supra*, to maintain the document under seal, then the Court shall unseal the document. Before seeking to maintain the protection of documents filed with the Court, a party must assess whether redaction is a viable alternative to complete nondisclosure.

*Id.* ¶ 4. The Court also noted the purpose of this provision: "Sealing judicial documents is generally disfavored because there is a 'strong presumption in favor of public access.'" *Id.* at 2 n.1 (quoting *Foltz v. State Farm Mut. Auto. Ins. Co.*, 331 F.3d 1122, 1137 (9th Cir. 2003)).

B.  **Foodwit's Reply in Support of Its Motion to Dismiss**

On January 14, Foodwit filed its Reply in support of its motion to dismiss. Docket No. 60. Most of the Reply does not mention anything even assertedly confidential. *See generally id.* The only portions of the Reply that discuss ESHA's asserted trade secrets, even tangentially, address what ESHA's asserted trade secrets *do not* specify, not what they do claim. There are only three such instances; because ESHA did not address them specifically in its motion, Foodwit now must.

The first instance is on page 8 of the Reply, two lines under header I.C.2.i, after the words "ESHA's database claim must fail because ESHA failed to specify . . . ." Reply at 8. Foodwit will not repeat the rest of the sentence here, in order to avoid the requirement of yet again filing this entire brief under seal. After reviewing the rest of this sentence and Foodwit's related

argument, the Court will recognize that Foodwit's argument does not recite any specifics of ESHA's claimed trade secrets, but instead explains that ESHA's claims do not define a protectible trade secret. This argument does not contain or address "the most valuable features and functionalities of Trustwell's Genesis Foods software platform as well as the particular compilation of information within Trustwell's master food and nutrition database." Mot. at 4.

The second instance is on page 10 of the Reply, one and two lines under header I.C.2.ii, after the words "Foodwit's motion explained another flaw in ESHA's assertion of trade secrets: it failed to specify . . . . " Reply at 10. Again, after reviewing this sentence and Foodwit's argument, the Court will see that Foodwit's argument does not recite any specifics of ESHA's claimed trade secrets, but instead explains that ESHA's claims do not define a protectible trade secret. Again, this argument does not contain or address "the most valuable features and functionalities of Trustwell's Genesis Foods software platform as well as the particular compilation of information within Trustwell's master food and nutrition database." Mot. at 4.

The third and final instance is in the sentence carrying over from page 10 to page 11 of the Reply, "Foodwit's motion explained in detail how ESHA's disclosure . . . . " Reply at 10-11. Again, after reviewing the rest of this sentence and Foodwit's related argument, the Court will recognize that Foodwit's argument does not recite any specifics of ESHA's claimed trade secrets, but instead shows that ESHA's claims do not define a protectible trade secret. Again, this argument does not contain or address "the most valuable features and functionalities of Trustwell's Genesis Foods software platform as well as the particular compilation of information within Trustwell's master food and nutrition database." Mot. at 4.

And that is it. The rest of the Reply does not quote or include any information from ESHA's disclosure of asserted trade secrets, the only claimed confidential document in this

Page 3 – OPPOSITION TO ESHA'S "RESPONSE" TO SECOND REQUEST TO UNSEAL DOCUMENTS

action.  *See* Reply at 1-34.  Although Foodwit believes the Reply contains no confidential information whatsoever, at *most* it includes a few references to what ESHA's claimed trade secrets do *not* include; it contains precisely zero discussion of what ESHA's claimed trade secrets *do* include.  ESHA nevertheless tells the Court that publication of this document would "expose the most valuable features and functionalities of Trustwell's Genesis Foods software platform as well as the particular compilation of information within Trustwell's master food and nutrition database."  Mot. at 4.  This is false, and cannot justify sealing.

C.      **Foodwit's Opposition to ESHA's First Motion to Seal**

Also on January 14, Foodwit filed its Opposition to ESHA's first motion to seal.  Docket No. 61.  As with the Reply, most of the Opposition does not mention anything even assertedly confidential.  *See generally id.*  The Opposition mentions only a few sub-paragraphs of ESHA's claimed trade secrets, which Foodwit explained cannot comprise trade secrets let alone "the most valuable features and functionalities of Trustwell's Genesis Foods software platform as well as the particular compilation of information within Trustwell's master food and nutrition database."  Mot. at 4.  Again, because ESHA did not address them specifically in its motion, Foodwit must.

On pages 3 and 6, the Opposition mentions and discusses paragraph 1(a) of ESHA's asserted trade secrets.  Opp. at 3, 6.  Again, Foodwit will not repeat the contents of paragraph 1(a), but the Court can review it on page 3 of ESHA's asserted trade secrets.  Docket No. 48-1 at 3.  Paragraph 1(a) is thirteen words long.  It is not a trade secret.  That is not in dispute: ESHA's declarant Todd Dolinsky averred that it is "the specific, underlying processes and methodologies that constitute the actual trade secret information," and further averred that ESHA's asserted trade secrets did not include "the specific processes and methodologies that underly or enable those features and functionalities."  Docket No. 56-1 ¶¶ 9, 11; *see* Docket No.

Page 4 – OPPOSITION TO ESHA'S "RESPONSE" TO SECOND REQUEST TO UNSEAL DOCUMENTS

60 § I.  Nor could ESHA claim that the thirteen words of paragraph 1(a) are a trade secret, as they set forth a concept so well-known, for so long, and in so many contexts, that ESHA's claim of secrecy over these thirteen words would be funny if it weren't so harmful—to Foodwit (which must spend its scarce resources to fight this spurious claim), to the Court (which must spend its own scarce resources resolving it), and to the public (which cannot review Foodwit's Opposition because of ESHA's spurious claims).  Paragraph 1(a) is not one of "the most valuable features and functionalities of Trustwell's Genesis Foods software platform as well as the particular compilation of information within Trustwell's master food and nutrition database."  Mot. at 4.

On page 6, the Opposition mentions and discusses paragraph 1(b) of ESHA's asserted trade secrets.  Opp. at 6.  Again, Foodwit will not repeat the contents of paragraph 1(b), but the Court can review it on page 3 of ESHA's asserted trade secrets.  Docket No. 48-1 at 3.  Paragraph 1(b) is fourteen words long.  Like paragraph 1(a), paragraph 1(b) is not a trade secret, and ESHA's declarant Mr. Dolinsky averred as much.  *Supra*; Docket No. 56-1 ¶¶ 9, 11; *see* Docket No. 60 § I.  And like the thirteen words of paragraph 1(a), the fourteen words of paragraph 1(b) set forth a concept so well-known, for so long, and in so many contexts, that ESHA's claim of secrecy over these fourteen words would be funny if it weren't so harmful to Foodwit, the Court, and the public.  Paragraph 1(b) is not one of "the most valuable features and functionalities of Trustwell's Genesis Foods software platform as well as the particular compilation of information within Trustwell's master food and nutrition database."  Mot. at 4.

Finally, on page 8 of the Opposition, Foodwit discusses paragraphs 1(a), 1(b), and 1(c) of ESHA's asserted database secret.  Opp. at 8.  Again, Foodwit will not repeat the contents of these paragraphs, but the Court can review them on page 15 of ESHA's asserted trade secrets.  Docket No. 48-1 at 15.  Paragraphs 1(a), 1(b), and 1(c) together contain thirty-five words, none of which

Page 5 – OPPOSITION TO ESHA'S "RESPONSE" TO SECOND REQUEST TO UNSEAL DOCUMENTS

are secret. These paragraphs recite foundational processes required to maintain any compilation of any information, which librarians and researchers have employed in a variety of contexts for thousands of years. Once again, ESHA's claim of secrecy over these thirty-five words would be funny if it weren't so harmful to Foodwit, the Court, and the public. Paragraphs 1(a), 1(b), and 1(c) of the asserted database secret are not "the most valuable features and functionalities of Trustwell's Genesis Foods software platform as well as the particular compilation of information within Trustwell's master food and nutrition database." Mot. at 4.

And, again, that is it. The rest of the Opposition does not quote or include any information from ESHA's disclosure of asserted trade secrets, the only claimed confidential document in this action. *See* Opposition at 1-9. Although Foodwit believes the Opposition contains no confidential information whatsoever, at most it includes a few references to well-known, long-practiced and well-understood concepts, over which ESHA can claim no secrecy let alone value in secrecy. ESHA nevertheless tells the Court that publication of this document would "expose the most valuable features and functionalities of Trustwell's Genesis Foods software platform as well as the particular compilation of information within Trustwell's master food and nutrition database." Mot. at 4. Again, ESHA's statement to the Court is false.

**D.     ESHA's Second Motion to Seal**

On January 26, ESHA filed its second motion to seal. Docket No. 68. Aside from reference citations in the introduction (Mot. at 2), the motion addresses the content of the Reply and Opposition exactly once, on pages 4-5, when it claims: "These filings repeatedly quote and discuss Trustwell's distilled Trade Secret Identification (Dkt. 48-1)—the blueprint for Genesis Foods—which also includes a particularized description of the steps that Trustwell takes to create the master compilation database that is embedded within Genesis Foods. *See* Dkt. 56-1

¶¶ 8, 13; *see also* Dkt. 60 at 3-8, 10." Mot. at 4-5. But pages 3-8 and 10 of the Reply, like the rest of the Reply, do not recite *any* specifics of ESHA's claimed trade secrets, and instead show that ESHA's claims do not define a protectible trade secret. *Supra* § B. ESHA does not address anything about the actual statements in Foodwit's actual documents.

Despite or perhaps because it failed to analyze anything about the documents it seeks to seal, ESHA comes to the demonstrably false conclusion that "Foodwit's Reply and Opposition expose the most valuable features and functionalities of Trustwell's Genesis Foods software platform as well as the particular compilation of information within Trustwell's master food and nutrition database." Mot. at 4. To support this sentence, ESHA cites nothing from the Reply and Opposition themselves. *See id.* And for good reason: the Reply and Opposition contain nothing of the sort. *Supra* § B, C. ESHA's motion thus depends on an untrue statement to the Court.

## ARGUMENT

### I. ESHA Violated the Court's Protective Order by Failing to Specify Redactions

ESHA argues that "Foodwit's Reply and Opposition (Dkts. 60-61) should remain under seal" in their entirety, seeks redaction only in the alternative, and does not propose redactions to the Court. Mot. at 5. ESHA's request for complete sealing, and its failure to provide proposed redactions, violates this Court's order requiring that, "[b]efore seeking to maintain the protection of documents filed with the Court, a party must assess whether redaction is a viable alternative to complete nondisclosure." Docket No. 44 ¶ 4. ESHA is unrepentant. Replying in support of its first motion to seal, which also violated the same provision, ESHA claims that it "did exactly what Section 4 mandates: it moved to maintain the sealing, while offering to redact the materials as an alternative." Docket No. 69 at 3. But ESHA is wrong. "Parties are expected to give a reasonable interpretation to court orders." *City of Colton v. Am. Promotional Events, Inc.*, No.

09-1864, 2012 WL 13013035, at *5 (C.D. Cal. June 7, 2012); *see also Epic Games, Inc. v. Apple Inc.*, 161 F.4th 1162, 1176-78 (9th Cir. 2025). And a "protective order should be read in a reasonable and common sense manner so that its prohibitions are connected to its purpose." *On Command Video Corp. v. LodgeNet Ent. Corp.*, 976 F. Supp. 917, 921 (N.D. Cal. 1997) (citing *In re Dual–Deck Video Cassette Recorder Antitrust Litig.*, 10 F.3d 693, 695 (9th Cir. 1993)). ESHA did neither. ESHA's crimped reading of Section 4 would render meaningless the Court's requirement that the party seeking sealing "must assess whether redaction is a viable alternative to complete nondisclosure" by allowing litigants to 'assess' this question while proceeding as if this requirement did not exist. Docket No. 44 ¶ 4. ESHA's crimped reading of Section 4 also contradicts the purpose of Section 4, which implements the well-known rule that "[s]ealing judicial documents is generally disfavored because there is a strong presumption in favor of public access." *Id.* at 2 n.1; *see supra* § A.

To enforce Section 4 and avoid ESHA's evasion of it, the Court should order ESHA to file redacted versions of Foodwit's currently sealed papers showing the portions it seeks to seal. Doing so not only will prevent ESHA from misinterpreting Section 4 in order to evade it, but also will ensure that public judicial information quickly becomes public, effectuating the "strong presumption in favor of public access" to it. Docket No. 44 at 2 n.1; *see supra* §A.

## II.  ESHA's Failure to Address the Documents It Seeks to Seal Prevents Sealing

"There is a presumption of public access to judicial records to keep federal courts accountable and to support the public's 'confidence in the administration of justice.'" *Empower Clinic Servs., L.L.C. v. LegitScript L.L.C.*, No. 25-514, 2025 WL 1099105, at *1 (D. Or. Apr. 11, 2025) (quoting *Ctr. for Auto Safety v. Chrysler Grp., LLC*, 809 F.3d 1092, 1096 (9th Cir. 2016)). Accordingly, "a party seeking to seal a judicial record then bears the burden of overcoming this

strong presumption by meeting the 'compelling reasons' standard." *Kamakana v. City & Cnty. of Honolulu*, 447 F.3d 1172, 1178 (9th Cir. 2006) (quoting *Foltz*, 331 F.3d at 1135). "[C]onfidentiality alone does not transform business information into a trade secret," and "a party alleging trade secret protection as a basis for sealing court records must show that the business information is in fact a trade secret." *MD Helicopters Inc. v. Boeing Co.*, No. 17-2598, 2019 WL 1877356, at *2 (D. Ariz. Apr. 26, 2019) (quoting *PCT Int'l Inc. v. Holland Elecs. LLC*, No. 12-1797, 2014 WL 4722326, at *2 (D. Ariz. Sept. 23, 2014)). ESHA fails this test.

ESHA's motion starts with a "Legal Standard" section, which cites cases stating that the Court may seal "trade secrets" and "business information that might harm a litigant's competitive standing." Mot. § I. But ESHA fails to apply this standard to the two documents at issue here, fails to address anything specific about those two documents, and fails to show that those two documents contain any "trade secrets" or any "business information that might harm a litigant's competitive standing." *Id.*; *see generally id.* § II. Instead, ESHA offers only the unsupported assertion that "Foodwit's Reply and Opposition expose the most valuable features and functionalities of Trustwell's Genesis Foods software platform as well as the particular compilation of information within Trustwell's master food and nutrition database" (*id.* at 4), and the further unsupported assertion that these documents contain "quintessential trade secret information." *Id.* at 5. These vague and unsupported assertions cannot justify sealing the entirety of two documents. *Supra* §§ B, C. Once again, ESHA is vague like a fox: it knows that it cannot provide "compelling reasons" to seal anything in the Reply and the Opposition, so it does not try to connect its allegations to any specifics. *See* Mot. at 4-5. But the law does not allow sealing based on vague allegations untethered to any specifics; instead, to obtain sealing ESHA must separately justify its request to seal "for each particular document it seeks to

Page 9 – OPPOSITION TO ESHA'S "RESPONSE" TO SECOND REQUEST TO UNSEAL DOCUMENTS

protect." *Lains v. Am. Fam. Mut. Ins. Co.*, No. 14-1982, 2016 WL 5115415, at *1 (W.D. Wash. Mar. 3, 2016) (quoting *Foltz*, 331 F.3d at 1130); *see also Cox v. First Student Inc.*, No. 25-5497, 2025 WL 3443100, at *3 (W.D. Wash. Dec. 1, 2025); *MD Helicopters*, 2019 WL 1877356, at *2.

      Courts consistently apply this principle even when parties seeking sealing provide much more specificity than ESHA does here. In *MD Helicopters*, defendant Boeing moved to seal four exhibits, without any description of what they contain or specific justification beyond its broad argument that "they contain proprietary business information," including "trade secrets related to the design and manufacture" of specific helicopter models. 2019 WL 1877356, at *2 (quoting *id.*, Docket No. 139 at 1:28 to 2:1 (D. Ariz. Apr. 1, 2019)). The court found that Boeing failed to offer "sufficient explanation, argument, or evidence" beyond "generalized assertions" that the documents are protected. 2019 WL 1877356, at *2. The court declined to rely on Boeing's "broad assertions" that the "documents constitute proprietary information and trade secrets," because "'the party alleging trade secret protection as a basis for sealing court records must show that the business information is in fact a trade secret.'" *Id.* at *3 (quoting *PCT Int'l*, 2014 WL 4722326, at *2). Similarly, in *Cox*, defendant First Student sought to seal seven exhibits containing "business information related to Defendant's bus fleet and maintenance," arguing broadly that this information "must be shielded from misuse to protect its competitive advantage." 2025 WL 3443100, at *2. The court found that First Student's request was "not narrowly tailored because" it fails to address anything specific about the seven documents, and "provides the same justification for sealing all seven exhibits." *Id.* at *3. Just as in those cases, ESHA's broad request "provides the same justification for sealing" both documents at issue here—indeed "the same justification for sealing" it has used before. *Compare* Mot. at 4-5 *with* Docket No. 57 at 4-6; *see also MD Helicopters*, 2019 WL 1877356, at *2. ESHA's requests

Page 10 – OPPOSITION TO ESHA'S "RESPONSE" TO SECOND REQUEST TO UNSEAL DOCUMENTS

provide "the same justification for sealing" large and undefined quantities of material, and thus are "not narrowly tailored" and cannot suffice. *Cox*, 2025 WL 3443100, at *3; *see also Kamakana*, 447 F.3d at 1184; *X Corp. v. Bright Data Ltd.*, No. 23-3698, 2025 WL 81577, at *3 (N.D. Cal. Jan. 12, 2025) ("Generic rationales invite generic rejection.").

### III. ESHA's Failure to Justify Its Request With Compelling Reasons Prevents Sealing

ESHA's sealing motion fails for another reason. To support its request to seal, ESHA must provide "compelling reasons" that are "supported by specific factual findings that outweigh the general history of access and the public policies favoring disclosure, such as the public interest in understanding the judicial process." *Vesta Corp. v. Amdocs Mgmt. Ltd.*, 312 F. Supp. 3d 966, 969 (D. Or. 2018) (quoting *Kamakana*, 447 F.3d at 1178-79). And "[a]ny request to seal documents must be 'narrowly tailored' to remove from the public sphere only the material that warrants secrecy." *Blain v. Titanium Metals Corp.*, No. 18-462, 2019 WL 1207929, at *1 (D. Nev. Mar. 14, 2019) (quoting *Florence v. Cenlar Fed. Sav. & Loan*, No. 16-587, 2017 WL 1078637, at *2 (D. Nev. Mar. 20, 2017)). ESHA's motion to seal meets neither of these tests.

ESHA claims that disclosure "would hand competitors a curated roadmap and invite reverse engineering" of its platform, and would "allow competitors to target precisely what makes Genesis Foods unique and valuable." Mot. at 4, 5. But ESHA provides no "specific factual findings" that the specific information disclosed in the Reply and Opposition would do either, *Vesta*, 312 F. Supp. 3d at 969; it merely states that "confidential business information and trade secrets are regularly and justifiably shielded from public disclosure." Mot. at 4-5.[1] But

---

[1] ESHA relies on the same cases it cited in its previous motion to seal; these cases cannot help ESHA, as they show the paucity of ESHA's justifications here. *See In re Elec. Arts, Inc.*, 298 F. App'x 568, 569 (9th Cir. 2008) (sealing "pricing terms, royalty rates, and guaranteed minimum payment terms"); *Apple Inc. v. Samsung Elecs., Co.*, 727 F.3d 1214, 1219 (Fed. Cir. 2013) (sealing "license agreements, confidential financial information" and "research reports."); *J.R. Simplot Co. v. Wash. Potato Co.*, No. 16-1851, 2016 WL 11066581, at *1 (W.D. Wash. Dec.

Page 11 – OPPOSITION TO ESHA'S "RESPONSE" TO SECOND REQUEST TO UNSEAL DOCUMENTS

"[s]imply mentioning a general category of privilege, without any further elaboration or any specific linkage with the documents, does not satisfy the burden" of demonstrating compelling reasons for sealing. *Kamakana*, 447 F.3d at 1184; *see also X Corp*, 2025 WL 81577, at *3. Instead, ESHA must first "explain why, exactly, this information is proprietary," and then demonstrate that it is properly sealable. *Cox*, 2025 WL 3443100, at *3; *see also Kamakana*, 447 F.3d at 1184; *Lains*, 2016 WL 5115415, at *1; *MD Helicopters*, 2019 WL 1877356, at *2. "Simply defining the information as confidential and concluding it should not be publicly available 'does not demonstrate [the exhibits] are properly sealable.'" *Cox*, 2025 WL 3443100, at *3 (alteration in original) (quoting *Fairbairn v. Fidelity Invs. Charitable Gift Fund*, No. 18-4881, 2020 WL 6788864, at *1 (N.D. Cal. Mar. 2, 2020)). That is all ESHA has done.

Again, ESHA is vague like a fox: it does not provide more specifics because it cannot, because it knows that the information disclosed in the Reply and Opposition does not address "the most valuable features and functionalities" of ESHA's platform and does not come close to a "roadmap" of the platform that would permit reverse engineering. *Supra* §§ B, C. Instead ESHA provides only an "unsupported assertion of unfair advantage to competitors without explaining how a competitor would use the information to obtain an unfair advantage," which "is insufficient." *Cox*, 2025 WL 3443100, at *3 (quoting *Hodges v. Apple, Inc.,* No. 13-1128, 2013

---

29, 2016) (sealing "confidential financial, pricing, and strategic planning information"); *Clean Crawl, Inc. v. Crawl Space Cleaning Pros, Inc.*, No. 17-1340, 2019 WL 6829886, at *2 (W.D. Wash. Dec. 13, 2019) (sealing specific "marketing and advertising techniques and budgets, sales and distribution figures, and financial figures and projections"); *Charles v. Portfolio Recovery Assocs., LLC*, 654 F. Supp. 3d 1153, 1157-58 (D. Or. Feb. 3, 2023) (sealing specific deal terms); *Ainsworth Inc. v. Marshall*, No. 23-1849, 2024 WL 247208, at *1-2 (D. Or. Jan. 22, 2024) (sealing "specifications for client equipment, vendor and client contact information, and client proposals"); *F.T.C. v. Kroger Co.*, No. 24-347, 2024 WL 1526504, at *1-2 (D. Or. Apr. 8, 2024) (sealing "confidential pricing, promotional, operations, business, and labor strategies"); *Empower*, 2025 WL 1099105 at *2 (sealing only "customer names, customer emails, Plaintiff's proprietary pricing strategy, and how Plaintiff's pricing compares to its competitors").

Page 12 – OPPOSITION TO ESHA'S "RESPONSE" TO SECOND REQUEST TO UNSEAL DOCUMENTS

WL 6070408, at *2 (N.D. Cal. Nov. 18, 2013)).  When the Court reviews the specific statements in the Reply and Opposition, *supra* §§ B, C, it will see that they do "not disclose with particularity any of Plaintiff's protectable information," and thus cannot remain under seal.  *3M Co. v. Rollit, LLC*, No. 06-1225, 2007 WL 9728889, at *7 (N.D. Cal. Dec. 14, 2007).  The Court should deny ESHA's motion for this reason as well.

## CONCLUSION

For the foregoing reasons, the Court should deny ESHA's motion, and should order that any party moving to seal information must file simultaneously with its motion a redacted version of each document it seeks to keep under seal.

Date:  February 5, 2026                              Respectfully submitted,

*s/ P. Andrew McStay, Jr.*
P. Andrew McStay, Jr., OSB No. 033997
DAVIS WRIGHT TREMAINE LLP
560 S.W. Tenth Avenue, Suite 700
Portland, Oregon, 97205
+1 (503) 778-5302
+1 (503) 778-5299 facsimile
andymcstay@dwt.com

Matthew S. Warren (*pro hac vice*)
Erika H. Warren (*pro hac vice*)
WARREN LLP
2261 Market Street, No. 606
San Francisco, California, 94114
+1 (415) 895-2940
+1 (415) 895-2964 facsimile
25-880@cases.warrenllp.com

*Attorneys for Defendant RLH Assets, LLC d/b/a Foodwit*