P. Andrew McStay, Jr., OSB No. 033997
DAVIS WRIGHT TREMAINE LLP
560 S.W. Tenth Avenue, Suite 700
Portland, Oregon, 97205
+1 (503) 241-2300
+1 (503) 778-5299 facsimile
andymcstay@dwt.com

Matthew S. Warren (*pro hac vice*)
Erika H. Warren (*pro hac vice*)
WARREN LLP
2261 Market Street, No. 606
San Francisco, California, 94114
+1 (415) 895-2940
+1 (415) 895-2964 facsimile
25-880@cases.warrenllp.com

*Attorneys for Defendant RLH Assets, LLC d/b/a Foodwit*

UNITED STATES DISTRICT COURT

DISTRICT OF OREGON

PORTLAND DIVISION

| | |
|---|---|
| ESHA RESEARCH, LLC, an Oregon limited liability company,<br><br>　　　　　　　　Plaintiff,<br><br>　　v.<br><br>RLH ASSETS, LLC d/b/a FOODWIT, an Oregon limited liability company,<br><br>　　　　　　　　Defendant. | Case No. 3:25-cv-00880-AB<br><br>**FOODWIT'S OPPOSITION TO PLAINTIFF TRUSTWELL'S MOTION TO STRIKE THE DECLARATION OF REBECCA HOLMES (DKT. 63) OR, IN THE ALTERNATIVE, FOR LEAVE TO FILE A SUR-REPLY** |

**TABLE OF CONTENTS**

*Page*

TABLE OF AUTHORITIES . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . .ii

INTRODUCTION . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 1

BACKGROUND . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 2

A.  ESHA Claims Its Asserted Trade Secrets Are In Its Trade Secrets Disclosure, Marked Its Disclosure "Attorneys' Eyes Only" Under the Protective Order, and Refused to Allow Foodwit's Outside Counsel to Share It With Ms. Holmes . . . . . . . 2

B.  After Foodwit Shows That ESHA's Trade Secrets Disclosure Contains No Trade Secrets, ESHA Invents a New Theory That Its Real Trade Secrets Are in the "Underlying Processes" It Claims It Will Someday Disclose to the Court . . . . . . 3

C.  ESHA Rests Its New Theory on the Declaration of Todd Dolinsky . . . . . . . . . . . . . . . . . .3

D.  Ms. Holmes Provides a Declaration Responding to Mr. Dolinsky's Points . . . . . . . . . . . 4

E.  ESHA Moves to Strike Ms. Holmes' Declaration . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 5

ARGUMENT . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 6

I.  Ms. Holmes Properly Responded to New Information in Mr. Dolinsky's Declaration, Supporting New Arguments ESHA Made For the First Time in Its Opposition Brief . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 6

II.  Having Refused to Allow Foodwit's Outside Counsel to Share Its Asserted Trade Secrets With Ms. Holmes, ESHA Cannot Now Demand That Foodwit's Outside Counsel Should Have Shared Its Asserted Trade Secrets With Ms. Holmes . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 8

III.  After Mr. Dolinsky Claimed Its Asserted Trade Secrets Have Value, ESHA Cannot Block Ms. Holmes' Response That the Same Asserted Trade Secrets Have No Value . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 10

IV.  The Court Should Deny ESHA's Request To File an Unspecified Sur-Reply . . . . . . . . . 10

CONCLUSION . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . .11

## **TABLE OF AUTHORITIES**

*Cases*                                                                                                      *Pages*

*Aguilar v. Peters*,
    No. 23-268, 2024 WL 4870496 (D. Ariz. Nov. 22, 2024) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 8

*Applied Materials, Inc. v. Demaray LLC*,
    No. 20-5676, 2020 WL 8515132 (N.D. Cal. Dec. 16, 2020) . . . . . . . . . . . . . . . . . . . . . . . . . . 6

*Arceo v. Ardent Mills, LLC*,
    No. 23-1146, 2023 WL 5096332 (C.D. Cal. Aug. 9, 2023) . . . . . . . . . . . . . . . . . . . . . . . . . 7, 8

*Bazuaye v. I.N.S.*,
    79 F.3d 118 (9th Cir. 1996) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . .6, 8

*Brower v. McDonald's Corp.*,
    No. 19-2099, 2021 WL 5370246 (D. Nev. Nov. 16, 2021) . . . . . . . . . . . . . . . . . . . . . . . . . . . .8

*Docusign, Inc. v. Sertifi, Inc.*,
    468 F. Supp. 2d 1305 (W.D. Wash. 2006) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . .8

*Eberle v. City of Anaheim*,
    901 F.2d 814 (9th Cir. 1990) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . .8

*Nautilus Grp., Inc. v. Icon Health & Fitness, Inc.*,
    308 F. Supp. 2d 1208 (W.D. Wash. 2003) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . .8

*Oregon Natural Desert Ass'n v. Cain*,
    17 F. Supp. 3d 1037 (D. Or. 2014) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 8, 11

*Orozco v. Borenstein*,
    No. 11-2305, 2012 WL 3762408 (D. Ariz. Aug. 29, 2012) . . . . . . . . . . . . . . . . . . . . . . . 6, 7, 8

*Provenz v. Miller*,
    102 F.3d 1478 (9th Cir. 1996) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . .8, 11

*Rice v. City of N. Las Vegas*,
    No. 20-1542, 2023 WL 6141667 (D. Nev. Sept. 20, 2023) . . . . . . . . . . . . . . . . . . . . . . . . . . . 6

*Tovar v. U.S. Post. Serv.*,
    3 F.3d 1271 (9th Cir. 1993) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 8

*United States v. Patterson*,
    230 F.3d 1168 (9th Cir. 2000) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 8

*Whitewater W. Indus., Ltd. v. Pac. Surf Designs, Inc.*,
    No. 17-1118, 2018 WL 3198800 (S.D. Cal. June 26, 2018) . . . . . . . . . . . . . . . . . . . . . . . . . 10

# **TABLE OF AUTHORITIES**
*(continued)*

*Other Authorities*   *Pages*

*Arceo v. Ardent Mills, LLC*,
  No. 23-1146, Docket No. 12 (C.D. Cal. July 21, 2023) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 7

*Arceo v. Ardent Mills, LLC*,
  No. 23-1146, Docket No. 14 (C.D. Cal. July 28, 2023) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 7

*Arceo v. Ardent Mills, LLC*,
  No. 23-1146, Docket No. 15 (C.D. Cal. Aug. 1, 2023) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 7

*Orozco v. Borenstein*,
  No. 11-2305, Docket No. 29 (D. Ariz. Apr. 17, 2012) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 6

*Orozco v. Borenstein*,
  No. 11-2305, Docket No. 39 (D. Ariz. May 21, 2012) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 7

*Orozco v. Borenstein*,
  No. 11-2305, Docket No. 40 (D. Ariz. May 21, 2012) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 7

*Orozco v. Borenstein*,
  No. 11-2305, Docket No. 41 (D. Ariz. May 21, 2012) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 7

*Orozco v. Borenstein*,
  No. 11-2305, Docket No. 42 (D. Ariz. May 21, 2012) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 7

*Orozco v. Borenstein*,
  No. 11-2305, Docket No. 43 (D. Ariz. May 21, 2012) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 7

**INTRODUCTION**

Since it filed this case, ESHA's philosophy of litigation has been 'heads ESHA wins, tails Foodwit loses.' ESHA's motion to strike Ms. Holmes' declaration represents the apotheosis of this philosophy. In its second amended complaint, ESHA told the Court that it could not disclose its trade secrets in a public filing, but promised the Court that it had disclosed its trade secrets in a confidential response to Foodwit's interrogatory, and thus the Court should allow its claims to proceed past the pleadings. (Heads, ESHA wins.) When Foodwit showed that ESHA's confidential response to Foodwit's interrogatory contained no actual trade secrets, ESHA did not even try to defend the secrecy of its response to Foodwit's interrogatory, but shifted to an entirely new claim that its trade secrets would actually arrive sometime later. (Tails, Foodwit loses.)

To support this new claim, ESHA submitted a new declaration from a new declarant, Todd Dolinsky. Mr. Dolinsky averred that ESHA's *real* trade secrets were not in its trade secrets disclosure, but were instead "the specific processes and methodologies that underly or enable" the mere "features and functionalities" listed in ESHA's trade secret disclosure. And, second, Mr. Dolinsky averred that it was each "specific, underlying process or methodology that enables that feature or functionality and makes it unique and valuable." Based on Mr. Dolinsky's declaration, ESHA argued that the Court should not dismiss this action because it still had real trade secrets, with real value, and would disclose them later. (Heads, ESHA wins.)

Confronted with new arguments and new information from a new declarant, Foodwit submitted a declaration from its CEO Rebecca Holmes that responded directly to Mr. Dolinsky's new points. In response to his claim that the real trade secrets were in the "processes and methodologies that underly or enable" ESHA's software features, Ms. Holmes explained that Foodwit accessed ESHA's software as a service and thus had no access to source code or any

Page 1 – OPPOSITION TO PLAINTIFF TRUSTWELL'S MOTION TO STRIKE

other "underlying process or methodology." And in response to Mr. Dolinsky's claim that each "underlying process or methodology" is "unique and valuable," Ms. Holmes explained that, for each of the four example "underlying processes and methodologies" Mr. Dolinsky averred were valuable, her experience with the product and industry showed the opposite.

Tails, Foodwit loses: ESHA brought this motion to strike. The motion claims that Ms. Holmes should have filed her declaration with Foodwit's opening brief, but neglects to mention that Ms. Holmes is not a mind reader, could not have predicted ESHA's seismic shift to a new theory of "underlying" trade secrets, and thus could not have filed her declaration until Mr. Dolinsky filed his. ESHA also claims it is "improper lay opinion" for Ms. Holmes to explain why she believes ESHA's new trade secrets have no value, although it was fine for Mr. Dolinsky to explain why *he* believes ESHA's new trade secrets *do* have value. Heads, ESHA wins; tails, Foodwit loses. The law does not allow ESHA to apply such a transparent double standard. Having decided to introduce new information through Mr. Dolinsky, ESHA cannot bar Foodwit from responding. The Court should deny ESHA's motion to strike Ms. Holmes' declaration.

## BACKGROUND

**A.     ESHA Claims Its Asserted Trade Secrets Are In Its Trade Secrets Disclosure, Marked Its Disclosure "Attorneys' Eyes Only" Under the Protective Order, and Refused to Allow Foodwit's Outside Counsel to Share It With Ms. Holmes**

ESHA repeatedly confirmed to both Foodwit and the Court that it would disclose its asserted trade secrets in its trade secrets disclosure, set forth in its response to Foodwit's Interrogatory No. 1. *See* Docket No. 60 § I. When ESHA served its asserted trade secrets disclosure, it marked the document as "Attorneys' Eyes Only" under the protective order governing confidentiality in this action. Docket No. 48-1; *see* Docket No. 44. As a result of ESHA's marking, Foodwit's outside counsel could not share this document with Foodwit's CEO,

Page 2 – OPPOSITION TO PLAINTIFF TRUSTWELL'S MOTION TO STRIKE

Rebecca Holmes.  *See* Docket No. 44 ¶ 8.  When Foodwit's outside counsel asked ESHA for permission to do so, ESHA refused.  *See* Docket No. 53-4.

B.  **After Foodwit Shows That ESHA's Trade Secrets Disclosure Contains No Trade Secrets, ESHA Invents a New Theory That Its Real Trade Secrets Are in the "Underlying Processes" It Claims It Will Someday Disclose to the Court**

ESHA's promises to provide its trade secrets were false; its trade secrets disclosure contained no trade secrets.  But, because ESHA refused to allow Ms. Holmes to review the list of things ESHA claimed that she stole, Foodwit's outside counsel could not consult with her about anything related to ESHA's assertion of trade secrets.  *Supra* § A.  So Foodwit's outside counsel prepared by itself Foodwit's motion to dismiss and accompanying declaration, which showed that ESHA's asserted trade secrets disclosure contained no trade secrets.  *See* Docket Nos. 47, 48.

ESHA did not even try to defend its asserted trade secrets disclosure, *see* Docket No. 60 § I; instead, in its opposition to Foodwit's motion ESHA asserted a brand-new theory, never previously disclosed, that its *true* trade secrets were *actually* in the "underlying processes and methodologies that enable those features and functionalities" set forth in its asserted trade secrets disclosure, and which "make those features and functionalities unique and valuable." Docket No. 56 at 11.  ESHA filed its opposition publicly, so Ms. Holmes could read it.

C.  **ESHA Rests Its New Theory on the Declaration of Todd Dolinsky**

To support its new theory of "underlying" trade secrets, ESHA submitted the declaration of its chief product officer, Todd Dolinsky.  Docket No. 56-1 ("Dolinsky Decl.").  ESHA's opposition to Foodwit's motion cited and quoted heavily from Mr. Dolinsky's declaration, and submitted no other evidence to support its new theory.  *See generally* Docket No. 56.

Mr. Dolinsky's declaration made two main points.  First, he averred that ESHA's trade secrets disclosure contains only a list of "features and functionalities that exist in the Genesis

Page 3 – OPPOSITION TO PLAINTIFF TRUSTWELL'S MOTION TO STRIKE

Foods platform," but does not include "the specific processes and methodologies that underly or enable those features and functionalities," which are the true trade secrets. Dolinsky Decl. ¶ 9. Mr. Dolinsky further averred that "information regarding the specific, underlying processes and methodologies will be exchanged later in the course of this lawsuit." *Id.*

Second, Mr. Dolinsky averred that ESHA's true trade secrets (which would come later) were valuable. He averred that for each functionality listed in ESHA's asserted trade secrets, in his opinion it is "the specific, underlying process or methodology that enables that feature or functionality and makes it unique and valuable." Dolinsky Decl. ¶¶ 11. In addition to this general opinion, Mr. Dolinsky referenced four example functionalities to show, in his opinion, that "[t]hose underlying processes" in fact "represent the actual trade secret information associated" with portions of ESHA's trade secret disclosure. *Id.* ¶ 14; *see id.* ¶¶ 14-17. For each example, Mr. Dolinsky specifically averred that the underlying processes constituted a "trade secret," and thus derived value from being secret. *Id.* ¶¶ 14, 15, 16, 17.

**D.     Ms. Holmes Provides a Declaration Responding to Mr. Dolinsky's Points**

Like its opposition to Foodwit's motion, ESHA filed Mr. Dolinsky's declaration publicly, so Ms. Holmes could read it. She did, and she disagreed. So she prepared and Foodwit filed a declaration that responds directly to the two points Mr. Dolinsky made in his declaration.

First, in response to Mr. Dolinsky's claim that ESHA's trade secrets lie in "the specific processes and methodologies that underly or enable those features and functionalities" (Dolinsky Decl. ¶ 9), Ms. Holmes explained that Foodwit "had no access to these 'specific, underlying processes and methodologies,' by ESHA's design." Docket No. 63 ("Holmes Decl.") ¶ 6; *see id.* ¶¶ 5-6. Thus, Ms. Holmes explained, she was "unable to understand how ESHA can contend that Foodwit did anything wrongful, or anything at all, with any 'specific, underlying processes

Page 4 – OPPOSITION TO PLAINTIFF TRUSTWELL'S MOTION TO STRIKE

and methodologies' below the user interface." *Id.* ¶ 6. Second, in response to Mr. Dolinsky's claim that the underlying processes for four example functionalities were trade secrets that derived value from being secret, Ms. Holmes explained that for each example functionality, the underlying processes Mr. Dolinsky described either were already public, or could not have any value from being secret, or both. *See* Holmes Decl. ¶¶ 7-17. On both points, Ms. Holmes' declaration responded directly to Mr. Dolinsky's declaration.

E.     **ESHA Moves to Strike Ms. Holmes' Declaration**

On January 26, 2026, ESHA moved to strike Ms. Holmes' declaration. Docket No. 67. The motion claims that "[n]othing prevented Foodwit from submitting this material with its moving papers," without explaining how Foodwit could divine in advance ESHA's change in its trade secrets claim, or how Foodwit's counsel could have shared with Ms. Holmes information ESHA refused to allow Foodwit's counsel to share with Ms. Holmes. Mot. at 2. And the motion tsk-tsks about "Ms. Holmes' unsupported and inadmissible lay opinion that Trustwell's underlying formulas and processes have no value," without mentioning that those statements directly responded to Mr. Dolinsky's lay opinions that the "underlying formulas and processes" *have* value. *Id.* at 3. ESHA does not explain why the value of its claimed secrets is fair game for Mr. Dolinsky, but "unsupported and inadmissible lay opinion" for Ms. Holmes. *Id.* Finally, ESHA tepidly asks for a sur-reply, but provides no indication of what that sur-reply would say.[1]

---

[1] Although not directly relevant to this motion, it is worth noting that ESHA's motion to strike represents yet another change in its claim of its own trade secrets. Mr. Dolinsky swore under oath that "ESHA Codes are proprietary codes created by Trustwell to assist with identifying and searching certain items or components within Genesis Foods. Once again, disclosing the existence of ESHA Codes **does not reveal the actual codes or their utility. The codes are a trade secret and remain confidential**." Dolinsky Decl. ¶ 16 (emphasis added). But Ms. Holmes remembered seeing them online, and with a simple Google search found the ESHA codes, available to the public, on ESHA's own website. Holmes Decl. ¶ 13 & Ex. 3. Confronted with yet more evidence that its claimed trade secrets were not secret, ESHA once again changed

Page 5 – OPPOSITION TO PLAINTIFF TRUSTWELL'S MOTION TO STRIKE

**ARGUMENT**

I. **Ms. Holmes Properly Responded to New Information in Mr. Dolinsky's Declaration, Supporting New Arguments ESHA Made For the First Time in Its Opposition Brief**

"The main purpose of a reply brief is to rebut the nonmovant's response." *Rice v. City of N. Las Vegas*, No. 20-1542, 2023 WL 6141667, at *5 (D. Nev. Sept. 20, 2023). That is just what Foodwit did. *Supra* § D. ESHA submits cases holding that "new issues and evidence may not be raised in reply briefs" (Opp. at 3 (quoting *Bazuaye v. I.N.S.*, 79 F.3d 118, 120 (9th Cir. 1996)), but neglects to mention that "evidence submitted with a reply brief is not new evidence when it is submitted to rebut arguments raised in the opposition brief." *Applied Materials, Inc. v. Demaray LLC*, No. 20-5676, 2020 WL 8515132, at *1 (N.D. Cal. Dec. 16, 2020); *see also Rice*, 2023 WL 6141667, at *5. When an opposition introduces new arguments or evidence, the reply may respond. *E.g.*, *Applied Materials*, 2020 WL 8515132, at *1.

Courts consistently apply this rule. In *Orozco v. Borenstein*, which concerned a bakery's alleged violations of labor law, defendants moved to dismiss for lack of subject matter jurisdiction. No. 11-2305, 2012 WL 3762408, at *1 (D. Ariz. Aug. 29, 2012). In opposition, plaintiff challenged "the reason for his termination from the Bakery," and contended "that notwithstanding the tender of payment for laundering expenses, plaintiff is also owed reimbursement for improper deductions of time, key, and health cards." *Id.* at *2; *see also id.*, Docket No. 29 at 4-9 (D. Ariz. Apr. 17, 2012). In reply, defendant bakery included declarations to "directly address these arguments," 2012 WL 3762408, at *2, which explained that there "is

---

its claim, stating: "As explained in Trustwell's opposition, the **underlying methodology by which ESHA codes are created** represents trade secret information and remains confidential." Mot. at 5 (citing Dolinsky Decl. ¶ 16) (emphasis added). But that is not what ESHA said in its opposition, and it is not what Mr. Dolinsky said in his declaration. Yet again, ESHA's claim of trade secrets collapses under the slightest scrutiny.

Page 6 – OPPOSITION TO PLAINTIFF TRUSTWELL'S MOTION TO STRIKE

no indication in any of the documents that any deduction was ever made from Orozco's pay for anything other than uniform laundering costs" and that "[n]o employees of the Bakery were ever charged for new keys cards, time cards or health cards." *Id.*, Docket No. 42 (D. Ariz. May 21, 2012); *see also id.*, Docket Nos. 39, 40, 41, 43 (D. Ariz. May 21, 2012). Plaintiff moved to strike, arguing that "the declarations are improper because they contain new facts and arguments." 2012 WL 3762408, at *2. The Court disagreed: "It is axiomatic that a party is entitled to present evidence in a reply brief to rebut arguments raised in the opposing party's response brief." *Id.* "In his response, plaintiff challenges the reason for his termination from the Bakery," and, in turn, "[t]he Bakery's declarations directly address these arguments." *Id.* The Court thus denied the motion to strike. *See id.*

In *Arceo v. Ardent Mills, LLC*, defendant removed under diversity jurisdiction and plaintiff moved to remand, arguing that "Defendant failed to establish diversity of citizenship" and "the amount in controversy." No. 23-1146, 2023 WL 5096332, at *1 (C.D. Cal. Aug. 9, 2023). Defendant opposed, adding Private Attorneys General Act "penalties to its calculation of the amount in controversy." *Id.*; *see also id.*, Docket No. 12 at 3-5, 11 (C.D. Cal. July 21, 2023). In reply, plaintiff addressed defendant's new arguments regarding PAGA penalties and other new allegations regarding diversity of citizenship. *Id.*, Docket No. 14 (C.D. Cal. July 28, 2023). Defendant argued that plaintiff's "Reply raises four new arguments that Plaintiff failed to raise in its Motion." 2023 WL 5096332, at *1; *see also id.*, Docket No. 15 (C.D. Cal. Aug. 1, 2023). But the Court found that "the four new arguments that Defendant faults Plaintiff for raising for the first time in his reply are merely responses to arguments that Defendant made for the first time in its opposition and failed to present in its" notice of removal. 2023 WL 5096332, at *1. "Plaintiff was not required to anticipate in its Motion that Defendant would, in its opposition, try

Page 7 – OPPOSITION TO PLAINTIFF TRUSTWELL'S MOTION TO STRIKE

to bolster its amount-in-controversy showing with claims that it did not initially value in its NOR." *Id.* The Court therefore concluded that "Plaintiff appropriately responded in his reply and did not expand the scope of the motion beyond what Defendant put in issue in its opposition." *Id.*

The same is true here. Ms. Holmes' declaration was "filed in response to allegations contained in [ESHA's] response to the motion to dismiss," "directly address[ing]" ESHA's opposition. *Orozco*, 2012 WL 3762408, at *2; *see supra* § D. Thus Foodwit "appropriately responded in [its] reply and did not expand the scope of the motion beyond what Defendant put in issue in its opposition." *Arceo*, 2023 WL 5096332, at *1. The Court should deny the motion.[2]

## II. Having Refused to Allow Foodwit's Outside Counsel to Share Its Asserted Trade Secrets With Ms. Holmes, ESHA Cannot Now Demand That Foodwit's Outside Counsel Should Have Shared Its Asserted Trade Secrets With Ms. Holmes

A witness cannot "testify to information it does not have." *Brower v. McDonald's Corp.*, No. 19-2099, 2021 WL 5370246, at *2 (D. Nev. Nov. 16, 2021). But that is just what ESHA

---

[2] None of the cases ESHA cites in its motion address what happened here: a party files an opposition that contains new arguments and evidence, to which the other party responds in its reply. As a result, ESHA's cases either support Foodwit's view, or are irrelevant here. In *Aguilar v. Peters*, the Court recognized that it "may consider evidence submitted for the first time with a reply if it is responsive to points raised for the first time in the nonmovant's opposition." No. 23-268, 2024 WL 4870496, at *13 (D. Ariz. Nov. 22, 2024) (collecting cases); *see* Mot. at 2 (citing *Aguilar*). The *Aguilar* Court found that the "declarations submitted with Defendant United States' Reply are ***not*** in response to arguments or evidence Plaintiff raised for the first time in her opposition to Defendant's Motion for Summary Judgment. Rather, the Reply declarations are in response to the exhaustion argument and evidence (sworn statements) presented in Plaintiff's Complaint." *Aguilar*, 2024 WL 4870496, at *13 (emphasis added). *Aguilar* thus supports Foodwit's view of this motion.

The other cases ESHA cites reach the same result for the same reason, which does not apply here. *See Eberle v. City of Anaheim*, 901 F.2d 814, 818 (9th Cir. 1990); *Tovar v. U.S. Postal Serv.*, 3 F.3d 1271, 1273 n.3 (9th Cir. 1993); *Bazuaye*, 79 F.3d at 120; *Provenz v. Miller*, 102 F.3d 1478, 1483 (9th Cir. 1996); *United States v. Patterson*, 230 F.3d 1168, 1172 n.3 (9th Cir. 2000); *Docusign, Inc. v. Sertifi, Inc.*, 468 F. Supp. 2d 1305, 1307 (W.D. Wash. 2006); *Nautilus Grp., Inc. v. Icon Health & Fitness, Inc.*, 308 F. Supp. 2d 1208, 1214 (W.D. Wash. 2003); *Oregon Natural Desert Ass'n v. Cain*, 17 F. Supp. 3d 1037, 1048 (D. Or. 2014).

Page 8 – OPPOSITION TO PLAINTIFF TRUSTWELL'S MOTION TO STRIKE

thinks Ms. Holmes should have done.  Mot. at 3, 4.  ESHA marked its claimed trade secrets Attorneys' Eyes Only; although Foodwit's outside counsel disagreed with this designation, they could not share anything about ESHA's claimed trade secrets with Ms. Holmes.  As a result, there was no way Ms. Holmes could file a declaration with Foodwit's opening papers.  Consider the following hypothetical:  Foodwit filed, with its sealed opening brief, a declaration from Ms. Holmes that addressed specific features of ESHA's product and explained why those features had no value from being secret.  (She couldn't talk about ESHA's new theory or Mr. Dolinsky's declaration, of course, because they didn't exist yet.)  That is precisely what ESHA claims Ms. Holmes should have done.  Mot. § II.  By making this claim, ESHA asks the Court to believe that, in this hypothetical situation, ESHA would have accepted Ms. Holmes' declaration without complaint.  But if Foodwit had done what ESHA now says it should have done, ESHA would have immediately filed an emergency motion to seal Ms. Holmes' declaration, and would have sought sanctions for alleged violations of the protective order.  'How could she know which features to talk about,' ESHA would ask, 'if Foodwit's outside counsel had not told her, thus violating the Attorneys' Eyes Only designation?'  To avoid this situation, Foodwit asked ESHA for permission to share with Ms. Holmes the list of features ESHA claims she stole.  *Supra* § A.  ESHA refused to allow this request.  *See id.*  So Foodwit's outside counsel did the best it could, without participation from Ms. Holmes.  *See* Docket Nos. 47, 48.  But when ESHA filed its own papers publicly and Ms. Holmes could read them, she did, and she responded.  Having refused to allow Ms. Holmes to see its asserted trade secret information before, ESHA cannot complain that, when it later made some of that information public, she responded.

Page 9 – OPPOSITION TO PLAINTIFF TRUSTWELL'S MOTION TO STRIKE

### III. After Mr. Dolinsky Claimed Its Asserted Trade Secrets Have Value, ESHA Cannot Block Ms. Holmes' Response that the Same Asserted Trade Secrets Have No Value

ESHA submitted Mr. Dolinsky's declaration asserting that ESHA's asserted trade secrets have value both generally and in four specific examples he discussed. *Supra* § C. Ms. Holmes could not respond regarding Mr. Dolinsky's general assertion (because she still cannot read ESHA's asserted trade secrets) but she could and did respond to Mr. Dolinsky's specific assertions regarding the four examples. *Supra* § D. Although ESHA did not mind when Mr. Dolinsky opined as to the value of its asserted trade secrets, it is apparently "unsupported and inadmissible lay opinion" when Ms. Holmes does it. Mot. at 3; *see id.* at 2, 4-6. ESHA cites no case or other doctrine to support this argument; the only doctrine that could support it is 'heads, ESHA wins; tails, Foodwit loses.' The Court can quickly dismiss this unsupported claim.

### IV. The Court Should Deny ESHA's Request To File an Unspecified Sur-Reply

ESHA briefly suggests in the alternative that the Court should allow it to file an unspecified sur-reply. Mot. at 6. The Court can and should deny this request. "Courts generally view motions for leave to file a sur-reply with disfavor." *Whitewater W. Indus., Ltd. v. Pac. Surf Designs, Inc.*, No. 17-1118, 2018 WL 3198800, at *1 (S.D. Cal. June 26, 2018). Foodwit's "reply and attached exhibits merely respond to the arguments raised by [ESHA] in [its] opposition, which is in keeping with the nature and purpose of a response." *Id.* at *2. "Courts so thoroughly disfavor requests to file sur-replies" when, in situations such as this, it "is merely an attempt to have the last word on this issue." *Id.* ESHA posits two reasons for its proposed sur-reply: "to prevent undue prejudice and to ensure the Court receives a fair and accurate record." Mot. at 6. But ESHA does not show (or even try to show) prejudice, and none could exist: because ESHA introduced new arguments and evidence in opposition, it is Foodwit that

Page 10 – OPPOSITION TO PLAINTIFF TRUSTWELL'S MOTION TO STRIKE

would suffer prejudice if it could not respond. *Supra* § I. Second, ESHA does not show (or even try to show) what is not "fair and accurate" about the current "record," which shows that ESHA's claim of trade secrets collapsed, ESHA asserted new claims of trade secrets, and those new claims also collapsed. Nor did ESHA submit its proposed sur-reply, unlike the cases it cited in support. *See* Mot. at 6 (citing *Provenz*, 102 F.3d at 1483; *Oregon Natural Desert*, 17 F. Supp. 3d at 1048). If ESHA had anything to say in sur-reply, it would have submitted a proposal to the Court. The Court should deny ESHA's half-hearted attempt to further delay resolution of Foodwit's motion to dismiss.

## CONCLUSION

For all of the foregoing reasons, the Court should deny ESHA's motion in its entirety.

Date: February 5, 2026

Respectfully submitted,

*s/ P. Andrew McStay, Jr.*
P. Andrew McStay, Jr., OSB No. 033997
DAVIS WRIGHT TREMAINE LLP
560 S.W. Tenth Avenue, Suite 700
Portland, Oregon, 97205
+1 (503) 778-5302
+1 (503) 778-5299 facsimile
andymcstay@dwt.com

Matthew S. Warren (*pro hac vice*)
Erika H. Warren (*pro hac vice*)
WARREN LLP
2261 Market Street, No. 606
San Francisco, California, 94114
+1 (415) 895-2940
+1 (415) 895-2964 facsimile
25-880@cases.warrenllp.com

*Attorneys for Defendant RLH Assets, LLC d/b/a Foodwit*