Brian R. Talcott, OSB No. 965371
DUNN CARNEY LLP
851 SW Sixth Avenue, Suite 1500
Portland, OR 97204
Telephone: (503) 224-6440
Facsimile: (503) 224-7324
E-mail:  btalcott@dunncarney.com

Cary D. Sullivan (*admitted Pro Hac Vice*)
JONES DAY
3161 Michelson Drive, Suite 800
Irvine, CA  92612
Telephone: (949) 851-3939
Facsimile:  (949) 553-7539
E-mail:  carysullivan@jonesday.com

*Attorneys for Plaintiff*

UNITED STATES DISTRICT COURT

DISTRICT OF OREGON – PORTLAND DIVISION

| | |
|---|---|
| **ESHA RESEARCH, LLC., now known as TRUSTWELL,**<br><br>Plaintiff,<br><br>v.<br><br>**RLH ASSETS, LLC, doing business as FOODWIT, an Oregon limited liability company,**<br><br>Defendant. | Civil No. 3:25-cv-00880-AB<br><br>**PLAINTIFF TRUSTWELL'S REPLY IN SUPPORT OF MOTION TO STRIKE THE DECLARATION OF REBECCA HOLMES (DKT. 63) OR, IN THE ALTERNATIVE, FOR LEAVE TO FILE A SUR-REPLY** |

## INTRODUCTION

Looking to patch sizeable holes in its motion to dismiss, Defendant RLH Assets, LLC, d/b/a Foodwit ("Foodwit"), submitted with its reply brief a declaration from Rebecca Holmes that introduced more than 1,200 pages of new material, including new arguments and new exhibits. As explained in Plaintiff ESHA Research, LLC, now known as Trustwell's ("Trustwell"), motion to strike, Ms. Holmes' declaration should be stricken because it far exceeds the permissible scope of reply evidence.

Foodwit's opposition to this motion is long on rhetoric but short on substance. It largely ignores Trustwell's arguments, and half-heartedly argues that Ms. Holmes' declaration simply responds to statements made by Trustwell's declarant, Todd Dolinsky, in opposition to Foodwit's motion to dismiss. But as Trustwell already established, Ms. Holmes' declaration goes well beyond the limited scope of Mr. Dolinsky's declaration and includes new arguments and new evidence that could and should have been introduced with Foodwit's motion to dismiss. Recognizing this obvious defect in its position, Foodwit next argues that Ms. Holmes' delay in submitting her declaration is excusable, and thus her declaration is proper, because Ms. Holmes was unaware of the trade secrets at issue until Trustwell submitted its opposition. Of course, that argument is belied by the content of Ms. Holmes' declaration, which includes new arguments and new exhibits regarding issues introduced and briefed extensively in Foodwit's motion to dismiss, like ESHA codes, as well as those alleged in the Second Amended Complaint, like whether Foodwit copied Genesis Foods.

At bottom, nothing in Foodwit's opposition justifies the new arguments and new evidence in Ms. Holmes' declaration. The Court should strike it, or at least grant leave for Trustwell to file a targeted sur-reply.

I.  ARGUMENT

A.  **Trustwell Established That Foodwit's New Arguments And Evidence Should Be Stricken.**

The Holmes Declaration should be stricken because it far exceeds the scope of Trustwell's opposition to the motion to dismiss, and introduces new issues and new evidence to bolster Foodwit's insufficient opening brief. "It is well established that new arguments and evidence presented for the first time in [r]eply are waived." *Docusign, Inc. v. Sertifi, Inc.*, 468 F. Supp. 2d 1305, 1307 (W.D. Wash. 2006) (striking supplemental declarations on reply where the "declarations address issues which should have been addressed in the opening brief, and the new evidence is inappropriate for Reply"); *see Wallace v. Countrywide Home Loans, Inc.*, 2009 WL 4349534, at *7 (C.D. Cal. Nov. 23, 2009) ("A district court may refuse to consider new evidence submitted for the first time in a reply if the evidence should have been presented with the opening brief.") And yet, as explained in Trustwell's motion to strike, that is exactly what Foodwit attempts to do with Ms. Holmes' declaration. Specifically, the Holmes Declaration introduces four categories of new material that were either plainly available to Foodwit but simply not raised in its motion to dismiss, or that go well beyond any argument raised in Trustwell's opposition to the motion to dismiss:

- Ms. Holmes asserts, without any support, that Foodwit could not have downloaded Trustwell's Genesis Foods software. Holmes Decl., ¶¶ 5-6.
- Ms. Holmes introduces new and additional arguments and evidence, and attaches publicly-available exhibits that were available to Foodwit at the time it filed its motion to dismiss—*e.g.*, Homes Decl., ¶¶ 11, 16; *id.* Exs. 1-2, regarding "ESHA Codes"—regarding issues that were introduced and briefed extensively in Foodwit's motion to dismiss. *See* Homes Decl., ¶ 13; *id.* at Ex. 3.
- Ms. Holmes baldly asserts that ESHAPort has no value. *See* Holmes Decl., ¶¶ 16-17.

- Ms. Holmes also baldly asserts that certain of Trustwell's underlying nutrient-calculation formulas are dictated by unspecified regulatory requirements and therefore have no value. See Holmes Decl., ¶ 9.

This new argument and evidence should be stricken. *Tovar v. USPS*, 3 F.3d 1271, 1273 n.3 (9th Cir. 1993) (striking portions of a reply brief that presented new information).

### B. Ms. Holmes' Declaration Goes Well Beyond Issues Raised By Trustwell's Opposition.

Recognizing, as it must, that new evidence on reply is prohibited, Foodwit characterizes Ms. Holmes' statements as responsive to statements made by Trustwell's declarant in opposition to the motion to dismiss. Foodwit, however, is unable to draw a convincing line from Ms. Holmes' declaration to any statement in the declaration of Todd Dolinsky. It argues, for example, that paragraphs 5-6 of Ms. Holmes' declaration respond to paragraph 9 of Mr. Dolinsky's declaration. In paragraph 9, Mr. Dolinsky explains that he "put together a comprehensive list of the trade secret features and functionalities that exist in the Genesis Foods platform," but that the list does not include "all of the specific processes and methodologies that underly or enable those features and functionalities." Opp. (Dkt. 71) at 4; *see also* Dolinsky Decl. ¶ 9.[1] Ms. Holmes' declaration says nothing about the content of Trustwell's Trade Secret Identification or its completeness. She simply parrots, without any support whatsoever, Foodwit's argument that Trustwell's misappropriation theory is impossible because a software as a service, like Genesis Foods, cannot be copied. *See* Holmes Decl. ¶¶ 5-6.

The remainder of Ms. Holmes' declaration is likewise not limited to responding to "Mr. Dolinsky's claim that the underlying processes for four example functionalities were trade secrets that derived value from being secret," as Foodwit claims. *See* Opp. (Dkt. 71); Holmes Decl. ¶¶ 9, 11, 13, 16-17. Even a cursory examination of Ms. Holmes' declaration shows that she goes well

---

[1] Notably, Foodwit does not argue that Ms. Holmes' declaration is intended to respond to any argument or statement raised in Trustwell's opposition brief itself. This argument is thus waived. *Versluys v. Weizenbaum*, No. 21-1694, 2023 WL 6880412, at *2 (D. Or. Oct. 18, 2023) (citing *Kroeger v. Vertex Aerospace LLC*, No. 20-3030, 2020 WL 3546086, at *8 (C.D. Cal. June 30, 2020)).

beyond anything Mr. Dolinsky says. Paragraph 9 of the Holmes Declaration is illustrative. Foodwit devoted much of its motion to dismiss to arguing that Trustwell's trade secrets are public. Mr. Dolinsky explained in his declaration that the documents on which Foodwit relies to argue that the trade secrets are public do not actually disclose the information Trustwell is claiming as trade secrets. *See* Dolinsky Decl. ¶ 9. Ms. Holmes does not dispute Mr. Dolinsky's claim. Instead, her declaration focuses on unspecified public regulatory requirements that neither Mr. Dolinsky nor Trustwell addressed in opposition to the motion to dismiss:

| Statement from Mr. Dolinsky's Declaration | Ms. Holmes' "Response" |
|---|---|
| Paragraph 12 of the Trade Secret Identification discusses certain mathematical formulas that Genesis Foods automatically and dynamically calculates for various nutrients, and lists 21 examples of particular nutrients (in subparagraphs 12(a) through 12(u)) for which Genesis Foods 'include[s] formulas. And none of the exhibits disclose or contain the contents of the other 11 listed nutrients, let alone any of their underlying formulas or calculation processes. Those underlying processes that Trustwell utilizes for the various nutrients represent the actual trade secret information associated with the 21 nutrients listed in subparagraphs 12(a) through 12(u), as stated in the Trade Secret Identification. | Mr. Dolinsky's assertion doesn't make sense. Customers use Genesis Foods to calculate nutritional values as required by regulatory bodies. Because nutrient calculation methods are controlled by regulatory bodies, compliance software such as Genesis Foods must generate answers that conform to regulatory requirements. These regulatory requirements are public; one example is 21 C.F.R. § 101.9. In my experience, compliance professionals expect that different tools will produce consistent results when given the same inputs, because they are all applying the same public regulatory standards. As a result, if a company such as ESHA were to develop a particular set of "underlying formulas or calculation processes," they would not have any value from being secret and there would be no reason for anyone else to copy them, as it would be easier to use the publicly available regulatory requirements to generate the formulas or calculation processes a product requires. |

Because Foodwit ignored this issue in its motion to dismiss, it is plainly improper to allow it now, for the first time, on reply. *Nautilus Grp., Inc. v. Icon Health & Fitness, Inc.*, 308 F. Supp. 2d 1208, 1214 (W.D. Wash. 2003) (striking a declaration with new evidence submitted in reply).

The cases on which Foodwit relies do not compel a different result and, in fact, support Trustwell's position. *Orozco v. Borenstein*, for example, explains when it is proper to raise new evidence on reply: "to rebut arguments raised in the opposing party's response brief." 2012 WL

3762408, at *2 (D. Ariz. Aug. 29, 2012) (denying motion to strike where the declarations "directly address these arguments"). Ms. Holmes' declaration is not so limited.

This situation is analogous to the issue presented in the other case Foodwit cites, *Arceo v. Ardent Mills, LLC*, 2023 WL 5096332 (C.D. Cal. Aug. 9, 2023). In *Areco*, the court denied the defendant's request to file a sur-reply to the plaintiff's motion to remand to address its own citizenship because "[t]he facts about its own citizenship that Defendant wishes to present are thus not new, even if Defendant failed to marshal them timely." *Id*. at *2. The Holmes declaration should be stricken for the same reason. Publicly available documents are not new. Arguments raised by Foodwit in its motion to dismiss, including disputing Foodwit's ability to export data (Dkt. 47 at 22), also are not new. Foodwit cannot now seek to fill gaps in its moving papers by belatedly introducing new evidence on reply. *Id*.

   **C. Foodwit's Claim That Ms. Holmes Could Not Submit A Declaration Until Trustwell Filed Its Public Opposition Is Meritless.**

Recognizing that Ms. Holmes' declaration presents new information—and not merely rebuttal evidence—Foodwit alternatively argues that the declaration is proper because Ms. Holmes did not know what Trustwell claimed as its trade secrets until Mr. Dolinsky filed his declaration. That is simply false. Mr. Dolinsky's declaration does not reveal anything that is not addressed in Trustwell's Second Amended Complaint ("SAC"). *See* Dolinsky Decl. ¶ 2 ("I am aware that in both Trustwell's second amended complaint and its Trade Secret Identification, Trustwell asserts two types of trade secrets: 1) Trustwell's Genesis Foods software platform; and 2) Trustwell's master food and nutrition database, which is embedded in the Genesis Foods system."); *see also* SAC ¶¶ 20-21. Nor, as discussed above, is Ms. Holmes' declaration limited to Mr. Dolinsky's declaration.

The elaborate hypothetical provided by Foodwit explaining away Ms. Holmes' delay is exactly that—a hypothetical. The fact is Ms. Holmes goes well beyond the scope of Mr. Dolinsky's declaration and Trustwell's Trade Secret Identification. For example, in paragraph 5 of her declaration, Ms. Holmes baldly asserts that because Genesis Foods is a "software as a

service," Foodwit "could not download a copy of the Genesis Foods software." That argument, however, is not based on anything in Mr. Dolinsky's declaration, which does not even address Foodwit's ability to download the Genesis Foods software, or in Trustwell's Trade Secret Identification. Rather, as Foodwit recognizes, Trustwell's allegation that Foodwit copied Genesis Foods is alleged in the SAC—a publicly filed document to which Ms. Holmes has had access since October 2025. In fact, that is a central argument in Foodwit's motion to dismiss. Citing paragraphs 55-60 of the SAC, Foodwit argued, without support, that "[i]t is therefore impossible for Foodwit to have 'merely repackaged' ESHA's software-as-a-service 'as its own.'" Dkt. 47 at 18. There was no reason Ms. Holmes needed to wait to see what evidence Trustwell submitted with its opposition to submit her (similarly unsupported) declaration.

The same is true of the publicly available documents Ms. Holmes attached as exhibits to her declaration. Foodwit argues at length in its motion to dismiss that Trustwell's trade secrets are public and attached hundreds of pages of examples of what it claims to be the public disclosures to Mr. Warren's declaration. That Mr. Warren elected to ignore these additional printouts for purposes of his declaration does not mean Foodwit now can have a second bite at the apple by way of Ms. Holmes' declaration. For example, Mr. Dolinsky, in responding to Mr. Warren's declaration, explained that the documents Mr. Warren attached to his declaration do not "reveal the underlying processes that enable the functionality" of ESHAPort. Ms. Holmes simply ignores this. Her discussion of ESHAPort focuses on introducing additional public-facing documents that Foodwit elected not to include with its moving papers. That is not permissible.

### D. Ms. Holmes' Unsupported Lay Opinion About The Value Of Trustwell's Trade Secrets Is Also Inadmissible.

The Holmes Declaration suffers from another evidentiary defect: it offers unsupported and inadmissible lay opinion about the value of Trustwell's Trade Secrets.[2] Foodwit again has no response to this argument, except to say that Ms. Holmes' opinion should be allowed because it is

---

[2] If permitted to file a sur-reply, Trustwell will address, among other things, the serious evidentiary issues with Ms. Holmes' declaration.

no different than Mr. Dolinsky's opinion that the trade secrets have value. That is also false. Mr. Dolinksy is Trustwell's Chief Product Officer, with intimate knowledge of the Genesis Foods software and master database—and, thus, foundation to discuss the value of their underlying trade secrets. In fact, he is uniquely positioned to discuss the features that make Trustwell's products valuable. It has long been the law in the Ninth Circuit that there is "no error in permitting the plaintiff to testify about his opinion of the value of his idea." *Droeger v. Welsh Sporting Goods Corp.*, 541 F.2d 790, 793 (9th Cir. 1976). The statements in Mr. Dolinsky's declaration "are observations about the ordinary inner workings of the [Trustwell's Genesis Foods and database], derived from [his] personal experience," which is well within the bounds of rule 701 of the Federal Rules of Evidence. *See Siebert v. Gene Sec. Network, Inc*, 75 F. Supp. 3d 1108, 1114 (N.D. Cal. 2014) (admitting testimony). Ms. Holmes, in contrast, has no such knowledge or foundation to provide lay opinion testimony about the value and technical attributes of Trustwell's trade secrets. Her opinion about value is therefore inadmissible and should be stricken for that additional reason.

## II.  IN THE ALTERNATIVE, TRUSTWELL SEEKS LEAVE TO FILE A SUR-REPLY.

Foodwit argues that the Court should deny Trustwell leave to file a sur-reply, the alternate relief Trustwell seeks, based on the same argument that Ms. Holmes' declaration does not constitute new evidence.[3] Foodwit relies on *Whitewater W. Indus., Ltd. v. Pac. Surf Designs, Inc.*, in which the court denied the plaintiff's motion to strike or file a sur-reply where, *unlike here*, the defendant did not submit new material and focused its reply on the arguments raised in plaintiff's opposition. 2018 WL 3198800, at *1 (S.D. Cal. June 26, 2018). In *Whitewater*, the defendant submitted "a close-up, higher resolution version of an exhibit [already] produced" and "duplicates or portions of prior exhibits." *Id*. Ms. Holmes, on the other hand, submits brand-new arguments and brand-new exhibits that vastly exceed the scope of Trustwell's opposition and should have been submitted, if at all, with Trustwell's motion to dismiss. *Whitewater* is inapposite.

---

[3] Foodwit suggests that it is somehow improper that Trustwell did not file a proposed sur-reply with its moving papers. There exists no such requirement. And, in any event, Trustwell has outlined what that sur-reply would address.

Next, Foodwit suggests that a sur-reply is not proper where its sole purpose is to give the non-moving party the last word. To be clear, Trustwell requests a sur-reply to mitigate the prejudice caused by Ms. Holmes' new arguments and new evidence. The prejudice is clear: without a sur-reply, the Court is left with a distorted record that only serves Foodwit's contrived and unsupported narrative that Trustwell's trade secrets are public and lack value. Accordingly, if the Court is not inclined to strike the Holmes Declaration, it should grant Trustwell leave to file a targeted sur-reply to prevent undue prejudice and to ensure the Court bases its ruling on a fair and accurate record. *See Provenz v. Miller*, 102 F.3d 1478, 1483 (9th Cir. 1996); *Oregon Natural Desert Ass'n v. Cain*, 17 F. Supp. 3d 1037, 1048 (D. Or. 2014).

## CONCLUSION

For all of the reasons above and set forth in Trustwell's moving papers, Trustwell respectfully requests that the Court strike the Holmes Declaration and those portions of Foodwit's reply that rely on it or, in the alternative, grant Trustwell leave to file a targeted sur-reply to address the new arguments and new evidence presented by Ms. Holmes.

Dated: February 19, 2026                    Respectfully submitted,

                                            **JONES DAY**

                                              s/ Cary D. Sullivan
                                            Cary D. Sullivan (*admitted Pro Hac Vice*)
                                            Email: carysullivan@jonesday.com

                                            **DUNN CARNEY LLP**
                                            Brian R. Talcott, OSB 965371
                                            Email: btalcott@dunncarney.com

                                            *Attorneys for Plaintiff*

# CERTIFICATE OF SERVICE

I hereby certify that on the 19th day of February, 2026, I caused to be served the foregoing **PLAINTIFF TRUSTWELL'S REPLY IN SUPPORT OF MOTION TO STRIKE THE DECLARATION OF REBECCA HOLMES (DKT. 63) OR, IN THE ALTERNATIVE, FOR LEAVE TO FILE A SUR-REPLY** on the following party via the following method(s):

P. Andrew McStay, Jr.
Email: andymcstay@dwt.com
DAVIS WRIGHT TREMAINE LLP
560 S.W. Tenth Avenue, Suite 700
Portland, Oregon, 97205
Telephone: +1 (503) 241-2300
Facsimile: +1 (503) 778-5299

*Attorneys for Defendant
RLH Assets, LLC d/b/a Foodwit*

by:
☐ U.S. Postal Service, ordinary first class mail
☒ electronic service
☐ other (specify)  Email

**JONES DAY**

  *s/ Cary D. Sullivan*
Cary D. Sullivan (*admitted Pro Hac Vice*)
Email:  carysullivan@jonesday.com

**DUNN CARNEY LLP**
Brian R. Talcott, OSB 965371
Email:  btalcott@dunncarney.com

*Attorneys for Plaintiff*