Brian R. Talcott, OSB No. 965371
DUNN CARNEY LLP
851 SW Sixth Avenue, Suite 1500
Portland, OR 97204
Telephone: (503) 224-6440
Facsimile: (503) 224-7324
E-mail: btalcott@dunncarney.com

Cary D. Sullivan (*admitted Pro Hac Vice*)
JONES DAY
3161 Michelson Drive, Suite 800
Irvine, CA 92612
Telephone: (949) 851-3939
Facsimile: (949) 553-7539
E-mail: carysullivan@jonesday.com

*Attorneys for Plaintiff*

## UNITED STATES DISTRICT COURT

## DISTRICT OF OREGON – PORTLAND DIVISION

| | |
|---|---|
| **ESHA RESEARCH, LLC., now known as TRUSTWELL,** | Civil No. 3:25-cv-00880-AB |
| Plaintiff, | |
| v. | **PLAINTIFF TRUSTWELL'S REPLY IN SUPPORT OF ITS RESPONSE TO FOODWIT'S (SECOND) REQUEST TO UNSEAL DOCUMENTS (DKT. 65)** |
| **RLH ASSETS, LLC, doing business as FOODWIT, an Oregon limited liability company,** | |
| Defendant. | |

Plaintiff ESHA Research, LLC, now known as Trustwell ("Trustwell"), hereby replies to Defendant RLH Assets, LLC, doing business as Foodwit's ("Foodwit"), opposition to Trustwell's motion to seal documents (Dkt. 70), pursuant to the protective order (Dkt. 44), in response to Foodwit's second request to unseal documents (Dkts. 60-61).

## INTRODUCTION

It is well accepted in the Ninth Circuit and this District that materials revealing trade secret information may be sealed. Foodwit continues to discuss Trustwell's trade secrets in its filings and resists Trustwell's efforts to protect that information from disclosure. Foodwit offers only unsupported interpretations, mischaracterizations, and rhetoric in its opposition. None of it is convincing.

Foodwit's opposition mischaracterizes both the protective order and Trustwell's compliance with it, while simultaneously ignoring Foodwit's own failures to meet its obligations under that same order. Foodwit's central argument rests on a strained interpretation of Section 4 of the protective order that would impose requirements that simply do not exist. Trustwell complied with the protective order by timely responding to Foodwit's request to unseal, explaining the compelling reasons to maintain the documents under seal, and offering to propose redactions if the Court would prefer.

More fundamentally, Foodwit fails to overcome the substantial showing Trustwell has made that the documents at issue reveal trade secret information—the key features and functionalities of its Genesis Foods software platform and its master food and nutrition database. Indeed, this Court has already ruled that Trustwell's description of its compilation database is a sufficient trade secret identification. The disclosure Foodwit seeks would provide competitors with a roadmap to reverse engineer Trustwell's proprietary systems and target precisely what makes Genesis Foods so unique and valuable in the marketplace. Such disclosure would cause the exact type of competitive harm that sealing is designed to prevent.

The Court should deny Foodwit's request and order that Foodwit's reply (Dkt. 60) and opposition (Dkt. 61) remain sealed or, at a minimum, be filed in redacted form.

**PLAINTIFF TRUSTWELL'S REPLY ISO ITS RESPONSE TO FOODWIT'S (SECOND) REQUEST TO UNSEAL DOCUMENTS (DKT. 65)**

## ARGUMENT

### I.  Trustwell Complied With The Protective Order.

Foodwit's opposition recycles the same argument it made in its opposition in connection with its first request to unseal documents (Dkt. 61)—that Trustwell violated the terms of the protective order.  Foodwit's argument fares no better the second time around.

Foodwit relies on a distorted interpretation of the protective order to impose obligations on Trustwell that do not exist.  It focuses on the last sentence in Section 4 of the protective order — "[b]efore seeking to maintain the protection of documents filed with the Court, a party must assess whether redaction is a viable alternative to complete nondisclosure"—to suggest that Trustwell was required to submit redactions to the Court with its request. Dkt. 44, ¶ 4; Opp. at 7.  Section 4 imposes no such obligation.  Rather, it sets out the mechanics for designating and filing materials that contain confidential or attorneys-eyes-only information, including the specific procedure non-designating parties like Foodwit must follow when they file or reference confidential material.  *See id*.  As it did with Foodwit's first request to unseal, Trustwell timely filed its response explaining that compelling reasons exists to maintain Foodwit's reply and opposition under seal.  *See* Dkt. 68.  Trustwell also explained in its response that, while the documents should remain sealed in their entirety because of the extremely sensitive nature of Trustwell's trade secrets, at an absolute minimum they should be redacted.  *Id*.  And Trustwell offered to provide the Court with proposed redactions.  *Id*.  That is all Section 4 requires.

Foodwit's opposition tacitly admits that the protective order does not require Trustwell preemptively to propose redactions in response to a request to unseal.  It argues that its "reasonable interpretation" of the protective order requires such result.  But none of the cases cited by Foodwit support its position.  Indeed, both *City of Colton v. Am. Promotional Events, Inc.*, 2012 WL 13013035 (C.D. Cal. June 7, 2012), and *On Command Video Corp. v. LodgeNet Ent. Corp.*, 976 F. Supp. 917 (N.D. Cal. 1997), stand for the unremarkable proposition that protective orders should not be interpreted to impose additional obligations beyond the plain language of the document.

**PLAINTIFF TRUSTWELL'S REPLY ISO ITS RESPONSE TO FOODWIT'S (SECOND) REQUEST TO UNSEAL DOCUMENTS (DKT. 65)**

Foodwit also conveniently ignores its own repeated failure to comply with Section 11 of the protective order. Section 11 requires the challenging party to meet and confer to "assess whether redaction is a viable alternative to complete non-disclosure." *See* Dkt. 44, ¶ 11. Foodwit never sought to meet and confer with Trustwell about the confidentiality designations, let alone about potential redaction, before brazenly accusing Trustwell—for a second time—of violating the protective order. *See* Dkt. 70. The parties' briefing, however, confirms that Trustwell complied with the requirements of the protective order while Foodwit tried to weaponize public access for competitive advantage.

## II. The Documents At Issue Reveal Trustwell's Trade Secrets.

As discussed in Trustwell's opening brief, Foodwit's reply in support of its motion to dismiss (Dkt. 60) and opposition to Trustwell's request to seal (Dkt. 61) should remain sealed because they reveal the most valuable features and functionalities of Trustwell's Genesis Foods software platform as well as the particular compilation of information within Trustwell's master food and nutrition database. This is the exact type of information that this Court has repeatedly recognized warrants sealing. *See, e.g., Empower Clinic Servs., LLC v. Legitscript LLC*, No. 25-cv-00514-AB, 2025 WL 1099105, at * 1 (D. Or. Apr. 11, 2025).

Foodwit argues that Trustwell did not sufficiently establish that Foodwit's reply and opposition disclose trade secrets. It accuses Trustwell of relying on "vague and unsupported assertions." Opp. at 9. That is not accurate. As Trustwell explained in its opening brief, Foodwit's papers discuss Trustwell's trade secrets at length and quote directly from Trustwell's Trade Secret Identification. On page 10 of Foodwit's reply, for example, Foodwit describes Trustwell's Genesis Foods database using quotes from Trustwell's Trade Secret Identification.

The out-of-district cases on which Foodwit relies do not support public disclosure of the documents at issue here. To begin, *Cox v. First Student Inc.*, does not even involve trade secrets and instead addresses confidential information that only "may" result in harm if disclosed publicly. 2025 WL 3443100 (W.D. Wash. Dec. 1, 2025). And, unlike here, the defendant in *Cox* failed to explain "how it would suffer competitively if the information in the contested exhibits was

**PLAINTIFF TRUSTWELL'S REPLY ISO ITS RESPONSE TO FOODWIT'S (SECOND) REQUEST TO UNSEAL DOCUMENTS (DKT. 65)**

revealed to the public." *Id*. Trustwell, in contrast, explained how public disclosure would result in substantial competitive harm.

In *MD Helicopters Inc. v. Boeing Co.*, the defendant moved to seal four of its own exhibits stating merely that "it moves to seal these items because they contain proprietary business information of the Boeing Company and/or MD Helicopters, Inc., including proprietary information and trade secrets related to the design and manufacture." 2019 WL 1877356, at *2 (D. Ariz. Apr. 26, 2019). The parties also jointly moved to seal certain documents, relying on "broad assertions that these documents constitute proprietary information and trade secrets." *Id*. at *3. The court denied both motions, explaining that the parties failed to "show that the business information is in fact a trade secret." *Id*. Setting aside the obvious fact that Foodwit has not offered a single case from this District or the Ninth Circuit that requires such a showing, Trustwell has established in response to both of Foodwit's requests to unseal and in opposition to Foodwit's motion to dismiss that the features and functionalities of its Genesis Foods platform as well as its master database constitute classic trade secrets. In fact, this Court already ruled that Trustwell's description of its compilation database constitutes a sufficient trade secret identification. *ESHA Research, Inc. v. Cronometer Software, Inc.*, No. 24-cv-1586-AB, Dkt. No. 39 (D. Or. May 8, 2025). Trustwell has established precisely what trade secrets would be disclosed by unsealing the documents at issue, their value, and the competitive harm that would result.

## III. Compelling Reasons Exist To Seal Trustwell's Trade Secrets.

There can be no dispute that compelling reasons exist to seal materials where public disclosure would cause competitive harm or reveal trade secrets. *See* Trustwell's Motion, Dkt. 68, at 3-5 (collecting cases). Foodwit argues that Trustwell fails to meet this standard because it does not offer "specific factual findings" or otherwise identify material that "warrants secrecy." Opp. at 11. Foodwit's argument lacks merit.

As discussed above, Trustwell supports its request to maintain Foodwit's reply and opposition under seal with specific facts, including the Dolinsky Declaration. Foodwit focuses on two sentences as evidence of Trustwell's purportedly inadequate showing: "ESHA claims that

**PLAINTIFF TRUSTWELL'S REPLY ISO ITS RESPONSE TO FOODWIT'S (SECOND) REQUEST TO UNSEAL DOCUMENTS (DKT. 65)**

disclosure 'would hand competitors a curated roadmap and invite reverse engineering' of its platform, and would 'allow competitors to target precisely what makes Genesis Foods unique and valuable.'" Opp. at 11 (quoting Mot. at 4, 5). Foodwit claims that Trustwell "provides no 'specific factual findings'" for these statements. Foodwit ignores that each of these sentences is supported by the Dolinsky Declaration. And if that were not enough (which it is), this Court already ruled that Trustwell's particularized description of its master compilation database is a sufficient trade secret identification. *ESHA Research, Inc. v. Cronometer Software, Inc.*, No. 24-cv-1586-AB, Dkt. No. 39 (D. Or. May 8, 2025). Trustwell did precisely what Foodwit argues it should have done: Trustwell "explain[ed] why, exactly, this information is proprietary … and then demonstrate[d] that it is properly sealable." Opp. at 12.

Foodwit also argues that Foodwit's reply and opposition do not disclose Trustwell's trade secrets. But as established above, that is simply not true. Foodwit quotes directly from Trustwell's Trade Secret Identification and discusses the information throughout its briefs. Trustwell has done more than enough to warrant the requested sealing under the protective order and applicable common law.

## CONCLUSION

For all of the reasons above and in Trustwell's opening brief, Trustwell respectfully requests that the Court deny Foodwit's request to unseal, and order that Foodwit's reply (Dkt. 60) and opposition (Dkt. 61) remain sealed or, at a minimum, redacted. Trustwell can provide the Court with proposed redactions if that would be helpful.

**PLAINTIFF TRUSTWELL'S REPLY ISO ITS RESPONSE TO FOODWIT'S (SECOND) REQUEST TO UNSEAL DOCUMENTS (DKT. 65)**

Dated:  February 19 2026                    Respectfully submitted,

**JONES DAY**

  *s/ Cary D. Sullivan*
Cary D. Sullivan (*admitted Pro Hac Vice*)
Email:  carysullivan@jonesday.com

**DUNN CARNEY LLP**
Brian R. Talcott, OSB 965371
Email:  btalcott@dunncarney.com

*Attorneys for Plaintiff*

## CERTIFICATE OF SERVICE

I hereby certify that on the 19th day of February, 2026, I caused to be served the

foregoing **PLAINTIFF TRUSTWELL'S REPLY IN SUPPORT OF ITS RESPONSE TO**

**FOODWIT'S (SECOND) REQUEST TO UNSEAL DOCUMENTS (DKT. 65)** on the

following party via the following method(s):

P. Andrew McStay, Jr.
Email: andymcstay@dwt.com
DAVIS WRIGHT TREMAINE LLP
560 S.W. Tenth Avenue, Suite 700
Portland, Oregon, 97205
Telephone: +1 (503) 241-2300
Facsimile: +1 (503) 778-5299

by:
- ☐ U.S. Postal Service, ordinary first class mail
- ☒ electronic service
- ☐ other (specify)  Email

*Attorneys for Defendant*
*RLH Assets, LLC d/b/a Foodwit*

**JONES DAY**

_s/ Cary D. Sullivan_
Cary D. Sullivan (*admitted Pro Hac Vice*)
Email:  carysullivan@jonesday.com

**DUNN CARNEY LLP**
Brian R. Talcott, OSB 965371
Email:  btalcott@dunncarney.com

*Attorneys for Plaintiff*