P. Andrew McStay, Jr., OSB No. 033997
DAVIS WRIGHT TREMAINE LLP
560 S.W. Tenth Avenue, Suite 700
Portland, Oregon, 97205
+1 (503) 241-2300
+1 (503) 778-5299 facsimile
andymcstay@dwt.com

Matthew S. Warren (*pro hac vice*)
Erika H. Warren (*pro hac vice*)
WARREN LLP
2261 Market Street, No. 606
San Francisco, California, 94114
+1 (415) 895-2940
+1 (415) 895-2964 facsimile
25-880@cases.warrenllp.com

*Attorneys for Defendant RLH Assets, LLC d/b/a Foodwit*

## UNITED STATES DISTRICT COURT

## DISTRICT OF OREGON

## PORTLAND DIVISION

| | |
|---|---|
| ESHA RESEARCH, LLC, an Oregon limited liability company, <br><br>                  Plaintiff, <br><br>      v. <br><br> RLH ASSETS, LLC d/b/a FOODWIT, an Oregon limited liability company, <br><br>                  Defendant. | Case No. 3:25-cv-00880-AB <br><br> **ANSWER TO SECOND AMENDED COMPLAINT FOR INJUNCTIVE RELIEF AND DAMAGES** |

Defendant RLH Assets, LLC d/b/a Foodwit ("Foodwit") answers the Second Amended Complaint for Injunctive Relief and Damages of Plaintiff ESHA Research, LLC ("ESHA") as follows:

1. The allegations in this paragraph set forth arguments and legal conclusions which do not require a response.

**<u>INTRODUCTION</u>**

2. Foodwit admits that it created and launched a product called Workbench. The remaining allegations in this paragraph set forth arguments and legal conclusions to which no response is required. To the extent this paragraph includes any other allegations to which a response is required, Foodwit denies them.

3. Foodwit is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in this paragraph and therefore denies them.

4. Foodwit is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in this paragraph and therefore denies them.

5. The cited or quoted documents and exhibits speak for themselves. The remaining allegations in this paragraph set forth arguments and legal conclusions to which no response is required. To the extent this paragraph includes any other allegations to which a response is required, Foodwit denies them, and specifically denies that ESHA has alleged any trade secrets in this action.

6. The cited or quoted documents and exhibits speak for themselves. The remaining allegations in this paragraph set forth arguments and legal conclusions to which no response is required. To the extent this paragraph includes any other allegations to which a response is required, Foodwit denies them.

Page 1 – Foodwit's Answer to Second Amended Complaint

7.     The cited or quoted documents and exhibits speak for themselves.  The remaining allegations in this paragraph set forth arguments and legal conclusions to which no response is required.  To the extent this paragraph includes any other allegations to which a response is required, Foodwit denies them.

## PARTIES

8.     Foodwit admits that ESHA is a limited liability company organized and existing under the laws of the State of Oregon, with its principal place of business in Beaverton Oregon.  Foodwit is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations contained in this paragraph and therefore denies them.

9.     Foodwit admits that it is a limited liability company organized and existing under the laws of the State of Oregon, with its principal place of business in Portland, Oregon.  To the extent this paragraph includes any other allegations to which a response is required, Foodwit denies them.

## JURISDICTION AND VENUE

10.     The allegations in this paragraph set forth arguments and legal conclusions to which no response is required.  To the extent this paragraph includes any allegations to which a response is required, Foodwit denies them.

11.     The cited or quoted documents and exhibits speak for themselves.  The remaining allegations in this paragraph set forth arguments and legal conclusions to which no response is required.  To the extent this paragraph includes any other allegations to which a response is required, Foodwit denies them.

12.     The allegations in this paragraph set forth arguments and legal conclusions to which no response is required.  To the extent this paragraph includes any allegations to which a response is required, Foodwit denies them.

## FACTS

13.     The cited or quoted documents and exhibits speak for themselves.  The remaining allegations in this paragraph set forth arguments and legal conclusions to which no response is required.  To the extent this paragraph includes any other allegations to which a response is required, Foodwit denies them.

14.     The cited or quoted documents and exhibits speak for themselves.  To the extent this paragraph includes any other allegations to which a response is required, Foodwit denies them.

15.     The cited or quoted documents and exhibits speak for themselves.  To the extent this paragraph includes any other allegations to which a response is required, Foodwit denies them.

16.     The cited or quoted documents and exhibits speak for themselves.  To the extent this paragraph includes any other allegations to which a response is required, Foodwit denies them.

17.     The cited or quoted documents and exhibits speak for themselves.  To the extent this paragraph includes any other allegations to which a response is required, Foodwit denies them.

18.     The cited or quoted documents and exhibits speak for themselves.  To the extent this paragraph includes any other allegations to which a response is required, Foodwit denies them.

19.     The allegations in this paragraph set forth arguments and legal conclusions to which no response is required.  To the extent this paragraph includes any allegations to which a response is required, Foodwit denies them.

20.     The cited or quoted documents and exhibits speak for themselves.  The remaining allegations in this paragraph set forth arguments and legal conclusions to which no response is required.  To the extent this paragraph includes any allegations to which a response is required, Foodwit denies them, and specifically denies that ESHA has alleged any trade secrets in this action.

21.     The allegations in this paragraph set forth arguments and legal conclusions to which no response is required.  To the extent this paragraph includes any allegations to which a response is required, Foodwit denies them, and specifically denies that ESHA has alleged any trade secrets in this action.

22.     The cited or quoted documents and exhibits speak for themselves.  The remaining allegations in this paragraph set forth arguments and legal conclusions to which no response is required.  To the extent this paragraph includes any allegations to which a response is required, Foodwit denies them, and specifically denies that ESHA has alleged any trade secrets in this action.

23.     The cited or quoted documents and exhibits speak for themselves.  The remaining allegations in this paragraph set forth arguments and legal conclusions to which no response is required.  To the extent this paragraph includes any other allegations to which a response is required, Foodwit denies them, and specifically denies that ESHA has alleged any trade secrets in this action.

24.     The cited or quoted documents and exhibits speak for themselves.  The remaining allegations in this paragraph set forth arguments and legal conclusions to which no response is required.  To the extent this paragraph includes any other allegations to which a response is required, Foodwit denies them, and specifically denies that ESHA has alleged any trade secrets in this action.

25.     The cited or quoted documents and exhibits speak for themselves.  The remaining allegations in this paragraph set forth arguments and legal conclusions to which no response is required.  To the extent this paragraph includes any allegations to which a response is required, Foodwit denies them, and specifically denies that ESHA has alleged any trade secrets in this action.

26.     The cited or quoted documents and exhibits speak for themselves.  The remaining allegations in this paragraph set forth arguments and legal conclusions to which no response is required.  To the extent this paragraph includes any other allegations to which a response is required, Foodwit denies them.

27.     The cited or quoted documents and exhibits speak for themselves.  The remaining allegations in this paragraph set forth arguments and legal conclusions to which no response is required.  To the extent this paragraph includes any other allegations to which a response is required, Foodwit denies them.

28.     The cited or quoted documents and exhibits speak for themselves.  The remaining allegations in this paragraph set forth arguments and legal conclusions to which no response is required.  To the extent this paragraph includes any allegations to which a response is required, Foodwit denies them, and specifically denies that ESHA has alleged any trade secrets in this action.

Page 5 – FOODWIT'S ANSWER TO SECOND AMENDED COMPLAINT

29.     The cited or quoted documents and exhibits speak for themselves.  To the extent this paragraph includes any other allegations to which a response is required, Foodwit denies them.

30.     The cited or quoted documents and exhibits speak for themselves.  The remaining allegations in this paragraph set forth arguments and legal conclusions to which no response is required.  To the extent this paragraph includes any allegations to which a response is required, Foodwit denies them.

31.     The cited or quoted documents and exhibits speak for themselves.  The remaining allegations in this paragraph set forth arguments and legal conclusions to which no response is required.  To the extent this paragraph includes any allegations to which a response is required, Foodwit denies them, and specifically denies that ESHA has alleged any trade secrets in this action.

32.     The allegations in this paragraph set forth arguments and legal conclusions to which no response is required.  To the extent this paragraph includes any allegations to which a response is required, Foodwit denies them, and specifically denies that ESHA has alleged any trade secrets in this action.

33.     The cited or quoted documents and exhibits speak for themselves.  The remaining allegations in this paragraph set forth arguments and legal conclusions to which no response is required.  To the extent this paragraph includes any other allegations to which a response is required, Foodwit denies them, and specifically denies that ESHA has alleged any trade secrets in this action.

34.     The cited or quoted documents and exhibits speak for themselves.  The remaining allegations in this paragraph set forth arguments and legal conclusions to which no response is

Page 6 – FOODWIT'S ANSWER TO SECOND AMENDED COMPLAINT

required. To the extent this paragraph includes any allegations to which a response is required, Foodwit denies them, and specifically denies that ESHA has alleged any trade secrets in this action.

34. The cited or quoted documents and exhibits speak for themselves. The remaining allegations in this paragraph set forth arguments and legal conclusions to which no response is required. To the extent this paragraph includes any other allegations to which a response is required, Foodwit denies them.

36. The cited or quoted documents and exhibits speak for themselves. The remaining allegations in this paragraph set forth arguments and legal conclusions to which no response is required. To the extent this paragraph includes any other allegations to which a response is required, Foodwit denies them, and specifically denies that ESHA has alleged any trade secrets in this action.

37. The cited or quoted documents and exhibits speak for themselves. The remaining allegations in this paragraph set forth arguments and legal conclusions to which no response is required. To the extent this paragraph includes any other allegations to which a response is required, Foodwit denies them.

38. The cited or quoted documents and exhibits speak for themselves. The remaining allegations in this paragraph set forth arguments and legal conclusions to which no response is required. To the extent this paragraph includes any other allegations to which a response is required, Foodwit denies them, and specifically denies that ESHA has alleged any trade secrets in this action.

39. The cited or quoted documents and exhibits speak for themselves. The remaining allegations in this paragraph set forth arguments and legal conclusions to which no response is

Page 7 – FOODWIT'S ANSWER TO SECOND AMENDED COMPLAINT

required.  To the extent this paragraph includes any allegations to which a response is required, Foodwit denies them, and specifically denies that ESHA has alleged any trade secrets in this action.

## CLAIMS FOR RELIEF

## FIRST CLAIM FOR RELIEF

## BREACH OF CONTRACT

40.     Foodwit incorporates by reference paragraphs 1 through 39 above as if fully set forth herein.

41.     The cited or quoted documents and exhibits speak for themselves.  The remaining allegations in this paragraph set forth arguments and legal conclusions to which no response is required.  To the extent this paragraph includes any other allegations to which a response is required, Foodwit denies them.

42.     The cited or quoted documents and exhibits speak for themselves.  The remaining allegations in this paragraph set forth arguments and legal conclusions to which no response is required.  To the extent this paragraph includes any allegations to which a response is required, Foodwit denies them.

43.     The cited or quoted documents and exhibits speak for themselves.  The remaining allegations in this paragraph set forth arguments and legal conclusions to which no response is required.  To the extent this paragraph includes any allegations to which a response is required, Foodwit denies them.

## SECOND CLAIM FOR RELIEF

### MISAPPROPRIATION OF TRADE SECRETS UNDER THE DEFEND TRADE SECRETS ACT (18 U.S.C. § 1836, *et seq.*)

44.     Foodwit incorporates by reference paragraphs 1 through 43 above as if fully set forth herein.

45.     The cited or quoted documents and exhibits speak for themselves.  The remaining allegations in this paragraph set forth arguments and legal conclusions to which no response is required.  To the extent this paragraph includes any allegations to which a response is required, Foodwit denies them, and specifically denies that ESHA has alleged any trade secrets in this action.

46.     The cited or quoted documents and exhibits speak for themselves.  The remaining allegations in this paragraph set forth arguments and legal conclusions to which no response is required.  To the extent this paragraph includes any allegations to which a response is required, Foodwit denies them, and specifically denies that ESHA has alleged any trade secrets in this action.

47.     The cited or quoted documents and exhibits speak for themselves.  The remaining allegations in this paragraph set forth arguments and legal conclusions to which no response is required.  To the extent this paragraph includes any allegations to which a response is required, Foodwit denies them, and specifically denies that ESHA has alleged any trade secrets in this action.

48.     The cited or quoted documents and exhibits speak for themselves.  The remaining allegations in this paragraph set forth arguments and legal conclusions to which no response is required.  To the extent this paragraph includes any allegations to which a response is required,

Page 9 – FOODWIT'S ANSWER TO SECOND AMENDED COMPLAINT

Foodwit denies them, and specifically denies that ESHA has alleged any trade secrets in this action.

49. The cited or quoted documents and exhibits speak for themselves. The remaining allegations in this paragraph set forth arguments and legal conclusions to which no response is required. To the extent this paragraph includes any other allegations to which a response is required, Foodwit denies them, and specifically denies that ESHA has alleged any trade secrets in this action.

50. The cited or quoted documents and exhibits speak for themselves. The remaining allegations in this paragraph set forth arguments and legal conclusions to which no response is required. To the extent this paragraph includes any allegations to which a response is required, Foodwit denies them, and specifically denies that ESHA has alleged any trade secrets in this action.

51. The cited or quoted documents and exhibits speak for themselves. The remaining allegations in this paragraph set forth arguments and legal conclusions to which no response is required. To the extent this paragraph includes any allegations to which a response is required, Foodwit denies them, and specifically denies that ESHA has alleged any trade secrets in this action.

52. The cited or quoted documents and exhibits speak for themselves. The remaining allegations in this paragraph set forth arguments and legal conclusions to which no response is required. To the extent this paragraph includes any allegations to which a response is required, Foodwit denies them, and specifically denies that ESHA has alleged any trade secrets in this action.

Page 10 – FOODWIT'S ANSWER TO SECOND AMENDED COMPLAINT

53. The cited or quoted documents and exhibits speak for themselves. The remaining allegations in this paragraph set forth arguments and legal conclusions to which no response is required. To the extent this paragraph includes any allegations to which a response is required, Foodwit denies them, and specifically denies that ESHA has alleged any trade secrets in this action.

54. The allegations in this paragraph set forth arguments and legal conclusions to which no response is required. To the extent this paragraph includes any allegations to which a response is required, Foodwit denies them.

**THIRD CLAIM FOR RELIEF**

**<u>FALSE ADVERTISING AND FALSE DESIGNATION OF ORIGIN UNDER THE
LANHAM ACT (15 U.S.C. § 1125(a))</u>**

55. Foodwit incorporates by reference paragraphs 1 through 54 above as if fully set forth herein.

56. The allegations in this paragraph set forth arguments and legal conclusions to which no response is required. To the extent this paragraph includes any allegations to which a response is required, Foodwit denies them.

57. The cited or quoted documents and exhibits speak for themselves. The remaining allegations in this paragraph set forth arguments and legal conclusions to which no response is required. To the extent this paragraph includes any allegations to which a response is required, Foodwit denies them.

58. The cited or quoted documents and exhibits speak for themselves. The remaining allegations in this paragraph set forth arguments and legal conclusions to which no response is

Page 11 – FOODWIT'S ANSWER TO SECOND AMENDED COMPLAINT

required.  To the extent this paragraph includes any allegations to which a response is required, Foodwit denies them.

59.     The allegations in this paragraph set forth arguments and legal conclusions to which no response is required.  To the extent this paragraph includes any other allegations to which a response is required, Foodwit denies them.

60.     The allegations in this paragraph set forth arguments and legal conclusions to which no response is required.  To the extent this paragraph includes any other allegations to which a response is required, Foodwit denies them.

**FOURTH CLAIM FOR RELIEF**

**MISAPPROPRIATION OF TRADE SECRETS UNDER THE OREGON UNIFORM TRADE SECRETS ACT (OR. REV. STAT. § 646.461, *et seq.*)**

61.     Foodwit incorporates by reference paragraphs 1 through 60 above as if fully set forth herein.

62.     The cited or quoted documents and exhibits speak for themselves.  The remaining allegations in this paragraph set forth arguments and legal conclusions to which no response is required.  To the extent this paragraph includes any allegations to which a response is required, Foodwit denies them, and specifically denies that ESHA has alleged any trade secrets in this action.

63.     The cited or quoted documents and exhibits speak for themselves.  The remaining allegations in this paragraph set forth arguments and legal conclusions to which no response is required.  To the extent this paragraph includes any allegations to which a response is required, Foodwit denies them, and specifically denies that ESHA has alleged any trade secrets in this action.

Page 12 – FOODWIT'S ANSWER TO SECOND AMENDED COMPLAINT

64.     The cited or quoted documents and exhibits speak for themselves. The remaining allegations in this paragraph set forth arguments and legal conclusions to which no response is required. To the extent this paragraph includes any allegations to which a response is required, Foodwit denies them, and specifically denies that ESHA has alleged any trade secrets in this action.

65.     The cited or quoted documents and exhibits speak for themselves. The remaining allegations in this paragraph set forth arguments and legal conclusions to which no response is required. To the extent this paragraph includes any allegations to which a response is required, Foodwit denies them, and specifically denies that ESHA has alleged any trade secrets in this action.

66.     The cited or quoted documents and exhibits speak for themselves. The remaining allegations in this paragraph set forth arguments and legal conclusions to which no response is required. To the extent this paragraph includes any other allegations to which a response is required, Foodwit denies them, and specifically denies that ESHA has alleged any trade secrets in this action.

67.     The cited or quoted documents and exhibits speak for themselves. The remaining allegations in this paragraph set forth arguments and legal conclusions to which no response is required. To the extent this paragraph includes any allegations to which a response is required, Foodwit denies them, and specifically denies that ESHA has alleged any trade secrets in this action.

68.     The cited or quoted documents and exhibits speak for themselves. The remaining allegations in this paragraph set forth arguments and legal conclusions to which no response is required. To the extent this paragraph includes any allegations to which a response is required,

Foodwit denies them, and specifically denies that ESHA has alleged any trade secrets in this action.

69.     The cited or quoted documents and exhibits speak for themselves.  The remaining allegations in this paragraph set forth arguments and legal conclusions to which no response is required.  To the extent this paragraph includes any allegations to which a response is required, Foodwit denies them, and specifically denies that ESHA has alleged any trade secrets in this action.

70.     The cited or quoted documents and exhibits speak for themselves.  The remaining allegations in this paragraph set forth arguments and legal conclusions to which no response is required.  To the extent this paragraph includes any allegations to which a response is required, Foodwit denies them, and specifically denies that ESHA has alleged any trade secrets in this action.

71.     The allegations in this paragraph set forth arguments and legal conclusions to which no response is required.  To the extent this paragraph includes any allegations to which a response is required, Foodwit denies them, and specifically denies that ESHA has alleged any trade secrets in this action.

**FIFTH CLAIM FOR RELIEF**

**UNLAWFUL TRADE PRACTICES UNDER THE OREGON UNLAWFUL TRADE PRACTICES ACT (OR. REV. STAT. § 646.605, *et seq.*)**

72.     Foodwit incorporates by reference paragraphs 1 through 71 above as if fully set forth herein.

73.     The allegations in this paragraph require no response because the Court dismissed this claim.

74.    The allegations in this paragraph require no response because the Court dismissed this claim.

75.    The allegations in this paragraph require no response because the Court dismissed this claim.

76.    The allegations in this paragraph require no response because the Court dismissed this claim.

## JURY TRIAL DEMAND

77.    The allegations in this paragraph set forth arguments and legal conclusions to which no response is required.  To the extent this paragraph includes any allegations to which a response is required, Foodwit denies them.

## PRAYER FOR RELIEF

Foodwit incorporates by reference the above paragraphs as if fully set forth herein. Foodwit denies that ESHA is entitled to the relief requested in its Prayer for Relief and denies any allegations therein.

## AFFIRMATIVE DEFENSES

Foodwit may amend this Answer to add affirmative defenses, including any other defenses currently unknown to Foodwit, as they become known throughout the course of this action.  Assertion of a defense is not a concession that Foodwit bears the burden of proof.

## FIRST AFFIRMATIVE DEFENSE

(Failure to State a Claim)

ESHA's claims, and each of them, fail to state a claim on which relief may be granted.

## SECOND AFFIRMATIVE DEFENSE

(Unclean Hands)

ESHA's claims, and each of them, are barred in whole or in part by the doctrine of unclean hands.

## THIRD AFFIRMATIVE DEFENSE

(Laches)

ESHA's claims, and each of them, are barred in whole or in part by the doctrine of laches.

## FOURTH AFFIRMATIVE DEFENSE

(Breach)

ESHA's claims, and each of them, are barred in whole or in part by ESHA's material breach of the contract, which discharged Foodwit's obligations thereunder.

## FIFTH AFFIRMATIVE DEFENSE

(Statute of Limitations)

ESHA's claims, and each of them, are barred in whole or in part by the applicable statute of limitations.

## SIXTH AFFIRMATIVE DEFENSE

(Waiver and Estoppel)

ESHA's claims, and each of them, are barred in whole or in part by the doctrines of waiver and estoppel.

## SEVENTH AFFIRMATIVE DEFENSE

(Statute of Frauds)

ESHA's claims, and each of them, are barred in whole or in part by the Statute of Frauds.

## EIGHTH AFFIRMATIVE DEFENSE

(Failure to Mitigate Damages)

ESHA is barred from recovery of damages because of and to the extent of its failure to mitigate its alleged damages.

## NINTH AFFIRMATIVE DEFENSE

(Puffery)

ESHA's claims, and each of them, are barred in whole or in part by the doctrine of puffery.

## TENTH AFFIRMATIVE DEFENSE

(Independent Creation)

ESHA's claims, and each of them, are barred in whole or in part by the doctrine of independent creation.

## ELEVENTH AFFIRMATIVE DEFENSE

(Readily Ascertainable)

ESHA's claims, and each of them, are barred in whole or in part by the fact that some or all of its alleged trade secrets were readily ascertainable.

## TWELFTH AFFIRMATIVE DEFENSE

(Abandonment of Rights)

ESHA's claims, and each of them, are barred in whole or in part by ESHA's abandonment of rights regarding any alleged trade secrets.

## REQUEST FOR RELIEF

WHEREFORE, Foodwit requests relief from this Court as follows:

(A)     Judgment in favor of Foodwit and against ESHA on all claims;

Page 17 – FOODWIT'S ANSWER TO SECOND AMENDED COMPLAINT

(B)     Dismissal of ESHA's claims against Foodwit with prejudice;

(C)     An award of attorneys' fees;

(D)     An award of costs; and

(E)     All equitable and other relief the Court finds just under the circumstances.

Date:  May 8, 2026                                      Respectfully submitted,


*/s/ P. Andrew McStay, Jr.*_____
P. Andrew McStay, Jr., OSB No. 033997
DAVIS WRIGHT TREMAINE LLP
560 S.W. Tenth Avenue, Suite 700
Portland, Oregon, 97205
+1 (503) 778-5302
+1 (503) 778-5299 facsimile
andymcstay@dwt.com

Matthew S. Warren (*pro hac vice*)
Erika H. Warren (*pro hac vice*)
WARREN LLP
2261 Market Street, No. 606
San Francisco, California, 94114
+1 (415) 895-2940
+1 (415) 895-2964 facsimile
25-880@cases.warrenllp.com

*Attorneys for Defendant RLH Assets, LLC
d/b/a Foodwit*