Brian R. Talcott, OSB No. 965371
DUNN CARNEY LLP
851 SW Sixth Avenue, Suite 1500
Portland, OR 97204
Telephone: (503) 224-6440
Facsimile: (503) 224-7324
E-mail:  btalcott@dunncarney.com

Cary D. Sullivan (*admitted Pro Hac Vice*)
JONES DAY
3161 Michelson Drive, Suite 800
Irvine, CA  92612
Telephone: (949) 851-3939
Facsimile:  (949) 553-7539
E-mail:  carysullivan@jonesday.com

*Attorneys for Plaintiff*

# UNITED STATES DISTRICT COURT

# DISTRICT OF OREGON – PORTLAND DIVISION

| | |
|---|---|
| ESHA RESEARCH, LLC, now known as TRUSTWELL, an Oregon limited liability company,<br><br>Plaintiff,<br><br>v.<br><br>RLH ASSETS, LLC, doing business as FOODWIT, an Oregon limited liability company,<br><br>Defendant. | Civil No. 3:25-cv-00880-AB<br><br>**PLAINTIFF TRUSTWELL'S OPPOSITION TO DEFENDANT FOODWIT'S MOTION FOR "PHASED DISCOVERY" (ONE-WAY DISCOVERY STAY)** |

**INTRODUCTION[1]**

Foodwit's motion for a one-way discovery stay—*creatively* couched as "discovery phasing"—is just the latest in a long line of attempts to indefinitely stall this litigation and prevent Trustwell from uncovering the full extent of Foodwit's misconduct, while Foodwit continues to sell its copycat product, Workbench, on the open market without consequence.

Foodwit's motion necessarily fails for at least five separate reasons. *First*, Foodwit advocates for a reasonable particularity gatekeeping requirement that exists *only* in the context of California Uniform Trade Secret Act (CUTSA) claims and has no application here. *Second*, Foodwit invites this Court to make the same error that led to reversal by the Ninth Circuit in *Quintara Biosciences, Inc. v. Ruifeng Biztech, Inc*., 149 F.4th 1081 (9th Cir. 2025), by applying the CUTSA reasonable particularity gatekeeping requirement to a DTSA claim. *Third*, Foodwit ignores that this Court just ruled that Trustwell's trade secret allegations are sufficient as a matter of pleading. *Fourth*, Foodwit ignores that this Court previously ruled that Trustwell's identification of its compilation database trade secret is sufficiently particularized. *Fifth*, Foodwit ignores that Trustwell is asserting at least two non-trade secret claims here—breach of contract and false designation of origin under the Lanham Act—for which there is simply no good faith basis to seek to stay discovery under any circumstance.

Foodwit cites no authority supporting the extreme relief it seeks here—preventing Trustwell from taking any discovery whatsoever, at least until well into 2027, while simultaneously allowing Foodwit to take unlimited discovery into the sufficiency of Trustwell's trade secret identification and then move for summary judgment on that issue—and Trustwell is aware of none. Foodwit's proposal flouts the Federal Rules of Civil Procedure, including Rule 56(d), which would preclude summary judgment under those circumstances in any event.

---

[1] [1] In its Opposition to Plaintiff Trustwell's Motion to Enlarge Time (ECF 52), filed last November, Foodwit argued that Trustwell's motion to enlarge time should be denied in part because it failed to comply with Local Rule 7-1(a) by failing to meet and confer telephonically. *Id.* at 2-3 ("[a]n exchange of emails, standing alone, does not satisfy Rule 7-1(a)"). Foodwit has evidently changed its position because it did not meet and confer telephonically before filing the instant motion, or even before submitting the initial position summaries to Chambers, and accordingly did not certify in the motion its compliance with Local Rule 7-1(a).

TRUSTWELL'S OPPOSITION TO FOODWIT'S MOTION FOR ONE-WAY DISCOVERY STAY

The Court should not countenance Foodwit's repeated and unsupported attempts to delay indefinitely all discovery into its misconduct. For all of these reasons, as explained more fully below, the Court should deny Foodwit's motion and allow normal discovery to take place.

## ARGUMENT

### A.    Foodwit's Extreme Demand Finds No Support in the Law.

#### 1.    *Quintara* Directly Rejects Foodwit's Proposed One-Way Stay of Discovery.

Foodwit fundamentally misconstrues *Quintara*. *Quintara* makes clear that the reasonable particularity standard applied in CUTSA cases as a threshold to discovery *does not* apply to DTSA claims. 149 F.4th at 1089 ("[E]ffectively dismiss[ing]" nine trade secrets for failure to identify them with "reasonable particularity" at the outset of a case "was an abuse of discretion.").

The Ninth Circuit explained that, unlike the CUTSA, the DTSA "does not require a plaintiff to identify with particularity its alleged trade secrets from the start" and "does not set out requirements for the specific timing or scope for identifying trade secrets." *Id.* at 1085, 1089. Whether a trade secret has been identified with sufficient particularity is "a question of fact" that is "usually a matter for summary judgment or trial"—and not, as Foodwit suggests, a threshold gatekeeping issue that must be resolved before a trade secret plaintiff may take discovery. *Id.* at 1085. The Ninth Circuit further explained that trade secret identification requires "an iterative process ***where requests between parties*** lead to a refined and sufficiently particularized trade secret identification." *Id.* at 1088 (emphasis added). This is the antithesis of Foodwit's demand here. *See also Skye Orthobiologics, LLC v. CTM Biomedical, LLC*, 2026 WL 370392, at *6–7 (C.D. Cal. Feb. 6, 2026) (denying reconsideration of summary judgment ruling on trade secret particularity because "Plaintiffs were given a chance to engage in an iterative [discovery] process").

The Ninth Circuit did not dictate how that iterative process should take place. But in relying on *InteliClear, LLC v. ETC Global Holdings, Inc.*, 978 F.3d 653 (9th Cir. 2020), the *Quintara* court made clear that *both* parties must be allowed to engage in and develop their positions through discovery. *Quintara*, 149 F.4th at 1091. In *InteliClear*, the Ninth Circuit reversed summary

judgment precisely because the district court prevented the plaintiff from doing so. 978 F.3d at 663–64 (holding that the plaintiff was entitled to conduct discovery to "refine its identifications of trade secrets with particularity"). The court emphasized that "plaintiffs in trade secret actions may have commercially valid reasons to avoid being overly specific at the outset in defining their intellectual property," and that denying the plaintiff an opportunity for discovery was "precipitous, premature and did not fairly permit development of the issues for resolution." *Id.* at 662–63. *Quintara*'s reliance on *InteliClear* serves only to emphasize that discovery must be mutual and reciprocal.

### 2. Foodwit's Other Authorities Neither Suggest Nor Support a One-Way Stay of Discovery.

Foodwit's half-hearted citation to two post-*Quintara* California district court cases is misplaced for the same reason: both cases arise under and apply CUTSA's unique gatekeeping disclosure requirement—California Code of Civil Procedure section 2019.210—which has no application here. Neither case supports the extreme relief Foodwit demands.[2]

Foodwit first cites *Nicholls v. Tapis Corp.*, 2026 U.S. Dist. LEXIS 101783 (C.D. Cal. May 6, 2026). *Nicholls* involved both DTSA and CUTSA claims, and the court expressly recognized that "[p]rimarily at issue is the applicability of and [the employer's] compliance with California Code of Civil Procedure § 2019.210." *Id.* at *5. Of course, Section 2019.210 applies only to CUTSA claims and requires that, before commencing discovery relating to the trade secret, the party alleging misappropriation must identify the trade secret with reasonable particularity. *Id.* at *6. *Nicholls* even recognized the limited application of *Quintara* to its facts given *Quintara*'s

---

[2] Foodwit also cites pre-*Quintara* California district court cases that apply California's CUTSA disclosure requirement. *See Jobscience, Inc. v. CVPartners, Inc.*, 2014 WL 852477, at *4 (N.D. Cal. Feb. 28, 2014) (ordering further trade secret identification pursuant to California Code of Civil Procedure section 2019.210 before proceeding with (bilateral) discovery). Such authority has no application here for the same reasons, and runs contrary to *Quintara* in any event.

rejection of CUTSA disclosure requirements for DTSA claims. *Id. Nicholls* has no application here.[3]

*Access Optical Networks, Inc. v. Seagate Technology LLC*, 2025 WL 2696493 (N.D. Cal. Sept. 22, 2025), is similarly inapposite. Foodwit cites *Access Optical* for the general proposition that *Quintara* permits district courts to use broad Rule 16 powers to order trade secret disclosure and tailor related discovery in appropriate circumstances. But, as with *Nicholls*, *Access Optical* involved the California-specific CUTSA disclosure requirement. *Access Optical* likewise has no application here. These cases simply do not support the extraordinary one-way stay that Foodwit demands.

> **B.    Foodwit Fails to Otherwise Establish Good Cause for Its Requested One-Way Stay.**

Having failed to cite any authority supporting the extreme relief it demands, Foodwit also fails to establish (indeed, fails even to request) that some type of protective order should issue. Had Foodwit moved for a protective order, it would have been required to establish good cause under Rule 26(c). It cannot do so.

While a court may issue an order "to protect a party or person from annoyance, embarrassment, oppression, or undue burden or expense," such orders are only appropriate upon a showing of "good cause" by the movant. Fed. R. Civ. P. 26(c)(1). A party seeking a stay of discovery carries the "heavy burden" of making a "strong showing" as to why discovery should be denied. *Blankenship v. Hearst Corp.*, 519 F.2d 418, 429 (9th Cir. 1975). This requires the movant to establish that a "specific harm or prejudice will result if no protective order is granted." *Foltz v. State Farm Mut. Auto Ins. Co.*, 331 F.3d 1122, 1131 (9th Cir. 2003). As a matter of law, "a showing that discovery may involve some inconvenience and expense does not suffice to establish good cause for issuance of a protective order." *Turner Broad. Sys., Inc. v. Tracinda Corp.*,

---

[3] Nor does *Nicholls* support anything like the extreme relief Foodwit seeks. That case involved a simple motion to compel, 2026 U.S. Dist. LEXIS 101783, at *5, which bears no resemblance to the one-way stay that Foodwit demands here.

TRUSTWELL'S OPPOSITION TO FOODWIT'S MOTION FOR ONE-WAY DISCOVERY STAY

175 F.R.D. 554, 556 (D. Nev. 1997). Foodwit does not come close to establishing good cause to stay all discovery generally, let alone to stay all discovery but only as to Trustwell.

Foodwit fails to identify any specific harm or prejudice it would suffer if discovery is allowed to proceed in the ordinary course. At best, Foodwit seems to seek protection from a "fishing expedition" and unspecified "misuse of discovery." Mot. at 1, 6. Such vague conjecture is wholly insufficient. Courts routinely deny requests to stay discovery that are supported "by superficial statements or vague articulations demonstrating nothing more than the traditional burdens of litigation," like Foodwit's. *Barrett v. Apple Inc.*, 2020 WL 13815568, at *1 (N.D. Cal. Oct. 22, 2020); *see also Optronic Techs., Inc. v. Ningbo Sunny Elec. Co.*, 2018 WL 1569811, at *1 (N.D. Cal. Feb. 16, 2018) (declining to stay discovery where the defendants did not cite anything "outside of their own opinion of the Amended Complaint's deficiencies"); *Aerosonic LLC v. Joby Aero, Inc.*, 2025 WL 2854994, at *2 (M.D. Fla. Sept. 17, 2025) (denying motion to stage discovery in DTSA case because "there is no binding authority requiring discovery staging in federal DTSA claims").

Good cause also cannot be established here because of the substantial prejudice Trustwell would suffer. Foodwit does not seek a mutual stay of all discovery. Rather, Foodwit demands a one-way process under which Trustwell is precluded from engaging in any discovery whatsoever while Foodwit is permitted to conduct unlimited discovery into Trustwell's trade secret identification—*even including inspecting Trustwell's trade secrets* (Mot. at 7)—and then move for summary judgment on that issue. Such extreme and asymmetric relief finds no support in the law, dismantles the ordinary and reciprocal discovery process, and precludes Trustwell from developing facts and evidence to support its claims while permitting Foodwit to do so and then move for summary judgment. This is precisely what the Ninth Circuit warned against in *Quintara* and *InteliClear*.

Foodwit's proposal also seeks to further delay this litigation and sideline Trustwell until well into 2027. Foodwit requests at least five months for one-way discovery *after* Trustwell provides further trade secret disclosures, followed by a one-way summary judgment motion

Page 5        TRUSTWELL'S OPPOSITION TO FOODWIT'S MOTION FOR ONE-WAY
                      DISCOVERY STAY

regarding the sufficiency of Trustwell's trade secret identification to be filed in November 2026. That effectively would delay merits discovery and any meaningful progress in this case for *another year*, in a case that is already 15 months old. All the while Foodwit would be able to continue selling its copycat product, Workbench, on the open market while simultaneously preventing any inquiry into the facts surrounding its misappropriation and other misconduct. That is the opposite of good cause. That is gamesmanship and stonewalling in the extreme.

C.    **This Court Already Ruled that Trustwell Sufficiently Pled its Genesis Foods-Related Trade Secrets.**

Setting aside the utter lack of legal support, Foodwit's motion also fails because the Court just ruled that Trustwell sufficiently pled its trade secret allegations. Nothing more is required.

Foodwit's motion recycles the same arguments the Court rejected when it largely denied Foodwit's latest motion to dismiss. The motion to dismiss ruling is not, as Foodwit suggests, irrelevant to the instant motion. The Court found that *Trustwell's allegations are sufficient to state a claim*, including the trade secret allegations. ECF No. 74 at 24 ("The Court finds that Plaintiff's allegations sufficiently identify its Trade Secrets at the pleading stage."). Foodwit cannot now repackage its rejected dispositive arguments as a discovery dispute. Neither *Quintara* nor any other applicable authority requires Trustwell to do anything more at this stage.

Indeed, district courts routinely deny attempts by defendants to do precisely what Foodwit seeks to do here—stay discovery on particularity grounds where the allegations in the complaint are found to be sufficient. In *Paul Johnson Drywall Inc. v. Sterling Group LP*, for example, the defendant, much like Foodwit, sought a protective order and stay of discovery based on the argument that the plaintiff had not identified its trade secrets with sufficient particularity. 2021 WL 5994718 (D. Ariz. Dec. 17, 2021). The court denied the stay, explaining the trade secrets alleged in the operative complaint were not a "vague, general description that is lacking in particularity." *Id*; *see also Mattson Tech., Inc. v. Applied Materials, Inc.*, 2026 WL 1303361, at *3–6 (N.D. Cal. May 12, 2026) (relying on *Quintara* in denying protective order as to trade secrets alleged in a complaint that survived a motion to dismiss).

With respect to the sufficiency of Trustwell's Genesis Foods-related trade secret allegations, the Court ruled as follows:

> Here, Plaintiff's allegations suggest that Genesis Foods, as a Trade Secret, contains at least technical information that is separate "from matters of general knowledge in the trade or of special persons who are skilled in the trade . . . ." Such technical information includes formulas, designs, processes, and programs. Moreover, Plaintiff's allegations permit Defendant "to ascertain at least the boundaries within which [Genesis Foods] lies." For these reasons, the Court finds that Plaintiff adequately identifies its Genesis Foods trade secret.

ECF No. 74 at 25 (internal citations omitted). Nothing more is required.

**D.     This Court Previously Ruled that Trustwell Identified Its Compilation Database Trade Secret with Sufficient Particularity.**

There can be no dispute that Trustwell sufficiently identified its master food and nutrition database as a compilation trade secret. In *Trustwell v. Cronometer Software, Inc.*, this Court held that, in order to identify the compilation database trade secret with sufficient particularity, Trustwell needed to "identify 'the steps in the process and explain[] how those steps make the method or process unique.'" *ESHA Rsch., Inc. v. Cronometer Software, Inc.*, No. 3:24-cv-01586-AB, ECF No. 36 (D. Or. Apr. 15, 2025). Trustwell did exactly that and, after independently reviewing the identification, the Court found it to be ***sufficiently particularized***. *Id.*, ECF No. 39 (D. Or. May 8, 2025). Trustwell provided to Foodwit the very same identification of its database trade secret, including the specific steps in the process by which Trustwell created the compilation dataset. *Id.* ECF No. 36. Foodwit cannot plausibly argue that Trustwell has neither sufficiently alleged nor sufficiently identified its compilation database trade secret when this Court has already found the opposite. Trustwell is now entitled to conduct discovery. *See Redfin Corp. v.*

*iPayOne.com, LLC*, 2018 WL 1397482, at *2 (W.D. Wash. Mar. 20, 2018) (allowing discovery to proceed where alleged trade secrets identified with reasonable particularity).

      **E.     There Is No Good Faith Basis to Request a One-Way Stay of Discovery as to Trustwell's Non-Trade Secret Claims.**

*Quintara* and its progeny provide zero support for Foodwit's outrageous request for a one-way stay of discovery as to Trustwell's independent claims for breach of contract and Lanham Act violations. Trustwell alleges multiple breaches of contract, including Foodwit's failure to return Trustwell's materials after termination of the limited-use license agreement. That breach has nothing to do with whether the retained materials constitute trade secrets. That Foodwit refused to return the materials is all that matters.

Similarly, Trustwell asserts a false designation of origin claim under the Lanham Act based on Foodwit's representations that it "built" Workbench. That claim also has nothing to do with whether the identified features and functionalities of Genesis Foods constitute trade secrets. That Foodwit merely copied Genesis Foods instead of legitimately "building" Workbench is all that matters. There is simply no good faith basis to delay discovery into such independent claims.

Courts consistently reject attempts to use trade secret disputes to block discovery into independent claims, including in the post-*Quintara* world. *See, e.g., Loop AI Labs Inc. v. Gatti*, 2015 WL 9269758, at *4 (N.D. Cal. Dec. 21, 2015) (explaining that, even under California's Section 2019.210, discovery is not stayed as to non-trade secret claims); *Sanas.AI Inc. v. Krisp Technologies, Inc.*, 2026 WL 892017, at *2 (N.D. Cal. Apr. 1, 2026) ("Courts have found that discovery related to claims that are separate from the trade secrets claims—including disclosure of technical documents—should still go forward, even when trade secret-related discovery was stayed."); *Commure, Inc. v. Canopy Works, Inc.*, 2025 WL 1150695, at *6 (N.D. Cal. Apr. 18, 2025) (denying stay despite ordering amendment of trade secret list because the court did not want collateral disputes over whether discovery was "trade secret-related"); *Masimo Corp. v. Apple Inc.*, 2020 WL 5215308, at *3 (C.D. Cal. July 14, 2020) (denying stay where the challenged discovery also related to separate patent claims, not just trade secret claims).

## **CONCLUSION**

Foodwit has successfully evaded discovery into its misconduct for some 15 months already—while it continues to sell its copycat product, Workbench, on the open market without consequence. This latest effort to prolong the evasion for another year finds no support in the law and would serve only to reward Foodwit for its continuous gamesmanship and stonewalling. It is (past) time for discovery.

For all of the reasons above, Trustwell respectfully requests that the Court deny Foodwit's motion.

Dated:  May 21, 2026                                  Respectfully submitted,

**JONES DAY**

_/s/ Cary D. Sullivan_
Cary D. Sullivan (*admitted Pro Hac Vice*)
Email: carysullivan@jonesday.com

**DUNN CARNEY LLP**
Brian R. Talcott, OSB 965371
Email:  btalcott@dunncarney.com

*Attorneys for Plaintiff*

## CERTIFICATE OF SERVICE

I hereby certify that on the 21st day of May, 2026, I caused to be served the foregoing

**PLAINTIFF TRUSTWELL'S OPPOSITION TO DEFENDANT FOODWIT'S MOTION**

**FOR "PHASED DISCOVERY" (ONE-WAY DISCOVERY STAY)** on the following party

via the following method(s):

P. Andrew McStay, Jr.
Email: andymcstay@dwt.com
DAVIS WRIGHT TREMAINE LLP
560 S.W. Tenth Avenue, Suite 700
Portland, Oregon, 97205
Telephone: +1 (503) 241-2300
Facsimile: +1 (503) 778-5299

by:

☐ U.S. Postal Service, ordinary first-class mail

☒ electronic service

☐ other (specify)  Email

*Attorney for RLH Assets, LLC d/b/a Foodwit*

**JONES DAY**

 */s/ Cary D. Sullivan*
Cary D. Sullivan (*admitted Pro Hac Vice*)
Email: carysullivan@jonesday.com

**DUNN CARNEY LLP**
Brian R. Talcott, OSB 965371
Email:  btalcott@dunncarney.com