Brian R. Talcott, OSB No. 965371
DUNN CARNEY LLP
851 SW Sixth Avenue, Suite 1500
Portland, OR 97204
Telephone: (503) 224-6440
Facsimile: (503) 224-7324
E-mail:  btalcott@dunncarney.com

Cary D. Sullivan (*admitted Pro Hac Vice*)
JONES DAY
3161 Michelson Drive, Suite 800
Irvine, CA  92612
Telephone: (949) 851-3939
Facsimile:  (949) 553-7539
E-mail:  carysullivan@jonesday.com

*Attorneys for Plaintiff*

## UNITED STATES DISTRICT COURT

## DISTRICT OF OREGON – PORTLAND DIVISION

| | |
|---|---|
| **ESHA RESEARCH, LLC., now known as TRUSTWELL,**<br><br>Plaintiff,<br><br>v.<br><br>**RLH ASSETS, LLC, doing business as FOODWIT, an Oregon limited liability company,**<br><br>Defendant. | Civil No. 3:25-cv-00880-AB<br><br>**PLAINTIFF TRUSTWELL'S MOTION TO STRIKE DEFENDANT FOODWIT'S BALD AFFIRMATIVE DEFENSES**<br><br>**ORAL ARGUMENT REQUESTED** |

Page 1    **TRUSTWELL'S MOTION TO STRIKE BALD AFFIRMATIVE DEFENSES**

Plaintiff ESHA Research, LLC, now known as Trustwell ("Trustwell"), hereby moves, pursuant to Federal Rule of Civil Procedure 12(f), to strike the first through twelfth affirmative defenses asserted by Defendant RLH Assets, LLC, doing business as Foodwit ("Foodwit"), in its Answer to Trustwell's Second Amended Complaint (Foodwit's "Answer," Dkt. 78) as bald and insufficient.

## LOCAL RULE 7-1(a) CERTIFICATION

Before filing this motion, counsel for Trustwell conferred by telephone with counsel for Foodwit in an attempt to resolve this dispute. The Parties were unable to reach agreement.

## INTRODUCTION

Rule 12(f) of the Federal Rules of Civil Procedure permits a court to strike any "insufficient defense or any redundant, immaterial, impertinent, or scandalous matter" from a pleading. The purpose of such a motion is to "avoid the expenditure of time and money that must arise from litigating spurious issues by dispensing with those issues prior to trial." *Sidney–Vinstein v. A.H. Robins Co.*, 697 F.2d 880, 885 (9th Cir. 1983). Every one of Foodwit's affirmative defenses should be stricken for presenting spurious issues.

Fundamentally, "affirmative defenses must give [the] plaintiff 'fair notice' of the defense being advanced." *Qarbon.com Inc. v. eHelp Corp.*, 315 F. Supp. 2d 1046, 1049 (N.D. Cal. 2004). But Foodwit's affirmative defenses provide no notice of any sort. Indeed, each of Foodwit's purported affirmative defenses is just a single sentence stating only that Foodwit believes Trustwell's claims "are barred in whole or in part by" various doctrines (including some that are not even affirmative defenses), without any explanation or factual basis to support it. *See* Answer (Dkt. 78) at 15-17. Such conclusory and improper pleading falls woefully short of providing fair notice of the defenses, as required by Federal Rule of Civil Procedure 8(b). In fact, as pled, Trustwell has no notice whatsoever of the bases for Foodwit's affirmative defenses—or if any such bases exist at all. These types of conclusory defenses are precisely the "insufficient defense[s]" Rule 12(f) contemplates striking.

Page 1    **TRUSTWELL'S MOTION TO STRIKE BALD AFFIRMATIVE DEFENSES**

In addition, Foodwit bases its first, ninth, and tenth affirmative defenses on doctrines or theories that are not affirmative defenses at all. These, too, should be stricken as "redundant, immaterial, impertinent, or scandalous matter[s]" under Rule 12(f). District courts throughout this Circuit, including this Court, routinely strike negative defenses—i.e., defenses that merely negate an element of the plaintiff's prima facie case—mislabeled as affirmative defenses.

Because Foodwit's affirmative defenses lack any factual support whatsoever, and some are not affirmative defenses at all, the Court should strike them to avoid the costly, distracting, and needless discovery and motion practice that Rule 12(f) was designed to prevent.

## LEGAL STANDARD

Pursuant to Rule 12(f), a court "may strike from a pleading an insufficient defense or any redundant, immaterial, impertinent, or scandalous matter." Fed. R. Civ. P. 12(f). Under Rule 8(b), a defendant, in its answer, must "state in short and plain terms its defenses to each claim asserted against it." "Like complaints, affirmative defenses must give [the] plaintiff 'fair notice' of the defense being advanced." *Qarbon.com Inc. v. eHelp Corp.*, 315 F. Supp. 2d 1046, 1049 (N.D. Cal. 2004) (quoting *Wyshak v. City Nat'l Bank*, 607 F.2d 824, 827 (9th Cir. 1979)). While *Iqbal* and *Twombly*'s heightened standards do not apply to affirmative defenses, "[a] defendant is not free to conjure its responses out of thin air, as there must be 'at least some valid factual basis in support of its affirmative defense.'" *In re Honest Co., Inc. Sec. Litig.*, 343 F.R.D. 147, 152 (C.D. Cal. 2022) (quoting *Rosen v. Masterpiece Mktg. Grp., LLC*, 222 F. Supp. 3d 793, 798 (C.D. Cal. 2016)). Accordingly, a defense that merely states a legal conclusion without setting forth the underlying factual basis is insufficient as a matter of law. *See Gomez v. J. Jacobo Farm Lab. Contractor, Inc.*, 188 F. Supp. 3d 986, 993 (E.D. Cal. 2016) (striking more than a dozen affirmative defenses that "all begin '[t]he complaint and each cause of action set forth therein are barred, in whole or in part,' then state the name of a doctrine, legal theory, or statute"); *Qarbon*, 315 F. Supp. 2d at 1049 ("[a] reference to a doctrine . . . is insufficient notice").

Further, "[a] defense that does no more than point out a defect in a plaintiff's prima facie case . . . is a 'negative defense' that can be set up by a denial, not an affirmative defense," and is

properly stricken pursuant to Rule 12(f). *Unigestion Holding, S.A. v. UPM Tech., Inc.*, 305 F. Supp. 3d 1134, 1143-44 (D. Or. 2018).

**ARGUMENT**

All twelve of Foodwit's affirmative defenses should be stricken because each is either (or both) (1) an "insufficient defense" due to bald and conclusory pleading that should be stricken for failure to give Trustwell fair notice; or (2) a negative defense that should be stricken as "redundant, immaterial, [and] impertinent." Fed. R. Civ. P. 12(f).

## I.     EACH OF FOODWIT'S AFFIRMATIVE DEFENSES SHOULD BE STRICKEN FOR FAILURE TO PROVIDE FAIR NOTICE.

Each of Foodwit's affirmative defenses lacks any factual support and should be stricken for failure to provide fair notice, as required by Rule 8(b). As set forth above, an affirmative defense must give the plaintiff fair notice of the defense being advanced, and a defense that merely states a legal conclusion without setting forth any supporting factual basis is insufficient as a matter of law. *See Qarbon*, 315 F. Supp. 2d at 1049; *Gomez*, 188 F. Supp. 3d at 993.

Every one of Foodwit's purported affirmative defenses is nothing more than a single, conclusory sentence devoid of any factual allegations. For example, Foodwit's second affirmative defense (unclean hands) states in its entirety: "[Trustwell]'s claims, and each of them, are barred in whole or in part by the doctrine of unclean hands." Answer (Dkt. 78) at 15. The balance of Foodwit's defenses follow an identical, formulaic pattern: a single conclusory sentence stating that Trustwell's "claims, and each of them, are barred in whole or in part by" a particular doctrine or legal theory. *See id.* at 15-17. Foodwit does not identify, for example, what conduct by Trustwell supposedly constitutes "unclean hands;" when the alleged laches period began or ended; what statute of limitations allegedly applies, how, and when it began to run; what acts supposedly constitute "waiver" or give rise to "estoppel;" what agreement is purportedly subject to the Statute of Frauds and why; what rights Trustwell purportedly "abandoned" and how; what contract and provision was allegedly breached and how; or what steps Trustwell purportedly failed to take or what damages could have been "mitigated." Without any factual support, these defenses are

nothing more than "bare legal conclusions" of the type routinely stricken by courts throughout this Circuit. *Gomez*, 188 F. Supp. 3d at 993; *see also In re Honest Co.*, 343 F.R.D. at 152.

The district court's order in *Gomez* is particularly instructive. There, several of the defendant's affirmative defenses "all begin '[t]he complaint and each cause of action set forth therein are barred, in whole or in part,' then state the name of a doctrine, legal theory, or statute, e.g., 'the doctrine of avoidable consequences,' 'the doctrine of unclean hands,' 'the doctrine of waiver,' 'the doctrine of estoppel,' or based on violation of 'California Labor Code §§ 2854, 2856, 2857, 2858, and/or 2859.'" *Gomez*, 188 F. Supp. 3d at 993-94. That is exactly what Foodwit did here. And those are exactly the type of affirmative defenses that courts throughout this Circuit routinely strike as inadequate. *See Qarbon*, 315 F. Supp. 2d at 1049-50 (striking affirmative defense that merely states the defendant "must be 'barred from recovery in whole or in part' by the doctrines of waiver, estoppel, and unclean hands"); *Rosen*, 222 F. Supp. 3d at 803–04 (striking defense that "Plaintiff is barred by the Statute of Limitations" as inadequate for failure to "allege which statute(s) of limitations [defendant] is relying upon, what cause(s) of action are barred, the date after which such bar became effective, and some factual allegations concerning why the limitations period has expired"); *Kohler v. Staples the Office Superstore, LLC*, 291 F.R.D. 464, 469-72 (S.D. Cal. 2013) (striking ten affirmative defenses referring only to legal doctrines or theories without factual support); *Hartford Underwriters Ins. Co. v. Kraus USA, Inc.*, 313 F.R.D. 572, 576-78 (N.D. Cal. 2016) (striking five affirmative defenses referring only to legal doctrines or theories without factual support). This Court should reach the same conclusion.

Because Foodwit fails to allege any factual support whatsoever for any of its affirmative defenses—let alone sufficient facts to provide Trustwell with fair notice—the Court should strike each of Foodwit's twelve affirmative defenses.

## II. FOODWIT'S FIRST, NINTH, AND TENTH, AFFIRMATIVE DEFENSES ALSO SHOULD BE STRICKEN AS NEGATIVE DEFENSES.

In addition to Foodwit's failure to provide fair notice, the Court also should strike Foodwit's first (failure to state a claim), ninth (puffery), and tenth (independent creation)

Page 4    **TRUSTWELL'S MOTION TO STRIKE BALD AFFIRMATIVE DEFENSES**

affirmative defenses because they are not affirmative defenses at all. They are negative defenses that merely address alleged defects in Trustwell's prima facie case. As this Court has recognized, such improperly labeled negative defenses are properly stricken pursuant to Rule 12(f). *Unigestion Holding*, 305 F. Supp. 3d at 1143-44 ("[a] defense that does no more than point out a defect in a plaintiff's prima facie case . . . is a 'negative defense' that can be set up by a denial, not an affirmative defense," and "it is proper to strike them").

*First*, it is well settled that "failure to state a claim" is not an affirmative defense. "'Failure to state a claim' is a negative defense that merely argues that plaintiff has not met its burden in establishing one or more elements of a claim, whatever that burden may be at a given stage of litigation." *Id.* Accordingly, the Court should strike this defense on that basis alone. *Id.*; *Hartford*, 313 F.R.D. at 575-76. Moreover, while Foodwit was entitled to "assert this claim in a 12(b)(6) motion," *Hartford*, 313 F.R.D. at 576, the Court already rejected this defense, ruling that Trustwell *has* stated claims upon which relief may be granted. Op. & Order, April 24, 2026 (Dkt. 74). Accordingly, the Court also should strike this purported affirmative defense on the additional basis that it is "redundant" and "impertinent" under Rule 12(f).

*Second*, the doctrine of puffery serves only to negate a Lanham Act plaintiff's showing of a false or misleading statement of fact in commercial advertising—if the statement is "mere puffery," then the plaintiff cannot satisfy this element of a Lanham Act claim. *See Cook, Perkiss & Liehe, Inc. v. N. California Collection Serv. Inc.*, 911 F.2d 242, 245 (9th Cir. 1990). Indeed, "[d]istrict courts often resolve whether a statement is puffery when considering a motion to dismiss pursuant to Federal Rule of Civil Procedure 12(b)(6) . . . ." *Id.* Such procedural postures are inconsistent with an affirmative defense, which presupposes that the plaintiff has stated a valid claim and requires the defendant to bear the burden of establishing a new matter that defeats recovery. *See E.E.O.C. v. Cal. Psychiatric Transitions, Inc.*, 725 F. Supp. 2d 1100, 1118 (E.D. Cal. 2010) (citing *Saks v. Franklin Covey Co.*, 316 F.3d 337, 350 (2d Cir. 2003); *Wolf v. Reliance Standard Life Ins. Co.*, 71 F.3d 444, 449 (1st Cir. 1995)). Moreover, the Court already rejected this defense in ruling that Trustwell *has* stated a viable Lanham Act claim. Op. & Order, April 24,

Page 5    **TRUSTWELL'S MOTION TO STRIKE BALD AFFIRMATIVE DEFENSES**

2026 (Dkt. 74). For both of these additional reasons, Foodwit's ninth affirmative defense should be stricken. *See* Rule 12(f); *Unigestion*, 305 F. Supp. 3d at 1144 (because puffery is "in fact [a] negative defense[] . . . it is proper to strike [it]").

*Third*, the independent creation doctrine is also a negative defense negating the misappropriation element of a plaintiff's DTSA or OUTSA claim. "Proof that [a] defendant's use [of the trade secret] resulted from independent derivation or reverse engineering is evidence that there was no improper use on its part. The defendant does not have a burden of proof to make that showing." *In re Sotera Wireless, Inc.*, 591 B.R. 453, 461 (S.D. Cal. 2018), *aff'd*, 794 F. App'x 625 (9th Cir. 2020) (analyzing California's Uniform Trade Secrets Act); *see InteliClear, LLC v. ETC Global Holdings, Inc.*, 978 F.3d 653, 657 (9th Cir. 2020) (holding that "[c]ourts have analyzed [DTSA and CUTSA] claims together because the elements are substantially similar"). Thus, Foodwit's tenth affirmative defense also should be stricken as an improperly pled negative defense. *Unigestion*, 305 F. Supp. 3d at 1144.

Of course, negative defenses improperly pled as affirmative defenses cannot be cured by amendment.

## III.    LEAVE TO AMEND SHOULD BE DENIED.

During meet-and-confer discussions, Trustwell suggested that Foodwit simply amend its answer rather than forcing Trustwell to file this motion. Foodwit declined to amend and stated that it will oppose this motion, citing Trustwell's answer to Foodwit's antitrust complaint in the related case *RLH Assets, LLC v. ESHA Research, LLC*, Case No. 25-cv-00656-AB. Trustwell explained that its answer in a different lawsuit, where Foodwit did not request amendment and its deadline to file a Rule 12 motion expired nearly a year ago, provides no basis to refuse amendment here. Indeed, there is no good faith basis whatsoever to refuse amendment here.

Because Foodwit declined to amend, forcing Trustwell to file the instant motion, Foodwit should not be granted leave to amend in response to this motion. At a minimum, because Foodwit forced Trustwell to file this motion, if the Court is still inclined to grant leave to amend, Foodwit should be ordered to pay the costs Trustwell was forced to incur in filing and briefing this motion.

## <u>CONCLUSION</u>

For all of the reasons above, Trustwell respectfully requests that the Court strike all of Foodwit's affirmative defenses pursuant to Rule 12(f) and deny leave to amend.

Dated:  May 28, 2026                                    Respectfully submitted,

**JONES DAY**

 */s/ Cary D. Sullivan*
Cary D. Sullivan (*admitted Pro Hac Vice*)
Email: carysullivan@jonesday.com

**DUNN CARNEY LLP**
Brian R. Talcott, OSB 965371
Email:  btalcott@dunncarney.com

*Attorneys for Plaintiff*

## CERTIFICATE OF SERVICE

I hereby certify that on the 28th day of May, 2026, I caused to be served the foregoing

**PLAINTIFF TRUSTWELL'S MOTION TO STRIKE DEFENDANT FOODWIT'S BALD**

**AFFIRMATIVE DEFENSES** on the following party via the following method(s):

P. Andrew McStay, Jr.
Email: andymcstay@dwt.com
DAVIS WRIGHT TREMAINE LLP
560 S.W. Tenth Avenue, Suite 700
Portland, Oregon, 97205
Telephone: +1 (503) 241-2300
Facsimile: +1 (503) 778-5299

*Attorney for RLH Assets, LLC d/b/a
Foodwit*

by:

☐ U.S. Postal Service, ordinary first class mail

☒ electronic service

☐ other (specify)  Email

**JONES DAY**

  */s/ Cary D. Sullivan*
Cary D. Sullivan (*admitted Pro Hac Vice*)
Email: carysullivan@jonesday.com

**DUNN CARNEY LLP**
Brian R. Talcott, OSB 965371
Email:  btalcott@dunncarney.com