P. Andrew McStay, Jr., OSB No. 033997
DAVIS WRIGHT TREMAINE LLP
560 S.W. Tenth Avenue, Suite 700
Portland, Oregon, 97205
+1 (503) 241-2300
+1 (503) 778-5299 facsimile
andymcstay@dwt.com

Matthew S. Warren (*pro hac vice*)
Erika H. Warren (*pro hac vice*)
WARREN KASH WARREN LLP
2261 Market Street, No. 606
San Francisco, California, 94114
+1 (415) 895-2940
+1 (415) 895-2964 facsimile
25-880@cases.warrenlex.com

*Attorneys for Defendant RLH Assets, LLC d/b/a Foodwit*

UNITED STATES DISTRICT COURT

DISTRICT OF OREGON

PORTLAND DIVISION

| | |
|---|---|
| ESHA RESEARCH, LLC, an Oregon limited liability company,<br><br>Plaintiff,<br><br>v.<br><br>RLH ASSETS, LLC d/b/a FOODWIT, an Oregon limited liability company,<br><br>Defendant. | Case No. 3:25-cv-00880-AB<br><br>**FOODWIT'S OPPOSITION TO ESHA'S "RESPONSE TO DEFENDANT FOODWIT'S REQUEST TO UNSEAL DOCUMENTS"**<br><br>**AUTHORIZED TO BE FILED UNDER SEAL BY PROTECTIVE ORDER (DOCKET NO. 44)** |

ATTORNEYS' EYES ONLY — IN ACCORDANCE WITH A PROTECTIVE ORDER, THE ENCLOSURE(S) SHALL BE TREATED AS FOR ATTORNEYS' EYES ONLY AND SHALL NOT BE SHOWN TO ANY PERSON OTHER THAN THOSE PERSONS DESIGNATED IN PARAGRAPH 8 OF THE PROTECTIVE ORDER

## TABLE OF CONTENTS

*Page*

TABLE OF AUTHORITIES . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . ii

INTRODUCTION . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 1

BACKGROUND . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 1

A.     The Court's Protective Order Governing Confidentiality in This Action . . . . . . . . . . . . . . 1

B.     Foodwit's Motion to Dismiss the Second Amended Complaint . . . . . . . . . . . . . . . . . . . . 2

C.     ESHA's "Response" to Foodwit's Request and Its Opposition to Foodwit's Motion . . . . 2

ARGUMENT . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 3

I.     ESHA's Response Violates the Protective Order by Failing to Specify Redactions . . . . . 3

II.     ESHA's Response Fails to Provide Any Compelling Reason to Maintain Any Seal . . . . . 5

CONCLUSION . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 9

ATTORNEYS' EYES ONLY — IN ACCORDANCE WITH A PROTECTIVE ORDER, THE ENCLOSURE(S) SHALL BE TREATED AS FOR ATTORNEYS' EYES ONLY AND SHALL NOT BE SHOWN TO ANY PERSON OTHER THAN THOSE PERSONS DESIGNATED IN PARAGRAPH 8 OF THE PROTECTIVE ORDER

## TABLE OF AUTHORITIES

*Cases*                                                                                          *Pages*

*3M Co. v. Rollit, LLC,*
   No. 06-1225, 2007 WL 9728889 (N.D. Cal. Dec. 14, 2007) . . . . . . . . . . . . . . . . . . . . . . . . . 6

*Ainsworth Inc. v. Marshall,*
   No. 23-1849, 2024 WL 247208 (D. Or. Jan. 22, 2024) . . . . . . . . . . . . . . . . . . . . . . . . . . . . 7

*Apple Inc. v. Samsung Elecs. Co., Ltd.,*
   No. 12-1600, 2013 WL 4487610 (Fed. Cir. Aug. 23, 2013) . . . . . . . . . . . . . . . . . . . . . . . . 7

*Blain v. Titanium Metals Corp.,*
   No. 18-462, 2019 WL 1207929 (D. Nev. Mar. 14, 2019) . . . . . . . . . . . . . . . . . . . . . . . . . . 4

*Charles v. Portfolio Recovery Assocs., LLC,*
   654 F. Supp. 3d 1153 (D. Or. Feb. 3, 2023) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 7

*Clean Crawl, Inc. v. Crawl Space Cleaning Pros, Inc.,*
   No. 17-1340, 2019 WL 6829886 (W.D. Wash. Dec. 13, 2019) . . . . . . . . . . . . . . . . . . . . . . 7

*Cox v. First Student Inc.,*
   No. 25-5497, 2025 WL 3443100 (W.D. Wash. Dec. 1, 2025) . . . . . . . . . . . . . . . . . . . . 4, 7, 9

*Ctr. for Auto Safety v. Chrysler Grp., LLC,*
   809 F.3d 1092 (9th Cir. 2016) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 5

*In re Elec. Arts, Inc.,*
   298 F. Appx. 568 (9th Cir. Oct. 28, 2008) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 7

*Empower Clinic Servs., L.L.C. v. Legitscript L.L.C.,*
   No. 25-514-AB, 2025 WL 1099105 (D. Or. Apr. 11, 2025) . . . . . . . . . . . . . . . . . . . . . . . 5, 7

*Fairbairn v. Fidelity Invs. Charitable Gift Fund,*
   No. 18-4881, 2020 WL 6788864 (N.D. Cal. Mar. 2, 2020) . . . . . . . . . . . . . . . . . . . . . . . . 7

*Florence v. Cenlar Fed. Sav. & Loan,*
   No. 16-587, 2017 WL 1078637 (D. Nev. Mar. 20, 2017) . . . . . . . . . . . . . . . . . . . . . . . . . . 4

*Foltz v. State Farm Mutual Auto. Ins. Co.,*
   331 F.3d 1122 (9th Cir. 2003) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 5

*F.T.C. v. Kroger Co.,*
   No. 24-347, 2024 WL 1526504 (D. Or. Apr. 8, 2024) . . . . . . . . . . . . . . . . . . . . . . . . . . . . 7

*Hagestad v. Tragesser,*
   49 F.3d 1430 (9th Cir. 1995) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 8

ATTORNEYS' EYES ONLY — IN ACCORDANCE WITH A PROTECTIVE ORDER, THE ENCLOSURE(S) SHALL BE TREATED AS FOR ATTORNEYS' EYES ONLY AND SHALL NOT BE SHOWN TO ANY PERSON OTHER THAN THOSE PERSONS DESIGNATED IN PARAGRAPH 8 OF THE PROTECTIVE ORDER

## TABLE OF AUTHORITIES
*(continued)*

*Cases*                                                           *Pages*

*Hodges v. Apple, Inc.,*
    No. 13-1128, 2013 WL 6070408 (N.D. Cal. Nov. 18, 2013) . . . . . . . . . . . . . . . . . . . . . . . . . 7

*J.R. Simplot Co. v. Washington Potato Co.,*
    No. 16-1851 2016 WL 11066581 (W.D. Wash. Feb. 3, 2023) . . . . . . . . . . . . . . . . . . . . . . . . 7

*Kamakana v. City & Cnty. of Honolulu,*
    447 F.3d 1172 (9th Cir. 2006) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 5-9

*Lains v. Am. Fam. Mut. Ins. Co.,*
    No. 14-1982, 2016 WL 5115415 (W.D. Wash. Mar. 3, 2016) . . . . . . . . . . . . . . . . . . . . . . . 6

*MD Helicopters Inc. v. Boeing Co.,*
    No. 17-2598, 2019 WL 1877356 (D. Ariz. Apr. 26, 2019) . . . . . . . . . . . . . . . . . . . . . . . . . 5

*PCT Int'l Inc. v. Holland Elecs. LLC,*
    No. 12-1797, 2014 WL 4722326 (D. Ariz. Sept. 23, 2014) . . . . . . . . . . . . . . . . . . . . . . . . . 5

*Vesta Corp. v. Amdocs Mgmt. Ltd.,*
    312 F. Supp. 3d 966 (D. Or. 2018) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 6-9

*X Corp. v. Bright Data Ltd.,*
    No. 23-3698, 2025 WL 81577 (N.D. Cal. Jan. 12, 2025) . . . . . . . . . . . . . . . . . . . . . . . . . 7-9

ATTORNEYS' EYES ONLY — IN ACCORDANCE WITH A PROTECTIVE ORDER, THE ENCLOSURE(S) SHALL BE TREATED AS FOR ATTORNEYS' EYES ONLY AND SHALL NOT BE SHOWN TO ANY PERSON OTHER THAN THOSE PERSONS DESIGNATED IN PARAGRAPH 8 OF THE PROTECTIVE ORDER

**INTRODUCTION**

The real secret in this action is that ESHA has no secrets. Foodwit's motion papers showed as much, but they remain hidden from public view because ESHA has claimed confidentiality over its non-existent asserted trade secrets. Since ESHA's strategy of monopolization through sham litigation requires potential customers and competitors to believe that its pool of trade secrets is broad and deep, ESHA cannot allow Foodwit's motion papers to become public. To stop that from happening, ESHA violated this Court's protective order by declining to consider redaction, and by submitting spurious and insufficient justifications to seal Foodwit's motion papers. As a result, potential customers and competitors reviewing this Court's docket will see ESHA's but not Foodwit's side of the story—and will not even see these words pointing out the problem, because this brief mentions ESHA's claimed confidential information and thus the Court's protective order requires Foodwit to file it entirely under seal.

By making false claims of confidentiality and refusing to redact Foodwit's papers, ESHA manipulated the Court's sealing procedures to aid its private cause rather than the public's right to access judicial records. By seeking to keep Foodwit's papers under seal, ESHA asks the Court to join it in this manipulation. The Court should decline this invitation, deny ESHA's motion, and allow Foodwit's papers discussing wholly public information to become public.

**BACKGROUND**

**A.    The Court's Protective Order Governing Confidentiality in This Action**

On September 8, 2025, the Court ordered a protective order governing confidentiality in this action. Docket No. 44. Among other things, it provided that:

> If a non-designating party is filing a document that another party has designated as "Confidential" or "Attorneys' Eyes Only," then the non-designating party shall file the document under seal. If the non-designating party makes a request in writing to have the document unsealed and the designating party does not file, within ten

Page 1 – OPPOSITION TO ESHA'S "RESPONSE" TO REQUEST TO UNSEAL DOCUMENTS

ATTORNEYS' EYES ONLY — IN ACCORDANCE WITH A PROTECTIVE ORDER, THE ENCLOSURE(S) SHALL BE TREATED AS FOR ATTORNEYS' EYES ONLY AND SHALL NOT BE SHOWN TO ANY PERSON OTHER THAN THOSE PERSONS DESIGNATED IN PARAGRAPH 8 OF THE PROTECTIVE ORDER

calendar days from the date that the request for unsealing is filed, a motion that shows either good cause or compelling reasons, see Footnote 1, *supra*, to maintain the document under seal, then the Court shall unseal the document. Before seeking to maintain the protection of documents filed with the Court, a party must assess whether redaction is a viable alternative to complete nondisclosure.

*Id.* ¶ 4.

**B.    Foodwit's Motion to Dismiss the Second Amended Complaint**

On November 5, 2025, Foodwit filed its motion to dismiss the second amended complaint and accompanying papers. Portions of these papers quoted information that ESHA designated as confidential, so Foodwit followed the protective order and filed them entirely under seal even though many other portions of the same documents should indisputably be public. Docket Nos. 47, 48. Because Foodwit makes no claim of confidentiality over these documents and believes they contain only public information, it filed a request for unsealing them. Docket No. 50.

**C.    ESHA's "Response" to Foodwit's Request and Its Opposition to Foodwit's Motion**

On December 10, ESHA filed a "Response" to Foodwit's request. Docket No. 57. Although the order requires a "motion," ESHA did not call its document a motion or docket it as a motion, evidently to prevent this opposition. *See id.* Although the order states that, "[b]efore seeking to maintain the protection of documents filed with the Court, a party must assess whether redaction is a viable alternative to complete nondisclosure," ESHA did not provide a redacted version of any Foodwit's documents and only stated vaguely that the portions of Foodwit's documents that "quote or discuss the contents of the Trade Secret Identification should also remain sealed or at least redacted." Docket No. 44 ¶ 4; Resp. at 3.

The same day that it filed its response, ESHA also filed its opposition to Foodwit's motion to dismiss and a supporting declaration from Todd Dolinsky. Docket Nos. 56 ("Opp."), 56-1 ("Dolinsky Decl."). Both ESHA's opposition and its supporting declaration "quote or

ATTORNEYS' EYES ONLY — IN ACCORDANCE WITH A PROTECTIVE ORDER. THE ENCLOSURE(S) SHALL BE TREATED AS FOR ATTORNEYS' EYES ONLY AND SHALL NOT BE SHOWN TO ANY PERSON OTHER THAN THOSE PERSONS DESIGNATED IN PARAGRAPH 8 OF THE PROTECTIVE ORDER

discuss the contents of Trustwell's Trade Secret Identification," often in some detail. Resp. at 6; *see, e.g.*, Dolinsky Decl. ¶¶ 14-18. ESHA filed both documents publicly. ESHA thus waived its own claim of confidentiality to the extent necessary to file its own brief, but not to the extent necessary to file Foodwit's brief. As a result of ESHA's selective waiver and public filing of its own documents, anyone looking at the public docket will see ESHA's views, but not Foodwit's.

**ARGUMENT**

## I.  ESHA's Response Violates the Protective Order by Failing to Specify Redactions

The protective order required that, "[b]efore seeking to maintain the protection of documents filed with the Court, a party must assess whether redaction is a viable alternative to complete nondisclosure." Docket No. 44 ¶ 4. ESHA pays this rule lip service by mentioning the possibility of redaction, but ESHA did not provide a proposed redacted version of these papers, and states only vaguely that the portions of Foodwit's documents that "quote or discuss the contents of the Trade Secret Identification should also remain sealed or at least redacted." Resp. at 3; *see also id.* at 6. ESHA does not define the boundaries of this request, and its statement does not make them clear. For example, paragraph 12 of the Warren Declaration reads:



Docket No. 48 ("Warren Decl.") ¶ 12. ESHA might say that this "quote[s]" from its asserted trade secrets and text in quotation marks should be sealed. But should references to "paragraph 1" and "paragraph 1(a)"? ESHA does not say. Paragraph 13 poses a further conundrum:



Page 3 – OPPOSITION TO ESHA'S "RESPONSE" TO REQUEST TO UNSEAL DOCUMENTS

ATTORNEYS' EYES ONLY — IN ACCORDANCE WITH A PROTECTIVE ORDER, THE ENCLOSURE(S) SHALL BE TREATED AS FOR ATTORNEYS' EYES ONLY AND SHALL NOT BE SHOWN TO ANY PERSON OTHER THAN THOSE PERSONS DESIGNATED IN PARAGRAPH 8 OF THE PROTECTIVE ORDER

███████████████████████████████████████████████████████
████████████████████

Warren Decl. ¶ 13. Does this paragraph "discuss" ESHA's asserted trade secrets? Foodwit used this information to show that the alleged secrets in paragraph 12 were public. But paragraph 13 does not refer to ESHA's trade secrets; it says only that some information is public. Does it fall under ESHA's sealing request? Foodwit does not know, because ESHA does not say. ESHA is vague like a fox: by failing to define the boundaries of its asserted sealing request, ESHA not only avoids having to defend those boundaries, but also ensures that all of Foodwit's papers stay sealed in their entirety, preventing the public from seeing the paucity of its asserted trade secrets.

ESHA's manipulation of the Court's sealing procedure prejudices Foodwit. Anyone looking at the public docket of this action, including any potential Foodwit customers or potential ESHA competitors, will see only ESHA's side of the story, and will not understand the weaknesses in ESHA's claims that Foodwit has pointed out in its papers. The majority of Foodwit's opposition brief makes legal arguments that do not "quote or discuss the contents of Trustwell's Trade Secret Identification" (Resp. at 6), and the public should be able to review those portions of Foodwit's papers now. For precisely this reason, "[a]ny request to seal documents must be 'narrowly tailored' to remove from the public sphere only the material that warrants secrecy." *Blain v. Titanium Metals Corp.*, No. 18-462, 2019 WL 1207929, at *1 (D. Nev. Mar. 14, 2019) (quoting *Florence v. Cenlar Fed. Sav. & Loan*, No. 16-587, 2017 WL 1078637, at *2 (D. Nev. March 20, 2017)). ESHA's "request is not narrowly tailored because it provides the same justification for sealing" large and undefined quantities of material. *Cox v. First Student Inc.*, No. 25-5497, 2025 WL 3443100, at *3 (W.D. Wash. Dec. 1, 2025). To enforce this principle and minimize the effect of future manipulation of the Court's procedures,

ATTORNEYS' EYES ONLY — IN ACCORDANCE WITH A PROTECTIVE ORDER, THE ENCLOSURE(S) SHALL BE TREATED AS FOR ATTORNEYS' EYES ONLY AND SHALL NOT BE SHOWN TO ANY PERSON OTHER THAN THOSE PERSONS DESIGNATED IN PARAGRAPH 8 OF THE PROTECTIVE ORDER

the Court should require that a party moving to seal information in this action must file, simultaneously with its sealing motion, a redacted version of each document it seeks to keep under seal, allowing any uncontested portions of that document to become public. The Court should further order ESHA to file these redacted versions of Foodwit's November papers as soon as possible. Doing so will not prevent future improper claims of confidentiality, but it will reduce the harm that such claims can cause while the Court considers them.

## II.    ESHA's Response Fails to Provide Any Compelling Reason to Maintain Any Seal

"There is a presumption of public access to judicial records to keep federal courts accountable and to support the public's 'confidence in the administration of justice.'" *Empower Clinic Servs., L.L.C. v. Legitscript L.L.C.*, No. 25-514-AB, 2025 WL 1099105, at *1 (D. Or. Apr. 11, 2025) (quoting *Ctr. for Auto Safety v. Chrysler Grp., LLC*, 809 F.3d 1092, 1096 (9th Cir. 2016)). Accordingly, "a party seeking to seal a judicial record then bears the burden of overcoming this strong presumption by meeting the 'compelling reasons' standard." *Kamakana v. City & Cnty. of Honolulu*, 447 F.3d 1172, 1178 (9th Cir. 2006) (quoting *Foltz v. State Farm Mut. Auto. Ins. Co.*, 331 F.3d 1122, 1135 (9th Cir. 2003)). "Confidentiality alone does not transform business information into a trade secret," and "a party alleging trade secret protection as a basis for sealing court records must show that the business information is in fact a trade secret." *MD Helicopters Inc. v. Boeing Co.*, No. 17-2598, 2019 WL 1877356, at *2 (D. Ariz. Apr. 26, 2019) (quoting *PCT Int'l Inc. v. Holland Elecs. LLC*, No. 12-1797, 2014 WL 4722326, at *2 (D. Ariz. Sept. 23, 2014)).

ESHA's response fails this test. Foodwit's motion showed that nothing in ESHA's asserted trade secret disclosure is actually secret, and ESHA did not defend against these points. *See* Reply § I. Indeed, ESHA's declarant admitted under oath that at minimum the "Genesis

ATTORNEYS' EYES ONLY — IN ACCORDANCE WITH A PROTECTIVE ORDER, THE ENCLOSURE(S) SHALL BE TREATED AS FOR ATTORNEYS' EYES ONLY AND SHALL NOT BE SHOWN TO ANY PERSON OTHER THAN THOSE PERSONS DESIGNATED IN PARAGRAPH 8 OF THE PROTECTIVE ORDER

Foods portion" of its asserted trade secrets does not contain any trade secrets. Dolinsky Decl. ¶ 9; *see* Reply § I.C. Under such circumstances, courts do not keep materials under seal. See *Lains v. Am. Fam. Mut. Ins. Co.*, No. 14-1982, 2016 WL 5115415, at *1 (W.D. Wash. Mar. 3, 2016); *3M Co. v. Rollit, LLC*, No. 06-1225, 2007 WL 9728889, at *7 (N.D. Cal. Dec. 14, 2007).

Unable to claim trade secret protection over the material itself, ESHA submits a new claim, that the "Genesis Foods portion" of its asserted trade secrets provides "a roadmap to some of Trustwell's most valuable products, and the most valuable features and functionalities of those products, potentially enabling them to reverse engineer or at least tailor their products more effectively to compete with Genesis Foods." Resp. at 3; *see also id.* at 4-6; Dolinsky Decl. ¶ 13. ESHA does not explain how or why the features listed in the "Genesis Foods portion" of its asserted trade secrets are, in fact, "the most valuable features and functionalities of those products." Resp. at 3. It is not hard to see why: there is no way for anyone to make this claim with a straight face. The "Genesis Foods portion" of ESHA's asserted trade secrets starts with

███████████████████████████████████████████████████████████████

███████████████████████████████████████████████████████████████

████████████████████████████████████████████ If ESHA wants to seal references to ███████████████████████████, it "must articulate compelling reasons supported by specific factual findings that outweigh the general history of access and the public policies favoring disclosure, such as the public interest in understanding the judicial process." *Vesta Corp. v. Amdocs Mgmt. Ltd.*, 312 F. Supp. 3d 966, 969 (D. Or. 2018) (quoting *Kamakana*, 447 F.3d at 1178-79). Again ESHA is vague like a fox: it does not seek to justify sealing of individual features because no justification exists. The law does not allow ESHA's categorical

Page 6 – OPPOSITION TO ESHA'S "RESPONSE" TO REQUEST TO UNSEAL DOCUMENTS

ATTORNEYS' EYES ONLY — IN ACCORDANCE WITH A PROTECTIVE ORDER, THE ENCLOSURE(S) SHALL BE TREATED AS FOR ATTORNEYS' EYES ONLY AND SHALL NOT BE SHOWN TO ANY PERSON OTHER THAN THOSE PERSONS DESIGNATED IN PARAGRAPH 8 OF THE PROTECTIVE ORDER

approach to sealing. *Kamakana*, 447 F.3d at 1184; *see supra*.[1] "Simply defining the information as confidential and concluding it should not be publicly available 'does not demonstrate [the exhibits] are properly sealable.'" *Cox*, 2025 WL 3443100, at *3 (alteration in original) (quoting *Fairbairn v. Fidelity Invs. Charitable Gift Fund*, No. 18-4881, 2020 WL 6788864, at *1 (N.D. Cal. Mar. 2, 2020)). And "[s]imply mentioning a general category of privilege, without any further elaboration or any specific linkage with the documents, does not satisfy the burden" of demonstrating compelling reasons for sealing. *Kamakana*, 447 F.3d at 1184; *see, e.g., X Corp. v. Bright Data Ltd.*, No. 23-3698, 2025 WL 81577, at *3 (N.D. Cal. Jan. 12, 2025) ("Generic rationales invite general rejection."). A claim that "information is confidential and speculation that it could cause harm are not, alone, sufficient to justify" redaction or sealing. *Vesta*, 312 F. Supp. 3d at 972. An "unsupported assertion of unfair advantage to competitors without explaining how a competitor would use the information to obtain an unfair advantage is insufficient." *Cox*, 2025 WL 3443100, at *3 (quoting *Hodges v. Apple, Inc.*, No. 13-1128, 2013 WL 6070408, at *2 (N.D. Cal. Nov. 18, 2013)).

---

[1] ESHA's cited cases cannot help it, as they show only the paucity of ESHA's justifications here. *See In re Elec. Arts, Inc.*, 298 Fed. App'x 568, 569 (9th Cir. 2008) (sealing "pricing terms, royalty rates, and guaranteed minimum payment terms"); *Apple Inc. v. Samsung Elecs. Co.*, 727 F.3d 1214, 1219 (Fed. Cir. 2013) (sealing "license agreements, confidential financial information" and "research reports."); *J.R. Simplot Co. v. Washington Potato Co.*, No. 16-1851, 2016 WL 11066581, at *1 (W.D. Wash. Dec. 29, 2016) (sealing "confidential financial, pricing, and strategic planning information"); *Clean Crawl, Inc. v. Crawl Space Cleaning Pros, Inc.*, No. 17-1340, 2019 WL 6829886, at *2 (W.D. Wash. Dec. 13, 2019) (sealing specific "marketing and advertising techniques and budgets, sales and distribution figures, and financial figures and projections"); *Charles v. Portfolio Recovery Assocs., LLC*, 654 F. Supp. 3d 1153, 1157-58 (D. Or. Feb. 3, 2023) (sealing specific deal terms of asset sale agreement); *Ainsworth Inc. v. Marshall*, No. 23-1849, 2024 WL 247208, at *1-2 (D. Or. Jan. 22, 2024) (sealing "specifications for client equipment, vendor and client contact information, and client proposals"); *F.T.C. v. Kroger Co.*, No. 24-347, 2024 WL 1526504, at *1-2 (D. Or. Apr. 8, 2024) (sealing "confidential pricing, promotional, operations, business, and labor strategies"); *Empower*, 2025 WL 1099105 at *2 (sealing only "customer names, customer emails, Plaintiff's proprietary pricing strategy, and how Plaintiff's pricing compares to its competitors").

Page 7 – OPPOSITION TO ESHA'S "RESPONSE" TO REQUEST TO UNSEAL DOCUMENTS

ATTORNEYS' EYES ONLY — IN ACCORDANCE WITH A PROTECTIVE ORDER, THE ENCLOSURE(S) SHALL BE TREATED AS FOR ATTORNEYS' EYES ONLY AND SHALL NOT BE SHOWN TO ANY PERSON OTHER THAN THOSE PERSONS DESIGNATED IN PARAGRAPH 8 OF THE PROTECTIVE ORDER

ESHA next claims that "there is no contention that any portion" of its trade secrets relating "to its master food and nutrition database has been publicly disclosed." Resp. at 6. But Foodwit's motion to dismiss established that ESHA's vaguely asserted database secret includes no trade secrets, Mot. at 8-15, and ESHA's opposition failed to respond to any of these points, thus waiving them. Reply § I. More relevant here, ESHA's justification for sealing its database secret is insufficient for the same reasons as its system secret: a claim that "information is confidential and speculation that it could cause harm are not, alone, sufficient to justify" redaction or sealing. *Vesta*, 312 F. Supp. 3d at 972; *see supra.* ESHA claims, and its declarant echoes, that "public disclosure of that information obviously would cause irreparable injury to Trustwell by allowing its competitors to reverse engineer that process and approximate the same compilation dataset." Resp. at 6; *see* Dolinsky Decl. ¶ 8. Beyond the word "obviously," ESHA provides only conjecture to support this claim. But conjecture is insufficient. "After taking all relevant factors into consideration, the district court must base its decision on a compelling reason and articulate the factual basis for its ruling, without relying on hypothesis or conjecture." *Hagestad v. Tragesser*, 49 F.3d 1430, 1434 (9th Cir. 1995); *see also Kamakana*, 447 F.3d at 1182; *X Corp.*, 2025 WL 81577, at *3. ESHA cannot provide more than conjecture because, again, there is no way for anyone to make this claim with a straight face. ESHA's asserted database secret starts with ████████████████████████████████████

████████████████████████████████████████████████████

████████████████████████████████████████████████

████████████████████████████████████ If ESHA wants to seal references to ████████████████████████████, it "must articulate compelling reasons supported by specific factual findings that outweigh the general history of

ATTORNEYS' EYES ONLY — IN ACCORDANCE WITH A PROTECTIVE ORDER, THE ENCLOSURE(S) SHALL BE TREATED AS FOR ATTORNEYS' EYES ONLY AND SHALL NOT BE SHOWN TO ANY PERSON OTHER THAN THOSE PERSONS DESIGNATED IN PARAGRAPH 8 OF THE PROTECTIVE ORDER

access and the public policies favoring disclosure, such as the public interest in understanding the judicial process." *Vesta*, 312 F. Supp. 3d at 969. But instead of arguing specific compelling reasons why the information should stay under seal, ESHA broadly argues that "trade secret and competitively sensitive business information" is information that courts "routinely seal." Resp. at 4-5. This is insufficient. *Cox*, 2025 WL 3443100, at *3; *Kamakana*, 447 F.3d at 1184; *X Corp.*, 2025 WL 81577, at *3 ("Generic rationales invite general rejection.").

## CONCLUSION

For all of the foregoing reasons, the Court should deny ESHA's request to maintain Foodwit's papers under seal and instruct the Clerk to make them public. While it considers this motion, the Court should immediately order ESHA to file a redacted version of Foodwit's November papers, removing only the portions ESHA seeks to seal, and should require in the future that any parties seeking sealing must file redacted versions with their motions to seal.

Date: January 14, 2026

Respectfully submitted,

/s/ P. Andrew McStay, Jr.
P. Andrew McStay, Jr., OSB No. 033997
DAVIS WRIGHT TREMAINE LLP
560 S.W. Tenth Avenue, Suite 700
Portland, Oregon, 97205
+1 (503) 778-5302
+1 (503) 778-5299 facsimile
andymcstay@dwt.com

Matthew S. Warren (*pro hac vice*)
Erika H. Warren (*pro hac vice*)
WARREN KASH WARREN LLP
2261 Market Street, No. 606
San Francisco, California, 94114
+1 (415) 895-2940
+1 (415) 895-2964 facsimile
25-880@cases.warrenlex.com

*Attorneys for Defendant RLH Assets, LLC
d/b/a Foodwit*

Page 9 – OPPOSITION TO ESHA'S "RESPONSE" TO REQUEST TO UNSEAL DOCUMENTS

ATTORNEYS' EYES ONLY — IN ACCORDANCE WITH A PROTECTIVE ORDER, THE ENCLOSURE(S) SHALL BE TREATED AS FOR ATTORNEYS' EYES ONLY AND SHALL NOT BE SHOWN TO ANY PERSON OTHER THAN THOSE PERSONS DESIGNATED IN PARAGRAPH 8 OF THE PROTECTIVE ORDER