P. Andrew McStay, Jr., OSB No. 033997
DAVIS WRIGHT TREMAINE LLP
560 SW 10th Avenue, Suite 700
Portland, Oregon, 97205
+1 (503) 241-2300
+1 (503) 778-5299 facsimile
andymcstay@dwt.com

Matthew S. Warren (*pro hac vice*)
Erika H. Warren (*pro hac vice*)
WARREN LLP
2261 Market Street, No. 606
San Francisco, California, 94114
+1 (415) 895-2940
+1 (415) 895-2964 facsimile
25-880@cases.warrenlex.com

*Attorneys for Defendant RLH Assets, LLC d/b/a Foodwit*

UNITED STATES DISTRICT COURT

DISTRICT OF OREGON

PORTLAND DIVISION

| | |
|---|---|
| ESHA RESEARCH, LLC, an Oregon limited liability company, | Case No. 3:25-cv-00880-AB |
| Plaintiff, | **FOODWIT'S OPPOSITION TO ESHA'S MOTION TO STRIKE** |
| v. | |
| RLH ASSETS, LLC d/b/a FOODWIT, an Oregon limited liability company, | |
| Defendant. | |

## TABLE OF CONTENTS

*Page*

TABLE OF AUTHORITIES . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . ii

INTRODUCTION . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 1

BACKGROUND . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . .1

A.    ESHA's Answer and Affirmative Defenses . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . .1

B.    Foodwit's Answer and Affirmative Defenses . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 2

C.    Foodwit Offers to Amend Under Fair Circumstances, But ESHA Files Its Motion . . . . . 2

ARGUMENT . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 3

I.    ESHA Has Fair Notice of Foodwit's Defenses . . . . . . . . . . . . . . . . . . . . . . . . . . . . . .3

II.    The Court Should Not Strike Any "Negative Defenses" in Foodwit's Complaint . . . . . . . 4

III.    The Court Can and Should Apply the Same Standard to Foodwit and ESHA . . . . . . . . . .5

IV.    To the Extent the Court Grants ESHA's Motion, It Should Allow Leave to Amend . . . . . 5

CONCLUSION . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . .6

# **TABLE OF AUTHORITIES**

*Cases*                                                                                          *Pages*

*Alhassid v. Bank of Am., N.A.,*
  No. 14-20484, 2015 WL 11216747 (S.D. Fla. Jan. 27, 2015) . . . . . . . . . . . . . . . . . . . . . . . . . 5

*Bong v. Brown,*
  No. 23-417, 2025 WL 842316 (D. Or. Mar. 18, 2025) . . . . . . . . . . . . . . . . . . . . . . . . 2, 3, 4

*Brown v. Taylor,*
  No. 22-9203, 2023 WL 4157467 (C.D. Cal. May 2, 2023) . . . . . . . . . . . . . . . . . . . . . . . . . . 5

*Doe v. Wright,*
  No. 23-332, 2025 WL 2374352 (D. Or. Aug. 14, 2025) . . . . . . . . . . . . . . . . . . . . . . . . . . . . 5

*Estate of Osborn-Vincent v. Ameriprise Fin., Inc.,*
  No. 16-2305, 2019 WL 764029 (D. Or. Jan. 3, 2019)
  *R. & R. adopted,* 2019 WL 943379 (D. Or. Feb. 25, 2019) . . . . . . . . . . . . . . . . . . . . . 3, 4, 5

*Freeman v. Alta Bates Summit Med. Ctr. Campus,*
  No. 04-2019, 2004 WL 2326369 (N.D. Cal. Oct. 12, 2004) . . . . . . . . . . . . . . . . . . . . . . . . . 5

*Kohler v. Flava Enters., Inc.,*
  779 F.3d 1016 (9th Cir. 2015) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 3

*Levi v. Chapman,*
  No. 22-1813, 2023 WL 3412894 (D. Or. May 12, 2023) . . . . . . . . . . . . . . . . . . . . . . . . . 3, 4

*Smith v. Pac. Props. & Dev. Corp.,*
  358 F.3d 1097 (9th Cir. 2004) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 6

*Unigestion Holding, S.A. v. UPM Tech., Inc.,*
  305 F. Supp. 3d 1134 (D. Or. 2018) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 4

*United States v. United Healthcare Ins. Co.,*
  848 F.3d 1161 (9th Cir. 2016) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 6

*Statutes*

Fed R. Civ. P. 8(b) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 3

Fed. R. Civ. P. 12(f) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 5

*Other Authorities*

5 Charles Alan Wright & Arthur R. Miller,
  Federal Practice & Procedure § 1274 (3d ed. 1998) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 3

**<u>TABLE OF AUTHORITIES</u>**
*(continued)*

*Other Authorities*                                                          *Pages*

*RLH Assets, LLC v. ESHA Research, LLC,*
  No. 25-656, Docket No. 1 (D. Or. Apr. 22, 2025) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 1, 2

*RLH Assets, LLC v. ESHA Research, LLC,*
  No. 25-656, Docket No. 17 (D. Or. June 4, 2025) . . . . . . . . . . . . . . . . . . . . . . . . . . 1, 2, 3, 5

**INTRODUCTION**

More than six months after ESHA's declarant admitted that ESHA's disclosure of trade secrets contained no trade secrets, and promised to provide ESHA's actual trade secrets "later in the course of this lawsuit," Docket No. 56-1 ¶ 9, ESHA still has not disclosed the trade secrets it claims to claim in this trade-secret action. It is not hard to see what is happening here: ESHA hopes the Court will allow it to examine Foodwit's competing product before ESHA must disclose its asserted trade secrets, so ESHA can claim as a trade secret whatever it finds.

Unable even to articulate its own allegations, ESHA hopes to distract the Court with irrelevancies, and to multiply the proceedings of this action unreasonably and vexatiously, until the much smaller Foodwit says 'uncle.' So ESHA moved to strike Foodwit's affirmative defenses, although Foodwit followed ESHA's lead in their level of detail. Courts disfavor these motions for very good reasons: litigants use them to delay and to impose needless additional expense on their opponents. ESHA is doing that here. The Court should deny ESHA's motion.

**BACKGROUND**

**A.    ESHA's Answer and Affirmative Defenses**

On April 22, 2025, Foodwit filed its complaint in this Court. *Foodwit v. ESHA*, No. 25-656, Docket No. 1 (D. Or. Apr. 22, 2025). On June 4, ESHA filed its answer. *Id.*, Docket No. 17 (D. Or. June 4, 2025). ESHA provided seventeen "affirmative and other defenses": (1) legitimate basis, (2) good faith intent, (3) *Noerr-Pennington* doctrine, (4) standing, (5) failure to mitigate damages, (6) estoppel and laches, (7) unclean hands, (8) failure to state a claim, (9) performance and substantial compliance, (10) failure to disclose material information, (11) no damage, (12) justification and privilege, (13) breach of implied covenant of good faith and fair dealing, (14) bad faith, (15) breach of contract, (16) statute of frauds, (17) offset, and added a

"reservation of rights." *Id.* at 26-30. For each of its seventeen affirmative defenses, ESHA either provided no support at all, or provided only a brief reference to its complaint against Foodwit. *See id.* Thus Foodwit could have brought a motion on the grounds ESHA now asserts—but, eager to get to the merits and mindful of this Court's admonition that "motions to strike are generally disfavored and infrequently granted," *Bong v. Brown*, No. 23-417, 2025 WL 842316, at *1 (D. Or. Mar. 18, 2025), Foodwit did not burden the Court with a motion to strike.

**B.     Foodwit's Answer and Affirmative Defenses**

On October 22, 2025, ESHA filed its second amended complaint. Docket No. 46 (D. Or. Oct. 22, 2025). On May 8, 2026, after the Court partially granted Foodwit's motion to dismiss, Docket No. 74, Foodwit filed its answer and twelve affirmative defenses: (1) failure to state a claim, (2) unclean hands, (3) laches, (4) ESHA's material breach of the contract, (5) statute of limitations, (6) waiver and estoppel, (7) statute of frauds, (8) failure to mitigate damages, (9) puffery, (10) independent creation, (11) ready ascertainability of ESHA's alleged trade secrets, and (12) ESHA's abandonment of rights. Docket No. 78 at 15-17. Foodwit studied ESHA's prior answer and used it as a precedent. For example, ESHA asserted failure to state a claim as an affirmative defense, so Foodwit followed suit. *Compare Foodwit v. ESHA*, Docket No. 17 at 28, *with* Docket No. 78 at 15. Similarly, Foodwit saw that ESHA had noted the potential of an "asserted oral agreement." *Foodwit v. ESHA*, Docket No. 17 at 29. Although Foodwit was not aware of any "asserted oral agreement," *id.*, Foodwit responded to ESHA's reference by also asserting an affirmative defense under the Statute of Frauds. Docket No. 78 at 16.

**C.     Foodwit Offers to Amend Under Fair Circumstances, But ESHA Files Its Motion**

After ESHA informed Foodwit of its intention to file this motion, the parties met and conferred, and Foodwit explained why ESHA should decline to move, as Foodwit had declined

to move against ESHA's answer and affirmative defenses. *See* Declaration of Matthew S. Warren Ex. 1. In the alternative, however, Foodwit also offered to "jointly move the Court to allow both Foodwit and ESHA to amend their answers solely to provide further factual support for their respective affirmative defenses." *Id.* ESHA filed its motion the next day, incorrectly telling the Court that "Foodwit declined to amend, forcing Trustwell to file this motion." Mot. at 6.

## ARGUMENT

### I.     ESHA Has Fair Notice of Foodwit's Defenses

"[M]otions to strike are generally disfavored" and "should not be granted unless it is clear that the matter to be stricken could have no possible bearing on the subject matter of the litigation." *Bong v. Brown*, No. 23-417, 2025 WL 842316, at \*1-2 (D. Or. Mar. 18, 2025) (quoting *Levi v. Chapman*, No. 22-1813, 2023 WL 3412894, at \*1 (D. Or. May 12, 2023)). That is so here. ESHA claims that "[e]ach of Foodwit's affirmative defenses lacks any factual support and should be stricken for failure to provide fair notice, as required by Rule 8(b)." Mot. at 3. But ESHA received "'the fair notice' required by the pleading standards," *Bong*, 2025 WL 842316, at \*2 (quoting *Kohler v. Flava Enters., Inc.*, 779 F.3d 1016, 1019 (9th Cir. 2015)), which "only requires describing the defense in 'general terms.'" *Kohler*, 779 F.3d at 1019 (quoting 5 Charles Alan Wright & Arthur R. Miller, Federal Practice & Procedure § 1274 (3d ed. 1998)). Foodwit has done far better than that by filing its own complaint. *Foodwit v. ESHA*, Docket No. 1 (D. Or. Apr. 22, 2025). The complaint provides more than fair notice of Foodwit's affirmative defenses, just as ESHA claimed in its answer that its affirmative defenses were "set forth in Trustwell's complaint against Foodwit." *Id.*, Docket No. 17 at 26-29.

Foodwit's complaint in its own action, and this Court's decision in *Estate of Osborn-Vincent v. Ameriprise Financial, Inc.*, compel denial of ESHA's motion. No. 16-2305, 2019 WL

764029 (D. Or. Jan. 3, 2019), *R. & R. adopted,* 2019 WL 943379 (D. Or. Feb. 25, 2019).  In

*Osborn-Vincent*, this Court noted that an answering defendant can "provide[] plaintiff with fair

notice of its theory" for an affirmative defense through "briefing regarding the bases upon which

it" asserts a defense, even if "not attached to the Answer," as long as "it puts plaintiff on sufficient

notice of the general nature of defendants' arguments."  2019 WL 764029 at *8.  Although

ESHA's previous motion to consolidate admitted that Foodwit's complaint "relate[s] to the same

issues" and raises "the same questions of law and fact" as ESHA's own complaint, Docket No. 76

at 1 (D. Or. May 4, 2026), ESHA's current motion to strike studiously avoids Foodwit's

complaint, and crimps its consideration to the four corners of Foodwit's answer itself.  *See*

*generally* Mot.  ESHA cites a series of out-of-District cases, *see* Mot. at 2-4, none of which

confronts a situation where a party had provided extensive briefing including its own complaint,

as Foodwit has here.  ESHA does not argue lack of notice, but only lack of notice in *one*

*particular document*, an argument which *Osborn-Vincent* does not allow.  And ESHA does not

argue that Foodwit's affirmative defenses have "no possible bearing on the subject matter of the

litigation," which this District would require before striking them.  *Bong*, 2025 WL 842316, at *2

(quoting *Levi*, 2023 WL 3412894, at *1).  For at least these reasons, the Court can and should

deny ESHA's motion in its entirety.

II.    **The Court Should Not Strike Any "Negative Defenses" in Foodwit's Complaint**

ESHA alternatively argues that Foodwit's first (failure to state a claim), ninth (puffery),

and tenth (independent creation) defenses should be stricken "because they are not affirmative

defenses at all."  Mot. at 4-5.  ESHA claims that they are instead "negative defenses" and "it is

proper to strike them."  *Id.* at 5 (quoting *Unigestion Holding, S.A. v. UPM Tech., Inc.,* 305 F.

Supp. 3d 1134, 1143-44 (D. Or. 2018)).  ESHA itself asserted "Foodwit fails to plead a claim

upon which relief may be granted" as an affirmative defense, *see supra* § A, although it now argues it was improper for Foodwit to do the same thing.  Mot. at 4-5.  ESHA is again wrong: "negative defenses" are not even "subject to the fair-notice pleading requirement" because, through them,"defendants are merely denying plaintiff's claims," and thus "'the proper remedy is not strike those defenses, but rather treat them as specific denials.'"  *Osborn-Vincent*, 2019 WL 764029, at *6-7 (quoting *Alhassid v. Bank of Am., N.A.*, No. 14-20484, 2015 WL 11216747, at *4 (S.D. Fla. Jan. 27, 2015)).  ESHA thus admits that the Court should not strike these defenses.

### III.    The Court Can and Should Apply the Same Standard to Foodwit and ESHA

If Foodwit's answer in this case is insufficient, so too is ESHA's answer in Foodwit's case.  *Compare* Docket No. 78, *with Foodwit v. ESHA*, Docket No. 17.  ESHA's motion acknowledges as much but—in an argument that only a lawyer could love—claims that Foodwit should suffer for following this Court's admonition in *Bong v. Brown*.  Mot. at 6.  The Court should not succumb to ESHA's lawyeristic tactics.  "Rule 12 permits a court to strike a matter from a pleading on its own," *Brown v. Taylor*, No. 22-9203, 2023 WL 4157467, at *1 (C.D. Cal. May 2, 2023), and the Court should use this power to strike any portions of ESHA's answer that fail under the standard it applies to Foodwit's answer, thus applying the same law to both parties.

### IV.    To the Extent the Court Grants ESHA's Motion, It Should Allow Leave to Amend

"A court granting a rule 12(f) motion should generally grant leave to amend, unless the amendment would be futile."  *Doe v. Wright*, No. 23-332, 2025 WL 2374352, at *4 (D. Or. Aug. 14, 2025) (quoting *Freeman v. Alta Bates Summit Med. Ctr. Campus*, No. 04-2019, 2004 WL 2326369, at *2 (N.D. Cal. Oct. 12, 2004)).  ESHA does not even argue futility, but asks the Court to deny leave "[b]ecause Foodwit declined to amend, forcing Trustwell to file the instant motion."  Mot. at 6.  This statement is not only false, *see supra* § C, but also asks the Court to use

Page 5 – OPPOSITION TO ESHA'S MOTION TO STRIKE

purely procedural grounds to preclude substantively viable defenses, thus urging reversible error.

*See, e.g.*, *United States v. United Healthcare Ins. Co.*, 848 F.3d 1161, 1184-85 (9th Cir. 2016);

*Smith v. Pac. Props. & Dev. Corp.*, 358 F.3d 1097, 1107 (9th Cir. 2004).[1]  The Court should

decline ESHA's invitation into error by denying ESHA's motion.

## CONCLUSION

For all of the foregoing reasons, the Court should deny ESHA's motion to strike.

Date:  June 11, 2026

Respectfully submitted,

*/s/ P. Andrew McStay, Jr.*
P. Andrew McStay, Jr., OSB No. 033997
DAVIS WRIGHT TREMAINE LLP
560 SW 10th Avenue, Suite 700
Portland, Oregon, 97201
+1 (503) 778-5302
+1 (503) 778-5299 facsimile
andymcstay@dwt.com

Matthew S. Warren (*pro hac vice*)
Erika H. Warren (*pro hac vice*)
WARREN LLP
2261 Market Street, No. 606
San Francisco, California, 94114
+1 (415) 895-2940
+1 (415) 895-2964 facsimile
25-880@cases.warrenlex.com

*Attorneys for Defendant RLH Assets, LLC
d/b/a Foodwit*

---

[1] ESHA also briefly claims that "Foodwit should be ordered to pay the costs Trustwell was forced to incur in filing and briefing this motion."  Mot. at 6.  ESHA rests this assertion on its claim that "Foodwit forced Trustwell to file this motion," but this claim is incorrect.  *See supra* § C.  ESHA cites no authority to support this claim, and none exists.  This claim serves only to illustrate further the central fact of this litigation:  ESHA is not trying to win on the merits, but hopes to prevail by multiplying the proceedings unreasonably and vexatiously until the grinding force of litigation and its costs force the much smaller Foodwit to give up.

Page 6 – OPPOSITION TO ESHA'S MOTION TO STRIKE