# EXHIBIT 1

# Warren LLP

Warren LLP
2261 Market Street, No. 606
San Francisco, California 94114

TEL +1 (415) 895 2940
FAX +1 (415) 895 2964
warrenllp.com

May 27, 2026

**By Electronic Mail**

Cary D. Sullivan
Patrick J. Hall
Jones Day
3161 Michelson Drive, Suite 800
Irvine, California, 92612
carysullivan@jonesday.com
phall@jonesday.com

Brian R. Talcott
Dunn Carney LLP
851 SW Sixth Avenue, Suite 1500
Portland, Oregon, 97204
btalcott@dunncarney.com

Re:    **ESHA Research, LLC v. RLH Assets, LLC, No. 25-880 (D. Oregon)**

Dear Mr. Hall:

I write in response to your email of May 15, 2026, regarding ESHA's potential motion to strike Foodwit's affirmative defenses. As an initial matter, ESHA does not claim not to know the basis for any of Foodwit's affirmative defenses—and nor could it, since Foodwit has explained its view of this dispute in its own complaint and in its previous motions to dismiss. ESHA has thus received more than "'the fair notice' required by the pleading standards." *Bong v. Brown*, No. 23-417, 2025 WL 842316, at *2 (D. Or. Mar. 18, 2025) (quoting *Kohler v. Flava Enters., Inc.*, 779 F.3d 1016, 1019 (9th Cir. 2015)). Moreover, "motions to strike are generally disfavored and infrequently granted." *Bong*, 2025 WL 842316, at *1 (citing *Bogazici Hava Tasimaciligi A.S. v. McDonnell Douglas Corp.*, 932 F.2d 972 (9th Cir. 1991)). They "should not be granted unless it is clear that the matter to be stricken could have no possible bearing on the subject matter of the litigation." *Bong*, 2025 WL 842316, at *2 (quoting *Levi v. Chapman*, No. 22-1813, 2023 WL 3412894, at *1 (D. Or. May 12, 2023)). We do not believe that Foodwit's answer falls into this category, and your email does not seem to argue otherwise. Even if ESHA prevailed on its motion, the Court would almost certainly permit Foodwit to amend its affirmative defenses. As a result, we believe that ESHA's proposed motion would serve only to multiply the proceedings unreasonably.

Should ESHA bring its motion, Foodwit will oppose for at least these reasons, and will argue that, should the Court wish to spend its time examining affirmative defenses, it should do so for both ESHA and Foodwit. If Foodwit's answer is insufficient, so too is ESHA's, and Foodwit should not suffer because it heeded *Bong v. Brown*. "Rule 12 permits a court to strike a matter from a pleading on its own," and Foodwit will argue that the Court should do so to ensure that ESHA and Foodwit's answers stand on a level playing field. *Brown v. Taylor*, No. 22-9203, 2023 WL 4157467, at *1 (C.D. Cal. May 2, 2023).

We hope that, upon reconsideration, ESHA will decide to forego this needless motion. If ESHA insists on amended defenses, to limit the burden on the Court, Foodwit would be willing to jointly move the Court to allow both Foodwit and ESHA to amend their answers solely to provide further factual support for their respective affirmative defenses. Thank you for your continued time and courtesy in this matter.

Very Truly Yours,

Jacob A. Kamstra