Brian R. Talcott, OSB No. 965371
DUNN CARNEY LLP
851 SW Sixth Avenue, Suite 1500
Portland, OR 97204
Telephone: (503) 224-6440
Facsimile: (503) 224-7324
E-mail: btalcott@dunncarney.com

Cary D. Sullivan (*admitted Pro Hac Vice*)
JONES DAY
3161 Michelson Drive, Suite 800
Irvine, CA 92612
Telephone: (949) 851-3939
Facsimile: (949) 553-7539
E-mail: carysullivan@jonesday.com

*Attorneys for Plaintiff*

UNITED STATES DISTRICT COURT

DISTRICT OF OREGON – PORTLAND DIVISION

| | |
|---|---|
| **ESHA RESEARCH, LLC., now known as TRUSTWELL,**<br><br>Plaintiff,<br><br>v.<br><br>**RLH ASSETS, LLC, doing business as FOODWIT, an Oregon limited liability company,**<br><br>Defendant. | Civil No. 3:25-cv-00880-AB<br><br>**PLAINTIFF TRUSTWELL'S REPLY BRIEF IN SUPPORT OF MOTION TO STRIKE DEFENDANT FOODWIT'S BALD AFFIRMATIVE DEFENSES**<br><br>**ORAL ARGUMENT REQUESTED** |

## **INTRODUCTION**

Foodwit's opposition to Trustwell's motion to strike merely confirms that the motion should be granted. Notably absent from Foodwit's opposition is any argument that its affirmative defenses—each a single, conclusory sentence devoid of any factual support—actually satisfy Rule 8(b)'s fair notice requirement. And for good reason: they plainly do not. Instead of defending the sufficiency of its own pleading, Foodwit attempts to distract and divert attention by pointing to Trustwell's answer in a separate lawsuit, and by leveling inflammatory and unsupported accusations about Trustwell's litigation conduct. None of these tactics rescues Foodwit's deficient affirmative defenses. And because Foodwit chose to oppose the motion to strike rather than supplement its defenses—needlessly multiplying the costs of litigation—the Court should strike them with prejudice.

## **ARGUMENT**

## **I.    FOODWIT EFFECTIVELY CONCEDES THAT ITS AFFIRMATIVE DEFENSES FAIL TO PROVIDE FAIR NOTICE.**

The issue before the Court is straightforward: do Foodwit's affirmative defenses, as pled, provide Trustwell with fair notice of the defenses being advanced? They do not, and Foodwit does not seriously argue otherwise.

As explained in Trustwell's moving papers, every one of Foodwit's purported affirmative defenses is nothing more than a single, conclusory sentence devoid of any factual allegations. These types of bare legal conclusions are precisely the type of "insufficient defense[s]" that courts throughout this Circuit routinely strike under Rule 12(f). *See* Mot., Dkt. 83 at 3-4. In its opposition, Foodwit does not contest any of this. Foodwit does not argue that any of its affirmative defenses contain factual allegations. Nor does Foodwit argue that its single-sentence, formulaic pleading is sufficient under Rule 8(b). Rather, Foodwit's only substantive response is to argue that Trustwell

**TRUSTWELL'S REPLY ISO MOTION TO STRIKE
BALD AFFIRMATIVE DEFENSES**

somehow received "fair notice" of Foodwit's defenses in this case through Foodwit's complaint in the separate Foodwit Action.[1] *See* Opp., Dkt. 89 at 3-4. This argument quickly unravels.

A motion to strike under Rule 12(f) focuses on the sufficiency of the ***defenses*** contained in a given pleading. Fed. R. Civ. P. 12(f) ("The court may strike from a pleading an insufficient defense . . ."). Under Rule 8(b), "affirmative defenses must give the plaintiff 'fair notice' of the defense being advanced." *Qarbon.com Inc. v. eHelp Corp.*, 315 F. Supp. 2d 1046, 1049 (N.D. Cal. 2004) (emphasis added). As a matter of common sense, a complaint—which asserts ***offensive*** allegations and claims—in one lawsuit does not provide fair notice of a party's ***defenses*** in a separate lawsuit. Foodwit cannot rescue its bald defenses in this case by pointing to its complaint in a different case.

Foodwit's reliance on *Estate of Osborn-Vincent v. Ameriprise Financial, Inc.*, No. 16-2305, 2019 WL 764029 (D. Or. Jan. 3, 2019), does not move the needle. In *Estate of Osborn-Vincent*, the court examined whether additional briefing regarding ***the same affirmative defenses in the same case*** provided fair notice of those defenses, not whether a complaint filed in a different case could somehow transplant missing factual support for conclusory affirmative defenses pled in the original case. 2019 WL 764029 at *8. At best, *Estate of Osborn-Vincent* may stand for the proposition that an affirmative defense can be supplemented by briefing regarding that same defense in the same case, in order to provide fair notice. But nothing supports the extreme proposition that a party may plead bare legal conclusions in its answer and then point to a complaint in a different case to satisfy Rule 8(b).

Foodwit's invocation of Trustwell's answer in the Foodwit Action is an obvious attempt to distract the Court. The instant motion concerns the sufficiency of Foodwit's affirmative defenses in *this* case, not the adequacy of Trustwell's answer in a different one. Foodwit cannot hijack Trustwell's motion here and convert it into a vehicle for attacking Trustwell's answer there. In the Foodwit Action, Foodwit made the strategic decision—in June ***2025*** when its deadline to file a

---

[1] *RLH Assets, LLC v. ESHA Research, LLC*, No. 25-cv-00656-AB.

**TRUSTWELL'S REPLY ISO MOTION TO STRIKE**
**BALD AFFIRMATIVE DEFENSES**

Rule 12 motion expired—not to move to strike Trustwell's affirmative defenses. Foodwit's own opposition concedes this point. *See* Opp., Dkt. 89 at 2. Having elected not to challenge Trustwell's answer when it had the opportunity to do so, Foodwit must live with the consequences of that strategic decision. That strategic decision certainly does not provide a viable basis to oppose the instant motion.

## II.    FOODWIT'S "NEGATIVE DEFENSE" ARGUMENT ALSO FAILS.

With respect to its first (failure to state a claim), ninth (puffery), and tenth (independent creation) purported affirmative defenses, Foodwit again does nothing to rebut the fact that these are negative defenses and thus properly stricken under Rule 12(f). Indeed, Foodwit does not argue that these are affirmative defenses at all. Because Foodwit concedes these are negative defenses, the Court need look no further and should strike Foodwit's first, ninth, and tenth defenses accordingly. *Unigestion Holding, S.A. v. UPM Tech., Inc.*, 305 F. Supp. 3d 1134, 1143-44 (D. Or. 2018); *Hartford Underwriters Ins. Co. v. Kraus USA, Inc.*, 313 F.R.D. 572, 576 (N.D. Cal. 2016).

Foodwit argues that negative defenses should be treated as specific denials rather than stricken. Opp., Dkt. 89 at 5. Foodwit ignores this Court's recognition that it is "proper to strike" improperly labeled negative defenses pursuant to Rule 12(f). *Unigestion*, 305 F. Supp. 3d at 1143-44; *see also Hartford*, 313 F.R.D. at 576. And Foodwit's lead authority—*Estate of Osborn-Vincent*—itself recognizes that courts regularly strike negative defenses as improper under Rule 12(f). 2019 WL 764029 at *6 (collecting cases, including *Unigestion*). Moreover, the Court already rejected the substance of Foodwit's first affirmative defense (failure to state a claim), ruling two months ago that Trustwell has, in fact, stated multiple claims upon which relief can be granted. Op. & Order, April 24, 2026 (Dkt. 74). This defense is therefore not only an improperly labeled negative defense but is also redundant and impertinent under Rule 12(f).

## III.    TRUSTWELL IS NOT DRIVING UP COSTS—FOODWIT IS.

Foodwit's opposition is laden with unsupported accusations that Trustwell is attempting to "multiply the proceedings of this action unreasonably and vexatiously." Opp., Dkt. 89 at 6 n.1. The record belies this assertion. During the parties' meet-and-confer session, Trustwell requested

**TRUSTWELL'S REPLY ISO MOTION TO STRIKE**
**BALD AFFIRMATIVE DEFENSES**

that Foodwit simply amend its answer and supplement its defenses rather than forcing Trustwell to file this motion. Foodwit declined. Foodwit then doubled down by opposing the motion and attempting to defend its bald defenses.

Foodwit's opposition charitably characterizes its conduct, claiming it "offered to 'jointly move the Court to allow both Foodwit and [Trustwell] to amend their answers solely to provide further factual support for their respective affirmative defenses.'" Opp., Dkt. 89 at 3. But this "offer" was not a genuine effort to resolve the dispute—it was an attempt to condition the cure of Foodwit's plainly deficient pleading on obtaining a collateral benefit to which it is not entitled in a separate case. Foodwit does not deny that its affirmative defenses are deficient. It does not deny that amendment is the only thing that can save its defenses. Nevertheless, Foodwit attempted to leverage its own pleading failures to extract a concession from Trustwell in the Foodwit Action. When Trustwell refused to play along, Foodwit forced Trustwell to file the instant motion. It is Foodwit—not Trustwell—that is needlessly driving up costs by refusing to cure blatant deficiencies it does not even deny exist.

## IV.    LEAVE TO AMEND SHOULD BE DENIED, OR AT A MINIMUM CONDITIONED ON PAYMENT OF TRUSTWELL'S COSTS.

Foodwit refused to amend its answer during meet-and-confer efforts, forcing Trustwell to incur the expense of preparing and filing this motion. Even when faced with this motion, Foodwit chose to file an opposition instead of amending, forcing Trustwell to incur the additional expense of preparing this reply brief. As a result, the Court should deny leave to amend. At a minimum, if the Court is inclined to grant leave to amend, the Court, pursuant to its inherent authority, should order Foodwit to pay the costs Trustwell was forced to incur in connection with this motion. Foodwit's tactical refusal to amend, and attempt to leverage its deficient pleading to gain an unfair advantage in a separate lawsuit, should not be rewarded.

**TRUSTWELL'S REPLY ISO MOTION TO STRIKE
BALD AFFIRMATIVE DEFENSES**

## CONCLUSION

For all of the reasons above and in Trustwell's moving papers, Trustwell respectfully requests that the Court strike all of Foodwit's affirmative defenses pursuant to Rule 12(f), without leave to amend.


Dated:  June 25, 2026                              Respectfully submitted,

                                                   **JONES DAY**

                                                    */s/ Cary D. Sullivan*
                                                   Cary D. Sullivan (*admitted Pro Hac Vice*)
                                                   Email: carysullivan@jonesday.com

                                                   **DUNN CARNEY LLP**
                                                   Brian R. Talcott, OSB 965371
                                                   Email:  btalcott@dunncarney.com

                                                   *Attorneys for Plaintiff*

**TRUSTWELL'S REPLY ISO MOTION TO STRIKE
BALD AFFIRMATIVE DEFENSES**

## CERTIFICATE OF SERVICE

I hereby certify that on the 25th day of June, 2026, I caused to be served the foregoing

**PLAINTIFF TRUSTWELL'S REPLY BRIEF IN SUPPORT OF MOTION TO STRIKE**

**DEFENDANT FOODWIT's BALD AFFIRMATIVE DEFENSES** on the following party via

the following method(s):

P. Andrew McStay, Jr.
Email: andymcstay@dwt.com
DAVIS WRIGHT TREMAINE LLP
560 S.W. Tenth Avenue, Suite 700
Portland, Oregon, 97205
Telephone: +1 (503) 241-2300
Facsimile: +1 (503) 778-5299

*Attorney for RLH Assets, LLC d/b/a Foodwit*

by:

☐ U.S. Postal Service, ordinary first class mail

☒ electronic service

☐ other (specify)  Email

**JONES DAY**

  */s/ Cary D. Sullivan*
Cary D. Sullivan (*admitted Pro Hac Vice*)
Email: carysullivan@jonesday.com

**DUNN CARNEY LLP**
Brian R. Talcott, OSB 965371
Email:  btalcott@dunncarney.com

**TRUSTWELL'S REPLY ISO MOTION TO STRIKE
BALD AFFIRMATIVE DEFENSES**