Brian R. Talcott, OSB No. 965371
DUNN CARNEY LLP
851 SW Sixth Avenue, Suite 1500
Portland, OR 97204
Telephone: (503) 224-6440
Facsimile: (503) 224-7324
E-mail: btalcott@dunncarney.com

Cary D. Sullivan (*admitted Pro Hac Vice*)
Lauren E. Dutkiewicz (*admitted Pro Hac Vice*)
JONES DAY
3161 Michelson Drive, Suite 800
Irvine, CA 92612
Telephone: (949) 851-3939
Facsimile: (949) 553-7539
E-mail: carysullivan@jonesday.com
E-mail: ldutkiewicz@jonesday.com

*Attorneys for Plaintiff*
TRUSTWELL

UNITED STATES DISTRICT COURT

DISTRICT OF OREGON – PORTLAND DIVISION

| | |
|---|---|
| ESHA RESEARCH, LLC, now known as TRUSTWELL,<br><br>Plaintiff,<br>v.<br><br>RLH ASSETS, LLC, d/b/a FOODWIT, an Oregon limited liability company,<br><br>Defendant.<br>______________________________<br>RLH ASSETS, LLC, d/b/a FOODWIT, an Oregon limited liability company,<br><br>Plaintiff,<br>v.<br><br>ESHA RESEARCH, LLC., now known as TRUSTWELL,<br>Defendant. | Case No. 3:25-cv-00880-AB consolidated with Case No. 3:25-cv-00656-AB<br><br>**TRUSTWELL'S BRIEF REGARDING ALLOCATION OF SPECIAL MASTER FEES** |

## INTRODUCTION

Last month, in defending its set of 1,000+ requests for admission, Foodwit argued that "[t]he 'legal definition of chutzpah' is a 'man convicted of murdering his parents, who argues for mercy on the ground that he is an orphan.'" Foodwit has now created a new legal definition of chutzpah: A company caught stealing a competitor's trade secrets that argues for mercy on the ground that it cannot afford to defend the subsequent trade secret misappropriation lawsuit.

Foodwit asks the Court to order Trustwell to pay 100% of the Special Master's fees and costs. That request should be denied. It ignores Foodwit's own role in forcing and expanding the scope and complexity of this litigation, rests on a misleading and incomplete financial picture, and would reward the very conduct that made a special master necessary in the first instance.

As is virtually uniform among special master appointments, the Court should allocate the Special Master's fees and costs evenly, with leave to reallocate at the conclusion of the appointment pursuant to Rule 53(g)(3). That would alleviate any purported concern about discovery abuses: if one party's conduct is found not to be in good faith, the Court can reallocate fees accordingly.

## ARGUMENT

Under Rule 53, "the district court enjoys broad discretion to allocate the master's fees as it thinks best under the circumstances of the case." *California Expanded Metal Prods. Co. v. Klein*, No. C18-0659JLR, 2021 WL 4947501, at *3 (W.D. Wash. Oct. 22, 2021) quoting *Aird v. Ford Motor Co.*, 86 F.3d 216, 221 (D.C. Cir. 1996). In allocating a special master's fees, a court considers "the nature and amount of the controversy, the parties' means, and the extent to which any party is more responsible than other parties for the reference to a master." Fed. R. Civ. P. 53(g)(3). While all Rule 53(g) factors should be considered, the "most persuasive" factor is the relative responsibility of the parties. *United States v. City of New York*, 847 F. Supp. 2d 395, 434 (E.D.N.Y. 2012). Each of the Rule 53 factors—and particularly the relative responsibility of the parties—weighs in favor of allocating the Special Master's fees and costs evenly here.

### A. Foodwit Forced Trustwell To File Suit And Then Dramatically Expanded The Scope And Complexity Of The Litigation.

Foodwit effectively forced Trustwell to file suit by stealing Trustwell's trade secrets and then repeatedly refusing to engage in discussions regarding an informal resolution. Then, Foodwit rushed to court to file a separate antitrust suit against Trustwell in an apparent effort to ensure its own lawsuit would be first-filed. Trustwell's suit relates to Foodwit's misappropriation of Trustwell's trade secrets to build Workbench, a copycat product that competes directly with Trustwell's Genesis Foods platform. *See ESHA Research, LLC v. RLH Assets, LLC*, No. 25-880 (D. Or.), Dkt. 46. Foodwit's suit is an antitrust case based on a sham litigation theory, requiring that the Court find Trustwell's trade secret suit to be both objectively and subjectively meritless.[1] *See RLH Assets, LLC v. ESHA Research, LLC*, No. 25-656 (D. Or.), Dkt. 1. The Special Master is thus presiding over now-consolidated actions that together present complex claims of antitrust violations and trade secret misappropriation. Far from being innocently dragged into court, Foodwit not only forced the trade secret lawsuit but then intentionally and dramatically expanded the scope and complexity of the litigation by filing its own antitrust suit.

In addition, Foodwit's aggressive litigation tactics and seemingly infinite litigation budget belie its newfound claims of poverty. For example, Foodwit filed serial motions to dismiss culminating in its November 2025 motion supported by a 176-page substantive declaration that attached more than 600 pages of evidentiary submissions. *See* Trustwell Action, Dkt. No. 47. After the Court largely denied that motion, Foodwit immediately moved for what amounted to a one-way stay of discovery as to Trustwell. The Court denied that motion, too. *See* Trustwell Action, Dkt. No. 94. This wasteful and unsuccessful motion practice was completely unnecessary.

With discovery now open and after exhausting every motion it could think to file, Foodwit has pivoted to an obstruct-and-delay approach. For example, Foodwit prepared and served a set of 1,019 separate requests for admission, while simultaneously refusing to answer the most basic

[1] The Court effectively rejected the merits of Foodwit's antitrust suit by ruling that Trustwell's trade secret complaint states viable causes of action, thereby rejecting the 'objectively meritless' prong of Foodwit's sham litigation theory.

discovery from Trustwell, including discovery requests relating to Foodwit's own antitrust claims. Foodwit also continues to refuse even to meet and confer regarding Trustwell's noticed inspection of the Workbench platform. As discussed below, Foodwit's conduct has led to all four pending discovery disputes. Foodwit cannot now legitimately claim it lacks the resources to share equally in the costs of overseeing the expanded scope of discovery in the expanded scope of litigation that it created.

**B. Foodwit's Financial "Disclosure" Is Incomplete, Speculative, And Misleading**.

Foodwit claims it is a "small company" compared to Trustwell. But size is not a relevant consideration. The Rule 53 analysis addresses *means*, not size. Foodwit's brief is conspicuously silent as to its total revenue or profit. Foodwit conveniently omits any financial metrics that relate to the company as a whole. It discloses only 2025 "top-line revenue from licensing" for Workbench, a new product in its first full year on the market. Foodwit fails to disclose, for example, *sales* revenue for Workbench, any revenue of any type for its other products and services, or even year-to-date figures for 2026. All of this information is obviously and readily available to Foodwit. Foodwit's election not to disclose it was intentional. Foodwit thereby failed to disclose anything that might reflect its overall financial health or ability to fund the litigation it created and expanded. Foodwit effectively asks the Court to speculate about its financial wherewithal based on a singular, cherry-picked figure. That does not and cannot support an unequal allocation under Rule 53.

**C. Foodwit—Not Trustwell—Is Responsible For The Special Master Appointment.**

Foodwit must share equally in the cost of the Special Master because Foodwit is directly responsible for each of the four pending discovery disputes that necessitated the appointment:

- Foodwit's 1,019 requests for admission forced Trustwell to seek a protective order on the grounds that the requests are not only burdensome and oppressive but also substantively improper. *Trustwell* Action, Dkt. No. 100, Ex. 3.

- Foodwit stonewalled Trustwell's attempts to inspect the Workbench platform for six months, including repeatedly refusing to meet and confer, and then offered to

allow an inspection only if nothing could be recorded, thereby preventing the inspection from having any evidentiary value. *Id.* Ex. 5.

- Foodwit continues to refuse to produce any documents responsive to more than a dozen highly relevant RFPs that were served nearly a year ago in the *Foodwit* Action. *Id.* Ex. 5.

- Foodwit manufactured a source code dispute despite recently admitting in discovery responses that it never had access to Trustwell's source code, and despite the fact that Trustwell has not requested Foodwit's source code and is not asserting any claims relating to source code. *See id.* Ex. 1.

If anything, Foodwit's obstructive conduct warrants an order requiring it to pay the majority of the special master fees. *See Jarzyna v. Home Props., L.P.*, 783 F. App'x 223, 227 (3d Cir. 2019) (ordering individual plaintiff to pay the majority of fees "because he was mostly responsible for the waste of resources caused by the parties' various discovery disputes.").

Foodwit's brief does not deny its responsibility for the pending discovery disputes. Instead, Foodwit argues only that Trustwell failed to sufficiently meet and confer. That is false. On September 18, 2026, Trustwell's counsel met and conferred with Foodwit's counsel for more than an hour regarding Foodwit's deficient discovery responses, before submitting the dispute. *See* Trustwell Action, Dkt. No. 100, Ex. 5. During that lengthy call, Foodwit's counsel again refused to meet and confer about Trustwell's inspection of the Workbench platform.

In contrast, Foodwit neglected to meet and confer about the instant fee allocation dispute, instead surprising both the Court and Trustwell at the recent discovery conference with its request for an unequal allocation. Unfortunately, this is not the first time Foodwit failed to meet and confer in good faith. *See Trustwell* Action, Dkt. No. 82 at n.1. This is precisely the type of gamesmanship that an unequal allocation would incentivize and reward.

Foodwit's brief argues that requiring Foodwit to pay any portion of the special master fees up front would create a "perverse incentive" for Trustwell to manufacture disputes. That is exactly backwards. An unequal allocation to Trustwell would serve only to reward Foodwit for its obstruction and delay and punish Trustwell for seeking compliance. If Trustwell were forced to pay every time Foodwit refuses to produce documents, stonewalls a platform inspection, or serves

abusive discovery requests, Trustwell is effectively forced to subsidize Foodwit's bad-faith conduct. Foodwit could continue to obstruct with impunity. That would be the true "perverse incentive," and the Court should reject it.

**CONCLUSION**

For all of these reasons, Trustwell respectfully requests that the Court order an equal allocation of the Special Master's fees and costs, with leave to reallocate at the conclusion of the Special Master's appointment pursuant to Rule 53(g)(3).

Dated: October 2, 2026

Respectfully submitted,

**JONES DAY**

*/s/ Cary D. Sullivan*

Cary D. Sullivan (*admitted Pro Hac Vice*)
Lauren E. Dutkiewicz (*admitted Pro Hac Vice*)
Email: carysullivan@jonesday.com
Email: ldutkiewicz@jonesday.com

**DUNN CARNEY LLP**
Brian R. Talcott, OSB 965371
Email: btalcott@dunncarney.com

*Attorneys for Plaintiff Trustwell*

**CERTIFICATE OF SERVICE**

I hereby certify that on the 2nd day of October, 2026, I caused to be served the foregoing **TRUSTWELL'S BRIEF REGARDING ALLOCATION OF SPECIAL MASTER FEES** on the following party via the following method(s):

P. Andrew McStay, Jr.
Email: andymcstay@dwt.com
DAVIS WRIGHT TREMAINE LLP
560 S.W. Tenth Avenue, Suite 700
Portland, Oregon, 97205
Telephone: +1 (503) 241-2300
Facsimile: +1 (503) 778-5299

Matthew S. Warren (pro hac vice)
Erika H. Warren (pro hac vice)
Shaida Shahinfar (pro hac vice)
Email: 25-880@cases.warrenlex.com
WARREN KASH WARREN LLP
2261 Market Street, No. 606
San Francisco, California 94114
Telephone: (415) 895-2940
Facsimile: (415) 895-2964

*Attorney for RLH Assets, LLC d/b/a Foodwit*

by:

☐ U.S. Postal Service, ordinary first class mail
☒ electronic service
☐ other (specify) Email

**JONES DAY**

*/s/ Cary D. Sullivan*
Cary D. Sullivan (*admitted Pro Hac Vice*)
Lauren E. Dutkiewicz (*admitted Pro Hac Vice*)
Email: carysullivan@jonesday.com
Email: ldutkiewicz@jonesday.com

**DUNN CARNEY LLP**
Brian R. Talcott, OSB 965371
Email: btalcott@dunncarney.com