P. Andrew McStay, Jr., OSB No. 033997
DAVIS WRIGHT TREMAINE LLP
560 S.W. Tenth Avenue, Suite 700
Portland, Oregon, 97205
+1 (503) 241-2300
+1 (503) 778-5299 facsimile
andymcstay@dwt.com

Matthew S. Warren (*pro hac vice*)
Erika H. Warren (*pro hac vice*)
WARREN LLP
2261 Market Street, No. 606
San Francisco, California, 94114
+1 (415) 895-2940
+1 (415) 895-2964 facsimile
25-880@cases.warrenllp.com
25-656@cases.warrenllp.com

*Attorneys for RLH Assets, LLC d/b/a Foodwit*

UNITED STATES DISTRICT COURT

DISTRICT OF OREGON

PORTLAND DIVISION

| | |
|---|---|
| ESHA RESEARCH, LLC, an Oregon limited liability company,<br><br>Plaintiff,<br><br>v.<br><br>RLH ASSETS, LLC d/b/a FOODWIT, an Oregon limited liability company,<br><br>Defendant. | Case No. 3:25-cv-00880-AB<br><br>**MOTION TO COMPEL RESPONSES TO REQUESTS FOR ADMISSION** |
| RLH ASSETS, LLC d/b/a FOODWIT, an Oregon limited liability company,<br><br>Plaintiff,<br><br>v.<br><br>ESHA RESEARCH, LLC, an Oregon limited liability company,<br><br>Defendant. | Case No. 3:25-cv-00656-AB<br><br>**MOTION TO COMPEL RESPONSES TO REQUESTS FOR ADMISSION** |

## INTRODUCTION

Trustwell propounded a lengthy and complicated series of asserted trade secrets. Foodwit filed a motion to dismiss showing that these asserted trade secrets were not actually secrets. Trustwell did not contest this point, thus admitting it. But the Court ruled that Foodwit's argument was premature, and must await discovery. Once the case was in discovery, Foodwit chose the simplest and cleanest way to confirm that Trustwell's asserted trade secrets contain no actual secrets: a series of requests for admission. In response, Trustwell stonewalled, providing only boilerplate objections. Foodwit now moves to compel this centrally relevant discovery.

## BACKGROUND

On September 9, 2025, Trustwell provided Foodwit with a nineteen-page list of its asserted trade secrets in this action. No. 25-880, Docket No. 48-1. Here are the first eight lines:

[redacted]

*Id.* at 3. Everyone knows that these are not trade secrets: they are not and cannot be secrets that derive value from being secret. They are not even secrets; each of these features is documented on Trustwell's own website in more detail than Trustwell used in its assertion of trade secrets. Foodwit showed as much in its motion to dismiss, and confirmed that Trustwell's list of asserted trade secrets contained only a list of publicly known features and a generic description of

Trustwell's database. No. 25-880, Docket Nos. 47, 48. To Foodwit's surprise, Trustwell agreed, filing a declaration stating that its September 9 disclosure did "not disclose the specific, underlying processes and methodologies that constitute the actual trade secret information," and that "additional information regarding the specific, underlying processes and methodologies will be exchanged later in the course of this lawsuit." No. 25-880, Docket No. 56-1 ¶¶ 9, 11. Nor did Trustwell oppose these arguments anywhere in its opposition brief. No. 25-880, Docket No. 56. Instead Trustwell argued, and the Court found, that Foodwit must address this issue in discovery.

When discovery opened, Foodwit did exactly as Trustwell demanded, propounding requests for admission that each of Trustwell's asserted trade secrets is not, in fact, secret. *See* Ex. A. None of this was a surprise; Foodwit's arguments mirrored the arguments it made in its motion to dismiss, and which Trustwell did not oppose there and has never opposed on the merits. *Compare* Ex. A *with* No. 25-880, Docket Nos. 47, 48; *see* No. 25-880, Docket No. 56. Foodwit's requests for admission are lengthy, but only because Trustwell's asserted trade secrets are lengthy. And Foodwit mitigated any prejudice by offering to accept a clean admission to a single RFA, confirming that Trustwell's "Response to Foodwit's Interrogatory No. 1, dated September 9, 2025, contains nothing secret," and confirming that it would waive the other requests Trustwell gave an unqualified admission. Ex. B. Trustwell refused, arguing that Foodwit's requests for admission were "irrelevant to the issue of whether the underlying processes and methodologies—Trustwell's actual trade secrets—are secret." Ex. C. That is not a typographical error: Trustwell argued that *its own disclosure of asserted trade secrets*, which it previously and successfully argued was sufficient to allow discovery in this action, was *irrelevant* once Foodwit had a chance to probe it in discovery. Faced with Trustwell's "heads I win, tails you lose" tactics, Foodwit filed this motion to compel.

## ARGUMENT

### I. Foodwit's Requests for Admission Seek Information Critical to This Action

"A party requesting an admission may move to determine the sufficiency of the answer, to compel a proper response, or to have the matter ordered admitted." *Climax Portable Mach. Tools, Inc. v. Trawema GMBH*, No. 18-1825, 2020 WL 7406540, at *4 (D. Or. Dec. 17, 2020). "The purpose of Rule 36(a) is to expedite trial by establishing certain material facts as true and thus narrowing the range of issues for trial." *Loftis v. State*, No. 22-1261-B, 2025 WL 3186946, at *1 (D. Or. Nov. 13, 2025) (quoting *Asea, Inc. v. S. Pac. Transp. Co.*, 669 F.2d 1242, 1245 (9th Cir. 1981)). Under Rule 36(a)(1), a "party may serve on any other party a written request to admit, for purposes of the pending action only, the truth of any matters within the scope of Rule 26(b)(1) relating to: (A) facts, the application of law to fact, or opinions about either; and (B) the genuineness of any described documents." *Loftis*, 2025 WL 3186946, at *1 (quoting Fed. R. Civ. P. 36(a)(1)). Evasive answers are "a failure to respond" if they fail to "specifically deny the matter" or "set forth in detail the reasons why the answering party cannot truthfully admit or deny the matter." *Loftis*, 2025 WL 3186946, at *2 (quoting *Asea*, 669 F.2d at 1245).

The "issue of whether all of plaintiffs' alleged trade secrets have been publicly disclosed is a factual issue which is properly the subject of discovery." *E. & J. Gallo Winery v. Instituut Voor Landbouw-En Visserijonderzoek*, No. 17-808, 2018 WL 2463869, at *6 (E.D. Cal. June 1, 2018). How could it not be? A trade secret must be a secret, and must be valuable because it's a secret. *See, e.g.*, *Columbia Sportswear Co. v. Ferreira*, 809 F. Supp. 3d 1163, 1177 (D. Or. 2025). If an alleged secret is not secret, it cannot be a trade secret, and then Foodwit could not have misappropriated it. Foodwit's requests for admission go directly to the core of this issue, which goes directly to the core of this case. In addition, Foodwit's requests for admission

support the sham litigation claim Foodwit asserts in its own complaint, which states that "ESHA's lawsuit against Foodwit is objectively and subjectively baseless" and that ESHA filed this action "with knowledge that its claims were and are baseless for the improper purpose of eliminating Foodwit as a competitor in the relevant market." No. 25-656, Docket No. 1 ¶¶ 190, 194. Foodwit further claims that Trustwell's "meritless litigation is an unlawful attempt to create barriers to entry into the relevant market, and that it knowingly filed litigation without a single supporting fact setting forth what or when or how Foodwit allegedly stole ESHA's 'crown jewels." *Id.* ¶ 174; *see also id.* ¶¶ 167-74. If Foodwit can show that Trustwell's asserted trade secrets, disclosed six months after Trustwell filed its action, contained no actual trade secrets but merely a list of public features, it will have powerful evidence to support its sham litigation claim. Foodwit seeks that evidence, and should receive it.

## II. Trustwell Must Answer Foodwit's Requests for Admission

Trustwell served identical boilerplate objections to each request for admission. Ex. D. These objections cannot suffice to block Trustwell's response to Foodwit's requests. The "purpose of Rule 36(a) is to expedite trial by establishing certain material facts as true and thus narrowing the range of issues for trial." *Loftis*, 2025 WL 3186946, at *2 (quoting *Asea*, 669 F.2d at 1245). Foodwit only seeks to establish material facts as true. "Even 'if a party already has personal knowledge and/or belief regarding relevant facts, he may compel the opposing party to admit or deny such allegations, or to offer a valid reason why the fact cannot be admitted or denied." *Loftis*, 2025 WL 3186946, at *3 (quoting *Diederich v. Dep't of Army*, 132 F.R.D. 614, 616 (S.D.N.Y. 1990)); *see also Hyundai Motor Co. v. Hyundai Tech. Grp., Inc.*, No. 23-1709, 2024 WL 4404963, at *1 (C.D. Cal. July 3, 2024) ("Rule 36 . . . presupposes that the party proceeding under it knows the facts or has the document and merely wishes its opponent to

concede their genuineness."). Trustwell objects to each request "to the extent it purports to require Trustwell to opine on or admit issues for which it has no foundation" and that it "seeks a legal conclusion." Ex. D. But Foodwit's requests for admission address only Trustwell's own asserted trade secrets and Trustwell's own website, and probe only whether Trustwell's trade secrets are secret—a question of fact, not law. *Supra*; *see, e.g.*, *Quintara Biosciences, Inc. v. Ruifeng Biztech, Inc.*, 149 F.4th 1081, 1088 (9th Cir. 2025). Each of Trustwell's objections "fails to 'specifically deny' the matter or 'state in detail why [Trustwell] cannot truthfully admit or deny it.'" *Loftis*, 2025 WL 3186946, at *3 (quoting Fed. R. Civ. P. 36(a)(4)).

Trustwell objects to every request for admission as having a "cumulative effect," and has complained that a protective order is "warranted here based on the sheer volume of RFAs alone." *See* Exs. C, D. But "cumulative is not a proper objection, particularly considering the purpose of Rule 36." *Loftis*, 2025 WL 3186946, at *2. And "courts do not readily grant protective orders against an entire set of discovery requests on the grounds that the number of requests is excessive." *United States v. Sandwich Isles Commc'ns, Inc.*, No. 18-145, 2020 WL 13180374, at *3 (D. Haw. Jan. 7, 2020) (quoting *U.S. ex rel. Ferris v. Afognak Native Corp.*, No. 15-150, 2018 WL 2656152, at *2 (D. Alaska 2018)). "In a 'very complicated and fact intensive' case, a large number of requests for admission may be permissible," as there is "no limit on the number of requests for admission that may be served." *Sandwich Isles*, 2020 WL 13180374, at *3 (denying protective order to respond to 444 requests for admission for a total of 2,318).

Trustwell has failed to identify any specific "harm or prejudice" beyond the number of requests; for any request Trustwell contends seeks information that is "duplicative of other information already provided," its answers "should reflect as much," and "highlight[] where such information already exists." *Lowe v. Idaho Transp. Dep't*, No. 09-653, 2011 WL 13323966, at

*1 (D. Idaho Mar. 31, 2011). And in any event, the only reason Foodwit's requests for admission are lengthy is because Trustwell's asserted trade secrets are lengthy. Having successfully insisted that Foodwit challenge its asserted trade secrets in discovery, Trustwell cannot reasonably object to Foodwit's challenge of its asserted trade secrets in discovery. The Special Master should order Trustwell to provide either a clean admission to Foodwit's final request for admission, or substantive responses to each request.

## CONCLUSION

For all the foregoing reasons, the Special Master should require Trustwell to serve admissions or denials to each of Foodwit's first set of requests for admission.

Date: October 23, 2026

Respectfully submitted,

*/s/ P. Andrew McStay, Jr.*

P. Andrew McStay, Jr., OSB No. 033997
DAVIS WRIGHT TREMAINE LLP
560 S.W. Tenth Avenue, Suite 700
Portland, Oregon, 97205
+1 (503) 241-2300
+1 (503) 778-5299 facsimile
andymcstay@dwt.com

Matthew S. Warren (*pro hac vice*)
Erika H. Warren (*pro hac vice*)
WARREN LLP
2261 Market Street, No. 606
San Francisco, California, 94114
+1 (415) 895-2940
+1 (415) 895-2964 facsimile
25-880@cases.warrenllp.com
25-656@cases.warrenllp.com

*Attorneys for RLH Assets, LLC d/b/a Foodwit*

**CERTIFICATE OF SERVICE**

I hereby certify that on October 23, 2026, I served the foregoing Motion to Compel Responses to Requests for Admission on counsel for Trustwell:

Cary D. Sullivan
Jones Day
3161 Michelson Drive, Suite 800
Irvine, California, 92612

Brian R. Talcott
Dunn Carney LLP
851 SW Sixth Avenue, Suite 1500
Portland, Oregon, 97204

by electronic mail to the addresses carysullivan@jonesday.com and btalcott@dunncarney.com, under the parties' electronic service agreement.

Madeline A. Woodall