Brian R. Talcott, OSB No. 965371
DUNN CARNEY LLP
851 SW Sixth Avenue, Suite 1500
Portland, OR 97204
Telephone: (503) 224-6440
Facsimile: (503) 224-7324
E-mail: btalcott@dunncarney.com

Cary D. Sullivan (*admitted Pro Hac Vice*)
Lauren E. Dutkiewicz (*admitted Pro Hac Vice*)
JONES DAY
3161 Michelson Drive, Suite 800
Irvine, CA 92612
Telephone: (949) 851-3939
Facsimile: (949) 553-7539
E-mail: carysullivan@jonesday.com
E-mail: ldutkiewicz@jonesday.com

*Attorneys for Plaintiff*
TRUSTWELL

UNITED STATES DISTRICT COURT

DISTRICT OF OREGON – PORTLAND DIVISION

| | |
|---|---|
| ESHA RESEARCH, LLC, now known as TRUSTWELL,<br><br>Plaintiff,<br><br>v.<br><br>RLH ASSETS, LLC, doing business as FOODWIT, an Oregon limited liability company,<br><br>Defendant. | Civil No. 3:25-cv-00880-AB consolidated with 25-cv-00656-AB<br><br>**TRUSTWELL'S OPPOSITION TO FOODWIT'S MOTION TO COMPEL FURTHER SUPPLEMENTATION OF TRADE SECRET DISCLOSURE**<br><br>**BEFORE THE SPECIAL MASTER** |

## INTRODUCTION

Foodwit's motion asks the Special Master to compel something Trustwell has already agreed—repeatedly and in writing—to do: supplement its trade secret identification in response to Foodwit's Interrogatory No. 1. Trustwell has also told Foodwit when it will supplement: this month, November. There is no dispute here to resolve.

What Foodwit really wants is not supplementation but a "date certain"—or, failing that, supplementation "forthwith." But no rule or order requires a party to commit to a date certain for a supplemental interrogatory response. Rule 26(e) requires only that a party supplement "in a timely manner," which Trustwell will do, months before the close of fact discovery. Trustwell invited Foodwit, in writing, to identify any authority requiring a date certain. Foodwit never did, and its motion cites none.

Foodwit's demand is also hypocritical. When Trustwell asked for a date certain for Foodwit's own long-overdue responses to interrogatories served sixteen months ago—responses Foodwit has promised to supplement—Foodwit refused. If the Special Master sets a deadline for Trustwell, fairness requires the same deadline for Foodwit.[1]

This motion is the latest example of Foodwit's practice of manufacturing discovery disputes. It rests on a demonstrable and blatant misrepresentation: Foodwit represents to the Special Master that Trustwell promised its supplementation would be "complete by May 15," when Foodwit's own exhibit shows Trustwell said the opposite—that supplementation "will ***not*** be complete by May 15." Foodwit also filed this motion the very same day the parties met and conferred, after its counsel used the call to cross-examine Trustwell's counsel in a rude and aggressive manner, raising his voice and threatening to "report everything" to the Special Master,

---

[1] On Friday night, Foodwit's counsel wrote to follow up on the parties' recent meet-and-confer call in which Foodwit's counsel refused to agree to a date certain for supplementation of Foodwit's long-overdue interrogatory responses. In light of Trustwell's agreement to supplement its trade secret identification in November, Foodwit likewise agreed to supplement its interrogatory responses in November.

after announcing he did "not believe" her representation that Trustwell would supplement its trade secret identification in November. That is not meeting and conferring, or acting, in good faith. The motion should be denied.

## BACKGROUND

### I. TRUSTWELL SERVED A 19-PAGE TRADE SECRET IDENTIFICATION AND HAS ALWAYS SAID IT WOULD SUPPLEMENT.

Foodwit served its Interrogatory No. 1, asking Trustwell to describe its trade secrets, in June 2025. Mot. Ex. 1. In September 2025, Trustwell served a highly confidential, 19-page identification of the trade secrets at issue (the "Trade Secret Identification"). Mot. at 1; Mot. Ex. 2.

Foodwit claims Trustwell's Chief Product Officer, Todd Dolinsky, admitted that Trustwell "intentionally withheld" its trade secrets. Mot. at 2. He did nothing of the sort. He explained that he prepared a "comprehensive list of the trade secret features and functionalities that exist in the Genesis Foods platform"—"a roadmap—of the most unique and valuable features and functionalities of Genesis Foods." Mot. Ex. 3 ¶¶ 9, 13. He explained that listing the underlying processes and methodologies "would have taken much more than 19 pages," and that he understood "additional information regarding the specific, underlying processes and methodologies will be exchanged later in the course of this lawsuit." *Id.* ¶ 9. Trustwell thus disclosed in December 2025—openly and under oath—that it would supplement its identification as discovery progressed. That is precisely what Rule 26(e) contemplates.

### II. FOODWIT MISREPRESENTS TRUSTWELL'S MAY 15 STATEMENT AND OMITS ITS OWN LITIGATION HISTORY.

Foodwit represents to the Special Master that, in April 2026, Trustwell stated that it "expected that its disclosure would be 'complete by May 15.'" Mot. at 2 (citing Mot. Ex. 4). In fact, Trustwell said the exact opposite. Trustwell's counsel's April 30, 2026, email stated that

Trustwell would supplement "shortly" but that its supplementation "will ***not*** be complete by May 15." Mot. Ex. 4 (emphasis added). This misrepresentation is not a matter of interpretation: Foodwit quoted the email, deleted the word "not," and attached the email itself as an exhibit. That blatant misrepresentation is the foundation of Foodwit's false narrative that Trustwell has "broken all of its previous promises." Mot. at 5. Foodwit's own exhibit refutes it. This violates Rule 11(b), and it should color the Special Master's assessment of Foodwit's account.

Foodwit also omits why the timing shifted. Trustwell's April 30 email came less than a week after the Court largely denied Foodwit's motion to dismiss (Dkt. 74). Mot. Ex. 4. Rather than proceed with discovery, Foodwit then moved to stay discovery pending further trade secret identification (Dkt. 79)—the very issue it now raises again. The Court subsequently denied that motion (Dkt. 94), making clear that discovery is open and unrestricted. Foodwit's motion is, in substance, a repackaged version of the argument the Court already rejected.

## III. TRUSTWELL AGAIN CONFIRMED IT WILL SUPPLEMENT IN NOVEMBER AND ASKED FOODWIT FOR THE SAME COURTESY.

On October 16, 2026, Foodwit demanded "a date certain by which [Trustwell] will supplement its response to Interrogatory No. 1." Mot. Ex. 5 at 1. Three days later, Trustwell confirmed that it "will supplement its trade secret identification" and "expect[s] to be able to serve our supplemental identification next month" (i.e., in November). Mot. Ex. 6. Trustwell stated it was "not aware of any authority requiring us to do so by a particular date," asked Foodwit to provide any such authority, and also asked, if such authority exists, that Foodwit "abide by that authority as well" and provide a date certain for its own long-overdue responses to interrogatories that Trustwell propounded in June 2025. *Id.* Foodwit did neither.

## IV. FOODWIT HAS PROMISED TO SUPPLEMENT ITS OWN DISCOVERY RESPONSES—BUT REFUSES TO SAY WHEN.

On September 11, 2026, Foodwit served supplemental responses to Trustwell's

Interrogatory Nos. 4 through 10—which seek the factual bases for Foodwit's antitrust claims against Trustwell—containing only objections. *See* Declaration of Lauren E. Dutkiewicz ("Dutkiewicz Decl.") Ex. B. During a September 18 meet-and-confer session, Foodwit's counsel confirmed that Foodwit would provide substantive responses, refused to provide a timeline for supplementation, and then went silent. *Id.* When the parties conferred again on October 27, following the Special Master's October 19 order, Foodwit's counsel again refused to provide a date certain or even an estimate, and stated only that Foodwit would supplement some of its RFP responses but refused to identify which requests or responses. *Id.*

## V. FOODWIT USED THE OCTOBER 26 MEET AND CONFER TO INTERROGATE TRUSTWELL'S COUNSEL, THEN FILED THIS MOTION THE SAME DAY.

The parties met and conferred again on October 26, 2026. Dutkiewicz Decl. Ex. A. Trustwell's counsel confirmed that Trustwell would supplement its trade secret identification as soon as it could. *Id.* Foodwit's counsel then interrogated her about Trustwell's trade secrets and the "timing of events"—matters entirely unrelated to the issue of when Trustwell would supplement—while "warning that [he] would report everything [she] said to the Special Master." *Id.* Foodwit's counsel raised his voice several times during the conference and was rude and dismissive toward Trustwell's counsel. Dutkiewicz Decl. Exs. A, B. When Trustwell's counsel clarified that Trustwell expected to supplement in November, Foodwit's counsel responded that he did "not believe" her and would move to compel. Dutkiewicz Decl. Ex. A.

When Trustwell memorialized the call, Foodwit's counsel called the effort "tiresome," admonished, "Please don't ever misrepresent what I agreed to again," and told Trustwell's counsel not to "assume I agree with anything you say." *Id.* Foodwit filed this motion that same day. Mot. at 6.

Foodwit's representation that Trustwell's counsel "admitted" Trustwell could supplement its trade secret identification "today" (Mot. at 3) is false. *See* Dutkiewicz Decl. Ex. A. Trustwell's

counsel simply confirmed that Trustwell knows what its trade secrets are—hardly surprising. *Id.* That is not the same as having prepared a sworn, particularized description of processes underlying a complex platform developed over the course of more than three decades—a task that, as Mr. Dolinsky explained, is time-intensive. Mot. Ex. 3 ¶¶ 4, 9.

## ARGUMENT

### I. FOODWIT'S MOTION IS MOOT AND SHOULD BE DENIED BECAUSE TRUSTWELL HAS ALREADY AGREED TO SUPPLEMENT IN NOVEMBER.

Rule 37(a) permits a motion to compel when a party "fails to answer an interrogatory submitted under Rule 33." Fed. R. Civ. P. 37(a)(3)(B)(iii). There has been no such failure. Trustwell answered Interrogatory No. 1 with a 19-page particularized identification and has repeatedly agreed to supplement it. *See supra* Background §§ I, III, V. There is nothing to compel.

Foodwit's authorities do not suggest otherwise. Each stands, at most, for the unremarkable proposition that a party must supplement an incomplete response and that a court "may" set a deadline for doing so. Mot. at 4 (citing *Voggenthaler v. Maryland Square, LLC*, No. 08-1618, 2010 WL 11579075, at *2 (D. Nev. Mar. 2, 2010)). But *Voggenthaler*, in denying a motion to compel, confirmed that a deadline is appropriate only "if there is no reasonable assurance either in the responses or through a meet and confer conference as to when the" responding party will supplement. 2010 WL 11579075, at *2. Trustwell has given that assurance: it will supplement in November.

Foodwit's remaining authorities regarding the role of trade secret identification in framing discovery (Mot. at 4–5) are beside the point: the Court has already rejected Foodwit's effort to hold discovery hostage to further identification (Dkt. 94), and Trustwell is supplementing anyway. Accordingly, there is no basis for an order compelling a further response.

## II. NO RULE REQUIRES TRUSTWELL TO COMMIT TO A "DATE CERTAIN" FOR SUPPLEMENTATION.

Rule 26(e)(1)(A) requires a party to supplement an interrogatory response "in a timely manner if the party learns that in some material respect the disclosure or response is incomplete or incorrect, and if the additional or corrective information has not otherwise been made known to the other parties during the discovery process or in writing." Fed. R. Civ. P. 26(e)(1)(A). It says nothing about a "date certain," nor does any other rule or order in this case. And Foodwit identifies no such authority, despite Trustwell's request. Mot. Ex. 6.

Supplementation in November is plainly "timely." By Foodwit's own account, fact discovery does not close until February 5 (Mot. at 5), leaving Foodwit more than two months for follow-up. Foodwit's assertion that November will "likely be too late" (*id.*) is unexplained and unsupported. Indeed, Foodwit's own authority confirms that courts reject efforts to prematurely restrict supplementation because "[i]nformation learned during discovery may provide [a p]laintiff with a good reason for later supplementing its trade secret disclosures." *FemtoMetrix, Inc. v. Huang*, No. 22-1624, 2023 WL 6786776, at *3 (C.D. Cal. Sept. 8, 2023) (cited at Mot. at 5).

Demanding supplementation "forthwith" also contradicts Foodwit's stated objective. Foodwit wants a detailed description of the processes and methodologies underlying a platform first introduced in 1991.[2] Mot. at 2–3; Mot. Ex. 3 ¶¶ 4, 8. That takes time, and a rushed response would only invite another round of motion practice over its sufficiency.

## III. FOODWIT HAS REFUSED TO PROVIDE A DATE CERTAIN FOR SUPPLEMENTATION OF ITS OWN DEFICIENT RESPONSES; ANY DEADLINE SHOULD APPLY EQUALLY TO BOTH PARTIES.

Foodwit's date-certain standard is one it refuses to apply to itself. Sixteen months after

[2] The Court already ruled that Trustwell's identification of its master food and nutrition database as a compilation trade secret is sufficient.

Trustwell served its discovery, Foodwit still has not provided substantive responses to Interrogatory Nos. 4 through 10, seeking the factual bases for Foodwit's antitrust claims, despite agreeing to supplement the responses. Mot. Ex. 6. As set out above, Foodwit promised those responses on September 18, yet on October 27—one day after filing this motion against Trustwell for committing to supplement in November—refused to provide a date certain or even an estimate. *See supra* Background § IV; Dutkiewicz Decl. Exs. A, B. On Friday night, Foodwit's counsel stated that Foodwit would supplement these responses, as well as certain of its Interrogatory and RFP responses, in November. Dutkiewicz Decl. Ex. C.

Foodwit's counsel has stated that Foodwit is open only to a mutual supplementation date, not anything "one-sided." Dutkiewicz Decl. Ex. B. Foodwit should be held to that position. Either a rule requires a date certain, in which case it binds Foodwit too, or it does not, in which case this motion represents nothing more than a waste of time and resources. Accordingly, if the Special Master is inclined to set a deadline, Trustwell requests a deadline of November 30, 2026, for both parties' agreed supplementation.

**IV. FOODWIT'S MOTION IS THE PRODUCT OF ITS CONTINUING GAMESMANSHIP, NOT A GENUINE DISCOVERY DISPUTE.**

The motion also reflects Foodwit's pattern of manufacturing disputes rather than resolving them. Meeting and conferring requires a genuine effort to compromise. As described above, Foodwit's counsel arrived at the October 26 meet-and-confer call having already decided to move, used the call to aggressively cross-examine Trustwell's counsel, declared he did "not believe" her, and filed this motion just a few hours later. *See supra* Background § V. The next day, Foodwit's counsel refused to commit to any timeframe for Foodwit's own promised supplementation and spent more than 30 minutes relitigating issues discussed in September without offering any compromise. Dutkiewicz Decl. Ex. B.

This conduct is unfortunately consistent with Foodwit's approach throughout discovery. Foodwit served 1,019 requests for admission, while simultaneously refusing to answer the most basic discovery from Trustwell, including requests seeking the factual bases for Foodwit's own claims against Trustwell. *See* Dkt. 103 at 3–4. Foodwit has refused for more than two years to permit a meaningful inspection of its Workbench platform. *See* Dkt. 108 at 2–6. It ignored Trustwell's October 14 meet-and-confer request until after the Special Master's order. Mot. Ex. 6; Dutkiewicz Decl. Ex. B. And this motion itself is built on a blatant misrepresentation: that Trustwell supposedly promised supplementation would be "complete by May 15," when the email Foodwit attached expressly states it "will ***not*** be complete by May 15." *Compare* Mot. at 2, *with* Mot. Ex. 4; *see supra* Background § II. Foodwit's conduct should not be countenanced.

## CONCLUSION

For the foregoing reasons, Trustwell respectfully requests that the Special Master deny Foodwit's Motion to Compel Further Supplementation of Trade Secret Disclosure. In the alternative, if the Special Master is inclined to set a deadline for Trustwell's supplemental response to Interrogatory No. 1, Trustwell requests that the deadline be November 30, 2026, and that Foodwit be ordered to serve, by the same date, its long-overdue supplemental responses to Trustwell's interrogatories and document requests.

Dated: November 2, 2026

**JONES DAY**

*/s/ Cary D. Sullivan*
Cary D. Sullivan (*admitted Pro Hac Vice*)
Email: carysullivan@jonesday.com

**DUNN CARNEY LLP**
Brian R. Talcott, OSB 965371
Email: btalcott@dunncarney.com

*Attorneys for Plaintiff*
TRUSTWELL

**CERTIFICATE OF SERVICE**

I hereby certify that on the 2nd day of November, 2026, I caused to be served the foregoing **TRUSTWELL'S OPPOSITION TO FOODWIT'S MOTION TO COMPEL FURTHER SUPPLEMENTATION OF TRADE SECRET DISCLOSURE** on the following party via the following method(s):

P. Andrew McStay, Jr.
Email: andymcstay@dwt.com
DAVIS WRIGHT TREMAINE LLP
560 S.W. Tenth Avenue, Suite 700
Portland, Oregon, 97205
Telephone: +1 (503) 241-2300
Facsimile: +1 (503) 778-5299

Matthew S. Warren (pro hac vice)
Erika H. Warren (pro hac vice)
Shaida Shahinfar (pro hac vice)
Email: 25-880@cases.warrenlex.com
WARREN KASH WARREN LLP
2261 Market Street, No. 606
San Francisco, California 94114
Telephone: (415) 895-2940
Facsimile: (415) 895-2964

*Attorneys for RLH Assets, LLC d/b/a Foodwit*

by:
☐ U.S. Postal Service, ordinary first class mail
☒ electronic service
☐ other (specify) Email

**JONES DAY**

*/s/ Lauren E. Dutkiewicz*
Cary D. Sullivan (*admitted Pro Hac Vice*)
Lauren E. Dutkiewicz (*admitted Pro Hac Vice*)
Email: carysullivan@jonesday.com
Email: ldutkiewicz@jonesday.com

**DUNN CARNEY LLP**
Brian R. Talcott, OSB 965371
Email: btalcott@dunncarney.com

*Attorneys for Plaintiff Trustwell*